1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

_____

BERNADEAN RITTMANN, FREDDIE
CARROLL, and JULIA WEHMEYER,
individually and on behalf of all others
similarly situated,

          Plaintiffs,

v.

AMAZON.COM, INC,. and AMAZON
LOGISTICS, INC.,

          Defendants.

_____

Case No. _____

**COMPLAINT—CLASS ACTION**

## I.    INTRODUCTION

1.    This case is brought on behalf of individuals who have worked as delivery drivers for Amazon.com, Inc. or Amazon Logistics, Inc. (together, "Amazon") anywhere in the United States who have contracted directly with Amazon and have been classified as independent contractors.  Amazon is a commercial seller of electronic and consumer goods through its website, providing delivery service of its various products to its customers' homes.

2.    As described further below, Amazon has misclassified delivery drivers with whom it has directly contracted as independent contractors when they are actually employees.  In so doing, Amazon has violated the federal Fair Labor Standard Act

COMPLAINT -1

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to assure they receive minimum wage, after accounting for necessary business expenses that the drivers must pay such as gas and car maintenance, as well as failing to pay overtime for hours worked in excess of forty per week.  Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

3.      Plaintiffs Bernadean Rittman and Freddie Carroll further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in Washington state, that Amazon has violated various provisions of Washington state law including: (1) RCW 49.46.020 for failing to assure they receive minimum wage, after accounting for necessary business expenses such as gas and car maintenance; (2) RCW 49.46.130 by failing to pay drivers one-and-a-half times their regular rate of pay for those hours worked in excess of forty per week; and (3) RCW 49.52.050 and 49.52.070 by willfully withholding pay from drivers for all hours worked.  Plaintiffs Rittman and Carroll, on behalf of all similarly situated Amazon delivery drivers who have worked in Washington state, seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

4.      Plaintiffs Rittman and Carroll further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in Seattle, Washington, that Amazon has violated the Seattle Minimum Wage Ordinance, Council Bill 118585, by failing to pay the higher Seattle minimum wage to these drivers, after accounting for necessary business expenses such as gas and car maintenance.

COMPLAINT -2

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## II.  **PARTIES**

5.  Plaintiff Bernadean Rittmann is an adult resident of Las Vegas, Nevada, where she works as an Amazon delivery driver.  She previously worked as an Amazon delivery driver in Seattle, Washington.

6.  Plaintiff Freddie Carroll III is an adult resident of Las Vegas, Nevada, where he works as an Amazon delivery driver.  He previously worked as an Amazon delivery driver in Seattle, Washington.

7.  Plaintiff Julia Wehmeyer is an adult resident of Plano, Texas, where she works as an Amazon delivery driver in the Dallas-Fort Worth area.

8.  Plaintiffs bring this FLSA collective action on their own behalf and on behalf of all other similarly situated delivery drivers throughout the country who have contracted directly with Amazon, who may choose to opt in to this action.

9.  Plaintiffs Rittman and Carroll bring this Rule 23 class action on their own behalf and on behalf of all other similarly situated Amazon delivery drivers in Washington state, as well as on behalf of all other similarly situated Amazon delivery drivers in Seattle.

10.  Defendant Amazon.com, Inc. is a Delaware corporation, headquartered in Seattle, Washington.  It has more than fifty employees.

11.  Defendant Amazon Logistics, Inc. is a Delaware corporation, headquartered in Seattle, Washington.  It has more than fifty employees.  On information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., and delivery drivers such as the named Plaintiffs have contracted directly with Amazon through Amazon Logistics, Inc.  Together, Amazon.com, Inc. and Amazon Logistics, Inc. are referred to in this complaint collectively as "Amazon".

COMPLAINT -3

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

### III.    JURISDICTION

12.    This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 as the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

13.    This Court has jurisdiction over plaintiffs' Washington state law claims pursuant to 28 U.S.C. § 1367 as they are so related to their FLSA claims that they form part of the same case or controversy.

