1

2

3

4

5

6

7

8

                           The Honorable John C. Coughenour

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNADEAN RITTMANN, FREDDIE CARROLL, JULIA WEHMEYER, and RAEF LAWSON individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>            Defendants. | Case No. 2:16-cv-01554-JCC<br><br>DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL THE CLAIMS OF PLAINTIFF RAEF LAWSON TO ARBITRATION AND TO EXCLUDE PUTATIVE ABSENT CLASS MEMBERS WHO AGREED TO ARBITRATE THEIR CLAIMS<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR:<br>January 20, 2017 |

MOTION TO DISMISS – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND REQUESTED RELIEF ............................................................ 1

II.    STATEMENT OF ALLEGED FACTS ..................................................................... 3

     A.      The Amazon Flex Program .......................................................................... 3

     B.      The Amazon Flex Independent Contractor Terms of Service ("TOS") ............... 3

     C.      The First-Filed *Morales* Action ............................................................... 6

     D.      The Instant *Rittmann* Action ..................................................................... 7

III.   ARGUMENT ............................................................................................ 7

     A.      Plaintiffs' Threadbare Recitals and Legal Conclusions Fail to State a Claim ...................................................................................................... 7

          1.      The *Iqbal/Twombly* Standard Applies ........................................... 7

          2.      Plaintiffs Fail to Plead Sufficiently Their Minimum Wage and Overtime Claims (Counts I – VI) ................................................... 8

          3.      Plaintiff Lawson Fails to Plead Sufficiently His California Labor Code Claims (Counts VII and VIII) .............................................. 10

     B.      The FLSA and California Claims Should be Dismissed Under the "First-to-File" Rule ............................................................................................ 11

     C.      The Court Should Exclude from Any Class Definition Claims Brought on Behalf of DPs Who Agreed to Arbitrate ...................................................... 14

          1.      The Court Has Authority to Require Plaintiffs to Eliminate Allegations About Representation of Absent Persons ........................... 15

          2.      The Court Should Compel Plaintiff Lawson's Claims to Arbitration and Require Plaintiffs to Amend Their Complaint to Exclude Any Individuals Who Agreed to Arbitrate ............................... 16

              a.      Valid Arbitration Agreements Exist ........................................... 17

              b.      Plaintiffs' Claims Fall Within The Arbitration Agreements ........ 19

          3.      Plaintiffs' Anticipated Mistaken Arguments Against Enforceability ...... 20

     D.      Plaintiffs Cannot Seek Injunctive Relief Under the FLSA or the WMWA ......... 23

     E.      Plaintiffs' Claims Under the Seattle Minimum Wage Ordinance Should be Limited to Damages Allegedly Accrued on or After April 1, 2016 ................... 23

IV.    CONCLUSION ......................................................................................... 24

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Adler v. Fred Lind Manor*,
 153 Wn. 2d 331 (2004) ...................................................................................................19

*Allied Chem. & Alkali Workers of Am., v. Pittsburgh Plate Glass Co.*,
 404 U.S. 157 (1971)........................................................................................................22

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
 946 F.2d 622 (9th Cir. 1991) ...............................................................................11, 12, 14

*Am. Exp. Co. v. Italian Colors Rest.*,
 133 S. Ct. 2304 (2013) ...................................................................................................16

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)......................................................................................................7, 8

*AT&T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011).........................................................................................................2

*Bailey v. Alpha Techs. Inc.*,
 No. C16-0727-JCC, 2016 WL 4211527 (W.D. Wash. Aug. 10, 2016) .......................8, 9, 10

*Barapind v. Reno*,
 225 F.3d 1100 (9th Cir. 2000) ...................................................................................11, 14

*Bassett v. Elec. Arts, Inc.*,
 93 F. Supp. 3d 95, 104 (E.D.N.Y. 2015) ...........................................................................18

*Bekele v. Lyft, Inc.*,
 No. CV 15-11650-FDS, 2016 WL 4203412 (D. Mass. Aug. 9, 2016) ...................................17

*Bell Atlantic v. Twombly*,
 550 U.S. 544 (2007)..........................................................................................................7

*Brown v. Trueblue, Inc.*,
 No. 1:10-CV-00514, 2013 WL 5408575 (M.D. Pa. Sept. 25, 2013)......................................21

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

*Bruster v. Uber Techs. Inc.*,
  No. 15-CV-2653, 2016 WL 2962403 (N.D. Ohio May 23, 2016),
  *reconsideration denied*, 2016 WL 4086786 (N.D. Ohio Aug. 2, 2016) .................................18

*Byrd v. Masonite Corp.*,
  No. EDCV 16-35 JGB (KKX), 2016 WL 756523 (C.D. Cal. Feb. 25, 2016) .........................11

*Cox v. Ocean View Hotel Corp.*,
  533 F.3d 1114 (9th Cir. 2008) ..................................................................................................17

*Curtis v. DiMaio*,
  46 F. Supp. 2d 206 (E.D.N.Y. 1999) ........................................................................................13

*D.R. Horton, Inc. v. NLRB*,
  737 F.3d 344 (5th Cir. 2013) ....................................................................................................22

*Dallas Cty. v. MERSCORP, Inc.*,
  No. 3:11-cv-02733-O, 2012 WL 6208385 (N.D. Tex. Dec. 13, 2012)....................................15

*Dist. Council 37 Health & Sec. Plan v. McKesson*,
  06-00718, 2006 U.S. Dist. LEXIS 30584 (N.D. Cal. May 11, 2006)......................................12

*Estrada v. Gomez*,
  No. 93-16000, 1994 WL 83392 (9th Cir. 1994) ......................................................................14

*Flynn v. Burlington N. Santa Fe Corp.*,
  98 F. Supp. 2d 1186 (E.D. Wash. 2000) ..................................................................................10

*Fteja v. Facebook*,
  841 F. Supp. 2d 829 (S.D.N.Y. 2012).......................................................................................18

*Google Inc. v. Am. Blind & Wallpaper Factory Inc.*,
  03-05340, 2004 U.S. Dist. LEXIS 27601 (N.D. Cal. April 8, 2004).......................................13

*Gorden v. Lloyd Ward & Assocs., P.C.*,
  180 Wn. App. 552 (2014) .........................................................................................................18

*Grand Wireless, Inc. v. Verizon Wireless, Inc.*,
  748 F.3d 1 (1st Cir. 2014)........................................................................................................20

*Grundmeyer v. Allstate Prop. & Cas. Ins. Co.*,
  No. C15-0464RSL, 2015 WL 9487928 (W.D. Wash. Sept. 29, 2015).....................................15

MOTION TO DISMISS – 2:16-CV-01554-JCC          iii

*In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*,
  953 F.Supp.2d 713 (N.D. Tex. 2013) ...................................................................16

*Johnmohammadi v. Bloomingdale's, Inc.*,
  755 F.3d 1072 (9th Cir. 2014) ...........................................................................21

*Keenan v. Allan*,
  889 F. Supp. 1320 (E.D. Wash. 1995), *aff'd*, 91 F.3d 1275 (9th Cir. 1996)............23

*King v. Capital One Bank (USA), N.A.*,
  No. 3:11-CV-00068, 2012 WL 5570624 (W.D. Va. Nov. 15, 2012) .....................16

*Landers v. Quality Commc'ns. Inc.*,
  771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015),
  *cert. denied*, 135 S. Ct. 1845 (2015) ...........................................................8, 9, 10

*Lawson v. Jolt Delivery, LLC*,
  No. BC632935 (Cal. Sup. Ct.), Dkt. # 1 ..............................................................3

*Lewis v. Epic Sys. Corp.*,
  823 F.3d 1147 (7th Cir. 2016) ...........................................................................22

*Loewen v. Lyft, Inc.*,
  No. 15–cv–01159–EDL, 2015 WL 5440729 (N.D. Cal. Sept. 15, 2015)...............18

