The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BERNADEAN RITTMANN, FREDDIE CARROLL, JULIA WEHMEYER, and RAEF LAWSON individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:16-cv-01554-JCC

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL THE CLAIMS OF PLAINTIFF RAEF LAWSON TO ARBITRATION AND TO EXCLUDE PUTATIVE ABSENT CLASS MEMBERS WHO AGREED TO ARBITRATE THEIR CLAIMS

**ORAL ARGUMENT REQUESTED**

NOTE ON MOTION CALENDAR:
February 3, 2017



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

# TABLE OF CONTENTS

Page

I INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. PLAINTIFFS' THREADBARE RECITALS AND LEGAL CONCLUSIONS FAIL TO STATE A CLAIM .......... 2

B. THE "FIRST-TO-FILE" RULE APPLIES TO THE FLSA AND CALIFORNIA CLAIMS .......... 4

C. THE COURT SHOULD COMPEL ARBITRATION AND OTHERWISE EXCLUDE FROM ANY CLASS DEFINITION ANY INDIVIDUALS WHO AGREED TO ARBITRATE .......... 6

D. THE SEATTLE MINIMUM WAGE ORDINANCE BARS CLAIMS PRIOR TO APRIL 1, 2016 .......... 12

III. CONCLUSION 12



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adoma v. Univ. of Phx., Inc.*,
711 F. Supp. 2d 1142 (E.D. Cal. 2010)....................5

*Alvarado v. Pac. Motor Trucking Co.*,
2014 WL 3888184 (C.D. Cal. Aug. 7, 2014)....................10

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011)....................9

*Atwood v. Rent-A-Center East, Inc.*,
2016 WL 2766656 (S.D. Ill. May 13, 2016)....................7

*Boon v. Canon Bus. Sols., Inc.*,
592 F. App'x 631 (9th Cir. 2015)....................3

*Byrd v. Masonite Corp.*,
No. EDCV 16-35 JGB (KKX), 2016 WL 756523 (C.D. Cal. Feb. 25, 2016)....................4

*Carney v. JNJ Express, Inc.*
10 F. Supp. 3d 848 (W.D. Tenn. 2014)....................10

*Cir. City Stores, Inc. v. Adams*,
532 U.S. 105 (2001)....................2, 11

*Fisher v. Duff*,
No. C15-5944 BHS, 2016 WL 3280429 (W.D. Wash. June 15, 2016)....................4

*Genentech, Inc. v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 1993)....................4

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991)....................12

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000)....................1, 7



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

*Hilton v. Apple Inc.*,
No. C-13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ....6

*Horenstein v. Mortg. Mkt., Inc.*,
9 F. App'x 618 (9th Cir. 2001) ....12

*Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*,
No. C07-0063-CW, 2007 WL 1150787 (N.D. Cal. Apr. 18, 2007) ....5

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
787 F.3d 1237 (9th Cir. 2015) ....5

*Landers v. Quality Commc'ns. Inc.*,
771 F.3d 638 (9th Cir. 2014) ....2, 3

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994) ....12

*Le v. PriceWaterhouseCoopers LLP*,
No. 07-CV-5476-MMC, 2008 WL 618938 (N.D. Cal. Mar. 4, 2008) ....5

*Le v. PricewaterhouseCoopers LLP*,
No. C-07-5476 MMC, 2008 WL 863999 (N.D. Cal. Mar. 28, 2008) ....5

*Marcus & Millichap Real Estate Inc. Servs. v. Yates, Wood & McDonald, Inc.*,
192 Wn. App. 465 (2016) ....7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ....2

*On Assignment Staffing Servs., Inc. v. NLRB*,
No. 15-60642, 2016 WL 3685206 (5th Cir. June 6, 2016) ....7

*Owen v. Bristol Care, Inc.*,
702 F.3d 1050 (8th Cir. 2013) ....12

*Owner-Op. Indep. Couriers Ass'n v. C.R. Eng., Inc.*,
325 F. Supp. 2d 1252 (D. Utah 2004) ....9

