The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNADEAN RITTMANN, FREDDIE CARROLL, JULIA WEHMEYER, and RAEF LAWSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:16-cv-01554-JCC<br><br>DEFENDANTS' MOTION FOR STAY OF CLASS AND COLLECTIVE ACTION PROCEEDINGS<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR:<br>March 3, 2017 |

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

DB1/ 90628593.5

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND RELIEF REQUESTED ...........................................................1

II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND .................................3

III. ARGUMENT .....................................................................................................................4

    A. Legal Standard........................................................................................................4

    B. A Limited Stay of Class and Collective Action Treatment Pending The Supreme Court's Decision Could Substantially Narrow the Issues, Proof and Questions of Law in This Lawsuit..................................................................5

    C. Denying the Stay Will Result in Hardship and Inequity for Defendants ...............8

    D. A Temporary Stay Will Not Cause Any "Damage" to Plaintiffs ..........................9

IV. CONCLUSION ................................................................................................................11

MOTION for STAY – 2:16-cv-01554-JCC    -i-

DB1/ 90628593.5

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aquilino v. Home Depot, U.S.A., Inc.*,
    No. 04-04100, 2011 WL 564039 (D.N.J. Feb. 15, 2011) ........................................................ 10

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ..................................................................................................... 7, 9, 10

*Centeno v. Inslee*,
    310 F.R.D. 483 (W.D. Wash. 2015) ........................................................................................ 6

*Clinton v. Jones*,
    520 U.S. 681 (1997) ................................................................................................................ 4

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ................................................................................................... 4

*Doe v. Swift Transp. Co.*,
    No. 10-cv-899, 2017 WL 67521 (D. Ariz. Jan. 6, 2017) ....................................................... 10

*Epic Systems Corp. v. Lewis*
    (U.S. Jan. 13, 2017) ...................................................................................................... 1, 5, 11

*Ernst & Young LLP v. Morris*
    (U.S. Jan. 13, 2017) ...................................................................................................... 1, 5, 11

*Gatewood v. Koch Foods of Miss., LLC*,
    No. 07-82, 2009 WL 8642001 (S.D. Miss. Oct. 20, 2009) ................................................... 10

*Hoffman-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) ......................................................................................................... 5, 11

*Integrity Staffing Solutions, Inc. v. Busk*,
    135 S.Ct. 513 (2014) ........................................................................................................... 3, 4

*Knapp v. Reid*,
    No. 15-1769, 2016 WL 561734 (W.D. Wash. Feb. 12, 2016) ................................................ 5

*Kwan v. Clearwire Corp.*,
    No. 09-1392, 2011 WL 1213176 (W.D. Wash. Mar. 29, 2011) ............................... 4, 6, 7, 8, 9

*Landis v. N. Am. Co.*,
    299 U.S. 248, 57 S. Ct. 163 (1936) ......................................................................................... 4

*Lennartson v. Papa Murphy's Holdings, Inc.*,
    No. 15-5307, 2016 WL 51747 (W.D. Wash. Jan. 5, 2016) .......................................... 4, 5, 6, 7

*Lewis* v. *Epic Systems Corp.*,
    823 F.3d 1147 (7th Cir. 2016) ........................................................................................... 1

*McIalwain v. Green Tree Servicing, LLC*,
    No. 13-6096, 2014 WL 12526281 (W.D. Wash. Feb. 5, 2014) ....................................... 5, 6, 8

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
    708 F.2d 1458 (9th Cir. 1983) ............................................................................................ 4

*Morris* v. *Ernst & Young LLP*,
    834 F.3d 975 (9th Cir. 2016) .............................................................................................. 1

*Murphy Oil USA, Inc.* v. *N.L.R.B.*,
    808 F.3d 1013 (5th Cir. 2015) ............................................................................................ 1

*NLRB v. Murphy Oil USA, Inc.*
    (U.S. Jan. 13, 2017) ................................................................................................ 1, 5, 11

**STATUTES**

9 U.S.C. § 16(a)(1) .......................................................................................................................... 4

Federal Arbitration Act .................................................................................................................. 1

FLSA, 29 U.S.C. § 216(b) .................................................................................................. 3, 4, 5, 6, 11

NRLA, 29 U.S.C. §§ 151-169. ........................................................................................................ 1, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(c)(2) and 26(f) .................................................................................................... 1

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

-iii-

**I.      INTRODUCTION AND RELIEF REQUESTED.**

The Court should temporarily stay all class and collective action treatment of this case, including Plaintiffs' Motion for Notice under the Fair Labor Standards Act ("FLSA") (the "Notice Motion") (Dkt. #20). Defendants (collectively, "Amazon") make this request in light of the United States Supreme Court's recent grant of *certiorari* on the question of:

> Whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.

*Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285). *See also Ernst & Young LLP v. Morris* (U.S. Jan. 13, 2017) (No. 16-300), and *NLRB v. Murphy Oil USA, Inc.* (U.S. Jan. 13, 2017) (No. 16-307).[1] While three of four named Plaintiffs have opted-out of arbitration, a central part of this case – whether the claims of tens of thousands of other delivery partners ("DPs") can proceed in court – turns entirely upon how the Supreme Court answers this question.

The Court should stay the filing of any motion seeking class certification until after the Supreme Court rules. And, more immediately, the Court should administratively terminate Plaintiffs' motion for conditional certification, (Dkt. #20), and direct Plaintiffs to refile that motion, if ever, only after the Supreme Court rules whether an arbitration provision such as that at issue here is enforceable under the NLRA. Overwhelming support for this request is found in Fed. R. Civ. P. 16(c)(2) and 26(f) relating to matters for consideration in an initial discovery plan and an initial pretrial conference. Those rules contemplate that the Court and the parties should

---

[1] The corresponding circuit court decisions are *Lewis* v. *Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016); *Morris* v. *Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016); and *Murphy Oil USA, Inc.* v. *N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015).

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

-2-

know whether the number of potential plaintiffs will be approximately 165 or in the **tens of thousands** before litigating whether and to whom notice of this case should go; what discovery is needed and from whom; what the overall scope of this case looks like; what schedule is appropriate; who will be witnesses; how long any trial likely would be; whether there is any chance of the case being resolved by the parties; and the like.  These questions cannot now be answered, but they will be in a relatively short time when the Supreme Court issues its decision.

The action would otherwise move forward.  If the named Plaintiffs' claims survive Amazon's Motion to Dismiss, the parties can proceed with discovery focused on the claims of the named and opt-in Plaintiffs.  Even in the absence of a potentially dispositive Supreme Court ruling, courts routinely order (and parties routinely stipulate to) this type of "phased" approach precisely because it conserves judicial resources and helps to avoid the burden of premature and unwieldy discovery of the entire collective.  As it stands, Plaintiffs are asking the Court to transform this action from one involving the claims of a handful of individuals into a nationwide litigation encompassing tens of thousands of DPs.  If the Court allows notice to be sent to tens of thousands of DPs who are subject to the arbitration provision, extensive and complex class-wide discovery (including costly electronic discovery), additional motion practice, and other extensive litigation activity is sure to follow – all of which a 9-Justice Supreme Court may moot.  Such needless expenditures of time, scarce judicial resources, and costs can be avoided simply by waiting until the Supreme Court rules and the parties conduct phased litigation.[2]

The parties and the Court should revisit class and/or collective certification after having

---

[2] Plaintiffs are likely to argue that this Motion is similar to Amazon's prior Motion for Relief from Deadline.  Dkt. #39.  Amazon filed that Motion before the Supreme Court granted *certiorari* in the trio of arbitration cases currently before it, which markedly changes the circumstances.

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

DB1/ 90628593.5

the benefit of limited discovery, rulings on summary judgment, and guidance from the Supreme Court. In contrast to these benefits, a stay will not harm Plaintiffs in any cognizable way.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On October 4, 2016, Plaintiffs filed their Complaint asserting Washington state law and Rule 23 class claims and FLSA Section 216(b) collective action claims. Dkt. #1. Only weeks later, on October 27, 2016, Plaintiffs filed their Notice Motion seeking to solicit tens of thousands of DPs to join this case. Dkt. #20. All but a tiny fraction of DPs agreed to individual arbitration as set forth in the Amazon Flex Independent Contractor Terms of Service (the "TOS"). Dkt. #36 at 3-6. As of January 2017, only approximately 165 DPs have opted-out of arbitration. Dkt. #49 at ¶15. Defendants have opposed the Notice Motion because Plaintiffs are not similarly situated to the vast majority of DPs who agreed to arbitrate their claims and because Plaintiffs seek to send notice to thousands of DPs who agreed to individual arbitration and thus cannot join this action. Dkt. #47 at 16.

