THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN,
FREDDIE CARROLL, JULIA
WEHMEYER, and RAEF LAWSON,
individually and on behalf of all others
similarly situated,

           Plaintiffs,

    v.

AMAZON.COM, INC. and AMAZON
LOGISTICS, INC.,

           Defendants.

CASE NO. C16-1554-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for notice to be issued (Dkt. No. 20), and Defendants' motion to dismiss or compel arbitration (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART and DENIES IN PART the motion to dismiss and STAYS the motion to issue notice for the reasons explained herein.

## I.    BACKGROUND

Plaintiffs in this case are individuals who work or have worked as delivery drivers for Defendants Amazon.com, Inc. or Amazon Logistics, Inc. ("Amazon") who have contracted directly with Amazon and have been classified by Amazon as independent contractors. (Dkt. No.

33 at 1.) The drivers set their weekly availability online and then either sign up for, or are

assigned, shifts in two or four-hour increments. (Dkt. No. 20 at 2.) Drivers are required to

provide their own vehicle and smart phone on which to run Amazon's application when making

deliveries. (*Id.*) Plaintiffs maintain that drivers are "responsible for the cost of their own

equipment, as well as expenses incurred in performing their delivery work." (*Id.*) At the heart of

Plaintiffs' complaint is their allegation that Amazon has misclassified these delivery drivers as

independent contractors, when they are actually employees. (Dkt. No. 33 at 5.) Plaintiffs filed

suit, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 216(b) and

207(a)(1), the Washington Minimum Wage Act, Revised Code of Washington §§ 49.46.020 and

.130, §§ 49.52.50 and .70, the Seattle Minimum Wage Ordinance, Council Bill 118585, and

California Labor Code §§ 2802 and 226(a). (*Id.* at 11–13.)

      Plaintiffs now move this Court for an order to issue notice to similarly situated

employees. (Dkt. No. 20.) Amazon moves to dismiss all of Plaintiffs' claims for failure to state a

claim. (Dkt. No. 36 at 15–19.) Amazon also moves to dismiss the FLSA and California Law

claims under the "first-to-file" rule. (*Id.* at 19.) Finally, Amazon requests the Court compel

arbitration of those putative class members who agreed to arbitrate. (*Id.* at 24–25.)

## II.   DISCUSSION

### A.   Failure to state a claim

      A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be

able to conclude that the moving party is entitled to judgment as a matter of law, even after

accepting all factual allegations in the complaint as true and construing them in the light most

favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible"

cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has

"facial plausibility" when the party seeking relief "pleads factual content that allows the Court to

1   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

2   *Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as

3   true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences

4   will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246,

5   1249 (9th Cir. 2007).

6         Amazon argues that Plaintiffs allege insufficient facts for all claims. (Dkt. No. 36 at 16–

7   19.) The pleading standard here is guided by *Landers v. Quality Communications Inc.*, 771 F.3d

8   638 (9th Cir. 2014). In *Landers*, the court held that in order to survive a motion to dismiss, a

9   plaintiff asserting a wage or overtime claim must allege that she worked over 40 hours and was

10  not paid overtime, or was not paid minimum wage for a given workweek. *Id.* at 645–46. While

11  the court acknowledged that "most (if not all) of the detailed info concerning a plaintiff-

12  employee's compensation and schedule is in the control of the defendants" and plaintiffs need

13  not allege the amount of compensation owed "with mathematical precision," it nonetheless held

14  that plaintiffs "should be able to allege facts demonstrating there was at least one workweek in

15  which they worked in excess of forty hours and were not paid overtime wages." *Id.* (internal

16  quotations omitted).

17        Here, Plaintiffs make the following allegations to support their minimum wage claims:

18  
19  - In light of the expenses the delivery drivers bear in order to perform their jobs, the
      drivers' hourly wages often fall below the federal minimum wage . . . [and] state
      minimum wage. (Dkt. No. 33 at 6, ¶ 24.)
20  
21  - [W]hen driving for Amazon, delivery drivers receive an hourly rate of pay for
      scheduled shifts. However, it often takes the drivers more time to complete their
22    deliveries than their scheduled shifts, but drivers do not receive additional
      compensation for this extra time. (*Id.* at ¶ 25.)

