THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, FREDDIE CARROLL, JULIA WEHMEYER, and RAEF LAWSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AMAZON.COM INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | CASE NO. C16-1554-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for stay of class and collective action proceedings (Dkt. No. 71). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.   BACKGROUND

Plaintiffs in this case are individuals who work or have worked as delivery drivers for Defendants Amazon.com, Inc. or Amazon Logistics, Inc. ("Amazon"), who contracted directly with Amazon and were classified by Amazon as independent contractors. (Dkt. No. 33 at 1.) At the heart of Plaintiffs' complaint is the allegation that Amazon has misclassified them as

independent contractors, when they are actually employees, and therefore Amazon has violated several wage and hour statutes. (Dkt. No. 33 at 5.) Of the tens of thousands of putative class members, all but approximately 165 drivers agreed to individual arbitration as set forth in the Amazon Flex Independent Contractor Terms of Service (TOS). (Dkt. No. 36 at 3–6; Dkt. No. 37-2 at 6; Dkt. No. 49 at ¶ 15.)

Three weeks after filing their complaint, Plaintiffs filed a motion to issue notice. (Dkt. No. 20.) Amazon opposed the motion to issue notice because the vast majority of drivers had agreed to arbitrate. (Dkt. No. 47 at 21–23.) Recently, this Court issued an order granting Amazon's motion to dismiss, (Dkt. No. 36), dismissing without prejudice seven of Plaintiffs' eight claims.[1] (Dkt. No. 76.) As part of that order, the Court temporarily stayed Plaintiffs' motion to issue notice, (Dkt. No. 20), until such a time that the claims and issues are more definite. (Dkt. No. 76 at 7.) Prior to this Court's order, the United States Supreme Court granted *certiorari* on the question of:

> Whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.

*Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285);[2] (Dkt. No. 71 at 5). Defendant now brings a motion to stay all class and collective action proceedings pending the United States Supreme Court's decision in *Epic*. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

A district court has broad discretion to stay proceedings, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am.*

---

[1] The Court deferred ruling on whether to compel the remaining claim to arbitration pending this order. (Dkt. No. 76 at 7.)

[2] The consolidated circuit court decisions are *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016); *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016); and *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015).

*Co.*, 299 U.S. 248, 254 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In determining whether to grant a stay pending the result of independent proceedings, courts consider three factors: (1) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," (2) the hardship or inequity that a party may suffer in being required to go forward, and (3) the possible "damage" that may result from granting a stay. *Kwan v. Clearwire Corp.*, 2011 WL 1213176, at *2 (W.D. Wash. Mar. 29, 2011) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *Lennartson v. Papa Murphy's Holdings, Inc.*, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016) (same).

### B.     Analysis

Amazon argues that the Supreme Court's decision in *Epic* will greatly simplify the case as it will determine whether the putative class consists of approximately 165 members or tens of thousands. (Dkt. No. 71 at 5–6.) Further, Amazon argues that if notice issues and the case moves forward, extensive and costly discovery and litigation activity will follow, which may then be rendered moot by the Supreme Court's decision. (Dkt. No. 71 at 12.) Finally, Amazon maintains that Plaintiffs will not suffer hardship as a result of the stay. (Dkt. No. 74 at 2–3.)

Plaintiffs oppose a stay, reasoning that (1) the Supreme Court's decision in *Epic* is irrelevant because the drivers are exempt from the Federal Arbitration Act (FAA) under the transportation worker exception, (2) by the time the Supreme Court issues a decision, the statute of limitations will have run for some drivers who have not received notice and opted in,[3] and (3) if notice is not sent now, and the Supreme Court's decision in *Epic* indicates that the majority of the putative class members must submit their claims to arbitration, they will never learn of

---

[3] Unlike a Rule 23(b)(3) class action, putative FLSA class members must opt in. 29 U.S.C. § 216(b).

their potential causes of action. (Dkt. No. 73 at 6, 11–12.)

### 1. Relevance of *Epic*

Plaintiffs argue that the question to be decided in *Epic* is not dispositive of any issue in this case because Plaintiffs fall within an exception to the FAA for transportation workers engaged in interstate commerce; therefore the Supreme Court's decision in *Epic* will be irrelevant. (*Id.* at 6.) Section one of the FAA exempts from the Act's coverage all "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. In order to qualify for the exemption, an individual must (1) have a "contract of employment," (2) be a "transportation worker," and (3) be "engaged in interstate commerce." *See Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118 (2001)). Plaintiffs contend that they meet all three criteria. (Dkt. No. 73 at 6.)

