The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>Defendant. | Case No. 2:16-cv-01554 JCC<br><br>AMAZON'S SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND COMPEL ARBITRATION (DKT. # 36)<br><br>***NOTED FOR CONSIDERATION***:<br>**March 6, 2019** |

AMAZON'S RESPONSE BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS AND COMPEL ARBITRATION (C16-01544 JCC)

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................... 1
II.   ARGUMENT ................................................................................................................. 1
    A.   The Transportation Worker Exemption Does Not Apply ..................................... 1
        1.   Plaintiffs' Arguments Conflict With The FAA's Text And Purposes ......................................................................................... 1
        2.   Plaintiffs' Authorities Are Inapposite .......................................................... 4
        3.   Isolated Cross-Border Trips Provide No Basis To Deny The Motion ...................................................................................................... 6
    B.   Alternatively, Arbitration Should Be Compelled Under Washington Law ........... 7
III.  CONCLUSION .............................................................................................................. 10

AMAZON'S RESPONSE BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — i

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.L.A. Schechter Poultry Corp. v. United States*,
   295 U.S. 495 (1935)..................................................................................................2

*Adkins v. Labor Ready, Inc.*,
   303 F.3d 496 (4th Cir. 2002) ......................................................................................7

*Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*,
   823 F.2d 466 (11th Cir. 1987) ....................................................................................5

*Asplundh Tree Expert Co. v. Bates*,
   71 F.3d 592 (6th Cir. 1995) ........................................................................................6

*Bacashihua v. U.S. Postal Serv.*,
   859 F.2d 402 (6th Cir. 1988) ......................................................................................5

*Bell v. Ryan Transp. Serv. Inc.*,
   176 F. Supp. 3d 1251 (D. Kan. 2016) .........................................................................5

*Bier v. Good Chevrolet, Inc.*,
   200 Wash. App. 1027, No. 75733–4–I, 2017 WL 3600567 (Aug. 21, 2017)............9

*Bonner v. Mich. Logistics Inc.*,
   250 F. Supp. 3d 388 (D. Ariz. 2017) ..........................................................................3

*Brooks v. Robert Larson Auto Group., Inc.*,
   No. 09-5016, 2009 WL 2853452 (W.D. Wash. Sept. 1, 2009)...................................9

*Carideo v. Dell, Inc.*,
   520 F. Supp. 2d 1241 (W.D. Wash. 2007)................................................................10

*Carter v. Countrywide Credit Indus.*,
   362 F.3d 294 (5th Cir. 2004) ......................................................................................7

*Christie v. Loomis Armored US, Inc.*,
   No. 10-02011, 2011 WL 6152979 (D. Colo. Dec. 9, 2011) .......................................6

*Circuit City Stores, Inc. v. Adams*,
   532 U.S. 105 (2001)........................................................................................2, 3, 4, 5

AMAZON'S RESPONSE BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — ii

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wash. 2d 778 (1986) ................................................................................... 9, 10

*Harden v. Roadway Package Systems, Inc.*,
    249 F.3d 1137 (9th Cir. 2011) ................................................................................. 3, 5

*Hill v. Rent-A-Center, Inc.*,
    398 F.3d 1286 (11th Cir. 2005) ........................................................................... 3, 4, 6

*Int'l Bhd. of Teamsters Local Union No. 50 v. Kienstra Precast, LLC*,
    702 F.3d 954 (7th Cir. 2012) ........................................................................................ 7

*Kowalewski v. Samandarov*,
    590 F. Supp. 2d 477 (S.D.N.Y. 2008) ........................................................................... 5

*Lee v. Postmates Inc.*,
    No. 18-03421, 2018 WL 6605659 (N.D. Cal. Dec. 17, 2018) ......................... 3, 4, 5, 6

*Lenz v. Yellow Transp., Inc.*,
    431 F.3d 348 (8th Cir. 2005) ..................................................................................... 4, 5

*Levin v Caviar, Inc.*,
    146 F. Supp. 3d 1146 (N.D. Cal. 2015) ..................................................................... 4, 6

*Magana v. DoorDash, Inc.*,
    343 F. Supp. 3d 891 (N.D. Cal. 2018) ............................................................... 2, 3, 5, 6

*Maldonado v. Sys. Servs. of Am.*, *Inc.*,
    No. 09-542, 2009 WL 10675793 (C.D. Cal. June 18, 2009) ......................................... 7

*Marcus & Millichap Real Estate Inc. Servs. v. Yates, Wood & McDonald, Inc.*,
    369 P.3d 503 (Wash. Ct. App. 2016) ............................................................................. 8

*Microsoft Corp. v. Baker*,
    137 S. Ct. 1702 (2017) .................................................................................................. 1

*Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*,
    No. 13-1014, 2014 WL 3396124 (W.D. Wash. July 10, 2014) ..................................... 8

*New Prime, Inc. v. Oliveira*,
    139 S. Ct. 532 (2019) ................................................................................................ 2, 8

*O'Dean v. Tropicana Cruises Int'l*, *Inc.*,
    No. 98-4543, 1999 WL 335381 (S.D.N.Y. May 25, 1999) ........................................... 7

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — iii

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

*Owen v. Bristol Care*,
   702 F.3d 1050 (8th Cir. 2013) ..............................................................................................7

*Palcko v. Airborne Express, Inc.*,
   372 F.3d 588 (3d Cir. 2004)........................................................................................4, 5, 6

*Patterson v. Tenet Healthcare, Inc.*,
   113 F.3d 832 (8th Cir. 1997) ..............................................................................................2

*Scott v. Cingular Wireless*,
   160 Wash. 2d 843 (2007).............................................................................................9, 10

*Siller v. L&F Distribs., Ltd.*,
   109 F.3d 765 (5th Cir. 1997) ..............................................................................................6

*Singh v. Uber Techs. Inc.*,
   235 F. Supp. 3d 656 (D.N.J. 2017) .....................................................................................4

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2d Cir. 2013) ...............................................................................................7

*Valdes v. Swift Transp. Co.*,
   292 F. Supp. 2d 524 (S.D.N.Y. 2003)..............................................................................7, 8

*Vargas v Delivery Outsourcing, LLC*,
   No. 15-03408, 2016 WL 946112 (N.D. Ca. Mar. 14, 2016).................................................4

*Veliz v. Cintas Corp.*,
   No. 03-1180, 2004 WL 2452851 (N.D. Cal. Apr. 5, 2004).................................................5

*Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989).............................................................................................................7

*Walthour v. Chipio Windshield Repair, LLC*,
   745 F.3d 1326 (11th Cir. 2014) ..........................................................................................7

*Ward v. Exp. Messenger Sys., Inc.*,
   No. 17-cv-2005-NYW (D. Colo. Jan. 28, 2019).................................................................6

*Zamora v. Swift Transportation Corp.*,
   No. 07-00400, 2008 WL 2369769 (W.D. Tex. June 3, 2008) .........................................4, 5

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — iv

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

**STATUTES**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ...............................................................................1, 2

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* .......................................................................6, 7

Motor Carrier Act of 1935, Pub. L. No. 74-255, 49 Stat. 543 .........................................................6

Washington Consumer Protection Act, RCW 19.86.010 *et seq.* ....................................................9

Washington Uniform Arbitration Act, RCW 7.04a.010 *et seq* ....................................................8,9

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — v

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

## I. INTRODUCTION

Plaintiffs' argument that local delivery drivers are exempt from the FAA cannot be reconciled with the Transportation Worker Exemption's (1) language or (2) underlying purposes or (3) the weight of relevant case law. *See* Dkt. # 103 ("Amazon Br."). The narrow language in the FAA's Section 1 differs materially from the broad language in Section 2, and is limited to workers who are "engaged" to perform services that *are* interstate commerce. *Id.* at 3-6. The purpose of the Exemption is to exempt workers engaged in long-distance transit, whose strikes might bring the nation's transportation networks to a halt. *Id.* at 6-10. And decisions in and out of the Ninth Circuit have refused to apply the Exemption to local drivers, irrespective of the origin of the goods they deliver. *Id.* at 10-12. Plaintiffs' argument collapses the distinction between Sections 1 and 2, disregards the Supreme Court's teachings and Congress's purposes, and contradicts many cases addressing this question. *See* Dkt. #104 (Pls.' Br.). The Court should hold that the local drivers here are subject to the FAA, and should grant Amazon's motion to compel individual arbitrations.[1]

## II. ARGUMENT

### A. The Transportation Worker Exemption Does Not Apply.

#### 1. Plaintiffs' Arguments Conflict With The FAA's Text And Purposes.

For the Exemption's residual clause, the key inquiry is whether the workers are "*engaged in . . . interstate commerce.*" 9 U.S.C. § 1 (emphasis added). That is far more demanding than Section 2, which governs whether the FAA applies in the first place and uses the broader formulation, "contract evidencing a transaction *involving* commerce." *Id.* § 2 (emphasis added). The Supreme Court has ruled that this difference reflects a deliberate difference: while Section 2's use of "the word 'involving' . . . signals an intent to exercise Congress' commerce power to

---

[1] Plaintiffs ask this Court to enter an order of dismissal, Pls.' Br. 1 n.1, but the FAA mandates that the Court "shall" enter a "stay" pending arbitration, 9 U.S.C. § 3, which is the appropriate course here. In any event, the premise of Plaintiffs' request is mistaken: Plaintiffs believe that their requested dismissal will permit an immediate appeal, but dissatisfied litigants cannot evade the final-judgment rule by orchestrating a nominally "final" judgment subject to a right to "revive" their claims if their appeal succeeds. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017).

AMAZON'S RESPONSE BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 1

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

the full," the words "engaged in commerce" in Section 1 "have a more limited reach." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115 (2001).

Plaintiffs' argument begs the question: Why would Congress choose different words in sequential statutory sections if they intended the words to mean the same thing? Plaintiffs' argument collapses the distinction between Sections 1 and 2. They argue that the drivers here should be excluded because "their work *involves* interstate transportation of goods"—regardless of whether they *engage* in interstate transportation. Pls. Br. 11 n.10 (emphasis added); *see also id.* at 5 ("Amazon drivers are . . . plainly involved in the flow of interstate commerce."). But "involving commerce" is not interchangeable with "workers engaged." Plaintiffs' conflation of the two different standards explains their groundless argument that the FAA does not apply "at all" (under Section 2) unless the Exemption (under Section 1) applies. *Id.* at 11 n.10. That claim makes Section 1 wholly redundant of Section 2 and violates the clear instructions in *Circuit City*, 532 U.S. at 115-19. Though Plaintiffs cite *New Prime, Inc. v. Oliveira*, 139 S. Ct. 532 (2019), *New Prime* expressly declined to address the meaning of "engaged in interstate commerce." Amazon Br. 1. Plaintiffs' argument does not square with the textual differences between Sections 1 and 2 or the Supreme Court's case law. Under Section 1, it is not enough for local drivers to be in some attenuated sense "involved in the flow of interstate commerce because they facilitate the transportation of goods that originated across state lines." *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 900 (N.D. Cal. 2018).[2]

Plaintiffs fail to distinguish *Magana* and similar cases, which reject efforts to exempt local drivers. Pls.' Br. 9-11. While Plaintiffs claim that several cases involved meals

---

[2] Plaintiffs also mischaracterize other cases they cite to support their misreading of Section 1. In *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 836 (8th Cir. 1997), the court did not say that "*the relevant inquiry* is whether the transportation worker is 'actually involved within the flow of interstate commerce.'" Pls.' Br. 4 (emphasis added). The court identified that as a *bare-minimum requirement*, recognizing that Section 1 would otherwise collapse into Section 2 in violation of Congress's legislative intent. *Patterson*, 113 F.3d at 836. The hospital employee in that case could not even clear that bare minimum. *Id.* Similarly, in *Circuit City*, the Court noted its "flow of commerce" interpretations of *other* statutes to show that Section 1 is narrower than Section 2, but did not seek to define the Exemption's boundaries. 532 U.S. at 117-18; *see* Pls.' Br. 3. But even if the Court applied a "flow of commerce" standard, the drivers here would still not fall within the Exemption because the retail items' "flow in interstate commerce had ceased" when those items reached their state of final destination, *before* the last-mile drivers took possession. *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 543 (1935).

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 2

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

"transformed" at restaurants, the drivers also delivered "packaged goods . . . produced out of state," such as bottled drinks or prepackaged foods, which do not undergo transformation locally. *Lee v. Postmates Inc.*, No. 18-03421, 2018 WL 6605659, at *3, *7 (N.D. Cal. Dec. 17, 2018) (drivers "deliver[ed] not only prepared meals but also goods that 'originate[] across state lines'"); *Magana*, 343 F. Supp. 3d at 900 (drivers "facilitate[d] the transportation of goods that originated across state lines"). Besides, construing the Exemption to turn on the degree of "transformation" of the items being delivered – wherever that opaque line may be drawn – would hinder the FAA's purposes. Drawing sundry distinctions based on their cargo's origin introduces "considerable complexity and uncertainty . . . into the enforceability of arbitration agreements . . . undermining the FAA's proarbitration purposes and 'breeding litigation from a statute that seeks to avoid it.'" *Circuit City*, 532 U.S. at 123 (citation omitted).

Instead, courts should follow the straightforward approach of looking at what the workers were engaged to do. That was the approach the Ninth Circuit took in *Harden v. Roadway Package Systems, Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2011), upon which Plaintiffs mistakenly rely. There, the court concluded that the worker was "engaged in interstate commerce" by focusing on the services he was engaged to perform. *Id.* at 1140; *see also id.* at 1139 ("Harden signed a . . . contract to engage in 'providing a small package information, transportation and delivery service throughout the United States, with connecting international service.'"). The same approach applies to drivers who, like Plaintiffs, perform local deliveries for retailers. Unlike *Harden*, local delivery drivers are *not* engaged to conduct interstate commerce. *E.g.*, *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1290 (11th Cir. 2005) (holding that account manager for rent-to-own business was not exempt because traveling salesmen and pizza deliverers crossing state lines would not be exempt); *Magana*, 343 F. Supp. 3d at 895 (restaurant delivery drivers); *Lee*, 2018 WL 6605659, at *3 (food and merchandise couriers); *Bonner v. Mich. Logistics Inc.*, 250 F. Supp. 3d 388, 392 (D. Ariz. 2017) (delivery driver for auto parts stores).

In addition, Amazon's contracting with local drivers (or even employing them) does not transform Amazon's retail product fulfillment operation into a trucking company like in *Harden*

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 3

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

any more than use of such drivers makes a national pizza chain a transportation company.  *See Hill*, 398 F.3d at 1289-90.  As relevant here, both contract with vendors or hire workers to deliver the products they sell.  "[A]ccurate and timely . . . delivery" is important to the success of both the pizza chain and Amazon.  Pls.' Br. 3 n.3.  But neither Amazon nor the national pizza company engages interstate transportation workers as intended by Congress in Section 1.

Beyond contravening the statutory text, exempting local drivers would flout the Exemption's history and purpose.  Unlike workers engaged in long-distance transportation, local drivers do not resemble the Exemption's "enumerated categories of workers"—*i.e.*, seamen and railroad employees—which "control[]" and help to "define[]" the scope of the residual clause.  *Circuit City*, 532 U.S. at 115.  The "exemption was intended to reach workers who would, by virtue of a strike, 'interrupt the free flow of goods to third parties in the same way that a seamen's strike or railroad employee's strike would.'"  *Vargas v Delivery Outsourcing, LLC*, No. 15-03408, 2016 WL 946112, *3 (N.D. Ca. Mar. 14, 2016) (citation omitted).  Local drivers have no more power to do that than any other workers that make important contributions to a retail enterprise, such as "cashiers" and "shelf-stockers."  *Lee*, 2018 WL 6605659, at *7; *see also Levin v Caviar, Inc.*, 146 F. Supp. 3d 1146, 1155 (N.D. Cal. 2015); *Vargas*, 2016 WL 946112, at *5.  And Plaintiffs concede they, unlike seamen and railroad employees, do not work in an industry subject to arbitration legislation that Congress intended to leave undisturbed when it enacted the FAA.  Pls.' Br. 8; *see also Singh v. Uber Techs. Inc.*, 235 F. Supp. 3d 656, 671 (D.N.J. 2017).

        **2.**     **Plaintiffs' Authorities Are Inapposite.**

Plaintiffs place much weight on *Palcko v. Airborne Express, Inc.*, 372 F.3d 588 (3d Cir. 2004), and *Lenz v. Yellow Transp., Inc.*, 431 F.3d 348 (8th Cir. 2005), and cases that derive from them, like *Zamora v. Swift Transportation Corp.*, No. 07-00400, 2008 WL 2369769 (W.D. Tex. June 3, 2008).  The Court need not evaluate the merits of these out-of-circuit decisions because, as previously explained, these cases address a different question:  whether workers a step or more removed from actual transportation can be covered by the Exemption when employed by

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 4

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

interstate shipping companies, like the defendant in *Harden*, whose delivery drivers indisputably fall within the Exemption. Amazon Br. 12 n.3; *see Palcko*, 372 F.3d at 590; *Lenz*, 431 F.3d at 353; *Zamora*, 2008 WL 2369769, at *8-9. Their analyses, even if correct, are not relevant here, where the question is whether the Exemption covers workers who perform intrastate, local deliveries. *See, e.g.*, *Magana*, 343 F. Supp. 3d at 900 (finding *Palcko* inapposite); *Lee*, 2018 WL 4961802 at *8 (same); *Bell v. Ryan Transp. Serv. Inc.*, 176 F. Supp. 3d 1251, 1257 (D. Kan. 2016) (finding *Palcko* and *Zamora* inapposite). Indeed, several of the eight, non-exclusive "*Lenz* factors were formulated in a specific context" to probe where the worker falls on the spectrum between drivers and supervisors, which is "not at issue" here. *See, e.g.*, *Kowalewski v. Samandarov*, 590 F. Supp. 2d 477, 483 n.3 (S.D.N.Y. 2008). The remaining factors—whether Amazon's logistics operations' use of local delivery drivers to fulfill deliveries to e-commerce customers renders it part of the transportation industry (no), whether Plaintiffs are governed by industry-specific arbitration legislation (no), whether a strike would disrupt interstate commerce (no), and whether workers must use a certain vehicle (no, *see* Amazon Br. 1 n.1, 13)—all favor Amazon.

Plaintiffs also err in invoking cases involving postal workers' collective bargaining agreements ("CBAs"). Pls.' Br. 5. Because the "contract of employment" in those cases, the CBAs, governed the full range of postal workers, the parties contractually agreed that the "class of workers" for purposes of applying the Exemption's residual clause was broader than any particular subset of the postal service's workforce. *Bacashihua v. U.S. Postal Serv.*, 859 F.2d 402, 405 (6th Cir. 1988); *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 823 F.2d 466, 470 (11th Cir. 1987). Considered as an undifferentiated whole, postal workers are clearly engaged in interstate commerce, "and the Postal Service [did] not seriously argue otherwise." *Am. Postal Workers Union*, 823 F.2d at 473. Here, in contrast, the contracts govern local deliveries only and do not engage workers to perform long-distance transportation services.[3]

---

[3] These cases were also decided before *Circuit City*, "and it is unclear to what degree these cases remain good law." *Veliz v. Cintas Corp.*, No. 03-1180, 2004 WL 2452851, at *6 (N.D. Cal. Apr. 5, 2004). More recent

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 5

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
+1.609.919.6600

Plaintiffs also invoke an unpublished decision interpreting the Fair Labor Standards Act ("FLSA") and the Motor Carrier Act. *See Siller v. L&F Distribs., Ltd.*, 109 F.3d 765 (5th Cir. 1997) (Table). Plaintiffs acknowledge, however, that case law interpreting the FLSA or other statutes, which have different language, objectives, and histories, is inapposite. Pls. Br. 9 n.7. The issue in *Siller*—whether a company employing "long-haul truck drivers" was subject to jurisdiction under the Motor Carrier Act irrespective of whether those drivers crossed state lines, 109 F.3d at 765—has no relevance to the FAA. Yet one of Plaintiffs' most prominently featured cases heavily relies on *Siller* (and similarly inapposite *Palcko*). *See Christie v. Loomis Armored US, Inc.*, No. 10-02011, 2011 WL 6152979, at *3 (D. Colo. Dec. 9, 2011). Another prominently featured case then extended *Christie*'s unsound analysis further. *See Ward v. Exp. Messenger Sys., Inc.*, No. 17-cv-2005-NYW (D. Colo. Jan. 28, 2019). But even if these unpublished and out-of-circuit cases had a solid foundation, they involved workers for transportation companies who, unlike Amazon's workers, were clearly in the transportation industry. *See Levin*, 146 F. Supp. 3d at 1153 (distinguishing *Christie* on this ground); *Lee*, 2018 WL 4961802, at *8.

### 3. Isolated Cross-Border Trips Provide No Basis To Deny The Motion.

Plaintiffs' fallback argument relies on a declaration by Dwayne Johnson who opted in to this litigation and attests that (shortly before signing his declaration) he happened, on a single occasion, to cross state lines to make a single delivery. Dkt. # 106. But a single trip that "happen[s] to cross state lines" is not enough to trigger the exemption—particularly where, as here, Amazon's local logistics operation is not, itself, a trucking company. *Hill*, 398 F.3d at 1289-90. And even if the Court held otherwise for Amazon's delivery drivers, that would at most support denying a motion to compel *Mr. Johnson* to arbitration. It would not support denying Amazon's motion to compel as to named Plaintiff Lawson, who "does not allege that he ever crossed state lines," or as to others in the proposed collective who did not make cross-border deliveries. *Magana*, 343 F. Supp. 3d at 899.

---

Sixth and Eleventh Circuit authority appropriately takes a narrower view of the Exemption. *Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592, 601 (6th Cir. 1995); *Hill*, 398 F.3d at 1290.

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 6

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

Plaintiffs' citation to *Int'l Bhd. of Teamsters Local Union No. 50 v. Kienstra Precast, LLC*, 702 F.3d 954 (7th Cir. 2012), does not prove otherwise. In that case, like the postal service cases, the "contract of employment" was a collective bargaining agreement. *Id.* at 956. In identifying the relevant "class of workers" for purposes of the Exemption, it was therefore appropriate to look at all the employees covered by the CBA, some of whom did make cross-border trips. *Id.* at 958. Here, in contrast, the contracts of employment are individually accepted by each worker. Plaintiffs never contend that interstate deliveries are inherent in each Amazon delivery driver's job description, and so those who did not personally engage in interstate trips cannot possibly invoke *Kienstra* as grounds for avoiding the arbitration to which they assented.

### B. Alternatively, Arbitration Should Be Compelled Under Washington Law.

Even if the Exemption were to apply, that does not end the analysis. The arbitration agreement expressly invokes not just the FAA, but also "applicable federal law." Dkt. # 37-2 at ¶ 12; Dkt. # 37-2 at ¶ 13. Neither Congress nor the federal courts have imposed any obstacle to enforcing the parties' mutual agreement to arbitrate, even if not pursuant to the FAA, and Plaintiffs offer no basis to dash those contractual expectations. *See Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 470-78 (1989) (Congress did not intend the FAA to occupy entire field of arbitration, and applying state law to parties' agreement did not undermine goals and policies of the FAA).[4] Under applicable federal law, if the FAA does not apply, state arbitration law governs. *See, e.g.*, *Maldonado v. Sys. Servs. of Am., Inc.*, No. 09-542, 2009 WL 10675793, at *2 (C.D. Cal. June 18, 2009) (after finding that Exemption applied, compelling arbitration under state law); *Valdes v. Swift Transp. Co.*, 292 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2003) (same); *see also O'Dean v. Tropicana Cruises Int'l, Inc.*, No. 98-4543, 1999 WL 335381, at *1 (S.D.N.Y. May 25, 1999) ("The inapplicability of the FAA does not mean . . .

---

[4] Nor is the class and collective waiver any impediment to compelling arbitration, as every circuit to consider the question has concluded that workers may waive the right to bring a collective action under the FLSA, which is the heart of Plaintiffs' complaint. *See, e.g.*, *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1336 (11th Cir. 2014); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296-97 & n.6 (2d Cir. 2013); *Owen v. Bristol Care*, 702 F.3d 1050, 1052-53 (8th Cir. 2013); *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002).

that arbitration provisions in seaman's employment contracts are unenforceable, but only that the particular enforcement mechanisms of the FAA are not available."). That rule applies even if no state law is selected to govern the dispute. *Valdes*, 292 F. Supp. 2d at 529-30.

Plaintiffs' position that if the FAA does not apply, nothing does, not only disregards the parties' expressed mutual intent to arbitrate, it "flouts . . . the federal policy favoring arbitration," and "re-writes what is merely an exemption providing that the FAA does not apply into a substantive pronouncement that such clauses in transportation workers' contracts are unenforceable." *Id.* at 529. Given these fundamental defects in Plaintiffs' argument, unsurprisingly they do not cite a single decision, from any jurisdiction, holding that courts should completely ignore an express agreement to arbitrate just because the particular enforcement mechanisms of the FAA are not available. The two unpublished decisions cited by Plaintiffs did not, in fact, actually decide this issue, let alone decide it in favor of Plaintiffs' positon. Pls'. Br. 11-12 (citing *Easterday v. USPack Logistics LLC*, No. 15-07559 (D.N.J. June 29, 2016) and *Ward*, No. 17-cv-2005-NYW (D. Colo. Jan. 28, 2019)).

The agreement is fully enforceable under Washington state law. Washington arbitration law contains no transportation worker exemption and has a "strong presumption in favor of" arbitration. *Marcus & Millichap Real Estate Inc. Servs. v. Yates, Wood & McDonald, Inc.*, 369 P.3d 503, 510 (Wash. Ct. App. 2016). Plaintiffs argue that the Washington Uniform Arbitration Act ("WUAA") does not apply to "agreement[s] between employers and employees." Pls'. Br. 12. But Plaintiffs, who agreed to provide services as independent contractors, not employees, have put the cart before the horse. In the context of this motion, the Court cannot reach the question of whether drivers are "employees." *See, e.g.*, *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, No. 13-1014, 2014 WL 3396124, at *3 (W.D. Wash. July 10, 2014) ("[I]t is inappropriate to resolve the merits of an underlying claim on a motion to compel, and the Court declines to do so.").[5] And Washington courts have expressly held that the provision cited by

---

[5] And in contrast to *New Prime*, 139 S. Ct. at 540, there is no possible argument that the terms "employment" and "independent contractor" mean the same thing under the WUAA. The same Washington Legislature that enacted the WUAA in 2006 enacted at least five laws which expressly distinguished employees from independent

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 8

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

Plaintiffs does not bar the arbitration of employment disputes. Its only effect is to exclude from the WUAA's default coverage employment disputes subject to mandatory *statutory* arbitration; parties remain free to *contractually* agree to arbitrate employment claims, as Lawson and Amazon have done. *See Brooks v. Robert Larson Auto Group., Inc.*, No. 09-5016, 2009 WL 2853452, at *2 (W.D. Wash. Sept. 1, 2009) ("Plaintiffs assertion that the [WUAA] excludes employment disputes from arbitration is incorrect . . . There is no prohibition of contractual arbitration of employment disputes."); *see also Bier v. Good Chevrolet, Inc.*, 200 Wash. App. 1027, No. 75733–4–I, 2017 WL 3600567 (Aug. 21, 2017) (enforcing contractual agreement to arbitrate employment disputes).

Plaintiffs' resort to a consumer protection case, *Scott v. Cingular Wireless*, 160 Wash. 2d 843, 853 (2007), does not help them. *Scott* did not announce a categorical rule invalidating class action waivers. *Id.* at 860 n.7 ("[W]hether any particular class action waiver is unenforceable will turn on the facts of the particular case."). Instead, its decision rests squarely on the unique facts of that particular case and, as the court repeatedly emphasized, the legislative purpose of Washington's Consumer Protection Act ("CPA"). *Id.* ("We turn to whether this class action waiver is unconscionable because it undermines Washington's CPA"; "[c]onsumers bringing actions under the CPA do not merely vindicate their own rights; they represent the public interest and may seek injunctive relief even when the injunction would not directly affect their own private interests."), at 854 ("by mandating that claims be pursued only on an individual basis, the class arbitration waiver undermines the legislature's intent that individual consumers act as private attorneys general . . ."). So intent was the legislature to deputize individual consumers to bring representative actions, *id.* at 854, that, to prevail in a CPA action, a private plaintiff *must* "show that the acts complained of affect the public interest." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 788 (1986). Plaintiffs have not identified any

---

contractors, so it cannot be said that the Legislature included "independent contractors" when it deliberately used the term "employee" in the WUAA. *See* H.B. 2340, 2005-06 Session (Wash. 2006); H.B. 2991, 2005-06; S.B. 5274, 2005-06 Session (Wash. 2005); S.B. 6185, 2005-06 Session (Wash. 2006); S.B. 5309, 2005-06 Session (Wash. 2005); H.B. 2292, 2005-06 Session (Wash. 2006).

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 9

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

1  authority holding that a similar representative mandate applies to their claims under Washington
2  law or that would otherwise prelude the enforcement of the class and collective action waiver in
3  this case.  Indeed, Plaintiffs have not cited, and Amazon is not aware of, any decision applying
4  *Scott* to an employment dispute.

5  *Scott* is also inapposite because the drivers here do not compare to the consumers in that
6  case.  In *Scott*, no consumer had filed an arbitration in over six years because of the "trivial"
7  individual amounts at issue ($1 to $45 per month), effectively exculpating the defendant from
8  liability.  *Id.*  Lawson, however, offered no evidence that arbitrating his claims is "prohibitively
9  expensive," *see Carideo v. Dell, Inc.*, 520 F. Supp. 2d 1241, 1248 (W.D. Wash. 2007) (enforcing
10 class action waiver under Washington law), and recent history demonstrates why.  Plaintiffs'
11 counsel has voluntarily filed—on behalf of putative class members here—15 arbitrations against
12 Amazon alleging the same misclassification claims asserted here.  Declaration of James P. Walsh
13 ("Walsh Decl."), ¶ 2.  And recently, over *15,000* individual arbitrations have been filed against
14 Uber and Lyft alleging similar misclassification claims (Walsh Decl. Ex. A), and Plaintiffs'
15 counsel alone has recently filed "*thousands*" of such claims against Uber.  *See*
16 https://uberlawsuit.com/ (last accessed March 6, 2019).

## III. CONCLUSION

The text and history of the Transportation Worker Exemption confirm that it does not apply to local drivers.  None of the arguments in Plaintiffs' brief, which ignore Congress's deliberate drafting and policy choices behind the narrow Exemption to the FAA's otherwise expansive reach, compels a contrary result.  Lawson, who offers no evidence or even claim that his work ever crossed state lines, does not compare to the workers that courts have found Congress intended to exempt:  those engaged in long-distance transit whose strikes would cripple the nation's air, land, and sea transportation networks.  Nor have Plaintiffs offered any basis to disregard Plaintiffs' mutual agreement to arbitrate their claims on an individual basis if the FAA is found not to apply.  For all these reasons, the Court should grant Amazon's motion in its entirety.

AMAZON'S RESPONSE IN SUPPORT OF ITS MOTION TO
DISMISS AND COMPEL ARBITRATION (C16-01544 JCC) — 10

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
+1.609.919.6600

DATED this 6th day of March, 2019.

        s/ Richard G. Rosenblatt
Richard G. Rosenblatt (*Pro Hac Vice*)
James P. Walsh (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center Princeton, NJ 08540
Telephone: (609) 919-6600
Fax: (609) 919-6601
Richard.Rosenblatt@morganlewis.com
James.Walsh@morganlewis.com


Suzanne J. Thomas, WSBA #17338
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Fax: (206) 623-7022
suzanne.thomas@klgates.com

*Attorneys for Defendants*