THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al.*,

        Plaintiffs,

    v.

AMAZON.COM, INC., *et al.*,

        Defendants.

CASE NO. C16-1554-JCC

ORDER

This matter comes before the Court on Defendants' motion to extend stay pending appeal (Dkt. No. 117). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The facts of this case have been outlined in a prior order, and the Court will not repeat them here. (*See* Dkt. No. 115.) Defendants appealed the Court's order denying their motion to compel arbitration. (Dkt. No. 116.) Defendants now move to continue the stay on this case, pending a decision by the Ninth Circuit. (Dkt. No. 117.)

## II. DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254 (1936)); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. Courts often consider the following four factors when determining whether a stay pending appeal is appropriate: (1) whether the movant has made a strong showing of its likelihood of success on appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the non-movant's interests; and (4) whether public interest favors a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With regard to the first factor, the Court acknowledges that the issue on appeal is novel. In this context, it is possible that Defendants' argument could prevail. With regard to the second factor, if the stay is lifted, Defendants will potentially be forced to litigate hundreds of claims, possibly on a class-wide basis. And if the Ninth Circuit reverses the Court's order, Defendants' right to arbitration will have been lost as to all Plaintiffs in this lawsuit. Plaintiffs' argument that the Court should grant a partial lift of the stay is unavailing. It is a waste of judicial resources to continue the lawsuit to the next step of litigation and then stay the case, where there is no real benefit to doing so. With regard to the third factor, Plaintiffs argue that delaying their case will cause them harm because evidence may be lost and they may lose their ability to recover. (Dkt. No. 121 at 14–16.) The Court is cognizant of Plaintiffs' rights, but is also cognizant of the potential harm to Defendants, as discussed above. Moreover, Plaintiffs appear to understand the importance of appealing the issue here, as they focused on it in their briefing in response to Defendants' motion to compel arbitration as a way to ensure their own right to appeal. (*See* Dkt. Nos. 104 at 7 n.1, 107 at 14 n.7.) Additionally, if they seek immediate redress, Plaintiffs have another way to do so: arbitration. Although the Court finds the fourth factor less relevant, it also favors a stay because of the novelty of the question of law and because of the appeal's importance to both parties.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to extend stay pending appeal (Dkt. No. 117) is GRANTED.

DATED this 13th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE