The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, | Consolidated Action |
| Plaintiffs, | Case No. C16-1554-JCC |
| v. | JOINT STATUS REPORT |
| AMAZON.COM INC. and AMAZON LOGISTICS, INC., | |
| Defendant(s). | |

In an Order dated December 10, 2020, the Court directed the parties to file a joint status report setting forth "the most expeditious way to proceed to resolution of this action," including "the parties' positions on whether the stay should be lifted and whether *Ponce* and *Keller* should be consolidated with this action." Dkt. #160 at 2. Accordingly, counsel for the parties jointly submit the following Joint Status Report.

**1.        The Nature Of The Case**

The gravamen of the plaintiffs' allegations in this Consolidated Action is that they and other Amazon Flex "Delivery Partners" were misclassified as independent contractors. The

JOINT STATUS REPORT - 1
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

plaintiffs assert wage and hour claims under the Fair Labor Standards Act ("FLSA") on behalf of a nationwide collective action, under California and Washington state law on behalf of Rule 23 sub-classes, and under the California Private Attorneys General Act as a representative action. *See* Dkt. #83 (*Rittmann* Second Amended Complaint); *Mack/Lawson v. Amazon.com, Inc.,* No. C17-1438-JCC, Dkt. #19.  Amazon maintains that it did not employ plaintiffs or any other Delivery Partners.  Amazon also moved to compel Plaintiff Lawson's claims to arbitration. This Court denied the motion. *Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196, 1202-1203 (W.D. Wash. 2019); 9 U.S.C. § 1. The Ninth Circuit affirmed the Court's decision. *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 919 (9th Cir. 2020), *petition for reh'g denied*, No. 19-35381 (9th Cir. Sept. 25, 2020). Amazon has asked the Supreme Court to reverse the Ninth Circuit's Order.  *Amazon.com Inc. v. Rittmann*, No. 20-622 (U.S. Nov. 4, 2020).

### 2. The Parties' Position Concerning The Stay

Amazon requests, and Plaintiffs do not oppose, that this Action remain stayed through February 2021, while the Supreme Court considers the pending petition for *certiorari*.[1]

After the Supreme Court decides the petition, or if it fails to rule on the petition prior to the end of February 2021, the parties will revisit the propriety of continuing the stay in full or in part and submit to this Court a supplemental joint report within 14 days.[2]

---

[1] Based upon the Supreme Court's schedule, the parties anticipate a decision on *certiorari* in this case in or about February 2021.

[2] The parties have agreed to defer presenting their respective arguments on this issue until February, when the Supreme Court is expected to decide the petition for *certiorari.*

JOINT STATUS REPORT - 2
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

**3.        The Parties' Position Concerning *Keller* And *Ponce***

The *Keller* and *Ponce* actions are duplicative of this case and so should be dismissed, or in the alternative stayed pending the resolution of this case.  In its order transferring these actions to this Court, the District Court for the Northern District of California held that "the claims in both *Keller* and *Ponce* are identical to, or closely mirror, the claims" asserted in this action. *See* Order, dated October 23, 2019 at 3 (*Keller v. Amazon.com, Inc.*, No. C19-1719-JCC, Dkt. #84; *Ponce v. Amazon.com, Inc.*, No. C19-1718-JCC, Dkt. #74).  In addition to the alternative relief of transfer or stay, Amazon had moved to dismiss and/or compel arbitration.  Judge Seeborg "defer[red] to the forum of the first-filed action" to allow this Court to address threshold issues "in the first instance." *Id.* at 4.[3]  Where multiple cases involve the same parties and issues, the Court has the discretion to dismiss or stay the later-filed actions in the interests of efficiency and judicial economy. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *see also Peak v. Green Tree Fin. Serv. Corp*, 2000 WL 973685 at *6 (N.D. Cal. 2000).  To do otherwise would reward copycat lawsuits and gamesmanship by other plaintiffs' counsel who filed copycat actions on the heels of this action.[4]

---

[3] The defendants in *Keller* and *Ponce* moved to dismiss the respective complaints on additional grounds pursuant to Rule 12(b)(6).  *See Keller* Dkt. #13; *Ponce* Dkt. #46.  If the Court does not dismiss or stay *Keller* and *Ponce* under the first-to-file, the defendants intend to renew their motions to dismiss.

[4] Counsel in *Keller* and *Ponce* filed copycat actions in another court and then jointly filed a Motion for Appointment of Interim Co-Lead Class Counsel without even informing Plaintiffs' counsel in this case.  *See Ponce* Dkt. #29.  After learning of the filing, Plaintiffs were forced to file an emergency Motion to Intervene for the purposes of opposing the Motion.  *See Ponce* Dkt. #33-34.  Plaintiffs contend this attempt to hijack this case, which indisputably includes the first-filed case to assert California class action claims (*Rittmann*) and the first-filed case to assert PAGA representative action claims (*Mack*), should not be rewarded.  The *Ponce* and *Keller* actions should be dismissed or, in the alternative, stayed pending the resolution of this case.

JOINT STATUS REPORT - 3
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

1 | Respectfully submitted,

2 | s/ *Ryan D. Redekopp*
Ryan D. Redekopp, WSBA #36853

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Fax: (206) 623-7022
Email: ryan.redekopp@klgates.com

s/ *Richard G. Rosenblatt*
Richard G. Rosenblatt (*Pro Hac Vice*)
James P. Walsh (*Pro Hac Vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Fax: (609) 919-6701
Email: richard.rosenblatt@morganlewis.com
Email: james.walsh@morganlewis.com

Jason Burns (*Pro Hac Vice*)
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Email: jason.burns@morganlewis.com

*Attorneys for Defendants*

s/ *Michael C. Subit*
Michael C. Subit, WSBA No. 29189

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan (*Pro Hac Vice*)
Harold L. Lichten (*Pro Hac Vice*)
Adelaide Pagano (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
Email: sliss@llrlaw.com
Email: hlichten@llrlaw.com
Email: apagano@llrlaw.com

*Attorneys for Plaintiffs*

JOINT STATUS REPORT - 4
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing JOINT STATUS REPORT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED: January 7, 2021			*s/ James P. Walsh*

JOINT STATUS REPORT - 5
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701