The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al*., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM INC. and AMAZON LOGISTICS, INC., | ) |
| Defendant(s). | ) |

Consolidated Action
Case No. C16-1554-JCC

JOINT STATUS REPORT

In an Order dated December 10, 2020, the Court directed the parties to file a joint status report setting forth "the most expeditious way to proceed to resolution of this action," including "the parties' positions on whether the stay should be lifted and whether *Ponce* and *Keller* should be consolidated with this action." Dkt. #160 at 2. On January 7, 2021, the parties filed a Joint Status Report proposing that the Action continue to be stayed while the Supreme Court considered Amazon's petition for *certiorari* regarding the Ninth Circuit's decision affirming this Court's order denying Amazon's motion to compel Plaintiff Lawson's claims to arbitration.  Dkt. #162.  The parties also proposed to provide the Court with a

JOINT STATUS REPORT - 1
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

supplemental Joint Status Report within 14 days of the Supreme Court's decision on Amazon's petition. *Id.* On February 22, 2021, the Supreme Court denied Amazon's petition. *Amazon.com Inc. v. Rittmann*, No. 20-622 (U.S. Feb. 22, 2021). Accordingly, counsel for the parties jointly submit the following Joint Status Report. The parties believe that a conference with the Court to discuss the issues raised here may be helpful.

### 1. Plaintiffs' Proposed Third Amended Consolidated Complaint.

*Plaintiffs' position*: Plaintiffs propose that they be permitted to file a Third Amended Consolidated Complaint ("TAC") within two weeks from today (March 22, 2021), adding additional claims and named plaintiffs to the Complaint. After the new complaint is filed, the Defendants will have twenty-one (21) days until April 12, 2021, to respond, Plaintiffs will have until May 3, 2021, to oppose any responsive motion filed by Defendants, and Defendants will have until May 7, 2021, to reply. If Amazon believes any portion of the Third Amended Complaint is improper, Amazon may raise it in a motion to dismiss.

*Amazon's position*: Amazon has conferred with the *Rittmann* and *Mack* plaintiffs about their intent to file a proposed TAC. Plaintiffs, however, have not yet provided Amazon with a draft of the proposed TAC, and therefore Amazon has not had an opportunity to determine whether or not it will consent to the TAC. To the extent Amazon does not so consent, Plaintiffs must seek the Court's leave by filing a motion to amend.

### 2. The Parties' Position Concerning *Keller, Ponce, Ronquillo,* and *Hoyt*

There are four, later-filed copycat actions pending before this Court: *Keller, Ponce, Ronquillo,* and *Hoyt*. Two of those cases, *Ronquillo* and *Hoyt*, have been consolidated in this Action. All four actions are duplicative of this case and so should be dismissed, or in the alternative stayed pending the resolution of this case. Indeed, in its order transferring *Keller*

JOINT STATUS REPORT - 2

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

and *Ponce* to this Court, the District Court for the Northern District of California held that "the claims in both *Keller* and *Ponce* are identical to, or closely mirror, the claims" asserted in this action. *See* Order, dated October 23, 2019 at 3 (*Keller v. Amazon.com, Inc.*, No. C19-1719-JCC, Dkt. #84; *Ponce v. Amazon.com, Inc.*, No. C19-1718-JCC, Dkt. #74).[1]  Amazon's responses to the complaints in *Rittmann, Mack, Ronquillo* and *Hoyt* are not yet due.

Where multiple cases involve the same parties and issues, the Court has the discretion to dismiss or stay the later-filed actions in the interests of efficiency and judicial economy. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *see also Peak v. Green Tree Fin. Serv. Corp*, 2000 WL 973685 at *6 (N.D. Cal. 2000).  To do otherwise would reward copycat lawsuits and gamesmanship by other plaintiffs' counsel who filed copycat actions on the heels of this action.[2]

### 3.      The Parties' Positions Concerning Discovery

*Plaintiffs' position*:  The Parties should file a joint discovery plan no later than May 17, 2021.

---

[1]      In addition to the alternative relief of transfer or stay, Amazon had moved to dismiss *Keller* and *Ponce* on additional grounds pursuant to Rule 12(b)(6).  *See Keller* Dkt. #13; *Ponce* Dkt. #46.  Judge Seeborg "defer[red] to the forum of the first-filed action" to allow this Court to address threshold issues "in the first instance." *See Keller* Dkt. #84 at 4; *Ponce* Dkt. #74 at 4. Similarly, if the Court does not dismiss or stay under the first-to-file rule, defendants anticipate moving to dismiss on alternative grounds the *Hoyt* and *Ronquillo* complaints.

[2]      Counsel in *Keller* and *Ponce* filed copycat actions in another court and then jointly filed a Motion for Appointment of Interim Co-Lead Class Counsel without even informing Plaintiffs' counsel in this case.  *See Ponce* Dkt. #29.  After learning of the filing, Plaintiffs were forced to file an emergency Motion to Intervene for the purposes of opposing the Motion.  *See Ponce* Dkt. #33-34.  Plaintiffs contend this attempt to hijack this case, which indisputably includes the first-filed case to assert California class action claims (*Rittmann*) and the first-filed case to assert PAGA representative action claims (*Mack*), should not be rewarded.

JOINT STATUS REPORT - 3

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Amazon's position*:  The status of the *Keller, Ponce*, *Ronquillo,* and *Hoyt* actions, as well as potential new plaintiffs and claims (including pursuant to state laws beyond California and Washington) that defendants understand would be included in a TAC, presents threshold issues that will substantially affect how discovery proceeds and, indeed, determine the parties and counsel in this Action.  Accordingly, Defendants propose that by the later of May 17, 2021, or within fourteen (14) days of the date by which the Court has decided (i) whether plaintiffs may file a TAC and (ii) whether the *Keller, Ponce*, *Ronquillo,* and *Hoyt* actions will be dismissed or stayed, the Parties will file a joint discovery plan addressing discovery, potential motions for FLSA conditional certification, Rule 23 class certification, and summary judgment.

**4.       The Parties' Positions Concerning Plaintiffs' Motion for Notice**

*Plaintiffs' position*:  Plaintiffs filed a Motion for Notice to Be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b), on October 27, 2016 (Dkt. #20) (the "Notice Motion").  That motion, which was fully briefed more than 4 years ago, has not yet been ruled on, due to the various stays and appeal in this case.  Plaintiffs ask that the Court proceed to rule on the motion and that the Court toll the statute of limitations for any potential opt-in plaintiffs, given the delay in the Court's hearing this motion.

While Plaintiffs have added additional state law claims in their amended complaints and intend to add additional state law claims in their Third Amended Complaint, their claim under the FLSA has been in this since case since it was first filed.  The addition of state law claims has no bearing on the appropriateness of the Court authorizing the issuance of notice under the FLSA.  Further, notice was appropriate when this case was originally filed in 2016 and is appropriate today.  As time goes on, potential opt-ins will be even harder to reach, and

JOINT STATUS REPORT - 4

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

Amazon should not be permitted to delay the notice process again with the filing of another motion to compel arbitration.  Notice is typically issued in FLSA cases at the outset of the case, before discovery.  Amazon's arguments regarding the scope of the appropriate notice may be addressed now, and Plaintiffs do not object to both sides having the opportunity to file a brief (10 page) simultaneous update to the pending notice briefing and 5 page replies.

*Amazon's position*: The Notice Motion is moot in light of the Court's decision granting, in part, Amazon's motion to dismiss the *Rittmann* plaintiffs' First Amended Complaint. Dkt. #76.  Since then, the *Rittmann* plaintiffs have filed a Second Amended Complaint, Dkt. #83, and now propose to file a TAC adding additional named plaintiffs and claims.  If the Court is at all inclined to decide the Notice Motion based on the parties' papers filed in 2017, Amazon respectfully requests that it be provided an opportunity to fully brief this critical question after it has responded to the then-operative complaint and after the Parties have taken at least some discovery directed to this issue.

The touchstone under the opt-in mechanism of Section 216(b) of the FLSA is efficiency.  Here, the putative nationwide FLSA collective proposed by the *Rittmann* plaintiffs would encompass potentially tens of thousands of Amazon Flex Delivery Partners, if not more.  Thousands of Delivery Partners did not participate in the Flex program for the first time until years *after* the *Rittmann* plaintiffs filed the Notice Motion. It would be decidedly contrary to Section 216(b) of the FLSA for the Court to determine whether or not to issue notice to tens of thousands of individuals across the country based on pleadings and allegations that have long since ceased to be operative, and based on declarations and briefs that are now more than four-years stale.  Assuming plaintiffs file a TAC adding new named plaintiffs, the parties will not have had an opportunity to brief, and Court will not be able to

JOINT STATUS REPORT - 5
Case No. 2:16-cv-01554-JCC
DB1/ 119667851.1

determine, the fundamental question presented in the Notice Motion: whether or not the *named plaintiffs* are "similarly situated" to the tens of thousands of other Amazon Flex Delivery Partners whom they seek to represent. Plaintiffs' proposal to decide the Notice Motion before the Parties know the parties and parameters of the operative complaint is also problematic because the Amazon Flex program has changed in material ways in the intervening years that bear directly on the dispositive question of whether the named plaintiffs are similarly situated all other Delivery Partners. Additionally, a newer version of the Amazon Flex Independent Contractor Terms of Service (TOS) applies to several opt-in plaintiffs. The newer TOS contains an arbitration agreement with terms that differ from the TOS considered by this Court and Ninth Circuit, including a different choice of law. Amazon expects to move to compel arbitration of the applicable opt-in plaintiffs' claims pursuant to the newer TOS.

Consistent with the FLSA's goals and the Court's desire to expeditiously proceed to the resolution of this action, the Court and the parties should first determine the threshold questions of which parties and claims remain in this Action. Those gateway issues cannot be resolved until the parties know the operative complaint and the status of the *Keller, Ponce, Ronquillo,* and *Hoyt* actions. Once those issues are resolved, the parties should engage in focused discovery on the named plaintiffs' claims, followed by a renewed motion for conditional certification under the FLSA.

JOINT STATUS REPORT - 6
Case No. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

1    Respectfully submitted,

2    s/ Ryan D. Redekopp
     Ryan D. Redekopp, WSBA #36853

3

4    K&L GATES LLP
     925 Fourth Avenue, Suite 2900

5    Seattle, WA 98104
     Telephone: (206) 623-7580

6    Fax: (206) 623-7022
     Email: ryan.redekopp@klgates.com

7

8    s/ Richard G. Rosenblatt
     Richard G. Rosenblatt (Pro Hac Vice)

9    James P. Walsh (Pro Hac Vice)
     MORGAN LEWIS & BOCKIUS LLP

10   502 Carnegie Center
     Princeton, NJ 08540-6241

11   Telephone: (609) 919-6600
     Fax: (609) 919-6701

12   Email: richard.rosenblatt@morganlewis.com
     Email: james.walsh@morganlewis.com

13

14   Jason Burns (Pro Hac Vice)
     MORGAN LEWIS & BOCKIUS LLP

15   101 Park Avenue
     New York, New York 10178

16   Telephone: (212) 309-6000
     Email: jason.burns@morganlewis.com

17

18   Attorneys for Defendants

19

20

21

22

23

24

25

26

s/ Michael C. Subit
Michael C. Subit, WSBA No. 29189

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

s/ Shannon Liss-Riordan
Shannon Liss-Riordan (Pro Hac Vice)
Harold L. Lichten (Pro Hac Vice)
Adelaide Pagano (Pro Hac Vice)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
Email: sliss@llrlaw.com
Email: hlichten@llrlaw.com
Email: apagano@llrlaw.com

Attorneys for Plaintiffs

JOINT STATUS REPORT - 7
Case No. 2:16-cv-01554-JCC
DB1/ 119667891.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing JOINT STATUS

REPORT with the Clerk of Court using the CM/ECF system, which will automatically send

email notification of such filing to the registered attorneys of record.


DATED: March 8, 2021                    _s/ James P. Walsh_____


JOINT STATUS REPORT - 8
Case No. 2:16-cv-01554-JCC
DB1/ 119667851.1

MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701