The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al.*,

     Plaintiffs,

  v.

AMAZON.COM INC. and AMAZON
LOGISTICS, INC.,

     Defendant(s).

_____

IAIN MACK, et al.,[1]

     Plaintiffs,

  v.

AMAZON.COM INC. and AMAZON
LOGISTICS, INC.,

     Defendant(s).

_____

Consolidated Action
Case No. C16-1554-JCC

**PLAINTIFF IAIN MACK'S
REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT**

ORAL ARGUMENT
REQUESTED

---

[1]  Plaintiff Mack now adds the original caption of his case to clarify that this motion for partial summary judgment is brought by Mack for his complaint that was consolidated with the Rittmann v. Amazon action.

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - i
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1

2

## <u>TABLE OF CONTENTS</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I.    INTRODUCTION .......................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 1

      A.    AMAZON FLEX DRIVERS PERFORM DELIVERIES IN THE USUAL COURSE
            OF AMAZON'S BUSINESS ...................................................................................... 1

      B.    WHETHER AMAZON FLEX DRIVERS PERFORM WORK WITHIN AMAZON'S
            USUAL COURSE OF BUSINESS IS AMENABLE TO DETERMINATION FOR
            ALL AMAZON FLEX DRIVERS ............................................................................... 4

      C.    AMAZON FLEX DRIVERS DO NOT FALL UNDER THE AB5 "BUSINESS-TO-
            BUSINESS" EXCEPTION ........................................................................................ 4

      D.    THE DYNAMEX ABC TEST APPLIES RETROACTIVELY, INCLUDING TO
            PAGA CLAIMS ..................................................................................................... 6

      E.    PROPOSITION 22 IS INAPPLICABLE TO AMAZON FLEX DRIVERS'
            EMPLOYEE STATUS ............................................................................................... 8

            1.    *Proposition 22 does not apply to Amazon Flex delivery drivers*............ 9

III.  CONCLUSION ............................................................................................................ 12

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - i
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Cases**

4
Arias v. Superior Court,
    46 Cal.4th 969 (Cal. 2009) ............................................................................ 4, 8

5

6
Dynamex Operations W. v. Superior Court, 4
    Cal. 5th 903 (Cal. 2018) ...........................................................................passim

7
Evangelatos v. Superior Court,
    753 P.2d 585 (Cal. 1988) .......................................................................... 10, 11

8

9
Gonzales v. San Gabriel Transit, Inc.,
    40 Cal. App. 5th 1131 (Cal. Ct. App. 2019) ................................................ 6, 7

10

11
Governing Board v. Mann,
    18 Cal. 3d 819 (1977)......................................................................................11

12
Hargrove v. Sleepy's, LLC,
    2016 U.S. Dist. LEXIS 156697 (D.N.J. 2016).............................................2, 3

13

14
Horwich v. Superior Court
    980 P.2d 927 (Cal. 1999) ................................................................................10

15

16
James v. Uber Techs., Inc.,
    2021 U.S. Dist. LEXIS 14642 (N.D. Cal. Jan. 26, 2021) .................................7

17
Johnson v. Vcg-Is,
    2019 Cal. Super. LEXIS 5 (Cal. Sup. Ct. Feb. 1, 2019) ...................................7

18

19
Kim v. Reins International California, Inc.,
    9 Cal. 5th 73 (Cal. 2020) ..................................................................................8

20

21
Landgraf v. USI Film Products,
    511 U.S. 244 (1994) ........................................................................................10

22
Lawson v. GrubHub,
    302 F. Supp. 3d 1071 (N.D. Cal. 2018) ............................................................2

23

24
Medical Bd. v. Super. Ct.
    88 Cal. App. 4th 1001 (2001)..........................................................................11

25
People v. Uber Technologies, Inc.,
    56 Cal. App. 5th 266 (Cal. Ct. App. 2020) .......................................................4

26

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - ii
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

People v. Uber,
    2020 Cal. Super. LEXIS 152 (Cal. Sup. Ct. Aug. 10, 2020)................................................6

Physicians Com. for Responsible Med. v. Tyson Foods Inc.,
    119 Cal. App. 4th 120 (2004)........................................................................................ 11

Reyes v. Macy's, Inc.,
    202 Cal. App. 4th 1119 (Cal. 2011) ................................................................................8

Robert L. v. Superior Court,
    69 P.3d 894 (Cal. 2003) ............................................................................................... 10

Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,
    17 Cal. 4th 553 (1998)................................................................................................. 11

Strauss v. Horton,
    207 P.3d 48 (Cal. 2009) ............................................................................................... 10

United States v. Security Industrial Bank
    459 U.S. 70 (1982) ...................................................................................................... 10

Vazquez v. Jan-Pro Franchising Int'l, Inc.,
    986 F.3d 1106 (9th Cir. 2021).............................................................................. 2, 3, 6

Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.,
    49 Cal. 3d 408 (1989).................................................................................................. 11

Williams v. Superior Court,
    3 Cal. 5th 531 (Cal. 2017) .............................................................................................4

Younger v. Superior Court,
    21 Cal. 3d 102, 577 P.2d 1014 (1978) .......................................................................... 11

**Statutes**

Cal Lab Code § 2776 ...........................................................................................................6

Cal. Lab. Code § 2785 ....................................................................................................... 10

California Legislature in Assembly Bill 5 ("AB5"),
    Cal. Lab. Code § 2775 ..........................................................................................1, 10, 11

Private Attorney General Act of 2004 ("PAGA"),
    Lab. Code, § 2698 *et seq.* .............................................................................................1

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - iii
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1

## I.   INTRODUCTION

Defendant Amazon.com Inc. and Amazon Logistic Inc.'s (collectively, "Amazon")
Opposition to Plaintiff Mack's Motion for Partial Summary Judgment raises a host of
meritless and unpersuasive arguments. Amazon utterly fails to raise any material dispute or
fact or legal argument that could preclude a finding that Amazon Flex delivery drivers are
Amazon's employees under the ABC test set out in <u>Dynamex Operations W. v. Superior
Court</u>, 4 Cal. 5th 903, 934 (Cal. 2018), and codified by the California Legislature in Assembly
Bill 5 ("AB5"), Cal. Lab. Code § 2775. Plainly, under Prong B of the test, Amazon Flex
drivers in California undoubtedly perform work that is within "the usual course" of Amazon's
business, by delivering Amazon packages and fulfilling orders. The ABC test applies
retroactively through <u>Dynamex</u> to wage and hour claims brought under the Private Attorney
General Act of 2004 ("PAGA"), Lab. Code, § 2698 *et seq.*, and further, PAGA deputizes
Plaintiff Mack to pursue relief for current Amazon Flex drivers who are unquestionably
subject to AB5. Further, Amazon has utterly failed to manufacture any issue of fact (or
explain why *it* would need discovery) regarding whether the AB5 "business-to-business"
exemption applies to Amazon Flex drivers—it plainly does not. Finally, this Court must reject
Amazon's frivolous argument that Proposition 22 is retroactive or that it would preclude a
finding that Amazon is liable (at the very least, for the period before it went into effect). The
Court should grant Plaintiff Mack's motion for partial summary judgment on the issue of
California Amazon Flex drivers' employee status under the ABC test.

## II.   ARGUMENT

### A.  *Amazon Flex Drivers Perform Deliveries in the Usual Course of Amazon's Business*

Amazon has failed to raise any genuine dispute of material fact to undermine the clear
conclusion that the service performed by Amazon Flex drivers, the delivery of Amazon
packages to customers, is within its usual course of business. First, Amazon Flex delivery
drivers perform their work within the usual course of Amazon's business because Amazon

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1   "holds itself out" as, and "proclaims" its business to be, "fulfillment" and "delivery" of items

2   that customers purchase on Amazon.com. Vazquez v. Jan-Pro Franchising Int'l, Inc., 986 F.3d

3   1106, 1125 (9th Cir. 2021); see also Dkt. 166.03, Ex. C to Liss-Riordan Decl., at 3 ("We

4   fulfill customer orders in a number of ways . . ."; "We seek to offer our customers low prices,

5   fast and free delivery . . ."); id. at 9 (describing Amazon's "ability to . . . fulfill orders", and

6   "the extent to which [it] offer[s] fast and free delivery" and "invest[s] in . . . fulfillment" as

7   key factors to its growth rate); id. at 19 ("To increase sales of products and services, we focus

8   on improving all aspects of the customer experience, including . . . faster delivery . . .").

9       Amazon argues that the caselaw requires the drivers to be "necessary" to Amazon's

10  business; on the contrary, that is one way to show that the services they provide are within

11  Amazon's usual course of business, but it is not required. Vazquez, 986 F.3d at 1125-26.

12  Indeed, in Lawson v. GrubHub, 302 F. Supp. 3d 1071, 1073, 1090 (N.D. Cal. 2018), the court

13  concluded that the plaintiff's services as a delivery driver were within GrubHub's usual

14  course of business, even though GrubHub had existed for years as a food ordering platform

15  without any delivery drivers (which was a recent addition to its business, just as Amazon Flex

16  drivers are a relatively recent addition to Amazon's business). Here, a "common-sense

17  observation of the nature" of Amazon's business is that it provides efficient delivery of items

18  that customers order online, in part through Amazon Flex drivers. Vazquez, 986 F.3d at 1125.

19      Amazon suggests that its employment of Amazon Flex drivers is more akin to hiring

20  third-party contractors like FedEx, UPS, and the U.S. Postal Service to complete deliveries of

21  Amazon packages. See Amazon's Opposition to Motion for Partial Summary Judgment, at 2

22  ("Opposition"). However, this is not an apt comparison where Amazon has effectively

23  brought the delivery service "in-house" through its Amazon Flex drivers. Thus, Amazon Flex

24  drivers are much more akin to the mattress delivery drivers that were found to be employees

25  of Sleepy's LLC, a mattress company, under Prong B of New Jersey's ABC test. See

26  Hargrove v. Sleepy's, LLC, 2016 U.S. Dist. LEXIS 156697 (D.N.J. 2016). In Hargrove, the

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

court found that mattress delivery drivers worked within "the usual course of business" of

Sleepy's LLC, a mattress company. Id. at *10. The court recognized that Sleepy's LLC was

not "a trucking company, but part of its marketing scheme is quick delivery of mattresses and

other mattress accessories." Id. The court concluded that "Sleepy's is engaged in the mattress

business, and an integral part of its business is the delivery," therefore, its delivery drivers

worked within the company's usual course of business. Id. at *10-11. Here, too, an integral

part of Amazon's self-described business and marketing scheme is the "quick delivery" of

Amazon packages that Amazon's customers order on Amazon.com, and therefore, Amazon

Flex drivers clearly provide this delivery service within Amazon's usual course of business.[1]

Plainly, Amazon "derives profits" directly from the delivery services that Amazon

Flex drivers provide (even if customers do not always pay additionally for delivery). Vazquez,

986 F.3d at 1125-27. Amazon's use of Amazon Flex drivers is wholly unlike a company

hiring "traditional contractors like electricians and plumbers, who perform incidental services

for otherwise unrelated businesses", because when a company contracts with a plumber to

make repairs in the company's headquarters, the company's customers are not paying for nor

benefitting from this service. Vazquez, 986 F.3d at 1125; Dynamex, 4 Cal. 5th at 959-960.

Nor is it compelling for Amazon to argue that Amazon Flex delivery drivers are a

"cost" to Amazon. See Opposition, at 2. All employees are a "cost", as the employer must pay

them wages in exchange for labor. Dynamex, 4 Cal. 5th at 934. Here, there can be no question

that Amazon Flex drivers perform their work within Amazon's "usual course of busines" and

are thus Amazon's employees. Amazon has failed to raise any dispute of material fact to the

contrary (nor shown why *it* needs discovery for such a dispute to be decided).

---

[1]    Indeed, one of the most well-known Amazon products is an Amazon Prime membership, which is *a subscription to fast and free delivery service for Amazon orders* that customers can purchase independently of any physical product. Ex. C, at 3. Given that Amazon sells a standalone subscription to an upgraded ***delivery service***, it is disingenuous for Amazon to contend that it is not in the delivery business, as part of its retail operation.

**B.  Whether Amazon Flex Drivers Perform Work within Amazon's Usual Course of Business is Amenable to Determination for All Amazon Flex Drivers**

Amazon's insistence that Plaintiff Mack must produce evidence regarding every single Amazon Flex driver in California in order to prevail on summary judgment under Prong B is misguided. Whether a specific group of employees working for one employer are properly classified as employees or independent contractors is amenable to determination on a unitary basis. See People v. Uber Technologies, Inc., 56 Cal. App. 5th 266, 275 (Cal. Ct. App. 2020).[2]

Indeed, People v. Uber was a case brought by the State of California to enjoin Uber and Lyft from misclassifying all of their California drivers as independent contractors under AB5. Id. This is exactly the kind of action that PAGA authorizes Plaintiff Mack to bring here, on behalf of the state, for all Amazon Flex drivers in California. Arias, 46 Cal.4th at 969 ("An employee plaintiff suing… under [PAGA], does so as the proxy or agent of the state's labor law enforcement agencies."); Williams v. Superior Court, 3 Cal. 5th 531, 538-539 (Cal. 2017) (noting that a plaintiff bringing a PAGA action is bringing "a representative action on behalf of himself or herself and other aggrieved employees"). In People v. Uber, which was **not** a class action, the California Court of Appeal affirmed the lower court's holding that, under the preliminary injunction standard, the People had shown an "overwhelming likelihood" that Uber and Lyft had misclassified **all** of their California drivers as independent contractors under the AB5 ABC test, simply by looking solely at Prong B. Id. at 312. Here, too, Amazon cannot possibly show that AmazonFlex delivery drivers as a group perform work "outside the usual course" of Amazon's business, which is fulfilling customers' online orders.

**C.  Amazon Flex Drivers Do Not Fall under the AB5 "Business-to-Business" Exception**

Apparently recognizing that Amazon Flex drivers are surely Amazon's employees under the ABC test, Amazon makes a last-ditch argument that *perhaps* some Amazon Flex

---

[2]     Importantly, the law is clear in California that a plaintiff does not need to satisfy class certification requirements to prevail on a PAGA claim, which is representative by its nature. See Arias v. Superior Court, 46 Cal.4th 969, 975 (Cal. 2009).

drivers fall within the "business-to-business" exemption of AB5 and therefore summary

judgment cannot be granted. <u>See</u> Opposition, at 15. This argument must fail because Amazon

has not raised—and could not possibly raise—any genuine material dispute of fact about

whether the AB5 "business-to-business" exemption applies to *any* Amazon Flex driver.

Indeed, Amazon's Opposition does not even attempt to show how this exemption

could apply, because doing so would make it eminently clear it does not. The "business-to-

business" exemption **only** applies if the **presumptive employer satisfies <u>all</u> 12 conditions**

(thus it is immaterial if Amazon may satisfy *some* of the conditions for *some* of the drivers):

> (1) The business service provider is free from the control and direction of the contracting business entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.
> (2) The business service provider is providing services directly to the contracting business rather than to customers of the contracting business. This subparagraph does not apply if the business service provider's employees are solely performing the services under the contract under the name of the business service provider and the business service provider regularly contracts with other businesses.
> (3) The contract with the business service provider is in writing and specifies the payment amount, including any applicable rate of pay, for services to be performed, as well as the due date of payment for such services.
> (4) If the work is performed in a jurisdiction that requires the business service provider to have a business license or business tax registration, the business service provider has the required business license or business tax registration.
> (5) The business service provider maintains a business location, which may include the business service provider's residence, that is separate from the business or work location of the contracting business.
> (6) The business service provider is customarily engaged in an independently established business of the same nature as that involved in the work performed.
> (7) The business service provider can contract with other businesses to provide the same or similar services and maintain a clientele without restrictions from the hiring entity.
> (8) The business service provider advertises and holds itself out to the public as available to provide the same or similar services.
> (9) Consistent with the nature of the work, the business service provider provides its own tools, vehicles, and equipment to perform the services, not including any proprietary materials that may be necessary to perform the services under the contract.
> (10) The business service provider can negotiate its own rates.
> (11) Consistent with the nature of the work, the business service provider can set its own hours and location of work.
> (12) The business service provider is not performing the type of work for which a license from the Contractors' State License Board is required, pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code.

Cal Lab Code § 2776. Even a cursory glance at this list of requirements makes it clear that it does not apply to any Amazon Flex drivers. For example, the tenth requirement is that "[t]he business service provide can negotiate its own rates." Amazon Flex drivers unquestionably do not negotiate their own rates, and Amazon nowhere contends that they do. See generally Opposition. Amazon unilaterally determines that rate of pay for Amazon Flex delivery drivers. See Dkt. 167, Declaration of Ian Mack, ¶ 8 ("Amazon determined the rate of pay for my delivery work, which I was told was $18/hour when I started in 2017."). Additionally, the eleventh requirement is that "the business service provider can set its own hours and location of work," which is clearly inconsistent with the work of Amazon Flex delivery drivers, who are required to pick up packages at the Amazon warehouse and then deliver these packages to Amazon's customers on a predetermined route set by Amazon. Id. ¶¶ 14-15.

Moreover, the California Legislature did not intend to exempt Amazon Flex drivers in enacting the "business-to-business" exemption. In People v. Uber, the court noted, "[u]nder the familiar maxim of statutory construction expressio unius est exclusio alterius had the Legislature meant to exempt Defendants' well-known ride-hailing businesses, it would have done so explicitly." 2020 Cal. Super. LEXIS 152, at *36 n.16 (Cal. Sup. Ct. Aug. 10, 2020). Had the Legislature intended to exempt Amazon from AB5, it would have done so explicitly.

**D. The _Dynamex_ ABC Test Applies Retroactively, Including to PAGA Claims**

Amazon disingenuously contends that the ABC test for determining employee or independent contractor status that the California Supreme Court adopted in Dynamex cannot be applied retroactively to Plaintiff's claims. This argument clearly fails. In Vazquez, 10 Cal. 5th at 944, the California Supreme Court held that Dynamex applies retroactively.

The California Court of Appeal in Gonzales v. San Gabriel Transit, Inc., 40 Cal. App. 5th 1131 (Cal. Ct. App. 2019), review dismissed, Gonzales v. San Gabriel Transit---P.3d ---, 2021 WL 1031870 (Cal. 2021), determined that the Dynamex ABC test applies to Labor Code

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

claims that are either "rooted in one or more wage orders, or predicated on conduct alleged to have violated a wage order." 40 Cal. App. 1157; id. at 1160 ("[i]n a wage and hour action where the purposes served by the Labor Code and wage order provisions are coextensive, there is no principled reason to treat the claims differently"). Where a Plaintiff brings PAGA claims "for violation of the minimum wage laws, etc., he or she is actually enforcing the Labor Code which, by its own terms, incorporates the wage orders." Johnson v. Vcg-Is, 2019 Cal. Super. LEXIS 5, at *9 (Cal. Sup. Ct. Feb. 1, 2019). Thus, the California Supreme Court's Dynamex "holding that the ABC test should be applied to determine employee status under the wage orders can only mean that that test also had to be applied to Labor Code claims seeking to enforce the wage order requirements." Id. at *10. "The fact that the case is brought under PAGA does not compel a different result. PAGA claims are based on violations of the Labor Code which, in turn, requires compliance with the wage orders." Id.

In Gonzales, the court went on to determine that the ABC test applied to the plaintiffs' expense reimbursement claim under Labor Code section 2802, because they are encompassed by the wage orders. 40 Cal. App. 5th at 1157, 60. In Dynamex itself, the court noted that "the wage order definitions of the employment relationship apply in civil actions for unpaid minimum or overtime wages under [California Labor Code] section 1194" and went on to hold that the ABC test applies to determining employment status under this section. 4 Cal. 5th 903, 940, 957. These are the exact violations for which Plaintiff Mack seeks civil penalties under PAGA. Thus, the Dynamex ABC test necessarily also applies Plaintiff's Mack's claim.

Not only does the ABC apply under Dynamex, but it also applies under AB5, which is clearly itself retroactive, since it states that it is a codification of "existing law". See James v. Uber Techs., Inc., 2021 U.S. Dist. LEXIS 14642, at *50 (N.D. Cal. Jan. 26, 2021). In any event, there can be no question that AB5 applies to the classification of Amazon Flex drivers after the date AB5 went into effect, and as a PAGA representative of the state, Plaintiff Mack is deputized to vindicate the rights of **all** Amazon Flex delivery drivers, including those whose

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

rights under AB5 have been violated since the statute's enactment. <u>Arias</u>, 46 Cal. 4th at 969 ("An employee plaintiff suing… under [PAGA], does so as the proxy or agent of the state's labor law enforcement agencies."). In <u>Kim v. Reins International California, Inc.</u>, the California Supreme Court held that a PAGA representative who even settled her own individual claims still maintained standing to pursue her PAGA action, even if she herself does not have an unredressed injury because her interest as a PAGA representative *includes the state's interest in enjoining unlawful conduct*. 9 Cal. 5th 73, 90-91 (Cal. 2020). <u>Kim</u> makes clear that, as a PAGA representative, Plaintiff Mack has assumed the protectable interest of the state and public; even if he had no personal interest in this case (which he plainly does as an aggrieved employee), he would still have a significant and protectable interest in rectifying Amazon's *past and ongoing* Labor Code violations in his capacity as a representative of the State of California. <u>Id.</u> at 86 ("The state can deputize anyone it likes to pursue its claim, including a plaintiff who has suffered no actual injury."). Thus, PAGA has deputized Plaintiff Mack, as an aggrieved employee himself and a representative of the state, to enforce current wage laws against Amazon on behalf of all Amazon Flex delivery drivers, including those who have worked more recently for Amazon, after the enactment of AB5. See <u>Reyes v. Macy's, Inc.</u>, 202 Cal. App. 4th 1119, 1123 (Cal. 2011) ("A plaintiff asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and **include other current or former employees**.") (emphasis added). Thus, it is simply irrelevant that Plaintiff Mack himself worked for Amazon before 2018.

### E. *Proposition 22 Is Inapplicable to Amazon Flex Drivers' Employee Status*

Amazon next attempts to skirt the straightforward application of the ABC test by invoking Proposition 22, the ballot initiative into which rideshare and food delivery companies such as Uber, Lyft, and DoorDash poured hundreds of millions of dollars to try to avoid application of AB5 to their businesses. However, these companies' self-serving effort to try to exempt their businesses from AB5 is reflected in the narrow language of Proposition 22,

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1    which by its clear terms does not apply to Amazon Flex Drivers—and is not retroactive.

2    **1. Proposition 22 does not apply to Amazon Flex delivery drivers**

3    Amazon cannot possibly show that Proposition 22 applies to Plaintiff Mack nor any

4    Amazon Flex driver. Proposition 22 only applies to "app-based" delivery drivers who are

5    "provided with the option to accept or decline each delivery request" on the "Delivery

6    Network Company" app and is not required "to accept any specific delivery request as a

7    condition of maintaining access" to the app.[3] Amazon Flex delivery drivers are plainly not

8    given the opportunity to "accept or decline each delivery request" that they perform for

9    Amazon. Instead, at the beginning of each shift (or "block"), Amazon assigns the Amazon

10   Flex driver between 30-100 packages that the driver must deliver.[4] See Mack Decl. at ¶ 4. If

11   an Amazon Flex driver does not complete one of these assigned deliveries during the "block",

12   the driver can be reprimanded. Id. ¶ 6. Thus, Amazon Flex drivers are certainly not "provided

13   with the option to accept or decline each delivery request" in the course of their work. Thus,

14   the Proposition 22 defense to employment misclassification (which was written by and for

15   companies like Uber, Lyft, and DoorDash, which generally allow drivers to decide whether to

16   accept each particular ride or delivery) simply does not apply to Amazon.

17   **i. Proposition 22 does not apply retroactively.**

18   Moreover, even if Proposition 22 applied to Amazon (which it does not, for the

19   reasons discussed above), Amazon's suggestion that Proposition 22 applies retroactively prior

20   to the date it was enacted, December 17, 2020, is frivolous. It is black letter law that statutes

21   are presumptively limited to prospective-only application, absent a clear intent that the statute

22

23   [3]    Because under the ABC test, it is **presumed** that workers are employees, Amazon
24   bears the burden of showing that Proposition 22 applies as an affirmative defense to liability.
     Dynamex, 4 Cal. 5th at 955.

25   [4]    Plaintiff does not expect that Amazon disputes this fact, and indeed, Amazon does not
26   dispute this fact in its Opposition. Further, Amazon certainly does not require discovery on its
     own practice of assigning packages to Amazon Flex drivers to deliver.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1  is retroactive. See Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994) ("the

2  presumption against retroactive legislation is deeply rooted in our jurisprudence, and

3  embodies a legal doctrine centuries older than our Republic."); United States v. Security

4  Industrial Bank 459 U.S. 70, 79-80 (1982) ("The principle that statutes operate only

5  prospectively, while judicial decisions operate retrospectively, is familiar to every law

6  student.... 'retrospective operation will not be given to a statute which interferes with

7  antecedent rights ... unless such be "the unequivocal and inflexible import of the terms, and

8  the manifest intention of the legislature."); Evangelatos v. Superior Court, 753 P.2d 585, 597

9  (Cal. 1988) (the "common understanding [is] that legislative provisions are presumed to

10  operate prospectively, and that they should be so interpreted 'unless express language or clear

11  and unavoidable implication negatives the presumption.'") (internal citations omitted). This

12  same principle applies to ballot initiatives. See, e.g., Robert L. v. Superior Court, 69 P.3d 894,

13  900-01 (Cal. 2003) ("In interpreting a voter initiative ... we apply the same principles that

14  govern statutory construction.") (quoting Horwich v. Superior Court 980 P.2d 927 (Cal.

15  1999)); Evangelatos, 753 P.2d at 598; Strauss v. Horton, 207 P.3d 48, 120-21 (Cal. 2009).

16      Under these general principles, it is clear that Proposition 22 does not apply

17  retroactively. The ballot measure itself contains no express retroactivity provision, and the

18  ballot summaries prepared by the California Attorney General lack any reference to

19  retroactivity. Indeed, Proposition 22 does not even include language that *hints* that it was

20  intended to be retroactive. Moreover, unlike AB5, which codified the Dynamex test in

21  California, the Proposition 22 ballot measure does not contain any statement that it is a

22  declaration of "existing" law.[5] On the contrary, it is clear that Proposition 22 was intended by

23  Uber and Lyft to change the law in California to the benefit of those companies (recognizing

24

25  [5]   AB5 makes clear that its revisions to the Labor Code do not constitute a change in the law, but rather clarify existing law. See Cal. Lab. Code § 2785 ("(a) Section 2775 [which codifies the "ABC" test] does not constitute a change in, but is declaratory of, existing law

26  with regard to wage orders of the Industrial Welfare Commission and violations of this code relating to wage orders.").

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

that under <u>Dynamex</u> and AB5, their drivers are employees). The California Supreme Court

has warned that when the proponents of a ballot initiative fail to include a retroactivity clause

"perhaps in order to avoid the adverse political consequences that might have flowed from the

inclusion of such a provision," it would be "improper for this court to read [a retroactivity]

clause into the enactment at this juncture." <u>Evangelatos</u>, 33 Cal.3d at 1211-1212. In the

absence of any language in the ballot measure or accompanying materials suggesting

retroactivity, there is no evidence that voters intended the statute to be retroactive. Thus,

Proposition 22 would at most impact claims that accrued **after** December 17, 2020.

Amazon also argues that Proposition 22 "abates and abrogates" AB5. <u>See</u> Opposition,

at 21. This argument is plainly incorrect, and the cases cited by Amazon are off point, as they

involve situations where a particular statutory provision was ***expressly repealed***. <u>See</u> <u>Younger</u>

<u>v. Superior Court</u>, 21 Cal. 3d 102, 109, 577 P.2d 1014 (1978); <u>Physicians Com. for</u>

<u>Responsible Med. v. Tyson Foods Inc.</u>, 119 Cal. App. 4th 120, 125 (2004)). Here, there has

been no repeal of AB5.[6] In fact, Proposition 22 does not contain <u>any</u> reference to a "repeal",

nor does it discuss AB5 at all. It is hard to imagine how Proposition 22 repealed a statute that

it does not mention.  Moreover, implied repeals are extremely disfavored and rarely found.

<u>See</u> <u>Stop Youth Addiction, Inc. v. Lucky Stores, Inc.</u>, 17 Cal. 4th 553, 569 (1998) ("The law

shuns repeals by implication."); <u>Governing Board v. Mann</u>, 18 Cal. 3d 819, 828 (1977)

("repeals by implication are not favored"); <u>Medical Bd. v. Super. Ct.</u> 88 Cal. App. 4th 1001,

1013 (2001) ("In recognition of the courts' constitutional role to construe, not write, statutes,

[a]ll presumptions are against a repeal by implication.") (internal citation omitted).[7] The kind

---

[6]     Further, Plaintiff Mack's PAGA claims are only partially premised on AB5 in any case, as it was the 2018 <u>Dynamex</u> decision that first adopted the ABC test.

[7]     Moreover, to meet its impossible burden to show that Proposition 22 impliedly repealed AB5, Amazon would have to argue that there is "*no possibility* of concurrent operation" and that Proposition 22 and AB5 are "irreconcilable", and even then, "an implied repeal should not be found unless. . . the later provision gives *undebatable evidence* of an intent to supersede the earlier . . ." <u>Western Oil & Gas Assn. v. Monterey Bay Unified Air</u> <u>Pollution Control Dist.</u>, 49 Cal. 3d 408, 419-420 (1989) (emphasis in original).  Here, Proposition 22 and AB5 can and do operate concurrently.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1   of extreme implied retroactivity that Amazon seeks to impose here is simply unprecedented.

2                                   **III.    CONCLUSION**

3          As set forth above, Amazon Flex drivers in California undoubtedly perform work that

4   is within "the usual course" of Amazon's business, by fulfilling Amazon's orders. Under the

5   ABC test set forth in Dynamex and AB5, Amazon Flex drivers are thus Amazon's employees.

6          The ABC test applies retroactively through Dynamex to wage and hour claims brought

7   under PAGA, and PAGA deputizes Plaintiff Mack to pursue relief for Amazon Flex drivers

8   who are unquestionably subject to AB5.  Further, Amazon cannot show that the AB5

9   "business-to-business" exemption applies to any Amazon Flex drivers, nor does Proposition

10  22 create a defense for Amazon (and, even if it did, it is not retroactive).

11         The issue to be decided here is essentially a legal issue that can be decided on

12  summary judgment, as courts have routinely decided whether a particular category of worker

13  performs services within a defendant's usual course of business (and thus whether the workers

14  are employees of the defendant under the ABC test) based upon common sense analysis.

15  There is no need for Amazon to conduct discovery to determine what business it is in.

16  Moreover, the facts Plaintiff Mack has put into the record through his declaration are not

17  controversial or subject to any serious dispute (nor did Amazon even attempt to dispute them

18  in its opposition to Plaintiff's motion). There can simply be no question that Amazon Flex

19  drivers perform services within Amazon's usual course of business.

20         The Court should thus grant Plaintiff Mack partial summary judgment on the issue of

21  Amazon Flex drivers' employee status for purposes of his PAGA claim.  The remaining

22  aspects of this PAGA claim will then solely need to focus on Amazon's violation of the

23  underlying Labor Code violations (namely expense reimbursement and minimum wage

24  violations) and the appropriate amount of penalties to be assessed.

25

26

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1    May 7, 2021                          Respectfully submitted,

2

3                                         IAIN MACK, individually and in his capacity as
                                          Private Attorney General Act Representative,

4
                                          By his attorneys,
5

6                                         ___/s/ Shannon Liss-Riordan_____
                                          Shannon Liss-Riordan, *pro hac vice*

7                                         Harold Lichten, *pro hac vice*
                                          Adelaide Pagano, *pro hac vice*

8                                         Lichten & Liss-Riordan, P.C.
                                          729 Boylston Street, Suite 2000

9                                         Boston, MA 02116
                                          Tel: (617) 994-5800

10                                        sliss@llrlaw.com
                                          hlichten@llrlaw.com

11                                        apagano@llrlaw.com

12
                                          Michael C. Subit, WSBA #29189
13                                        Frank Freed Subit & Thomas LLP
                                          705 Second Avenue, Suite 1200

14                                        Seattle, WA 98104-1798
                                          Tel: (206) 682-6711

15                                        msubit@frankfreed.com

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 13
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800

1

2

## CERTIFICATE OF SERVICE

3

4

    I hereby certify that on May 7, 2021, I caused to be electronically filed the foregoing **PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

5

6
                      ___*/s/ Shannon Liss-Riordan*____
                      Shannon Liss-Riordan, *pro hac vice*

7
                      Lichten & Liss-Riordan, P.C.
                      729 Boylston Street, Suite 2000

8
                      Boston, MA 02116
                      Tel: (617) 994-5800

9
                      Email: sliss@llrlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF IAIN MACK'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT - 14
Case No. 2:16-cv-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116 ~ (617) 994-5800