**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

_____

BERNADEAN RITTMANN, FREDDIE
CARROLL, JULIA WEHMEYER, RAEF
LAWSON, DEBRA WILKINS, SANCAK
DAVARCI, SHENIA BROWN, CRAIG
ADAMS, and CINTHIA YARLEQUE,
individually and on behalf of all others
similarly situated,

          Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON
LOGISTICS, INC.

          Defendants.

_____

Case No. 2:16-cv-01554-JCC

**THIRD AMENDED COMPLAINT—
CLASS ACTION**

## I.    <u>INTRODUCTION</u>

    1.    This case is brought on behalf of individuals who have worked as delivery drivers for Amazon.com, Inc. or Amazon Logistics, Inc. (together, "Amazon") anywhere in the United States who have contracted directly with Amazon and have been classified as independent contractors.  Amazon is a commercial seller of electronic and consumer goods through its website, providing delivery service of its various products to its customers' homes.

THIRD AMENDED COMPLAINT -1

2.     As described further below, Amazon has misclassified delivery drivers with whom it has directly contracted as independent contractors when they are actually employees.  In so doing, Amazon has violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to assure they receive minimum wage, after accounting for necessary business expenses that the drivers must pay such as gas and car maintenance, as well as failing to pay overtime for hours worked in excess of forty per week.  Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

3.     Furthermore, some orders fulfilled by Amazon delivery drivers were eligible to receive tips from customers.  However, those tips, which were made by customers with the intention that the tips be distributed to the drivers, were instead used by Amazon to fund its operations by subsidizing the guaranteed minimum payments that it promised and owed its drivers. As a result of Amazon's practice of using customer tips to defray the cost of the guaranteed minimum payments it owes drivers, part or all of the tips that consumers paid for drivers provided no benefit to the drivers.

4.     Plaintiffs Bernadean Rittmann and Freddie Carroll further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in Washington state, that Amazon has violated various provisions of Washington state law including: (1) RCW 49.46.020 by failing to assure they receive minimum wage, after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past their end of their shifts; (2) RCW 49.46.130 by failing to pay drivers one-and-a-half times their regular rate of pay for those hours worked in excess of forty per week; and (3) RCW 49.52.050 and 49.52.070 by willfully withholding pay from drivers for all hours worked.  Plaintiffs

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Rittmann and Carroll, on behalf of all similarly situated Amazon delivery drivers who have worked in Washington state, seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

5.     Plaintiffs Rittmann and Carroll further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in Seattle, Washington, that Amazon has violated the Seattle Minimum Wage Ordinance, Council Bill 118585, by failing to pay the higher Seattle minimum wage to these drivers, after accounting for necessary business expenses such as gas and car maintenance.

6.     Plaintiffs Raef Lawson, Freddie Carroll, and Debra Wilkins further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in California, that Amazon has violated various provisions of California Labor Code including: (1) Cal. Labor Code §2802 by failing to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance and smartphones and data plans; (2) Cal. Labor Code § 226(a) by failing to provide itemized wage statements that provide the number of hours worked, how compensation was calculated, and other required information; (3) Cal. Lab. Code § 351 by failing to remit to drivers the total proceeds of gratuities collected from customers and depriving them of the full financial benefit of those gratuities; and (4) Cal. Labor Code §§ 1197, 1194, 1182, 1194.2, 1197.1, 1199, by failing to pay delivery drivers minimum wage for all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts.  Plaintiffs Lawson, Carroll, and Wilkins, on behalf of all similarly situated Amazon delivery drivers who have worked in California, seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

THIRD AMENDED COMPLAINT -3

7.     Plaintiff Shenia Brown further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated AmazonFlex delivery drivers who have worked in Illinois, that Amazon has misclassified its drivers under Illinois state law, and as a consequence: (1) it has violated Illinois state law, 820 ILCS 115/9.5(a), by failing to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance and smartphones and data plans; and (2) it has violated Illinois state law, IMWL, 820 ILCS § 105/1, *et seq.* by failing to pay delivery drivers minimum wage for all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts. Plaintiff Brown on behalf of all similarly situated Amazon delivery drivers who have worked in Illinois, seeks recovery of all wages they are owed under state law and all other relief to which they are entitled.

8.     Plaintiff Sancak Davarci further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of other similarly situated Amazon delivery drivers who have worked in New York that Amazon has misclassified its drivers under New York law, and as a consequence: (1) Amazon has violated New York state law, N.Y. Lab. L. Article 19, §§ 193 and 198-b, by failing to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance and smartphones and data plans as well as by failing to remit to drivers the total proceeds of gratuities collected from customers and depriving them of the full financial benefit of those gratuities; (2) Amazon has violated New York state law, N.Y. Lab. L., Article 19, §§ 650, *et seq.*, by failing to pay delivery drivers minimum wage for all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts; and (3) Amazon has violated New York state law, N.Y. Lab. L. Article 19, §§ 196-d, by failing to remit to drivers the total proceeds of gratuities

THIRD AMENDED COMPLAINT -4

collected from customers and depriving them of the full financial benefit of those gratuities. Plaintiff Davarci on behalf of all similarly situated Amazon delivery drivers who have worked in New York, seeks recovery of all wages they are owed under state law and all other relief to which they are entitled.

9.      Plaintiff Cinthia Yarleque further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated Amazon delivery drivers who have worked in New Jersey that Amazon has misclassified its drivers under New Jersey law, and as a consequence: (1) Amazon has violated the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., § 34:11-4.1, *et seq.* by failing to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance and smartphones and data plans; and (2) Amazon has violated New Jersey state law, NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a), by failing to pay delivery drivers minimum wage for all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts.  Plaintiff Yarleque on behalf of all similarly situated Amazon delivery drivers who have worked in New Jersey, seeks recovery of all wages they are owed under state law and all other relief to which they are entitled.

10.     Plaintiffs further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated AmazonFlex delivery drivers who have worked anywhere in the United States where Amazon used customer tips to fund its operations by subsidizing the guaranteed minimum payments that it promised and owed its drivers, as described above, that Amazon has violated the common law of the various states.  On behalf of all similarly situated Amazon Flex delivery drivers, Plaintiffs seek recovery of all monies they are owed under the common law and any other relief to which they are entitled.

THIRD AMENDED COMPLAINT -5

## II.  **PARTIES**

11.    Plaintiff Bernadean Rittmann is an adult resident of Rialto, California. She has worked as an Amazon delivery driver in Las Vegas, Nevada and Seattle, Washington.

12.    Plaintiff Freddie Carroll III is an adult resident of Rialto, California where he has worked as an Amazon delivery driver.  He previously worked as an Amazon delivery driver in Las Vegas, Nevada and Seattle, Washington.

13.    Plaintiff Julia Wehmeyer is an adult resident of Plano, Texas, where she has worked as an Amazon delivery driver in the Dallas-Fort Worth area.

14.    Plaintiff Raef Lawson is an adult resident of Los Angeles, California, where he has worked as an Amazon delivery driver in the Los Angeles area.

15.    Plaintiff Debra Wilkins is an adult resident of Peoria, Arizona, where she works as an Amazon delivery driver.  She previously worked as an Amazon delivery driver in the San Diego, California, area from December 2016 to 2020.

16.    Plaintiff Sancak Davarci is an adult resident of West Hempstead, New York, where he works as an Amazon delivery driver.

17.    Plaintiff Shenia Brown is an adult resident of Chicago, Illinois where she works as an Amazon delivery driver.

18.    Plaintiff Cinthia Yarleque is an adult resident of Kearny, New Jersey where she has worked as an Amazon delivery driver.

19.    Plaintiff Craig Adams is an adult resident of Palisade, Colorado, where he has worked as an Amazon delivery driver.

20.    Plaintiffs bring this FLSA collective action on their own behalf and on behalf of all other similarly situated delivery drivers throughout the country who have contracted directly with Amazon, who may choose to opt in to this action.

THIRD AMENDED COMPLAINT -6

21.     Plaintiffs Rittmann and Carroll bring this Rule 23 class action on their own behalf and on behalf of all other similarly situated Amazon delivery drivers in Washington state, as well as on behalf of all other similarly situated Amazon delivery drivers in Seattle.

22.     Plaintiffs Lawson, Carroll, and Wilkins bring this Rule 23 class action on their own behalf and on behalf of all other similarly situated Amazon delivery drivers in California.

23.     Plaintiff Brown brings this Rule 23 class action on her own behalf and on behalf of all other similarly situated Amazon delivery drivers in Illinois.

24.     Plaintiff Davarci brings this Rule 23 class action on his own behalf and on behalf of all other similarly situated Amazon delivery drivers in New York.

25.     Plaintiff Yarleque brings this Rule 23 class action on her own behalf and on behalf of all other similarly situated Amazon delivery drivers in New Jersey.

26.     Plaintiff Davarci brings this Rule 23 class action on his own behalf and on behalf of all other similarly situated Amazon delivery drivers in New York.

27.     Plaintiffs Debra Wilkins, Shenia Brown, and Craig Adams, further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon Flex delivery drivers who have worked anywhere in the United States where Amazon's policy described above has been in effect -- namely, using customer tips intended to benefit drivers to fund its operations by subsidizing the guaranteed minimum payments that it promised and owed its drivers.  Plaintiffs contend that Amazon has violated the common law of the various states.  On behalf of all similarly situated Amazon Flex delivery drivers, Plaintiffs seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

28.     Defendant Amazon Logistics, Inc. is a Delaware corporation, headquartered in Seattle, Washington.  It has more than fifty employees.  On

THIRD AMENDED COMPLAINT -7

information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., and delivery drivers such as the named Plaintiffs have contracted directly with Amazon through Amazon Logistics, Inc.  Together, Amazon.com, Inc. and Amazon Logistics, Inc. are referred to in this complaint collectively as "Amazon".

## III.    JURISDICTION

29.    This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 as the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

30.    This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as they are so related to their FLSA claims that they form part of the same case or controversy.

31.    The Court also has jurisdiction over Plaintiffs' California state law claims under the federal Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Defendants are Washington citizens and members of this class reside primarily in California; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

32.    Venue is proper in this district under 28 U.S.C. § 1391.

## IV.    STATEMENT OF FACTS

33.    Amazon is a Seattle-based electronic retailer that provides delivery service of consumer and electronic goods to its customers in cities throughout the country.

34.    Amazon contracts directly with drivers around the country to provide these delivery services.  Although classified as independent contractors, these delivery drivers are actually employees.  Drivers receive (unpaid) training regarding how to interact with customers and how to handle issues they encounter while making deliveries. They must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take.  Drivers can be penalized or

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

terminated for missing scheduled shifts.  Drivers also must follow requirements and rules imposed on them by Amazon and are subject to termination, based on Amazon's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse, etc.).

35.     In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers provide.  The drivers' services are fully integrated into Amazon's business.

36.     However, based on its classification of them as independent contractors, Amazon requires its drivers to pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone and data plan.  For example, during the week of December 18 to 24, 2016, Plaintiff Raef Lawson drove over 200 miles to make deliveries for Amazon and had to pay for his own gas.  Likewise, he had to pay for his own phone data while he ran the Amazon application on his phone for hours at a time.

37.     Amazon delivery drivers do not receive proper itemized wage statements from Amazon and instead are simply provided with weekly totals reflecting how much money they were paid that week without showing how many hours they actually worked performing deliveries or how compensation was calculated.  Amazon's general counsel was informed of these deficiencies by a letter from the Plaintiffs dated November 23, 2016, but has not remedied the violations, and instead, has willfully continued to distribute deficient pay statements to drivers.

38.     In light of the expenses the delivery drivers bear in order to perform their jobs, the drivers' hourly wages often fall below federal minimum wage.  For the Amazon delivery drivers who work in Washington, in light of the expenses the drivers bear in order to perform their jobs, their wages often fall below state minimum wage,

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

and for the drivers who work in Seattle, their wages often fall below Seattle's local minimum wage. Likewise, for the Amazon delivery drivers who work in New Jersey, New York, California, and Illinois, in light of the expenses the drivers universally must bear in order to perform their jobs, their wages often fall below the applicable state minimum wage.

39. For example, Plaintiff Carroll estimates that his weekly wage consistently fell below the applicable Washington minimum wage throughout the period he worked for Amazon in Washington state when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs. Specifically, during the weeks of February 10 to 16, 2016 and February 17 to 23, 2016 he believes he made less than the Washington state minimum wage (then, $9.47 per hour). Specifically, after accounting for expenses and excluding tips from customers, he estimates he made approximately $8.28 per hour during those weeks. He further believes his hourly wage fell below the federal minimum wage ($7.25 per hour) during the weeks of August 10 to 16, 2016 and August 17 to 23, 2016 when he worked for Amazon in Las Vegas, Nevada. Specifically, after accounting for expenses and excluding tips from customers, he estimates he made between $5.75 and $7.00 per hour those weeks.

40. Likewise, Plaintiff Wehmeyer estimates that her weekly wage fell below the federal minimum wage ($7.25 per hour), for example, during the weeks of March 2 to 8, 2016 and July 20 to 26, 2016, when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs. Specifically, after accounting for expenses and excluding tips from customers, she estimates she made approximately $6.50 per hour. Likewise, Plaintiff Rittmann estimates that her weekly wage fell below the federal minimum wage ($7.25 per hour) during the month of July 2016 when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs and the uncompensated time she spent working on past her

THIRD AMENDED COMPLAINT -10

scheduled shifts.[1]

     41.     Plaintiff Yarleque estimates that her weekly wage often fell below the applicable New Jersey minimum wage throughout the period she worked for Amazon in New Jersey when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs. Specifically, during the weeks of June 29, 2020 to July 5, 2020, she believes she made less than the New Jersey state minimum wage (then, $11 per hour). Specifically, after accounting for expenses and excluding tips from customers, she estimates she made less than $7 per hour. Likewise, Plaintiff Davarci estimates that his weekly wage consistently fell below the applicable New York minimum wage throughout the period he worked for Amazon in New York when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs. Specifically, during the week of March 9 to March 16, 2021, he believes he made less than both the federal and state minimum wage. Specifically, after accounting for expenses and excluding tips from customers, he estimates he made less than $5 per hour. Plaintiff Wilkins estimates that her weekly wage consistently fell below the applicable California minimum wage throughout the period she worked for Amazon in California when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs. Specifically, during the week of November 18, 2020 and November 25, 2020, she believes she made less than the applicable state minimum wage (then, $13 per hour). Specifically, after accounting for expenses and excluding tips from customers, she estimates she made approximately $10.46 per hour.

     42.     In addition, when driving for Amazon, delivery drivers receive an hourly

---

[1]    Plaintiffs calculated their minimum wage damages by using their weekly earnings to estimate how many hours they worked in a given week, subtracting all tips (because Plaintiffs contend that Amazon is not entitled to take the tip credit, see 29 U.S.C.A. § 203(m)) and then subtracting estimated mileage expenses and tolls. These are necessarily only estimates because Amazon is in possession of relevant pay, mileage, and hours information that they have not provided to the plaintiffs.

THIRD AMENDED COMPLAINT -11

rate of pay for scheduled shifts. However, it often takes the drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time.

43. Not only is this unpaid time a violation of Washington state law (and local Seattle law, for those drivers who work in Seattle), but this unpaid time further pushes the drivers' wages below federal, state, and local minimum wage.

44. In addition, these delivery drivers are not paid overtime for hours they work in excess of forty per week. For example, named Plaintiff Freddie Carroll regularly worked in excess of forty hours per week for Amazon from the period January through June of 2016 but was not been paid one-and-a-half times his regular rate for any overtime hours. Carroll does not have access to any records showing the precise number of hours he worked in any given week because Amazon does not provide its drivers with any proper wage statements; however, Carroll's best recollection is that he worked more than forty hours during the weeks of April 6 to 12, 2016 and April 13 to 19, 2016. During those weeks, Carroll was not paid time-and-a-half his regular hourly rate of $18.00 per hour for any of the hours he worked in excess of forty hours.

45. Furthermore, some Amazon orders are eligible to receive tips from customers. Amazon has repeatedly represented to both its customers and its Amazon delivery drivers, including but not limited to in its contracts, advertising, website, and training materials, that all tips paid by customers are paid in full to the drivers. However, Amazon has not always paid all tips that customers intended to benefit Amazon Flex delivery drivers to these drivers.

46. Instead, beginning in late 2016 until approximately August 2019, Amazon retained portions of drivers' tips rather than distributing them all to the drivers. Specifically, while Amazon has offered a flat rate for some delivery blocks (which equates to its promised hourly rate of $18-25/hour), Amazon has clandestinely paid a

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

variable rate to drivers performing deliveries that are eligible for tips. For the latter deliveries, Amazon used customer tips to subsidize its minimum payments to drivers. Amazon used these customer tips to offset its contribution to drivers' promised hourly base pay rate without the knowledge of drivers or customers. The result is that the Amazon Flex delivery drivers often receive no additional compensation when the customer leaves a tip.

47.     To accomplish the goal of using customer tips to offset its payment obligations, Amazon deliberately failed to provide drivers with information about how much they had been paid in tips and how much they had been paid by Amazon, instead supplying their total pay and deliberately obscuring the fact that customer tips were being used to subsidize their pay from Amazon.

48.     As a result of the practice described above, Plaintiffs and class members have been deprived of gratuities from customers to which they are entitled under state statutory and common law.

49.     Amazon's representations to drivers and customers gave rise to a contractual obligation to provide all customer tips paid to AmazonFlex delivery drivers by customers to the drivers making those deliveries. Amazon has breached its contractual obligations to its drivers by failing to remit the full proceeds of tips that customers intended AmazonFlex delivery drivers to receive.

50.     Furthermore, by retaining tips owed to Amazon Flex delivery drivers, which customers have paid for those drivers' benefit, Amazon has been unjustly enriched to the drivers' detriment.

## V.      THE NATIONWIDE COLLECTIVE ACTION

51.     Plaintiffs bring the first and second cause of action on behalf of themselves and all other drivers who may choose to opt in to this case who have contracted directly with Amazon to provide delivery services in the United States,

THIRD AMENDED COMPLAINT -13

between three years since they brought this complaint and the date of final judgment in this matter.

52.     Plaintiffs bring these counts under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiffs and these other Amazon delivery drivers are similarly situated in that they are all subject to Amazon's common plan or practice of classifying drivers as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI.     THE WASHINGTON RULE 23 CLASS ACTION ALLEGATIONS

53.     Plaintiffs Bernadean Rittmann and Freddie Carroll bring (1) the third, fourth, and fifth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all delivery drivers who have contracted directly with Amazon to provide delivery services in Washington state beginning three years prior to the filing date of this complaint and ending on the date of final judgment in this matter and (2) the sixth cause of action on behalf of all such delivery drivers who have worked for Amazon in Seattle between January 1, 2016, and the date of final judgment in this matter.

54.     Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures such that they do not receive at least Washington state minimum wage for all hours worked (and Seattle minimum wage, for those who worked in Seattle).

55.     The members of the class are so numerous that joinder of all class members is impracticable.

56.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, failing to ensure they are paid at least minimum wage for all weeks (after

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

accounting for business expenses they must bear), and failing to ensure they are paid time-and-a-half their regular rate for all hours worked in excess of forty per week, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

b. Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

57.     Plaintiffs Rittmann and Carroll are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

58.     These named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

59.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

60.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is

THIRD AMENDED COMPLAINT -15

impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VII.   THE CALIFORNIA RULE 23 CLASS ACTION ALLEGATIONS

62.   Plaintiffs Raef Lawson, Freddie Carroll, and Debra Wilkins bring the seventh, eighth, ninth, and tenth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all delivery drivers who have contracted directly with Amazon to provide delivery services in California between three years since they brought this complaint and the date of final judgment in this matter.

63.   Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures, in violation of Cal. Labor Code § 2802, and likewise, have not been provided with itemized pay statements containing all the information required by California law, Cal. Labor Code § 226(a). Further, drivers making tipped deliveries between approximately 2016 and August 2019, have uniformly been deprived of gratuities that were not remitted to them.

64.   The members of the class are so numerous that joinder of all class members is impracticable. On information and belief, the class contains more than 50 members.

65.   Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors and failing to reimburse them for necessary business expenses exist as to all members of the class and

THIRD AMENDED COMPLAINT -16

predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

b. Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

66. Plaintiffs Lawson, Carroll, and Wilkins are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

67. The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

68. The named plaintiffs will fairly and adequately represent and protect the interests of the class. The named plaintiffs have retained able counsel experienced in class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

69. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

70. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VIII.    THE ILLINOIS RULE 23 CLASS ACTION ALLEGATIONS

71.    Plaintiff Shenia Brown brings the eleventh and twelfth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Amazon Flex delivery drivers who have contracted directly with Amazon to provide Amazon Flex delivery services in Illinois.

72.    Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures and do not receive at least Illinois state minimum wage for all hours worked.

73.    The members of the class are so numerous that joinder of all class members is impracticable.

74.    Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, and failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

b. Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

THIRD AMENDED COMPLAINT -18

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

75.     Plaintiff Brown is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein.

76.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

77.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

78.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IX.     THE NEW YORK RULE 23 CLASS ACTION ALLEGATIONS

80.     Plaintiff Sancak Davarci brings the thirteenth, fourteenth, and fifteenth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil

THIRD AMENDED COMPLAINT -19

Procedure on behalf of all AmazonFlex delivery drivers who have contracted directly with Amazon to provide Amazon Flex delivery services in New York.

81.    Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures and do not receive at least New York state minimum wage for all hours worked.

82.    The members of the class are so numerous that joinder of all class members is impracticable.

83.    Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, and failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a)    Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

b)    Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

c)    Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

84.    Plaintiff Davarci is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein.

85.    The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

THIRD AMENDED COMPLAINT -20

86.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

87.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

88.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## X.     THE NEW JERSEY RULE 23 CLASS ACTION ALLEGATIONS

89.     Plaintiff Cinthia Yarleque brings the sixteenth and seventeenth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all AmazonFlex delivery drivers who have contracted directly with Amazon to provide Amazon Flex delivery services in New Jersey.

90.     Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures and do not receive at least New Jersey state minimum wage for all hours worked.

91.     The members of the class are so numerous that joinder of all class members is impracticable.

THIRD AMENDED COMPLAINT -21

92.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, and failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

d) Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

e) Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

f) Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

93.     Plaintiff Yarleque is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein.

94.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

95.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

96.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

97.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## XI.     THE NATIONWIDE COMMON LAW RULE 23 CLASS

98.     Plaintiffs bring the eighteenth and nineteenth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Amazon delivery drivers who have contracted directly with Amazon to provide Amazon delivery services across the United States and who were affected by the conduct described herein.

99.     Plaintiffs and other class members have uniformly been deprived of gratuities that were not remitted to them.

100.    The members of the class are so numerous that joinder of all class members is impracticable.

101.    Common questions of law and fact regarding Amazon's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a.    Whether Defendants failed to provide Amazon Flex delivery drivers with the full financial benefit of gratuities left for them by customers and thereby failed to distribute the total proceeds of those gratuities to drivers;

THIRD AMENDED COMPLAINT -23

b.  Whether Defendants retained a portion of the gratuities for themselves to defray their payment obligations to the drivers;

c.  Whether Defendants tortiously interfered with the advantageous relationship between drivers and customers, in which customers intended for drivers to benefit from their payment of gratuities for the drivers' benefit;

d.  Whether Defendants have been unjustly enriched at plaintiffs' expense.

102.  Plaintiffs, including but not limited to Plaintiffs Wilkins, Adams, and Brown, are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

103.  The named plaintiffs' claims are typical of the claims of the class, and the named plaintiff have the same interests as the other members of the class.

104.  The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

105.  The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

106.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

107.    Amazon's willful conduct in failing to ensure that its delivery drivers across the country, with whom it has directly contracted, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates the FLSA, 29 U.S.C. § 201, *et seq*.  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II
### Failure to Pay Overtime in Violation of the FLSA

108.    Amazon has willfully failed to pay one and one-half times the regular rate of pay for its delivery drivers across the country who have worked in excess of forty (40) hours per week, in violation of the FLSA, 29 U.S.C. §207(a)(1).  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### Failure to Pay Minimum Wage
### in Violation of Washington Minimum Wage Act
### RCW § 49.46.020

109.    Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in Washington receive the Washington state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates Wash. Rev. Code § 49.46.020.  This claim is brought on behalf of a class of similarly situated individuals who have performed services for Amazon Flex in Washington state during the relevant period.

THIRD AMENDED COMPLAINT -25

**COUNT IV**
**Failure to Pay Overtime**
**in Violation of Washington Minimum Wage Act**
**RCW § 49.46.130**

110.    Amazon's willful conduct, as set forth above, in failing to pay its delivery drivers who have worked in Washington time-and-a-half their regular rate of pay for all hours worked beyond forty per week as required by Washington law, violates Wash. Rev. Code § 49.46.130.  This claim is brought on behalf of a class of similarly situated individuals who have performed services for Amazon Flex in Washington state during the relevant period.

**COUNT V**
**Willful Withholding of Wages under Washington Law**
**RCW §§ 49.52.50, 49.52.70**

111.    Amazon's willful conduct, as set forth above, in failing to pay its delivery drivers who have worked in Washington for hours worked beyond their assigned shift as required by Washington law, violates Wash. Rev. Code §§ 49.52.50, 49.52.70.  This claim is brought on behalf of a class of similarly situated individuals who have performed services for Amazon Flex in Washington state during the relevant period.

**COUNT VI**
**Failure to Pay Minimum Wage**
**in Violation of Seattle Minimum Wage Ordinance, Council Bill 118585**

112.    Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in Seattle receive the Seattle minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, constitutes a violation of Seattle Minimum Wage Ordinance, Council Bill 118585, which prescribes a higher hourly minimum wage (which was $13.00 per hour as of January 16, 2016, and will increase in future years up to $15.00 per hour), for employers of fifty or more.  This claim is brought on behalf of a class of similarly situated individuals who have

THIRD AMENDED COMPLAINT -26

performed services for Amazon Flex in Seattle during the relevant time period.

## COUNT VII
### Failure to Reimburse Necessary Business Expenses
### in Violation of California Labor Code
### Cal. Lab. Code § 2802

113.　Amazon's conduct, as set forth above, in failing to reimburse its delivery drivers who have worked in California for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates California Labor Code § 2802.  This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California during the relevant time period.

## COUNT VIII
### Failure to Provide Itemized Wage Statements
### in Violation of California Labor Code
### Cal. Lab. Code § 226(a)

114.　Amazon's conduct, as set forth above, in failing to provide proper itemized wage statements to its delivery drivers who have worked in California constitutes a violation of California Labor Code § 226(a).  This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California during the relevant time period.

## COUNT IX
### Failure to Pay Minimum Wage
### in Violation of California Labor Code
### Cal. Lab. Code §§ 1197, 1194, 1197.1, 1199; Wage Order 9-2001

115.　Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in California receive the California state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates Cal. Lab.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Code §§ 1197, 1194, 1197.1, 1199 and Wage Order 9-2001. This claim is brought

behalf of a class of similarly situated individuals who have performed services for

Amazon Flex in California during the relevant time period.

## COUNT X
### Failure to Remit Full Proceeds of Gratuities
### in Violation of California Labor Code
### Cal. Lab. Code § 351

116.    Amazon's conduct, as set forth above, in failing to remit to its delivery

drivers who have worked in California the total proceeds of gratuities collected from

customers constitutes a violation of California Labor Code § 351. This violation is

enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code

§ 17200 *et seq*. ("UCL"). Defendants' conduct constitutes unlawful, unfair, or

fraudulent business acts or practices, in that Defendants have violated California

Labor Code § 351 in not remitting to Amazon Flex delivery drivers the total gratuities

that are charged to customers. Pursuant to California Business and Professions Code

§ 17203, Plaintiff Wilkins, Carroll, and Lawson, and class members seek declaratory

and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to

recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs

and class members are entitled to recover reasonable attorneys' fees, costs, and

expenses incurred in bringing this action. This claim is brought behalf of a class of

similarly situated individuals who have performed services for Amazon Flex in

California from approximately December 2016 through August 2019.

## COUNT XI
### Failure to Reimburse Necessary Business Expenses
### in Violation of Illinois Wage Payment and Collections Act
### 820 ILCS § 115, *et seq*.

117.    Amazon's conduct, as set forth above, in failing to reimburse its delivery

drivers who have worked in Illinois for the expenses necessary to perform their job,

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

such as gas, car maintenance, a smartphone and data plan, violates 820 ILCS 115/9.5(a). This claim is brought on behalf of all Amazon delivery drivers who have worked for Defendants in Illinois from January 1, 2019, until the date of judgment in this action. <u>See</u> 735 ILCS § 5/13–206.

## COUNT XII
### Failure to Pay Minimum Wage
### in Violation of Illinois Minimum Wage Law
### 820ILCS § 105/1, *et seq*.

118.    Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in Illinois receive the Illinois state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, constitutes a violation of 820 ILCS § 105/1, *et seq.*  This claim is brought on behalf of all Amazon Flex delivery drivers who have worked for Amazon in Illinois during the last three years prior to the date of filing of this Complaint until the date of judgment in this action. <u>See</u> 820 §ILCS 105/12.

## COUNT XIII
### Failure to Reimburse Necessary Business Expenses
### in Violation of New York Labor Law
### N.Y. Lab. L. Article 19, §§ 193 and 198-b

119.    Amazon's conduct in failing to reimburse its delivery drivers who have worked in New York for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates New York law, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650, *et seq.*  Specifically, Defendants' requirement that Plaintiff Davarci and other AmazonFlex delivery drivers pay for their own expenses necessary expenses to perform their delivery work (such as gas, car maintenance, and smartphone expenses), operates as a deduction from wages in violation of NYLL, Article 19, §§ 193 and 198-b, and the supporting New York State Department of Labor

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Regulations. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in New York during the relevant time period.

### COUNT XIV
**Failure to Pay Minimum Wage**
**in Violation of New York Labor Law**
**N.Y. Lab. L., Article 19, §§ 650, *et seq.***

120.    Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in New York receive the New York state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in New York during the relevant time period.

### COUNT XV
**Failure to Remit Full Proceeds of Gratuities**
**in Violation of New York Labor Law**
**N.Y. Lab. L. § § § 193, 196-d and 198-b**

121.    Amazon's conduct, as set forth above, in failing to remit to its delivery drivers who have worked in New York the total proceeds of gratuities collected from customers constitutes a violation of N.Y. Lab. L. § § § 193, 196-d and 198-b. Defendants made illegal deductions from Plaintiff Davarci and Class members' pay, and retained portions of Plaintiffs' tips.  This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California from approximately December 2016 through August 2019.

### COUNT XVI
**Failure to Reimburse Necessary Business Expenses**
**in Violation of New Jersey Wage Payment Law ("NJWPL")**
**N.J.S.A. § 34:11-4.1(a)**

122.    Amazon's conduct, as set forth above, in failing to reimburse its delivery

THIRD AMENDED COMPLAINT -30

drivers who have worked in New Jersey for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates New Jersey law.  Specifically, Amazon pays Plaintiff Yarleque and other Amazon Flex delivery drivers compensation for their services that constitute wages pursuant to N.J.S.A. § 34:11-4.1(c); however, Defendants' requirement that Plaintiff Yarleque and other AmazonFlex delivery drivers pay for their own expenses necessary to perform their delivery work (such as gas, car maintenance, and smartphone expenses), operates as a deduction from wages in violation of NJWPL, N.J.S.A. § 34:11-4.4.  Defendants' conduct, as set forth above, in effectively deducting Plaintiffs' necessary business expenses from their earned wages, violates the NJWPL, N.J.S.A. § 34:11-4.4. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in New Jersey during the relevant time period.

<u>**COUNT XVII**</u>
**Failure to Pay Minimum Wage**
**in Violation of New Jersey Wage and Hour Law**
**N.J.S.A. § 34:11-56(a)**

123.    Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in New Jersey receive the New Jersey state minimum wage for all hours worked Amazon's willful conduct in failing to ensure that its delivery drivers who have worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a).  This claim is brought on behalf of all drivers who have worked for Amazon in New Jersey during the last six years prior to the date of filing of this Complaint until the date of judgment in this action.

THIRD AMENDED COMPLAINT -31

## COUNT XVIII
### Unjust Enrichment

124.   Amazon's conduct as set forth above constitutes unjust enrichment, giving rise to a claim for restitution under the common law of the various states in which the conduct described above took place.  By retaining the sums that customers paid as gratuities intended for Amazon Flex drivers, Defendants have been unjustly enriched at Plaintiffs' expense.  Plaintiffs are entitled to restitution under the related common law doctrine of quantum meruit.  This claim is brought on behalf of the national class.

## COUNT XIX
### Intentional Interference with Advantageous Relations

125.   Amazon's conduct as set forth above in failing to remit the total proceeds of gratuities collected from customers to Amazon delivery drivers constitutes unlawful interference with the implied contractual and/or advantageous relationships that exists between the Amazon drivers and the defendants' customers under the common law of the various states in which the conduct described above took place. This claim is brought on behalf of the national class.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a.  Allow other similarly situated Amazon delivery drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Count III, IV, and V and appoint Plaintiffs Bernadean Rittmann and Freddie Carroll and their counsel to represent a class of Amazon delivery drivers who have worked in Washington;

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

c. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count VI and appoint Plaintiffs Bernadean Rittmann and Freddie Carroll and their counsel to represent a class of Amazon delivery drivers who have worked in Seattle, Washington;

d. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts VII, VIII, IX, and X and appoint Plaintiff Raef Lawson, Freddie Carroll, and Debra Wilkins, and their counsel to represent a class of Amazon delivery drivers who have worked in California;

e. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XI through XII and appoint Plaintiff Shenia Brown and her counsel to represent a class of Amazon delivery drivers who have worked in Illinois;

f. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XIII, XIV, and XV, and appoint Plaintiff Sancak Davarci and his counsel to represent a class of Amazon delivery drivers who have worked in New York;

g. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XVI and XVII and appoint Plaintiff Cinthia Yarleque and her counsel to represent a class of Amazon delivery drivers who have worked in New Jersey;

h. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XVIII through XIX and appoint Plaintiffs Wilkins, Brown, and Adams and their counsel to represent a class of Amazon delivery drivers across the country who have been affected by Amazon's unlawful retention of gratuities;

i. Declare and find that Amazon violated FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay Plaintiffs and other similarly situated Amazon delivery drivers the federal minimum wage and overtime wages;

j. Declare and find that Amazon violated RCW 49.46 by failing to pay minimum wage for all hours worked, and failing to pay overtime for all hours worked;

THIRD AMENDED COMPLAINT -33

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

k. Declare and find that Amazon willfully withheld wages in violation of RCW 49.52;

l. Declare and find that Amazon violated the Seattle Minimum Wage Ordinance by failing to pay minimum wage for all hours worked;

m. Declare and find that Amazon violated California Labor Code §§ 2802, 226(a), and 351;

n. Declare and find that Amazon violated Illinois law, 820 ILCS 115/9.5(a) and IMWL, 820 ILCS § 105/1, *et seq.*;

o. Declare and find that Amazon violated New York law, N.Y. Lab. L. Article 19, §§ 193 and 198-b, N.Y. Lab. L., Article 19, §§ 650, *et seq.*;

p. Declare and find that Amazon violated New Jersey law, NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*, and N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a);

q. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

r. Award all costs and attorney's fees incurred prosecuting this claim;

s. Award liquidated damages;

t. Award interest;

u. Order injunctive relief directing Amazon to comply with Washington state law, the Seattle Minimum Wage Ordinance, California state law, Illinois state law, New York state law, and New Jersey state law, as set forth herein; and

v. Such other relief as in law or equity may pertain.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

December 20, 2021

Respectfully submitted,

BERNADEAN RITTMANN, FREDDIE CARROLL,
JULIA WEHMEYER, RAEF LAWSON, DEBRA
WILKINS, SANCAK DAVARCI, SHENIA BROWN,
CINTHIA YARLEQUE, and CRAIG ADAMS,
individually and on behalf of all others similarly
situated,

s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, *pro hac vice*
Harold L. Lichten, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
Email: sliss@llrlaw.com,
hlichten@llrlaw.com,
apagano@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
Hoge Building
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone (206) 682-6711
Fax: (206) 682-0401
msubit@frankfreed.com

THIRD AMENDED COMPLAINT -35

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ryan D. Redekopp
K&L Gates
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Ryan.Redekopp@klgates.com

Richard G. Rosenblatt
James Walsh Jr.
Morgan Lewis Bockius
502 Carnegie Center
Princeton, NJ 08540
rrosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian Berry
Morgan Lewis Bockius
One Market, Spear Street Tower
San Francisco, CA 94105
Brian.berry@morganlewis.com

and I hereby certify that there are no parties receiving this notice via US Mail.

DATED this 20th day of December 2021

_/s/ Shannon Liss-Riordan_
Shannon Liss-Riordan, Esq.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800