THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

Defendants.

CASE NO. C16-1554-JCC

ORDER

This matter comes before the Court on Plaintiff Iain Mack's motion to lift the stay and for partial summary judgment (Dkt. No. 165), Defendants' cross motion to extend the stay and to strike Plaintiff's motion for partial summary judgment (Dkt. No. 170), and Defendants' separate motion to continue the stay pending United States Supreme Court rulings (Dkt. No. 186). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion, GRANTS in part and DENIES in part as moot Defendants' cross motion, and GRANTS Defendants' motion to continue the stay for the reasons explained below.

## I. BACKGROUND

The facts of this case have been outlined in a prior order, and the Court will not repeat them here. (*See* Dkt. No. 115.) In 2019, the Court granted Defendants' motion to continue the stay on this case, pending a decision by the Ninth Circuit. (Dkt. No. 133.) In January 2021, the

parties filed a Joint Status Report (Dkt. No. 162). In the report, the parties proposed extending the stay pending the United States Supreme Court's consideration of Defendants' petition for *certiorari* regarding the Ninth Circuit's decision affirming this Court's denial of Defendants' motion to compel arbitration. (*See* Dkt. No. 162 at 2.) The Supreme Court subsequently denied the petition for *certiorari*.[1]

Following denial of *certiorari*, Plaintiff Mack moved to lift the stay, and for partial summary judgment. (*See* Dkt. No. 165.) In response, Defendants cross-moved to extend the stay, pending a decision in an arguably similar case,[2] to strike Plaintiff Mack's motion for partial summary judgment, and for a telephonic hearing pursuant to Local Civil Rule 7(i). (*See* Dkt. No. 170.) Before the Court rendered a decision on those motions, Defendants separately moved to continue the stay in this case pending the outcome of two other arguably similar Supreme Court cases. (*See* Dkt. No. 186.)

## II. DISCUSSION

### A. Continuation of Stay

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. Courts often consider the following factors when determining whether a stay pending appeal is appropriate: (1) whether the movant has made a strong showing of its likelihood of success on appeal; (2) whether the movant will be

---

[1] *See* Dkt. No. 164 at 2 (citing *Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021)).

[2] The Supreme Court ultimately denied *certiorari* in that case. *See Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021), *reh'g denied*, 141 S. Ct. 2886 (2021).

irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the non-movant's interests; and (4) whether public interest favors a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court will apply those factors to the instant motions.

Plaintiff Mack moved to lift the stay here following the Supreme Court's denial of *certiorari* in this case. (Dkt. No. 165; *see* Dkt. No. 164.) While the Court agrees that the stay is no longer warranted on these grounds, Defendants seek to continue the stay pending the outcome of two arguably similar cases before the Supreme Court: *Sw. Airlines Co. v. Saxon*, 993 F.3d 492 (7th Cir. 2021), *cert. granted*, No. 21-309, 2021 WL 5858631 (2021), and *Moriana v. Viking River Cruises, Inc.*, 2020 WL 5584508 (Cal. App. 2d Dist. 2020), *cert. granted*, 20-1573, 2021 WL 5911481 (2021).[3] (*See* Dkt. No. 186.) They argue that a decision in those cases will inform the Court's decision here. Thus, the Court must consider whether the *Braunskill* factors weigh in favor of a stay pending the outcome of these cases.

The Court previously stayed this case because, absent a stay, Defendants could have been forced to litigate hundreds of claims and lose the right to arbitration as to all Plaintiffs in this lawsuit, even if the Ninth Circuit ultimately reversed this Court's ruling denying Defendants' motion to compel. (*See* Dkt. No. 133.) While the Ninth Circuit did ultimately affirm this Court's ruling,[4] Defendants submit that the Supreme Court's recent decision to grant *certiorari* to address a circuit split on an analogous interpretation of the same Federal Arbitration Act ("FAA") exemption could equally impact the parties in this case. (*See* Dkt. No. 186 at 7.)

The FAA exemption case referenced by Defendants concerns whether an airline employee working as a ramp agent supervisor, unloading goods from vehicles that travel in interstate commerce, is a "transportation worker" for the purposes of the FAA exemption. *See*

---

[3] Defendants' prior motion to extend the stay pending the outcome of Amazon's petition in *Waithaka* (Dkt. No. 170) is DENIED as moot, as the Supreme Court denied the petition. *See Waithaka*, 966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021), *reh'g denied*, 141 S. Ct. 2886 (2021). Defendants' motion for a telephonic hearing is also DENIED as moot. *See infra* Section II(B).

[4] *See Rittmann*, 383 F. Supp. 3d at 1202–03, *aff'd*, 971 F.3d 904, 915 (9th Cir. 2020).

*Saxon*, 993 F.3d at 492 (7th Cir. 2021), *cert. granted*, No. 21-309, 2021 WL 5858631 (2021). Thus, Defendants assert there is a reasonable chance that the Supreme Court will agree with its contention that the exemption covers only classes of workers who physically cross state lines in the course of their work. Plaintiffs disagree. They argue *Saxon* is about whether a cargo loader, not a last-mile delivery driver, is a "transportation worker. " (*See* Dkt. No. 191 at 6–8.) Therefore, it has no bearing on the instant case. (*Id.*) But even if this were true, this factual distinction does not foreclose the possibility of a more expansive opinion coming from the Supreme Court.

Defendants also rely on *Moriana* in arguing to continue the stay in this case. (Dkt No. 186 at 8.) In that case, which the Supreme Court recently granted *certiorari* to decide whether the FAA requires enforcement of a bilateral arbitration agreement providing that an employee cannot raise representative claims, including under [the California Private Attorneys General Act ("PAGA")]." *See* Petition for Writ of *Certiorari* at i, *Viking River Cruises, Inc. v. Moriana*, (2021) (No. 20-1573) 2021 WL 5911481, at *i. As a result, *Moriana's* outcome, depending on the breadth of the *Saxon* decision, could render Plaintiff Mack's PAGA claim in a consolidated case, *see Iain Mack, et al., v. Amazon.com, et al.*, Case No. C17-1438-JCC, Dkt. No. 19 (W.D. Wash. 2017), arbitrable. Plaintiffs argue that *Moriana* will have no impact because Mack is an exempt transportation worker and thus not bound to arbitrate. But this of course could change if *Saxon* impacts the scope of the "transportation workers" classification. (Dkt. No. 191 at 14.)

For the same reasons the *Braunskill* factors warranted a stay pending the Ninth Circuit decision on Defendants' motion to compel arbitration, a stay is now warranted pending the Supreme Court's decision in *Saxon*. *Moriana* only further supports a stay. With regard to the first *Braunskill* factor, the enforceability issue in *Moriana* is novel. With regard to the second factor, if the stay is lifted, Defendants could potentially lose a right to arbitrate any PAGA claims as to all Plaintiffs in this case. Regarding the third factor, while the Court is sympathetic to Plaintiffs' concerns regarding continued delay in this case, the sheer volume of potential claims stemming

from a decision in this case warrants awaiting the outcome of Supreme Court review in *Saxon* and *Moriana*. As noted in the Court's previous order granting a stay, the issues central to this case bely the availability of arbitration to Plaintiffs should they seek immediate redress. Finally, the fourth factor does not weigh heavily for or against a stay. The public interest in expeditiously disposing of this case is offset by the novelty of the question of law and the public interest in conserving judicial resources.

Accordingly, the Court finds that continuing the stay is now warranted pending the Supreme Court's final decisions in *Southwest Airlines Co. v. Saxon*, No. 21-309, and *Viking River Cruises v. Moriana*, No. 20-1573.

**B. Partial Summary Judgment**

Federal Rule of Civil Procedure 56(b) provides that unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)).

Following Plaintiff Mack's motion for partial summary judgment (Dkt. No. 165), certain Plaintiffs filed a third amended complaint (Dkt. No. 188). Thus, the pleadings were not yet set at the time of Plaintiff Mack's motion. Further, as a result of the stay and new pleadings, Defendants have not filed an operative answer, the Court has not yet issued a discovery and scheduling order, and discovery has not yet begun. *See In re Microsoft Partner Program Litig.*, WL 1348390, slip. op. at 2 (W.D. Wash. 2006) (finding that it would be premature to consider a request for summary judgment before discovery had been conducted). Moreover, Defendants indicate they will likely file their own motion for summary judgment on the same issue raised by Plaintiff Mack once discovery concludes, depending on the outcome of the discovery process.

(Dkt. No. 175 at 9.)

Therefore, the Court finds that Plaintiff Mack's motion (Dkt. No. 165) was premature. The motion is DENIED without prejudice to refiling at the appropriate stage of this litigation.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff Mack's motion (Dkt. No. 165) is DENIED in its entirety, Defendants' cross-motion (Dkt. No. 170) is GRANTED in part and DENIED as moot in part, and Defendants' motion to continue the stay pending the Supreme Court's final decisions in *Southwest Airlines Co. v. Saxon*, No. 21-309, and *Viking River Cruises v. Moriana*, No. 20-1573. (Dkt. No. 186) is GRANTED.

DATED this 7th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE