THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, | CASE NO. C16-1554-JCC |
| Plaintiffs, | ORDER |
| v. | |
| AMAZON.COM, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to lift the stay (Dkt. No. 201). For the reasons explained below, the motion is GRANTED in part and DENIED in part.

The facts of this case have been outlined in prior order, and the Court will not repeat them here. (*See* Dkt. Nos. 115, 193.) In January 2022, the Court granted Defendants' motion to continue the existing stay pending the Supreme Court's final decisions in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022) and *Viking River Cruises v. Moriana*, 142 S. Ct. 1906 (2022). (Dkt. No. 193.) The Court ruled on both cases in its June term; Plaintiffs then moved to lift the stay. (*See* Dkt. No. 201.) Defendants oppose, arguing a stay is still necessary due to both unresolved procedural issues and the legal issues generated by *Southwest* and *Viking River Cruises*. (Dkt. No. 224.)

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254 (1936)); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

The Court agrees with Plaintiffs that a stay is no longer warranted based on the recent decisions in *Saxon* and *Viking River Cruises*. (Dkt. No. 225 at 6.) To note—Defendants argue *Saxon* called into question Ninth Circuit precedent concerning the application of the Federal Arbitration Act to plaintiffs in this matter. (Dkt. No. 224 at 3.) The Court is unconvinced: the Supreme Court declined to review the Ninth Circuit's decision on its arbitration agreement and expressly declined to reach *Rittman* in *Saxon*. *See Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021*). See also Saxon*, 142 S. Ct. at 1789 n.2. Regardless, Defendants themselves attest that they will "fully brief *Saxon*'s implications in [] forthcoming motion(s)." (*Id.*) It can likewise address its arguments concerning the viability of Private Attorneys General Act claims pursuant to *Vikings Cruises* and whether recently-consolidated plaintiffs are bound by arbitration clauses in its own motions practice. (*Id.* at 5–7.)

However, the Court notes that several threshold procedural issues have only grown more complex during the stay. At present, seven other cases have been consolidated with this action. (*See* Dkt. No. 200.) Interim lead counsel has not yet been appointed nor has it been determined how litigation should proceed. For purposes of judicial efficiency, these issues must be addressed ahead of further motions practice. Therefore, the Court finds a stay is still necessary to assist in their orderly resolution. But the duration of such a stay should be limited.

Accordingly, Plaintiffs' motion (Dkt. No. 201) is GRANTED in part and DENIED in part. The stay is LIFTED for the limited purpose of resolving two threshold issues: 1) the appointment of lead counsel and 2) how the consolidated cases in this matter should proceed. The parties are ORDERED to meet and confer, and to submit a joint status report by Friday, August 19, 2022. The report must address the two issues set forth above, either stipulating to a

1  course of action or briefing the Court on their respective recommendations.

2  DATED this 26th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE