The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>               Plaintiffs,<br><br>   v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>               Defendant(s). | Consolidated Action<br>Case No. C16-1554-JCC<br><br>JOINT STATUS REPORT |

By Order dated July 26, 2022, the Court directed the parties to file a joint status report addressing "1) the appointment of lead counsel and 2) how the consolidated cases in this matter should proceed." ECF No. 226 at p. 2.

In response to the Court's Order, the Parties submit their respective positions on the two issues set forth above:

**Plaintiffs' Position**:

   **A. Appointment of Lead Counsel**

JOINT STATUS REPORT - 1
Case No. C16-01554-JCC

Rittmann and Keller counsel believe the appropriate course of action is to appoint their firms as co-lead counsel on behalf of the California sub-class only. Rittmann counsel will remain lead counsel with respect to the other state law sub-classes (Washington, Illinois, New York, and New Jersey) and the FLSA claims.

In October 2016, the Rittmann Plaintiffs filed their Complaint as a class and collective action against Defendants, alleging that they and other Amazon Flex delivery drivers are misclassified as independent contractors and are owed unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq. and on behalf of a subclass of Amazon Flex drivers in Washington state under Washington law. See Rittmann, Civ. A. No. 2:16-cv-01554, (W.D. Wash.), ECF No. 1. Shortly thereafter, in December 2016, Plaintiffs amended the Complaint to add state law claims on behalf of a subclass of California Amazon Flex drivers. Id., ECF No. 33. They later added Illinois, New Jersey, and New York state law sub-classes. See ECF No. 188.

Several months after California state law claims were added to the Rittmann action, in March 2017, the Keller action was filed in California state court as a putative class action on behalf of California Amazon Flex drivers against the same defendants at issue here – Amazon.com Inc. and Amazon Logistics Inc. See Keller, Civ. A. No. 3:17-cv-02219-RS (N.D. Cal.), ECF No. 1-1. The case brought the same California Labor Code claims as Rittmann (expense reimbursement, failure to provide itemized pay statements, and minimum wage) as well as additional state law claims for failure to keep accurate records, overtime, meal & rest breaks, and failure to pay reporting time, in addition to a statutory claim for unfair business practices and common law claims. Id. In addition, the Keller plaintiffs submitted a letter to the California Labor and Workforce Development Board on March 10, 2017, pursuant to the administrative notice requirements for the prosecution of Private Attorneys

General representative action. See Keller, Civ. A. No. 3:17-cv-02219-RS (N.D. Cal.), ECF No. 24-1 at pp. 78-82. The Keller case was removed to federal court and eventually transferred to this Court and consolidated with Rittmann.

The other cases at issue here were filed many months (or years) after Rittmann and Keller on behalf of California Amazon Flex drivers, and they add little to the combined claims of the Rittmann and Keller actions .[1] None of these cases purports to include claims on behalf of any Amazon Flex drivers outside the state of California. Furthermore, Rittmann and Keller counsel are extremely experienced employment and class action litigators with a particular specialty in independent contractor misclassification, which is the central issue in this case. Indeed, Rittmann counsel have won countless summary judgment decisions, trials, and appeals on behalf of workers and have garnered landmark rulings under California law.[2]

---

[1] Although these cases do not presently have PAGA claims, Keller intends to amend in a PAGA claim as the plaintiff there has already provided the required statutory notice, and Rittmann counsel also represent Iain Mack who also has a pending PAGA claim in his case. With respect to the other cases, the Ponce action was filed in November 2018 (almost two years after Rittmann pled California state law claims), also as a putative class action in California state court bringing the same California state law claims as Keller. See Ponce, Civ. A. No. 2:19-cv-01718-JCC (N.D. Cal.) ECF No. 1-1. The Ronquillo case was also originally filed in in November 2018 in California state court as a putative class action on behalf of California independent contractors, bringing a slew of California state law claims. See Ronquillo, Civ. A. No 2:19-cv-00207-AB-FFM (C.D. Cal.) E.C.F. No. 17. The Hoyt case was filed in U.S. District Court for the Northern District of California, in January 2019, on behalf of California Amazon Flex drivers against the same defendants, Amazon.com, Inc. and Amazon Logistics, Inc. as a PAGA-only complaint based on violations of the same Labor Code claims as well as an illegal contract terms claim under Cal. Lab. Code § 432.5. See Hoyt, Civ. A. No. 3:19-cv-00218-JSC, (N.D. Cal.) ECF. No. 1-1. The Diaz case was also filed in state court as a putative class action on behalf of California Amazon Flex drivers in August 2020. See Diaz, Civ. A. No. 2:21-cv-00419-JCC, ECF No. 1-1. The case includes the exact same claims as Keller in addition to a deductions claim under Cal. Lab. Code §§ 221, 223, 400-410. Id. Finally, the Puentes case, was filed on behalf of California Amazon Flex drivers in November 2020, bringing the same state law claims as the other cases filed before it. See Puentes, Civ. A. No. 2:21-cv-01370, ECF No. 1-3.

[2] For instance, Rittmann counsel have won the first favorable summary judgment decision under the California Supreme Court's new test for independent contractor misclassification announced in Dynamex Operations W. v. Superior Court, 4 Cal.5th 903 (2018), reh'g denied (June 20, 2018).  See Johnson v. VCG-IS, LLC, Case No. 30-2015-00802813 (Super. Ct. Cal. Aug, 31, 2018), Ntc of Ruling on Motion for Summ. J. Rittmann

JOINT STATUS REPORT - 3
Case No. C16-01554-JCC

In light of these facts, as described above, Rittmann and Keller counsel believe the appropriate course of action is to appoint their firms as co-lead counsel on behalf of the California sub-class only. Rittmann counsel will remain lead counsel with respect to the other state law sub-classes (Washington, Illinois, New York, and New Jersey) and the FLSA claims.

As co-lead counsel, Rittmann and Keller counsel will apportion work among all of the various plaintiffs' firms for the consolidated cases as appropriate and share any eventual fee award accordingly.

### B. How the Case Should Proceed

Plaintiffs believe the appropriate course of action for the consolidated cases is to proceed to discovery and (in due course) class certification briefing. If the Court believes a consolidated complaint should be filed, it can set a deadline for doing so and for filing any further amendments to the pleadings, as well as a deadline for Defendants' responsive pleading. However, there is no reason to impose a continued stay.  The Court should simply set deadlines and a schedule for further proceedings and should allow this case to proceed.

Plaintiffs vigorously object to Defendants' suggestion that the case remain partially stayed until its motion(s) to dismiss or compel arbitration are resolved.  Amazon has already had ample opportunity to file such motions, and indeed, it has already filed a Motion to Dismiss in the Rittmann matter (see ECF No. 36) which was fully briefed and decided, as

---

counsel have also successfully certified classes under the Dynamex ABC test. James v. Uber Techs. Inc., 338 F.R.D. 123 (N.D. Cal. 2021). Rittmann counsel also won the landmark ruling from the California Supreme Court that the "ABC" test for employment status announced in Dynamex applies retroactively, including to the claims of the California subclass in this case. Vazquez v. Jan-Pro Franchising Int'l, Inc., 10 Cal. 5th 944, 478 P.3d 1207 (2021). Likewise, Plaintiffs' counsel have received other favorable rulings under the Dynamex standard, including that the ABC test applies in the franchise context. Vazquez v. Jan-Pro Franchising Int'l, Inc., 986 F.3d 1106 (9th Cir. 2021).

JOINT STATUS REPORT - 4
Case No. C16-01554-JCC

well as a Motion to Compel arbitration (see id.), which was denied and which decision was affirmed by the Ninth Circuit, with the Supreme Court denying review. See Rittmann v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020), cert. denied, 141 S. Ct. 1374121 (2021). If Amazon wishes to file a renewed Motion to Compel Arbitration, it may do so in due course as part of forthcoming class certification briefing and after some discovery has taken place.[3] Courts routinely certify subclasses of individuals who signed arbitration agreements and take up the enforceability of those agreements *after* certification, a course of action which is particularly appropriate here where the Court has already ruled that at least some versions of Amazon's arbitration agreement are *not* enforceable, and the Ninth Circuit has affirmed that holding. See In re Evanston Nw. Corp. Antitrust Litig., 2013 WL 6490152, *5 (N.D. Ill. Dec. 10, 2013); Davis v. Four Seasons Hotel Ltd., 2011 WL 4590393, *4 (D. Haw. Sept. 30, 2011) ("The possibility that Four Seasons may be able to compel unnamed members of the putative class to arbitrate in the future does not preclude class certification").[4] Amazon is also free to

---

[3] Amazon insists it should be afforded another opportunity to file another Motion to Compel based on the Supreme Court's recent decision in Southwest Airlines Co. v. Saxon, 142 S. Ct. 1783 (2022) and the fact that it has promulgated at least one new version of its arbitration agreement during the pendency of this case. These arguments are frivolous and certainly do not warrant holding up this case for months while they are briefed and discovery and other motion practice is indefinitely delayed. Saxon simply does not speak to whether last-mile delivery drivers are exempt from arbitration one way or the other; at most, it reinforces the reasoning of the Rittmann panel by affirming that the FELA line of cases are an appropriate source of discerning what Congress meant by "engaged in interstate commerce" when it passed the FAA. Id. at 1790. Further, Amazon's argument that some Plaintiffs are now bound by a different arbitration agreement – one which is enforceable under state law – is unlikely to succeed. It is clear that Amazon promulgated this new agreement *in direct response* to the Court's ruling in this case and in the parallel action, Waithaka v. Amazon.com Inc., 966 F.3d 10 (1st Cir. 2020), and without advising class or collective action members that accepting it would affect their rights in this pending case. Courts have frequently held under similar circumstances that such agreements are unenforceable or that corrective notice must be issued, giving class members an opportunity to decide whether to accept the agreement or participate in the litigation.

[4] See also Coleman v. Gen. Motors Acceptance Corp., 220 F.R.D. 64, 91 (M.D. Tenn. 2004) ("The possibility that some class members might have signed arbitration agreements does not defeat class certification, although the court reserves the right to create a subclass, modify the class definition, or otherwise specially treat the class members subject to arbitration

brief the enforceability of its arbitration agreements as part of its Opposition to Class Certification and argue that the class should be narrowed accordingly. In sum, there is no reason for any continued partial stay in this case, and Plaintiffs urge the Court to lift the stay and to set deadlines and a schedule for further proceedings.

**Defendants' Position**:

### A.   Appointment of Lead Counsel

The appointment of lead counsel should be determined based on one or more noticed motions before any further deadlines are set in the interest of the orderly management of these consolidated actions. *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (noting the importance of "greater efficiency and clarity" when appointing class counsel).

Amazon does not have a preference as to what firm or attorneys the Court designates as lead or liaison counsel. To ensure the efficient use of judicial resources, Amazon respectfully requests that in addition to making a lead counsel determination, the Court ensure that Plaintiffs' counsel efficiently apportion tasks among themselves to avoid duplication, inefficiency, and unnecessary attorneys' fees and costs, and liaison counsel should communicate in a manner to avoid inconsistency or uncertainty.

### B.   How the Consolidated Matters Should Proceed

Following the Court's appointment of lead counsel, in the interest of efficiency and the orderly management of these consolidated matters, Amazon proposes the following:

**1.   Consolidated Complaint:** Plaintiffs file a consolidated complaint within 30 days of an order appointing lead counsel. A consolidated complaint would minimize

---

at a later juncture"); Collins v. Int'l Dairy Queen, Inc., 168 F.R.D. 668, 678 (M.D. Ga. 1996) (certifying "an additional subclass" of those whose "agreements contain arbitration clauses" and noting that the clause "may result in redefinition of the classes of plaintiffs to exclude some or all of the members of this subclass" at a later stage).

JOINT STATUS REPORT - 6
Case No. C16-01554-JCC

duplication and unnecessary fees and create overall efficiencies in litigation of this matter. *See Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, No. C-06-7274 EMC, 2007 WL 902554, at *3 (N.D. Cal. Mar. 22, 2007) ("'The practical effect of a consolidated pleading is that it eliminates the need for multiple answers to multiple complaints and streamlines discovery, allowing it to be directed to the consolidated complaint, rather than to each individual plaintiff's complaint.'") (quoting Moore's § 42.10).

Among other things, absent a consolidated complaint, the Court may be presented with numerous motions to compel arbitration, as well as, if necessary, multiple motions to dismiss, and multiple separate complaints will likely create duplicative discovery that would multiply the potential for discovery disputes. In short, the efficiencies and other benefits of this Court's prior consolidation order will be lost without the various Plaintiffs consolidating their actions and working together jointly. Plaintiffs have not offered any reason why this case should not proceed under a consolidated complaint. Nor have they proposed any plan for how pleadings challenges, motions to compel arbitration and renewed motions to compel arbitration, discovery and other motion practice could proceed in an efficient manner absent a consolidated complaint.

**2. Renewed Motion (or Motions) to Compel Arbitration:** Amazon's deadline to renew its motion (or motions) to compel arbitration should be set at least 30 days after filing of a consolidated complaint. Should the Court deny Amazon's motion(s) to compel arbitration, Amazon's responsive pleading deadline should be set at least 45 days after the date of entry of any such Order denying arbitration should Amazon not appeal such ruling. The parties should meet and confer on an appropriate briefing schedule as to motions filed in response to the consolidated complaint. Amazon currently anticipates a motion or motions to compel arbitration and may also file alternative motions under Rule 12 depending on the allegations in the consolidated complaint.

Ruling on Amazon's renewed motion to compel arbitration cannot be deferred until

class certification as Plaintiffs suggests.  Plaintiffs incorrectly assert that Amazon intends to move to compel arbitration of absent class members.  While Amazon reserves the right to make such a motion later, if necessary and appropriate, as a threshold matter, Amazon intends to move to compel plaintiffs who are parties to this action.  The prior motion to compel was directed to Plaintiff Raef Lawson and the absent class members, and not the named Plaintiffs or opt-in Plaintiffs, who are parties to arbitration agreements with varying terms and who have not yet been subject to a motion to compel in this action.[5]

      While Plaintiffs are improperly attempting to use this status report to argue the merits of, and baselessly call "frivolous," Amazon's not yet filed motion, Amazon will make its arguments in a noticed motion and any reply.  It is, of course, premature for the Court to assess the enforceability of any Plaintiff or opt-in Plaintiff's arbitration agreement prior to Amazon having the opportunity to fully brief the relevant legal issues, including the impact of *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022) and in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1925 (2022), and submit evidence in support.[6]

---

[5] Plaintiffs' authorities and argument above regarding compelling arbitration of absent class members is inapposite because Amazon currently intends to direct its Motion not to absent class members but to named Plaintiffs and opt-in Plaintiffs.

[6] *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022) clarified how to apply the FAA's interstate transportation exemption and compels reassessment of the First and Ninth Circuit's conclusions in *Waithaka* and *Rittmann*.  The Supreme Court's new ruling makes clear that the scope of the exemption depends on whether the relevant class of workers is "directly involved in transporting goods across state or international borders," not whether they work for a business engaging in interstate transportation. *Id.* at 1788-89.  The analyses of *Waithaka* and *Rittmann* conflict with the Supreme Court's new instructions in two key ways that change the outcome of the prior motion to compel ruling here.

*First*, *Saxon* accepts Amazon's long-held position that the exemption centers on "the actual work that the members of the class, as a whole, typically carry out" and thus "on what the [plaintiff] does at [her company], not what [the company] does generally." *Saxon*, 142 S. Ct. at 1788.  The prior rulings in this case upon which Plaintiffs rely violate this first principle of *Saxon*.

*Second*, and relatedly, the First and Ninth Circuits improperly extended the exemption to delivery drivers who lack direct involvement in cross-border transportation on the premise that they carry goods that flow in commerce from another state. *Saxon*, however, confines the exemption to "class[es] of workers directly involved in transporting goods across state or international borders," who are "actively engaged in transportation of those goods across

**3.     Stay Pending Resolution of Threshold Issues:** In the interest of efficiency and narrowing the disputes before this Court, this matter should remain stayed until lead counsel is appointed, a consolidated complaint is filed, and any pleading challenges and motion(s) to compel arbitration are resolved.

A stay will prevent this Court from expending judicial resources resolving pleading and discovery disputes, which may not be relevant to this matter to the extent Plaintiffs and opt-in Plaintiffs are sent to arbitration or to the extent that any claims do not survive a pleadings challenge. For example, the district court in *Miller v. Amazon.com, Inc.*, W.D. Wash. Case No. No. 2:21-cv-00204, a putative class action also brought on behalf of drivers who contracted to make deliveries in the Amazon Flex program, recently stayed that action pending appeal of an order denying a motion to compel arbitration. The *Miller* court expressly recognized that *Saxon* "could affect Ninth Circuit precedent governing this case."

**4.     Deferral of Motion for Class Certification:** Plaintiffs' Motion for Class Certification should be deferred at least until after a decision on Amazon's forthcoming renewed Motion to Compel Arbitration or, if arbitration is not compelled, after any pleadings challenges are decided and the pleadings are set, and after the Parties have a meaningful opportunity to take written discovery and depositions.

Respectfully submitted,

  s/ *Todd L. Nunn*                                          s/ *Michael C. Subit*

---

borders." *Id.* at 1789-90 (citation and quotation marks omitted). Amazon can submit evidence that by the time that items get into the hands of Amazon Flex delivery drivers, their long-distance interstate journey is over, and the delivery drivers are only directly involved with local, intrastate delivery.

Amazon has already filed a Renewed Motion to Compel in *Waithaka v. Amazon.com, Inc.*, W.D. Wash. Case No. 2:19-cv-01320-RSM based in part on *Saxon*. The only reason that Amazon has not yet filed a renewed motion to compel in this case is because the matter has been stayed. Should the Court lift the stay for the limited purpose of filing its renewed motion, it would make its filing in accordance with the schedule proposed above (or such other schedule the Court may order).

JOINT STATUS REPORT - 9
Case No. C16-01554-JCC

| | |
|---|---|
| Todd L. Nunn, WSBA #23267<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Telephone: (206) 623-7580<br>Fax: (206) 623-7022<br>Email: todd.nunn@klgates.com | Michael C. Subit, WSBA No. 29189<br>FRANK FREED SUBIT & THOMAS LLP<br>705 Second Avenue, Suite 1200<br>Seattle, Washington 98104-1729<br>Telephone: (206) 682-6711<br>Fax: (206) 682-0401<br>Email: msubit@frankfreed.com |
| Richard G. Rosenblatt (*Pro Hac Vice*)<br>James P. Walsh (*Pro Hac Vice*)<br>MORGAN LEWIS & BOCKIUS LLP<br>502 Carnegie Center<br>Princeton, NJ 08540-6241<br>Telephone: (609) 919-6600<br>Email: richard.rosenblatt@morganlewis.com<br>Email: james.walsh@morganlewis.com | Shannon Liss-Riordan (*Pro Hac Vice*)<br>Harold L. Lichten (*Pro Hac Vice*)<br>Adelaide Pagano (*Pro Hac Vice*)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone: (617) 994-5800<br>Fax: (617) 994-5801<br>Email: sliss@llrlaw.com<br>Email: hlichten@llrlaw.com<br>Email: apagano@llrlaw.com |
| John S. Battenfeld (*Pro Hac Vice*)<br>Max C. Fischer (*Pro Hac Vice pending*)<br>Brian D. Fahy (*Pro Hac Vice*)<br>MORGAN LEWIS & BOCKIUS LLP<br>300 S. Grand Ave Ste. 2200<br>Los Angeles, CA 90071<br>Telephone: (213) 612-2500<br>Email: john.battenfeld@morganlewis.com<br>Email: max.fischer@morganlewis.com<br>Email: brian.fahy@morganlewis.com | *Attorneys for Rittmann Plaintiffs*<br><br>*s/ Elizabeth Hanley*<br>Elizabeth Ann Hanley<br>SCHROETER GOLDMARK & BENDER<br>401 Union Street, Suite 3400<br>Seattle, WA 98101<br>Telephone: 206-622-8000<br>Email: hanley@sgb-law.com |
| Brian D. Berry (*Pro Hac Vice*)<br>Andrea Lynn Fellion (Pro Hac Vice)<br>MORGAN LEWIS & BOCKIUS LLP<br>One Market Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1001<br>Email: brian.berry@morganlewis.com<br>Email: andrea.fellion@morganlewis.com<br><br>*Attorneys for Defendants* | Shounak S. Dharap (*Pro Hac Vice*)<br>THE ARNS LAW FIRM<br>515 Folsom St. 3rd Floor<br>San Francisco, CA 94105<br>Telephone: (415) 495-7800<br>Email: ssd@arnslaw.com<br><br>*Attorneys for Keller Plaintiffs*<br><br>*s/ Elizabeth Hanley*<br>Elizabeth Ann Hanley<br>SCHROETER GOLDMARK & BENDER<br>401 Union Street, Suite 3400<br>Seattle, WA 98101<br>Telephone: 206-622-8000<br>Email: hanley@sgb-law.com |

JOINT STATUS REPORT - 10
Case No. C16-01554-JCC

Mark Burton (*Pro Hac Vice*)
HERSH & HERSH
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102
Phone: (415) 441-5544
Email:mburton@hershlaw.com

*Attorneys for Ponce Plaintiffs*


s/ *Douglas W. Perlman*

Douglas W. Perlman (pro hac vice)
Farzad Rastegar (pro hac vice)
RASTEGAR LAW GROUP, APC
22760 Hawthorne Blvd, Ste 200
Torrance, CA 90505
Tel: 310-961-9600
Fax: 310-961-9094
douglas@rastegarlawgroup.com
farzad@rastegarlawgroup.com

Daniel Foster Johnson
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave, Ste 3670
Seattle, WA 98104
Tel: 206-652-8660
Fax: 206-652-8290
djohnson@bjtlegal.com

*Attorneys for Plaintiff Ronquillo*


POTTER HANDY LLP
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhand.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (858) 375-7385
Fax: (888) 422-5191

Daniel Foster Johnson
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave, Ste 3670
Seattle, WA 98104
Tel: 206-652-8660

JOINT STATUS REPORT - 11
Case No. C16-01554-JCC

Fax: 206-652-8290
djohnson@bjtlegal.com

*Attorneys for Plaintiffs RICKY DIAZ, EMANUEL ADAMSON, and JUAN MANUEL ALVAREZ*

<u>s/ Beth E. Terrell</u>
Beth E. Terrell
Terrell Marshall Law Group PLLC
936 N. 34th Street, Suite 200
Seattle, WA 98103
Telephone: 206-816-6603
Email: bterrell@terrellmarshall.com

Steven M. Tindall (Pro Hac Vice)
Gibbs Law Group LLP
1111 Broadway Suite 2100
Oakland, CA 94607
Telephone: 510-350-9700
Email: smt@classlawgroup.com

*Attorneys for Hoyt Plaintiffs*

<u>s/ Samantha L. Ortiz</u>
Ramin R. Younessi, Esq. (SBN 175020)
Samantha L. Ortiz, Esq. (SBN 312503)
LAW OFFICES OF RAMIN R. YOUNESSI, APLC
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010
Telephone: (213) 480-6200
Email: ryounessi@younessilaw.com
Email: sortiz@younessilaw.com

*Attorneys for Puentes Plaintiff*

JOINT STATUS REPORT - 12
Case No. C16-01554-JCC

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing JOINT STATUS REPORT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED: August 19, 2022

                                                    */s/ Shannon Liss-Riordan*