THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, | CASE NO. C16-1554 JCC |
| Plaintiffs, | ORDER |
| v. | |
| AMAZON.COM INC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the parties' joint status report (Dkt. No. 231). The facts of this case have been previously outlined in detail, and the Court will not repeat them here. (*See* Dkt. No. 115.) In July 2022, the Court determined a stay in this case is no longer warranted following the Supreme Court's recent decisions in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), and *Viking River Cruises v. Moriana*, 142 S. Ct. 1906 (2022). However, at that time, the Court lifted the stay for the limited purpose of resolving two threshold issues, given the complexity of this case: (1) the appointment of interim class counsel and (2) how the consolidated cases in this matter should proceed. (*See* Dkt. No. 226 at 2.) Following the Court's consideration of the parties' joint status report, the case shall proceed as described below.

   1. **Interim Class Counsel**

Federal Rule of Civil Procedure 23 provides that "[t]he court may designate interim class counsel to act on behalf of a putative class before determining whether to certify the action

ORDER
C16-1554 JCC
PAGE - 1

as a class action." Fed. R. Civ. P. 23(g)(3). In general, when appointing class counsel, this Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Class counsel must also "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

In this case, there is no dispute as to the qualifications of the proposed interim co-lead counsel, the work they have already done to investigate potential claims, or any other factor relevant to the designation of counsel. Plaintiffs jointly agree that the counsel for the *Rittmann* plaintiffs and counsel for the *Keller* plaintiffs would be best equipped to represent the California sub-class as co-lead interim counsel, with the counsel for the *Rittmann* plaintiffs acting as lead counsel for the other state law sub-classes and the FLSA claims. (Dkt. No. 231 at 2.) Defendants similarly agree that appointment of lead counsel will help with "the orderly management of these consolidated actions," but express no preference as to which firm or attorneys are designated. (*Id.* at 6.) It is clear that interim class counsel will be beneficial to avoid duplication and inefficiency given the number of consolidated cases presented here.

For the foregoing reasons, the Court agrees that the appointment of interim class counsel is appropriate here and APPOINTS the *Rittmann* counsel and *Keller* counsel as co-lead interim counsel for the California sub-class and the *Rittmann* counsel as lead interim counsel for the other state law sub-classes (Washington, Illinois, New York, and New Jersey) and the FLSA claims.

**2. Next Steps**

The Court previously held that the stay was to remain in place to resolve the limited issues of appointing lead counsel and determining a path forward. (Dkt. No. 226 at 2.) The parties agree that a single consolidated complaint will minimize duplication and unnecessary

fees. Plaintiffs Rittmann, Carroll, and Wehmeyer first filed suit in this Court in October 2016. (Dkt. No. 1.) Since that time, this case has grown increasingly complex as numerous other cases were consolidated with the initial case. (*See* Dkt. Nos. 87, 132, 134, 200.) The Court agrees that a consolidated complaint will promote efficiency and judicial economy given that the consolidated cases all share a common question of law. (*See Id.*)

Thus, Plaintiffs are ORDERED to file an amended consolidated complaint within sixty (60) days of this Order.[1] Defendants will have twenty-one (21) days after the filing of the amended complaint to answer, move, or otherwise respond.

The parties disagree about next steps. Plaintiffs ask the Court to lift the current stay and allow this case to proceed to discovery. (Dkt. No. 231 at 4.) Defendants argue the case should remain stayed pending a ruling on a renewed motion to compel arbitration they intend to file. (*Id.* at 7.) The Court previously disagreed with Defendant's position that a continued stay is warranted based on the decisions in *Saxon* and *Viking River Cruises*. (Dkt. No. 226 at 2.) As previously noted, Defendants can address the implications of these cases in its upcoming motions practice. (*Id.*) Accordingly, the stay is LIFTED.

The parties continue to disagree about the appropriate timing for next steps, including discovery and future motions practice.[2] To prevent a free-for-all of motions from both sides, the parties are ORDERED to meet and confer and provide the Court with a joint proposed scheduling order, including deadlines for discovery, any potential motions to compel arbitration, and motions for class certification by Friday, September 30, 2022. If the parties are unable to agree, they may file a LCR 37(a)(2)(I) filing detailing any disputes associated with the proposed scheduling order.

---

[1] The Court is granting leave to amend for the sole purpose of consolidating the various cases before the Court into one complaint. Plaintiffs should limit the allegations and claims in the amended complaint to those already asserted in the existing complaints.

[2] This includes, but is not limited to, motions to compel arbitration and motions for class certification.

ORDER
C16-1554 JCC
PAGE - 3

It is hereby ORDERED that:

1. The *Rittmann* counsel and *Keller* counsel are appointed as interim co-lead counsel for the California sub-class of plaintiffs. The *Rittmman* counsel is appointed as interim lead counsel for the other state law sub-classes (Washington, Illinois, New York, and New Jersey) and the FLSA claims.

2. Plaintiffs shall file an amended consolidated complaint within sixty (60) days of this Order. Defendants will have twenty-one (21) days after the filing of the amended complaint to answer, move, or otherwise respond.

3. The stay in this case is lifted.

4. The parties shall meet and confer and provide the Court with a joint proposed scheduling order, including deadlines for discovery, any potential motions to compel arbitration, and motions for class certification by Friday, September 30, 2022. If the parties are unable to agree, they may file a LCR 37(a)(2)(I) filing detailing any disputes associated with the proposed scheduling order.

DATED this 15th day of September 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE