1

2                                                              The Honorable John C. Coughenour

3

4

5

6

7
                              UNITED STATES DISTRICT COURT
8                            WESTERN DISTRICT OF WASHINGTON
                                        AT SEATTLE
9

10   BERNADEAN RITTMANN, *et al*.,        )
                                          )    Consolidated Action
                         Plaintiffs,      )    Case No. 2:16-cv-01554-JCC
11                                        )
                 v.                       )
12                                        )    JOINT STATUS REPORT RE LCR
                                          )    37 SUBMISSION REGARDING
     AMAZON.COM INC. and AMAZON           )    PROPOSED SCHEDULE FOR
13   LOGISTICS, INC.,                     )    THIS CASE
                                          )
14                       Defendant(s).    )
                                          )
15   _____)

16

17          By Order dated September 15, 2022, the Court directed the parties to file a "joint

18   proposed scheduling order, including deadlines for discovery, any potential motions to

19   compel arbitration, and motions for class certification." *See* ECF No. 234 at 4.  The Court

20   further ordered that "[i]f the parties are unable to agree, they may file a LCR 37(a)(2)(I) filing

21   detailing any disputes associated with the proposed scheduling order." *Id.*

22          The Parties were unable to agree on a schedule.  Their respective proposed schedules

23   are below along with their positions regarding the propriety of their proposals.

24   **Plaintiffs' Proposed Schedule:**  Plaintiffs propose the following schedule:

25          Discovery shall commence immediately, and the Parties can propound written

26   discovery immediately.

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED
SCHEDULE FOR THIS CASE - 1
Case No. 2:16-cv-01554-JCC

- **Deadline for Exchange of Initial Disclosures**: October 12, 2022.

- **Deadline to File Consolidated Complaint**: No later than November 15, 2022.

- **Deadline for filing of Renewed Motion to Compel Arbitration**: January 16, 2023.

- **Deadline for filing of Class Certification Motion:** January 16, 2023.

- **Deadline for Completion of Fact & Expert Discovery**: 180 days from the date of the Court's Class Certification Order.

- **Deadline for filing Motions for Summary Judgment**: 30 days after the close of discovery.

Plaintiffs believe this proposal is superior to Defendant's proposal for several reasons.

First, Plaintiffs' proposal allows for discovery to commence without further delay, including with the exchange of initial disclosures in several weeks.  Plaintiffs see no reason to further delay basic exchange of Rule 26 disclosures or the propounding of written discovery now that the stay has been lifted (and six years have passed since this case was commenced). Defendants propose to defer any exchange of Rule 26 disclosures or other discovery until *next year* and until well after their Motion to Compel Arbitration and/or Dismiss is briefed.  This proposal is unfair.  Indeed, Plaintiffs wish to take some discovery into the various iterations of Defendants' arbitration agreement and when and how they were presented to drivers. Requiring Plaintiffs to respond to Amazon's Motion without any discovery is both inefficient and unfair.  As such, discovery should commence immediately and briefing of Defendant's Motion should be briefly deferred until January.

Second, Defendants' proposal would have Amazon's Motion to Compel Arbitration being briefed and decided *before* any class certification briefing can even begin.  This proposal is likewise inefficient and unfair.  Whether certain drivers are bound to arbitrate is part of the class certification inquiry and will bear on what class is ultimately certified.  It makes good sense to brief Defendants' Motion to Compel Arbitration in conjunction with class certification briefing, as numerous other courts have recognized. *See In re Evanston*

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED SCHEDULE FOR THIS CASE - 2
Case No. 2:16-cv-01554-JCC

*Nw. Corp. Antitrust Litig.*, 2013 WL 6490152, *5 (N.D. Ill. Dec. 10, 2013) (holding that the court should first consider the propriety of class certification and then determine which class members, if any, are bound to arbitrate)(collecting cases).  Defendants no doubt intend to appeal as of right from any denial of their Motion to Compel Arbitration and to seek (yet another) stay pending that appeal.  As such, Defendants' proposed schedule is simply a further attempt to build delay into the schedule and avoid any important briefing on issues of class certification or the merits for as long as possible.[1]

Plaintiffs strongly urge the Court to adopt their proposed schedule.  This schedule is preferable because it will allow for discovery to begin immediately (including crucial discovery regarding Amazon's arbitration agreement, when and why it was changed over time, and how it was presented to new and existing Amazon Flex drivers – which Plaintiffs need *before* opposing Amazon's forthcoming Motion).  At a minimum, even if the Court does not adopt Plaintiffs' schedule in full, it should at least permit discovery to begin immediately, as without basic discovery, Plaintiffs will be hamstrung in their ability to respond to Amazon's forthcoming Motion to Compel Arbitration.

Moreover, there are some Plaintiffs and opt-in plaintiffs who opted out of Amazon's arbitration clause altogether or who were only ever bound by early versions of the clause, which this court has already held to be unenforceable.  Thus, regardless of the outcome on Amazon's forthcoming Renewed Motion to Compel Arbitration, there are some claims and plaintiffs that *will be moving forward before this court*.  Some of these plaintiffs have not driven for Amazon for years at this point, and further delaying discovery into their claims risks that evidence will be stale, inaccessible, or destroyed.  Given the amount of time that has elapsed and the fact that some plaintiffs are indisputably *not* bound to arbitrate – a point

---

[1]If Defendants would commit to *not* seek a stay pending appeal of any denial of their forthcoming Renewed Motion to Compel Arbitration, their proposal might be more palatable. But as it stands, Plaintiffs firmly believe Amazon's forthcoming Motion to Compel Arbitration to be wholly frivolous for the reasons set forth in prior filings, *see* ECF No. 225 at 2-5, and Amazon's proposed schedule to be a transparent attempt to set up another lengthy, indefinite stay of this case while it appeals from the denial of its Motion.

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED SCHEDULE FOR THIS CASE - 3
Case No. 2:16-cv-01554-JCC

Amazon does not and cannot dispute – there is no reason to delay basic discovery and initial disclosures any further.

Amazon objects that Plaintiffs' schedule is inappropriate because it provides insufficient time for briefing of Amazon's anticipated Rule 12 motion.  But, as the Court's prior orders in this case make clear, there are some claims in this case that have already survived a motion to dismiss and will be proceeding on the merits.  Amazon is free to prepare and file a Motion to Dismiss the Consolidated Complaint (which Plaintiffs hope to file as soon as possible and no later than November 15).  However, regardless of the outcome of that Rule 12 Motion, past rulings make clear that many if not all of the claims at issue will survive and continue before this Court.  As such, there is no reason to unduly delay discovery or briefing of important issues like class certification.

Plaintiffs' proposed schedule would also provide the Parties the opportunity to concurrently brief the Class Certification Motion and Motion to Compel Arbitration, beginning early next year, after some discovery has occurred.  Amazon objects that this schedule provides insufficient time for discovery it will need in opposing Class Certification. But if discovery commences immediately, the Parties will have more than one-hundred (100) days to take discovery related to class certification *and* arbitration issues.  As set forth above, determining which drivers, if any, are bound to arbitrate will naturally be part of the class certification inquiry, and the Court can address the propriety of class certification along with the scope of the class, at that juncture, after which the Parties will proceed to complete discovery regarding the certified class.

**Defendants' Proposed Schedule:**  Amazon proposes the following schedule to stage proceedings in the interest of efficiency, first setting the Rule 12 and Motion(s) to Compel Arbitration to be resolved prior to setting further deadlines:

- **Deadline to File Consolidated Complaint**: No later than October 17, 2022
- **Deadline for Rule 12 Motion/Motion(s) to Compel Arbitration:** November 17

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED
SCHEDULE FOR THIS CASE - 4
Case No. 2:16-cv-01554-JCC

1          ○          Opposition deadline:  December 8

2          ○          Reply deadline:  December 22

3    • **Deadline for Exchange of Initial Disclosures:** January 16, 2023

4    • **Class Certification Deadlines** – to be set following resolution of Rule 12

5    motions/MTCA and after filing of an answer:

6          ○          Deadline to complete class certification fact discovery – 60 days before

7                      deadline to file motion for class certification.

8          ○          Deadline to complete class certification expert discovery – 30 days

9                      before deadline to file motion for class certification.

10          ○          Deadline for filing Class Certification Motion – TBD.

11                      • Opposition deadline:  One month after class certification

12                        motion.

13                      • Reply deadline: two weeks after opposition.

14    • **Deadline for Completion of Fact & Expert Discovery**:   days from the date of Class

15    Certification Order.

16    • **Deadline for filing Motions for Summary Judgment**: 30 days after the close of

17    discovery, 90 days prior to the trial date.

18          There are many reasons why this Court should reject Plaintiffs' proposed schedule and

19    adopt Amazon's proposed schedule.

20          *First*, Plaintiffs' proposal fails to account for Defendants' anticipated Rule 12 motion

21    in response to Plaintiffs' consolidated complaint.  This Court previously granted Defendants'

22    Motion to Dismiss Plaintiffs Rittmann, Carroll, Wehmeyer, and Lawson's minimum wage,

23    overtime and willful withholding claims on the grounds that they failed to comply with the

24    pleading standard set forth in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th

25    Cir. 2014).  ECF No. 76.  The consolidated complaint will include additional Plaintiffs and

26    claims, many of which have not been previously tested before this Court.  Defendants should

not be required to brief – and the Court should not be required to consider – whether claims should be certified for class treatment before the parties know whether those claims pass muster under Rule 12. Setting class certification deadlines to follow just two months after the yet to be filed consolidated complaint, before Defendants and this Court can review and test the sufficiency of the pleadings, is simply premature. *Cf.* ECF No. 193 (finding Plaintiff Mack's early motion for partial summary judgment "premature" because "as a result of the stay and new pleadings, Defendants have not filed an operative answer, the Court has not yet issued a discovery and scheduling order, and discovery has not yet begun").

*Second*, in the interests of efficiency and consistent with arbitration agreements between Amazon and the Plaintiffs and opt-in Plaintiffs, Defendants propose for the issue of arbitrability to be decided before class certification.[2] *See e.g.*, *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377 (5th Cir. 2016) ("[A] district court must consider an agreement to arbitrate as a 'threshold question.' "); *Bogle v. Wonolo Inc.*, No. 2:21-CV-08878-MCS-KS, 2022 WL 1124973, at *4 (C.D. Cal. Apr. 8, 2022) ("Whether named and opt-in plaintiffs must arbitrate their claims 'should be decided well before the nationwide notification issue is reached.'") (quoting *Reyna*, 839 F.3d at 377); *Hughes v. S.A.W. Ent., LTD*, No. 16-CV-03371-LB, 2017 WL 6450485, at *9 (N.D. Cal. Dec. 18, 2017) ("[T]he issue of whether the named plaintiffs can litigate their claims in a court or must arbitrate their claims is a threshold issue. If the arbitration provisions the named plaintiffs signed with the defendants are enforceable, the plaintiffs cannot pursue these cases in court on behalf of either themselves or other[s] . . . ."); *Castle v. Wells Fargo Fin., Inc.*, 2007 WL 703609, * (N.D.Cal. Mar. 5, 2007) ("[T]he better course is to first determine the enforceability of the arbitration agreements before addressing the scope and management of the remainder of this litigation.")

---

[2] Amazon's forthcoming Motions to Compel Arbitration are not "wholly frivolous" as Plaintiffs baselessly contend. Amazon previously explained its grounds in the Parties' August 19, 2022 Joint Status Report. ECF No. 231 at n.6. Indeed, it is far from frivolous. Applying Saxon, the Fifth Circuit recently held "that local delivery drivers are not so 'engaged' in 'interstate commerce' as § 1 contemplates." *Lopez v. Cintas Corp.*, 47 F.4th 428, 432 (5th Cir. 2022).

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED SCHEDULE FOR THIS CASE - 6
Case No. 2:16-cv-01554-JCC

Plaintiffs' proposal to concurrently decide arbitrability and class certification is untenable.  Plaintiffs mischaracterize arbitration as an issue limited to whether the non-party class members can participate in the class action, but this is not accurate.  The issue in Defendants' forthcoming Motion(s) to Compel is whether numerous Plaintiffs (including many dozens of opt-in Plaintiffs) are entitled to litigate before this Court, under the recent Supreme Court rulings in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), and in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1925 (2022), and their progeny including *Lopez v. Cintas Corporation*, 47 F.4th 428 (5th Cir. 2022) (rejecting *Rittmann* analysis as inconsistent with *Saxon*).

*Third*, to the extent that Plaintiffs survive the forthcoming Motion to Dismiss and Motion(s) to Compel Arbitration and could proceed with a Motion for Class Certification, Plaintiffs' proposed schedule fails to provide adequate time for the parties to conduct discovery before that Motion.  Plaintiffs' proposal would improperly deprive Amazon of the ability to adequately prepare its Opposition to Class Certification.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)) ("The propriety of a class action cannot be determined in some cases without discovery,' and that 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.'"); *Nevarez v. Forty Niner Football Co., LLC*, 2018 U.S. Dist. LEXIS 2415, at *4 (N.D. Cal. Jan. 5, 2018) ("Courts generally recognize the need for pre-certification discovery relating to class issues."); *Macpherson v. Firth Rixson Ltd.*, No. 12-CV-6162, 2012 WL 2522881, at *2 (W.D.N.Y. June 28, 2012) ("Courts are to determine whether to certify an action as a class action at an early practicable time . . . However, a decision about certification need not be made at the outset; a court should delay a certification ruling until information necessary to reach an informed decision is available.") (citing Fed. R. Civ. P. 23(c)(1) advisory committee notes to 2003 amendments).  Plaintiffs' proposal to allow

Amazon a mere two months to take discovery after Plaintiffs file their consolidated complaint and before they file their Motion for Class Certification, some of which time falls over the holidays, in a case that Defendants anticipate will continue to allege (at a minimum) Rule 23 claims for five states, nationwide common law claims, and nationwide FLSA claims on behalf of over one hundred named Plaintiffs and opt-in Plaintiffs, all while the Parties would be concurrently briefing their Motion to Dismiss and Motion(s) to Compel Arbitration, is untenable.

*Fourth*, regarding initial disclosures and discovery, Plaintiffs' complaint that Defendant's proposal is "unfair" is not well taken.  Amazon proposes that the parties exchange disclosures in January after Plaintiffs file their consolidated complaint.  In contrast, Plaintiffs would exchange disclosures before the consolidated complaint is even filed.  At a minimum, the identity of the Plaintiffs, their corresponding alleged claims, and the supporting factual allegations should be known to Amazon in advance of the disclosure deadline, so that Amazon has a fair and reasonable opportunity to disclose relevant witnesses and documents.  Any need that Plaintiffs might demonstrate for arbitration-related discovery might justify extending their deadline for opposing Amazon's forthcoming Motion(s), but cannot justify requiring Amazon to make disclosures before the filing of the operative pleading.  Further, Plaintiffs' counsel already are well aware of amendments to Amazon's Terms of Service (TOS) as applicable to the arbitration agreement from filings in this consolidated case, *see, e.g., Rittmann v. Amazon.com, Inc*., Dkt. #37 (attaching TOS versions in effect through Oct. 2019), *Diaz v. Amazon.com, Inc.*, No. 2:21-cv-00419-JCC at Dkt. #48-1 (attaching Oct. 2019 TOS "in effect throughout all of 2020 and into 2021"), as well as from those Plaintiffs who remain Delivery Partners and therefore have access to the most-recent version of the TOS.  Moreover, Amazon has no objection to providing all applicable versions of the TOS to Plaintiffs well before they have to oppose the motion to compel arbitration.

1    As a final matter, Amazon intends to seek an order or orders compelling arbitration for

2  over ninety Plaintiffs and opt-ins, who hail from more than a dozen states and are subject to

3  several different versions of the Amazon Flex terms of service.  Amazon requests guidance as

4  to whether it would be more useful to the Court to entertain individual motions to compel

5  arbitration addressing the particular circumstances of each individual (or each group of

6  similarly situated individuals) or an omnibus motion to compel arbitration, in which case

7  Amazon would respectfully request an increased length limit of 40 pages.

8                         **Remainder of page intentionally left blank.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED
SCHEDULE FOR THIS CASE - 9
Case No. 2:16-cv-01554-JCC

1

2   Respectfully submitted,

3   _s/ Todd L. Nunn_                          _s/ Michael C. Subit_
    Todd L. Nunn, WSBA #23267                  Michael C. Subit, WSBA No. 29189
4   K&L GATES LLP                              FRANK FREED SUBIT & THOMAS LLP
    925 Fourth Avenue, Suite 2900              705 Second Avenue, Suite 1200
5   Seattle, WA 98104                          Seattle, Washington 98104-1729
6   Telephone: (206) 623-7580                  Telephone: (206) 682-6711
    Fax: (206) 623-7022                        Fax: (206) 682-0401
7   Email: todd.nunn@klgates.com               Email: msubit@frankfreed.com

8   Richard G. Rosenblatt (_Pro Hac Vice_)     Shannon Liss-Riordan (_Pro Hac Vice_)
9   James P. Walsh (_Pro Hac Vice_)            Harold L. Lichten (_Pro Hac Vice_)
    MORGAN LEWIS & BOCKIUS LLP                 Adelaide Pagano (_Pro Hac Vice_)
10  502 Carnegie Center                        LICHTEN & LISS-RIORDAN, P.C.
    Princeton, NJ 08540-6241                   729 Boylston Street, Suite 2000
11  Telephone: (609) 919-6600                  Boston, MA 02116
    Email: richard.rosenblatt@morganlewis.com  Telephone: (617) 994-5800
12  Email: james.walsh@morganlewis.com         Fax: (617) 994-5801
                                               Email: sliss@llrlaw.com
13  John S. Battenfeld (_Pro Hac Vice_)        Email: hlichten@llrlaw.com
14  Max C. Fischer (_Pro Hac Vice pending_)    Email: apagano@llrlaw.com
    Brian D. Fahy (_Pro Hac Vice_)
15  MORGAN LEWIS & BOCKIUS LLP                 _Attorneys for Rittmann Plaintiffs_
    300 S. Grand Ave Ste. 2200
16  Los Angeles, CA 90071
17  Telephone:  (213) 612-2500                 _s/ Elizabeth Hanley_
    Email: john.battenfeld@morganlewis.com     Elizabeth Ann Hanley
18  Email: max.fischer@morganlewis.com         SCHROETER GOLDMARK & BENDER
    Email: brian.fahy@morganlewis.com          401 Union Street, Suite 3400
19                                             Seattle, WA 98101
                                               Telephone: 206-622-8000
20  Brian D. Berry (_Pro Hac Vice_)            Email: hanley@sgb-law.com
    Andrea Lynn Fellion (Pro Hac Vice)
21  MORGAN LEWIS & BOCKIUS LLP                 Shounak S. Dharap (_Pro Hac Vice_)
    One Market Spear Street Tower              THE ARNS LAW FIRM
22  San Francisco, CA 94105                    515 Folsom St. 3rd Floor
    Telephone:  (415) 442-1001                 San Francisco, CA 94105
23  Email:  brian.berry@morganlewis.com        Telephone: (415) 495-7800
    Email: andrea.fellion@morganlewis.com      Email:  ssd@arnslaw.com
24
25  _Attorneys for Defendants_                 _Attorneys for Keller Plaintiffs_

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATION**

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

*s/Adelaide Pagano*
Adelaide Pagano

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing JOINT STATUS REPORT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED: September 30, 2022

*s/Todd L. Nunn*
Todd L. Nunn

JOINT STATUS REPORT RE LCR 37 SUBMISSION REGARDING PROPOSED
SCHEDULE FOR THIS CASE - 11
Case No. 2:16-cv-01554-JCC