THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMAZON.COM INC, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C16-1554-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to amend the consolidated complaint (Dkt. No. 244). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.     **BACKGROUND**

On March 10, 2017, Plaintiffs Kimberlee Keller and Tommy Garadis ("Keller Plaintiffs") provided statutory notice to Defendants and to the California Labor Workforce Development Agency ("LWDA") of their intent to pursue Private Attorney General Act ("PAGA") claims for Defendants' alleged Labor Code violations. (Dkt. No. 245-1.) On March 13, 2017, the Keller Plaintiffs filed their complaint against Defendants in the Superior Court of California. (Dkt. No. 245 at 2.) The complaint did not include PAGA claims, as the required 65-day waiting period to allow LWDA to respond had not yet lapsed. (*Id.*)

In April 2017, Defendants removed the case to the Northern District of California. *Keller*

*et al v. Amazon.com, Inc., et al.,* Case No. C19-1719-JCC, Dkt. No. 1 (W.D. Wash. 2019) (hereafter "*Keller*"). In May 2017, Defendants filed a motion to dismiss, stay, or transfer venue. *Id.*, Dkt. No. 13. The Court granted the stay in August 2017. *Id.*, Dkt. No. 35. In October 2019, the case was transferred to this district and the stay was lifted. *Id.*, Dkt. No. 84. In November 2019, the case was transferred to this Court. *Id.*, Dkt. No. 90. In June 2022, the case was consolidated with the instant case. (Dkt. No. 200.) At that time, this case was stayed.

On July 26, 2022, the Court lifted the stay in part, and ordered to parties to submit a joint status report on how the consolidated cases should proceed. (Dkt. No. 226.) On September 15, 2022, the Court lifted the stay in full, and ordered the parties to submit a proposed schedule for the case. (Dkt. No. 234.) On October 11, 2022, the Court issued a scheduling order, which included a deadline for Plaintiffs to file a consolidated complaint. (Dkt. No. 237.) Plaintiffs filed a consolidated complaint on November 14, 2022. (Dkt. No. 238.)

Plaintiffs now ask the Court for leave to amend the consolidated complaint to add a PAGA claim on behalf of the Keller Plaintiffs. (Dkt. No. 244.)

**II.    DISCUSSION**

Defendants argue Plaintiffs' motion is procedurally improper under Rule 16(b). (Dkt. No. 250 at 9–10.) The Court previously set a deadline for the Plaintiffs to file an amended consolidated complaint. (Dkt. No. 237 at 3.) Given the complexity of this case, with multiple parties and consolidated cases, the Court also stated that leave to amend was granted for the "sole purpose of consolidating the various cases before the Court into one complaint." (Dkt. No. 234 at 3 n.1.)

Because the Court already set a deadline for amendment, Plaintiffs may only modify the Court's scheduling order for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The focus of inquiry for deciding whether such good cause exists is whether the party seeking modification has been diligent. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Here, although it has been almost six years since the Keller Plaintiffs filed suit, the Court nonetheless concludes they have been diligent in seeking amendment. After the Keller Plaintiffs first filed suit, they were required to wait 65 days before adding any PAGA claims. Before the waiting period had expired, the case was removed, transferred, and stayed numerous times. When *Keller* was transferred to this district, the Court noted the claims in the case were "identical to, or closely mirror, the claims in *Rittmann/Mack*," implying the Keller case would be consolidated with *Rittmann*. *Keller*, C19-1719-JCC, Dkt. No. 84 at 3. At that time, *Rittmann* was stayed. Although *Keller* was not technically stayed, it was not unreasonable for the Keller Plaintiffs to assume that they could not move forward until the stay was lifted in *Rittmann*.

Given the unique facts and complexity of this case and the number of parties involved, it would be unreasonable to conclude that the Keller Plaintiffs were not diligent when they waited until now to request leave to amend the complaint to add PAGA claims. Thus, the Court finds good cause and will consider the motion to amend. Under Rule 15, leave to amend should be freely granted when justice so requires, absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the other party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As noted above, although six years have passed since the initial Keller complaint was filed, the delay was not due to bad faith by the Plaintiffs. Furthermore, Defendants will not face undue prejudice if Plaintiffs are allowed to amend to add these claims. Defendants were on notice that the Keller Plaintiffs intended to bring PAGA claims when Plaintiffs provided statutory notice to the LDWA in 2017. Additionally, there already exist other plaintiffs who bring PAGA claims in the current consolidated complaint. This means that allowing amendment here will not significantly expand the nature of the suit, as Defendants suggest. Finally, the case is still at the very early stages and allowing an amendment will not delay the case in any meaningful way.

Defendants also argue amendment is futile because the claims are time-barred. (Dkt. No.

250 at 13–15.) However, an amended complaint alleging PAGA claims may relate back to the original complaint, as long as the amendment is based on the "same set of facts" as the timely-filed complaint. *Waisbein v. UBS Financial Services, Inc.*, 2008 WL 753896, slip op. at 1 (N.D. Cal. 2008) (citing California cases); *see also Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1192 (E.D. Cal. 2017). And the case cited by Defendant is not applicable to the case at hand. *See Hargrove v. Legacy Healthcare, Inc.* 80 Cal. App. 5th 782, 792 (2022) (amended complaint did not rest on same facts as original complaint). Thus, the amendment is not time-barred and not futile.

### III. CONCLUSION

Because Defendants have not provided any compelling reason that amendment should not be granted, the Court GRANTS Plaintiffs' motion for leave to amend the consolidated complaint (Dkt. No. 244). Plaintiffs are ORDERED to file an amended complaint within seven (7) days of this Order.

DATED this 30th day of January 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE