1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

BERNADEAN RITTMANN, FREDDIE CARROLL, JULIA WEHMEYER, IAIN MACK, RAEF LAWSON, DEBRA WILKINS, SANCAK DAVARCI, SHENIA BROWN, CRAIG ADAMS, CINTHIA YARLEQUE, KIMBERLEE KELLER, TOMMY GARADIS, ADRIANA PONCE, LOUIE RONQUILLO, SEAN M. HOYT, RICKY DIAZ, EMANUEL ADAMSON, JUAN MANUEL ALVAREZ, and ALEJANDRO GARCIA PUENTES, individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON LOGISTICS, INC., AMAZON.COM SERVICES INC., ALAIN MONIE, JOHN BROWN, WILLIAM GORDON

          Defendants.

Case No. 2:16-cv-01554-JCC

**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

## I.   __INTRODUCTION__

1.      This case is brought on behalf of individuals who have worked as delivery drivers for Amazon.com, Inc., Amazon Logistics, Inc., or Amazon.com Services Inc., (together, "Amazon") anywhere in the United States who have contracted directly with Amazon and have been classified as independent contractors. Amazon is a commercial seller of electronic and consumer goods through its website, providing delivery service of its various products to its customers' homes.

2.      As described further below, Amazon has misclassified delivery drivers with whom it has directly contracted as independent contractors when they are actually employees.  In so doing, Amazon has violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., by failing to assure they receive minimum wage, after accounting for necessary business expenses that the drivers must pay such as gas and car maintenance, as well as failing to pay overtime for hours worked in excess of forty per week.  Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

3.      Furthermore, some orders fulfilled by Amazon delivery drivers were eligible to receive tips from customers.  However, those tips, which were made by customers with the intention that the tips be distributed to the drivers, were instead used by Amazon to fund its operations by subsidizing the guaranteed minimum payments that it promised and owed its drivers. As a result of Amazon's practice of using customer tips to defray the cost of the guaranteed minimum payments it owes drivers, part or all of the tips that consumers paid for drivers provided no benefit to the drivers.

4.      Plaintiffs Bernadean Rittmann and Freddie Carroll further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in

FIRST AMENDED CONSOLIDATED COMPLAINT -2

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Washington state, that Amazon has violated various provisions of Washington state law including: (1) RCW 49.46.020 by failing to assure they receive minimum wage, after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past their end of their shifts; (2) RCW 49.46.130 by failing to pay drivers one-and-a-half times their regular rate of pay for those hours worked in excess of forty per week; and (3) RCW 49.52.050 and 49.52.070 by willfully withholding pay from drivers for all hours worked.  Plaintiffs Rittmann and Carroll, on behalf of all similarly situated Amazon delivery drivers who have worked in Washington state, seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

5.      Plaintiffs Rittmann and Carroll further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in Seattle, Washington, that Amazon has violated the Seattle Minimum Wage Ordinance, Council Bill 118585, by failing to pay the higher Seattle minimum wage to these drivers, after accounting for necessary business expenses such as gas and car maintenance.

6.      Plaintiffs Freddie Carroll, Debra Wilkins, Raef Lawson, Kimberlee Keller, Tommy Garadis, Adriana Ponce, Louie Ronquillo, Sean M. Hoyt, Ricky Diaz, Emanuel Adamson, Juan Manuel Alvarez, and Alejandro Garcia Puentes, further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon delivery drivers who have worked in California, that Amazon has violated various provisions of California Labor Code including: (1) Cal. Labor Code §§ 2802 and 224 and IWC Wage Order 9-2001 by failing to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance and smartphones and data plans; (2) Cal. Labor Code § 226(a) and IWC Wage Order 9-2001 by failing to provide itemized wage statements that provide the number of hours worked, how compensation was calculated, and other

FIRST AMENDED CONSOLIDATED COMPLAINT -3

required information; (3) Cal. Lab. Code § 351 by failing to remit to drivers the total proceeds of gratuities collected from customers and depriving them of the full financial benefit of those gratuities; and (4) Cal. Labor Code §§ 1197, 1194, 1182, 1194.2, 1197.1, 1199 and IWC Wage Order 9-2001 by failing to pay delivery drivers minimum wage for all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts; (5) Cal. Labor Code §§ 204, 510, 1194, 1198 and IWC Wage Order 9-2001 for failure to pay overtime wages; (6) Cal. Labor Code §§ 226.7, 512 and IWC Wage Order 9-2001 for failure to provide meal and rest periods and to pay missed meal and rest break premiums; (7) Cal. Labor Code §§ 226, 1174 for failure to properly report pay and keep required employment records; (8) Cal. Labor Code §§ 201, 202, 203 & 204 for failure to pay wages when due and failure to pay wages upon termination; (9) Cal. Labor Code § 246 for failure to provide paid sick leave; (10) Cal. Labor Code §§ 221, 223, 400-410 for taking unlawful deductions from drivers' pay; and (11) Cal. Bus. & Prof. Code § 17200, et seq. for engaging in all of the unfair, unlawful, and fraudulent business practices described above. Plaintiffs Carroll, Wilkins, Lawson, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Juan Alvarez, and Puentes, on behalf of all similarly situated Amazon delivery drivers who have worked in California, seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

7.      Plaintiffs Keller, Garadis, Mack, Ponce, and Hoyt also bring claims under the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq*. on behalf of the state of California and other similarly situated aggrieved employees in California based on Amazon's numerous violations of the Labor Code.  These violations include violations of Labor Code sections 201, 202, 203, 204, 226, 226.7, 226.8, 432.5, 510, 512, 558, 1194, 1197, 1174, 1174.5, 1197.1, and 2753.  In addition to the numerous violations described in Paragraph 6, Defendants have violated Cal. Labor Code §

FIRST AMENDED CONSOLIDATED COMPLAINT -4

226.8 and IWC Wage Order 9-2001 by willfully misclassifying Plaintiff delivery drivers,
Cal. Labor Code § 2753 for advising Defendants to misclassify Plaintiffs as
independent contractors when they are plainly employees, and Cal. Lab. Code §§
432.5, 925 for requiring Plaintiffs to agree to contract terms it knows to be illegal.

8.      Plaintiff Shenia Brown further complains, pursuant to Rule 23 of the
Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly
situated AmazonFlex delivery drivers who have worked in Illinois, that Amazon has
misclassified its drivers under Illinois state law, and as a consequence: (1) it has
violated Illinois state law, 820 ILCS 115/9.5(a), by failing to reimburse delivery drivers
for all necessary business expenses such as gas and car maintenance and
smartphones and data plans; and (2) it has violated Illinois state law, IMWL, 820 ILCS
§ 105/1, *et seq*. by failing to pay delivery drivers minimum wage for all hours worked
after accounting for necessary business expenses such as gas and car maintenance
and smartphones and data plans and time spent working past the end of their shifts.
Plaintiff Brown on behalf of all similarly situated Amazon delivery drivers who have
worked in Illinois, seeks recovery of all wages they are owed under state law and all
other relief to which they are entitled.

9.      Plaintiff Sancak Davarci further complains, pursuant to Rule 23 of the
Federal Rules of Civil Procedure, on behalf of himself and a class of other similarly
situated Amazon delivery drivers who have worked in New York that Amazon has
misclassified its drivers under New York law, and as a consequence: (1) Amazon has
violated New York state law, N.Y. Lab. L. Article 19, §§ 193 and 198-b, by failing to
reimburse delivery drivers for all necessary business expenses such as gas and car
maintenance and smartphones and data plans as well as by failing to remit to drivers
the total proceeds of gratuities collected from customers and depriving them of the full
financial benefit of those gratuities; (2) Amazon has violated New York state law, N.Y.
Lab. L., Article 19, §§ 650, *et seq.*, by failing to pay delivery drivers minimum wage for

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts; and (3) Amazon has violated New York state law, N.Y. Lab. L. Article 19, §§ 196-d, by failing to remit to drivers the total proceeds of gratuities collected from customers and depriving them of the full financial benefit of those gratuities. Plaintiff Davarci on behalf of all similarly situated Amazon delivery drivers who have worked in New York, seeks recovery of all wages they are owed under state law and all other relief to which they are entitled.

10.     Plaintiff Cinthia Yarleque further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated Amazon delivery drivers who have worked in New Jersey that Amazon has misclassified its drivers under New Jersey law, and as a consequence: (1) Amazon has violated the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., § 34:11-4.1, *et seq.* by failing to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance and smartphones and data plans; and (2) Amazon has violated New Jersey state law, NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a), by failing to pay delivery drivers minimum wage for all hours worked after accounting for necessary business expenses such as gas and car maintenance and smartphones and data plans and time spent working past the end of their shifts.  Plaintiff Yarleque on behalf of all similarly situated Amazon delivery drivers who have worked in New Jersey, seeks recovery of all wages they are owed under state law and all other relief to which they are entitled.

11.     Plaintiffs further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated AmazonFlex delivery drivers who have worked anywhere in the United States where Amazon used customer tips to fund its operations by subsidizing the guaranteed

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

minimum payments that it promised and owed its drivers, as described above, that Amazon has violated the common law of the various states.  On behalf of all similarly situated Amazon Flex delivery drivers, Plaintiffs seek recovery of all monies they are owed under the common law and any other relief to which they are entitled.

## II.  PARTIES

12.     Plaintiff Bernadean Rittmann is an adult resident of Rialto, California. She has worked as an Amazon delivery driver in Las Vegas, Nevada and Seattle, Washington.

13.     Plaintiff Freddie Carroll III is an adult resident of Rialto, California where he has worked as an Amazon delivery driver.  He previously worked as an Amazon delivery driver in Las Vegas, Nevada and Seattle, Washington.

14.     Plaintiff Julia Wehmeyer is an adult resident of Plano, Texas, where she has worked as an Amazon delivery driver in the Dallas-Fort Worth area.

15.     Plaintiff Iain Mack is an adult resident of San Diego, California, where he has worked as an Amazon delivery driver in the San Diego area.

16.     Plaintiff Raef Lawson is an adult resident of Los Angeles, California, where he has worked as an Amazon delivery driver in the Los Angeles area.

17.     Plaintiff Debra Wilkins is an adult resident of Peoria, Arizona, where she works as an Amazon delivery driver.  She previously worked as an Amazon delivery driver in the San Diego, California, area from December 2016 to 2020.

18.     Plaintiff Sancak Davarci is an adult resident of West Hempstead, New York, where he works as an Amazon delivery driver.

19.     Plaintiff Shenia Brown is an adult resident of Chicago, Illinois where she works as an Amazon delivery driver.

20.     Plaintiff Cinthia Yarleque is an adult resident of Kearny, New Jersey where she has worked as an Amazon delivery driver.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

21.     Plaintiff Craig Adams is an adult resident of Palisade, Colorado, where he has worked as an Amazon delivery driver.

22.     Plaintiff Kimberlee Keller is an adult resident of Santa Rosa, California, where she worked as an Amazon delivery driver from December 2016 to February 2017.

23.     Plaintiff Tommy Garadis is an adult resident of Los Angeles, California, where he has worked as an Amazon delivery driver, beginning in December 2016.

24.     Plaintiff Adriana Ponce is an adult resident of California. She has worked as an Amazon delivery driver, performing more than half of her deliveries in Marin County, California.

25.     Plaintiff Louie Ronquillo is an adult resident of Los Angeles, California, where he has worked as an Amazon delivery driver.

26.     Plaintiff Sean M. Hoyt is an adult resident of Arizona. During the relevant timeframe, he worked as an Amazon delivery driver in the San Francisco, California area.

27.     Plaintiff Ricky Diaz is an adult resident of California where he has worked as an Amazon delivery driver.

28.     Plaintiff Emanuel Adamson is an adult resident of California where he has worked as an Amazon delivery driver.

29.     Plaintiff Juan Manuel Alvarez is an adult resident of California where he has worked as an Amazon delivery driver.

30.     Plaintiff Alejandro Garcia Puentes is an adult resident of California, where he worked as an Amazon delivery driver from approximately May 1, 2018 to July 31, 2019.

31.     Plaintiffs bring this FLSA collective action on their own behalf and on behalf of all other similarly situated delivery drivers throughout the country who have contracted directly with Amazon, who may choose to opt in to this action.

FIRST AMENDED CONSOLIDATED COMPLAINT -8

32.     Plaintiffs Rittmann and Carroll bring this Rule 23 class action on their own behalf and on behalf of all other similarly situated Amazon delivery drivers in Washington state, as well as on behalf of all other similarly situated Amazon delivery drivers in Seattle.

33.     Plaintiffs Lawson, Carroll, Wilkins, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Juan Alvarez, and Puentes, bring this Rule 23 class action on their own behalf and on behalf of all other similarly situated Amazon delivery drivers in California.

34.     Plaintiff Brown brings this Rule 23 class action on her own behalf and on behalf of all other similarly situated Amazon delivery drivers in Illinois.

35.     Plaintiff Davarci brings this Rule 23 class action on his own behalf and on behalf of all other similarly situated Amazon delivery drivers in New York.

36.     Plaintiff Yarleque brings this Rule 23 class action on her own behalf and on behalf of all other similarly situated Amazon delivery drivers in New Jersey.

37.     Plaintiff Davarci brings this Rule 23 class action on his own behalf and on behalf of all other similarly situated Amazon delivery drivers in New York.

38.     Plaintiffs Debra Wilkins, Shenia Brown, and Craig Adams, further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Amazon Flex delivery drivers who have worked anywhere in the United States where Amazon's policy described above has been in effect -- namely, using customer tips intended to benefit drivers to fund its operations by subsidizing the guaranteed minimum payments that it promised and owed its drivers.  Plaintiffs contend that Amazon has violated the common law of the various states.  On behalf of all similarly situated Amazon Flex delivery drivers, Plaintiffs seek recovery of all wages they are owed under state law and all other relief to which they are entitled.

FIRST AMENDED CONSOLIDATED COMPLAINT -9

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

39.     Defendant Amazon Logistics, Inc. is a Delaware corporation, headquartered in Seattle, Washington.  It has more than fifty employees.  On information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., and delivery drivers such as the named Plaintiffs have contracted directly with Amazon through Amazon Logistics, Inc.  Together, Amazon.com, Inc. and Amazon Logistics, Inc. are referred to in this complaint collectively as "Amazon".

### III.     JURISDICTION

40.     This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 as the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

41.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as they are so related to their FLSA claims that they form part of the same case or controversy.

42.     The Court also has jurisdiction over Plaintiffs' California state law claims under the federal Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Defendants are Washington citizens and members of this class reside primarily in California; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

43.     Venue is proper in this district under 28 U.S.C. § 1391.

### IV.     STATEMENT OF FACTS

44.     Amazon is a Seattle-based electronic retailer that provides delivery service of consumer and electronic goods to its customers in cities throughout the country.

45.     Amazon contracts directly with drivers around the country to provide these delivery services.  Although classified as independent contractors, these delivery drivers are actually employees.  Drivers receive (unpaid) training regarding how to interact with customers and how to handle issues they encounter while making

FIRST AMENDED CONSOLIDATED COMPLAINT -10

deliveries. They must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take.  Drivers can be penalized or terminated for missing scheduled shifts.  Drivers also must follow requirements and rules imposed on them by Amazon and are subject to termination, based on Amazon's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse, etc.).

46.     In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers provide.  The drivers' services are fully integrated into Amazon's business.

47.     However, based on its classification of them as independent contractors, Amazon requires its drivers to pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone and data plan.  For example, during the week of December 18 to 24, 2016, Plaintiff Raef Lawson drove over 200 miles to make deliveries for Amazon and had to pay for his own gas. Likewise, he had to pay for his own phone data while he ran the Amazon application on his phone for hours at a time.

48.     Amazon has advertised on its website and elsewhere that Amazon Flex delivery workers "Make $18-$25/hour" performing delivery services. Amazon made these representations in order to induce potential delivery workers to work for it but with knowledge that it was impossible to earn that hourly rate consistently. Delivery workers rarely earned an hourly rate of $25 per hour, and in fact, often earned below minimum wage.

49.     Indeed, in light of the expenses the delivery drivers bear in order to perform their jobs, the drivers' hourly wages often fall below federal minimum wage. For the Amazon delivery drivers who work in Washington, in light of the expenses the

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

drivers bear in order to perform their jobs, their wages often fall below state minimum wage, and for the drivers who work in Seattle, their wages often fall below Seattle's local minimum wage.  Likewise, for the Amazon delivery drivers who work in New Jersey, New York, California, and Illinois, in light of the expenses the drivers universally must bear in order to perform their jobs, their wages often fall below the applicable state minimum wage.

50.     For example, Plaintiff Carroll estimates that his weekly wage consistently fell below the applicable Washington minimum wage throughout the period he worked for Amazon in Washington state when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs.  Specifically, during the weeks of February 10 to 16, 2016 and February 17 to 23, 2016 he believes he made less than the Washington state minimum wage (then, $9.47 per hour).  Specifically, after accounting for expenses and excluding tips from customers, he estimates he made approximately $8.28 per hour during those weeks.  He further believes his hourly wage fell below the federal minimum wage ($7.25 per hour) during the weeks of August 10 to 16, 2016 and August 17 to 23, 2016 when he worked for Amazon in Las Vegas, Nevada.  Specifically, after accounting for expenses and excluding tips from customers, he estimates he made between $5.75 and $7.00 per hour those weeks.

51.     Likewise, Plaintiff Wehmeyer estimates that her weekly wage fell below the federal minimum wage ($7.25 per hour), for example, during the weeks of March 2 to 8, 2016 and July 20 to 26, 2016, when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs.  Specifically, after accounting for expenses and excluding tips from customers, she estimates she made approximately $6.50 per hour.  Likewise, Plaintiff Rittmann estimates that her weekly wage fell below the federal minimum wage ($7.25 per hour) during the month of July 2016 when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs and the uncompensated time she spent working on past her

FIRST AMENDED CONSOLIDATED COMPLAINT -12

scheduled shifts.[1]

52.     Plaintiff Yarleque estimates that her weekly wage often fell below the applicable New Jersey minimum wage throughout the period she worked for Amazon in New Jersey when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs.  Specifically, during the weeks of June 29, 2020 to July 5, 2020, she believes she made less than the New Jersey state minimum wage (then, $11 per hour).  Specifically, after accounting for expenses and excluding tips from customers, she estimates she made less than $7 per hour.  Likewise, Plaintiff Davarci estimates that his weekly wage consistently fell below the applicable New York minimum wage throughout the period he worked for Amazon in New York when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs.  Specifically, during the week of March 9 to March 16, 2021, he believes he made less than both the federal and state minimum wage.  Specifically, after accounting for expenses and excluding tips from customers, he estimates he made less than $5 per hour.  Plaintiff Wilkins estimates that her weekly wage consistently fell below the applicable California minimum wage throughout the period she worked for Amazon in California when excluding tips from customers and accounting for tolls, fuel, and vehicle maintenance costs.  Specifically, during the week of November 18, 2020 and November 25, 2020, she believes she made less than the applicable state minimum wage (then, $13 per hour).  Specifically, after accounting for expenses and excluding tips from customers, she estimates she made approximately $10.46 per hour.

53.     In addition, when driving for Amazon, delivery drivers receive an hourly

---

[1]     Plaintiffs calculated their minimum wage damages by using their weekly earnings to estimate how many hours they worked in a given week, subtracting all tips (because Plaintiffs contend that Amazon is not entitled to take the tip credit, see 29 U.S.C.A. § 203(m)) and then subtracting estimated mileage expenses and tolls.  These are necessarily only estimates because Amazon is in possession of relevant pay, mileage, and hours information that they have not provided to the plaintiffs.

FIRST AMENDED CONSOLIDATED COMPLAINT -13

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

rate of pay for scheduled shifts.  However, it often takes the drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time.

54.     Not only is this unpaid time a violation of Washington and California state law (and local Seattle law, for those drivers who work in Seattle), but this unpaid time further pushes the drivers' wages below federal, state, and local minimum wage.

55.     In addition, these delivery drivers are not paid overtime for hours they work in excess of forty per week.  For example, named Plaintiff Freddie Carroll regularly worked in excess of forty hours per week for Amazon from the period January through June of 2016 but was not paid one-and-a-half times his regular rate for any overtime hours.  Carroll does not have access to any records showing the precise number of hours he worked in any given week because Amazon does not provide its drivers with any proper wage statements; however, Carroll's best recollection is that he worked more than forty hours during the weeks of April 6 to 12, 2016 and April 13 to 19, 2016.  During those weeks, Carroll was not paid time-and-a-half his regular hourly rate of $18.00 per hour for any of the hours he worked in excess of forty hours.

56.     Furthermore, some Amazon orders are eligible to receive tips from customers.  Amazon has repeatedly represented to both its customers and its Amazon delivery drivers, including but not limited to in its contracts, advertising, website, and training materials, that all tips paid by customers are paid in full to the drivers. However, Amazon has not always paid all tips that customers intended to benefit Amazon Flex delivery drivers to these drivers.

57.     Instead, beginning in late 2016 until approximately August 2019, Amazon retained portions of drivers' tips rather than distributing them all to the drivers. Specifically, while Amazon has offered a flat rate for some delivery blocks (which equates to its promised hourly rate of $18-25/hour), Amazon has clandestinely paid a

FIRST AMENDED CONSOLIDATED COMPLAINT -14

variable rate to drivers performing deliveries that are eligible for tips.  For the latter deliveries, Amazon used customer tips to subsidize its minimum payments to drivers. Amazon used these customer tips to offset its contribution to drivers' promised hourly base pay rate without the knowledge of drivers or customers.  The result is that the Amazon Flex delivery drivers often receive no additional compensation when the customer leaves a tip.

58.     To accomplish the goal of using customer tips to offset its payment obligations, Amazon deliberately failed to provide drivers with information about how much they had been paid in tips and how much they had been paid by Amazon, instead supplying their total pay and deliberately obscuring the fact that customer tips were being used to subsidize their pay from Amazon.

59.     As a result of the practice described above, Plaintiffs and class members have been deprived of gratuities from customers to which they are entitled under state statutory and common law.

60.     Amazon's representations to drivers and customers gave rise to a contractual obligation to provide all customer tips paid to AmazonFlex delivery drivers by customers to the drivers making those deliveries.  Amazon has breached its contractual obligations to its drivers by failing to remit the full proceeds of tips that customers intended AmazonFlex delivery drivers to receive.

61.     Furthermore, by retaining tips owed to Amazon Flex delivery drivers, which customers have paid for those drivers' benefit, Amazon has been unjustly enriched to the drivers' detriment.

62.     As a result of Defendants' misclassification of Plaintiffs as independent contractors, Amazon also failed to adopt meal and rest break policies consistent with California law. By virtue of misclassifying as independent contractors and as a result of their per-delivery compensation system, Defendants did not maintain a policy authorizing their workers to take paid rest breaks amounting to 10 minutes of time for

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

each four hours of work or major fraction thereof on their shifts in California. Defendants are and were obligated to pay workers, including Plaintiffs Carroll, Wilkins, Lawson, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez, and Puentes, separately and hourly for their rest break time in California.

63.     Likewise, California law dictates that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period. Finally, an employer may not employ an employee for a work period of more than ten (10) hours a day without providing the employee with another meal period of not less than thirty (30) minutes. Here, as a result of the misclassification of Plaintiffs as independent contractors, Defendants never authorized Plaintiffs to take their timely 30-minute duty-free meal breaks, on or before the fifth hours of time shifts, and Defendants never paid any missed meal break premiums to its workers, including Plaintiffs Carroll, Wilkins, Lawson, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez, and Puentes.

64.     Furthermore, Amazon delivery drivers do not receive proper itemized wage statements from Amazon and instead are simply provided with weekly totals reflecting how much money they were paid that week without showing how many hours they actually worked performing deliveries or how compensation was calculated. Amazon's general counsel was informed of these deficiencies by a letter from the Plaintiffs dated November 23, 2016, but has not remedied the violations, and instead, has willfully continued to distribute deficient pay statements to drivers. Specifically,

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Amazon's partial wage statements show their "current earnings," or the total amount they had earned in the present pay period, but this is the only information regarding pay available to the delivery workers on the Amazon Flex app.  The Amazon Flex app omits information detailing the actual hours delivery workers worked and their hourly pay rate. The app similarly has omitted the details of delivery workers' piece rate compensation (i.e., per-batch commission) or the number of piece rate units delivered. Thus, delivery workers had no means of verifying they were being paid correctly. Amazon has also used coding in the Amazon Flex app that prevented delivery workers from retaining permanent records of their pay. When using the Amazon Flex app to view their current earnings in the app's interface, delivery workers were unable to capture images. Amazon's software disabled this feature of the delivery workers' mobile devices. Amazon utilized screenshot disabling features in the Amazon Flex app despite the fact delivery workers have a right under the NLRA and Labor Code to take photographs and make recordings of wage statements, including the right to use personal devices to take such pictures or recordings. At no time during Plaintiffs' employment did Amazon provide Plaintiffs with any written or electronic wage statement showing hours worked, gross or net wages, hourly rates, paid or unpaid breaks or federal or state deductions.

65.    Amazon voluntarily and knowingly misclassified delivery workers as independent contractors for the purpose of avoiding the significant costs and responsibilities associated with the employer/employee relationship, including, *inter alia,* the payment of wages for non-productive time, expense reimbursements, provision of workers' compensation insurance, payment of state and federal taxes, and other benefits. In misclassifying delivery workers as independent contractors and failing to pay wages and compensation due to them, as well as by committing the numerous other violations detailed in this complaint, Amazon, by and through its officers, directors or managing agents, acted with malice, oppression or conscious

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

disregard for the statutory or other rights of Plaintiffs, and committed fraud by willfully and wrongly treating Plaintiffs as independent contractors and not employees.

## V.     THE NATIONWIDE COLLECTIVE ACTION

66.     Plaintiffs bring the first and second cause of action on behalf of themselves and all other drivers who may choose to opt in to this case who have contracted directly with Amazon to provide delivery services in the United States, between three years since they brought this complaint and the date of final judgment in this matter.

67.     Plaintiffs bring these counts under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiffs and these other Amazon delivery drivers are similarly situated in that they are all subject to Amazon's common plan or practice of classifying drivers as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI.     THE WASHINGTON RULE 23 CLASS ACTION ALLEGATIONS

68.     Plaintiffs Bernadean Rittmann and Freddie Carroll bring the third, fourth, and fifth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all delivery drivers who have contracted directly with Amazon to provide delivery services in Washington state beginning three years prior to the filing date of this complaint and ending on the date of final judgment in this matter.

69.      Plaintiffs Bernadean Rittmann and Freddie Carroll bring the sixth cause of action on behalf of all such delivery drivers who have worked for Amazon in Seattle between January 1, 2016, and the date of final judgment in this matter.

70.     Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures such that they do not receive

FIRST AMENDED CONSOLIDATED COMPLAINT -18

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

at least Washington state minimum wage for all hours worked (and Seattle minimum wage, for those who worked in Seattle).

71.     The members of the class are so numerous that joinder of all class members is impracticable.

72.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), and failing to ensure they are paid time-and-a-half their regular rate for all hours worked in excess of forty per week, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

>    a. Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;
>
>    b. Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;
>
>    c.  Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

73.     Plaintiffs Rittmann and Carroll are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

74.     These named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

75.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in

FIRST AMENDED CONSOLIDATED COMPLAINT -19

class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

76.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

77.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VII.     THE CALIFORNIA RULE 23 CLASS ACTION ALLEGATIONS

78.     Plaintiffs Freddie Carroll, Debra Wilkins, Raef Lawson, Kimberlee Keller, Tommy Garadis, Adriana Ponce, Louie Ronquillo, Sean M. Hoyt, Ricky Diaz, Emanuel Adamson, Juan Manuel Alvarez, and Alejandro Garcia Puentes bring causes of action seven through seventeen as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all delivery drivers who have contracted directly with Amazon to provide delivery services in California between three years since they brought this complaint and the date of final judgment in this matter.

79.     Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures, in violation of Cal. Labor Code § 2802, and likewise, have not been provided with itemized pay statements containing all the information required by California law, Cal. Labor Code § 226(a).

FIRST AMENDED CONSOLIDATED COMPLAINT -20

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Further, drivers making tipped deliveries between approximately 2016 and August 2019, have uniformly been deprived of gratuities that were not remitted to them.

80.     The members of the class are so numerous that joinder of all class members is impracticable. On information and belief, the class contains more than 50 members.

81.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors and failing to reimburse them for necessary business expenses exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the many questions of law and fact common to the class are:

      a. Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

      b. Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

      c.  Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses;

      d. Whether class members were provided with required meal and rest breaks or were paid required meal and rest break premiums;

      e. Whether class members received time-and-a-half their regular rate of pay for hours worked in excess of 8 per day or 40 per week;

      f. Whether class members received proper itemized wage statements and other required employment records under California law;

      g. Whether class members were required to sign contracts containing unlawful provisions.

FIRST AMENDED CONSOLIDATED COMPLAINT -21

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

82.     Plaintiffs Carroll, Wilkins, Lawson, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez, and Puentes are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

83.     The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

84.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

85.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

86.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.


### VIII.     THE ILLINOIS RULE 23 CLASS ACTION ALLEGATIONS

87.     Plaintiff Shenia Brown brings the eighteen and nineteen causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Amazon Flex delivery drivers who have contracted directly with Amazon to provide Amazon Flex delivery services in Illinois.

FIRST AMENDED CONSOLIDATED COMPLAINT -22

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

88.     Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures and do not receive at least Illinois state minimum wage for all hours worked.

89.     The members of the class are so numerous that joinder of all class members is impracticable.

90.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours worked, and failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a.  Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

    b.  Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

    c.  Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

91.     Plaintiff Brown is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein.

92.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

93.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

94.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

95.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IX.     THE NEW YORK RULE 23 CLASS ACTION ALLEGATIONS

96.     Plaintiff Sancak Davarci brings the twentieth through twenty-second causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all AmazonFlex delivery drivers who have contracted directly with Amazon to provide Amazon Flex delivery services in New York.

97.     Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures and do not receive at least New York state minimum wage for all hours worked.

98.     The members of the class are so numerous that joinder of all class members is impracticable.

99.     Common questions of law and fact regarding Amazon's conduct in classifying delivery drivers as independent contractors, failing to pay them for all hours

FIRST AMENDED CONSOLIDATED COMPLAINT -24

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

worked, and failing to ensure they are paid at least minimum wage for all weeks (after accounting for business expenses they must bear), exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a) Whether class members have been uniformly under the right of control of Amazon during their performance of services for the company;

b) Whether the work performed by class members—providing package delivery service of consumer goods to Amazon customers—is within Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

c) Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

100.   Plaintiff Davarci is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein.

101.   The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

102.   The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

103.   The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

104.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class

FIRST AMENDED CONSOLIDATED COMPLAINT -25

may be relatively small, the expense and burden of individual litigation makes it
practically impossible for the members of the class individually to redress the wrongs
done to them. The class is readily definable and prosecution of this action as a class
action will eliminate the possibility of repetitive litigation. There will be no difficulty in
the management of this action as a class action.

## X.   THE NEW JERSEY RULE 23 CLASS ACTION ALLEGATIONS

105.   Plaintiff Cinthia Yarleque brings the twenty-third and twenty-fourth
causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil
Procedure on behalf of all AmazonFlex delivery drivers who have contracted directly
with Amazon to provide Amazon Flex delivery services in New Jersey.

106.   Plaintiff and other class members have uniformly been deprived
reimbursement of their necessary business expenditures and do not receive at least
New Jersey state minimum wage for all hours worked.

107.   The members of the class are so numerous that joinder of all class
members is impracticable.

108.   Common questions of law and fact regarding Amazon's conduct in
classifying delivery drivers as independent contractors, failing to pay them for all hours
worked, and failing to ensure they are paid at least minimum wage for all weeks (after
accounting for business expenses they must bear), exist as to all members of the
class and predominate over any questions affecting solely any individual members of
the class. Among the questions of law and fact common to the class are:

a) Whether class members have been uniformly under the right of
control of Amazon during their performance of services for the company;

b) Whether the work performed by class members—providing package
delivery service of consumer goods to Amazon customers—is within

FIRST AMENDED CONSOLIDATED COMPLAINT -26

Amazon's usual course of business, and whether such service is fully integrated into Amazon's business;

c) Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

109.    Plaintiff Yarleque is a class member who suffered damages as a result of Amazon's conduct and actions alleged herein.

110.    The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

111.    The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.  The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

112.    The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

113.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

## XI.   THE NATIONWIDE COMMON LAW RULE 23 CLASS

114.   Plaintiffs bring the twenty-fifth and twenty-sixth causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Amazon delivery drivers who have contracted directly with Amazon to provide Amazon delivery services across the United States and who were affected by the conduct described herein.

115.   Plaintiffs and other class members have uniformly been deprived of gratuities that were not remitted to them.

116.   The members of the class are so numerous that joinder of all class members is impracticable.

117.   Common questions of law and fact regarding Amazon's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a.   Whether Defendants failed to provide Amazon Flex delivery drivers with the full financial benefit of gratuities left for them by customers and thereby failed to distribute the total proceeds of those gratuities to drivers;

    b.   Whether Defendants retained a portion of the gratuities for themselves to defray their payment obligations to the drivers;

    c.   Whether Defendants tortiously interfered with the advantageous relationship between drivers and customers, in which customers intended for drivers to benefit from their payment of gratuities for the drivers' benefit;

    d.   Whether Defendants have been unjustly enriched at plaintiffs' expense.

FIRST AMENDED CONSOLIDATED COMPLAINT -28

118.   Plaintiffs, including but not limited to Plaintiffs Wilkins, Adams, and Brown, are class members who suffered damages as a result of Amazon's conduct and actions alleged herein.

119.   The named plaintiffs' claims are typical of the claims of the class, and the named plaintiff have the same interests as the other members of the class.

120.   The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

121.   The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

122.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

123.    Amazon's willful conduct in failing to ensure that its delivery drivers across the country, with whom it has directly contracted, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates the FLSA, 29 U.S.C. § 201, *et seq*.  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II
### Failure to Pay Overtime in Violation of the FLSA

124.    Amazon has willfully failed to pay one and one-half times the regular rate of pay for its delivery drivers across the country who have worked in excess of forty (40) hours per week, in violation of the FLSA, 29 U.S.C. §207(a)(1).  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### Failure to Pay Minimum Wage
### in Violation of Washington Minimum Wage Act
### RCW § 49.46.020

125.    Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in Washington receive the Washington state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates Wash. Rev. Code § 49.46.020.  This claim is brought on behalf of a class of similarly situated individuals who have performed services for Amazon Flex in Washington state during the relevant period.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

**COUNT IV**
**Failure to Pay Overtime**
**in Violation of Washington Minimum Wage Act**
**RCW § 49.46.130**

126.    Amazon's willful conduct, as set forth above, in failing to pay its delivery drivers who have worked in Washington time-and-a-half their regular rate of pay for all hours worked beyond forty per week as required by Washington law, violates Wash. Rev. Code § 49.46.130.  This claim is brought on behalf of a class of similarly situated individuals who have performed services for Amazon Flex in Washington state during the relevant period.

**COUNT V**
**Willful Withholding of Wages under Washington Law**
**RCW §§ 49.52.50, 49.52.70**

127.    Amazon's willful conduct, as set forth above, in failing to pay its delivery drivers who have worked in Washington for hours worked beyond their assigned shift as required by Washington law, violates Wash. Rev. Code §§ 49.52.50, 49.52.70.  This claim is brought on behalf of a class of similarly situated individuals who have performed services for Amazon Flex in Washington state during the relevant period.

**COUNT VI**
**Failure to Pay Minimum Wage**
**in Violation of Seattle Minimum Wage Ordinance, Council Bill 118585**

128.    Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in Seattle receive the Seattle minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, constitutes a violation of Seattle Minimum Wage Ordinance, Council Bill 118585, which prescribes a higher hourly minimum wage (which was $13.00 per hour as of January 16, 2016, and will increase in future years up to $15.00 per hour), for employers of fifty or more.  This claim is brought on behalf of a class of similarly situated individuals who have

FIRST AMENDED CONSOLIDATED COMPLAINT -31

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

performed services for Amazon Flex in Seattle during the relevant time period.

**COUNT VII**
**Failure to Reimburse Necessary Business Expenses**
**in Violation of California Labor Code**
**Cal. Lab. Code §§ 2802, 224, IWC Wage Order 9-2001**

129.   Amazon's conduct, as set forth above, in failing to reimburse its delivery drivers who have worked in California for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates California Labor Code §§ 2802, 224 and IWC Wage Order 9-2001.  This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California during the relevant time period.

**COUNT VIII**
**Failure to Provide Itemized Wage Statements**
**in Violation of California Labor Code**
**Cal. Lab. Code § 226(a), IWC Wage Order 9-2001**

130.   Amazon's conduct, as set forth above, in failing to provide proper itemized wage statements to its delivery drivers who have worked in California constitutes a violation of California Labor Code § 226(a) and IWC Wage Order 9-2001. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California during the relevant time period.

**COUNT IX**
**Failure to Pay Minimum Wage**
**in Violation of California Labor Code**
**Cal. Lab. Code §§ 1197, 1194, 1197.1, 1199; IWC Wage Order 9-2001**

131.   Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in California receive the California state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates Cal. Lab. Code §§ 1197, 1194, 1197.1, 1199 and Wage Order 9-2001. This claim is brought

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California during the relevant time period.

## COUNT X
### Failure to Remit Full Proceeds of Gratuities in Violation of California Labor Code
### Cal. Lab. Code § 351

132.    Amazon's conduct, as set forth above, in failing to remit to its delivery drivers who have worked in California the total proceeds of gratuities collected from customers constitutes a violation of California Labor Code § 351. This violation is enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendants' conduct constitutes unlawful, unfair, or fraudulent business acts or practices, in that Defendants have violated California Labor Code § 351 in not remitting to Amazon Flex delivery drivers the total gratuities that are charged to customers. Pursuant to California Business and Professions Code § 17203, Plaintiff Wilkins, Carroll, and Lawson, and class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California from approximately December 2016 through August 2019.

## COUNT XI
### Failure to Pay Overtime
### Cal. Labor Code §§ 204, 510, 1194, 1198 and IWC Wage Order 9-2001

133.    Plaintiffs reallege and incorporate by reference all paragraphs above as if set forth in detail here.

FIRST AMENDED CONSOLIDATED COMPLAINT -33

134.     Plaintiffs have been and are expected to regularly work in excess of 8 hours per day or 40 hours per week. Plaintiffs have regularly worked and continue to regularly work in excess of 8 hours per day or 40 hours per week.

135.     At all relevant times, Defendants failed to pay Plaintiffs and all persons similarly situated wages when due, as required by Labor Code § § 204, 510, 1194 & 1198.

136.     Such a pattern, practice and uniform administration of a corporate policy designed to deprive employees of compensation, as described herein, is unlawful and creates an entitlement to recovery by the Plaintiffs, in a civil action, for the unpaid balance of the amount of overtime and other compensation, including interest thereon, reasonable attorneys' fees and costs of suit, as well as the assessment of any other statutory penalties against Defendants.

## COUNT XII
**Failure to Provide Meal and Rest Breaks**
**Cal. Labor Code §§ 226.7, 512 and IWC Wage Order 9-2001**

137.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

138.     Defendants have required and continue to require Plaintiffs to work for periods of more than 5 hours per day with no provision of a meal period of at least 30 minutes.

139.     Defendants have required and continue to require Plaintiffs to work for periods of more than 10 hours per day with no provision of a second meal period of at least 30 minutes.

140.     Defendants have required and continue to require Plaintiffs to work for periods of more than 4 hours per day with no provision of a rest period of at least 10 minutes.

FIRST AMENDED CONSOLIDATED COMPLAINT -34

141.     Plaintiffs were not properly provided with meal or rest periods as required by California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Wage Order Nos. 4 and 7, for missed and/or meal periods on or after 2013.

142.     As a result of Defendants' conduct, Plaintiffs are entitled to all monetary and other damages permitted under the Labor Code and any other applicable law, including, but not limited to, an additional hour of pay for every day that Plaintiffs were not provided meal or rest breaks pursuant to Labor Code § 226.7.

### COUNT XIII
**Failure to Properly Report Pay and Keep Employment Records**
**Cal. Labor Code §§ 226, 1174**

143.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

144.     At all relevant times, Defendants failed to keep accurate records of the hours worked by Plaintiffs in violation of Labor Code § § 226 & 1174. Defendants' failure to do so was knowing and intentional.

145.     At all relevant times, Defendants failed to provide Plaintiffs with accurate records of pay indicating the wages paid for the hours worked. Defendants took affirmative measures to prevent Plaintiffs from having permanent wage records by disabling the screenshot feature of their mobile devices. In addition, Defendants failed to provide Plaintiffs with any information at all indicating the hours worked and state and federal deductions. Further, when Plaintiffs were paid on an hourly basis, Defendants failed to provide Plaintiffs with the applicable hourly rate. When Plaintiffs were paid on a piece-rate basis, Defendants similarly failed to provide Plaintiffs with the applicable piece rate in effect during the relevant pay period and the number of piece-rate units earned. The wage statements also failed to include the Plaintiffs' names, the last four digits of their social security numbers or other employee

FIRST AMENDED CONSOLIDATED COMPLAINT -35

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

identification number, and Amazon's name and address. Defendants' failure to do so was knowing and intentional.

146.     Plaintiffs suffered actual injury as a result of Defendants' knowing and intentional failure to keep and provide accurate records of said information, because Plaintiffs could not promptly and easily determine from the wage statement alone the following information: (1) the total number of hours they worked, including how much overtime they had worked; (2) the piece rate and the number of piece-rate unis earned (when Plaintiffs were paid based on a piece rate); (3) the hourly rate in effect (when Plaintiffs were paid on an hourly basis); (4) the deductions taken by Amazon, if any; and (5) Amazon's address. Plaintiffs could not readily ascertain this information without reference to other documents or information, if at all.

As a result of Defendants' conduct, Plaintiffs are entitled pursuant to Labor Code § 226(e) to all monetary and other damages permitted under the California Labor Code and any other applicable law, reasonable attorneys' fees and costs of suit, as well as the assessment of any other statutory penalties and injunctive relief against Defendants.

**COUNT XIV**
**Failure to Pay Wages when Due**
**Cal. Labor Code §§ 201, 202, 203 & 204**

147.     Plaintiffs hereby reallege and incorporate by reference all paragraphs above as if set forth in detail herein.

148.     Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately at the time of discharge, layoff, or resignation made with at least 72 hours' notice and, within 72 hours of resignation made without 72 hours' notice.

149.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by §§ 201 or 202, then the

FIRST AMENDED CONSOLIDATED COMPLAINT -36

employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

150.    Plaintiffs allege thereon that since at least 2013, Defendants have failed to pay all earned wages to Plaintiffs during their employment with Defendants. In addition, beginning in at least 2013, members of the Class have been discharged, laid off, resigned, retired or otherwise voluntarily left employment, but Defendants did not pay earned wages upon separation of employment in violation of Labor Code §§ 201 and 202. Defendants' conduct in this regard has been willful.

151.    As a consequence of Defendants' willful failure to pay wages due to each such delivery worker following. separation from employment as required by Labor Code §§ 201 and 202, Plaintiffs and Delivery workers whose employment ended during the three years prior to the date of the initial filing of this action and continuing through the date of its final disposition are  entitled to recover from Defendants an additional sum as a penalty, pursuant to Labor Code § 203, equal to thirty (30) days wages per person plus interest for each employee who separated from employment with Defendants, in amounts according to proof at trial.

## COUNT XV
### Failure to Provide Paid Sick Leave
### Cal. Labor Code § 246

152.    Plaintiffs hereby reallege and incorporate by reference all paragraphs above as if set forth in detail herein.

153.    Pursuant to California Labor Code § 246, Defendants were required to provide Plaintiffs who worked more than 30 days from the commencement of their employment with paid sick leave.

154.    On account of Defendants' misclassification of Plaintiffs as set forth above, Defendants failed to provide Plaintiffs who were so entitled with sick leave, in violation of California Labor Code §246.

FIRST AMENDED CONSOLIDATED COMPLAINT -37

155.     As a proximate result of the aforementioned violations, Plaintiffs have been damaged in an amount according to proof at trial. Therefore, Plaintiffs are entitled to recover the unpaid balance of expenses Defendants owe Plaintiffs, plus interest, penalties, attorneys' fees, expenses and costs of suit.

**COUNT XVI**
**Unlawful Deductions**
**Cal. Labor Code §§ 221, 223, 400-410, Wage Order 9-2001**

156.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

157.     Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

158.     Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

159.     Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

160.     IWC wage order No.9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

161.     These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting

FIRST AMENDED CONSOLIDATED COMPLAINT -38

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

162.    Defendants have violated and continue to violate Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No.9, § 8 by unlawfully taking deductions from Plaintiffs' and Class Members' compensation to cover certain ordinary business expenses of Defendants, including but not limited to providing refunds to customers who complain about their orders not being delivered appropriately. Defendants' further violated and continue to violate Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No.9, §8 through their policy of liquidated damages for failing to comply with Defendants' policies regarding the delivery of orders.

163.    Because Defendants took unlawful deductions from the compensation of Plaintiffs, they are liable to Plaintiffs for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No.9, §8.  By unlawfully deducting wages and failing to pay Plaintiffs and other similarly situated Class Members, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5 and 1194.

### COUNT XVII
### Unfair, Unlawful, and Fraudulent Business Practices
### Cal. Bus. & Prof. Code§ 17200, et seq.

164.    Plaintiffs reallege and incorporate by reference all paragraphs above as if set forth in detail herein. Amazon has engaged in unfair, unlawful, and fraudulent business practices as set forth above. By engaging in the above-described acts and

FIRST AMENDED CONSOLIDATED COMPLAINT -39

practices, Amazon has committed one or more acts of unfair competition within the meaning of Section 17200 of the California Business and Professions Code ("UCL"). These acts and practices constitute a continuing and ongoing unfair or unlawful business activity defined by the UCL, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to the UCL.

**Amazon's Unlawful Business Practices:**

165.      Defendants have unlawfully classified Plaintiffs as independent contractors for purposes of business-related expenses and wages to avoid payment of overtime wages and other benefits in violation of, inter alia, the NLRA, the California Labor and Civil Code, and the applicable IWC Orders. In addition, Defendants have wrongly, illegally, and unfairly failed to compensate plaintiffs for work-related expenses including but not limited to gas, vehicle maintenance services, car insurance, mobile device, and mobile device data package.

166.      Defendants have violated and continue to violate Business & Professions Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, inter alia:

- Violating, and continuing to violate, Labor Code §§ 204, 216, 1194 & 1197, as set forth above;

- Violating, and continuing to violate, Labor Code §§ 204, 510, 1194 & 1198, as set forth above;

- Violating, and continuing to violate, Labor Code §§ 226.7, 512, 1194 & 1197, as set forth above;

- Violating, and continuing to violate, Labor Code §§ 201, 202, 203, as set forth above;

- Violating, and continuing to violate, Labor Code §§ 226, & 1174, as set forth above;

FIRST AMENDED CONSOLIDATED COMPLAINT -40

- Violating, and continuing to violate, Labor Code §§ 224 & 2802, as set forth above;
- Violating, and continuing to violate, Labor Code §§ 226.8, as set forth above;
- Violating, and continuing to violate, Labor Code §§ 2753, as set forth above;
- For fraud/intentional misrepresentation, as set forth below; and
- For trespass/conversion, as set forth below.

167.    Amazon has also violated and continues to violate Business & Professions Code § 17200's prohibition against engaging in "unlawful" business acts or practices by violating, and continuing to violate, Section 923 of the Labor Code and the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169. As alleged above, Amazon utilized screenshot disabling features in the Amazon Flex app despite the fact delivery workers have a right under the NLRA and Labor Code to take photographs and make recordings of wage statements, including the right to use personal devices to take such pictures or recordings. Plaintiffs contend Amazon included the screenshot disabling features in the Amazon Flex app for the purpose of preventing delivery workers from having access to permanent records reflecting their pay.

168.    Amazon has also violated and continues to violate California Labor Code § 226.8 by willfully misclassifying Plaintiffs as independent contractors. As more fully set forth above, Plaintiffs are not independent contractors. Amazon knew that Plaintiffs were properly classified as employees under California state law but chose to misclassify them as independent contractors. Amazon knowingly and voluntarily engaged in and continue to engage in a pattern and practice of these violations. By misclassifying Plaintiffs as independent contractors, Amazon was able to avoid the significant responsibilities associated with the employer/employee relationship, including, inter alia, the payment of wages for non-productive time, expense reimbursement, provision of workers' compensation insurance, payment of state and federal taxes, and other benefits.

FIRST AMENDED CONSOLIDATED COMPLAINT -41

169.     Plaintiffs have suffered injury in fact and lost money and/or property as a result of Amazon's unlawful business acts and practices by, *inter alia,* being deprived of compensation for all hours worked including overtime.

### Amazon's Fraudulent Business Practices:

170.     Amazon's acts and practices, as described above, constitute fraudulent business practices within the meaning of Business & Professions Code, §§ 17200, *et seq.*

171.     As described herein, Amazon failed to keep accurate records of the hours worked by Plaintiffs in violation of the FLSA, 29 U.S.C. § 211(c) and § 215(a). At all relevant times, Amazon provided Plaintiffs with false records of pay indicating the hours worked, wages paid for the hours worked, applicable pay rates, and other information as is alleged above. In addition, based on fraudulent reporting of hours worked and wages paid, inaccurate information regarding state and federal deductions was provided to Plaintiff.

172.     Additionally, as described herein, Amazon represented to Plaintiffs that they, alone, were responsible for the performance of their work and that they, alone, determined the method, details, and means of performing their work.  These representations were false.

173.     Amazon also represented Plaintiffs were independent contractors not entitled to the compensation and reimbursements set forth above, which was, in fact, also false

174.     A reasonable person would likely have been deceived by all of these representations, acts, and practices and they therefore constitute fraudulent business within the meaning of the UCL.

175.     Amazon knew the falsehood of these representations and intended to, and did, induce Plaintiffs' reliance thereupon. Plaintiffs relied upon the truth of the representations, causing economic harm.

FIRST AMENDED CONSOLIDATED COMPLAINT -42

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

176.     Plaintiffs suffered concrete and identifiable economic injuries as a consequence of Amazon's misleading and fraudulent conduct, including but not limited to unpaid wages, including overtime.

**Amazon's Unfair Business Practices:**

177.     Amazon's acts and practices, as described above, constitute unfair business practices within the meaning of Business & Professions Code, §§ 17200, *et seq.* Such acts and practices were against established public policy and were pursued to attain an unjustified monetary advantage for Amazon by creating personal disadvantage and hardship to its employees.

178.     Amazon's conduct does not benefit workers or competition. Indeed, the injury to Plaintiffs as a result of Amazon's conduct is far greater than any alleged countervailing benefit. Plaintiffs could not have reasonably avoided the injury they suffered.

179.     The gravity of the consequences of Amazon's conduct as described above outweighs any justification, motive or reason therefore, is immoral, unethical, oppressive, unscrupulous, and is contrary to the public welfare since it transgresses civil statutes of the State of California designed to protect workers from exploitation.

180.     Amazon's acts and practices, as described above, also constitute unfair business practices within the meaning of Business & Professions Code, §§ 17200, *et seq.* in that they violate the enumerated public policy underlying Labor Code Section 923 and the NLRA. Section 923 of the Labor Code and the NLRA declare that it is necessary that the individual worker have full freedom of association, self-organization, and designation of representatives of the worker's own choosing, to negotiate the terms and conditions of the worker's employment, and that the worker shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or

FIRST AMENDED CONSOLIDATED COMPLAINT -43

protection. Amazon has violated this policy by preventing delivery drivers from capturing details of how they are compensated for their work by utilized screenshot disabling features in the Amazon Flex app. Plaintiffs content Amazon included the screenshot disabling features in the Amazon Flex app for the purpose of preventing delivery workers from having access to permanent records reflecting their pay.

181.    Plaintiffs have suffered injury in fact and lost money and/or property as a result of Amazon's unfair business acts and practices by, inter alia, being deprived of compensation for all hours worked including overtime.

182.    By and through its unfair, fraudulent, and/ unlawful business practices and acts described herein, Amazon has obtained valuable services from Plaintiffs and has deprived Plaintiffs of valuable rights and benefits guaranteed by law, all to their detriment. Plaintiffs seek an award of restitution, disgorgement, injunctive relief and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

## COUNT XVIII
### Failure to Reimburse Necessary Business Expenses
### in Violation of Illinois Wage Payment and Collections Act
### 820 ILCS § 115, *et seq.*

191    Amazon's conduct, as set forth above, in failing to reimburse its delivery drivers who have worked in Illinois for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates 820 ILCS 115/9.5(a). This claim is brought on behalf of all Amazon delivery drivers who have worked for Defendants in Illinois from January 1, 2019, until the date of judgment in this action. See 735 ILCS § 5/13–206.

FIRST AMENDED CONSOLIDATED COMPLAINT -44

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

**COUNT XIX**
**Failure to Pay Minimum Wage**
**in Violation of Illinois Minimum Wage Law**
**820ILCS § 105/1, *et seq*.**

192.    Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in Illinois receive the Illinois state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, constitutes a violation of 820 ILCS § 105/1, *et seq.*  This claim is brought on behalf of all Amazon Flex delivery drivers who have worked for Amazon in Illinois during the last three years prior to the date of filing of this Complaint until the date of judgment in this action. See 820 §ILCS 105/12.

**COUNT XX**
**Failure to Reimburse Necessary Business Expenses**
**in Violation of New York Labor Law**
**N.Y. Lab. L. Article 19, §§ 193 and 198-b**

193.    Amazon's conduct in failing to reimburse its delivery drivers who have worked in New York for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates New York law, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650, *et seq.*  Specifically, Defendants' requirement that Plaintiff Davarci and other AmazonFlex delivery drivers pay for their own expenses necessary expenses to perform their delivery work (such as gas, car maintenance, and smartphone expenses), operates as a deduction from wages in violation of NYLL, Article 19, §§ 193 and 198-b, and the supporting New York State Department of Labor Regulations. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in New York during the relevant time period.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

**COUNT XXI**
**Failure to Pay Minimum Wage**
**in Violation of New York Labor Law**
**N.Y. Lab. L., Article 19, §§ 650, *et seq.***

194.    Amazon's willful conduct in failing to ensure that its delivery drivers who have worked in New York receive the New York state minimum wage for all hours worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in New York during the relevant time period.

**COUNT XXII**
**Failure to Remit Full Proceeds of Gratuities**
**in Violation of New York Labor Law**
**N.Y. Lab. L. § § § 193, 196-d and 198-b**

195.    Amazon's conduct, as set forth above, in failing to remit to its delivery drivers who have worked in New York the total proceeds of gratuities collected from customers constitutes a violation of N.Y. Lab. L. § § § 193, 196-d and 198-b. Defendants made illegal deductions from Plaintiff Davarci and Class members' pay, and retained portions of Plaintiffs' tips.  This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in California from approximately December 2016 through August 2019.

**COUNT XXIII**
**Failure to Reimburse Necessary Business Expenses**
**in Violation of New Jersey Wage Payment Law ("NJWPL")**
**N.J.S.A. § 34:11-4.1(a)**

196.    Amazon's conduct, as set forth above, in failing to reimburse its delivery drivers who have worked in New Jersey for the expenses necessary to perform their job, such as gas, car maintenance, a smartphone and data plan, violates New Jersey law.  Specifically, Amazon pays Plaintiff Yarleque and other Amazon Flex delivery

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

drivers compensation for their services that constitute wages pursuant to N.J.S.A. § 34:11-4.1(c); however, Defendants' requirement that Plaintiff Yarleque and other AmazonFlex delivery drivers pay for their own expenses necessary to perform their delivery work (such as gas, car maintenance, and smartphone expenses), operates as a deduction from wages in violation of NJWPL, N.J.S.A. § 34:11-4.4.  Defendants' conduct, as set forth above, in effectively deducting Plaintiffs' necessary business expenses from their earned wages, violates the NJWPL, N.J.S.A. § 34:11-4.4. This claim is brought behalf of a class of similarly situated individuals who have performed services for Amazon Flex in New Jersey during the relevant time period.

### COUNT XXIV
### Failure to Pay Minimum Wage
### in Violation of New Jersey Wage and Hour Law
### N.J.S.A. § 34:11-56(a)

197.    Amazon's willful conduct, as set forth above, in failing to ensure that its delivery drivers who have worked in New Jersey receive the New Jersey state minimum wage for all hours worked Amazon's willful conduct in failing to ensure that its delivery drivers who have worked, after accounting for the expenses they paid that were necessary to perform their job and the time spent working beyond the end of their shift, violates New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a).  This claim is brought on behalf of all drivers who have worked for Amazon in New Jersey during the last six years prior to the date of filing of this Complaint until the date of judgment in this action.

### COUNT XXV
### Unjust Enrichment

198.    Amazon's conduct as set forth above constitutes unjust enrichment, giving rise to a claim for restitution under the common law of the various states in

FIRST AMENDED CONSOLIDATED COMPLAINT -47

which the conduct described above took place.  By retaining the sums that customers paid as gratuities intended for Amazon Flex drivers, Defendants have been unjustly enriched at Plaintiffs' expense.  Plaintiffs are entitled to restitution under the related common law doctrine of quantum meruit.  This claim is brought on behalf of the national class.

## COUNT XXVI
### Intentional Interference with Advantageous Relations

199.    Amazon's conduct as set forth above in failing to remit the total proceeds of gratuities collected from customers to Amazon delivery drivers constitutes unlawful interference with the implied contractual and/or advantageous relationships that exists between the Amazon drivers and the defendants' customers under the common law of the various states in which the conduct described above took place. This claim is brought on behalf of the national class.

## COUNT XXVII
### Private Attorney General Act
### Cal. Labor Code § 2699, *et seq.*

200.    Plaintiffs Kimberlee Keller, Tommy Garadis, Iain Mack, Adriana Ponce, Louie Ronquillo, and Sean M. Hoyt reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiffs are aggrieved employees as defined by Cal. Lab. Code § 2699(c) as they were employed by Amazon during the applicable statutory period and suffered injury as a result of Amazon's Labor Code violations. Accordingly, Plaintiffs seek to recover on behalf of the State of California, as well as themselves and all other current and former aggrieved employees of Amazon who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

201.    Specifically, Defendants have committed violations of California's Labor Code and the IWC Wage Order as set forth herein. These violations include violations

FIRST AMENDED CONSOLIDATED COMPLAINT -48

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

of Labor Code sections 201, 202, 203, 204, 226, 226.7, 226.8, 432.5, 510, 512, 558, 1194, 1197, 1174, 1174.5 and 1197.1. These violations are described further below:

**Intentional Misclassification**. In violation of Cal. Labor Code §§ 226.8 and 2753 and Industrial Welfare Commission (IWC) Wage Order 9, Amazon has engaged in a pattern or practice of willfully misclassifying its drivers as independent contractors. Amazon's policies and practices show knowledge and intent to circumvent California labor law by classifying its drivers, improperly, as independent contractors. In addition to any other penalties permitted by law, Plaintiff seeks $25,000 in civil penalties for each California driver that Amazon has intentionally misclassified, pursuant to Cal. Labor Code § 226.8.

**Overtime Violations**. In violation of Cal. Labor Code § 510 and IWC Wage Order 9, Amazon fails to provide overtime pay to its drivers. California law requires an overtime premium of 1.5 times the regular rate of pay for work exceeding 8 hours per day, 40 hours per week, or the first 8 hours of a 7th consecutive workday. California law requires an overtime premium of 2 times the regular rate of pay for hours worked in excess of 12 per day or beyond 8 hours for a 7th consecutive workday. Amazon pays drivers a flat rate for each shift, regardless of how many hours the driver actually worked. Plaintiffs routinely worked shifts in excess of 8 hours per day, and Plaintiffs routinely worked 7 consecutive days per week. Plaintiff never received overtime pay for this work. In addition to any other penalties permitted by law, Plaintiffs seek $100 for each initial violation and $200 for each subsequent violation pursuant to Cal. Labor Code § 558.

**Expense Reimbursement**. In violation of Cal. Labor Code § 2802 and IWC Wage Order 9, Amazon does not reimburse its drivers' business expenses nor provide them the tools they need to perform the job. Amazon requires drivers to have their own insurance, smartphone, and car. Amazon does not pay for the insurance premiums, the purchase of the smartphone or car, the cellular data plan required to utilize the application, driving expenses such as the cost of gasoline or maintenance, and the depreciation value of putting miles on the car. In addition to any other penalties permitted by law, Plaintiffs seek $100 for each aggrieved employee for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 2699.

**Meal and Rest Breaks**. In violation of Cal. Labor Code § 512 and IWC Wage Order 9, Amazon does not provide breaks during drivers' shifts for rests or for meals. Plaintiffs routinely work shifts in excess of 8 hours, but the application never allotted them a rest or meal break. In addition to any other penalties permitted by law, Plaintiffs seek $100 for each aggrieved employee for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 2699.

FIRST AMENDED CONSOLIDATED COMPLAINT -49

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

**Itemized Wage Statements**. In violation of Cal. Labor Code § 226 and IWC Wage Order 9, Amazon does not provide itemized wage statements to drivers showing the number of hours worked and how their compensation was calculated. Amazon merely provides drivers with a weekly total of how much money they were paid—omitting much of the information required to be on a wage statement under California labor law. In addition to any other penalties permitted by law, Plaintiff seeks $250 for each aggrieved employee for each initial violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 226.3.

**Waiting Time Penalties**. In violation of Cal. Labor Code § 203 and IWC Wage Order 9, Amazon does not pay drivers for their last shift if they are terminated as a result of that shift, even if they delivered all of their packages. For example, Plaintiff Hoyt worked a shift in excess of 8 hours on his last day, but he was never paid his final paycheck. In addition to any other penalties permitted by law, Plaintiffs seek waiting time penalties for each terminated Flex driver of 30 times the amount of their final paycheck, pursuant to Cal. Labor Code § 203.

**Illegal Contract Terms**. In violation of Cal. Labor Code § 432.5, Amazon requires Flex drivers to agree to contract terms that it knows or should know are unlawful. For example, Amazon also requires Flex drivers to agree to litigate disputes under Washington law in the state of Washington, in direct violation of Cal. Labor Code § 925, which prohibits an employer from requiring a California employee to agree to a choice-of-law or venue clause that would deprive the employee of substantive protections of California law or would require claims be litigated outside California. In addition to any other penalties permitted by law, Plaintiff seeks $100 for each aggrieved employee for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 2699.

202.    Plaintiffs have complied with the notice requirement of Cal. Lab. Code §2699.3 and have each served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal. It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. Plaintiffs Keller and Garadis submitted notice to the LWDA of numerous PAGA violations on March 13, 2017. Plaintiff Mack submitted written notice to the LWDA of PAGA violations on May 18, 2017. Plaintiff Ponce submitted written notice to the LWDA of Defendants' PAGA violations on October 15,

FIRST AMENDED CONSOLIDATED COMPLAINT -50

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

2018. Plaintiff Hoyt submitted written notice to the LWDA of Defendants' PAGA violations on October 31, 2018.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Allow other similarly situated Amazon delivery drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count III, IV, and V and appoint Plaintiffs Bernadean Rittmann and Freddie Carroll and their counsel to represent a class of Amazon delivery drivers who have worked in Washington;

c. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count VI and appoint Plaintiffs Bernadean Rittmann and Freddie Carroll and their counsel to represent a class of Amazon delivery drivers who have worked in Seattle, Washington;

d. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts VII through XVII and appoint Plaintiff Freddie Carroll, Debra Wilkins, Raef Lawson, Kimberlee Keller, Tommy Garadis, Adriana Ponce, Louie Ronquillo, Sean M. Hoyt, Ricky Diaz, Emanuel Adamson, Juan Manuel Alvarez, and Alejandro Garcia Puentes and their counsel to represent a class of Amazon delivery drivers who have worked in California;

e. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XVIII through XIX and appoint Plaintiff Shenia Brown and her counsel to represent a class of Amazon delivery drivers who have worked in Illinois;

f. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XX, XXI, and XXII, and appoint Plaintiff Sancak Davarci and his counsel to represent a class of Amazon delivery drivers who have worked in New York;

FIRST AMENDED CONSOLIDATED COMPLAINT -51

g.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XXIII and XXIV and appoint Plaintiff Cinthia Yarleque and her counsel to represent a class of Amazon delivery drivers who have worked in New Jersey;

h.  Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts XXV through XXVI and appoint Plaintiffs Wilkins, Brown, and Adams and their counsel to represent a class of Amazon delivery drivers across the country who have been affected by Amazon's unlawful retention of gratuities;

i.  Declare and find that Amazon violated FLSA, 29 U.S.C. § 201, *et seq.*  by failing to pay Plaintiffs and other similarly situated Amazon delivery drivers the federal minimum wage and overtime wages;

j.  Declare and find that Amazon violated RCW 49.46 by failing to pay minimum wage for all hours worked, and failing to pay overtime for all hours worked;

k.  Declare and find that Amazon willfully withheld wages in violation of RCW 49.52;

l.  Declare and find that Amazon violated the Seattle Minimum Wage Ordinance by failing to pay minimum wage for all hours worked;

m.  Declare and find that Amazon violated California Labor Code §§ 201, 202, 203 & 204, 2802, 224, 246, 226(a), 221, 223, 400-410, 351, 226.7, 510, 512, 1174, 1197, 1194, 1182, 1194.2, 1197.1, 1199 and IWC Wage Order 9-2001 and Cal. Bus. & Prof. Code § 17200, *et seq.*;

n.  Declare and find that Amazon violated Illinois law, 820 ILCS 115/9.5(a) and IMWL, 820 ILCS § 105/1, *et seq.*;

o.  Declare and find that Amazon violated New York law, N.Y. Lab. L. Article 19, §§ 193 and 198-b, N.Y. Lab. L., Article 19, §§ 650, *et seq.*;

p.  Declare and find that Amazon violated New Jersey law, NJWPL, N.J.S.A. §

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

34:11-4.1, *et seq.*, and N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a);

q.  Declare and find that Amazon violated the Private Attorney General Act, Cal. Lab. Code § 2698, *et seq.* based on the Labor Code violations described above, and award penalties in an amount according to proof;

r.  Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

s.  Award all costs and attorney's fees incurred prosecuting this claim;

t.  Award liquidated damages;

u.  Award interest;

v.  Order injunctive relief directing Amazon to comply with Washington state law, the Seattle Minimum Wage Ordinance, California state law, Illinois state law, New York state law, and New Jersey state law, as set forth herein; and

w.  Such other relief as in law or equity may pertain.


February 1, 2023

Respectfully submitted,

BERNADEAN RITTMANN, FREDDIE CARROLL, JULIA WEHMEYER, RAEF LAWSON, DEBRA WILKINS, SANCAK DAVARCI, SHENIA BROWN, CINTHIA YARLEQUE, CRAIG ADAMS, and IAIN MACK, individually and on behalf of all others similarly situated,

 *s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*Pro Hac Vice*)
Harold L. Lichten (*Pro Hac Vice*)
Adelaide Pagano (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800

FIRST AMENDED CONSOLIDATED COMPLAINT -53

Fax: (617) 994-5801
Email: sliss@llrlaw.com
Email: hlichten@llrlaw.com
Email: apagano@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

KIMBERLEE KELLER, TOMMY GARADIS,
individually and on behalf of all others similarly
situated,

*s/ Elizabeth Hanley*
Elizabeth Ann Hanley
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: 206-622-8000
Email: hanley@sgb-law.com

Shounak S. Dharap (*Pro Hac Vice*)
THE ARNS LAW FIRM
515 Folsom St. 3rd Floor
San Francisco, CA 94105
Telephone: (415) 495-7800
Email:  ssd@arnslaw.com

ADRIANA PONCE, individually and on behalf
of all others similarly situated,

*s/ Elizabeth Hanley*
Elizabeth Ann Hanley
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: 206-622-8000
Email: hanley@sgb-law.com

Mark Burton (*Pro Hac Vice*)
HERSH & HERSH

FIRST AMENDED CONSOLIDATED COMPLAINT -54

601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102
Phone: (415) 441-5544
Email:mburton@hershlaw.com

LOUIS RONQUILLO, individually and on
behalf of all others similarly situated,

*s/ Douglas W. Perlman*
Douglas W. Perlman (pro hac vice)
Farzad Rastegar (pro hac vice)
RASTEGAR LAW GROUP, APC
22760 Hawthorne Blvd, Ste 200
Torrance, CA 90505
Tel: 310-961-9600
Fax: 310-961-9094
douglas@rastegarlawgroup.com
farzad@rastegarlawgroup.com

Daniel Foster Johnson
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave, Ste 3670
Seattle, WA 98104
Tel: 206-652-8660
Fax: 206-652-8290
djohnson@bjtlegal.com

RICKY DIAZ, EMANUEL ADAMSON, and
JUAN MANUEL ALVAREZ, individually and on
behalf of all others similarly situated,

POTTER HANDY LLP
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhand.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (858) 375-7385
Fax: (888) 422-5191

Daniel Foster Johnson
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave, Ste 3670

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

1
2
3

Seattle, WA 98104
Tel: 206-652-8660
Fax: 206-652-8290
djohnson@bjtlegal.com

4
5

SEAN HOYT, individually and on behalf of all
others similarly situated,

6
7

*s/ Beth E. Terrell*
Beth E. Terrell
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th Street, Suite 200
Seattle, WA 98103
Telephone: 206-816-6603
Email: bterrell@terrellmarshall.com

8
9
10
11

Steven M. Tindall (Pro Hac Vice)
GIBBS LAW GROUP LLP
1111 Broadway Suite 2100
Oakland, CA 94607
Telephone: 510-350-9700
Email: smt@classlawgroup.com

12
13
14
15
16

ALEJANDRO GARCIA PUENTES, individually
and on behalf of all others similarly situated,

17
18

*s/ Samantha L. Ortiz*
Ramin R. Younessi, Esq. (SBN 175020)
Samantha L. Ortiz, Esq. (SBN 312503)
LAW OFFICES OF RAMIN R.
YOUNESSI, APLC
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010
Telephone: (213) 480-6200
Email: ryounessi@younessilaw.com
Email: sortiz@younessilaw.com

19
20
21
22
23
24
25
26
27
28

FIRST AMENDED CONSOLIDATED COMPLAINT -56

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

1
2
3
4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on counsel for Defendants, and I hereby certify that there are no parties receiving this notice via US Mail.

      DATED this 1st day of February, 2023.

                          *_/s/ Shannon Liss-Riordan_____*
                          Shannon Liss-Riordan, Esq.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800