THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, et al.,

          Plaintiffs,

v.

AMAZON.COM, INC., et al.,

          Defendants.

Consolidated Action
Case No. C16-1554 JCC

**DEFENDANTS' MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**NOTE ON MOTION CALENDAR: March 10, 2023**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................... 1

II.     STATEMENT OF ALLEGED FACTS.............................................................. 2

III.    PROCEDURAL HISTORY.................................................................................. 3

IV.     ARGUMENT ....................................................................................................... 5

        A.     Legal Standard for Motion to Dismiss................................................... 5

        B.     Plaintiffs Continue to Ignore the Minimum Pleading Requirements Set
               Under Landers for Their Minimum Wage and Overtime Claims.......... 6

               1.     Nearly All Plaintiffs Fail to State Facts to Support Their Minimum
                      Wage Claims Under Landers. ................................................... 6

               2.     Plaintiffs Fail to State Facts to Support Overtime Claims Under
                      Landers............................................................................................ 9

        C.     Washington Plaintiffs Fail to State Facts Sufficient to Support Their Claim
               for Withheld Wages Under Washington Law...................................... 10

        D.     The California Labor Code Claims Are Riddled with Pleading
               Deficiencies........................................................................................ 11

               1.     California Plaintiffs Fail to State Facts to Support Meal and Rest
                      Break Claims..................................................................... 11

               2.     California Plaintiffs Fail to State Facts to Support a Claim for
                      Failure to Remit Tips. ....................................................... 13

               3.     California Plaintiffs Fail to Allege Sufficient Facts to State a Claim
                      for Waiting Time Penalties. ...................................................... 14

               4.     California Plaintiffs' Sick Leave Claim Fails Because There Is No
                      Private Right of Action. ........................................................ 15

               5.     The California Plaintiffs Fail to Allege Sufficient Facts to State an
                      Unlawful Deduction Claim..................................................... 15

               6.     California Plaintiffs' Duplicative Count XIII for Wage Statement
                      and Recordkeeping Violations Should Be Dismissed or Stricken........... 16

               7.     The PAGA Claim Fails Because Plaintiffs Keller, Garadis, Mack,
                      Ponce, Ronquillo and Hoyt Have Failed To Allege Facts To
                      Support the Alleged Underlying Violations. .......................... 17

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## TABLE OF CONTENTS
(continued)

Page

E.    Plaintiffs' New York Labor Law Claims Are Deficient. .................................... 17

    1.    Davarci Fails to State an Unreimbursed Expenses Claim Under New York Labor Law. ............................................................................. 17

    2.    Davarci Fails to State a Claim for Unremitted Tips Under New York Labor Law. ...................................................................................... 19

F.    Yarleque Fails to State a Claim Under the New Jersey Wage Payment Law Which Does Not Govern Reimbursement of Expenses. ....................................... 20

G.    Plaintiffs' Nationwide Common-Law Claims Fail For Several Reasons. ........... 21

V.    CONCLUSION ................................................................................................... 23

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Matter of Angello v. Lab. Ready, Inc.*,
5
  7 N.Y.3d 579 (2006) ..............................................................................................17, 18

6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................................................1

7

8

*Atis v. Freedom Mortg. Corp.*,
  No. 15-3424, 2016 WL 7440465 (D.N.J. Dec. 27, 2016)................................................20

9

*Augustine v. Talking Rain Beverage Co., Inc.*,
10
  386 F. Supp. 3d 1317 (S.D. Cal. 2019)...........................................................................22

11

*Bailey v. Alpha Techs., Inc.*,
  No. C16-0727-JCC, 2016 WL 4211527 (W.D. Wash. Aug. 10, 2016)...........................4, 6, 7

12

13

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................1, 5, 10, 14

14

*Bogle v. Wonolo Inc.*,
15
  No. 2:21-CV-08878-MCS-KS, 2022 WL 1124973 (C.D. Cal. Apr. 8, 2022)....................1

16

*Bondoc v. Nathan*,
  No. 152178/2015, 2017 WL 119750 (N.Y. Sup. Ct. Jan. 12, 2017).................................18

17

18

*Boyack v. Regis Corp.*,
  812 F. App'x 428 (9th Cir. 2020) ....................................................................5, 7, 12, 14

19

*Brinker Rest. Corp. v. Super. Ct.*,
20
  53 Cal. 4th 1004 (2012) ...................................................................................................12

21

*Butler v. G4S Secure Sols. (USA), Inc.*,
  No. 2:19-CV-194, 2019 WL 6039966 (E.D. Wash. Nov. 14, 2019) .................................11

22

*Calle v. Yonesles Enters., Inc.*,
23
  No. 16-CV-1008, 2017 WL 6942652 (E.D.N.Y. Oct. 24, 2017)......................................18

24

*Castillo v. United Rentals, Inc.*,
  No. C17-1573, 2018 WL 1382597 (W.D. Wash. Mar. 19, 2018) .......................................6

25

26

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page**

*Castle v. Wells Fargo Fin., Inc.*,
2007 WL 703609 (N.D. Cal. Mar. 5, 2007)...........................................................................1

*Chan v. Big Geyser Inc.*,
No. 1:17-CV-06473, 2018 WL 4168967 (S.D.N.Y. Aug. 30, 2018)................................18, 19

*Chavarriaga v. Ross Public Affairs Group, Inc.*,
No. A-5339-09T3, 2011 WL 2713466 (N.J. Super. Ct. App. Div. July 14,
2011) ......................................................................................................................................21

*Cleveland v. Groceryworks.com, LLC*,
200 F. Supp. 3d 924 (N.D. Cal. 2016) ..................................................................................17

*Durham v. Autism Spectrum Therapies, LLC*,
No. 2:19-CV-07684, 2019 WL 10097456 (C.D. Cal. Oct. 31, 2019).....................................14

*Ebling v. Gove's Cove, Inc.*,
34 Wash. App. 495 (1983)....................................................................................................10

*Flores v. Marriott Resorts Hosp. Corp.*,
No. CV 18-8012, 2019 WL 6792799 (C.D. Cal. Sept. 23, 2019)............................................5

*Freeman v. Zillow, Inc.*,
No. SACV1401843, 2015 WL 5179511 (C.D. Cal. Mar. 19, 2015) .......................................12

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ................................................................................................5

*Gram v. Intelligender, LLC*,
No. CV 10–4210, 2010 WL 11601035 (C.D. Cal. Oct. 8, 2010) .....................................22, 23

*Green v. Lawrence Serv. Co.*,
No. CV12-06155, 2013 WL 3907506 (C.D. Cal. July 23, 2013) ..........................................13

*Guardado v. Cascadian Bldg. Mgmt., Ltd*,
No. C16-0303, 2016 WL 3105041 (W.D. Wash. June 1, 2016)............................................10

*Guerra v. United Nat. Foods, Inc.*,
No. 19-cv-01684-BLF, 2019 WL 13203781 (N.D. Cal. Nov. 8, 2019) ..................................17

*Guerrero v. Halliburton Energy Servs., Inc.*,
No. 1:16-CV-1300, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016)..........................................12

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page**

*Gunawan v. Howroyd-Wright Emp. Agency*,
   997 F. Supp. 2d 1058 (C.D. Cal. 2014) ..................................................................16

*Hamilton v. NuWest Grp. Holdings LLC*,
   No. C22-1117, 2023 WL 130485 (W.D. Wash. Jan. 9, 2023)...............................21

*Hanna v. Lincoln Fin. Grp.*,
   498 F. Supp. 3d 669 (E.D. Pa. 2020) ....................................................................21

*Hargrove v. Sleepy's, LLC*,
   220 N.J. 289 (2015) ..............................................................................................20

*Hong v. JP White Plains, Inc.*,
   No. 19 CV 5018, 2021 WL 1226566 (S.D.N.Y. Mar. 31, 2021)...........................18

*Hughes v. S.A.W. Ent., LTD*,
   No. 16-CV-03371-LB, 2017 WL 6450485 (N.D. Cal. Dec. 18, 2017) ....................1

*Hughes v. Scarlett's G.P., Inc.*,
   No. 15-CV-5546, 2016 WL 4179153 (N.D. Ill. Aug. 8, 2016) ...............................7

*Johnson v. Hewlett-Packard Co.*,
   809 F. Supp. 2d 1114 (N.D. Cal. 2011),
   *aff'd*, 546 F. App'x 613 (9th Cir. 2013)................................................................16

*Kloppel v. HomeDeliveryLink, Inc.*,
   No. 17-cv-6296, 2019 WL 6111523 (W.D.N.Y. Nov. 18, 2019)...........................19

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
   38 N.Y.3d 38 (2022) .........................................................................................18, 19

*Landers v. Quality Commc'ns Inc.*,
   771 F.3d 638 (9th Cir. 2014),
   *as amended* (Jan. 26, 2015),
   *cert. denied*, 135 S. Ct. 1845 (2015) ...........................................................*passim*

*Lee v. Woodstock Outdoor Co.*,
   No. 17-CV-7696, 2020 WL 5606157 (S.D.N.Y. Sept. 2, 2020)............................18

*Lewis v. Casey*,
   518 U.S. 343 (1996)................................................................................................6

*Magadia v. Wal-Mart Assocs., Inc.*,
   999 F.3d 668 (9th Cir. 2021) .................................................................................17

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - v

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page**

*Mitchell v. C & S Wholesale Grocers, Inc.*,
No. 10-2354, 2010 WL 2735655 (D.N.J. July 8, 2010) ..........................................20

*In re Morgan Stanley Smith Barney LLC Wage and Hour Litigation*,
No. 11-03121, 2013 WL 6255697 (D.N.J. Dec. 4, 2013)..............................................20, 21

*Nguyen v. CTS Elecs. Mfg. Sols. Inc.*,
301 F.R.D. 337 (N.D. Cal. 2014) ..................................................................16

*Ochoa v. Serv. Emps. Int'l Union Loc. 775*,
No. 2:18-CV-0297, 2019 WL 1601361 (E.D. Wash. Apr. 15, 2019)....................................11

*Oram v. SoulCycle LLC*,
979 F. Supp. 2d 498 (S.D.N.Y. 2013)..............................................................18

*In re Packaged Seafood Prod. Antitrust Litig.*,
242 F. Supp. 3d 1033 (S.D. Cal. 2017) ............................................................22

*Parsittie v. Schneider Logistics, Inc.*,
No. CV193981, 2019 WL 8163645 (C.D. Cal. Oct. 29, 2019) ........................................13

*Partida v. Stater Bros. Mkts.*,
No. 518CV02600SJOKKX, 2019 WL 1601387 (C.D. Cal. Feb. 19, 2019)..............................14

*Perez v. DNC Parks & Resorts at Sequoia*,
No. 119CV00484, 2020 WL 4344911 (E.D. Cal. July 29, 2020)........................................12

*Perez v. Wells Fargo & Co.*,
75 F. Supp. 3d 1184 (N.D. Cal. 2014) ...............................................................6

*Piscopo v. Pub. Serv. Elec. & Gas Co.*,
No. 13-552, 2014 WL 3014284 (D.N.J. July 3, 2014) ...............................................20

*Reyna v. Int'l Bank of Commerce*,
839 F.3d 373 (5th Cir. 2016) ........................................................................1

*Ritenour v. Carrington Mortg. Servs. LLC*,
228 F. Supp. 3d 1025 (C.D. Cal. 2017) .............................................................15

*Rudolph v. Herc Rentals, Inc.*,
No. 220CV05412, 2021 WL 5994514 (C.D. Cal. Aug. 27, 2021) ....................................15

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
No. 16-cv-0639, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) ....................................23

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

**TABLE OF AUTHORITIES**
(continued)

Page

*Schroeder v. Envoy Air, Inc.*,
  No. CV 16-04911, 2016 WL 11520388 (C.D. Cal. Sept. 27, 2016)........................................15

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976).....................................................................................................................6

*Sousa v. WalMart, Inc.*,
  No. 1:20-CV-00500-EPG, 2023 WL 1785960 (E.D. Cal. Feb. 6, 2023)................................17

*In re Starbucks Emp. Gratuity Litig.*,
  264 F.R.D. 67 (S.D.N.Y. 2009),
  *aff'd sub nom. Barenboim v. Starbucks Corp.*,
  549 F. App'x 1 (2d Cir. 2013) ...............................................................................................19

*In re: Static Random Access Memory (SRAM) Antitrust Litig.*,
  580 F. Supp. 2d 896 (N.D. Cal. 2008) ....................................................................................22

*Stewart v. Kodiak Cakes, LLC*,
  537 F. Supp. 3d 1103 (S.D. Cal. 2021).......................................................................21, 22, 23

*Suarez v. Bank of Am. Corp.*,
  No. 18-CV-01202, 2018 WL 2431473 (N.D. Cal. May 30, 2018).........................................15

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  781 F. Supp. 2d 955 (N.D. Cal. 2011) ....................................................................................23

*Titus v. McLane Foodservice, Inc.*,
  No. 216CV00635, 2016 WL 4797497 (E.D. Cal. Sept. 14, 2016) .........................................15

*Waters v. Mitchell*,
  No. C21-0087, 2022 WL 1268169 (W.D. Wash. Apr. 28, 2022)...........................................10

*White v. Relay Res.*,
  No. 19-0284, 2019 WL 2994668 (W.D. Wash. July 9, 2019).................................................6

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ..................................................................................................16

*Wood v. N. Am. Van Lines, Inc.*,
  No. 820CV02092, 2021 WL 3134203 (C.D. Cal. July 23, 2021) ..............................12, 13, 15

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
  No. LAML1902905, 2022 WL 522484 (C.D. Cal. Feb. 9, 2022) ..........................................22

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page**

**Statutes**

Cal. Lab. Code § 201 ...............................................................................................................14

Cal. Lab. Code § 202 ...............................................................................................................14

Cal. Lab. Code § 203 ...............................................................................................................14

Cal. Lab. Code § 221 ...............................................................................................................16

Cal. Lab. Code § 223 ...............................................................................................................16

Cal. Lab. Code § 226 ...............................................................................................................16

Cal. Lab. Code § 246 ...............................................................................................................15

Cal. Lab. Code § 248.5 ............................................................................................................15

Cal. Lab. Code § 351 ...............................................................................................................13

Cal. Lab. Code §§ 400-410 ......................................................................................................16

Cal. Lab. Code § 410 ...............................................................................................................16

Cal. Lab. Code § 1174 ........................................................................................................16, 17

N.J. Stat. Ann. § 34:11-4.1 ......................................................................................................20

N.J. Stat. Ann. § 34:11-4.4 .................................................................................................20, 21

N.J. Stat. Ann. § 34:11-56a .....................................................................................................20

N.Y. Lab. Law § 193 ....................................................................................................17, 18, 19

N.Y. Lab. Law § 196-d .......................................................................................................19, 20

N.Y. Lab. Law § 198-b ................................................................................................17, 18, 19

N.Y. Lab. Law § 198-b(5) ........................................................................................................18

RCW § 49.52.050 .....................................................................................................................10

RCW § 49.52.050(2)..................................................................................................................11

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - viii

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

# TABLE OF AUTHORITIES
(continued)

Page

**Rules**

Fed. R. Civ. P. 8 ...................................................................................................15

Fed. R. Civ. P. 12(b)(6) .........................................................................................5

Fed. R. Civ. P. 12(f) ............................................................................................16

Fed. R. Civ. P. 23 .................................................................................................9

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - ix

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

# I.      INTRODUCTION[1]

Plaintiffs' First Amended Consolidated Class Action Complaint ("FACC") is brought by nineteen Plaintiffs and includes twenty-seven putative class, collective and representative action claims based on federal, state and unspecified common laws.  Plaintiffs purport to represent every driver who contracted with Amazon to provide delivery services in the United States.  Plaintiffs' scattershot complaint is laden with claims and legal theories, but it lacks the minimal factual allegations required for plausibility under *Twombly*/*Iqbal* and the Ninth Circuit's interpretation of those requirements in wage and hour actions, *Landers v. Quality Commc'ns Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015).  This Court previously dismissed all but a single claim asserted in the earlier First Amended Complaint ("FAC"), in part because Plaintiffs failed to comply with *Landers*.  Plaintiffs' addition of claims and legal theories unaccompanied by the requisite factual allegations still fails to comply with the Court's prior instruction to "show there was a particular workweek" in which they suffered the alleged violations.  ECF No. 76 at 3-4.  Plaintiffs also have added claims for which no private right of action exists and have added putative "nationwide" common-law claims that fail because Plaintiffs do not allege any applicable state law.

For the reasons addressed in detail below, the Court should dismiss and strike portions of Plaintiffs' FACC.

---

[1] Defendants respectfully request that a ruling on this Motion be held in abeyance, pending the Court's ruling on their Renewed Motion to Compel Arbitration, which should moot the claims of nearly all Plaintiffs and opt-in Plaintiffs. *See Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377 (5th Cir. 2016) ("[A] district court must consider an agreement to arbitrate as a 'threshold question.'"); *Bogle v. Wonolo Inc.*, No. 2:21-CV-08878-MCS-KS, 2022 WL 1124973, at *4 (C.D. Cal. Apr. 8, 2022) ("Whether named and opt-in plaintiffs must arbitrate their claims 'should be decided well before the nationwide notification issue is reached.'") (quoting *Reyna*, 839 F.3d at 377); *Hughes v. S.A.W. Ent., LTD*, No. 16-CV-03371-LB, 2017 WL 6450485, at *9 (N.D. Cal. Dec. 18, 2017) (explaining that arbitration is a threshold issue that should be decided first); *Castle v. Wells Fargo Fin., Inc.*, 2007 WL 703609, * (N.D. Cal. Mar. 5, 2007) ("[T]he better course is to first determine the enforceability of the arbitration agreements before addressing the scope and management of the remainder of this litigation.").

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## II.   STATEMENT OF ALLEGED FACTS

Plaintiffs allege that they have worked as delivery drivers classified as independent contractors for Amazon.com, Inc. or Amazon Logistics, Inc. at various times and in various states. ECF No. 262 ("FACC"), ¶¶ 1, 12-30.  They assert a variety of wage and hour claims under the Fair Labor Standards Act ("FLSA"), the laws of the states of Washington, California, Illinois, New York and New Jersey, and local Seattle law for failure to pay minimum wage and overtime; unlawful withholding of wages; failure to reimburse expenses; failure to provide wage statements; failure to remit gratuities; failure to provide meal and rest breaks; and failure to provide sick leave. They also allege two nationwide class action common law claims premised on the alleged failure to remit gratuities under unspecified state laws.

Plaintiffs appear to wrongly believe that *Landers* does not apply to all of their claims.  For example, while Plaintiffs Rittmann, Carroll, Wehmeyer, Davarci, Wilkins and Yarleque each allege some specific weeks in which they contend that they received hourly pay rates, "excluding tips and accounting for tolls, fuel, and vehicle maintenance costs," that were less than minimum wages (*see, e.g.*, FACC ¶ 51), Plaintiffs Lawson, Brown, Adams, Mack, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez and Puentes do not allege *any* facts regarding any type of minimum wage violation as to their work.  *See generally* FACC ¶¶ 44-65.

Plaintiffs also assert overtime claims under the FLSA and Washington and California law, but only Plaintiff Carroll alleges any facts to support ever having worked overtime: "Carroll's best recollection is that he worked more than forty hours during the weeks of April 6 to 12, 2016 and April 13 to 19, 2016" and "was not paid time-and-a-half his regular hourly rate of $18.00 per hour for any of the hours he worked in excess of forty hours."  FACC ¶ 55.  The FACC contains no allegations that any other Plaintiff worked overtime hours.  *See generally* FACC ¶¶ 44-65.

Twelve of the Plaintiffs allege claims under the California Labor Code (the "California Plaintiffs" Carroll, Wilkins, Lawson, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez and Puentes).  Despite so many California Plaintiffs who could ostensibly offer facts to

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

1   support the California Labor Code claims, their insufficient allegations consist of a recitation of

2   the law followed by a conclusory statement that California Plaintiffs suffered from such violations.

3   FACC ¶¶ 63-64.  For example, California Plaintiffs allege meal period and rest break violations,

4   but none of them allege that they ever worked sufficient hours in a single workday to even trigger

5   entitlement to a meal period or rest break under California law.

6          Finally, with respect to Plaintiffs' variety of tip-related claims, the FACC states only that

7   "some orders fulfilled by Amazon delivery drivers were eligible to receive tips from customers"

8   and that "Amazon has not always paid all tips that customers intended to benefit Amazon [F]lex

9   delivery drivers to these drivers."  FACC ¶¶ 56-59.  Plaintiffs offer no specific allegations about

10  who if any of the Plaintiffs delivered an order eligible for a tip, that any Plaintiff received a tip,

11  and that Amazon did not remit the full amount of the tip to that Plaintiff, let alone specific

12  workweeks or states in which this allegedly occurred.  *Id.*

13  **III.   PROCEDURAL HISTORY**

14         Plaintiffs Rittmann, Carroll and Wehmeyer filed the Original Complaint on October 4,

15  2016.  ECF No. 1.  The Original Complaint included collective action claims for failure to pay

16  minimum wage and overtime under the FLSA, and class action claims for minimum wage and

17  overtime violations of the Washington Minimum Wage Act, Willful Withholding of Wages under

18  Washington Law and violation of Seattle's Minimum Wage Ordinance.  *Id.*  On December 1, 2016,

19  Plaintiffs filed their FAC adding Raef Lawson as a named Plaintiff.  ECF No. 33.  The FAC added

20  claims under the California Labor Code for failure to reimburse necessary business expenses and

21  failure to provide itemized wage statements.  *Id.*

22         Defendants moved to dismiss Plaintiffs' FAC or, in the alternative, to compel the claims

23  of Plaintiff Lawson to arbitration and to exclude putative absent class members who agreed to

24  arbitrate their claims.  ECF No. 36.  Among other things, Defendants argued that Plaintiffs failed

25  to sufficiently plead minimum wage and overtime claims per the relevant pleading standards set

26  in *Landers*, 771 F.3d at 644-45.  ECF No. 36 at 7-10.

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 3

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

On March 6, 2017, this Court dismissed without prejudice Plaintiffs Rittmann, Carroll, Wehmeyer and Lawson's FLSA, Washington and Seattle wage claims on the grounds that the allegations were "insufficient under *Landers*." ECF No. 76 at 2-4. This Court held that Plaintiffs were required to but did not "'show there was a particular workweek in which' any Plaintiff did not receive minimum wage or overtime compensation to which she was entitled." *Id.* at 4 (citing *Bailey v. Alpha Techs., Inc.*, No. C16-0727-JCC, 2016 WL 4211527, at *5 (W.D. Wash. Aug. 10, 2016)).

On March 22, 2017, this Court stayed all collective and class action proceedings until further notice from the Court. ECF No. 77. On April 20, 2017, Plaintiffs filed their Second Amended Complaint (while the case was stayed), which included the same named plaintiffs and claims. ECF No. 83. On June 13, 2019, this Court extended the stay pending appeal. ECF No. 133.

Plaintiffs filed their Third Amended Complaint on April 22, 2021 (again, while this case was stayed). ECF No. 174-1. The Third Amended Complaint added named Plaintiffs Wilkins, Davarci, Brown, Adams and Yarleque. *Id.* It also added minimum wage, expense reimbursement and tip claims under Illinois, California, New York and New Jersey law, and added "nationwide" common-law class action claims. *Id.*

On September 15, 2022, the Court ordered Plaintiffs to file a consolidated complaint. ECF No. 234. On November 14, Plaintiffs filed the Consolidated Class Action Complaint ("CACC"). ECF No. 238. The CCAC added Mack, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez and Putenes as named Plaintiffs, all of whom are California Plaintiffs, and added causes of action for violation of the California Labor Code's requirements for overtime, meal and rest periods, final pay, sick leave and unlawful deductions, as well as a representative claim for civil penalties under the California Private Attorneys General Act ("PAGA") by Plaintiffs Mack, Ponce, Ronquillo and Hoyt. After the Court granted Plaintiffs' motion for leave to amend to add Plaintiffs Keller and Garadis to their PAGA claim, which Amazon opposed on the grounds that their PAGA

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

1  claims are time barred by PAGA's one-year statute of limitations, Plaintiffs filed their FACC on

2  February 1, 2023, adding Plaintiffs Keller and Garadis to their PAGA claim.

3  **IV.**   **ARGUMENT**

4      **A.**   **Legal Standard for Motion to Dismiss.**

5      Rule 12(b)(6) requires that "factual allegations must be enough to raise a right to relief

6  above the speculative level" and "more than labels and conclusions, and a formulaic recitation of

7  the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

8  555 (2007). In other words, "a complaint must contain ***sufficient factual matter***, accepted as true,

9  to 'state a claim to relief that is plausible on its face.'" *Id.* (emphasis added). A court need not

10 accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

11 unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

12     With respect to wage and hour claims such as the present ones, "conclusory allegations

13 that merely recite the statutory language are [not] adequate." *Landers*, 771 F.3d at 646. A plaintiff

14 must allege specific periods in which pay was withheld, as well as factual allegations regarding

15 "the length and frequency of [plaintiff's] unpaid work to support a reasonable inference that

16 [plaintiff] worked more than forty hours in a given week." *Id*. A plaintiff must also allege, at a

17 minimum, that there was one week when he or she worked overtime but was not paid the required

18 overtime pay. *Id.*; *see also Boyack v. Regis Corp.*, 812 F. App'x 428, 430-31 (9th Cir. 2020)

19 (applying the *Landers* rule to affirm dismissal of California wage and hour claims for unpaid

20 minimum wages, unpaid overtime, rest break violations, failure to pay wages upon termination,

21 inaccurate wage statements, and unfair business practices because the complaint "fails to allege a

22 workweek" in which these violations occurred, and instead "provides only conclusory allegations

23 reciting the statutory elements").

24     Nor can Plaintiffs rely on the allegations of others to state their claims. Rather, each

25 Plaintiff must satisfy *Landers* for each claim he or she purports to bring. *Flores v. Marriott Resorts*

26 *Hosp. Corp.*, No. CV 18-8012, 2019 WL 6792799, at *3 (C.D. Cal. Sept. 23, 2019) (dismissing

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 5

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

1    overtime claim of one plaintiff who failed to satisfy the *Landers* standard while allowing the

2    overtime claim of another plaintiff who satisfied *Landers* to proceed); *Perez v. Wells Fargo & Co*.,

3    75 F. Supp. 3d 1184, 1192 (N.D. Cal. 2014) ("[A]s articulated by the Ninth Circuit in *Landers*,

4    plaintiffs must plead facts as to *each of the FLSA plaintiffs*." (emphasis added)).   Conclusory

5    allegations about "class members [that] are lumped together" do not make up for a lack of "factual

6    details regarding a specific plaintiff[]."  *Castillo v. United Rentals, Inc*., No. C17-1573, 2018 WL

7    1382597, at *4 (W.D. Wash. Mar. 19, 2018) (granting motion to dismiss state and federal

8    minimum wage and overtime claims based on *Landers*).   That is because "named plaintiffs who

9    represent a class 'must allege and show that they personally have been injured, not that injury has

10   been suffered by other, unidentified members of the class to which they belong and which they

11   purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare

12   Rights Org*., 426 U.S. 26, 40, n.20 (1976)).

13        **B.      Plaintiffs Continue to Ignore the Minimum Pleading Requirements Set
                    Under *Landers* for Their Minimum Wage and Overtime Claims.**
14

15        This Court previously dismissed without prejudice Rittmann, Carroll, Wehmeyer, and

16   Lawson's FLSA, Washington, and Seattle wage claims because the allegations supporting those

17   claims were "insufficient under *Landers*."  ECF No. 76 at 2-4.  The FACC gives lip service to the

18   Court's prior order with respect to some of the named Plaintiffs but ignores this minimum pleading

19   requirement as to most.

20        **1.      Nearly All Plaintiffs Fail to State Facts to Support Their Minimum
                    Wage Claims Under *Landers*.**
21

22        Every Plaintiff other than Rittmann, Carroll, and Wehmeyer ignores this Court's prior

23   instruction under *Landers* that they need to "'show there was a particular workweek in which' any

24   Plaintiff did not receive minimum wage."  ECF No. 76 at 4 (citing *Bailey*, 2016 WL 4211527, at

25   *5); *see also White v. Relay Res.*, No. 19-0284, 2019 WL 2994668, at *2 (W.D. Wash. July 9,

26   2019) (Coughenour, J.) ("In order to assert a claim under the FLSA, Plaintiff must allege facts to

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 6

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

show that she worked for a period of time in which she was entitled to minimum wages or overtime wages, and that she did not receive those wages.").

The FACC offers barely sufficient facts for why Plaintiffs Carroll, Wehmeyer, and Rittmann were paid less than the federal minimum wage. *See, e.g.*, FACC ¶ 50 (for Carroll, federal minimum wage ($7.25 per hour) not met from August 10 to 16, 2016, and August 17 to 23, 2016, because "after accounting for expenses and excluding tips from customers, he estimates he made between $5.75 and $7.00 per hour those weeks"); *see also* FACC ¶ 51(Weymeyer); FACC ¶ 51 (Rittmann).  In contrast, there are ***no allegations*** in the FACC about when any alleged failure to pay minimum wages occurred for Mack, Lawson, Wilkins, Davarci, Brown, Adams, Yarleque, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez, or Puentes, and therefore the Court should dismiss their FLSA minimum wage claims.

Plaintiffs' state and local minimum wage claims suffer from the same deficiency.  Courts have consistently held that the Ninth Circuit's reasoning applies with equal force to state-law claims.  *See, e.g.*, *Bailey*, 2016 WL 4211527, at *2-4 (Coughenour, J.) (dismissing plaintiff's overtime claims under Washington law and the FLSA and holding that although plaintiff went "beyond merely paraphrasing the legal standard," the allegations still did not state plausible wage claims); *Boyack*, 812 F. App'x at 430-31 (affirming dismissal of numerous California wage and hour claims for failure to satisfy *Landers*); *Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 4179153, at *3 (N.D. Ill. Aug. 8, 2016) (holding that plaintiffs failed to state a claim under the FLSA and/or the Illinois Minimum Wage Law because plaintiffs' overtime allegations "mirror[ed] those deemed insufficient" in *Landers* and did not "identif[y] a single instance of any named plaintiff working more than forty hours in a week without due compensation").

For the Illinois minimum wage claim (Count XIX), the sole Illinois Plaintiff (Brown) fails to offer even a generic allegation about unpaid minimum or other wages.  Indeed, the ***only*** allegation is that "Brown is an adult resident of Chicago, Illinois where she works as an Amazon delivery driver."  FACC ¶ 19.

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

Among the twelve California Plaintiffs who assert a California minimum wage claim (Count IX), only one, Wilkins, alleges with *Landers*-required specificity that her wages fell below the state minimum wage. FACC ¶ 52 ("after accounting for expenses and excluding tips from customers, she estimates she made approximately $10.46 per hour [compared to the then-extant $13 minimum]).") FACC ¶ 52. There are no specific allegations at all in the FACC about the other California Plaintiffs, let alone *Landers*-compliant allegations, and their California minimum wage claims should be dismissed. *See* FACC ¶¶ 13, 15, 16, 18-30.

Similarly, for the Seattle minimum wage claims alleged by Rittmann and Carroll, neither of them allege a specific workweek when their wages fell below minimum wage while working ***in Seattle***. FACC ¶¶ 12, 50, 51. Rittmann, likewise, does not allege where she was working when her wages allegedly fell below the federal minimum wage—one is left to guess whether it occurred in any of the places she claims to have worked, namely Nevada, California, Washington, or some other unspecified location. FACC ¶¶ 12, 51.

The following table summarizes the multiple deficiencies in Plaintiffs' minimum wage claims.

| Claim and Relevant Plaintiffs | Plaintiffs Who Allege Wages Below Minimum Wage in Specified Workweek | Plaintiffs Who Fail to Allege Wages Below Minimum Wage in Specified Workweek |
|---|---|---|
| Count I:  FLSA Minimum Wage on Behalf of All Plaintiffs. | Rittmann (¶ 51), Wehmeyer (¶ 51), Carroll (¶ 50), Davarci (¶ 52), Yarleque (¶ 52). | Mack (¶ 15), Lawson (¶ 16), Wilkins (¶ 52), Brown (¶ 19), Adams (¶ 21), Keller (¶ 22), Garadis (¶ 23), Ponce (¶ 24), Ronquillo (¶ 25), Hoyt (¶ 26), Diaz (¶ 27), Adamson (¶ 28), Alvarez (¶ 29), Puentes (¶ 30). |
| Count III:  Washington Failure to Pay Minimum Wage on Behalf of Rittmann and Carroll. | Carroll (¶ 50). | Rittmann (¶ 51). |
| Count VI:  Seattle Failure to Pay Minimum Wage on Behalf of Rittmann and Carroll. | None. | Rittmann (¶ 51), Carroll (¶ 50). |
| Count IX:  California Labor Code Failure to | Wilkins (¶ 52). | Mack (¶ 15), Lawson (¶ 16), Adams (¶ 21), Yarleque (¶ 20), Keller (¶ 22), Garadis (¶ 23), |

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 8

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

| Pay Minimum Wage on Behalf of the California Plaintiffs. | | Ponce (¶ 24), Ronquillo (¶ 25), Hoyt (¶ 26), Diaz (¶ 27), Adamson (¶ 28), Alvarez (¶ 29), Puentes (¶ 30). |
|---|---|---|
| Count XIX:  Illinois Failure to Pay Minimum Wage on Behalf of Brown. | None. | Brown (¶ 19). |
| Count XXI:  New York Labor Law Failure to Pay Minimum Wage on Behalf of Davarci. | Davarci (¶ 52). | None. |
| Count XXIV:  New Jersey Wage and Hour Law Failure to Pay Minimum Wage on Behalf of Yarleque. | Yarleque (¶ 52). | None. |

**2.    Plaintiffs Fail to State Facts to Support Overtime Claims Under *Landers*.**

Plaintiffs allege three unpaid overtime claims: their FLSA overtime on behalf of the collective (Count II), and Rule 23 overtime claims under Washington (Count IV) and California Law (Count XI).  Applying *Landers* to the FAC, this Court dismissed Plaintiffs' FLSA overtime claim because their allegations that "delivery drivers are not paid overtime" and that "Plaintiff Freddie Carroll regularly worked in excess of 40 hours per week" were "insufficient under *Landers*."  ECF No. 76 at 4.

Only if the Court is now willing to overlook that Plaintiff Carroll still has not alleged the number of hours allegedly worked in any workweek would the FACC barely satisfy *Landers* as to a single Plaintiff, and then only as to his FLSA claim.  The FACC alleges that during "the weeks of April 6 to 12, 2016 and April 13 to 19, 2016" Carroll "was not paid time-and-a-half his regular hourly rate of $18.00 per hour for any of the hours he worked in excess of forty hours."  FACC ¶ 55.  Carroll again does not allege how many hours he actually worked during those weeks.  *Id*.  Nor does he allege in which state he performed services, and therefore he fails to state a claim under California or Washington overtime laws.  *Id*.

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 9

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

The FACC contains **no allegations** identifying any workweek where any other Plaintiff worked more than 40 hours or, for the California Plaintiffs, a day where they worked more than 8 hours..  As such, the FLSA overtime claim should be dismissed as to all Plaintiffs (except perhaps Carroll, if the Court accepts the same vague allegation regarding work "in excess of 40 hours" that was unacceptable in the FAC), and the Washington and California overtime claims should be dismissed in their entirety.

### C.    Washington Plaintiffs Fail to State Facts Sufficient to Support Their Claim for Withheld Wages Under Washington Law.

The FACC is similarly devoid of sufficient facts to support a claim under Washington law RCW section 49.52.050 (Count V) brought by Rittmann and Carroll.   The statute penalizes employers "who . . . willfully and with intent to deprive [an] employee of any part of his or her wages, . . . pay[s] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract."  The FACC lacks any facts to support that Amazon paid Rittmann less than the statutory minimum wage when she was a driver in Washington.

As to the critical element of willfulness, "a nonpayment of wages is willful when it is not a matter of mere carelessness, but the result of knowing and intentional action."  *Ebling v. Gove's Cove, Inc.*, 34 Wash. App. 495, 500 (1983) (citation omitted).  Plaintiffs have failed to plead facts sufficient to allege willfulness under RCW 49.52.050.  Plaintiffs merely allege that Amazon generally "withh[eld] pay from drivers for all hours worked," and that "it often takes drivers more time to complete their deliveries than scheduled shifts, but drivers do not receive additional compensation for this extra time."  FACC ¶¶ 4, 53.  But, such a "formulaic recitation of the elements" of an RCW 49.52.050 claim is insufficient to state such a claim.  *Guardado v. Cascadian Bldg. Mgmt., Ltd*, No. C16-0303, 2016 WL 3105041 (W.D. Wash. June 1, 2016) (quoting *Twombly*, 550 U.S. at 555); *Waters v. Mitchell*, No. C21-0087, 2022 WL 1268169, at *6-7 (W.D. Wash. Apr. 28, 2022) (denying motion for default because claim for unpaid wages and double

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

wage penalties lacked facts). Moreover, Plaintiffs provide no allegations that Amazon's actions in allegedly withholding wages were knowing and intentional beyond conclusory statements. *See* FACC ¶¶ 4 ("by willfully withholding pay"), 127 ("Amazon's willful conduct"). A failure to include such factual support for the willfulness element is fatal to their claim. *Ochoa v. Serv. Emps. Int'l Union Loc. 775*, No. 2:18-CV-0297, 2019 WL 1601361, at *4 (E.D. Wash. Apr. 15, 2019) ("Ochoa does not allege facts suggesting Public had the intent to deprive Ochoa of her pay"); *Butler v. G4S Secure Sols. (USA), Inc.*, No. 2:19-CV-194, 2019 WL 6039966, at *7 (E.D. Wash. Nov. 14, 2019) (dismissing withholding claim because there were no facts to support that defendant knew wage withholding was unlawful). Accordingly, the claims under RCW 49.52.050(2) must be dismissed.

### D. The California Labor Code Claims Are Riddled with Pleading Deficiencies.

#### 1. California Plaintiffs Fail to State Facts to Support Meal and Rest Break Claims.

On behalf of California delivery partners, California Plaintiffs allege a claim for Failure to Provide Meal and Rest Breaks under the California Labor Code (Count XII). However, the FACC only alleges the conclusions that "[a]s a result of Defendants' misclassification of Plaintiffs as independent contractors," Amazon (1) "failed to adopt meal and rest break policies consistent with California law," FACC ¶ 62; (2) "did not maintain a policy authorizing their workers to take paid rest breaks amounting to 10 minutes of time for each four hours of work or major fraction thereof on their shifts in California," *id.*; *see also* FACC ¶ 140; (3) "required and continue to require Plaintiffs to work for periods of more than 10 hours per day with no provision of a second meal period of at least 30 minutes," FACC ¶ 139; and (4) "never authorized Plaintiffs to take their timely 30-minute duty-free meal breaks, on or before the fifth hours of time shifts, and . . . never paid any missed meal break premiums to its workers," FACC ¶ 63; *see also* FACC ¶¶ 138-39. This is insufficient.

District courts have consistently held that the *Landers* pleading requirements are equally

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 11

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

applicable to meal and rest break claims. *See, e.g.*, *Wood v. N. Am. Van Lines, Inc.*, No. 820CV02092, 2021 WL 3134203, at *4 (C.D. Cal. July 23, 2021) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs' state . . . meal period, and rest break allegations"); *Perez v. DNC Parks & Resorts at Sequoia*, No. 119CV00484, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (citing *Landers*, 771 F.3d at 646; *Boyack*, 812 F. App'x at 431) ("To successfully state a meal or rest break claim, plaintiffs must allege facts specifically identifying an instance where they were deprived of a meal or rest break."). Accordingly, to comply with *Landers*, California Plaintiffs must, at minimum, "plead at least one specific instance where he or she personally experienced a missed meal or rest period." *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016); *Freeman v. Zillow, Inc.*, No. SACV1401843, 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015) (dismissing meal and rest break claims where the plaintiff failed to "allege at least one meal or rest break where he worked through the break and was not paid for that time"). No California Plaintiff satisfies this requirement, as they do not allege any specific instance where they were personally deprived of a meal or rest break.

*First*, Plaintiffs have not alleged any facts to make it plausible that they were entitled to rest, meal or second meal periods while performing work for Amazon. Under the California Labor Code, employees are not entitled to a rest period unless they work at least three and a half hours. *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1029 (2012) (explaining that California's rest period requirement is not triggered for shifts "under three and one-half hours"). And employees are not entitled to any meal break unless they work more than five hours in a workday or to a second meal period unless they work more than ten hours. *Id.* at 1041, 1045 n.24. Nowhere in the FACC are there any allegations that even one California Plaintiff worked more than three and a half, five, or ten hours in a workday, let alone that they each did, let alone a specific instance when each of these things happened. FACC ¶¶ 6, 13, 16, 17, 22-30, 47, 50, 52, 62, 63, 137-42. Plaintiffs cannot rely on their allegations that "merely recit[e] the statutory language in the relevant statutes"

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

because such allegations "are insufficient to plausibly allege a claim for missed meal and rest breaks." *Wood*, 2021 WL 3134203, at *4.

*Second*, Plaintiffs' allegations that Amazon did not have meal and rest break policies are insufficient to state a claim under California law. *See, e.g.*, *id.*, at *4 (granting motion to dismiss where alleged misclassified independent contractor pled that defendants had no meal or rest period policy, because "these generalized allegations are devoid of any facts raising a plausible inference that Plaintiff was forced to miss his own meal and rest breaks"); *Parsittie v. Schneider Logistics, Inc.*, No. CV193981, 2019 WL 8163645, at *5 (C.D. Cal. Oct. 29, 2019) (dismissing meal and rest break claims in part because "a lack of a formal written policy encouraging meal or rest breaks is . . . insufficient to state a claim"); *Green v. Lawrence Serv. Co.*, No. CV12-06155, 2013 WL 3907506, at *8 (C.D. Cal. July 23, 2013) ("[U]nder California law, the absence of a formal written policy does not constitute a violation of the meal and rest period laws.").

### 2. California Plaintiffs Fail to State Facts to Support a Claim for Failure to Remit Tips.

California Plaintiffs also bring a claim for Failure to Remit Full Proceeds of Gratuities under the California Labor Code and the California Unfair Competition Law (Count X). California Labor Code section 351 provides that "[n]o employer . . . shall collect, take, or receive any gratuity . . . left for an employee by a patron." California Plaintiffs merely allege that "Defendants have violated California Labor Code § 351 in not remitting to Amazon Flex delivery drivers the total gratuities that are charged to customers." FACC ¶ 132. Not a single California Plaintiff even alleges that any customer paid them a gratuity or facts regarding how Amazon deprived them of that gratuity in any particular workweek . Instead, the FACC merely parrots statutory language, asserts legal conclusions, and makes generalized allegations about "drivers" and "customer tips." FACC ¶¶ 13, 15, 16, 17, 22-30, 132 ("Amazon's conduct . . . in failing to remit to its delivery drivers who have worked in California the total proceeds of gratuities collected from customers constitutes a violation of California Labor Code § 351."). Such allegations are no substitute for

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 13

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

specific facts as to when and how a tip was withheld, and they are plainly insufficient to state a claim.  *See Twombly*, 550 U.S. at 555; *Landers*, 771 F.3d at 646.

### 3. California Plaintiffs Fail to Allege Sufficient Facts to State a Claim for Waiting Time Penalties.

California Plaintiffs also seek waiting time penalties under Labor Code section 203 (Count XIV) for the alleged failure to timely receive their final pay upon termination as required by Sections 201 and 202.  Section 203 provides for waiting time penalties only if an employer "willfully" fails to comply with California's final pay statutes.

The FACC concludes that Defendants "failed to pay all earned wages to [the California] Plaintiffs during their employment with Defendants" but does not specify what wages were owed or to whom.  FACC ¶ 150.  Plaintiffs also vaguely conclude that "members of the Class have been discharged, laid off, resigned, retired or otherwise voluntarily left employment." *Id*.  Plaintiffs do not, however, allege that any particular California Plaintiff or Amazon terminated the parties' independent contractor agreement, or that any California Plaintiff notified Amazon they no longer intended to provide services.[2]  Without those requisite factual details regarding California Plaintiffs, none of them states a claim for waiting time penalties.  *Boyack*, 812 F. App'x at 431 (applying *Landers* to affirm dismissal of a claim for "failure to pay wages owed upon termination" because the complaint "provides only conclusory allegations reciting the statutory elements" of that claim); *Durham v. Autism Spectrum Therapies, LLC*, No. 2:19-CV-07684, 2019 WL 10097456, at *4 (C.D. Cal. Oct. 31, 2019) (dismissing waiting time penalty claim because the "conclusory allegations are not sufficient to show that Defendant owed Plaintiff wages at the time

---

[2] Although Plaintiffs Wilkins and Puentes allege that they have not worked for Amazon as a driver since 2020 and 2019, respectively (FACC ¶¶ 17, 31), there are no factual allegations that either Plaintiff "resigned" or was "terminated," or that Amazon had notice of either hypothetical event.  Without such facts, Plaintiffs have failed to allege a plausible claim that Amazon willfully failed to pay them their final "wages." *Partida v. Stater Bros. Mkts.*, No. 518CV02600SJOKKX, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019) (dismissing section 203 claim because "[p]laintiff does not provide facts describing the date of her own purported termination, the date she received her own final paycheck, its amount, or the amount she purportedly should have received" and therefore the "cause of action does not contain enough 'factual enhancement' to cross 'the line between possibility and plausibility'").

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 14

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

of termination"); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing waiting time penalty claim because the complaint "contain[ed] no description of what wages were due, when they were due, and when, if at all, they were paid").

Plaintiffs also fail to sufficiently plead "willful" conduct as required, as they merely allege the legal conclusion that "Defendants' conduct in this regard has been willful." FACC ¶ 150. *See Suarez v. Bank of Am. Corp.*, No. 18-CV-01202, 2018 WL 2431473, at *9 (N.D. Cal. May 30, 2018) (dismissing waiting time penalty claim because "[m]erely alleging willfulness is insufficient to satisfy Rule 8"). Finally, because the waiting time claim is derivative of California Plaintiffs' inadequately pled wage claims, it must also be dismissed. *Wood*, 2021 WL 3134203, at *3.

### 4.   California Plaintiffs' Sick Leave Claim Fails Because There Is No Private Right of Action.

California Plaintiffs' claim for Failure to Provide Paid Sick Leave under California Labor Code section 246 (Count XV) must be dismissed because section 246 does not confer a private right of action. Rather, the California sick leave statute's enforcement mechanism is found at Labor Code section 248.5. Section 248.5, in turn, specifies that employees may report suspected paid sick leave violations to the Labor Commissioner, and the Labor Commissioner or the Attorney General—not a private plaintiff—may bring civil actions against an employer. Courts examining this issue have uniformly found there is no private right of action under section 246. *See, e.g.*, *Rudolph v. Herc Rentals, Inc.*, No. 220CV05412, 2021 WL 5994514, at *3 (C.D. Cal. Aug. 27, 2021) ("[I]t is clear that Labor Code section 246 creates no private right of action."); *Schroeder v. Envoy Air, Inc.*, No. CV 16-04911, 2016 WL 11520388, at *11 (C.D. Cal. Sept. 27, 2016) (holding there is no private right of action under section 246); *Titus v. McLane Foodservice, Inc.*, No. 216CV00635, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016) (same).

### 5.   The California Plaintiffs Fail to Allege Sufficient Facts to State an Unlawful Deduction Claim.

The California Plaintiffs fail to state an Unlawful Deductions claim (Count XVI) under

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 15

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

California Labor Code sections 221, 223 and 400-10.  Plaintiffs allege that Amazon violated each of these statutes because Amazon allegedly "unlawfully tak[es] deductions"  "to cover certain ordinary business expenses" such as "providing refunds to customers."  FACC ¶ 162.  However, there is no private right of action for Labor Code section 221 or 223.  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1137 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013) (no private right of action under Labor Code section 223); *Gunawan v. Howroyd-Wright Emp. Agency*, 997 F. Supp. 2d 1058, 1068 (C.D. Cal. 2014) (no private right of action under Labor Code sections 221 and 223).  Nor is there a private right of action in Labor Code sections 400-410 because, as section 410 states, the "Labor Commissioner shall enforce this article."  Cal. Lab. Code § 410. Nothing in sections 400-410 authorizes a private right of action.  Moreover, California Plaintiffs fail to state a claim because the FACC contains no factual allegations to support that Amazon made any deductions to any California Plaintiffs' wages to make any refund to any customer, or required a cash bond from any of them, that could render alleged violations of these provisions plausible. *See generally* FACC.  *Landers*, 771 F.3d at 644-45 (requiring factual allegations of wage and hour violations in a particular workweek to make them plausible).

### 6. California Plaintiffs' Duplicative Count XIII for Wage Statement and Recordkeeping Violations Should Be Dismissed or Stricken.

Count XIII for Failure to Properly Report Pay and Keep Employment Records under California Labor Code sections 226 and 1174 should be dismissed or stricken.

To the extent Count XIII is predicated upon an alleged violation of Labor Code section 226, this claim should be stricken under Rule 12(f) as redundant to Count VIII.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (noting that claim for damages would be redundant if it "appear[ed] anywhere else in the complaint"); *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 342 (N.D. Cal. 2014) ("[C]ourts utilize Rule 12(f) to strike parts of complaints which are redundant to other causes of action.").

To the extent Count XIII is predicated upon an alleged violation of Labor Code section

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

1174, the claim fails because there is no private right of action under section 1174.  *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) (holding there is no private right of action under section 1174); *Guerra v. United Nat. Foods, Inc.*, No. 19-cv-01684-BLF, 2019 WL 13203781, at *10 (N.D. Cal. Nov. 8, 2019) (same).

### 7.   The PAGA Claim Fails Because Plaintiffs Keller, Garadis, Mack, Ponce, Ronquillo and Hoyt Have Failed To Allege Facts To Support the Alleged Underlying Violations.

California Plaintiffs Keller, Garadis, Mack, Ponce, Ronquillo and Hoyt allege claims for civil penalties under PAGA based on, among other things, alleged violations of the California Labor Code's requirements for minimum wage, overtime, meal and rest breaks, waiting time penalties.  FACC ¶ 201.  Because they each fail to sufficiently allege any facts to support that they suffered any of those alleged violations, they lack standing to seek civil penalties under PAGA for those alleged violations.  *Sousa v. WalMart, Inc.*, No. 1:20-CV-00500-EPG, 2023 WL 1785960, at *12 (E.D. Cal. Feb. 6, 2023) (granting dismissal of PAGA claim for lack of Article III standing) (citing *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 (9th Cir. 2021)).

### E.   Plaintiffs' New York Labor Law Claims Are Deficient.

### 1.   Davarci Fails to State an Unreimbursed Expenses Claim Under New York Labor Law.

Davarci, the sole New York Plaintiff, alleges a claim for "Failure to Reimburse Necessary Business Expenses" under New York Labor Law sections 193 and 198-b.  Because those sections apply only to true "deductions" and not to a "failure to reimburse," this claim fails.

*First*, New York Law section 193 governs deductions of wages—not expenses for which Plaintiffs seek reimbursement.  FACC ¶ 193.  Section 193 "prohibits an employer from deducting monies from the wages of an employee except as required by law or as 'expressly authorized in writing' by and 'for the benefit of the employee.'"  *Matter of Angello v. Lab. Ready, Inc.*, 7 N.Y.3d 579, 583 (2006) (quoting N.Y. Lab. Law § 193).  New York courts draw a distinction between

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

claims for not reimbursing business expenses and claims for improper deductions from wages. *See, e.g.*, *id.* at 584 ("A 'deduction' literally is an act of taking away or subtraction."); *Bondoc v. Nathan*, No. 152178/2015, 2017 WL 119750, at *8 (N.Y. Sup. Ct. Jan. 12, 2017) ("Here, plaintiffs do not allege that the Comprehensive defendants deducted funds from their wages, rather, they allege that the Comprehensive defendants failed to pay them minimum hourly wages because they failed to reimburse them for certain pre-employment expenses. . . .  A failure to reimburse is not a deduction."); *Lee v. Woodstock Outdoor Co.*, No. 17-CV-7696, 2020 WL 5606157, at *10 (S.D.N.Y. Sept. 2, 2020) ("A reimbursement is not a deduction, let alone an unlawful deduction."). Courts, therefore, routinely dismiss section 193 claims, like the one in the FACC, that are based on allegations of failure to reimburse business expenses.  *See Bondoc*, 2017 WL 119750, at *8; *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 507-08 (S.D.N.Y. 2013); *Calle v. Yonesles Enters., Inc.*, No. 16-CV-1008, 2017 WL 6942652, at *10 (E.D.N.Y. Oct. 24, 2017) ("[S]ection 193 is inapplicable here because defendants are not alleged to have deducted any amount of plaintiff's wages, either directly or indirectly."); *Chan v. Big Geyser Inc.*, No. 1:17-CV-06473, 2018 WL 4168967, at *7 (S.D.N.Y. Aug. 30, 2018) ("NYLL [Section 193] prohibits direct deductions—it does not apply to claims of failure to reimburse."); *Hong v. JP White Plains, Inc.*, No. 19 CV 5018, 2021 WL 1226566, at *7 (S.D.N.Y. Mar. 31, 2021) (same).

*Second*, Davarci's reimbursement claim fails to state a claim under New York Labor Law section 198-b, which "prohibits 'kickbacks' by making it a misdemeanor for any person to 'request, demand, or receive' part of an employee's wages or salary on the condition that 'failure to comply with such request or demand will prevent such employee from procuring or retaining employment.'"  *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 40 (2022) (quoting N.Y. Lab. Law § 198-b); *see also* N.Y. Lab. Law § 198-b(5).  New York courts have held that there is no private right of action under section 198-b.  In *Konkur*, the New York Court of Appeals explained that "[S]ection 198-b affords plaintiff[s] no private right of action," and affirmed the reversal of the trial court's denial of the defendant's motion to dismiss a claim under section 198-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

b.  38 N.Y.3d at 41; *see also, e.g.*, *Chan*, 2018 WL 4168967, at *7-8 ("[T]he Court declines to infer a private right of action here."); *Kloppel v. HomeDeliveryLink, Inc.*, No. 17-cv-6296, 2019 WL 6111523, at *2-3 (W.D.N.Y. Nov. 18, 2019).  As such, Davarci cannot bring any claim under section 198-b.

Finally, even if section 198-b did confer a private right of action, the FACC includes no factual allegations to support a claim based on that section.  The FACC does not allege that Amazon "requested, demanded, or received" a kickback from Davarci or that this occurred in any particular workweek.  FACC ¶¶ 9, 18, 35, 37, 52, 97, 100, 193.  As such, Davarci cannot bring his reimbursement claim under section 198-b.

### 2.    Davarci Fails to State a Claim for Unremitted Tips Under New York Labor Law.

Davarci's Failure to Remit Full Proceeds of Gratuities under the New York Labor Law sections 193, 196-d and 198-b fails to state a claim.  As already discussed, Davarci cannot bring his claim under section 198-b because there is no private right of action.

Davarci fails to state a claim under section 193, which "prohibits employers from making any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit."  *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 73 (S.D.N.Y. 2009), *aff'd sub nom. Barenboim v. Starbucks Corp.*, 549 F. App'x 1 (2d Cir. 2013).  The FACC does not allege a particular workweek in which Amazon made an unlawful deduction from Davarci's wages.  FACC ¶¶ 18, 52.  *See also id.* at 73 (holding that section 193 was "wholly inapplicable" to a failure-to-remit-tips claim where plaintiffs "fail[ed] to proffer any evidence that Defendant made any unauthorized deduction from Baristas' wages").

Davarci also fails to state a claim under section 196-d, which prohibits any "employer or his agent" from "demand[ing] or accept[ing], directly or indirectly, any part of the gratuities, received by an employee, or retain[ing] any part of a gratuity or of any charge purported to be a

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

gratuity for an employee." *Id.* at 72 (quoting N.Y. Lab. Law § 196-d). The FACC does not allege any workweek in which Amazon demanded, accepted or retained any tip intended for Davarci. FACC ¶¶ 18, 52. Indeed, the only allegations specific to Davarci relating to tips note that he *received* tips. FACC ¶ 52.

**F.    Yarleque Fails to State a Claim Under the New Jersey Wage Payment Law Which Does Not Govern Reimbursement of Expenses.**

Yarleque, the sole New Jersey Plaintiff, alleges a claim for unreimbursed expenses based on the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. §§ 34:11-4.1 et seq. (Count XXIII). This statute "governs the time and mode of payment of wages due to employees." *Hargrove v. Sleepy's, LLC*, 220 N.J. 289, 203 (2015). "It contains provisions that, for example, require employers to pay the full amount of wages due at least twice each month and refrain from withholding or diverting a portion of wages except in limited circumstances." *Atis v. Freedom Mortg. Corp.*, No. 15-3424, 2016 WL 7440465, at *3 (D.N.J. Dec. 27, 2016).

New Jersey courts reject attempts to "shoehorn" claims for wages owed under the NJWPL, finding that the statute does not provide a basis for such claims. *Id.* (granting motion to dismiss and holding that section 34:11-4.4 only "concerns the permissibility of withholdings and diversions for benefits, securities, savings, charities, and the like"); *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655, at *5 (D.N.J. July 8, 2010) (granting motion-to-dismiss  overtime claim because it should be brought under the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a et seq., not the NJWPL); *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2014 WL 3014284, at *5 (D.N.J. July 3, 2014) (dismissing claims for unemployment benefits pursuant to the NJWPL).

For example, in *In re Morgan Stanley Smith Barney LLC Wage and Hour Litigation*, No. 11-03121, 2013 WL 6255697, at *7 (D.N.J. Dec. 4, 2013), the court dismissed NJWPL claims for "improper indirect wage deductions" where the plaintiffs argued (like  here) that they "pay for a

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

significant portion of their postage expenses, client and prospective client dinners, and seminars designed to obtain new clients and maintain existing clients," and such "indirect deductions from wages are improper in exactly the same way that the direct deductions from wages for trading errors or assistants are improper as violations of . . . New Jersey . . . labor law." *Id.*, at \*6.  The court disagreed, granting the employer's motion to dismiss because the statute "do[es] not concern instances in which employers fail to reimburse employees' expenses." *Id.* at \*7.  Similarly, in *Chavarriaga v. Ross Public Affairs Group, Inc.*, No. A-5339-09T3, 2011 WL 2713466, at \*4 (N.J. Super. Ct. App. Div. July 14, 2011), the plaintiff claimed the defendant violated N.J.S.A. § 34:11-4.4 "by failing to pay 'earned wages,' namely . . . travel expenses." 2011 WL 2713466, at \*4.  The court, however, found that the plaintiff's allegations did not support "a claim for withholding or diverting wages" under the NJWPL; *see also Hanna v. Lincoln Fin. Grp.*, 498 F. Supp. 3d 669, 687 (E.D. Pa. 2020) (holding that the NJWPL does not apply to expense reimbursements because such expenses are not "monetary compensation for labor or services rendered by an employee"). Accordingly, Yarleque fails to state a claim for unreimbursed expenses under the NJWPL.

### G.  Plaintiffs' Nationwide Common-Law Claims Fail For Several Reasons.

Counts XXV and XXVI purport to be Unjust Enrichment and Intentional Interference with Advantageous Relations claims based on the alleged failure "to remit the total proceeds of gratuities" and brought "under the common law of the various states in which the conduct described" "took place" on behalf of a putative nationwide class.  FACC ¶¶ 198, 199.  But Plaintiffs cannot allege common law claims under the laws of every state as they propose here because Plaintiffs do not have standing to assert claims under the laws of every state.  *Hamilton v. NuWest Grp. Holdings LLC*, No. C22-1117, 2023 WL 130485, at \*3–4 (W.D. Wash. Jan. 9, 2023) (Coughenour, J.) (dismissing all claims based on any state law other than the specific states where plaintiffs alleged they worked and were injured); *Stewart*, 537 F. Supp. 3d at 1157-58 (dismissing claims under the laws of state where plaintiffs did not reside and purchase the products at issue

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

because they lacked Article III standing); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017) (explaining that for each state claim alleged, there must be a plaintiff with standing to allege a claim under the laws of the state).  Plaintiffs allege that they performed work in Arizona, California, Colorado, Illinois, Nevada, New Jersey, New York, Texas, and Washington.  FACC ¶¶ 12-30.  This leaves  forty-one states in which Plaintiffs have no standing to assert a claim under the laws of those states.

Moreover, for a proposed nationwide class action, Plaintiffs "must allege the applicable law to determine whether they plead a sufficient claim," but they have not even attempted to do so.  *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1157 (S.D. Cal. 2021) (granting motion to dismiss nationwide common-law class action claims because plaintiffs failed to identify the applicable state laws).  Courts in the Ninth Circuit are in accord that class claims based on an unspecified common law fail as a matter of law.  *See, e.g.*, *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, No. LAML1902905, 2022 WL 522484, at *65 (C.D. Cal. Feb. 9, 2022) ("A group of plaintiffs cannot bring a claim on behalf of a 'nationwide' class without alleging the applicable states' laws."); *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing common-law claims on behalf of a nationwide class because plaintiff failed to allege the applicable law); *Gram v. Intelligender, LLC*, No. CV 10–4210, 2010 WL 11601035, at *4 (C.D. Cal. Oct. 8, 2010) (dismissing nationwide common-law implied warranty and unjust enrichment claims because "[n]ot only does such a pleading practice deny defendant notice of the claim . . . , but it makes it impossible for the Court to assess whether the claim has been adequately pled"); *In re: Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008) ("[U]ntil Plaintiffs indicate which States' laws support their claim, the Court cannot assess whether the claim has been adequately plead.").  The common-sense reason for this rule is that "even if the basic elements" of a common-law claim "are unlikely to differ much from state to state, 'there may be (and likely are) differences from state to state regarding issues such as the applicable statute of limitations and various equitable defenses.'"

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

*Stewart*, 537 F. Supp. 3d at 1157 (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011)) (citing *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-0639, 2018 WL 1576457, at *4 (N.D. Cal. Mar. 30, 2018)).  As a result, "[n]ot only does such a pleading practice deny defendants notice of the claim brought against them, . . . but it also makes it impossible for the Court to assess whether the claim has been adequately pled." *Gram*, 2010 WL 11601035, at *4 (citations omitted).  In the absence of the specific state common laws that Plaintiffs are invoking, Plaintiffs fail to state claims for unjust enrichment and intentional interference.

## V.   **CONCLUSION**

For all these reasons, the Court should dismiss and strike portions of the First Amended Consolidated Class Action Complaint.

Dated: February 14, 2023

*I certify that this motion contains 7,900 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

By: *s/ Richard G. Rosenblatt*
    Richard G. Rosenblatt (*pro hac vice*)
    James P. Walsh, Jr. (*pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
    502 Carnegie Center
    Princeton, NJ 08540-6241
    Telephone:  (609) 916-6600
    Facsimile:  (609) 916-6601
    richard.rosenblatt@morganlewis.com
    james.walsh@morganlewis.com

By: *s/ Andrew DeCarlow*
    Andrew DeCarlow, WSBA No. 54471
    MORGAN, LEWIS & BOCKIUS LLP
    1301 Second Avenue, Suite 2800
    Seattle, WA 98101
    Telephone: (206) 274-0154
    Facsimile: (206) 274-6401
    andrew.decarlow@morganlewis.com

    Brian D. Berry (*pro hac vice*)
    Andrea L. Fellion (*pro hac vice*)

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

1   Sarah Zenewicz (*pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
2   One Market Spear Street Tower
    San Francisco, CA 94105
3   Telephone: (415) 442-1000
    Fax: (415) 442-1001
4   brian.berry@morganlewis.com
5   andrea.fellion@morganlewis.com
    sarah.zenewicz@morganlewis.com
6

7   John S. Battenfeld (*pro hac vice*)
8   Max C. Fischer (*pro hac vice*)
    Brian D. Fahy (*pro hac vice*)
9   MORGAN, LEWIS & BOCKIUS LLP
    300 S. Grand Ave., Suite 2200
10  Los Angeles, CA 90071
    Telephone: (213) 612-2500
11  Fax: (213) 612-2501
12  jbattenfeld@morganlewis.com
    max.fischer@morganlewis.com
13  brian.fahy@morganlewis.com

14  *Attorneys for Defendants Amazon.com, Inc.,*
    *Amazon Logistics, Inc., Amazon.com*
15  *Services Inc.*

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOT. TO DISMISS AND STRIKE
Case No. C16-1554 JCC - 24

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401