THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554 JCC<br><br>**SCHEDULING PROPOSAL PURSUANT TO COURT ORDER (ECF NO. 271)** |

Pursuant to this Court's February 9, 2023 minute order (ECF No. 271), the Parties met and conferred in an effort to agree upon a proposed amended case schedule regarding the Amazon Defendants' ("Amazon") Motion to Compel Arbitration, Plaintiffs' proposed Class Certification Motion, and any other deadlines the parties deem necessary to streamline the resolution of this case. The Parties, however, could not reach an agreement and, therefore, submit below their respective positions regarding the schedule:

## PLAINTIFFS' POSITION

Plaintiffs continue to believe that any further stay in this matter is inappropriate and that a schedule that keeps this case moving is essential. Although Judge Martinez recently issued a stay in *Waithaka v. Amazon.com Inc.*, Civ. A. No. 2:19-cv-1320 (W.D. Wa.), this case is materially different because multiple named plaintiffs and opt-in plaintiffs have opted out of arbitration and

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 1

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

are concededly not bound to arbitrate, regardless of the outcome of the pending *Carmona* case in the Ninth Circuit. Indeed, Defendants concede in their Renewed Motion to Compel Arbitration that nine individuals, including several lead plaintiffs, opted out of the arbitration provision. *See* ECF No. 248, ¶ 137. Thus, as the Court previously recognized, "here there are plaintiffs whose claims will remain even if Defendant's motion to compel arbitration were successful", which counsels in favor of deferring consideration of the Motion to Compel Arbitration until it can be heard in conjunction with class certification. *See* ECF No. 237 at 2.

Plaintiffs propose a schedule that would allow for prompt resolution of Defendants' pending Motion to Dismiss (ECF No. 273), to be followed by prompt amendment of the pleadings to the extent any amendment is necessary and/or permitted. Thereafter, Plaintiffs would promptly file their Motion for Class Certification of their state law claims and would also formally renew their Motion for Conditional Certification pursuant to Section 216(b) of the FLSA (ECF No. 20).[1] Specifically, Plaintiffs propose the following:

- Amazon has recently withdrawn its prior Motion to Dismiss and re-filed a new Motion to Dismiss the First Amended Consolidated Complaint (ECF No. 273). This new Motion is substantively nearly identical to its prior Motion and merely adds a brief section addressing the amended PAGA allegations on behalf of Plaintiffs Keller and Garadis. Thus, Plaintiffs propose to file their Opposition immediately and no later than February 20, 2023, and Amazon may file its Reply by February 24, 2023. This Motion should be taken up and decided without further delay.

---

[1] Defendants concede that several named plaintiffs who bring FLSA claims (Rittmann, Carroll, and Wehmeyer) are not bound to arbitrate, and therefore there is no reason that conditional certification of the FLSA claims should not be taken up immediately. The Court previously stayed consideration of Plaintiff's Motion to Issue Notice (ECF No. 20) "until such a time that the claims and issues are more definite." ECF No. 76 at 7. Plaintiffs have since re-pled their FLSA claims, the stay in this case has now been lifted, and it is clear that many drivers – including three named plaintiffs who are bringing FLSA claims – are not bound to arbitrate because they opted out of arbitration. As such, at a minimum, the Motion for Conditional Certification should be heard concurrent with Defendants' Renewed Motion to Compel Arbitration.

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 2

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

- To the extent Plaintiffs are permitted or required to replead any claims following a ruling on the pending Motion to Dismiss (ECF No. 273), Plaintiffs will file a Second Amended Consolidated Complaint within two (2) weeks of the Court's ruling on the Motion to Dismiss. (If the court rules by March 3, 2023, Plaintiffs will file the amended complaint by March 17, 2023.)

- Plaintiffs will file their Motion for Class Certification within two (2) weeks of filing their amended pleading (for example, on or before March 31, 2023, if the Court rules on the Motion to Dismiss by March 3, 2023).

    o Plaintiffs' Motion for Class Certification will be noted for the fourth Friday after filing, as specified by the default Local Rules (e.g., by April 28, 2023, if the Court rules on the Motion to Dismiss by March 3; Amazon's response would be due April 24 and Plaintiffs' Reply would be due April 28 under the default rules).

- Plaintiffs' Motion for Conditional Certification of their FLSA claims (ECF No. 20) may be renewed at any time. Plaintiffs will re-file and re-note their Motion, updating the contents to reflect the timeframe that has passed since it was originally filed in 2016 and new case law.

- Defendants' Motion to Compel Arbitration (ECF No. 247) will be re-noted to the same date as Plaintiffs' Motion for Class Certification (or April 28, 2023, in Plaintiffs' example). Plaintiffs propose to file their Opposition to Defendants' Renewed Motion to Compel Arbitration on or before three (3) weeks prior to the noting date, and Amazon would file its Reply on the noting date).[2]

Under Plaintiffs' proposal, the earliest they would file their Motion for Class Certification would be the end of March 2023, and likely sometime this spring. This brief delay should permit Amazon's Motion to Dismiss to be resolved and any amendments to the pleadings to be addressed

---

[2]   On October 11, 2022, after receiving comprehensive submissions from both sides regarding the proper schedule for the case, this Court previously issued an Order stating that "the motion for class certification and motion to compel arbitration shall be considered in conjunction." ECF No. 237 at 2 (emphasis added). This issue has already been decided in Plaintiffs' favor, and Amazon's continued efforts to have its Motion heard first as a threshold issue should be rejected. It is primarily Amazon's intransigence on this issue that has prevented the Parties from agreeing on a joint scheduling proposal.

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 3

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

in the interim. It should also provide ample time for discovery. A number of named plaintiffs have already responded to Defendants' discovery requests, and all Plaintiffs will have responded by March 11, 2023.

**AMAZON'S POSITION**

Amazon maintains that the most appropriate course of action is to stay this action pending upcoming Ninth Circuit decisions in *Miller v. Amazon.com, Inc.* and *Carmona v. Domino's Pizza, LLC*. This is the course that Judge Martinez recently took, *sua sponte*, in *Waithaka v. Amazon.com, Inc.*, W.D. Wash. Case No. C19-1320RSM, ECF No. 153. Judge Martinez issued an order staying that case until the Ninth Circuit's resolution of *Carmona* and *Miller* because "a stay will avoid the possibility that this Court's resolution on whether an Amazon Flex delivery driver is exempt from the Federal Arbitration Act will conflict with the Ninth Circuit's upcoming decisions." *Id*.

If the Court is not so inclined to stay this action pending the Ninth Circuit's rulings in *Carmona* and *Miller*, then the schedule should be amended so that Amazon's Motion to Compel Arbitration should be decided first and not concurrently with Plaintiffs' forthcoming Motion for Class Certification. This would be the most efficient course because, among other things, a ruling on the Motion to Compel will materially impact the scope of the claims at issue and the putative classes, which will in turn impact, for each putative class, manageability, numerosity and the adequacy of the class representatives, which will in turn impact whether the proposed classes are certifiable, and if any class is certified, who receives a notice. Indeed, a ruling on a Motion to Compel Arbitration must precede class (and conditional) certification because notice should not be sent to putative class members who agreed to arbitrate.

While there are three named Plaintiffs who are not covered by the pending Motion to Compel Arbitration, those three Plaintiffs, Rittmann, Carroll and Wehmeyer, do not purport to bring every claim alleged on behalf of every putative class alleged in the First Amended Consolidated Complaint ("FACC"). Plaintiffs Rittmann and Carroll are putative class

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 4

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

representatives for the Washington Class, Carroll is a putative class representative for the California Class, and Wehmeyer is not a putative class representative, she only alleges a minimum wage claim under the Fair Labor Standards Act as part of the putative collective action. If the Motion to Compel Arbitration is granted, then there would not be any putative class representatives remaining in this action for the putative nationwide common law, Illinois, New Jersey or New York classes. As a result, if the Court were to compel arbitration, only a relatively small number of persons who did not opt out of arbitration would be potential class members. This likely will raise significant questions regarding numerosity of the Washington and California classes. By contrast, if the Court denies arbitration, significant questions regarding class manageability will need to be addressed in class certification briefing.

For these same reasons—that resolution of the Motion to Compel Arbitration would limit the Plaintiffs and claims at issue—resolving the Motion to Compel Arbitration first would greatly limit the scope of a Rule 12 motion in response to the FACC because most claims and most of the plaintiffs would no longer be at issue. Even if the Motion to Compel Arbitration were not resolved in favor of Amazon, Amazon's Motion to Dismiss and/or Strike the FACC ("Motion to Dismiss the FACC") should be resolved, and any further pleadings challenges resolved and an answer filed before Plaintiffs proceed with a Motion for Class Certification because the scope of the pleadings will dictate the scope of class certification. For example, if this Court agrees with Amazon that Plaintiffs cannot allege nationwide common law unjust enrichment claims under the law of every state, then that need not be briefed at class certification. The same goes for the various state law claims that are the subject of Amazon's pending Motion to Dismiss the FACC. If class certification deadlines are keyed off the filing of a Second Amended Consolidated Class Action Complaint, as Plaintiffs propose—as opposed to Amazon's Answer—then it is likely that the parties will be back in the same position that they are in now, uncertain of what claims are ultimately at issue and must be addressed in class certification briefing.

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 5

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

Accordingly, Amazon proposes that the Motion to Compel Arbitration briefing schedule remain the same (opposition due March 3 and reply due March 17), and other deadlines vacated and reset after ruling as follows:

1. The Motion to Dismiss and/or Strike the First Amended Consolidated Class Action Complaint (ECF No. 273) will be taken off calendar and a filing deadline for a Rule 12 motion or answer to the FACC should be filed within 14 days of an order on arbitration.

2. Motion for Class Certification set 90 days after filing of an answer by Amazon[3]:

    a. Opposition 35 days after the Motion for Class Certification deadline; and,

    b. Note date/reply 15 days after the Opposition.

In the alternative, in the event that the Court is inclined to maintain a schedule under which the Motion to Compel Arbitration and the Motion for Class Certification are concurrently briefed, then Amazon proposes:

1. The briefing on the Motion to Compel Arbitration remain the same (opposition due March 3 and reply due March 17).

2. The Motion to Dismiss the FACC (ECF No. 273) briefing will be concurrent with the remaining Motion to Compel Arbitration briefing, with an opposition due March 3 and reply due March 17.

3. Motion for Class Certification set 90 days after filing of an answer by Amazon

    a. Opposition 35 days after the Motion for Class Certification deadline.

    b. Note date/reply 15 days after the Opposition.

DATED this 15th day of February, 2023

Respectfully submitted,

---

[3] Amazon does not object to Plaintiffs' re-filing their Motion for Conditional Certification of the FLSA claims on the same schedule as the Court adopts for the Motion for Class Certification.

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 6

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

By: s/ *Andrew DeCarlow*
    Andrew DeCarlow, WSBA No. 54471
    MORGAN, LEWIS & BOCKIUS LLP
    1301 Second Avenue, Suite 2800
    Seattle, WA 98101
    Telephone: (206) 274-0154
    Facsimile: (206) 274-6401
    Email: andrew.decarlow@morganlewis.com

    Richard G. Rosenblatt (*pro hac vice*)
    James P. Walsh, Jr. (*pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
    502 Carnegie Center
    Princeton, NJ 08540-6241
    Telephone:  (609) 916-6600
    Facsimile:  (609) 916-6601
    Email: richard.rosenblatt@morganlewis.com
           james.walsh@morganlewis.com

    Brian D. Berry (*pro hac vice*)
    Andrea L. Fellion (*pro hac vice*)
    Sarah Zenewicz (*pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
    One Market Spear Street Tower
    San Francisco, CA 94105
    Telephone: (415) 442-1000
    Fax: (415) 442-1001
    Email: brian.berry@morganlewis.com
           andrea.fellion@morganlewis.com
           sarah.zenewicz@morganlewis.com

    John S. Battenfeld (*pro hac vice*)
    Max C. Fischer (*pro hac vice*)
    Brian D. Fahy (*pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
    300 S. Grand Ave., Suite 2200
    Los Angeles, CA 90071
    Telephone: (213) 612-2500
    Fax: (213) 612-2501
    Email: jbattenfeld@morganlewis.com
           max.fischer@morganlewis.com
           brian.fahy@morganlewis.com

    *Attorneys for Defendants*

By: s/ *Michael C. Subit*
    Michael C. Subit, WSBA No. 29189
    FRANK FREED SUBIT & THOMAS LLP
    705 Second Avenue, Suite 1200
    Seattle, Washington 98104-1729
    Telephone: (206) 682-6711
    Fax: (206) 682-0401
    Email: msubit@frankfreed.com

    Shannon Liss-Riordan (*Pro Hac Vice*)
    Harold L. Lichten (*Pro Hac Vice*)
    Adelaide Pagano (*Pro Hac Vice*)
    LICHTEN & LISS-RIORDAN, P.C.
    729 Boylston Street, Suite 2000
    Boston, MA 02116
    Telephone: (617) 994-5800
    Fax: (617) 994-5801
    Email: sliss@llrlaw.com
           hlichten@llrlaw.com
           apagano@llrlaw.com

    *Attorneys for Rittmann Plaintiffs*

By: s/ *Elizabeth Hanley*
    Elizabeth Ann Hanley
    SCHROETER GOLDMARK & BENDER
    401 Union Street, Suite 3400
    Seattle, WA 98101
    Telephone: 206-622-8000
    Email: hanley@sgb-law.com

    Shounak S. Dharap (*Pro Hac Vice*)
    THE ARNS LAW FIRM
    515 Folsom St. 3rd Floor
    San Francisco, CA 94105
    Telephone: (415) 495-7800
    Email:  ssd@arnslaw.com

    *Attorneys for Keller Plaintiffs*

SCHEDULING PROPOSALS
Case No. C16-1554 JCC - 7

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401