The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM INC. and AMAZON LOGISTICS, INC., <br><br> Defendant(s). | Consolidated Action <br> Case No. C16-1554-JCC <br><br> **DECLARATION OF SHANNON LISS-RIORDAN ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> NOTE DATE: <br> March 24, 2023 <br><br> ORAL ARGUMENT REQUESTED |

I, Shannon Liss-Riordan, hereby declare:

1. I am a partner at the law firm of Lichten & Liss-Riordan, P.C., and counsel for the Plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the information set forth herein.

2. I am an honors graduate of Harvard College (A.B., 1990) and Harvard Law School (J.D., 1996). Following law school, I served as a law clerk for two years for U.S. District Court Judge Nancy F. Atlas in the Southern District of Texas.

3. I have spent my entire 20-plus-year legal career representing employees, particularly low wage workers. My specialty for most of that time has been wage-and-hour class actions, with a particular focus on class actions regarding tipped employees and independent contractor misclassification.

4. I have been featured by many major publications for my accomplishments representing low wage workers in a variety of industries. See Kapp, Diana, Uber's Worst Nightmare SAN FRANCISCO MAGAZINE (May 18, 2016) (attached here as **Exhibit L**) ("Liss-Riordan has achieved a kind of celebrity unseen in the legal world since Ralph Nader sued General Motors").

5. Each year since 2008, I have been selected for inclusion in Best Lawyers in America (Chambers). Our firm, and my law partner and I have consistently been ranked in recent years in the top tier for our practice area. The 2013 edition referred to me as "*the reigning plaintiffs' champion*", and the 2015 edition said I am "*probably the best known wage class action lawyer on the plaintiff side in this area, if not the entire country*". See **Exhibit M**, attached hereto. For more background on my work, see my firm's website at: https://www.llrlaw.com/

6. Some examples of significant cases that my firm has successfully litigated on appeal include: Vazquez v. Jan-Pro Franchising Int'l, Inc., 10 Cal. 5th 944, 478 P.3d 1207 (2021)

1

(holding landmark Dynamex decision, adopting ABC test for employee-status, applies retroactively); Vazquez v. Jan-Pro Franchising Int'l, Inc., 986 F.3d 1106 (9th Cir. 2021) (holding that landmark Dynamex decision applies to misclassification claims against "cleaning franchisor" and reinstating wage claims on behalf of janitors who challenged paying for their jobs and other wage violations); Waithaka v. Amazon.com, Inc., 966 F.3d 10 (1st Cir. 2020) (holding Amazon Flex delivery drivers exempt from the Federal Arbitration Act, 9 U.S.C. § 1 under the transportation worker exemption); Rittmann v. Amazon.com, Inc. (9th Cir. 2020) 971 F.3d 904 (same); Haitayan v. 7-Eleven, Inc., No. 18-55462 (9th Cir. 2019) (reinstating wage claims against 7-Eleven and reversing district court's denial of injunction for plaintiffs and potential class members facing choice of pursuing wage claims or keeping their jobs); Maplebear, Inc. d/b/a Instacart v. Donna Busick (2018) 26 Cal.App.5th 394, 237 Cal.Rptr.3d 98 (affirming California Superior Court's decision declining to vacate class arbitration clause construction award); Khanal v. San Francisco Hilton, Inc. (9th Cir. 2017) 681 Fed. Appx. 624 (reversing district court's dismissal of claims on behalf of banquet servers as preempted by the LMRA); Williams v. Jani-King of Philadelphia Inc. (3d Cir. 2016) 837 F.3d 314 (affirming grant of class certification to class of cleaning workers alleging misclassification and wage violations); Marzuq v. Cadete Enterprises, Inc. (1st Cir. 2015) 2015 U.S. App. LEXIS 21301 (Dunkin Donuts general managers could be eligible for overtime pay by proving management was not their primary duty, distinguishing 1982 precedent, which had held fast food managers to be overtime-exempt); Travers v. Flight Systems & Services (1st Cir. 2015) 2015 U.S. App. LEXIS 21671 (affirming jury verdict in favor of skycap who was terminated in retaliation for leading class action wage complaint challenging policy affecting skycaps' tips and reinstating claim for front pay); Villon v. Marriott Hotel Servs., Inc., 130 Haw. 130, 143 (2013) (Supreme Court of Hawaii decided on certified question that employees could enforce rights and seek remedies under Hawaii law when a hotel or restaurant

|   |   |
|---|---|
| 1 | applying a service charge for the sale of food or beverage services does not distribute the |
| 2 | full service charge directly to its employees as "tip income" and fails to disclose this |
| 3 | practice to the purchaser of the services); Depianti v. Jan-Pro Franchising International, |
| 4 | Inc. (2013) 465 Mass. 607 (Massachusetts Supreme Judicial Court held that national |
| 5 | company could not evade liability for independent contractor misclassification by virtue |
| 6 | of it not having direct contracts with the workers); Taylor v. Eastern Connection |
| 7 | Operating, Inc. (2013) 465 Mass. 191 (Massachusetts Supreme Judicial Court held |
| 8 | Massachusetts Independent contractor law applicable to work performed in New York for |
| 9 | Massachusetts company); Matamoros v. Starbucks Corp. (1st Cir. 2012) 699 F.3d 129 |
| 10 | (holding that Starbucks violated Massachusetts Tips Law by allowing shift supervisors to |
| 11 | share in tip pool); DiFiore v. American Airlines, Inc. (2009) 454 Mass. 486, 497 |
| 12 | (Massachusetts Supreme Judicial Court decided on certified question that non-employers |
| 13 | are covered by Tips Law, affirming jury verdict for plaintiff skycaps); Cooney v. Compass |
| 14 | Group Foodservice (2007) 69 Mass. App. Ct. 632 (reversing trial court's denial of |
| 15 | summary judgment for plaintiff servers, holding that Massachusetts Tips Law should be |
| 16 | strictly construed against establishment that did not distribute proceeds of charges labeled |
| 17 | "service charges" to waitstaff employees); Bednark v. Catania Hospitality Group, Inc. |
| 18 | (Mass. App. Ct. 2011) 78 Mass. App. Ct. 806 [942 N.E.2d 1007] (reversing trial court's |
| 19 | grant of summary judgment to defendant where defendant charged an "administrative fee" |
| 20 | that was not distributed to waitstaff). |
| 21 | 7. Some examples of cases that I have won at trial, include: Travers v. Flight Services & |
| 22 | Systems (D. Mass. 2014) C.A. No. 11-10175 (skycap terminated in retaliation for leading |
| 23 | class action challenging bag charge for curbside check-in); DiFiore et al. v. American |
| 24 | Airlines, Inc. (D. Mass. 2008) C.A. No. 07-10070 (verdict for plaintiff skycaps |
| 25 | challenging $2 per bag charge for curbside check-in); Benoit, et al. v. The Federalist, Inc. |
| 26 | (Mass. Super. 2007)  C.A. No. 04-3516 (verdict for plaintiff class for violation of |

3

Massachusetts Tips Law); <u>Calcagno, et al. v. High Country Investor, Inc., d/b/a Hilltop Steak House</u> (Mass. Super. 2006) C.A. No. 03- 0707 (verdict for plaintiff class for violation of Massachusetts Tips Law); <u>Bradley et al. v. City of Lynn et al.</u> (D. Mass. 2006) 443 F.Supp.2d 145 (verdict for plaintiff class where federal court held following bench trial that Commonwealth's entry level firefighter hiring examination has disparate impact on minorities and violated Title VII).

8. Attached as **Exhibit A** is a true and correct copy of excerpts of Amazon's SEC 10-K, for Fiscal Year ending Dec. 31, 2020, available online at: Amazon.com, Inc. - SEC filings - SEC Filings Details (aboutamazon.com)

9. Attached as **Exhibit B** is a true and correct copy of Amazon's website page titled "Amazon Flex is now in over 50 cities in the U.S.", last accessed on April 13, 2021, and available at: https://flex.amazon.com/recruiting-cities

10. Attached as **Exhibit C** is a true and correct copy of Amazon's website page titled "Frequently asked questions about Amazon Flex", last accessed on April 13, 2021, and available at: https://flex.amazon.com/faq

11. Attached as **Exhibit D** is a true and correct copy of Amazon's website page titled "Start driving and earning today", last accessed on April 13, 2021, and available at: https://flex.amazon.com/lets-drive

12. Attached as **Exhibit E** is a true and correct copy of Amazon's website page, titled "Prime Delivery", last accessed on April 1, 2021, and available at: https://www.amazon.com/b?ie=UTF8&node=15247183011

13. Attached as **Exhibit F** is a true and correct copy of Amazon's website page, titled "Help & Customer Service, Shipping & Delivery", last accessed on April 1, 2021, and available at:

https://www.amazon.com/gp/help/customer/display.html/ref=hp_gt2_shp_more?nodeId=201910060.

14. Attached as **Exhibit F** is a true and correct copy of Amazon's SEC 8-K Filing, for quarter ending Sept. 30, 2020, Exhibit 99.1 2 ("Amazon.com Announces Third Quarter Results"), available at:

https://www.sec.gov/Archives/edgar/data/0001018724/000101872420000028/amzn-20200930xex991.htm

15. Attached as **Exhibit G** is a true and correct copy of an Amazon press release, titled, *Continued Growth for Amazon's Air Network to Expand Prime Fast, Free Shipping for Customers – Adding Fifteen Boeing 737-800 Converted Freighter Aircraft to Fleet* (June 18, 2018), available at: https://press.aboutamazon.com/news-releases/news-release-details/continued-growth-amazons-air-network-expand-prime-fast-free

16. Attached as **Exhibit H** is a true and correct copy of an email from amazonflex@amazon.com, produced by named plaintiff Freddie Carroll, dated December 30, 2015, and produced at AMZ-CARROLL-00009.

17. Attached as **Exhibit I** is a true and correct copy of a chart, showing the various primary and secondary factors under S. G. Borello & Sons, Inc. v. Dep't of Indus. Rels., 48 Cal. 3d 341, 769 P.2d 399 (1989), as they apply to the Amazon Flex drivers at issue in this case.

18. Attached as **Exhibit J** is a true and correct copy of a spreadsheet produced in discovery by Defendants at AMAZON_000570, pertaining to named plaintiff Iain Mack (which is being filed under seal pursuant to the Parties' protective order).

19. Attached as **Exhibit K** is a true and correct copy of which excerpts of contract language has appeared in which versions of Defendants' versions of its contracts with Amazon Flex drivers (i.e. putative class members).

5

20. Attached as **Exhibit L** is a true and correct copy of an article by Diana Kapp, titled Uber's Worst Nightmare SAN FRANCISCO MAGAZINE (May 18, 2016).

21. Attached as **Exhibit M** is a true and correct copy of the firm's Chambers profile from 2013.

22. Attached as **Exhibit N** is a true and correct copy of the Declaration of Freddie Carroll ISO Plaintiffs' Motion for Class Certification.

23. Attached as **Exhibit O** is a true and correct copy of the Declaration of Iain Mack ISO Plaintiffs' Motion for Class Certification.

24. Attached as **Exhibit P** is a true and correct copy of the Declaration of Raef Lawson ISO Plaintiffs' Motion for Class Certification.

25. Attached as **Exhibit Q** is a true and correct copy of the Declaration of Kimberlee Keller ISO Plaintiffs' Motion for Class Certification.

26. Attached as **Exhibit R** is a true and correct copy of the Declaration of Tommy Garadis ISO Plaintiffs' Motion for Class Certification.

27. Attached as **Exhibit S** is a true and correct copy of the Declaration of Cinthia Yarleque ISO Plaintiffs' Motion for Class Certification.

28. Attached as **Exhibit T** is a true and correct copy of the Declaration of Debra Wilkins ISO Plaintiffs' Motion for Class Certification.

29. Attached as **Exhibit U** is a true and correct copy of the Declaration of Bernadean Rittmann ISO Plaintiffs' Motion for Class Certification.

30. Attached as **Exhibit V** is a true and correct copy of the Declaration of Craig Adams ISO Plaintiffs' Motion for Class Certification.

31. Attached hereto as **Exhibit 1** is a true and correct copy of the Court's Order on Class Certification in Florendo v. SF Hilton LLC, Civ. A. No. 14-cv-01523-JWS (N.D. Cal. Jan.

3, 2022) Dkt. No. 122.

32. Attached hereto as **Exhibit 2** is a true and correct copy of the Court's Order on Motions in Limine in Johnson v. VCG-IS, LLC, Case No. 30-2015-00802813 (Super Ct. Cal. July 18, 2018).

33. Attached hereto as **Exhibit 3** is a true and correct copy of In the Matter of D.W.T., Review Bd. Dec., No. UCC 90053-97, 1997 WL 356489 (N.J. Adm. March 12, 1997)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2023, at Boston, Massachusetts

By: ___*/s/ Shannon Liss-Riordan*___
      Shannon Liss-Riordan, Esq.