The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: AMAZON WAGE CLAIM LITIGATION | Case No. C16-1554-JCC<br>Case No. C19-1320-JCC<br>Case No. C23-0161-JCC<br>Case No. C23-0178-JCC<br><br>***RITTMANN* AND *WAITHAKA* PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE (ECF No. 282)** |



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

**TABLE OF CONTENTS**


I.INTRODUCTION ........................................ 1

II.BACKGROUND ........................................ 2

A.The *Rittmann* Case. ........................................ 2

B.The *Waithaka* Case. ........................................ 5

C.The *Marcelo* and *Sitaca* Cases. ........................................ 7

III.ARGUMENT ........................................ 8

A.Legal Standard. ........................................ 8

B.Consolidation is Inappropriate Because the Cases Have Significantly Different Procedural Postures, and Merging them Would Cause Unnecessary Delays. 10

C. An Alternative Approach—Namely, Staying or Dismissing the Two California Cases and Bringing *Rittmann* and *Waithaka* Before the Same Judge—Would Allow For Efficient and Just Resolution of all Cases. ........................................ 12

IV.CONCLUSION ........................................ 15




LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

# TABLE OF AUTHORITIES

**Cases**

*Almeida v. Barr*,
2020 WL 1819876 (W.D. Wash. Apr. 10, 2020) .......... 10

*Balan v. Tesla Motors Inc.*,
2022 WL 2192872 (W.D. Wash. June 16, 2022) .......... 1, 13

*Bowerman v. Field Asset Servs., Inc.*,
No. 18-16303, -- F.4th -- 2022 WL 2433971 (9th Cir. July 5, 2022), .......... 6

*Carmona v. Domino's Pizza LLC*,
21 F. 4th 627 (9th Cir. 2021) .......... 6

*Clardy v. Pinnacle Foods Grp., LLC*
2017 WL 57310 (N.D. Cal. Jan. 5, 2017) .......... 12

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) .......... 14

*Davis v. Strus*,
2020 WL 4361395 (E.D. Wash. Jul. 29, 2020) .......... 8, 10

*Epic Sys. Corp. v. Lewis*,
No. 16-285, 2018 WL 2292444, at *1 (U.S. May 21, 2018). .......... 3

*Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia Street, LLC*,
2016 WL 524805 (N.D. Cal. Feb. 10, 2016) .......... 12

*Grinenko v. Olympic Panel Products, LLC*,
2008 WL 1805673 (W.D. Wash. Apr. 21, 2008) .......... 10

*Interscope Records v. Leadbetter*,
2007 WL 709296 (W.D. Wash. Mar. 5, 2007) .......... 10

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
544 F.Supp.2d 949 (N.D. Cal. 2008) .......... 1

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*,
877 F.2d 777 (9th Cir. 1989) .......... 8

*Jackson v. Berkey*,
2020 WL 1974247 (W.D. Wash. Apr. 24, 2020) .......... 9



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

*Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
787 F.3d 1237 (9th Cir. 2015) ........ 1, 12, 13

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........ 12, 13

*LHF Productions, Inc. v. Doe 1*,
2017 WL 1364558 (W.D. Wash. Apr. 14, 2017) ........ 8

*Lovell v. United Airlines, Inc.*
728 F. Supp. 2d 1096 (D. Haw. 2010) ........ 12

*Miller v. Amazon.com*, Inc.,
No. 21-36048 (9th Cir.) ........ 6

*New Prime v. Oliveira*,
139 S. Ct. 532 (Jan. 15, 2019) ........ 3

*Ozone International, LLC v. Wheatsheaf Group Limited*,
2020 WL 8513153 (W.D. Wash. Dec. 7, 2020) ........ 10

*Pacesetter Systems, Inc. v. Medtronic, Inc.,*
*678 F.2d at 97 (9th Cir. 1982)* ........ 1, 13

*Reed v. Kariko*,
2020 WL 6781475 (W.D. Wash. Nov. 18, 2020) ........ 10

*Rittmann v. Amazon.com, Inc.*,
383 F. Supp. 3d 1196 (W.D. Wash. 2019) ........ 3

*Rubio v. King County*,
2017 WL 2172014 (W.D. Wash. May 17, 2017) ........ 9, 10

*Standard Insurance Co. v. Seattle School District No. 1*,
2020 WL 8513589 (W.D. Wash. Dec. 4, 2020) ........ 13, 14

*Ulbricht v. United States Fidelity and Guaranty Co.*,
2020 WL 5632104 (W.D. Wash. Sept. 21, 2020) ........ 8

*Van Dusen v. Swift Transp. Co.*,
No. 17-15102 2020 WL 13504718 (9th Cir. Oct. 20, 2020) ........ 3

*Viking River Cruises Inc. v. Moriana*,
142 S.Ct. 1906 (2022) ........ 4



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

*Waithaka v. Amazon.com, Inc.*,
363 F. Supp. 3d 210 (D. Mass. 2019) ........ 5, 6

**Statutes**

Fed. R. Civ. P. 42 ........ 12

Federal Arbitration Act, 9 U.S.C. § 1 ........ 3, 5

Mass. Gen. L.
c. 149 § 148B ........ 6

National Labor Relations Act ("NLRA"),
29 U.S.C. § 157 ........ 3

Private Attorney General Act ("PAGA"),
Cal. Lab. Code § 2698, *et seq.* ........ 3

**Treatises**

Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure: Civil § 2381 (3d ed. 2022) ........ 8



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

## I. INTRODUCTION

Plaintiffs in *Rittmann v. Amazon.com Inc., et al.*, Civ. A. No. 2:16-cv-01554, (W.D. Wash.), have been pursuing claims of independent contractor misclassification and resulting Labor Code violations on behalf of a putative class of California Amazon Flex drivers since 2016. In the intervening years, six overlapping cases have been filed, purporting to bring many of the same claims on behalf of the same California Amazon Flex drivers. This Court already consolidated these six actions with this one: *Keller, Ponce, Hoyt, Ronquillo, Diaz*, and *Puentes*, all of which were filed between 2017 and 2020. The Court is now considering allowing consolidation of two more California cases that were filed as recently as 2021 and 2022 -- five years or more after the *Rittmann* case. These two cases are copycat actions that add nothing of substance to this consolidated action. As described further below, requiring the *Rittmann* plaintiffs to re-plead their complaint yet again to include dozens more plaintiffs and additional counsel would cause needless delay in a case that has already been plagued with protracted delays and at a moment when this case is finally gaining momentum. The *Marcelo* and *Sitaka* cases do not add anything substantive to this case and they should be stayed or dismissed in order to ensure the orderly and efficient progress of this action. As set forth further below, courts frequently stay or dismiss later-filed copycat actions based on the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Balan v. Tesla Motors Inc.*, 2022 WL 2192872 (W.D. Wash. June 16, 2022); *Pacesetter Systems, Inc.*, 678 F.2d at 97 (affirming dismissal of the later actions under the first-filed rule); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 963-64 (N.D. Cal. 2008) (holding dismissal of the later action is the appropriate remedy due to the first-filed rule). The court should take the same course here.

Meanwhile, a wholly distinct class of Massachusetts Amazon Flex drivers have been proceeding before Judge Martinez of this Court in *Waithaka*



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

*v. Amazon.com Inc.*, Civ. A. No. 2:19-cv-01320 (W.D. Wa.) and have engaged in discovery and fully briefed a Motion for Class Certification and a Renewed Motion to Compel Arbitration filed by Amazon. Now that *Waithaka* has been transferred to this courtroom, there is no reason for it to be consolidated with the *Rittmann* case. By proceeding before the same judge, there is no longer any risk of inconsistent rulings. But consolidating *Waithaka* into *Rittmann* would needlessly delay this case (and *Waithaka*) by requiring re-pleading of the complaint and would complicate it by adding yet another state law subclass. Consolidation would also prejudice the Massachusetts class, whose claims have progressed further than in the *Rittmann* action by delaying resolution of their claims and potentially requiring re-briefing of their pending Motion for Class Certification and Amazon's Renewed Motion to Compel Arbitration.

For all these reasons, consolidation should not be ordered.

## II. BACKGROUND

### A. The *Rittmann* Case.

In October 2016, Plaintiffs filed their Complaint against Defendants, alleging that they and other AmazonFlex delivery drivers are misclassified as independent contractors and are owed unpaid wages. *See* ECF No. 1. At the outset of the case, Plaintiffs filed a Motion for Conditional Certification and Defendants filed a Motion to Dismiss. *See* ECF No. 20, 36. The Court granted the motion to dismiss in part, and allowed Plaintiffs to re-plead their claims; it also stayed a decision on the Motion for Conditional Certification. *See* ECF No. 76. Plaintiffs filed a Second Amended Complaint, including a nationwide collective action, alleging FLSA claims as well as state law subclasses on behalf of drivers from Washington and California respectively. *See* ECF No. 83.

The Court then stayed this case in March of 2017 to await guidance from the Supreme Court in *Ernst & Young, LLP v. Morris* (U.S. Jan. 13, 2017) (No. 16-1300), regarding the enforceability of class action waivers in employment arbitration agreements, as well as to receive guidance from the Ninth Circuit in *Van Dusen v. Swift*



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

*Transp. Co.*, No. 17-15102 2020 WL 13504718 (9th Cir. Oct. 20, 2020) ("*Swift*"), regarding the proper determination of whether independent contractors perform work under "contracts of employment" and thus would be exempt from the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1. *See* ECF No. 77.[1] The Supreme Court issued its decision in *Morris* regarding class action waivers in employment agreements in May 2018[2], and the *Swift* appeal was rendered moot by the Supreme Court's decision in *New Prime v. Oliveira*, 139 S. Ct. 532 (Jan. 15, 2019), which established that courts need not make a preliminary decision as to whether plaintiffs are employees or independent contractors in order to determine whether they fall under the transportation worker exemption of the FAA.

With the benefit of these decisions, the Court partially lifted the stay in January 2019 for the limited purpose of resolving Defendants' motion to compel arbitration and determined that Plaintiffs are exempt from the FAA pursuant to 9 U.S.C. § 1. *See Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196 (W.D. Wash. 2019). The Court then stayed the case again while Defendants appealed. The Ninth Circuit affirmed this Court's sound decision, and the Supreme Court subsequently denied review. *Rittmann v. Amazon.com, Inc.,* 971 F.3d 904 (9th Cir. 2020), *cert. denied,* 141 S. Ct. 1374 (2021).

Shortly thereafter, in April 2021, Plaintiffs filed a Motion to Lift the Stay and for Partial Summary Judgment on their claim under the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.* only. *See* ECF No. 165. Defendant filed a cross-motion to continue the stay and opposed the Motion for Partial Summary Judgment as premature. *See* ECF No. 169. In

---

[1] Section 1 of the FAA states: "[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1.

[2] On May 21, 2018, the Supreme Court issued its decision in *Morris* and two other consolidated cases, holding that class action waivers in employment agreements do not violate the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157 *et seq. See Epic Sys. Corp. v. Lewis*, No. 16-285, 2018 WL 2292444, at *1 (U.S. May 21, 2018).



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

December 2021, Plaintiffs also filed a Motion for Class Certification. *See* ECF No. 185. Again, Defendants immediately moved for a stay ***yet again***, this time citing the Supreme Court's forthcoming rulings in *Sw. Airlines Co. v. Saxon*, 213 L. Ed. 2d 27 (2022) and *Viking River Cruises v. Moriana*, 213 L. Ed. 2d 179 (2022), which was set to address California's rule against the pre-dispute waiver of representative claims under the Private Attorney General Act, Cal. Lab. Code § 2698, *et seq*. *See* ECF No. 186. Over Plaintiffs' objection, the Court granted the stay, and Plaintiffs' pending motions were denied without prejudice. *See* ECF No. 193. The Court also allowed Plaintiffs to file a Third Amended Complaint, adding state law subclasses on behalf of drivers from New York, New Jersey, and Illinois and nationwide common law claims. *See* ECF No. 188.

Once *Saxon* and *Viking River* were decided, Plaintiffs moved again to lift the stay in June 2022. ECF No. 201. The Court granted that request in part and ordered the parties to confer and make proposals regarding consolidation of at least five other actions with the *Rittmann* case, as well as the appointment of lead counsel for the California sub-class. ECF No. 226. The Court ultimately ordered Plaintiffs to file a Consolidated Class Action Complaint in fall 2022, which combined claims in a half-dozen other later-filed actions, all of which purported to bring California state law claims on behalf of a California sub-class: *Keller*, *Hoyt*, *Ponce*, *Puentes*, *Diaz*, and *Ronquillo*. This new, omnibus consolidated Complaint includes nineteen named plaintiffs and five state law sub-classes as well as nationwide FLSA and common law claims. *See* ECF No. 262. It represents the combined plaintiffs and claims of what were originally seven different cases, of which this case – *Rittmann v. Amazon* – was the first-filed more than six years ago.

This fall and winter, the *Rittmann* case was finally starting to move forward after years of being in limbo; Amazon filed a Motion to Dismiss, which was fully briefed. ECF No. 246, 259, 273, Amazon also filed a Renewed Motion to Compel Arbitration, and Plaintiffs filed a Motion for Class Certification. *See* ECF No. 247, 275. The parties



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

also began the discovery process, exchanging written discovery and responses and producing some documents, and were in the process of scheduling depositions. Most recently, the Court asked the parties to make proposals regarding adjusting the schedule and to address the prospect of further consolidation of ***three more cases*** with this one: *Waithaka*, *Marcelo*, and *Sitaca*. *See* ECF No. 270, 282.

**B. The *Waithaka* Case.**

In August 2017, Plaintiff Bernard Waithaka filed his Complaint in Massachusetts Superior Court against Defendants, alleging that he and other AmazonFlex delivery drivers in Massachusetts are misclassified as Defendants' independent contractors and are owed unpaid wages and expenses as a result. Amazon attempted to remove the case to federal court twice and was ultimately successful (due mainly to the amount of time that had elapsed and the steadily growing potential damages, *see Waithaka v. Amazon.com, Inc.*, 363 F. Supp. 3d 210, 214 (D. Mass. 2019)). Amazon then moved to compel arbitration, or the in alternative, to transfer or stay the case. *See Waithaka*, Civ. A. No. 4:18-cv-40150 (D. Mass.), ECF No. 30. Judge Timothy Hillman of the U.S. District Court for the District of Massachusetts denied Amazon's motion, finding the drivers were exempt from the Federal Arbitration Act, 9 U.S.C. § 1. *Waithaka v. Amazon, Inc.*, 404 F. Supp. 335 (D. Mass. 2019). However, he granted the request to transfer the case to the Western District of Washington. *Id.*

Amazon appealed the denial of its Motion to Compel arbitration, which was affirmed by the First Circuit Court of Appeals, which agreed that drivers like Mr. Waithaka are exempt from the FAA. *See Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020). The U.S. Supreme Court denied certiorari twice. *See Waithaka*, 141 S. Ct. at 2794; *Waithaka*, 141 S. Ct. at 2886.

After being transferred to this Court, the case was assigned to Judge Ricardo Martinez. The parties initially agreed to stay the case, pending Amazon's appeal. *See Waithaka*, Civ. A. No. 2:19-cv-01320 (W.D. Wa.), ECF No. 73. Over Plaintiffs' objection, the stay was extended, but the Court finally lifted the stay in spring 2021. During the



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

spring and summer of 2021, the parties then engaged in discovery, serving and responding to written discovery, exchanging documents and meeting and conferring extensively. Plaintiffs took a Rule 30(b)(6) deposition of Defendant Amazon Logistics, Inc. on certain topics, and Defendant deposed named plaintiff Bernard Waithaka.

Plaintiffs filed a Motion for Class Certification, which Amazon opposed. The motion addressed the narrowly tailored claims in the Massachusetts case: whether Amazon Flex drivers in the Commonwealth of Massachusetts are misclassified as independent contractors pursuant to that state's "ABC" test for employee status, *see* Mass. Gen. L. c. 149 § 148B, and whether they are owed expense reimbursement for their phones and vehicles and minimum wage as a result of their misclassification. The *Waithaka* case does ***not*** include the host of other state law claims and FLSA claims that necessitate a more searching inquiry into Amazon's right to control Flex drivers and other factors in the "economic realities" test. Instead, Plaintiffs believe the main focus of the case will be on Prong B of the Massachusetts ABC test and whether Amazon Flex drivers performed services within the usual course of Amazon's business.

The parties in *Waithaka* agreed to file supplemental class certification briefs, addressing the impact of the Ninth Circuit's decision in *Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652 (9th Cir. 2022), on the pending motion. *See Waithaka*, Civ. A. No. 2:19-cv-01320 (W.D. Wa.), ECF No. 132. The parties also agreed to brief a renewed motion to compel arbitration filed by Amazon. *Id.* That briefing was all completed six months ago in September 2022, and ***both motions are ripe for decision***.

Most recently, Judge Martinez stayed the case pending a decision from the Ninth Circuit in *Carmona v. Domino's Pizza LLC*, No. 21-55009 (9th Cir.), and in *Miller v. Amazon.com*, Inc., No. 21-36048 (9th Cir.). *See* ECF No. 153. Following a decision in those cases, Plaintiffs remain confident that Amazon's renewed motion to compel arbitration will be denied and that their Motion for Class Certification – which has been fully briefed and pending for many months – should be promptly decided so that the parties can move on to



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

the merits.

### C. The *Marcelo* and *Sitaca* Cases.

In fall 2021 and spring 2022, ***many years*** after the *Rittmann* and *Waithaka* cases were initiated, a group of Amazon Flex delivery drivers filed two new cases in the Northern and Central Districts of California. In October 2021, Plaintiff Elson Marcelo and fifteen other named Plaintiffs filed a Complaint against Amazon in the Northern District of California, alleging willful violations of federal and California state wage law due to their misclassification as independent contractors. *See Marcelo v. Amazon.com, Inc.*, Case No. 21-cv-07843-JD (N.D. Cal.), Ex. A hereto. In January 2022, Plaintiff Emmanuel Sitaca and eighteen other named Plaintiffs filed a complaint against Amazon in Orange County Superior Court, making similar wage and overtime claims under California state law. The case was removed to federal court in March 2022, and Plaintiffs' efforts to have the case remanded in summer 2022 were unsuccessful. *See Sitaca v. Amazon.com, Inc.*, Case No. 8:22-cv-00354-CJC-JDE (C.D. Cal.), Ex. B hereto. *Marcelo* and *Sitaca* advance almost identical sets of claims against Defendant Amazon; *Marcelo* involves the same ten alleged violations of California minimum wage and overtime law as *Sitaca*,[3] along with two violations of the federal Fair Labor Standards Act.

Since these complaints were filed in *Marcelo* and *Sitaca*, little has transpired in either case. In *Marcelo*, Amazon filed a motion to compel arbitration in December 2021, but the case was subsequently stayed pending the U.S. Supreme Court's decision in *Saxon*. In August 2022, Amazon renewed its motion to compel; Plaintiffs filed a reply in September; and the case was transferred to the Western District of Washington in early 2023. In *Sitaca*, after a similar *Saxon*-related stay, the parties engaged in briefing surrounding Amazon's motion to compel arbitration

[3] Plaintiffs' California state law claims include: unlawful nonpayment of wages, wage statement violations, failure to provide compensation to former couriers, failure to pay minimum wage, failure to reimburse business expenses, failure to pay split shift premium wages, unfair and unlawful competition/trade practices, failure to pay overtime wages, failure to provide meal and rest breaks, and unlawful deduction of wages. *See* Ex. A & Ex. B (*Marcelo* and *Sitaca* Complaints).



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

during the fall of 2022, and the case was transferred in February 2023.

*Marcelo* and *Sitaca* add nothing of substance to the Consolidated Complaint in *Rittmann*; the two cases make duplicative minimum wage, overtime, expense reimbursement, meal and rest break, deductions, and wage statement claims under California state law as well as duplicative FLSA claims. In addition, each case involves a dozen or more drivers, which has the potential to bloat the *Rittmann* litigation with numerous additional Plaintiffs and counsel. In sum, these two cases are pure copycat actions that add nothing but complexity to the existing consolidated action in *Rittmann*.

## III. ARGUMENT

### A. Legal Standard.

Fed. R. Civ. P. 42(a) authorizes courts to consolidate cases that involve a "common question of law or fact." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). The rule is designed to "dispatch" the "business of the court…with expedition and economy while providing justice to the parties." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2381 (3d ed. 2022).

While the district court has broad discretion under this rule to consolidate pending cases, *Investors Research Co.*, 877 F.2d at 777, consolidation is not appropriate where a sufficiently common question of law or fact is lacking. *See, e.g., LHF Productions, Inc. v. Doe 1*, 2017 WL 1364558, at *2 (W.D. Wash. Apr. 14, 2017) (denying consolidation where matters "involve different facts and defendants").

And critically, even where there exists a common question of law or fact, consolidation may still be inappropriate. "The court considers several factors in analyzing consolidation, including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Ulbricht v. United States Fidelity and Guaranty Co.*, 2020 WL 5632104, at *2 (W.D. Wash. Sept. 21, 2020). In other words,



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

"determining whether to consolidate matters, the Court weighs 'the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.'" *Davis v. Strus*, 2020 WL 4361395, at *1 (E.D. Wash. Jul. 29, 2020) (citations omitted). Where consolidation would create precisely the kinds of unnecessary costs and delays that Rule 42(a) was meant to avoid, it should not be granted. *See, e.g., Jackson v. Berkey*, 2020 WL 1974247, at *2 (W.D. Wash. Apr. 24, 2020) (denying consolidation where "the resolution of issues from all three cases would be embedded in single or multiple, likely unwieldy, orders or report and recommendations," and consolidation might lead to jury confusion at trial); *Rubio v. King County*, 2017 WL 2172014, at *2 (W.D. Wash. May 17, 2017) (denying consolidation in part because candidate cases were in different procedural postures, and "consolidation would inevitably result in a lengthy delay of the instant action, and with little resulting benefit").

Here, as described further below, further consolidation of these three cases into the *Rittmann* matter would not serve the interests of judicial economy and expediting results and would instead engender unnecessary delay and needless complexity. Indeed, the Plaintiffs here already filed a Consolidated Class Action Complaint that combined six additional overlapping actions into the *Rittmann* matter, resulting in months of delay and a Complaint that now includes nineteen different named plaintiffs represented by diverse counsel, five state-law subclasses and nationwide FLSA and common law claims. To require the *Rittmann* Plaintiffs to re-plead their complaint to include the claims of two dozen additional California drivers as well as an additional state law subclass of Massachusetts drivers would simply add even more delay and complexity to these case just when it was starting to gain momentum. Moreover, there is no reason for the Court to encourage endless duplicative copycat litigation. As such, the two California actions should be stayed.

Likewise, the *Waithaka* case, which is far more advanced than the *Rittmann* case in terms of discovery and briefing, should be permitted to proceed in parallel before the same judge (so as to avoid inconsistent rulings), without the prejudicial delay



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

that would be associated with re-pleading the Complaint and scrapping the hard work that has already gone into briefing Amazon's Renewed Motion to Compel Arbitration and Plaintiffs' Motion for Class Certification.

**B. Consolidation is Inappropriate Because the Cases Have Significantly Different Procedural Postures, and Merging them Would Cause Unnecessary Delays.**

Consolidation is inappropriate where the cases proposed to be merged have very different procedural postures. *See Interscope Records v. Leadbetter*, 2007 WL 709296, at *2 (W.D. Wash. Mar. 5, 2007) ("'Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.'") (citation omitted). This is because, where "each case is at a different procedural phase," consolidation may not "best serve the interests of judicial economy" or "help to expedite resolution" of each litigant's case. *Almeida v. Barr*, 2020 WL 1819876, at *2 (W.D. Wash. Apr. 10, 2020).

As a result, courts regularly deny consolidation where cases are at different phases of pre-trial proceeding, and consolidation would lead to marked delays in progress. *See, e.g., Ozone International, LLC v. Wheatsheaf Group Limited*, 2020 WL 8513153, at *1 (W.D. Wash. Dec. 7, 2020) (denying consolidation in part because "two of the three cases at issue are awaiting resolution of fully briefed motions to dismiss"); *Reed v. Kariko*, 2020 WL 6781475, at *1-2 (W.D. Wash. Nov. 18, 2020) (denying consolidation in part where a scheduling order regulating discovery and further proceedings had been issued in first case, and a motion for summary judgment was pending, while second case had just been filed, scheduling order had not yet been entered, and discovery not yet commenced); *Davis v. Strus*, 2020 WL 4361395, at *2 (E.D. Wash. Jul. 29, 2020) (denying consolidation for purposes of motions practice because dispositive motion deadline in one case had passed, while another had been set in the future); *Rubio*, 2017 WL 2172014, at *2 (denying consolidation where a motion for summary judgment was pending in one case and pretrial scheduling order was yet to be issued in another); *Grinenko v. Olympic Panel Products, LLC*, 2008 WL 1805673, at *4 (W.D. Wash.



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

Apr. 21, 2008) (denying consolidation in part because one case was set for jury trial and another for bench trial on different timelines); *Interscope Records*, 2007 WL 709296, at *2 (denying consolidation where bench trial was set and cross-motions for summary judgment were pending in one case, and another case was just filed).

This Court should deny consolidation because the *Rittmann* case is in a markedly different procedural posture than *Waithaka*, *Marcelo*, and *Sitaca*. The *Rittmann* case recently underwent consolidation with six other cases,[4] and Plaintiffs' counsel therefore repleaded and filed a lengthy, complex newly-consolidated class action complaint this past fall. The parties have just begun discovery, and are still negotiating over pleadings and scheduling. The *Waithaka* case, by contrast, has progressed much further: there is a fully briefed and pending class certification motion, as well as a renewed motion to compel arbitration, and the parties have engaged in substantial discovery, including a Rule 30(b)(6) deposition. *Marcelo* and *Sitaca*, meanwhile, are in very early stages of litigation: these cases were filed in late 2021 and early 2022, respectively, and there have been no meaningful procedural developments other than their transfer to this District Court.

Consolidating all three cases into *Rittmann* would lead to additional costs and delays in a case whose progress has already been hamstrung. The process of consolidating *Rittmann* with five additional cases last year took several months, resulted in numerous additional named plaintiffs, and transformed the case into a more complex action requiring coordination among multiple counsel. Consolidating *Rittmann* with three additional cases at varying pre-trial stages would unduly complicate and delay a case that has been pending for more than six years, without creating the kinds of efficiencies that would outweigh the added costs of coordination and duplicative filings. Granting this consolidation also risks setting the precedent that *each and every* copycat case filed in the future will be consolidated with this one, leaving the original

[4] *Keller*, *Hoyt*, *Ronquillo*, *Ponce*, *Puentes*, and *Diaz*.



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

plaintiffs to suffer ever-longer delays in the adjudication of their claims. The Court must control its docket and ask itself where this process ends? Counsel for the *Sitaca* and *Marcelo* plaintiffs should not be rewarded for having filed duplicative actions many years after the *Rittmann* and *Keller* cases; their cases should simply be stayed pending the outcome of the instant case. *See, e.g., Clardy v. Pinnacle Foods Grp., LLC*, 2017 WL 57310, at *1 (N.D. Cal. Jan. 5, 2017) (granting motion to stay because an "earlier-filed putative class action in Illinois involves the same Defendant, overlapping putative classes, and substantially similar issues…."); *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1110 (D. Haw. 2010) (staying second-filed class action proceeding pending resolution of first-filed class action).

### C. An Alternative Approach—Namely, Staying or Dismissing the Two California Cases and Bringing *Rittmann* and *Waithaka* Before the Same Judge—Would Allow For Efficient and Just Resolution of all Cases.

Fed. R. Civ. P. 42 provides not only for the consolidation of actions involving a common question of law or fact; it also permits the flexible issuance of orders that "avoid unnecessary cost or delay." Aside from merging actions, district courts may exercise their discretion to stay related actions, since they have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

In addition, bringing related cases before the same judge can obviate the need for consolidation by creating the potential for coordination and ensuring that the cases do not reach inconsistent outcomes. *See, e.g., Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia Street, LLC*, 2016 WL 524805, at *13 (N.D. Cal. Feb. 10, 2016) (denying consolidation where two related cases were before the same judge and could be coordinated if needed).

Instead of consolidation, this Court should stay (or dismiss) the later-filed copycat



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

actions, *Marcelo* and *Sitaca*, pending resolution of the *Rittmann* case. For example, courts frequently stay or dismiss later-filed copycat actions based on the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Group, Inc.*, 787 F.3d at 1240; *Balan*, 2022 WL 2192872. Here, the copycat cases at issue meet these three factors as they were all filed ***years*** after the *Rittmann* case, and they are brought on behalf of the same plaintiffs: a putative class of California Amazon Flex drivers, alleging the same central claim of misclassification as independent contractors and resulting California Labor Code violations. Thus, the *Marcelo* and *Sitaca* actions should be dismissed or stayed, rather than consolidated with the *Rittmann* case because they were filed so much later and they add nothing: they bring the same claims on behalf of the same drivers against the same defendants. *See Kohn Law Group, Inc.*, 787 F.3d at 1239-41 (affirming stay of later-filed action); *Pacesetter Systems, Inc.*, 678 F.2d at 97 (affirming dismissal of the later actions under the first-filed rule); *Intersearch Worldwide, Ltd.*, 544 F.Supp.2d at 963-64 (holding dismissal of the later action is the appropriate remedy due to the first-filed rule). Indeed, to rule otherwise would be to reward counsel for the *Marcelo* and *Sitaka* plaintiffs for blatantly filing over not just the *Rittmann* action, but also the ***six other actions*** bringing claims on behalf of California Amazon Flex drivers that have since been consolidated with *Rittmann*, which were all filed between 2017 and 2020. There is nothing to stop other plaintiffs and plaintiffs' lawyers from endlessly filing copycat lawsuits that duplicate or overlap with this one – and delaying this case from ever proceeding on the merits. This Court should not require the *Rittmann* plaintiffs to drop everything each time such an abuse occurs and re-plead their complaint to accommodate yet another set of plaintiffs and their lawyers.

A stay of the *Marcelo* and *Sitaca* actions is just and appropriate. In determining whether a stay is proper, courts consider three factors: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Standard Insurance Co. v. Seattle School District No. 1*, 2020 WL 8513589, at *2 (W.D. Wash. Dec. 4, 2020) (citing *Landis*, 299 U.S. at 254; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Here, these factors plainly favor a stay of the later-filed *Marcelo* and *Sitaka* actions.

First, there is little to no damage associated with a granting of the stay, which will simply allow these plaintiffs to preserve their claims and await a decision in the *Rittmann* action; however, if the two California cases were consolidated rather than stayed, there would be additional, prejudicial delays associated with merging these cases and increasing the complexity of the *Rittmann* action through the addition of more plaintiffs and additional counsel. Moreover, there is marked hardship to the *Rittmann* plaintiffs by being forced to proceed with consolidation, given that the case has already been pending for more than six years. Finally, staying the California cases also promotes the "orderly course of justice" in that "the issuance of a stay…would…avoid conflicting rulings on…related issues and will simplify both the legal questions and matters of proof at the federal level," without saddling the parties with the weight of full consolidation. *Standard Insurance Co.,* 2020 WL 8513589 at *3. The *Marcelo* and *Sitaca* cases do not add substantively to the legal or factual nuances of the case, and it would only serve to delay and complicate the case to opt for consolidation over a stay (or dismissal).

As for *Waithaka*, the case has already been transferred from Judge Martinez to this courtroom and will proceed before the same judge as the *Rittmann* action. The Court need not merge it with *Rittmann* for the aforementioned reasons. Allowing the two cases to proceed before the same judge will avoid the risk of inconsistent results. At the same time, keeping the cases separate will maximize efficiency insofar as each case can proceed from its current procedural posture. Maintaining separation also minimizes the risk of prejudicing the putative Massachusetts class by delaying a case that is markedly further along, as well as the risk of prejudicing the *Rittmann* plaintiffs by rendering the class



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

complaint even more complex and further slowing down the progress of the *Rittmann* action by re-pleading the Complaint again.

## IV. CONCLUSION

For all these reasons, the Court should not consolidate these cases with *Rittmann*; instead, it should stay or dismiss the *Marcelo* and *Sitaca* actions and should allow the *Waithaka* action to proceed, albeit before the same judge as the *Rittmann* matter.

Respectfully submitted,

*s/ Adelaide Pagano*

Shannon Liss-Riordan (*Pro Hac Vice*)
Harold L. Lichten (*Pro Hac Vice*)
Adelaide Pagano (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
Email: sliss@llrlaw.com
Email: hlichten@llrlaw.com
Email: apagano@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

*Attorneys for Rittmann and Waithaka Plaintiffs*

*s/ Shounak S. Dharap*

Shounak S. Dharap (Pro Hac Vice)
The Arns Law Firm
515 Folsom St. 3rd Floor

San Francisco, CA 94105
Telephone: (415) 495-7800
Email: ssd@arnslaw.com

Elizabeth Ann Hanley
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: 206-622-8000
Email: hanley@sgb-law.com

*Attorneys for Keller Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing RESPONSE TO ORDER TO SHOW CAUSE with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED: March 20, 2023

*/s/ Adelaide Pagano*



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800