HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re: AMAZON WAGE CLAIM LITIGATION

Case No. C16-1554 JCC
Case No. C19-1320-JCC
Case No. C23-0161-JCC
Case No. C23-0178-JCC

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION**

Pursuant to this Court's February 27, 2023 minute order (*Rittmann*, Dkt. No. 282) directing the parties to show cause why *Rittmann v. Amazon.com Inc., et al.*, C16-1554 JCC (W.D. Wash. 2016) should not be consolidated with *Waithaka v. Amazon.com Inc., et al.*, C19-1320-JCC (W.D. Wash. 2019); *Marcelo, et al. v. Amazon.com Inc., et al.*, C23-0161-JCC (W.D. Wash. 2023) and *Sitaca, et al. v. Amazon.com Inc., et al.*, C23-0178-JCC (W.D. Wash. 2023), the Amazon Defendants ("Amazon") respond as follows:

Amazon agrees with the Court's stated intention to consolidate because it would serve the interest of judicial economy and efficiency to consolidate *Rittmann*, *Waithaka*, *Marcelo*, and *Sitaca* for pre-trial purposes. All actions allege misclassification claims on behalf of Delivery Partner drivers. All of them remain at a relatively early stage, with significant procedural issues remaining to be decided, including as to arbitration, motions to dismiss, and class certification, as well as likely discovery disputes. Under the circumstances, consolidation would enhance



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

efficiency and not foster delay. *Waithaka* should be consolidated with *Rittmann* because the putative class members in *Waithaka*, Massachusetts Delivery Partner drivers, are also putative class and collective action members in *Rittmann*, which alleges common law class claims on behalf of all drivers nationwide and alleges minimum wage and overtime claims under the FLSA on behalf of a putative nationwide collective of drivers. *Sitaca* and *Marcelo* should be consolidated with *Rittmann* because the *Sitaca* and *Marcelo* plaintiffs are putative class members of the California and nationwide classes and putative members of the FLSA collective action. Among other things, consolidation for pre-trial purposes will create efficiencies as to discovery, including avoiding duplicative written discovery and 30(b)(6) depositions as well as efficiency in resolving discovery disputes. Were any newly-consolidated Plaintiff to object to the current appointment of interim lead counsel, then that should be the next issue decided by this Court.

Following consolidation of the above-referenced cases and any review of appointment of interim lead counsel, it is Amazon's position that the previously-filed (although now stricken by the court's minute order) Motions to Compel Arbitration filed in the consolidated cases should be refiled and considered next because an order granting each Motion to Compel would dispose of *Waithaka*, *Marcelo, Sitaca*, and nearly all of the *Rittmann* action.[1] The *Marcelo* and *Sitaca* Plaintiffs allege only individual claims on behalf of themselves and not on behalf of a putative class or collective. Therefore, even if the Court was inclined to hear any motion for class certification first or simultaneously with a motion to compel arbitration, there is no reason to wait until a hearing on the *Rittmann* Plaintiffs' Motion for Class Certification (or, if consolidated, on the *Waithaka* Motion for Class Certification) to rule whether the *Marcelo* and *Sitaca* Plaintiffs (as well as other Plaintiffs) must proceed to arbitration.

[1] The Ninth Circuit has set oral argument in *Miller v. Amazon.com, Inc.* for March 27, 2023. *Miller* addresses the enforceability of several of the arbitration agreements that are the subject of Amazon's filed but presently stricken Motions to Compel Arbitration before this Court, and presents an opportunity for the Ninth Circuit to clarify the status of its prior ruling in *Rittmann* in light of the Supreme Court's more recent decision in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022).



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

In addition to refiling the Motions to Compel Arbitration, Amazon expects to refile its Motion to Dismiss and/or Strike the operative consolidated *Rittmann* complaint as to any Plaintiffs/Opt Ins not subject to arbitration. Amazon submits that the Motions to Compel should be decided first, and then any pleadings challenge should be resolved and an answer filed before proceeding to certification and other motion practice because the scope of the pleadings will dictate the scope of discovery and class certification.

Dated: This 20th day of March, 2023.

By: s/ *Andrew DeCarlow*
Andrew DeCarlow, WSBA 54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
Email: andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
Email: richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian D. Berry (*pro hac vice*)
Andrea L. Fellion (*pro hac vice*)
Sarah Zenewicz (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
Email: brian.berry@morganlewis.com
andrea.fellion@morganlewis.com
sarah.zenewicz@morganlewis.com

John S. Battenfeld (*pro hac vice*)

Max C. Fischer (*pro hac vice*)
Brian D. Fahy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
Email: jbattenfeld@morganlewis.com
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

*Attorneys for Defendants*