HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, et al., individually and on behalf of others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,

Defendants.

Case No. C16-1554 JCC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT THE STAY**

**NOTE ON MOTION CALENDAR: November 17, 2023**

## I. INTRODUCTION

On June 9, 2023, this Court stayed this case "pending the Ninth Circuit's mandate in *Carmona* or *Miller*, whichever is issued later." Dkt. #289 at 2. Plaintiffs now effectively seek reconsideration of that order by moving to lift the stay even though ***neither mandate has issued***. Neither mandate has issued because both Ninth Circuit panels found good cause to stay issuance of their mandates and that cert petitions in *Carmona* and *Miller* "present a substantial question" for the Supreme Court's consideration. Fed. R. App. P. 41(d)(1). Specifically, and as the Ninth Circuit itself recognized, there is now a clear circuit split over whether *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), correctly construes the Federal Arbitration Act ("FAA")



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

exemption for "seamen, railroad workers, and any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. 1. The Ninth Circuit continues to treat *Rittmann* as binding precedent after *Southwest Airlines Co v. Saxon*, 596 U.S. 450 (2022). *See Carmona v. Domino's Pizza, LLC*, 73 F.4th 1135, 1137 (9th Cir. 2023); *Miller v. Amazon.com, Inc.*, No. 21-36048, 2023 WL 5665771, at *1 (9th Cir. Sept. 1, 2023). But it "recognize[s] that the Fifth Circuit disagrees with *Rittmann*." *Carmona*, 73 F.4th at 1137 n.1 (citing *Lopez v. Cintas Corp.*, 47 F.4th 428, 432-34 (5th Cir. 2022)). Given this recognized circuit split over the effect of the Supreme Court's decision in *Saxon*, there is an elevated likelihood of Supreme Court review in *Carmona*, *Miller*, or both, which is why the Ninth Circuit declined to issue its mandates in those cases. Plaintiffs cite no compelling reason for this Court to revisit its stay, particularly given the stays that the Ninth Circuit itself has chosen to issue.

And even setting aside those cases, other recent developments in the Supreme Court underscore the propriety of a stay of this litigation. Contrary to Plaintiffs' attempt to portray the law surrounding the FAA's Section 1 exemption as settled, Plaintiffs' own counsel convinced the Supreme Court to grant certiorari on a distinct circuit split over the exemption's application to local delivery drivers in *Bissonnette v. LePage Bakeries Park St.*, No. 23-51, 2023 WL 6319660, at *1 (U.S. Sept. 29, 2023). The question presented in *Bissonnette*, as framed in the petition for certiorari, is whether a class of workers must be "employed by a company in the transportation industry" to fall within the Section 1 exemption. Petition for a Writ of Certiorari at i, *Bissonnette* (No. 23-51), 2023 WL 4680058. The answer to that question could have a direct impact here, as the *Bissonnette* plaintiffs argued to the Supreme Court, because "Amazon drivers" "do not work for a traditional trucking company." *Id.* at 18-19. The circuit split that the Supreme Court has already decided to resolve, in the *Bissonnette* plaintiffs' words, "affects millions of transportation workers across the country and numerous large employers like Amazon." Reply in Support of Certiorari at 1, *Bissonnette* (No. 23-51), 2023 WL 5935631. Although Plaintiffs' own counsel made these arguments to the Supreme Court, Plaintiffs' motion to lift the stay fails to even mention



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

the Supreme Court's decision to grant certiorari in *Bissonnette*. That pending Supreme Court case further counsels in favor of retaining the existing stay of this litigation. When the parties ultimately brief, and this Court resolves, a renewed motion to compel arbitration, it should happen under the correct legal standards. The Court's existing stay order serves that result and avoids a waste of party and judicial resources by reducing the risk of repetitive motion practice after the Supreme Court resolves these circuit splits. Plaintiffs' motion to lift the stay, Dkt. #290 ("Motion"), should be denied.

## II. FACTUAL BACKGROUND

In these consolidated actions, Plaintiffs allege that Amazon violated federal and state wage-and-hour laws by misclassifying Amazon Flex delivery partners as independent contractors rather than employees. *See generally* Dkt. #262. The overwhelming majority of Amazon Flex delivery partners agreed to arbitrate such disputes on an individual basis, including certain named plaintiffs. When this case began, Amazon moved to compel one such named plaintiff (Raef Lawson) to arbitration. *See* Dkt. #36 at 2.

In addition to invoking the FAA's Section 1 exemption, Lawson originally argued that his arbitration agreement was unenforceable under then-applicable Ninth Circuit precedent because it waived Lawson's right to proceed on a class or collective basis. Dkt. #62 at 13-23. While Amazon's motion to compel arbitration was pending, the Supreme Court granted certiorari in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), to review the Ninth Circuit's approach to class and collective action waivers, and Amazon sought a stay. Dkt. #71. Contrary to Plaintiffs' representation that the Court denied Amazon's motion to compel arbitration in March 2017, *see* Mot. at 1, the Court expressly declined to resolve the arbitration issue at that point, Dkt. #76 at 7. Instead, it granted the stay, observing that the Supreme Court's forthcoming decision in *Epic Systems* would "likely determine whether the putative class numbers in the hundreds or tens of thousands." Dkt. #77 at 4. After *Epic Systems* rejected the Ninth Circuit's stance on class and collective action waivers, Plaintiffs moved to lift the stay. Dkt. #94. The Court declined to lift the



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

stay because whether the FAA's Section 1 exemption applied to independent contractors remained on appeal before the Ninth Circuit. Dkt. #98 at 1-2. That issue also went to the Supreme Court in *New Prime v. Oliveira,* 139 S. Ct. 532, 543 (2019), after which the parties jointly moved to partially lift the stay "for the limited purpose of" resolving Amazon's motion to compel arbitration. Dkt. #100 at 2; *see* Dkt. #101.

The Court denied Amazon's motion to compel arbitration at that point, holding that the FAA's Section 1 exemption applies to Amazon Flex delivery partners. *See* Dkt. #115 at 3-7. The Court nonetheless extended the stay pending Amazon's appeal, acknowledging the novelty of the issue and that Amazon's "argument could prevail." Dkt. #133 at 2.[1] A divided Ninth Circuit panel affirmed, *Rittmann,* 971 F.3d at 907, and the Supreme Court denied Amazon's petition for certiorari, *see Amazon.com, Inc. v. Rittmann*, 141 S. Ct. 1374 (2021). But later that year, the Supreme Court granted certiorari in another case involving the Section 1 exemption, *Southwest Airlines Co. v. Saxon*, and in a case over whether the FAA enables California Private Attorney General Act ("PAGA") claims to be compelled to arbitration on an individual basis, *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022). Amazon moved to extend the stay through the resolution of these cases. Dkt. #186. The Court granted Amazon's motion. Dkt. #193. It explained that although *Saxon* did not address so-called last-mile delivery drivers, the Supreme Court could issue "a more expansive opinion." *Id.* at 4. The Court further reasoned that *Viking River* further supported a stay because Plaintiffs assert a PAGA claim. *Id.* The Court understood Plaintiffs' concerns about delaying resolution of this case, but it noted that proceeding could cause Amazon to lose its right to arbitrate these claims and that arbitration is available if Plaintiffs need immediate redress. *Id.* at 4-5.

---

[1] At the time, Ninth Circuit precedent held that district court proceedings were not stayed as of right during an appeal from a denial of a motion to compel arbitration. Recently, however, the Supreme Court ruled that a district court must stay proceedings pending an appeal from a denial of a motion to compel arbitration. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023).



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

After *Saxon* and *Viking River*, the Court lifted the stay. Dkt. #234. The Court entered a scheduling order, Dkt. #237, after which Plaintiffs filed a consolidated complaint, Dkt. #238, and Amazon filed both a motion to dismiss, Dkt. #246, and a renewed motion to compel arbitration, Dkt. #247. Before the Court ruled on Amazon's motions, Plaintiffs filed an amended consolidated complaint, Dkt. #262, which necessitated a new scheduling order.

In the parties' joint status report, Amazon noted that Judge Martinez had recently issued a *sua sponte* order to show cause why *Waithaka v. Amazon.com, Inc.*, No. C19-1320 (W.D. Wash.), should not be stayed pending the Ninth Circuit's forthcoming decisions in *Carmona* and *Miller*. Dkt. #270, at 2-4. Plaintiffs argued that no stay was appropriate. *Id.* at 8-9. Judge Martinez, however, determined that a stay was warranted in *Waithaka*. *See Waithaka*, No. C19-1320, Dkt. #153. A short time later, *Waithaka* was reassigned to this Court, along with several other cases, and the Court ordered the parties to show cause why the cases should not all be consolidated into *Rittmann*. Dkt. #282. The Court simultaneously struck all outstanding motions, including Amazon's renewed motion to compel arbitration and motion to dismiss and Plaintiffs' motion for class certification. *Id.*; *see* Dkts. ## 247, 273, 275.

After hearing from the parties, the Court declined to consolidate additional cases with this one but agreed that a stay was warranted. Dkt. #289. The Court specifically instructed that the stay would remain in place "pending the Ninth Circuit's mandate in *Carmona* or *Miller*, whichever is issued later." Dkt. #289, at 2. In addition to instructing that the stay would last through the end of the ***later*** of the two appellate mandates, the Court rejected the *Rittmann* Plaintiffs' request that the case be allowed to proceed for those Plaintiffs who opted out of arbitration. *Id.* The Court emphasized the need to balance their interests "with considerations of judicial efficiency and the need for consistent rulings for all plaintiffs on shared issues," and noted that this case "was filed many years ago," so that "a short delay would not materially prejudice any of its plaintiffs." *Id.* The Court ordered the parties to submit a joint status report within fourteen days "of the later-filed Ninth Circuit mandate in *Carmona* or *Miller*." *Id.*



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

On October 16, 2023—three days before Amazon and Domino's Pizza filed their petitions for certiorari in *Miller* and *Carmona*—Plaintiffs moved to lift this Court's stay. Dkt. #290 ("Motion"). Plaintiffs acknowledged that the Ninth Circuit had granted motions by Domino's Pizza and Amazon to stay issuance of the mandates in both *Carmona* and *Miller* pending the Supreme Court's resolution of their cert petitions. *Id.* at 2. But Plaintiffs asserted, without elaboration, that adhering to the terms of the Court's existing stay order would "saddle[]" Plaintiffs with a "lengthy stay while these parties pursue doomed petitions for certiorari." *Id.*

As explained below, Plaintiffs are mistaken on both points. The odds of certiorari in *Miller* and/or *Carmona* are much greater than a run-of-the-mill petition because they directly implicate a circuit split that the Ninth Circuit itself has recognized. And Amazon filed its *Miller* cert petition far in advance of its deadline to facilitate the Supreme Court's ability to grant certiorari without delay. Plaintiffs offer no reason to reconsider the terms of the Court's stay order.

## III. ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power allows the Court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. Among other circumstances, efficiency and fairness can support a stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "When considering whether to stay an action" on this basis, "the Court must weigh 'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Babare v. Sigue Corp.*, No. C20-0894, 2020 WL 8617424, at *1 (W.D. Wash. Sept. 30, 2020) (Coughenour, J.) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

These factors strongly support the current stay. The stay serves the orderly course of justice by ensuring that the parties do not brief, and the Court does not resolve, a renewed motion to compel arbitration under legal standards that may become obsolete in the coming months after new Supreme Court guidance, which undoubtedly will come in *Bissonnette* by July. Far from reducing hardship or inequity, that result risks only further delay by increasing the chances of yet another round of proceedings on arbitrability. The Court should deny Plaintiffs' motion.

**A. A stay promotes judicial efficiency and the orderly course of justice by ensuring that the court applies the correct standards to Amazon's renewed motion to compel arbitration.**

**1. *Miller* and *Carmona* continue to support a stay.**

As the Court knows, a threshold dispute in this litigation is whether the many thousands of Amazon Flex delivery partners who agreed to arbitrate are exempt from the FAA. The Ninth Circuit agreed with this Court that delivery drivers need not actively participate in the transportation of goods across state lines to fall within the FAA's Section 1 exemption. *Rittmann*, 971 F.3d at 915-17. It suffices, on this view, that goods the drivers deliver have previously crossed state lines. *Id.* at 917. The *Rittmann* majority rejected the dissenting judge's view that the exemption turns on the individual work of the relevant class of workers, not the company for which they work. *Id.* The First Circuit drew the same conclusion in *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020).

After the Supreme Court decided *Saxon*, however, the Fifth Circuit adopted the opposite view. In *Lopez v. Cintas Corp.*, 47 F.4th 428, 431 (5th Cir. 2022), the court acknowledged *Rittmann* and *Waithaka* but it disagreed with those decisions by holding that the exemption does not extend to so-called "last-mile drivers." The driver in *Lopez* "picked up items from a Houston warehouse (items shipped from out of state) and delivered them to local customers." *Id.* at 430. The Fifth Circuit determined that its task, under *Saxon*, was first to "determine the relevant 'class of workers' by the work that [the plaintiff] actually did." *Id.* at 431. And then *Saxon* required it to confine the exemption to transportation workers who are "actively engaged in transportation of



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

[the] goods across borders." *Id.* at 433 (quoting *Saxon*, 596 U.S. at 458). The delivery driver in *Lopez* did not belong to such a class of workers because "[o]nce the goods arrived at the Houston warehouse and were unloaded, anyone interacting with those goods was no longer engaged in interstate commerce" under the FAA. *Id.*

The *Lopez* court's analysis led the Ninth Circuit to "recognize that the Fifth Circuit disagrees with *Rittmann*." *Carmona*, 73 F.4th at 1137 n.1 (citing *Lopez*, 47 F.4th at 432-34). Despite acknowledging the Fifth Circuit's contrary views, the Ninth Circuit found that *Saxon* was not "clearly irreconcilable" with *Rittmann* and that *Rittmann* therefore remained binding precedent. *Id.* at 1137.[2] Still, the Ninth Circuit stayed its mandate to facilitate Domino's Pizza's ability to petition for certiorari. Order Staying Mandate, *Carmona* (No. 21-55009) (9th Cir. Aug. 14, 2023), ECF No. 85. Later, the Ninth Circuit cited *Carmona* in rejecting Amazon's appeal in *Miller*, 2023 WL 5665771, at *1. But there again, the Ninth Circuit stayed its appellate mandate—even though the *Miller* plaintiffs opposed such a stay. Order Staying Mandate, *Miller* (No. 22-36048) (9th Cir. Sept. 23, 2023), ECF No. 42.

In so doing, both Ninth Circuit panels necessarily concluded that the two petitions for certiorari "would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). There certainly is a substantial question for the Supreme Court to decide because several circuits openly disagree with one another about the proper application of an important federal statute. As the Supreme Court's rules explain, one reason for granting certiorari is that "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." S. Ct. R. 10(a). On October 19, 2023, both Amazon and Domino's Pizza filed petitions for certiorari asking the Supreme Court to resolve this newly crystallized circuit split. *Amazon.com, Inc. v. Miller*, No. 23-424 (U.S.); *Domino's Pizza, LLC v. Carmona*, No. 23-427 (U.S.).

---

[2] The First Circuit has similarly continued to adhere to *Waithaka* since *Saxon*. *See, e.g.*, *Immediato v. Postmates, Inc.*, 54 F.4th 67, 74-80 (1st Cir. 2022); *Fraga v. Premium Retail Servs., Inc.*, 61 F.4th 228, 234-35, 237-41 (1st Cir. 2023).



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

Without acknowledging these points, Plaintiffs cite statistical averages about cert petitions to declare that the *Miller* and *Carmona* cert petitions are "doomed." Mot. at 2-3. But the Supreme Court granted certiorari and vacated the original panel decision in *Carmona*, showing that it is tracking these developments. *See Domino's Pizza, LLC v. Carmona*, 143 S. Ct. 361 (2022). And *Lopez*'s post-*Saxon* refusal to follow *Rittmann* and *Waithaka*, combined with the Ninth and First Circuits' post-*Saxon* reaffirmation of *Rittmann* and *Waithaka*, qualify as a material change since the last time Amazon (or any party) petitioned for certiorari on this question. That is surely why the Ninth Circuit itself agreed to stay the mandates in *Miller* and *Carmona*. If the cert petitions were "doomed," as Plaintiffs assert, the Ninth Circuit would not have stayed its mandate over the opposition of the *Miller* plaintiffs. Instead, the Ninth Circuit itself appears to recognize that the chance of certiorari in one or both cases is much higher than the average cert petition.

As the Court's current stay order recognizes, the appellate proceedings in *Miller* and *Carmona* will not fully conclude until the Ninth Circuit issues its mandates, and the Ninth Circuit has decided not to issue its mandates until the Supreme Court resolves the defendants' petitions for certiorari. There is no reason for this Court to view the cert petitions' prospects any differently than the Ninth Circuit.

**2. *Bissonnette* also supports a stay.**

In any event, even if the Court were to disregard *Miller* and *Carmona*, there still would be a compelling basis for a stay. The Supreme Court has already agreed to decide a distinct, but related issue in *Bissonnette*. In that case, the U.S. Court of Appeals for the Second Circuit determined that a group of local delivery drivers were not exempt under Section 1 of the FAA because they did not work in a transportation industry. *See Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 661 (2d Cir. 2022). As framed in the petition for a writ of certiorari, the question presented to the Supreme Court is: "To be exempt from the Federal Arbitration Act, must a class of workers that is actively engaged in interstate transportation also be employed by a company in the transportation industry?" Petition for a Writ of Certiorari at i, *Bissonnette* (No.



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

23-51), 2023 WL 4680058.

The Supreme Court's answer to that question could itself provide clarity on whether Plaintiffs are exempt from the FAA or, at the least, on what considerations are relevant to deciding that question. As noted, Plaintiffs' own counsel argued, in seeking certiorari in *Bissonnette*, that the case has implications for "Amazon drivers." *Id.* at 19 (citing, *inter alia*, *Rittmann*, 971 F.3d 904). Among the questions raised by the Second Circuit's approach, according to the cert petition, is, "How should courts handle companies like Amazon that transport both other people's goods and their own?" *Id.* at 24. On reply, the *Bissonnette* petitioners doubled down on this characterization, arguing that the circuit split at issue there "affects millions of transportation workers across the country and numerous large employers like Amazon." Reply in Support of Certiorari at 1, *Bissonnette* (No. 23-51), 2023 WL 5935631.

The First Circuit has gone even further. It refused to follow the Second Circuit's approach in *Bissonnette*—limiting the exemption to those who work for a transportation company—precisely because that approach was incompatible with the First Circuit's earlier ruling, in *Waithaka*, that Amazon Flex drivers were exempt. *Fraga v. Premium Retail Servs., Inc.*, 61 F.4th 228, 234 (1st Cir. 2023). According to the First Circuit, the Amazon Flex drivers at issue in *Waithaka* worked for "an online retailer (i.e., not a transportation company)," and yet were held to be exempt. *Id.* This discussion implicitly acknowledges that if the Supreme Court adopts the Second Circuit's transportation-company requirement, courts will have to revisit their earlier conclusions about Amazon Flex drivers.

In addition, the Supreme Court could address other questions in *Bissonnette* that would provide clarity here. For example, the Supreme Court could take *Bissonnette* as an opportunity to resolve the circuit split current presented by *Miller* and *Carmona*. As the plaintiffs in *Bissonnette* have conceded, whether Section 1 exempts classes of workers who deliver goods only locally, and do not transport goods across state or national borders, is a question that is also presented in the *Bissonnette* case. Reply in Support of Certiorari at 5, *Bissonnette* (No. 23-51), 2023 WL 5935631.



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

In short, the Supreme Court has already agreed to address a question that could bear directly on Amazon's renewed motion to compel arbitration in this case. As shown by this Court's order extending the stay pending resolution of *Saxon* and *Viking River*, Dkt. #193, the Supreme Court's decision to grant cert in a case that may provide directly applicable guidance supports a stay of these proceedings.[3] Judicial efficiency strongly favors briefing and deciding that motion under the correct formulation of the applicable legal standards. The Supreme Court is sure to resolve one directly relevant circuit split already and may soon decide to resolve another. The existing stay appropriately preserves the parties' and Court's resources.

**B. Maintaining the current stay will not impose hardship or inequity.**

Plaintiffs argue that they are harmed by continuing a "lengthy stay" while the certiorari process plays out. Mot. at 2. But the Court already factored into its analysis the effect that the stay has on the resolution of Plaintiffs' claims and properly concluded that the stay imposes only "a short delay." Dkt. #289 at 2.

In fact, Amazon filed its cert petition in *Miller* early to avoid any unnecessary delay. While Amazon had 90 days—to November 30, 2023—to file a petition from the Ninth Circuit's September 1, 2023 ruling, Amazon filed six weeks earlier—on October 19, 2023. Although the *Miller* plaintiffs are seeking a 30-day extension—to December 22, 2023—for their brief in opposition, even with that extension the Supreme Court will be able to consider the petition at its February 16, 2024 conference. Moreover, Amazon has filed an opposition arguing that the extension should be limited to December 12, 2023 to enable even earlier consideration by the

---

[3] Courts in the Ninth Circuit often stay proceedings when the Supreme Court has granted certiorari on a relevant issue. *See, e.g.*, *Babare*, 2020 WL 8617424, at *3; *Skulevold v. SD&A Teleservices, Inc.*, No. 20-cv-2771, 2020 WL 7711834, at *7 (C.D. Cal. Nov. 18, 2020); *Frantz v. Force Factor, LLC*, No. 20-cv-1012, 2020 WL 8666386, at *5 (S.D. Cal. Nov. 16, 2020); *McNamara for AMG Cap. Mgmt. LLC v. Stealth Power, LLC*, No. 18-cv-1813, 2020 WL 8771382, at *1 (D. Nev. Sept. 3, 2020); *Hoffman v. Jelly Belly Candy Co., Inc.*, No. 19-cv-1935, 2020 WL 5239884, at *2 (E.D. Cal. June 26, 2020); *Knapp v. Reid*, No. 15-cv-1769, 2016 WL 561734, at *2 (W.D. Wash. Feb. 12, 2016); *Lennartson v. Papa Murphy's Holdings, Inc.*, No. 15-cv-5307, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015).



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

Court. In *Carmona*, the Supreme Court recently requested that the plaintiffs file a response to the cert petition. That response is due December 7, 2023. In both *Miller* and *Carmona*, the Supreme Court is scheduled to decide whether to grant certiorari within roughly three months from the filing of this opposition. And the Supreme Court is set to decide *Bissonnette* during its current term, before July. Particularly when this case "was filed many years ago," Dkt. #289, at 2, this modest further delay will not materially prejudice Plaintiffs.

Just the opposite: it is far more disruptive to the litigation if the Court decides a renewed motion to compel arbitration under a legal standard that may soon be rendered obsolete. Amazon wishes to avoid that outcome and has done nothing to prolong these arbitrability proceedings unnecessarily. The delay does not arise from any improper efforts on Amazon's part, but from a series of Supreme Court cases that have had to resolve the novel and thorny issues presented in this case—including *Epic Systems*, *New Prime*, *Saxon*, and *Viking River*. With *Bissonnette* and perhaps *Miller/Carmona* now on the horizon, the Court should keep the existing stay in place.[4]

## IV. CONCLUSION

For all these reasons, the Court should deny Plaintiffs' motion to lift the stay.

Dated: This 13th day of November, 2023.

*I certify that this motion contains 4,197 words, in compliance with the Local Civil Rules.*

By: s/ *Andrew DeCarlow*
Andrew DeCarlow, WSBA 54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
Email: andrew.decarlow@morganlewis.com

[4] Plaintiffs cite *Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 725 (9th Cir. 2007), but it is not remotely on point. The court there imposed an indefinite stay, projected to last up to five or six years, without any reasoned explanation.

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
Email: richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian D. Berry (*pro hac vice*)
Andrea L. Fellion (*pro hac vice*)
Sarah Zenewicz (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
Email: brian.berry@morganlewis.com
andrea.fellion@morganlewis.com
sarah.zenewicz@morganlewis.com

John S. Battenfeld (*pro hac vice*)
Max C. Fischer (*pro hac vice*)
Brian D. Fahy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
Email: jbattenfeld@morganlewis.com
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

*Attorneys for Defendants*