**Hon. John C. Coughenour**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

BERNADEAN RITTMANN, et al, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,

Defendants.

Consolidated Action

Case No. 2:16-cv-01554-JCC

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO LIFT THE STAY**

NOTE ON MOTION CALENDAR:

NOV. 17, 2023

Defendants' opposition to Plaintiffs' motion to lift the stay relies on flawed reasoning, faulty analogies, and wishful thinking about the likelihood of the Supreme Court granting certiorari in either Carmona v. Domino's Pizza, LLC, 73 F.4th 1135 (9th Cir. 2023), or Miller v. Amazon.com, Inc., No. 21-36048, 2023 WL 5665771, (9th Cir. Sept. 1, 2023). Most troublingly, it ignores the damage which would result from continuing to stay this case, which was filed nearly *eight years* ago: prejudice to the class. Plaintiffs address each of Defendant's arguments below.

First, the Ninth Circuit's decision to withhold issuance of the mandates in Carmona and Miller at the requests, respectively, of Domino's Pizza, LLC and Amazon.com, Inc., has no bearing on the merits of those appeals or the likelihood of the Supreme Court granting certiorari. See Carmona, No. 21-55009, Dkt. No. 84; Miller, No. 21-36048, Dkt. No. 41. For one, Domino's motion to stay the mandate was unopposed. Carmona, No. 21-55009, Dkt. No. 85. Accordingly, the Ninth Circuit did not include any reasoning or analysis in its three-sentence order granting Domino's motion, nor did it consider the impact staying the mandate might have on other cases, including this one. Id. Likewise, while Amazon's subsequent motion to stay the mandate noted that the Miller Plaintiffs opposed the motion, the Ninth Circuit did not consider any briefing or arguments from the Miller Plaintiffs and issued its three-sentence order without the benefit of any opposing argument against a stay. Miller, No. 21-36048, Dkt. Nos. 41, 42. Put simply, Amazon's claim that "both Ninth Circuit panels found good cause to stay issuance of their mandates" is, at best, an exaggeration of the Court's findings. Opp'n at 1, ECF No. 291.

Second, and as this Court has recognized, the odds of a petition for certiorari being granted in either case is exceedingly low. Waithaka v. Amazon.com, Inc., 2020 WL 7028945, at *3 (W.D. Wash. Nov. 30, 2020) (citing law journal observing that Supreme Court granted, on average, 1.19% of the petitions for certiorari that it reviewed). Indeed, most intercircuit splits are never resolved by the Supreme Court. See Deborah Beim & Kelley Rader, *Legal Uniformity in American Courts*, J. of Empirical Legal Studies (2019) (analyzing dataset of

intercircuit splits between 2005 and 2013). This likely explains why the Supreme Court concluded automatic stays are appropriate during an interlocutory appeal of an order denying a motion to compel arbitration, *not* while a party was challenging an affirmance of an appellate court by petitioning for certiorari. See generally Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023). For this same reason, the Fifth Circuit's decision in Lopez v. Cintas Corp., 47 F.4th 428, 432–34 (5th Cir. 2022) is irrelevant, and this Court is bound to follow Ninth Circuit precedent.

Third, contrary to Amazon's assertions, the outcome of Bissonnette v. LePage Bakeries Park St., No. 23-51, 2023 WL 6319660, at *1 (U.S. Sept. 29, 2023), will have no bearing on this case. As Defendants note, Bissonnette is a case Plaintiffs' counsel know very well (and certainly better than Defendants), as Plaintiffs' counsel's firm is on the cusp of bringing it before the Supreme Court. Accordingly, Plaintiffs can state with confidence that Bissonnette is easily distinguished on the facts.[1] In Bissonnette, the Second Circuit found that delivery drivers who worked for a bakery company could not be exempt from the FAA under Section 1 because they "work in the bakery industry" and were "not transportation workers." Bissonnette v. LePage Bakeries Park St., LLC, 49 F.4th 655, 661 (2d Cir. 2022), cert. granted sub nom. Bissonnette v. LePage Bakeries Park St., No. 23-51, 2023 WL 6319660 (U.S. Sept. 29, 2023) ("Although the plaintiffs spend appreciable parts of their working days moving goods from place to place by truck, the decisive fact is that the stores and restaurants are not buying the movement of the baked goods, so long as they arrive."). Here, by contrast, Amazon drivers work **for** a logistics company whose very course of business is transportation and delivery of packages. Amazon Logistics, one of the two defendants in this case, is indisputably a *transportation company*: its entire business is to warehouse and ship goods. Waithaka v. Amazon.com, Inc., 966 F.3d 10, 14 (1st Cir. 2020) ("To 'ensure that millions of packages reach

---

[1] Indeed, the fact that the Supreme Court just granted *certiorari* in Bissonnette makes it even *less* likely that it would soon grant *certiorari* in yet another case involving the Section 1 transportation workers exemption of the FAA.

their final destination as efficiently as possible,' Amazon Logistics provides package delivery services 'through the last mile of the order.' Amazon attributes its success as 'one of the world's largest online retailers,' in part, to its 'accurate and timely package delivery.'); Rittmann v. Amazon.com, Inc., 971 F.3d 904, 907 (9th Cir. 2020) ("Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., an online retailer that sells its own products and provides fulfillment services for third-party sellers who also sell their products on Amazon.com."). In sum, Bissonnette will not impact whether workers **employed by transportation companies like Defendant Amazon Logistics** are covered by the Federal Arbitration Act's Section 1 exemption. 9 U.S.C. § 1.[2]

Finally, it is telling that Defendants wholly ignore the damaging impact an extended stay would have on Plaintiffs, who have been denied their day in court for nearly eight years. Defendants have sought stay after stay, but the Ninth Circuit has made its position crystal clear: Rittmann is the law of the case and the law of the Circuit, and it is binding on this Court. If every defendant was able to further delay resolution of a case by petitioning for certiorari, plaintiffs nationwide would be disadvantaged and prejudiced by the passage of time, and this is exactly what has happened here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). Plaintiffs have no doubt that Defendants will continue to try and delay, stay, or otherwise scuttle proceedings in this case, and it is incumbent upon this Court to call out Defendants' strategy for what it is: a meritless stall tactic.

The law is clear, justice is long overdue, and the Court should lift the stay in this case without further delay.

---

[2] Amazon is taking any references to Amazon drivers in the Bissonnette *certiorari* petition by Plaintiffs' counsel's partner out of context. These references are not intended to bind the plaintiffs in this case. As noted above, there is no question that Amazon is a logistics/delivery business, in addition to a retailer.

Dated: November 17, 2023

Respectfully submitted,

BERNADEAN RITTMANN et al, individually and on behalf of all others similarly situated,

By their attorneys,

___*/s/ Shannon Liss-Riordan*____
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
sliss@llrlaw.com; hlichten@llrlaw.com;
apagano@llrlaw.com

Michael C. Subit, WSBA #29189
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104-1798
Tel: (206) 682-6711
msubit@frankfreed.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Todd L. Nunn
K&L Gates
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Email: Todd.Nunn@klgates.com

Richard G. Rosenblatt
James Walsh Jr.
Morgan Lewis Bockius
502 Carnegie Center
Princeton, NJ 08540
rrosenblatt@morganlewis.com
james.walsh@morganlewis.com

John S. Battenfeld
MORGAN LEWIS & BOCKIUS LLP
300 South Grand Avenue 22nd Floor
Los Angeles, CA 90071
Email: john.battenfeld@morganlewis.com

Brian D. Berry
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower 28th Floor
San Francisco, CA 94105
Email: brian.berry@morganlewis.com

and I hereby certify that there are no parties receiving this notice via US Mail.
DATED this November 17, 2023.

*_/s/ Shannon Liss-Riordan________*
Shannon Liss-Riordan, Esq.