14.    Venue is proper in this district under 28 U.S.C. § 1391.

### IV.    STATEMENT OF FACTS

15.    Amazon is a Seattle-based electronic retailer that provides delivery service of consumer and electronic goods to its customers in cities throughout the country.

16.    Amazon contracts directly with drivers around the country to provide these delivery services.  Although classified as independent contractors, these delivery drivers are actually employees.  Drivers receive (unpaid) training regarding how to interact with customers and how to handle issues they encounter while making deliveries. They must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take.  Drivers can be penalized or terminated for missing scheduled shifts.  Drivers also must follow requirements and rules imposed on them by Amazon and are subject to termination, based on Amazon's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse, etc.).

17.    In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers provide.  The drivers' services are fully integrated into Amazon's business.

COMPLAINT -4

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

18.     However, based on its classification of them as independent contractors, Amazon requires its drivers to pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone and data plan.

19.     In light of the expenses the delivery drivers bear in order to perform their jobs, the drivers' hourly wages often fall below federal minimum wage.  For the Amazon delivery drivers who work in Washington, in light of the expenses the drivers bear in order to perform their jobs, their wages often fall below state minimum wage, and for the drivers who work in Seattle, their wages often fall below Seattle's local minimum wage.

20.     In addition, when driving for Amazon, delivery drivers receive an hourly rate of pay for scheduled shifts.  However, it often takes the drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time.

21.     Not only is this unpaid time a violation of Washington state law (and local Seattle law, for those drivers who work in Seattle), but this unpaid time further pushes the drivers' wages below federal, state, and local minimum wage.

22.     In addition, these delivery drivers are not paid overtime for hours they work in excess of forty per week.  For example, named Plaintiff Freddie Carroll regularly worked in excess of forty hours per week for Amazon from the period January through June of 2016 but was not been paid one-and-a-half times his regular rate for any overtime hours.

## V.     THE NATIONWIDE COLLECTIVE ACTION

23.     Plaintiffs bring the first and second cause of action on behalf of themselves and all other drivers who may choose to opt in to this case who have contracted directly with Amazon to provide delivery services in the United States, between three years since they brought this complaint and the date of final judgment in this matter.

COMPLAINT -5

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

24.     Plaintiffs bring these counts under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.   Plaintiffs and these other Amazon delivery drivers are similarly situated in that they are all subject to Amazon's common plan or practice of classifying drivers as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI.     THE WASHINGTON RULE 23 CLASS-ACTION ALLEGATIONS

25.     Plaintiffs Bernadean Rittmann and Freddie Carroll bring (1) the third, fourth, and fifth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all delivery drivers who have contracted directly with Amazon to provide delivery services in Washington state beginning three years prior to the filing date of this complaint and ending on the date of final judgment in this matter and (2) the sixth cause of action as a class action on behalf of all such delivery drivers who have worked for Amazon in Seattle between January 1, 2016, and the date of final judgment in this matter.

26.     Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures such that they do not receive at least Washington state minimum wage for all hours worked (and Seattle minimum wage, for those who worked in Seattle).

27.     The members of the class are so numerous that joinder of all class members is impracticable. On information and belief, the class contains more than 50 members.

28.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), and failing to ensure they are paid time-and-a-half their regular rate for all hours worked in excess of forty per week, exist

COMPLAINT -6

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

b. Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

29.     Plaintiffs Rittmann and Carroll are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

30.     These named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

31.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

32.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it

COMPLAINT -7

practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Failure to Pay Minimum Wage in Violation of the FLSA

34.     Amazon's willful conduct in failing to ensure that its delivery drivers across the country, with whom it has directly contracted, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, violates the FLSA, 29 U.S.C. § 201, *et seq.*  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II

### Unpaid Overtime Under the FLSA

35.     Amazon has willfully failed to pay one and one-half times the regular rate of pay for its delivery drivers across the country who have worked in excess of forty (40) hours per week, in violation of the FLSA, 29 U.S.C. §207(a)(1).  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### Violation of Washington Minimum Wage Act, RCW 49.46.020

36.     Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in Washington receive the Washington state minimum wage, after accounting for the expenses they paid that were necessary to perform their job, constitutes a violation of Wash. Rev. Code § 49.46.020.

COMPLAINT -8

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## COUNT IV

### Failure to Pay Overtime in Violation of Washington Minimum Wage Act, RCW § 49.46.130 (Overtime)

37.     Amazon's willful conduct, as set forth above, in failing to pay its delivery drivers who have worked in Washington time-and-a-half their regular rate of pay for all hours worked beyond forty per week as required by Washington law, violates Wash. Rev. Code § 49.46.130.

## COUNT V

### Willful of Withholding of Wages, RCW §§ 49.52.50, 49.52.70

38.     Amazon's willful conduct, as set forth above, in failing to pay its delivery drivers who have worked in Washington for hours worked beyond their assigned shift as required by Washington law, violates Wash. Rev. Code §§ 49.52.50, 49.52.70.

## COUNT VI

### Seattle Minimum Wage Ordinance, Council Bill 118585

39.     Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in Seattle receive the Seattle minimum wage, after accounting for the expenses they paid that were necessary to perform their job, constitutes a violation of Seattle Minimum Wage Ordinance, Council Bill 118585, which prescribes a higher hourly minimum wage (which was $13.00 per hour as of January 16, 2016, and will increase in future years up to $15.00 per hour), for employers of fifty or more.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Allow other similarly situated Amazon delivery drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count III

COMPLAINT -9

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

through V and appoint plaintiffs Bernadean Rittmann and Freddie Carroll and their counsel to represent a class of Amazon delivery drivers who have worked in Washington;

c. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count VI and appoint plaintiffs Bernadean Rittmann and Freddie Carroll and their counsel to represent a class of Amazon delivery drivers who have worked in Seattle;

d. Declare and find that Amazon violated FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay plaintiffs and other similarly situated Amazon delivery drivers the federal minimum wage and overtime wages;

e. Declare and find that Amazon violated RCW 49.46 by failing to pay minimum wage for all hours worked, and failing to pay overtime for all hours worked;

f. Declare and find that Amazon willfully withheld wages in violation of RCW 49.52;

g. Declare and find that Amazon violated the Seattle Minimum Wage Ordinance by failing to pay minimum wage for all hours worked;

h. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

i. Award all costs and attorney's fees incurred prosecuting this claim;

j. Award liquidated damages;

k. Interest and costs;

l. Injunctive relief in the form of an order directing Amazon to comply with the FLSA, Washington state law, and Seattle Minimum Wage Ordinance; and

m. Such other relief as in law or equity may pertain.

COMPLAINT -10

DATED this 4th day of October 2016.

1

2

3

4              s/ Michael C. Subit
               Michael C. Subit, WSBA No. 29189
5              **FRANK FREED SUBIT & THOMAS LLP**
               Suite 1200
6              Hoge Building
               705 Second Avenue
7              Seattle, Washington  98104-1729
               Telephone (206) 682-6711
8              Fax:  (206) 682-0401
               msubit@frankfreed.com
9              Local Counsel

10

11

12             Shannon Liss-Riordan, *pro hac vice anticipated*
               Harold L. Lichten, *pro hac vice anticipated*
               Adelaide Pagano, *pro hac vice anticipated*
13             **LICHTEN & LISS-RIORDAN, P.C.**
               729 Boylston Street, Suite 2000
14             Boston, MA 02116
               (617) 994-5800
15             Email:  sliss@llrlaw.com,
               hlichten@llrlaw.com,
16             apagano@llrlaw.com
17

18             Attorneys for the Plaintiffs, others similarly situated,
               and the Class
19

20

21

22

23

24

25

26

27

28

COMPLAINT -11