*Lorillard v. Pons*,
  434 U.S. 575 (1978).............................................................................................23

*Lowden v. T-Mobile USA, Inc.*,
  512 F.3d 1213 (9th Cir. 2008) ...........................................................................17

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992).............................................................................................10

*Mohamed v. Uber Techs., Inc.*,
  836 F.3d 1102 (9th Cir. 2016), *petition for rehearing en banc pending*,
  No. 15-16178 (Sept. 21, 2016)................................................................17, 18, 22

*Morales v. Amazon.com LLC, et al*,
  Case No. 3:16-cv-06462-THE (N.D. Cal.) ................................................ passim

*Morris v. Ernst & Young*,
  834 F.3d 975 (9th Cir. 2016), *petition for certiorari filed*,
  No. 16-300 (U.S. Sept. 8, 2016) ...............................................................21, 22, 23

MOTION TO DISMISS – 2:16-CV-01554-JCC          iv

*O'Connor v. Uber Tech.*,
    No. 13-cv-3826-EMC (N.D. Cal.), Dkt. # 355-1 ...................................................................3

*Owen v. Bristol Care, Inc.*,
    702 F.3d 1050 (8th Cir. 2013) ....................................................................................................22

*Palcko v. Airborne Express, Inc.*,
    372 F.3d 588 (3d Cir. 2004)........................................................................................................17

*Perez v. Wells Fargo & Co.*,
    No. Cl4–0989 PJH, 2014 WL 6997618 (N.D. Cal. Dec. 11, 2014)...........................................10

*Preston v. Ferrer*,
    552 U.S. 346 (2008)....................................................................................................................16

*Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*,
    572 F. Supp. 1210 (N.D. Ill. 1983) ............................................................................................14

*Schwartz v. Frito-Lay N. Am.*,
    No. C-12-02740, 2012 WL 8147135 (N.D.Cal. Sept. 12, 2012) ...............................................13

*Schwartz v. Prudential-Bache Secs., Inc.*,
    90-6074, 1991 WL 137157 (E.D. Pa 1991) ...............................................................................14

*Singer v. Postmates, Inc.*,
    No. 15-cv-1284-JSW (N.D. Cal.), Dkt. #38-1 .............................................................................3

*SPEEA v. Boeing Co.*,
    139 Wn.2d 824 (2000) ................................................................................................................23

*St. Louis Chiropractic v. Fed. Ins. Co.*,
    No. 07-3110 (JAP), 2008 WL 4056225 (D.N.J. Aug. 26, 2008).................................................16

*Sutherland v. Ernst & Young LLP*,
    726 F.3d 290 (2d Cir. 2013)........................................................................................................22

*Tan v. GrubHub, Inc.*,
    No. 15-cv-5128-JSC (N.D. Cal.), Dkt. # 41 .................................................................................3

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ......................................................................................15

*Tompkins v. 23andMe, Inc.*,
    -- F.3d --, No. 14-16405, 2016 WL 6072192 (9th Cir. Oct. 13, 2016)......................................18

MOTION TO DISMISS – 2:16-CV-01554-JCC    v

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

*United States v. Fid. & Deposit of Md.*,
No. 16-5575 RJB, 2016 WL 6298790 (W.D. Wash. Oct. 27, 2016) .......................................20

*Varon v. Uber Techs., Inc.*,
No. CV MJG-15-3650, 2016 WL 1752835 (D. Md. May 3, 2016),
*reconsideration denied,* No. CV MJG-15-3650, 2016 WL 3917213
(D. Md. July 20, 2016) ...............................................................................................19

*Vasquez v. L.A. Cty.*,
487 F.3d 1246 (9th Cir. 2007) .......................................................................................8

*Walker v. Progressive Cas. Ins. Co.*,
No. C03-656R, 2003 WL 21056704 (W.D. Wash. May 9, 2003) .......................................12

*Ward v. Follett Corp.*,
158 F.R.D. 645 (N.D. Cal. 1994) ...................................................................................12

*Weinstein v. Metlife Inc.*,
No. C 06-04444 SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) .......................................12

*Woodward v. Emeritus Corp.*,
192 Wn. App. 584 (2016) .............................................................................................19

*Wright v. N. Am. Terrazo*,
No. C12-2065JLR, 2013 WL 441517 (W.D. Wash. Feb. 5, 2013) (Robart, J.) ........................9

*Zuver v. Airtouch Commc'ns, Inc.*,
153 Wn. 2d 293 (2004) ..........................................................................................18, 19

**STATUTES**

9 U.S.C. §§ 2, 4 ..............................................................................................................16

29 U.S.C. §152(3) ............................................................................................................21

Cal. Bus & Prof. Code §§ 17200, *et seq.* .............................................................................6

Cal. Lab. Code §§ 201-204, 223, and 226.7 ..........................................................................6

Cal. Lab. Code §226(a) ..................................................................................................6, 10

Cal. Lab. Code §§ 510, 512 .................................................................................................6

Cal. Lab. Code §§ 1194, 1194.2, 1197, 1997.1 and 1198 .........................................................6

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

Cal. Labor Code § 2802 ...................................................................................10

California's Private Attorneys General Act ..............................................7, 13

Fair Labor Standards Act ......................................................................... passim

National Labor Relations Act ...................................................20, 21, 22

Seattle Minimum Wage Ordinance......................................................... passim

Washington Minimum Wage Act ........................................................... passim

Wash. Rev. Code §49.48.060..................................................................23

Washington Uniform Arbitration Act, Wash. Rev. Code § 7.04A.010 *et seq.*..............................17

**OTHER AUTHORITIES**

7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 1795 (3d ed.) ....................................................................................15

Fed. R. Civ. P. 8(a)(2) ...........................................................................7

Fed. R. Civ. P. 23(d)(1)(D-E) ...............................................................15

*Changes to Seattle's Labor Standards Laws*, *available at*
http://www.seattle.gov/Documents/Departments/LaborStandards/OLS-
LaborStandardsChanges-2016.pdf (last visited Dec. 15, 2016) ...............................24

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

I.       **INTRODUCTION AND REQUESTED RELIEF**

Plaintiffs contract with Amazon to do what third-party delivery services such as FedEx, UPS, and the United States Postal Service have done for Amazon for many years:  They pick up packages from Amazon facilities and make deliveries on the "last mile" to the homes and businesses of Amazon's customers.  No one suggests that the drivers delivering through those large third-party vendors are Amazon employees.  Nonetheless, and despite performing precisely the same service – package delivery – Plaintiffs allege that Amazon misclassified Plaintiffs "as independent contractors when they are actually employees."  First Amended Compl. ("FAC" or "Complaint"), Dkt. # 33 at p. 1, ¶ 2. That allegation cannot be reconciled with the fact that the Delivery Providers ("DPs") who make up the putative classes decide whether to work, when and where they want to work, how they want to work, what they want to drive or pedal, and what they take to make deliveries.  Some choose to work sparingly, while others find the work sufficiently lucrative and enjoyable that they make the business decision to sign up for delivery blocks more frequently. Despite this freedom, flexibility and control over virtually all that they do, Plaintiffs allege not only that they are employees, but that Amazon violated federal, Washington and California and Seattle wage and hour laws by supposedly failing to pay them overtime and minimum wages.

Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Amazon" or "Defendants") now move to dismiss Plaintiffs' claims for the following reasons:

- The FAC rests on inadequate threadbare recitals and legal conclusions, insufficient to establish a plausible claim.  Indeed, three Plaintiffs do not allege a single fact in support of their claims. The Complaint merely parrots the respective statutory elements of the

MOTION TO DISMISS – 2:16-CV-01554-JCC          1

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

claims. This is not enough.

• Plaintiff Raef Lawson agreed to an enforceable arbitration agreement. Accordingly, his claims should be dismissed and compelled to arbitration.

If the Court does not dismiss the FAC in its entirety – or allows Plaintiffs to amend – the Court should order any amended complaint be limited in four ways:

• <u>First</u>, the Court should dismiss or stay the duplicative Fair Labor Standards Act ("FLSA") and California-based claims in favor of the first-filed pending action, *Morales v. Amazon.com LLC, et al*, Case No. 3:16-cv-06462-THE (N.D. Cal.), under the federal "first-to-file" rule and principles of judicial comity.

• <u>Second</u>, the proposed classes should exclude all DPs who, like Plaintiff Lawson, agreed to arbitrate their claims. Allowing a plaintiff to represent classes that include individuals bound to arbitrate would "interfere[] with fundamental attributes of arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

• <u>Third</u>, injunctive relief under the FLSA and the Washington Minimum Wage Act ("WMWA") should be barred because such relief is not available to private parties.

• <u>Fourth</u>, the Court should limit Plaintiffs' claims under the Seattle Municipal Code ("SMC") to no earlier than April 1, 2016, when the Seattle Minimum Wage Ordinance first afforded a private right of action.[1]

---

[1]  Defendants reserve the right to later demonstrate that Plaintiffs cannot rely on at least certain procedural or substantive relief under the Seattle Municipal Code.

MOTION TO DISMISS – 2:16-CV-01554-JCC          2

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

## II.     STATEMENT OF ALLEGED FACTS

### A.     The Amazon Flex Program

Amazon offers various products for purchase online through Amazon websites and mobile applications.  Dkt. # 33 at p. 5, ¶ 19; Declaration of Piyush Lumba ("Lumba Decl.") at ¶ 3.  Products purchased through Amazon historically have been delivered by large third-party delivery providers (*e.g.*, Federal Express, UPS and the U.S. Postal Service).  *Id.* at ¶ 4.  More recently, Amazon has begun to supplement its use of large providers by contracting with smaller delivery service providers ("DSPs") (*e.g.*, Peach, Inc., a co-defendant in the *Morales* action) and, now, independent contractors crowdsourced through a smartphone-application-based program known as Amazon Flex.  *Id.*  Amazon Flex DPs use a personal vehicle or bicycle (or public transportation) to provide services. *Id.* at ¶ 21.  DPs decide when to provide services, subject to delivery volume. *Id.* at ¶ 22.  DPs can accept or reject any opportunity offered by Amazon.  The program requires no regular schedule and no minimum amount or frequency of services.  *Id.* DPs are free to provide services to other companies, including competitors. *Id.* at ¶ 23.[2]

### B.     The Amazon Flex Independent Contractor Terms of Service ("TOS")

To sign up for Amazon Flex, individuals must download the Amazon Flex app on a smartphone and accept the TOS.  Lumba Decl. at ¶ 5.  Individuals can spend as much time as

---

[2]  Plaintiff Lawson has become somewhat of a professional plaintiff.  Based on publicly-available court filings, he has provided delivery services to a number of companies besides Amazon, including Uber, GrubHub, Jolt Delivery, and Postmates – all of which he (and Plaintiffs' counsel) have sued on the same independent contractor misclassification theory as here. *See O'Connor v. Uber Tech*., No. 13-cv-3826-EMC (N.D. Cal.), Dkt. # 355-1 ¶201; *Tan v. GrubHub, Inc.*, No. 15-cv-5128-JSC (N.D. Cal.), Dkt. # 41 ¶4; *Singer v. Postmates, Inc.*, No. 15-cv-1284-JSW (N.D. Cal.), Dkt. #38-1 at p. 2; *Lawson v. Jolt Delivery, LLC*, No. BC632935 (Cal. Sup. Ct.), Dkt. # 1 ¶1.

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

they wish reviewing the TOS before accepting.  *Id.* at ¶ 6.   The Amazon Flex TOS that existed at inception (the "Original TOS") were replaced by the current TOS effective September 21, 2016 (the "Updated TOS").  *Id.* at ¶ 12.

The Original TOS were presented through a hyperlink in the Amazon Flex app, located above a button labeled "CONTINUE."  *Id.* at ¶ 7.  Immediately above the button, the app stated: "By continuing, you agree that you meet the above requirements and agree to the Amazon Flex Independent Contractor Terms of Service."  *Id.* at ¶ 8.

The first page of the Original TOS stated in all-capital, bolded text:

**IN ORDER TO PARTICIPATE IN THE PROGRAM, YOU AGREE TO RESOLVE ANY DISPUTES WITH AMAZON ON AN INDIVIDUAL BASIS THROUGH <u>FINAL AND BINDING ARBITRATION</u>.** If you do not agree with these Terms (including the Arbitration provisions), do not use the Amazon Flex app, participate in the Program or provide any Services.

*Id.* at ¶ 10, Ex. A, p. 1 (*capitalization and emphasis in original*).   The Original TOS further stated:

12. <u>Dispute Resolution, Submission to Arbitration</u>.
THE PARTIES WILL RESOLVE ANY DISPUTE OR CLAIM RELATING IN ANY WAY TO THESE TERMS, INCLUDING YOUR PARTICIPATION IN THE PROGRAM, OR YOUR PERFORMANCE OF SERVICES BY BINDING ARBITRATION, RATHER THAN IN COURT, EXCEPT THAT EITHER PARTY MAY ASSERT CLAIMS IN SMALL CLAIMS COURT IF SUCH PARTY'S CLAIMS QUALIFY.

*Id.* at ¶ 11, Ex. A, p. 3, ¶ 12 (*capitalization in original*).

On September 21, 2016, the Updated TOS superseded the Original TOS for existing and future DPs.  *Id.* at ¶ 12, Ex. B, p. 7, ¶ 16.  Amazon distributed the Updated TOS to existing DPs via email on September 21.  DPs joining the program since September 21 have received the

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

Updated TOS through the Amazon Flex app, providing DPs the opportunity to review the TOS on-screen without a hyperlink.[3] *Id.* at ¶¶ 13-15.  The Updated TOS on page 1:

> YOU AND AMAZON AGREE TO RESOLVE DISPUTES BETWEEN YOU AND AMAZON ON AN INDIVIDUAL BASIS THROUGH **FINAL AND BINDING ARBITRATION,** UNLESS YOU OPT OUT OF ARBITRATION WITHIN 14 CALENDAR DAYS OF THE EFFECTIVE DATE OF THIS AGREEMENT, AS DESCRIBED BELOW IN SECTION 11. If you do not agree with these terms, do not use the Amazon Flex app or participate in the Program or provide any Services.

*Id.* at ¶ 16, Ex. B, p. 1 (*capitalization and emphasis in original*).  Section 11 of the Updated TOS reiterates the right to opt-out, as follows:

> **11. Dispute Resolution, Submission to Arbitration.**
> a) SUBJECT TO YOUR RIGHT TO OPT OUT OF ARBITRATION, THE PARTIES WILL RESOLVE BY FINAL AND BINDING ARBITRATION, RATHER THAN IN COURT, ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT, INCLUDING TERMINATION OF THIS AGREEMENT, TO YOUR PARTICIPATION IN THE PROGRAM OR TO YOUR PERFORMANCE OF SERVICES.
>                                                   ***
> k) WHETHER TO AGREE TO ARBITRATION IS AN IMPORTANT BUSINESS DECISION. If you wish to opt out of this arbitration agreement—meaning, among other things, that you and Amazon would be free to bring claims against each other in a court of law—you can opt out by sending an e-mail to amazonflex-support@amazon.com before the end of the Opt-Out Period (defined below). The e-mail must include your name and a statement indicating that you are intentionally and knowingly opting out of the arbitration provisions of the Amazon Flex Independent Contractor Terms of Service. You will not be subject to retaliation for asserting claims or opting out of this agreement to arbitrate.

---

[3]   The Updated TOS are also accessible to DPs in the Account/View Legal Information section of the Amazon Flex app. Lumba Decl. at ¶ 13.

MOTION TO DISMISS – 2:16-CV-01554-JCC          5

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

1   *Id.* at ¶ 17, Ex. B, p. 5, ¶ 11 (*capitalization in original*).  To "opt out," a DP need only send an

2   email to an identified Amazon email address during the 14-day opt-out period.  *Id.* at ¶19, Ex. B,

3   p. 6, ¶ 11(k).[4]

4       Three of the four Plaintiffs opted-out of arbitration.  Lumba Decl. at ¶¶ 25-26.  As of

5   December, 2016, 155 DPs had opted-out.  *Id.* at ¶ 20.  In addition, several thousand DPs had

6

7   accepted the Original or Updated TOS, but are no longer participating in the Amazon Flex

8   Program.  *Id.*

9   **C.     The First-Filed *Morales* Action**

10      On September 27, 2016, Carlos Morales, a former delivery driver for a delivery service

11  provider named Peach, Inc., filed a putative wage-and-hour class and collective action against

12  Amazon and Peach, contending that he and other drivers delivering products to Amazon

13  customers were misclassified as independent contractors.  Gruber Decl., Ex. A.  On November

14  30, 2016, Morales filed a First Amended Complaint alleging: (1) failure to pay all employees for

15  all hours worked in violation of the FLSA; (2 & 3) failure to provide meal and rest breaks (Cal.

16  Lab. Code §§ 204, 223, 226.7, 512 and 1198); (4) failure to pay all hourly wages (Cal. Lab. Code

17  §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (5) failure to provide accurate wage

18  statements (Cal. Lab. Code § 226(a)); (6) failure to timely pay all final wages (Cal. Lab. Code §§

19  201-203); (7) unfair business competition, including failure to reimburse expenses (Cal. Bus &

20

21

22  _____

23  [4]   The format of the Original TOS is commonly known as a "browse-wrap" agreement – where
    terms are available via a hyperlink in the application, which directs the user to a different webpage to

24  view the terms.  The format of the Updated TOS is known as a "click-wrap" agreement in which the
    user reviews the terms of service by scrolling through screens in the application. In both formats, the

25  user manifests assent by clicking a button in the application.

26  MOTION TO DISMISS – 2:16-CV-01554-JCC        6

Prof. Code §§ 17200, *et seq.*); and (8) civil penalties under California's Private Attorneys General Act ("PAGA"). Gruber Decl., Ex. B.

As in this case, the *Morales* plaintiff seeks to represent all U.S. delivery drivers who contracted directly with Amazon to provide services (*i.e.*, DPs), as well as those who provided services through Peach, Inc. *Id.*, Ex. C (M. Gruber 12-8-2016 email to Morales' counsel).

### D.   **The Instant *Rittmann* Action**

Plaintiffs filed this case on October 4, 2016, *after* the *Morales* action had been filed. On December 2, 2016, Plaintiffs filed their FAC, alleging: (1) failure to pay the minimum wage under the FLSA, the WMWA, and the Seattle Minimum Wage Ordinance; (2) unpaid overtime under the FLSA and the WMWA; (3) willful withholding of wages under Washington state law; (4) failure to reimburse business expenses under California law; and (5) failure to provide itemized wage statements under California law. Additionally, Plaintiffs state that they will duplicate the PAGA claim in *Morales* by "further amend[ing] this [FAC] to add these [California] claims under PAGA." Dkt. # 33 at p. 3 fn. 1. The FLSA and California claims in this case all are pending in *Morales*.

## III.   **ARGUMENT**

### A.   **Plaintiffs' Threadbare Recitals and Legal Conclusions Fail to State a Claim.**

#### 1.   **The *Iqbal/Twombly* Standard Applies.**

Plaintiffs must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,*

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

556 U.S. 662, 678 (2009).  "[C]onclusory allegations of law and unwarranted inferences will not

defeat an otherwise proper motion to dismiss."  *Vasquez v. L.A. Cty.,* 487 F.3d 1246, 1249 (9th

Cir. 2007).  Nor will a complaint suffice if it tenders mere "naked assertion[s] devoid of further

factual enhancement."  *Iqbal*, 556 U.S. at 678 (quotation omitted).  Rather, the allegations must

allow the court to reach a reasonable inference that the defendant *is* liable.  *Id.*

### 2.   Plaintiffs Fail to Plead Sufficiently Their Minimum Wage and Overtime Claims (Counts I – VI).

Plaintiffs' assertions that their hourly wages "often" fell below the minimum wage and

that they were denied overtime are insufficient labels and conclusions.  By analogy, a plaintiff

employee cannot allege merely to have "typically" worked more than 40 hours in a workweek

and not received overtime.  *Landers v. Quality Commc'ns. Inc.*, 771 F.3d 638, 644-45 (9th Cir.

2014), *as amended* (Jan. 26, 2015), *cert. denied,* 135 S. Ct. 1845 (2015).  Nor can a plaintiff

merely parrot the statutory language.  *Id.* at 644.  Rather, a plaintiff "must allege that she worked

more than forty hours in a given workweek without being compensated for the overtime hours

worked during that workweek."  *Id*. at 644-45.  A plaintiff must "estimate[] length of her

average workweek during the applicable period and the average rate at which she was paid, the

amount of overtime wages she believes she is owed, or any other facts that will permit the court

to find plausibility."  *Id*. at 645.  The Ninth Circuit observed that "[n]otably absent from the

allegations in Landers's complaint . . . was any detail regarding a given workweek when Landers

worked in excess of forty hours . . . and/or was not paid minimum wages."  *Id*. at 646.[5]

---

[5]   The reasoning in *Landers* applies with equal force to claims under the WMWA and the Seattle Minimum Wage Ordinance.  *See, e.g., Bailey v. Alpha Techs. Inc.,* No. C16-0727-JCC, 2016 WL

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

This Court's recent holding in *Bailey* (*see* footnote 5) is instructive. There, plaintiff Bailey alleged that her employer failed to pay her overtime. *Id.* at *2. Although this Court observed that plaintiff Bailey went "beyond merely paraphrasing the legal standard," it held that the allegations still did not state plausible wage claims. *Id.* at *4.

Plaintiffs assert the following insufficient conclusions regarding minimum wage claims:

- "In light of the expenses the delivery drivers bear in order to perform their jobs, the drivers' hourly wages often fall below federal minimum wage." Dkt. # 33 at p. 6, ¶ 24.

- "[W]hen driving for Amazon, delivery drivers receive an hourly rate of pay for scheduled shifts. However, it often takes the drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time" *Id.* at ¶ 25.

In support of their unpaid overtime claims, Plaintiffs allege only:

- "[D]elivery drivers are not paid overtime for hours they work in excess of forty per week. For example, Plaintiff Freddie Carroll regularly worked in excess of forty hours per week for Amazon from the period January through June of 2016 but was not been [sic] paid one-and-a-half times his regular rate for any overtime hours." *Id.* at ¶ 27.

Only Plaintiff Carroll alleges *any* facts. *Id.* However, even Plaintiff Carroll's allegations are an insufficient recitation of the statutory language. *Landers,* 771 F.3d at 644. Plaintiff Carroll does not allege, for example: (1) how many uncompensated hours he supposedly worked and in which weeks he worked those hours; (2) his hourly rate of pay and the weeks in which he did not receive minimum wage; (3) how much time beyond his "scheduled shifts" he worked and in which workweek; or (4) the cost of the business expenses he incurred. *See Wright v. N. Am. Terrazo,* No. C12-2065JLR, 2013 WL 441517, at *3 (W.D. Wash. Feb. 5, 2013) (Robart, J.)

---

4211527, at *2 (W.D. Wash. Aug. 10, 2016) (Coughenour, J.) (dismissing plaintiff's overtime claims under the WMWA and the FLSA).

MOTION TO DISMISS – 2:16-CV-01554-JCC          9

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

(plaintiff failed to plead facts sufficient to show defendant was his employer and that he worked more than 40 hours in a given week without overtime compensation).

The invocation of the terms "often" and "regularly" cannot save the FAC.  Such terms are far too vague.  *Landers,* 771 F.3d at 644-45  (dismissing complaint alleging that plaintiff "regularly" and "consistently" worked more than forty hours per week)*; Perez v. Wells Fargo & Co.,* No. Cl4–0989 PJH, 2014 WL 6997618, at *7 (N.D. Cal. Dec. 11, 2014) (same).

The Court also should dismiss the remaining Plaintiffs' claims – unsupported by even a single factual allegation – for lack of standing – as they fail to identify an injury in fact.  *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992); *Flynn v. Burlington N. Santa Fe Corp. (BNSF),* 98 F. Supp. 2d 1186, 1191 (E.D. Wash. 2000).  As in *Bailey*, Plaintiffs fail to allege plausible minimum wage or overtime claims, they also have failed to plead plausible Washington withholding claims.  *Bailey,* 2016 WL 4211527, at *5.

### 3.  Plaintiff Lawson Fails to Plead Sufficiently His California Labor Code Claims (Counts VII and VIII).[6]

*Landers* also applies to claims under California state law for failure to reimburse DPs for business related expenses and failure to provide DPs with itemized wage statements.  Dkt. # 33 at pp. 2-3, ¶¶ 5, 39-47.  Plaintiff Lawson alleges:

- Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures, in violation of Cal. Labor Code § 2802, and likewise, have not been provided with itemized pay statements containing all the information required by California law, Cal. Labor Code § 226(a).  (Dkt. # 33 at p. 9, ¶ 40).

---

[6]  The Court ultimately need not reach the California claims because Plaintiff Lawson is the only class representative for such claims and his claims must be compelled to arbitration and/or such claims must be litigated in *Morales*.

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

- Plaintiff Lawson is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein. (Dkt. # 33 at p. 10, ¶ 43).

Putting aside their status as contractors, what type and amount of expenses did Plaintiff Lawson allegedly incur for which he was not reimbursed? What information "required by California law" is missing from pay statements? The Court is left to guess. Such allegations are deficient. *Byrd v. Masonite Corp.,* No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (dismissing wage statement and businesses expenses claims on grounds that plaintiff alleged only that: (1) "Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members[,]" and (2) "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed.")

### B.   The FLSA and California Claims Should be Dismissed Under the "First-to-File" Rule.

This Court has authority to dismiss or stay those portions of this action that overlap with *Morales* under the "first-to-file" rule. When multiple actions involving the same parties and issues have been filed, the court presiding over the second-filed action has the discretion to dismiss or to stay the second action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991). "'[W]hile no precise rule has evolved, the general principle is to avoid duplicative litigation,' and to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted). Given the shortage of judges locally – and nationally – it makes little sense for two federal judges to be overseeing duplicative cases.

A district court should consider three factors when determining whether to dismiss or

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

stay an action based on the first-to-file rule: (1) chronology (*i.e.*, the case that will be dismissed or stayed must be the second-filed case); (2) whether the parties are substantially similar; and (3) whether the claims in the cases are substantially similar. *Alltrade, Inc.*, 946 F.2d at 625-26; *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). If these requirements are met, a court may then apply equitable considerations to determine whether "wise judicial administration" warrants relief, or whether concurrent litigation should proceed. *Alltrade, Inc.*, 946 F.2d at 627-28. Here, all factors militate strongly in favor of dismissing the *Rittmann* claims:

First, the *Morales* action was first-filed in September 2016 before this case was filed in October 2016. Therefore, the first-in-time requirement is met.

Second, the *Morales* plaintiff's proposed nationwide "FLSA Class" and California-specific "Delivery Driver Class" subsume the classes of employees whom the *Rittmann* plaintiffs seek to represent. Based on the class definitions as alleged in the operative complaints, all of the purported class members in the *Rittmann* action, including the named plaintiffs, are putative class members in the *Morales* action. The fact that the **named** plaintiffs and defendants in each class action are not identical is irrelevant. *Dist. Council 37 Health & Sec. Plan v. McKesson*, 06-00718, 2006 U.S. Dist. LEXIS 30584, at *2-3 (N.D. Cal. May 11, 2006); *see, also, e.g.*, *Weinstein v. Metlife Inc.*, No. C 06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) ("In a class action, the classes, and not the class representatives, are compared"); *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *3 (W.D. Wash. May 9, 2003) (declining jurisdiction in a putative FLSA collective action because a case involving

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

substantially similar parties and claims was already pending in another district court); *Google Inc. v. Am. Blind & Wallpaper Factory Inc.,* 03-05340, 2004 U.S. Dist. LEXIS 27601 (N.D. Cal. April 8, 2004) (invoking the first-to-file rule where additional parties were included in the second action because one party was common to both actions and liability was linked to a common issue). As long as the parties are similar or represent the same interests, which is the case here, the standard is satisfied. *See Curtis v. DiMaio,* 46 F. Supp. 2d 206, 215-16 (E.D.N.Y. 1999).

<u>Third</u>, the claims and issues in the two cases are substantially similar. Both operative complaints assert class claims for failure to pay for all hours worked, alleging minimum wage and overtime violations under the FLSA, wage statement and expense reimbursement violations under the California Labor Code and civil penalties under PAGA. In addition, all of the claims in both actions are premised on the issue of an alleged misclassification of delivery drivers as independent contractors. *See Morales* FAC ¶¶ 1, 23 and *Rittmann* FAC ¶ 2. These are precisely the type of overlapping issues the first-to-file rule covers. *See, e.g. Schwartz v. Frito-Lay N. Am.*, No. C-12-02740, 2012 WL 8147135, at *2, 3 (N.D.Cal. Sept. 12, 2012) (holding "[t]he issues need not be precisely identical for the first-to-file rule to apply[,] the rule can apply even if the later-filed action brings additional claims").

<u>Fourth</u>, compelling equitable considerations favor dismissal of the FLSA and California claims in this case. The *Rittmann* plaintiffs will neither suffer prejudice nor be denied their day in court because they are putative members of the purported *Morales* class. On the other hand, if the Court does not dismiss the FLSA and California claims in this case, Amazon and two courts

MOTION TO DISMISS – 2:16-CV-01554-JCC          13

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

will be forced to incur the wasteful expense and time demands associated with twice litigating the same class issues and claims, in two separate actions with the possibility of inconsistent rulings. *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212-13 (N.D. Ill. 1983). The policy promoting the elimination of duplicative actions is overwhelmingly applicable here. *See Barapind*, 225 F.3d at 1109; *Alltrade*, 946 F.2d at 625-36. Accordingly, the Court should dismiss the FLSA and California claims in this case.[7]

## C.   The Court Should Exclude from Any Class Definition Claims Brought on Behalf of DPs Who Agreed to Arbitrate.

In their Motion for Notice to be Issued to Similarly Situated Employees ("Notice Motion"), Plaintiffs "anticipate that Amazon may also argue that many drivers cannot join this collective action because they are bound by an arbitration agreement . . ." Dkt. # 20 at p. 10, n.8. Plaintiffs understate the significance of this issue. As of December, 2016, many thousands of DPs have signed up to take advantage of the opportunity to participate in the Amazon Flex Program, while only 155 of those DPs, have opted out of arbitration.[8] The Court should address now whether these persons can be included within the classes defined in the Complaint. Doing so will help determine the scope and size of the putative classes – and the manner in which this Court will adjudicate this case to resolution.

---

[7]   In the alternative, the Court should stay the FLSA and California claims pending the resolution of the *Morales* action. *Estrada v. Gomez*, No. 93-16000, 1994 WL 83392 at *2 (9th Cir. 1994) (affirming stay of civil rights claim until after resolution of a pending class action where issues "are similar to the issues raised in the class action."); *Schwartz v. Prudential-Bache Secs., Inc.*, 90-6074, 1991 WL 137157, at *1 (E.D. Pa 1991) (staying plaintiff's claims because his "potential membership in the Illinois class would make him privy to a settlement which could well be dispositive of at least some if not all of the claims before … this court.").

[8]   In fact, Michael Turchich, who filed a consent to join this action (Dkt. # 19), and named Plaintiff Raef Lawson, have not opted out of their obligation to arbitrate. Lumba Decl. at ¶ 27.

MOTION TO DISMISS – 2:16-CV-01554-JCC            14

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

### 1.    The Court Has Authority to Require Plaintiffs to Eliminate Allegations About Representation of Absent Persons.

The Court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly," or "deal with similar procedural matters." Fed. R. Civ. P. 23(d)(1)(D-E).  Accordingly, a party may move to narrow class allegations before a plaintiff moves for class certification.  *Grundmeyer v. Allstate Prop. & Cas. Ins. Co.,* No. C15-0464RSL, 2015 WL 9487928, at *4 (W.D. Wash. Sept. 29, 2015) (dismissing class allegations, in part, because plaintiff did not allege facts that give rise to a plausible inference that the common questions he identifies will predominate over individual issues or that a class action is superior to other methods of resolving the controversy).[9] Such motions are especially appropriate when they raise distinct legal questions and address the appropriate scope of class allegations based on principles of law apart from Rule 23's certification standards.  *Dallas Cty. v. MERSCORP, Inc.*, No. 3:11-cv-02733-O, 2012 WL 6208385, at *4 (N.D. Tex. Dec. 13, 2012) ("[w]here the basis for a motion to strike is separate and distinct from the factors set out in Rule 23 class certification, a court may order deletion of portions of a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims.") (internal quotations omitted).

---

[9]  *See also Tietsworth v. Sears, Roebuck and Co.,* 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (dismissing class allegations because "the class as alleged in the [Second Amended Complaint] is not ascertainable" because it includes members who have not suffered any harm); 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1795 (3d ed.) ("Orders may be issued under Rule [23(d)(1)(D)] that do not require the entire action to proceed on a nonclass basis.  For example, the court may require a specific modification of the allegations in order to reduce the size of the class.").  While Rule 23(d)(1)(D) does not technically apply, the principles at issue in this motion apply equally to Plaintiff's proposed collective action under FLSA Section 216(b), as will be addressed further in opposition to Plaintiffs' pending Notice Motion.

MOTION TO DISMISS – 2:16-CV-01554-JCC          15

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

2.     **The Court Should Compel Plaintiff Lawson's Claims to Arbitration and Require Plaintiffs to Amend Their Complaint to Exclude Any Individuals Who Agreed to Arbitrate.**

Plaintiff Lawson agreed to arbitrate.  As explained below, his claims must be compelled to arbitration.  Correspondingly, courts routinely exclude from a proposed class absent putative class members who agreed to arbitrate claims.  *See, e.g.*, *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 953 F.Supp.2d 713, (N.D. Tex. 2013) (striking "[a]ny claims by absent class members bound by the User Agreement," because "those class members would be bound to individually arbitrate their claims"); *King v. Capital One Bank (USA), N.A.,* No. 3:11-CV-00068, 2012 WL 5570624, at *1 (W.D. Va. Nov. 15, 2012) (striking class allegations: "allowing Plaintiff to represent individuals bound to pursue their claims in arbitration would render the arbitration clauses totally useless, in contravention of the FAA"); *St. Louis Chiropractic v. Fed. Ins. Co.,* No. 07-3110 (JAP), 2008 WL 4056225, at *6 (D.N.J. Aug. 26, 2008) (striking class allegations where potential class members would be required to submit claims to arbitration).

Consistent with our "national policy favoring arbitration when the parties contract for that mode of dispute resolution," *Preston v. Ferrer*, 552 U.S. 346, 349 (2008), Section 2 of the FAA mandates that arbitration agreements "shall be valid, irrevocable, and enforceable" to the same extent as any contract, and Section 4 commands that a district court "shall" issue "an order directing the parties to proceed to arbitration in accordance with the terms of [their] agreement." 9 U.S.C. §§ 2, 4; *see also Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (the FAA "reflects the overarching principle that arbitration is a matter of contract . . . [a]nd consistent with that text, courts must rigorously enforce arbitration agreements according to their

MOTION TO DISMISS – 2:16-CV-01554-JCC          16

terms") (quotations omitted).[10]

The FAA limits a court's involvement to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008).

### a.   Valid Arbitration Agreements Exist.

In assessing whether to enforce an arbitration clause, the Court must apply ordinary state contract law principles. *See, e.g.*, *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213 (9th Cir. 2008). The Original TOS and Updated TOS both contain valid arbitration provisions.

DPs who signed up for the Amazon Flex Program assented by clicking on the "CONTINUE" button to accept the hyperlinked Original TOS (*i.e.*, a "browse-wrap" agreement) and, with respect to the Updated TOS, clicked *twice* on buttons stating "I AGREE AND ACCEPT" that followed the terms of service and the arbitration provision (*i.e.*, a "click-wrap" agreement).[11]   Lumba Decl. at ¶¶ 8, 18.   Several courts, including the Ninth Circuit, have held that terms of service presented in either a "browse-wrap" or "click-wrap" fashion were enforceable. *Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1111 (9th Cir. 2016) (browse-wrap arbitration agreement allegedly "buried" in terms of service was not unconscionable), *petition for rehearing en banc pending*, No. 15-16178 (Sept. 21, 2016); *Bekele v. Lyft, Inc.*, No. CV 15-

---

[10]   Washington's commitment to arbitration is codified in the Washington Uniform Arbitration Act, RCW § 7.04A.010 *et seq*.   *See e.g.*, *Palcko v. Airborne Express, Inc.*, 372 F.3d 588 (3d Cir. 2004) (holding arbitration agreement signed by employee of transportation company enforceable under Washington law).

[11]    The Updated TOS provide clear notice in bolded, all-capital font at the beginning of the agreement, and later, that individuals could opt-out of arbitration within 14 days of executing the TOS.   Lumba Decl. at ¶ 16, 17, Ex. B at pp. 1, 5-6.

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

11650-FDS, 2016 WL 4203412, at *6 (D. Mass. Aug. 9, 2016) ("[C]ourts have routinely concluded that clickwrap agreements – whether they contain arbitration provisions or other contractual terms – provide users with reasonable communication of an agreement's terms").[12]

All DPs had 14 days to opt-out of the Updated TOS's arbitration provision.  Lumba Decl. Ex. B at pp. 1, 5-6.  While courts within the Ninth Circuit enforce arbitration agreements whether or not they contain an opt-out right, *Loewen v. Lyft, Inc.*, No. 15–cv–01159–EDL, 2015 WL 5440729 (N.D. Cal. Sept. 15, 2015) (enforcing click-wrap arbitration agreement that did not contain opt-out provision), the existence of a right to opt-out of arbitration removes any question regarding enforceability of the arbitration provision in the TOS.  *Mohamed*, 836 F.3d at 1111 (agreement between ride-share service and its drivers permitting drivers to opt-out of arbitration within 30 days either in person or by overnight delivery service was not illusory, and agreement was not procedurally unconscionable);[13] *Bruster v. Uber Techs. Inc.*, No. 15-CV-2653, 2016 WL

---

[12]  *See also Fteja v. Facebook*, 841 F. Supp. 2d 829, 841 (S.D.N.Y. 2012) (user's affirmative step of clicking "Sign-Up" button agreeing to hyperlinked Terms of Service – browse-wrap – was sufficient to demonstrate assent despite absence of opt-out provision); *Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 104 (E.D.N.Y. 2015) ("Plaintiff manifested assent to the agreement to arbitrate when he clicked 'I Accept' during both the registration process and when later confronted with updated Terms of Service, and when he did not opt-out of the arbitration agreement using the process described in the arbitration clause").

[13]  The "party opposing arbitration bears the burden of showing that the agreement is not enforceable." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn. 2d 293, 303 (2004) (en banc).  *Cf. Tompkins v. 23andMe, Inc.*, -- F.3d --, No. 14-16405, 2016 WL 6072192, at *4 (9th Cir. Oct. 13, 2016) (the party asserting that a contractual provision is unconscionable bears the burden of proof).  Plaintiffs here can offer no meaningful argument that either TOS are unconscionable. "Procedural unconscionability has been described as the lack of a meaningful choice, considering all the circumstances surrounding the transaction including [1] the manner in which the contract was entered, [2] whether each party had a reasonable opportunity to understand the terms of the contract, and [3] whether the important terms were hidden in a maze of fine print." *Gorden v. Lloyd Ward & Assocs., P.C.*, 180 Wn. App. 552, 563 (2014) (citations omitted).  A term is substantively unconscionable where it is "'one-sided or overly harsh,' '[s]hocking to the conscience,' 'monstrously

---

MOTION TO DISMISS – 2:16-CV-01554-JCC          18

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

2962403, at *3 (N.D. Ohio May 23, 2016), *reconsideration denied*, 2016 WL 4086786 (N.D. Ohio Aug. 2, 2016) ("The opt-out process was fairly painless: Plaintiff only needed to email his name and his intent to opt out to Uber."); *Varon v. Uber Techs., Inc.,* No. CV MJG-15-3650, 2016 WL 1752835, at *5 (D. Md. May 3, 2016) (granting motion to compel and rejecting argument that agreement was an adhesion contract because arbitration provision "with a clearly-stated opportunity to opt-out without retaliation, is not procedurally unconscionable."), *reconsideration denied,* No. CV MJG-15-3650, 2016 WL 3917213 (D. Md. July 20, 2016). There was no secret regarding the right to opt-out – three named Plaintiffs exercised that right.

### b.    Plaintiffs' Claims Fall Within The Arbitration Agreement.

The wage claims of Plaintiff Lawson and absent putative class members who did not opt-out of arbitration fall clearly within the broad scope of the arbitration provision contained in the Updated TOS.  That provision covers "ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT, INCLUDING TERMINATION OF THIS AGREEMENT, TO YOUR PARTICIPATION IN THE PROGRAM OR TO YOUR PERFORMANCE OF SERVICES."  Lumba Decl., Ex. B at pp. 5-6.  Similarly, the claims of absent class members who

---

harsh,' or 'exceedingly calloused.'" *Adler v. Fred Lind Manor*, 153 Wn. 2d 331, 344-45 (2004) (internal quotation marks omitted) (quoting *Schroeder v. Fageol Motors, Inc.,* 86 Wn. 2d 256, 260 (1975) and *Nelson v. McGoldrick,* 127 Wn. 2d 124, 131 (1995)). Severance of offending clauses is the usual remedy for unconscionable terms where such terms do not "pervade" an arbitration agreement. *Adler*, 153 Wn. 2d at 358; *Zuver,* 153 Wn. 2d at 303 (2004); *Woodward v. Emeritus Corp.*, 192 Wn. App. 584, 601 (2016). The Amazon Flex TOS do not raise questions of substantive unconscionability.  For example, the TOS do not impose undue costs on the DPs, impose a reduced statute of limitations, or limit discovery.  *See, e.g., Zuver*, 153 Wn. 2d at 320-21 (severing confidentiality provision and limitation on punitive damages, which unduly favored defendant).

MOTION TO DISMISS – 2:16-CV-01554-JCC          19

are no longer participating in the Amazon Flex Program fall within the broad scope of arbitration under the Original TOS, which covers "ANY DISPUTE OR CLAIM RELATING IN ANY WAY TO THESE TERMS, INCLUDING YOUR PARTICIPATION IN THE PROGRAM, OR YOUR PERFORMANCE OF SERVICES[.]" *Id.* Ex. A at pp. 3-4.

Because the Original and Updated TOS expressly cover the claims of those absent class members (other than those who opted-out of arbitration under the Updated TOS), Plaintiffs cannot overcome the presumption of arbitrability. *Grand Wireless, Inc. v. Verizon Wireless, Inc.,* 748 F.3d 1, 8-9 (1st Cir. 2014) ("even were it conceivable that the parties intended to exclude from arbitration any dispute between them pertaining in any way to lease relationships, on this record we certainly cannot say 'with positive assurance' that the arbitration clause is not susceptible of an interpretation that covers the dispute placed in issue."); *United States v. Fid. & Deposit of Md.,* No. 16-5575 RJB, 2016 WL 6298790, at *5 (W.D. Wash. Oct. 27, 2016) (enforcing agreement to arbitrate where dispute at issue was covered by arbitration clause).

While three Plaintiffs and other DPs opted-out of arbitration, the vast majority of DPs chose not to do so.  Lumba Decl.  ¶¶ 25-26.  Given that the putative class members who agreed to arbitrate may not resolve their disputes with Amazon in court, Plaintiffs may not include those putative class members in any alleged class definition.  Therefore, the Court should require Plaintiffs to amend their Complaint to exclude from any class definition all such individuals.

### 3.    Plaintiffs' Anticipated Mistaken Arguments Against Enforceability.

Amazon anticipates that Plaintiffs will attempt to invoke the right to engage in protected, concerted activity under Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. §

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

157, to avoid arbitration on behalf of Plaintiff Lawson and the class.  Specifically, Plaintiffs may argue that the arbitration provision in the TOS is unenforceable because it allegedly "interferes with a substantive federal right protected by the NLRA."  *Morris v. Ernst & Young*, 834 F.3d 975, 989-90 (9th Cir. 2016) (finding that employment agreement's "separate proceedings" clause infringed employees' right to "act in the [arbitration] forum together"), *petition for certiorari filed*, No. 16-300 (U.S. Sept. 8, 2016).  That argument should fail.

First, section 2(3) of the NLRA specifically excludes from the definition of "employee" an individual having the status of an independent contractor. 29 U.S.C. § 152(3) ("The term 'employee' … shall not include … any individual having the status of an independent contractor…").  Thus, the NLRA and, hence, the holding in *Morris*, do not apply.

Second, this Court lacks jurisdiction to find that the arbitration provision constitutes an unfair labor practice because that question is within the primary jurisdiction of the National Labor Relations Board.[14]  *See, Brown v. Trueblue, Inc.*, No. 1:10-CV-00514, 2013 WL 5408575, at *5 (M.D. Pa. Sept. 25, 2013) (court lacked "jurisdiction over claims based on activity that is 'arguably' subject to [Sections] 7 or 8" of the NLRA, rejecting argument that arbitration could not be enforced based on theory that class action waiver violated NLRA) (quoting *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 74 (1989)).

Third, the opt-out provision of the Updated TOS renders *Morris* dispositively inapposite as to DPs active on or after September 21, 2016.  *Morris,* 834 F.3d at 982 n. 4 ("In contrast, there was no § 8 violation in *Johnmohammadi v. Bloomingdale's, Inc.* because the employee there

---

[14]  This argument was not presented or addressed in the *Morris v. Ernst & Young* case.

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

could have opted out of the individual dispute resolution agreement and chose not to") (citing *Johnmohammadi v. Bloomingdale's, Inc.,* 755 F.3d 1072, 1076 (9th Cir. 2014)); *see also Mohamed*, 836 F.3d at 1112 n. 6 (explaining that even if plaintiffs had preserved the argument on appeal, "the option to opt out meant that Uber drivers were not required 'to accept a class-action waiver as a condition of employment,' and thus there was 'no basis for concluding that [Uber] coerced [Plaintiffs] into waiving [their] right to file a class action' in violation of the NLRA") (citing *Johnmohammadi, supra* at 1075 and *Morris, supra* at 982 n. 4).

<u>Finally</u>, while the Original TOS did not allow participants to opt-out of arbitration, DPs who stopped participating in the Amazon Flex Program while still covered by the Original TOS (and thus are no longer actively delivering packages) also are not covered by the NLRA because, even if deemed to have been employees when providing delivery services, at this time they are all *former* employees to whom the NLRA does not apply. *Allied Chem. & Alkali Workers of Am., v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 166 (1971) (former employees were not "employees" under the NLRA and therefore, not included in bargaining unit). Therefore, even under *Morris*, and even if DPs were employees, the NLRA would not bar enforcement of arbitration as to putative class members who are no longer associated with Amazon Flex because "[t]he ordinary meaning of 'employee' does not include . . . employees [who] have ceased to work for another for hire." *Id.* at 168.[15]

---

[15]    Moreover, *Morris* is the subject of a deep split in the Courts of Appeals with three circuits holding that the NLRA does not prohibit class-action waivers, *see Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297–98 n. 8 (2d Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); and *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 356-60 (5th Cir. 2013), and two circuits, including the Ninth Circuit, holding otherwise. *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1159 (7th

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

**D.      Plaintiffs Cannot Seek Injunctive Relief Under the FLSA or the WMWA.**

Plaintiffs demand injunctive relief as to their FLSA and WMWA overtime and minimum wage claims.  Dkt. # 33 at p. 14, Prayer for Relief, ¶ o.  These statutes, however, do not provide private plaintiffs with a right to seek injunctive relief.

Individuals cannot seek injunctive relief under the FLSA. *See, e.g., Lorillard v. Pons,* 434 U.S. 575, 581 (1978) ("[I]n construing the enforcement sections of the FLSA, the courts had consistently declared that injunctive relief was not available in suits by private individuals but only in suits by the Secretary."); *Keenan v. Allan*, 889 F. Supp. 1320, 1382 (E.D. Wash. 1995), *aff'd,* 91 F.3d 1275 (9th Cir. 1996) ("Individuals may not sue for FLSA injunctive relief.").

Under the WMWA, only the director of the Washington State Department of Labor & Industries may obtain a court order enjoining an employer from doing business in Washington (or obtain other appropriate orders) in order to compel compliance with the wage and hour laws of Washington. RCW §49.48.060.  *See SPEEA v. Boeing Co.,* 139 Wn.2d 824, 839 (2000).

Accordingly, neither the FLSA nor the WMWA provides any right for private employees to seek injunctive relief, and this demand for relief must be stricken and limited accordingly.

**E.      Plaintiffs' Claims Under the Seattle Minimum Wage Ordinance Should be Limited to Damages Allegedly Accrued on or After April 1, 2016.**

Plaintiffs allege that Amazon violated the Seattle Minimum Wage Ordinance by failing to ensure drivers who worked in Seattle receive the Seattle minimum wage, which they allege to be "$13.00 per hour as of January 16, 2016, and will increase in future years up to $15.00 per hour .

Cir. 2016); *Morris*, 834 F.3d at 990 n. 16 (recognizing the split of authority). Currently, at least four petitions for certiorari on this issue have been filed with the Supreme Court.  It is Amazon's position that *Morris v. Ernst & Young* is incorrectly decided and it reserves its right to make such argument should the controlling law of the Ninth Circuit change.

MOTION TO DISMISS – 2:16-CV-01554-JCC        23

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

. . ." Dkt. # 33 at p. 12.  It was not until April 1, 2016, however, that the ordinance provided individuals with a private right of action.[16]  SMC §14.19.110.  Plaintiffs' Seattle law claims, therefore, should be limited accordingly.

## IV.   CONCLUSION

For the reasons set forth above, Amazon respectfully requests that the Court dismiss Plaintiffs' entire Complaint for failure to allege sufficient facts to state a claim under the federal pleading standard.  Alternatively, if the case is allowed to proceed in any fashion, the Court should (1)  dismiss or stay the FLSA and California claims based on the first-filed *Morales* case pending in California; (2) compel Plaintiff Lawson's claims to arbitration and exclude from any class definition the claims of absent putative class members who have agreed to individual arbitration; (3) dismiss Plaintiffs' claims for injunctive relief under the FLSA and the WMWA; and (4) limit any claims under the Seattle Minimum Wage Ordinance to claims allegedly accruing prior to April 1, 2016.

---

[16]   Prior to April 1, 2016, the exclusive remedy was to file a complaint with Seattle's Office of Labor Standards ("OLS").  The OLS published a guide explaining that "[e]mployees or their representatives may file labor standards complaints with a court of law, instead of filing a complaint with OLS. *This option will go into effect on April 1, 2016* for workers in businesses with 50 or more employees, and on April 1, 2017 for workers in businesses with fewer than 50 employees."  *Changes to Seattle's Labor Standards Laws,* at p. 5, *available at* http://www.seattle.gov/Documents/Departments/LaborStandards/OLS-LaborStandardsChanges-2016.pdf (last visited Dec. 15, 2016) (emphasis added).

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J.  08540
+1.609.919.6600

1

2    Dated: December 15, 2016                  Respectfully submitted,

3

4                                              By:  s/ Suzanne J. Thomas

5                                                   Suzanne J. Thomas, WSBA #17338
                                                    K&L GATES LLP
6                                                   925 Fourth Ave, Suite 2900
                                                    Seattle WA 98104-1158
7                                                   Telephone: 206-370-6642
                                                    suzanne.thomas@klgates.com
8
                                                    Richard G. Rosenblatt (*Pro Hac Vice*)
9                                                   James P. Walsh , Jr. (*Pro Hac Vice*)
                                                    MORGAN LEWIS & BOCKIUS
10                                                  502 Carnegie Center
                                                    Princeton, NJ 08540
11                                                  Telephone: 609-916-6600
                                                    rrosenblatt@morganlewis.com
12                                                  james.walsh@morganlewis.com

13                                                  Allison N. Powers (*Pro Hac Vice*)
                                                    Meredith Riccio (*Pro Hac Vice*)
14                                                  MORGAN LEWIS & BOCKIUS
                                                    77 West Wacker Drive, 5th Floor
15                                                  Chicago, IL60601
                                                    Telephone: 312-324-1000
16                                                  allison.powers@morganlewis.com
                                                    meredith.riccio@morganlewis.com

17

18

19

20

21

22

23

24

25

26   MOTION TO DISMISS – 2:16-CV-01554-JCC          25

1

## **CERTIFICATE OF SERVICE**

2

    I hereby certify that this document filed through the ECF system will be sent

3

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

to the following on December 15, 2016:

4

5

    Adelaide Pagano                     Michael C Subit

    Harold Lichten                      FRANK FREED SUBIT & THOMAS LLP

6

    Shannon Liss-Riordan          705 2nd Ave, Suite 1200

7

    LICHTEN & LISS-RIORDAN, P.C.    Seattle, WA 98104-1729

    729 Boyston Street, Suite 2000     Tel: 206-682-6711

8

    Boston, MA 02116               msubit@frankfreed.com

    Tel: 617-994-5800

9

    apagano@llrlaw.com

10

    hlichten@ llrlaw.com

    ss@llrlaw.com

11

12

13

                                       s/ Suzanne J. Thomas

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS – 2:16-CV-01554-JCC