*Owner-Op. Indep. Drivers v. United Van Lines LLC*,
2006 WL 5003366 (E.D. Mo. Nov. 15, 2006) ....10



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

*Owner-Op. Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*,
288 F. Supp. 2d 1033 (D. Ariz. 2003) ....................11

*Palcko v. Airborne Express, Inc.*,
372 F.3d 588 (3d Cir. 2004)....................7

*Peninsula Sch. Dist. No. 401 v. Pub. Sch. Emps. of Peninsula*,
130 Wn. 2d 401 (1996) ....................8

*Perez v. Wells Fargo & Co.*,
No. Cl4–0989 PJH, 2014 WL 6997618 (N.D. Cal. Dec. 11, 2014)....................2

*Performance Team Freight Sys., Inc. v. Aleman*,
241 Cal. App. 4th 1233 (2015) ....................9

*Port Drivers Fed'n 18, Inc. v. All Saints Exp, Inc.*,
757 F. Supp. 2d 463 (D.N.J. 2011) ....................10

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*,
No. 2:15-CV-02862-ODW EX, 2015 WL 4127905 (C.D. Cal. July 8, 2015) ....................4

*Rogers v. Royal Caribbean Cruises Ltd.*,
547 F.3d 1148 (9th Cir. 2008) ....................9

*Romney v. Franciscan Med. Grp.*,
186 Wn. App. 728 (2015), *review denied*, 184 Wn. 2d 1004 (2015) ....................8

*Scroggins v. Uber Techs., Inc.*,
No. 16-CV-01419, 2017 WL 373299 (S.D. Ind. Jan. 26, 2017)....................7

*Singh v. Uber Techs., Inc.*,
No. 16-CV-3044, 2017 WL 396545 (D.N.J. Jan. 30, 2017)....................11

*Silva v. AvalonBay Cmtys., Inc.*,
No., 2015 WL 11422302 (C.D. Cal. Oct. 8, 2015)....................4

*Talaie v. Wells Fargo Bank, NA*,
808 F.3d 410 (9th Cir. 2015) ....................12

*Tan v. GrubHub, Inc.*,
171 F. Supp. 3d 998 (N.D. Cal. 2016) ....................1, 4



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

*Vargas v. Delivery Outsourcing, LLC*,
2016 WL 946112 (N.D. Cal. Mar. 14, 2016)....................................................................10, 11

*Veliz v. Cintas Corp.*,
No. C 03-1180 (SBA), 2004 WL 2452851 (N.D. Cal. Apr. 5, 2004)......................................8

*Villalpando v. Transguard Ins. Co. of Am.*,
17 F. Supp. 3d 969 (N.D. Cal. 2014)........................................................................................10

*Yucesoy v. Uber Techs., Inc.*,
No. 15-CV-00262-EMC, 2016 WL 493189 (N.D. Cal. Feb. 9, 2016).....................................1

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)...................................................................................................................5

**STATUTES**

California Labor Code §226(a)....................................................................................................4

California Labor Code §2802 ................................................................................................4, 6

Fair Labor Standards Act ..........................................................................................2, 4, 11, 12

Federal Arbitration Act, 9 U.S.C. § 1 ..................................................................................7, 8, 11

Seattle Minimum Wage Ordinance...............................................................................................12

**OTHER AUTHORITIES**

National Labor Relations Board, Office of the General Counsel, OM 17-11, *available at* https://apps.nlrb.gov/link/document.aspx/09031d458234476d (last visited Feb. 3, 2017).............................................................................................................7



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

**I. <u>INTRODUCTION</u>**

Plaintiffs' Opposition (Dkt. # 62) confirms the factual insufficiency of their claims. Plaintiffs Rittmann, Wehmeyer and Lawson concede that they deficiently rest *their* claims solely on Plaintiff Carroll's allegations. *Id.* at 4. Yet, Plaintiff Carroll ignores the requirement to plead more than that he "regularly" exceeded a 40-hour workweek. This court should join its sister courts who dismissed as insufficiently pleaded independent contractor misclassification claims filed by Plaintiffs' counsel. *Yucesoy v. Uber Techs., Inc.*, No. 15-CV-00262-EMC, 2016 WL 493189 at *6 (N.D. Cal. Feb. 9, 2016) (dismissing wage and hour claims because plaintiffs "at the very least should know generally how often they receive ride requests" on which claims were based); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1010 (N.D. Cal. 2016) (same).

Having been stung by the dismissals in *Yucesoy* and *Tan*, Plaintiffs undoubtedly hoped to bypass the pleading standard, as well as issues pertaining to arbitration, in racing to issue notice to tens of thousands of DPs who cannot join this lawsuit. The correct result, however, is that nothing should happen in this case unless and until Plaintiffs can meet their pleading burden.

Alternatively, the Court should dismiss or transfer the overlapping claims to California for coordination with the earlier-filed *Morales* case. But if the Court chooses to wade further into this matter, the Court must compel Plaintiff Lawson's claims to arbitration. Contrary to Plaintiffs' contention, the Court cannot "assume" Plaintiffs (and all DPs) are "employees" covered by the NLRA subject to "contracts of employment" under the so-called transportation worker ("TW") exemption to the FAA. It is black-letter law that *Plaintiffs* bear the burden of proving – not assuming – each defense to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*,



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

531 U.S. 79, 91 (2000). Moreover, the TW Exemption should be given a "narrow construction," while the general provisions of the FAA, which mandate arbitration, should be given "an expansive reading[.]" *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 118–19 (2001).

Extensive fact-finding now nullifies the parties' intent to arbitrate. This is precisely why the party seeking to avoid arbitration must prove their defenses to the agreement. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 29 (1983) (FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses" and "any doubts" are "resolved in favor of arbitration"). Plaintiffs have not carried their burden.

## II. ARGUMENT

### A. Plaintiffs' Threadbare Recitals and Legal Conclusions Fail to State a Claim.

Plaintiffs allege insufficient facts to plead plausible wage and hour claims. Plaintiffs Rittmann, Wehmeyer and Lawson allege no facts in support of *their* claims. Dkt. # 36 at 9-10. This failure mandates dismissal. *Perez v. Wells Fargo & Co.*, No. Cl4–0989 PJH, 2014 WL 6997618, at *7 (N.D. Cal. Dec. 11, 2014) ("as articulated by the Ninth Circuit in *Landers*, plaintiffs must plead facts *as to each of the FLSA plaintiffs*") (emphasis added)).

Plaintiff Carroll merely mimics the statutory language to the effect that he "regularly" worked more than 40 hours and ignores that this Court, in *Bailey v. Alpha Techs. Inc.*, held that "generalized allegations" unaccompanied by "any detail regarding a given workweek when [a plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages" does not suffice. 2016 WL 4211527 at *5 (W.D. Wash. Aug. 10, 2016) (quoting *Landers v. Quality Commc'ns. Inc.*, 771 F.3d 638, 646 (9th Cir. 2014)).



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

After ignoring *Bailey* and relying on pre-*Landers* decisions, Plaintiffs argue that "[c]ontrary to Amazon's characterization, the Ninth Circuit does not require that a particular instance [of overtime or minimum wage violations] be pled[.]" Dkt. # 62 at p. 3. Amazon, however, claimed no such thing. Amazon explained only that Carroll must plead that he had been deprived of overtime in a "given workweek" in order establish a plausible claim. Carroll has not done so. Instead, he alleges only that he "regularly worked in excess of forty hours per week for Amazon from the period January through June of 2016." Under *Bailey*, *Landers* and *Iqbal/Twombly*, this generalized allegation does not state a plausible claim.

The only post-*Landers* cases Plaintiffs cite are distinguishable and non-binding. In *Varsam v. Laboratory Corp. of Am.*, the plaintiff sufficiently supplemented general allegations with specific details that the defendant discouraged her from recording overtime, required the completion of tasks and inaccurate recording of time for those tasks, and had a practice of failing to schedule sufficient staff to complete work. 120 F. Supp. 3d 1173, 1176 (S.D. Cal. 2015). In *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631 (9th Cir. 2015), a Ninth Circuit panel held that a *pro se* plaintiff need not plead "the amount of wages accrued and unpaid at the time the employment relationship terminated." But *Boon* does not purport to depart from, let alone overrule, *Landers*. *Landers* requires a plaintiff to, at a minimum, "allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers, supra,* at 646. Plaintiffs here have not done so. It also is telling that they have not moved to amend, which they presumably would do if they had such facts.

Plaintiffs' deficiency extends further to Plaintiff Lawson's California Labor Code



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

claims. Lawson alleged no detail regarding the type or amount of unreimbursed expenses incurred, or the information omitted from the pay statements. Moreover, he failed to allege facts establishing that Amazon's alleged omission was "knowing and intentional" – a necessary element under Labor Code §226(a). Plaintiffs cite a single case in which a court did not dismiss under Labor Code §2802. Dkt. # 62 at p. 6 (citing *Tan*, 171 F. Supp. 3d at 1005). However, the great weight of authority, cited by Amazon and ignored by Plaintiffs, requires more. *See, e.g.*, *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (dismissing where plaintiff alleged that: (1) "Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members[,]" and (2) "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed."); *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW EX, 2015 WL 4127905, at *1 (C.D. Cal. July 8, 2015) (same); *Silva v. AvalonBay Cmtys., Inc.*, No., 2015 WL 11422302, at *10 (C.D. Cal. Oct. 8, 2015) (dismissing wage statement claims).

### B. <u>The "First-to-File" Rule Applies To The FLSA And California Claims.</u>

In opposing application of the first-to-file rule, Plaintiffs argue that while *Morales* in California was first-filed, one week is not sufficient to trigger the rule. The rule, however, is "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." *Fisher v. Duff*, No. C15-5944 BHS, 2016 WL 3280429 at *2 (W.D. Wash. June 15, 2016) (dismissing claims filed one day after first-filed suit) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 939 (Fed. Cir. 1993), *abrogated*



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

*on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)); *see also, e.g.*, *Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, No. C07-0063-CW, 2007 WL 1150787 at *3 (N.D. Cal. Apr. 18, 2007) (applying rule when "two actions are filed a few hours apart[.]").

Next, Plaintiffs argue there is not enough similarity between the putative classes and that the Court should "compare the identity of the named plaintiffs as opposed to comparing putative classes." Dkt. # 62 at p. 8 & n.5. Of course, it hardly would be typical for the named plaintiffs in two separate actions to be the same. Further, Plaintiffs ignore that the plaintiff in *Morales* has a very different view, and if that view is adopted, Amazon would be forced to litigate the same claims in two separate courts. This would be judicially inefficient, risk inconsistent rulings, and unduly multiply costs. Moreover, "the first-to file rule does not require exact identity of the parties . . . only substantial similarity of parties." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citing, *inter alia*, *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)).

After ignoring so much, Plaintiffs rely on two cases that no court ever has followed. Dkt. # 62 at p. 8 n.5. In fact, *Le v. PriceWaterhouseCoopers LLP*, No. 07-CV-5476-MMC, 2008 WL 618938 (N.D. Cal. Mar. 4, 2008), has been repeatedly rejected, including in a decision subsequently relied upon by the Ninth Circuit in *Kohn Law Group*.[1] In *Adoma*, the court held that *Le* did not state the appropriate standard for "similarity" under the first-to-file rule. *Id*. at 1147-48. The standard is that discussed in Amazon's Motion to Dismiss, Dkt. # 36 at pp. 12-13,

[1] Moreover, Plaintiffs ignore that the *Le* court subsequently transferred the case to the district in which the earlier-filed action was pending. *Le v. PricewaterhouseCoopers LLP*, No. C-07-5476 MMC, 2008 WL 863999 at *1 (N.D. Cal. Mar. 28, 2008).



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

holding that the rule applies even if the first-filed action has not yet been certified as a class or collective action. *See also Hilton v. Apple Inc.*, No. C-13-2167, 2013 WL 5487317 at *7 (N.D. Cal. Oct. 1, 2013) (rule applied where named plaintiffs differed and, as here, the second-filed putative class was a subset of the first-filed putative class and neither class had been certified).

Next, Plaintiffs' counsel contends that they are better equipped and experienced than *Morales'* counsel. Setting aside that counsels' perception of the relative strengths of other counsel does not bear on the analysis, nothing prevents Plaintiffs' counsel from appearing on behalf of their clients in California.

Finally, Plaintiffs argue that *Morales* does not include a claim for unreimbursed expenses, so their Labor Code §2802 claim should not transfer. But Plaintiffs are incorrect. *See* Dkt. # 38-2 at ¶118 (Complaint alleges violation of "the Labor Code" including by "failing to reimburse [the class] for expenses"). In any event, it makes no sense to transfer the rest of the California claims to California, while keeping this single California claim in a Washington court.

### C. **The Court Should Compel Arbitration and Otherwise Exclude From Any Class Definition Any Individuals Who Agreed to Arbitrate.**

Plaintiffs first argue that they are employees – not independent contractors – and that the NLRA renders the class and collective action waiver contained in the TOS unlawful. Only three points need be made here. First, the Court need not even wade into the question of whether DPs are employees because, as explained in Amazon's opening brief, class and collective actions are, by definition, procedural devices – not substantive rights – perfectly lawful under the NLRA. (Dkt. # 36 at pp. 20-22.) Second, if this Court believes it needs to decide whether the NLRA prohibits class and collective action waivers, a stay until the Supreme Court delivers its answer,



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

likely by June, will well serve the interests of economy and efficiency.[2] Third, Plaintiffs have not come close to carrying their burden of establishing that they are "employees" under the NLRA to make out their defense against arbitration. *Green Tree Fin. Corp.-Ala*. 531 U.S. at 91 ("[T]he party resisting arbitration bears the burden of [proof]").

Here, Plaintiffs attempt to invoke the TW Exemption to the FAA. 9 U.S.C. § 1. Not only are Plaintiffs wrong, the Court need not even reach this red herring. Effectively, Plaintiffs merely are arguing that the FAA does not provide a basis to compel arbitration. But that would not end the analysis. The TOS state that all terms are governed by Washington law with the singular exception of the arbitration provision. If the FAA does not apply, the logical solution to effectuate the intent of the parties would be to apply Washington law. Not only does that sensibly effectuate the parties' intent that some law would govern arbitration, but it is consistent with case law holding that where the FAA is deemed inapplicable, state law fills the gap. *See, e.g., Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 596 (3d Cir. 2004) ("[T]he effect of Section 1 is merely to leave the arbitrability of disputes in the excluded categories as if the [FAA] had never been enacted."). The recent holding in *Atwood v. Rent-A-Center East, Inc.*, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016), makes clear that this rule applies even when the only law the parties expressly select is the FAA.

Washington law contains no TW Exemption and strongly favors arbitration. *Marcus &*

---

[2] Plaintiffs urge the Court to defer to the NLRB's decision in *On Assignment Staffing Servs., Inc.*, 2015 WL 5113231 (Aug. 27, 2015) on this issue. Dkt. # 62 at pp. 18-19 & n.15. Yet, the Fifth Circuit reversed the Board's decision. *On Assignment Staffing Servs., Inc. v. NLRB*, No. 15-60642, 2016 WL 3685206 (5th Cir. June 6, 2016). *See also Scroggins v. Uber Techs., Inc.*, No. 16-CV-01419, 2017 WL 373299 at *3 (S.D. Ind. Jan. 26, 2017) (declining to defer to reversed opinion). Even the NLRB has put on hold its prosecution of claims that class and collective action waivers violate the NLRA pending the Supreme Court's review. *See* Off. of the General Counsel, OM 17-11, *available at* https://apps.nlrb.gov/link/document.aspx/09031d458234476d (last visited Feb. 3, 2017).



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

*Millichap Real Estate Inc. Servs. v. Yates, Wood & McDonald, Inc.*, 192 Wn. App. 465, 474 (2016). "A court must find a dispute arbitrable 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Peninsula Sch. Dist. No. 401 v. Pub. Sch. Emps. of Peninsula*, 130 Wn. 2d 401, 413-14 (1996). While Plaintiffs contend the WUAA does not apply to employment disputes, they cannot carry their burden to prove this defense where the TOS and Amazon's declarations manifest that DPs are independent contractors. Indeed, Plaintiffs have fallen far short of establishing with "positive assurance" that DPs are employees under *any* law. *Romney v. Franciscan Med. Grp.*, 186 Wn. App. 728, 735 (2015) ("The burden of demonstrating that an arbitration agreement is not enforceable is on the party opposing the arbitration."), *review denied*, 184 Wn. 2d 1004 (2015).

In fact, Plaintiffs cannot establish *any* element of the TW Exemption. The TOS could not more clearly express that it is **not** "a contract of employment." *Veliz v. Cintas Corp.*, No. C 03-1180 (SBA), 2004 WL 2452851 at *3 (N.D. Cal. Apr. 5, 2004) ("Plaintiffs carry the burden of demonstrating that they fall within the FAA § 1 exemption [and] provid[ing] evidence that they are transportation workers[.]"). The TOS identify DPs as independent contractors and prohibit DPs from claiming Amazon employment status. Dkt. #37-1, ¶¶ 1, 2 ("[Y]ou will provide the Services as an independent contractor of Amazon"); Dkt. #37-2, ¶ 2 (TOS creates "independent contractor relationship, not an employment relationship."). And "independent contractor" is no mere label – the TOS include extensive evidence that DPs may (1) provide delivery services to Amazon competitors, (2) reject any delivery opportunity Amazon offers, (3) provide services at any time or frequency, and (4) use and control their own equipment. Dkt. #37-1, ¶ 8; Dkt. #37-2,



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

¶¶ 1, 7. Moreover, TOS Section 11(j)'s adoption of the FAA only buttresses that the TOS is not a "contract of employment." It would make no sense to enter into an agreement that chooses arbitration, makes clear that DPs are *not* employees, and spells out the DPs' freedom to work when and as they want, only to interpret the TOS in a manner to strike the express arbitration clause. That counter-intuitive argument perverts contractual intent and contravenes the canon that arbitration terms must be construed with an eye favoring arbitration. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (FAA reflects "liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract."). Instead, courts must adhere to the dual commands to construe the TW Exemption narrowly, *Rogers v. Royal Caribbean Cruises Ltd.*, 547 F.3d 1148, 1153 (9th Cir. 2008), and to resolve doubts "in favor of arbitration, whether the problem…is the construction of the contract language itself or an allegation of waiver, delay, or a like defense[.]" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

Still, Plaintiffs argue that the Court should simply assume they were subject to a "contract of employment" regardless of their contractor status. Dkt. # 62 at 22**.** Once again, Plaintiffs are 180 degrees wrong. The sole case Plaintiffs cite is an aberrant opinion—*C.R. England*[3]—that runs contrary to the overwhelming majority view that "agreements should not be deemed 'contracts of employment' unless the party opposing arbitration demonstrates that they are such." *See, e.g., Performance Team Freight Sys., Inc. v. Aleman*, 241 Cal. App. 4th 1233 (2015) (noting that *C.R. England* is contrary to majority view); *Owner-Op. Indep. Drivers v. United Van Lines LLC*, 2006 WL 5003366 at *3 (E.D. Mo. Nov. 15, 2006) (declining to follow

[3] *Owner-Op. Indep. Couriers Ass'n v. C.R. Eng., Inc.*, 325 F. Supp. 2d 1252 (D. Utah 2004).



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

*C.R. England* because requiring plaintiff to rebut characterization of relationship described in agreement better effectuates FAA's goal); *Port Drivers Fed'n 18, Inc. v. All Saints Exp, Inc.*, 757 F. Supp. 2d 463, 471–72 (D.N.J. 2011) (*C.R. England* "provides no substantive analysis or guidance concerning its decision"); *Carney v. JNJ Express, Inc.* 10 F. Supp. 3d 848, 852–54 (W.D. Tenn. 2014) (carrying burden "requires evidence beyond mere allegations and denials").

In reality, courts apply a rebuttable presumption that an agreement that characterizes a party as an independent contractor is <u>not</u> a "contract of employment." *See, e.g., Alvarado v. Pac. Motor Trucking Co.*, 2014 WL 3888184, at *4 (C.D. Cal. Aug. 7, 2014) ("[U]nless the non-moving party proves . . . that the FAA does not apply, the court should apply the characterization of the relationship described in the agreement and find that [the non-moving party] characterized as an independent contractor does not have a contract of employment"); *Villalpando v. Transguard Ins. Co. of Am.*, 17 F. Supp. 3d 969, 982 (N.D. Cal. 2014) (rejecting exemption argument where the "[a]greements indicate[d] that the relationship between Plaintiff and [Defendant] [was] 'not an employer-employee relationship'"). Plaintiffs have not come close to rebutting the presumption that the TOS is <u>not</u> a "contract of employment."

Nor have Plaintiffs met their burden of showing that they are "engaged in interstate commerce" by alleging merely that "they transport goods in the flow of interstate commerce." Dkt. # 62 at pp. 21-22. Again, courts must construe the phrase narrowly. *See, e.g., Vargas v. Delivery Outsourcing, LLC*, 2016 WL 946112, *5 (N.D. Cal. Mar. 14, 2016) ("Plaintiff's argument that he is 'engaged in interstate commerce' asks the Court to broadly read a term that requires a narrow construction. The Court declines the invitation."). A narrow construction fully



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

comports with legislative history. Congress adopted the TW Exemption because existing federal law provided for arbitration of employment disputes for seamen, "arbitration of railroad labor disputes was imminent," and by including "any other class of workers engaged in interstate commerce," Congress was anticipating "more specific legislation for those engaged in transportation" in a capacity similar to seamen and railroad employees. *Cir. City*, 532 U.S. at 121 ("[S]uch legislation was soon to follow with the amendment of the Railway Labor Act . . . to include air carriers and their employees."). The emphasis was on employees ***in the transportation industry***, not those who, like DPs, transported goods in an *unregulated* industry. *Id.* at 118.

Plaintiffs do not work in an industry subject to specific arbitration legislation. *Singh v. Uber Techs. Inc.*, 2017 WL 396545 at *8 (D.N.J. Jan. 30, 2017) (holding drivers "too far attenuated" from employees to whom TW Exemption applies because drivers not subject to "special arbitration legislation"). Plaintiffs have not alleged that they cross state lines. *Levin*, 146 F. Supp. 3d at 1153-54 (rejecting argument that intra-state drivers are "final step in the flow of [out-of-state] food items"). Nor otherwise proven they are "engaged in interstate commerce." *Vargas*, 2016 WL 946112 at *5 (holding strike would not interrupt "free flow of goods to third parties" like seamen's strike). "Given the strong and liberal federal policy favoring arbitral dispute resolution, the Court cannot conclude on this record that §1 bars the enforcement of the arbitration provision at issue." *Owner-Op. Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 288 F. Supp. 2d 1033, 1035–36 (D. Ariz. 2003).[4]

[4] In a last-ditch attempt to avoid the arbitration agreement, Plaintiffs argue that the FLSA bars enforcement of class and collective action waivers, citing two decisions from the Sixth Circuit, which sits alone as the only Court of Appeals to have accepted such a premise. Dkt. # 62 at p. 20. Plaintiffs' argument has been rejected by every other



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

**D. The Seattle Minimum Wage Ordinance ("SMWO") Bars Claims Prior to April 1, 2016.**

Plaintiffs fail to cite any authority that the SMWO's private cause of action should apply retroactively. "[R]etroactive application of statutes is disfavored," *Talaie v. Wells Fargo Bank, NA*, 808 F.3d 410, 412 (9th Cir. 2015) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)), and where a new statute would "increase a party's liability for past conduct," courts should not give retroactive effect without "clear [legislative] intent favoring such a result." *Id.* Here, retroactive application would increase "liability for past conduct" *precisely because* the amended SMWO provides a private action where none previously existed. *Talaie*, 808 F.3d at 412 (private right of action could not apply retroactively). Moreover, under the original SMWO, the Seattle OLS could pursue an alleged violation, but only after a neutral investigation, could reduce penalties, and only actual damages were recoverable. Now, the amended SWMO permits decidedly non-neutral private parties to sue for ***treble damages***. *Compare* SMC §14.19.080 (2016) *with* SMC §14.19.010 *et seq.* (May 29, 2014). Nor have Plaintiffs pointed to any evidence that the Seattle City Council intended retroactivity. To the contrary, the SMWO provides only that it would be "[e]ffective April 1, 2016" and "April 1, 2017." SMC §14.19.110(A).

## III. CONCLUSION

Amazon respectfully requests that the Court dismiss Plaintiffs' Complaint.

---

Court of Appeals to have considered the issue, including, most pertinently, the Ninth Circuit. *Horenstein v. Mortg. Mkt., Inc.*, 9 F. App'x 618, 619 (9th Cir. 2001); *see also Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052-54 (8th Cir. 2013) (joining "fellow circuits that have held that arbitration agreements containing class waivers are enforceable in claims brought under the FLSA") (collecting cases); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (interpreting the ADEA, which expressly adopts the FLSA's class action provision, and declining to imply the existence of a substantive right to collective actions).



MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

Dated: February 3, 2017

Respectfully submitted,

By: s/ Suzanne J. Thomas

Suzanne J. Thomas, WSBA #17338
K&L GATES LLP
925 Fourth Ave, Suite 2900
Seattle WA 98104-1158
Telephone: 206-370-6642
suzanne.thomas@klgates.com

Richard G. Rosenblatt (*Pro Hac Vice*)
James P. Walsh , Jr. (*Pro Hac Vice*)
MORGAN LEWIS & BOCKIUS
502 Carnegie Center
Princeton, NJ 08540
Telephone: 609-916-6600
rrosenblatt@morganlewis.com
james.walsh@morganlewis.com

Allison N. Powers (*Pro Hac Vice*)
Meredith Riccio (*Pro Hac Vice*)
MORGAN LEWIS & BOCKIUS
77 West Wacker Drive, 5th Floor
Chicago, IL60601
Telephone: 312-324-1000
allison.powers@morganlewis.com
meredith.riccio@morganlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) to the following on February 3, 2017:

Adelaide Pagano
Harold Lichten
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
729 Boyston Street, Suite 2000
Boston, MA 02116
Tel: 617-994-5800
apagano@llrlaw.com
hlichten@ llrlaw.com
ss@llrlaw.com

Michael C Subit
FRANK FREED SUBIT & THOMAS LLP
705 2nd Ave, Suite 1200
Seattle, WA 98104-1729
Tel: 206-682-6711
msubit@frankfreed.com

s/ Suzanne J. Thomas