Plaintiffs openly concede that the Supreme Court's upcoming decision will dramatically impact the course of this case. Dkt. #64 at 10. The Supreme Court will not hear argument on the arbitration cases until the October 2017 term, presumably because of the uncertainty of the timing of seating a ninth Justice. Many, if not most, cases argued early in the Supreme Court's term are decided by December or January. A good example is another recent FLSA case, *Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513 (2014). In *Busk*, similar to here, the Supreme Court granted *certiorari* on March 3, 2014. (U.S. No. 13-433). After negotiation of a briefing schedule, the Supreme Court bumped argument until the next term, on October 8, 2014, and decided the case on December 9, 2014. *Id.*

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

It further bears note that Amazon's Motion to Dismiss also seeks to compel Plaintiff Lawson's claims to arbitration and to exclude from the state law classes defined in the Complaint the thousands of DPs who, like Lawson, agreed to arbitrate. *See* Dkt. #36 at 14-22. If the Court compels arbitration, this would largely put an end to the class and collective action components of this litigation. If the Court refuses to compel arbitration, Amazon almost certainly will avail itself of its automatic right of appeal pursuant to 9 U.S.C. § 16(a)(1). And with the same issue pending before the Supreme Court, it is highly likely that the Ninth Circuit would issue a stay until the Supreme Court rules. In the *Busk* case, also an FLSA collective action, the district court agreed to a stay pending the Supreme Court's ruling. *Busk supra*, MDL No. 14-2504 (W.D. Ky.), Dkt. #100, 101, 102, 107, 112, 114. The stay saved the parties and the Court massive amounts of time and expense while the Supreme Court resolved an important threshold issue. A similar result makes sense here.

## III.  ARGUMENT

### A.  Legal Standard

The power to stay proceedings is incidental to the power inherent in every district court to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Kwan v. Clearwire Corp.*, No. 09-1392, 2011 WL 1213176, *2 (W.D. Wash. Mar. 29, 2011) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The Court should weigh three factors in determining whether to grant a stay under these circumstances: (1) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

of law which could be expected to result from a stay"; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the possible "damage" that may result from granting a stay. *Id*. (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)); *Lennartson v. Papa Murphy's Holdings, Inc.*, No. 15-5307, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016) (same). Those factors each favor the limited stay herein requested.

The foregoing authority establishes that the inquiry is whether an intervening decision may "*simplify*" the proceedings, not whether it will dispose of all claims or issues. *Lennartson*, 2016 WL 51747, at *5 (emphasis added); *McIalwain v. Green Tree Servicing, LLC*, No. 13-6096, 2014 WL 12526281, at *2 (W.D. Wash. Feb. 5, 2014) (same). While Plaintiffs likely will argue that the Ninth Circuit's decision in *Morris* could be affirmed – which Defendants submit is remote – that is not grounds for objecting to Defendants' proposed stay. *See, e.g.*, *Knapp v. Reid*, No. 15-1769, 2016 WL 561734 at *2 (W.D. Wash. Feb. 12, 2016) (staying proceedings following Supreme Court's decision to hear standing issue, notwithstanding the court's determination that "Ninth Circuit law remain[ed] controlling"); *Stoican*, 2010 WL 5769125 at *2 (stay pending Supreme Court's review of controlling Ninth Circuit decision).

**B.  A Limited Stay of Class and Collective Action Treatment Pending The Supreme Court's Decision Could Substantially Narrow the Issues, Proof and Questions of Law in This Lawsuit.**

The touchstone of the FLSA certification process is judicial efficiency. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (the purpose of allowing a collective action is to provide for "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful conduct]"). Staying the Court's determination of whether a collective or class action is appropriate until after phased discovery and the Supreme Court's

MOTION FOR STAY – 2:16-CV-01554-JCC

ruling in *Murphy Oil, Lewis,* and *Morris* will markedly simplify the issues, proof, and questions of law in this action.

Further, a stay will ensure that this Court has the benefit of the Supreme Court's guidance on key issues, including whether the opt-out provision in the TOS is enforceable under the NLRA – even accepting for argument's sake Plaintiffs' argument that DPs are employees. *See Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (granting stay after finding that Supreme Court's decision, even if not dispositive, was "likely to influence" the court's "understanding" of central issue in case); *McIalwain*, 2014 WL 12526281 at *1 ("[f]or a stay to be appropriate it is not required that the issues of such proceedings [on appeal] are necessarily controlling of the action before the court"). There is no doubt that, whichever way the Supreme Court rules, that holding and its rationale will bear significantly on the scope of this case.

This Court has stayed actions in their entirety when, as here, issues pending before the Supreme Court may impact the size and scope of a putative class or collective action. *See, e.g., Lennartson*, 2016 WL 51747 at *5 (granting stay pending Supreme Court's decision to hear issues potentially affecting size of plaintiff's proposed class). Here, the Supreme Court's decision will finally determine whether an arbitration agreement containing a class and collective action waiver violates the NLRA. That decision, in turn, could immediately impact the potential size of the putative FLSA and state law classes sought in this case. If the Supreme Court agrees that class and collective action waivers are enforceable, only the approximately 165 DPs who opted-out of arbitration may pursue their claims outside of arbitration. *See* Dkt. #36 at 14-22. By contrast, only if the Supreme Court holds that the NLRA bars class and collective action waivers (whether completely or in the absence of an opt-out provision) will this Court be

MOTION FOR STAY – 2:16-CV-01554-JCC

-7-

required to wade into the thicket of determining whether DPs are "employees" subject to the NLRA, or independent contractors who are not. *See* Dkt. #46 at 15-16. As the parties' already extensive briefing makes clear, this fundamental question on the applicability of the NLRA is legally and factually complex. *See* Dkt. #36, 46, and 68.

The procedural posture and circumstances of this Court's decision in *Kwan* are **strikingly similar** to those presented here. 2011 WL 1213176, at *2. There, the defendants moved to compel two of the three named plaintiffs to individual arbitration. *Id.* at *1. Plaintiffs opposed that motion on the ground that the class action waiver in plaintiff's arbitration agreement violated state law. *Id.* at *2. While the defendants' motion to compel was pending, the Supreme Court granted *certiorari* in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), to decide whether the Ninth Circuit erred by holding that the FAA does not preempt state law from conditioning enforcement of an arbitration clause on the availability of a class action. In weighing the potential harm to defendants of not staying the case, Judge Robart specifically identified the "substantially greater" burdens associated with class discovery compared to individual arbitration. *Id.* at *3. Recognizing the unmistakable burden of litigating a nationwide class action, Judge Robart stayed the action, holding that given "the significant possibility that the arbitrability of [plaintiff's] claims . . . will turn on the Supreme Court's opinion in *Concepcion,* the court finds it inefficient to proceed with litigation of this case." *Id.* (quoting *Stoican,* 2010 WL 5769125 at *2 (granting stay pending decision in *Concepcion*)). This decision proved prescient, as the Supreme Court reversed the Ninth Circuit.

Here, as in *Kwan* and *Stoican*, the Supreme Court's upcoming arbitration decision could determine whether thousands of potential plaintiffs in this case must instead arbitrate their

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

DB1/ 90628593.5

claims. There can be no doubt that this determination has the potential to profoundly decrease the burden of this action on the Court and the litigants. And Defendants request only a partial stay. That a minute fraction of DPs opted out of arbitration is beside the point. This Court has held that it is appropriate to stay proceedings where a Supreme Court decision may "simplify or complicate the class certification process" by possibly limiting – but not fully extinguishing – the size of the putative class. *Lennartson*, 2016 WL 51747 at *5 (granting stay pending resolution of Supreme Court case that "could limit the size" of plaintiff's proposed class). *See also Kwan*, 2011 WL 1213176 at *2 (stay where only two of three plaintiffs bound by class action waiver).

### C. Denying the Stay Will Result in Hardship and Inequity for Defendants.

The overwhelming majority of the putative collective and class members, including Plaintiff Lawson, waived their rights to bring a class/collective action claim in court. The pending Supreme Court decision could preserve this Court's limited resources by confirming that these individuals must arbitrate their claims. If the Court allows notice to be sent to tens of thousands of DPs subject to the arbitration provision, extensive and complex class-wide discovery (including costly electronic discovery), additional motion practice, and other extensive litigation activity is sure to follow – all of which may very well be rendered moot by the Supreme Court's decision. Such needless expenditures of time, judicial resources, and costs can be avoided simply by waiting until the Supreme Court rules in what is likely to be early next term. In the meantime, the parties and the Court can focus on those issues that are most likely to achieve an efficient resolution of this matter.

The burdens that Defendants – and Plaintiffs and the Court – may face cannot be denied. Because the enforceability of the arbitration provision is so central to the scope and direction of

MOTION FOR STAY – 2:16-CV-01554-JCC

this case, absent a stay the parties could be forced to re-litigate that issue following the Supreme Court's decision. *McIalwain*, 2014 WL 12526281 at *2 (granting stay after finding that requiring the "parties to go forward could result in the hardship or inequity of relitigating the issue of subject matter jurisdiction . . ."). Should the Court grant Plaintiff's request to send notice to all DPs after finding that the arbitration provision is unenforceable, a contrary decision by the Supreme Court will result in Defendants being subject to the undue burden of defending against a class and collective action of vastly larger scope. *Kwan*, 2011 WL 1213176 at *2 (concluding that the burdens associated with class discovery compared to individual arbitration supported staying the action pending the Supreme Court's decision on arbitrability in *Concepcion*). The parties and this Court would be forced to bear the effort and expense of overseeing notice to thousands of putative members of the collective, and to conduct and manage discovery for this drastically inflated group, only to shortly thereafter bear the burden of informing those same individuals that they cannot bring their claims in court. Avoiding the yoke of these undertakings and the confusion likely to result among DPs are further grounds for granting the stay. Granting the stay also avoids the *in terrorem* effect, recognized by the Supreme Court, which results from the prospect of litigating claims on a class-wide basis when the parties have contracted for individual arbitration. *Concepcion*, 563 U.S. at 350-51.

Beyond the costs and burdens of litigation, the tangible business impact of issuing an overly broad notice will result in further harm to Defendants. The notice proposed by Plaintiffs would set in motion an adversarial litigation process between thousands of other parties engaged in mutually beneficial contractual relationships, stifling communication between Amazon and current independent contractors. In fact, Plaintiffs improperly argue that this Court should rush

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

to issue notice before the Supreme Court has a chance to rule on the enforceability of the arbitration provision specifically to drum up litigation against Amazon.  Dkt. #62 at 10.  These substantial burdens should and can be avoided by staying consideration of the Notice Motion.

### D. A Temporary Stay Will Not Cause Any "Damage" to Plaintiffs.

In contrast to the burdens that would be imposed without a stay, Plaintiffs will not be "damaged" if the Court grants the motion for a partial stay.  *See, e.g., Stoican*, 2010 WL 5769125 at *2 (staying putative class action as of December 2010 where "resolution of *Concepcion* will come no later than June 2011"); *Kwan*, 2011 WL 1213176 at *3 (granting stay in putative class action where Supreme Court was "likely to decide *Concepcion* within the next few months, and so any delay caused by the stay is likely to be brief").

This Motion also should be considered as a practical matter in the context of the lifespan of class and collective actions of this nature.  Cases of this nature – especially of this potential magnitude – tend to follow protracted schedules:  the larger the case, the longer the discovery period, and the more complicated the motion practice.  As noted above, this case faces the real prospect of interlocutory appeals or even writs of mandamus.  In short, the lifespan of this case realistically will be measured in years, not months.  This is not mere advocacy; this is reality.[3]

Finally, Plaintiffs may argue that a temporary stay should be denied because it could

---

[3] Plaintiffs cited *Doe v. Swift Transp. Co.*, No. 10-cv-899, 2017 WL 67521 at *1 (D. Ariz. Jan. 6, 2017), for the proposition that the Court could "make a preliminary determination that the Amazon drivers are employees and thus exempt from the FAA under Section 1." Dkt. #62 at 23. The *Swift* plaintiffs filed their complaint in 2009, the district court's decisions *on arbitration* have been the subject of three Ninth Circuit Court of Appeals opinions, and a fourth appeal is now pending. *Id.* at *2-4, appeal filed by Van Dusen v. Swift Transp. Co.*, No. 17-15102 (9th Cir., Jan. 19, 2017). Discovery on the "preliminary" issues began in *Swift* on July 22, 2014 and the *six* motions directed at those issues were filed on June 10, 2016. *Id.* at *1 (citing Dkt. #548, 744, 751, 757, 763, 768, 771).

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

impact the statute of limitations for absent members of the putative collective. That argument is misplaced. First, in so arguing, Plaintiffs lose sight of the fact that non-parties who never have expressed an interest in pursuing this case have no rights for this Court to protect. To the contrary, it is <u>Defendants</u> who are the litigants in this case and thus entitled to due process. *See Aquilino v. Home Depot, U.S.A., Inc.*, No. 04-04100, 2011 WL 564039, at *10-11 (D.N.J. Feb. 15, 2011) (decertifying collective action based in part on concerns relating to defendant's due process rights); *Gatewood v. Koch Foods of Miss., LLC*, No. 07-82, 2009 WL 8642001, at *20-21 (S.D. Miss. Oct. 20, 2009) (same). Second, any argument by Plaintiffs that the Court should place non-parties' interests ahead of Defendants' interests would also ignore the Supreme Court's mandate that courts must maintain complete neutrality with respect to the issue of whether notice should issue. *See Sperling*, 493 U.S. at 174 (in exercising their discretion to facilitate collective action notice, "courts must be scrupulous to respect judicial neutrality"). Third, the shortest applicable statute of limitations under the FLSA is two years. The Amazon Flex Program has only been in operation for a small group of DPs since July 2015 (on a temporary "pilot" basis), and because the program was rolled out in different metropolitan areas in stages, most DPs enrolled in the Program in 2016. Dkt. #37 at 10, ¶28. As such, even the relatively few DPs who participated during the Amazon Flex pilot project would not see their statutes of limitations begin running out until July 2017. As to the vast majority of DPs, the statute of limitations will not start to expire until dates in **2018**, by which time the Supreme Court will have already issued its decision. Fourth, the absent FLSA collective action members who reside in Washington and California already have had their claims under parallel state wage and hour laws tolled by virtue of the filing of state law class actions under Rule 23.

MOTION FOR STAY – 2:16-CV-01554-JCC

### IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their motion for a partial stay and defer any decision on class or collective certification while the parties engage in phased discovery and litigate other, potentially dispositive issues until the Supreme Court issues its critical decision in *Morris, Lewis,* and *Murphy Oil* on the enforceability of class and collective waivers.

Dated: February 10, 2017                                              Respectfully Submitted,


By: *s/ Suzanne J. Thomas*

    Suzanne J. Thomas, WSBA #17338
    K&L GATES LLP
    925 Fourth Ave, Suite 2900
    Seattle WA 98104-1158
    Telephone: 206-370-6642
    suzanne.thomas@klgates.com

    Richard G. Rosenblatt (*Pro Hac Vice*)
    James Walsh , Jr. (*Pro Hac Vice*)
    MORGAN LEWIS & BOCKIUS
    502 Carnegie Center
    Princeton, NJ 08540
    Telephone: 609-916-6600
    rrosenblatt@morganlewis.com
    james.walsh@morganlewis.com

    Allison N. Powers (*Pro Hac Vice*)
    Meredith Riccio (*Pro Hac Vice*)
    MORGAN LEWIS & BOCKIUS
    77 West Wacker Drive, 5th Floor
    Chicago, IL 60601
    Telephone: 312-324-1000
    allison.powers@morganlewis.com
    meredith.riccio@morganlewis.com

MOTION FOR STAY – 2:16-CV-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, N.J. 08540
+1.609.919.6600

DB1/ 90628593.5

-12-

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) to the following on February 10, 2017:

| | |
|---|---|
| Adelaide Pagano | Michael C Subit |
| Harold Lichten | FRANK FREED SUBIT & THOMAS LLP |
| Shannon Liss-Riordan | 705 2nd Ave, Suite 1200 |
| LICHTEN & LISS-RIORDAN, P.C. | Seattle, WA 98104-1729 |
| 729 Boylston Street, Suite 2000 | Tel: 206-682-6711 |
| Boston, MA 02116 | msubit@frankfreed.com |
| Tel: 617-994-5800 | |
| apagano@llrlaw.com | |
| hlichten@ llrlaw.com | |
| ss@llrlaw.com | |

                                              *s/ James P. Walsh, Jr.*

MOTION FOR STAY – 2:16-CV-01554-JCC