23  To support their overtime claims, Plaintiffs allege:

24  - [D]elivery drivers are not paid overtime for hours they work in excess of 40 hours per
      week. For example, Plaintiff Freddie Carrol regularly worked in excess of 40 hours
25    per week for Amazon from the period January through June of 2016 but was not been
      paid [sic] one-and-a-half times his regular rate for any overtime hours. (*Id.* at ¶ 27.)
26  

ORDER
PAGE - 3

These claims are insufficient under *Landers*. They do not "show there was a particular workweek in which" any Plaintiff did not receive minimum wage or overtime compensation to which she was entitled. *Bailey v. Alpha Technologies, Inc.*, 2016 WL 4211527, at *5 (W.D. Wash. Aug 10, 2016). Further, because Plaintiffs' willful withholding claim is based on the minimum wage and overtime claims, it too fails. *Id.* Accordingly, Counts one through six are hereby DISMISSED WITHOUT PREJUDICE.

Amazon also argues that Plaintiff Raef Lawson's California state law claims fail to state a claim. (Dkt. No. 36 at 18–19.) Plaintiff Lawson alleges violations of California Labor Code §§ 2802 and 226(a) in counts seven and eight. (Dkt. No. 33 at 13.)

California Labor Code § 226(a) deals with a failure to provide itemized wage statements. To state a claim for relief a plaintiff must allege "(1) a violation of the statute; (2) the violation was knowing and intentional; and (3) an injury resulted from the violation." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 810 (N.D. Cal. 2015). To support his claim, Plaintiff Lawson alleges that "Amazon delivery drivers do not receive proper itemized wage statements from Amazon and instead are simply provided with weekly totals reflecting how much money they were paid that week without showing how many hours they actually worked performing deliveries or how compensation was calculated." (Dkt. No. 33 at 5, ¶ 23.) While the Court finds Plaintiff Lawson sufficiently pleads which information was omitted from the paystubs, he alleges no facts showing that Amazon's omission was "knowing and intentional," a necessary element. Count eight is therefore DISMISSED WITHOUT PREJUDICE.

California Labor Code § 2802 pertains to a failure to reimburse necessary business expenses. To state a claim for relief, a plaintiff must "identif[y] the particular expenses that were not reimbursed and affirmatively allege[] that the expenses were part of the plaintiff's job duties." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016). In *Tan*, the plaintiffs' allegation that they "were required to bear expenses related to 'their vehicles, gas, parking, phone data, and other expenses'" stated a claim for relief. *Id.* (internal citations

omitted). In support of this claim, Plaintiffs allege that "Amazon requires its drivers to pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone and data plan." (Dkt. No. 33 at 5, ¶ 22.) This is sufficient to state a claim.

Defendant's motion to dismiss all counts for failure to state a claim is GRANTED as to counts one through six and count eight, and DENIED as to count seven. Counts one through six and eight are DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to amend their complaint and must do so within 30 days of this order.

**B.      First-to-file rule**

Amazon also argues that the FLSA and California law claims should be dismissed, or stayed, under the first-to-file rule, because a similar class action was filed a week before Plaintiffs' class action. (Dkt. No. 36 at 19.) On September 27, 2016, Carlos Morales, a former delivery driver for a delivery service provider named Peach, Inc., filed a putative wage-and-hour class action against Amazon and Peach on the basis that he and others were misclassified as independent contractors. (Dkt. No. 38-1.) Morales filed a first amended complaint in the district court on November 30, 2016, alleging FLSA and California Labor Code Violations. (Dkt. No. 38-2); *Morales v. Amazon*, Case No. 3:16-cv-06462-TEH, Dkt. No. 13 (N.D. Cal. 2016). Amazon contends the parties and claims here and in *Morales* are sufficiently similar to warrant dismissing Plaintiffs' FLSA and California law claims. (Dkt. No. 36 at 19.)

Under the "first-to-file" rule, when multiple actions involving the same parties and issues have been filed, the court presiding over the second-filed case may dismiss or stay the second action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991). "'[W]hile no precise rule has evolved, the general principle is to avoid duplicative litigation,' and to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000). A district court should consider the following in deciding whether to stay or dismiss an action based on the first-to-file rule: (1) chronology, (2) similarity of the parties, and (3) whether the claims are substantially similar. *Alltrade, Inc.*, 946 F.2d at 625–26. Because count seven is the only claim to

survive the motion to dismiss, the Court addresses Amazon's "first-to-file" argument only as to Plaintiff Lawson's California Labor Code § 2802 claim.

While the *Morales* action was filed prior to the current action, and the parties include Amazon and delivery drivers for Amazon, the Court has concerns about the presence of Peach in the *Morales* action, especially since its role was as an intermediary between a putative sub-class and Amazon. However, what is dispositive for the § 2802 claim is that the plaintiff in *Morales* did not make a § 2802 claim, and in fact alleged that "Plaintiff made no investment in the equipment of materials used to perform his work for Defendants. Defendants provided Plaintiff with a delivery truck with the Amazon logo and a handheld device used to scan packages, make radio calls, and provide route guidance." (Dkt. No. 38-2 at 4–5, ¶ 13.) Although the first-to-file rule may apply "even if the later-filed action brings additional claims," it does not make sense to transfer a claim when the factual allegations of the first-filed action rebut the claim Amazon seeks to dismiss. *Schwartz v. Frito-Lay N. Am.*, 2012 WL 8147135, at *2–3 (N.D. Cal. Sept. 12, 2012). The Court acknowledges that the plaintiff in *Morales* alleges that "Defendants have violated the Labor Code in multiple respects with regard to Plaintiff . . . including but not limited to . . . failing to reimburse them for expenses," (Dkt. No. 38-2 at 20–21, ¶ 118), however that claim is belied by the factual allegations earlier in the complaint. (*Id.* at 4–5, ¶ 13.) Accordingly, Amazon's motion to dismiss the FLSA and California law claims is DENIED only as to count seven. Provided Plaintiffs submit a sufficiently pleaded amended complaint, the Court will permit Amazon to renew its "first-to-file" argument as to the other FLSA and California law claims.

## C.   Compelling Arbitration

Finally, Amazon moves to compel arbitration of Plaintiff Lawson and any driver who agreed to arbitrate. (Dkt. No. 36 at 24.) The only surviving claim is the California Labor Code § 2802 claim. Amazon recently filed a motion to stay class and collective action proceedings pending the United States Supreme Court's decision in *Epic Systems Corp. v. Lewis* (U.S. Jan.

13, 2017) (No. 16-285).[1] (Dkt. No. 71 at 5.) In *Epic*, the Supreme Court granted *certiorari* on the question of:

> Whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.

(*Id.*) Given the motion to stay, the Court declines to determine whether the remaining claim should be compelled to arbitration. Should this Court deny Amazon's motion to stay, it will issue a decision on whether to compel Plaintiff Lawson's claim to arbitration.

### D.    Injunctive Relief

Should Plaintiffs submit an amended complaint, it shall refrain from seeking injunctive relief for the FLSA claims. Individuals may not seek injunctive relief under the FLSA. *See, e.g.*, *Lorillard v. Pons*, 434 U.S. 575, 581 (1978); *Keenan v. Allan*, 889 F. Supp. 1320, 1382 (E.D. Wash. 1995). Although Amazon requests the Court limit Plaintiffs' potential Washington minimum wage claims from seeking injunctive relief, the Court declines to do so at this time. The Court also presently declines to limit Plaintiffs' potential Seattle Minimum Wage Ordinance claims to violations occurring after April 1, 2016.

### E.    Motion to issue notice

Plaintiffs request the Court authorize notice to be issued to drivers who may opt to join in the federal claims. (Dkt. No. 20 at 1–2.) Seeing as how Plaintiffs' FLSA claims have been dismissed, and only one state law claim remains, the Court need not rule on this motion now. The motion to issue notice (Dkt. No. 20) is hereby STAYED until such a time that the claims and issues are more definite.

## III.    CONCLUSION

For the foregoing reasons, Amazon's motion to dismiss (Dkt. No. 36) is GRANTED as to

---

[1] The corresponding circuit court decisions are *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016); *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016); and *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015).

counts one through six and eight, and DENIED as to count seven. Counts one through six and

eight are DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to amend and must

submit an amended complaint within 30 days of this order. Plaintiffs' motion to issue notice

(Dkt. No. 20) is STAYED until further notice from the Court.


        DATED this 6th day of March, 2017.




John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8