However, as Amazon points out, the issue of how to determine whether independent contractors have a "contract of employment" under 9 U.S.C. § 1 is currently on appeal in the Ninth Circuit. *Van Dusen v. Swift Transp. Co.*, No. 17-15102 (9th Cir. Jan. 20, 2017). This fact further supports a stay. Whether Plaintiffs are exempt from the FAA will be clarified by the Ninth Circuit's decision in *Swift*.[4] The Court finds that the Supreme Court's decision in *Epic* is relevant, as it will likely determine whether the putative class numbers in the hundreds or tens of thousands.[5]

### 2. Statute of Limitations

Plaintiffs next argue that in the time it takes the Supreme Court to issue a decision, the statute of limitations for some drivers may run. (Dkt. No. 73 at 11.) The shortest statute of limitations under the Fair Labor Standards Act (FLSA) is two years. 29 U.S.C. § 255. The

---

[4] It is worth noting that the District Court in *Swift* stayed all class and collective action proceedings pending the Ninth Circuit's decision. *Doe I v. Swift Transp. Co.*, 2017 WL 758279, at *3 (D. Ariz. Feb. 24, 2017).

[5] Should the Ninth Circuit issue a decision prior to the Supreme Court in *Epic*, which indicates the drivers are exempt, Plaintiffs are free to move to lift the stay.

Amazon delivery program in question began in July 2015. (Dkt. No. 73 at 11.) Plaintiffs argue that if notice does not issue to putative class members who began working in July 2015—who have yet to opt in—the statute of limitations will begin to run as early as July 2017. (Dkt. No. 73 at 11.)

While this is an important consideration, Plaintiffs overstate the severity of the issue. First, over 95% of drivers did not begin providing services until after November 2015, and over 90% began after March 2016. (Dkt. No. 75 at 1.) Second, the statute of limitations is not necessarily an all-or-nothing bar, but rather would mean the very early days of a driver's service might not be included in a plaintiff's damages calculation. The Court acknowledges that this is not a fact to be ignored, however this addresses the rights of drivers not party to the suit, and in the event the statute of limitations partially or completely runs for some class members, the best way to deal with it is to make an equitable tolling argument at a later date.[6]

### 3. Ignorance of Claims

Finally, Plaintiffs argue that if notice is not sent now, and the Supreme Court's decision requires this Court find the arbitration agreement enforceable, tens of thousands of "Plaintiffs will be prejudiced by not having ever received notice about the potential violations of their rights at all." (Dkt. No. 73 at 12.) The flaw in this argument is that (a) it presupposes the drivers to be notified are already plaintiffs, and (b) if the arbitration agreement is enforceable, no notice should have issued. Furthermore, the opt-in provision of § 216(b) was added to "prevent[] large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (internal quotations omitted).[7]

---

[6] Amazon offered to toll the statute of limitations if Plaintiffs would agree to defer a decision on the motion to issue notice until this Court had an opportunity to rule on Amazon's motion to dismiss; Plaintiffs responded that they would not, and the tolling offer did not change their decision. (Dkt. No. 44 at 3–4, ¶ 10.)

[7] The Court acknowledges that in *Cameron-Grant*, the court was addressing whether notice may issue after the named plaintiff's claims have become moot, however the principle is still applicable.

Finally, seeing as how seven of Plaintiffs' eight claims have been dismissed without prejudice, any notice at this point would be premature.

The Court finds that Amazon has met its burden to show that a stay will likely simplify this case, Amazon will suffer hardship by having to proceed, and Plaintiffs' claims of hardship are insufficient to warrant proceeding with the case over the other concerns. Following the Ninth Circuit's resolution of *Swift*, Plaintiffs are free to renew their argument that they are exempt from the FAA and therefore the Supreme Court's decision will not affect this case, and request the Court lift the stay. Otherwise, the parties will inform the Court within seven days of the Supreme Court's decision in *Epic*.

## III. CONCLUSION

For the foregoing reasons, Defendant Amazon's motion for stay of class and collective action proceedings (Dkt. No. 71) is GRANTED. All proceedings are STAYED until further notice from the Court.

DATED this 22nd day of March, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE