THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., *et al.*, <br><br> Defendant. | CASE NO. C16-1554-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motion to lift the stay (Dkt. No. 290). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.     BACKGROUND

This action alleges Defendants misclassified AmazonFlex delivery drivers as independent contractors and, as a result, Defendants owe those drivers unpaid wages. (*See* Dkt. No. 262.) Defendants sought to dismiss the complaints and compel arbitration against the delivery drivers pursuant to AmazonFlex's terms of service. (*See, e.g.*, Dkt. No. 36 at 3.) Since the motions' initial filing in 2016, the Court has issued numerous stays related to this issue. (*See, e.g.*, Dkt. No. 76, 77.) Most recently, the Court stayed proceedings because the Ninth Circuit was considering the issue of whether intrastate truck drivers are exempt from the Federal Arbitration Act because they transport interstate goods on the final leg of their journey in *Carmona v.*

*Domino's Pizza, LLC*, 73 F.4th 1135 (9th Cir. 2023), and *Miller v. Amazon.com, Inc.*, 2023 WL 5665771 (9th Cir. 2023). (Dkt. No. 289 at 2.)

Now that both cases have resolved in favor of the delivery drivers, Plaintiffs seek to lift the stay in this action. (Dkt. No. 290 at 2.) Defendants counter that lifting the stay is premature because respondents in *Carmona* and *Miller* are seeking review by the United States Supreme Court. (Dkt. No. 291 at 8.)

## II.   DISCUSSION

A district court has broad discretion to stay proceedings, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether to grant a stay pending the results of an independent proceeding, courts consider three factors: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, although the potential damage of a few months stay is minimal, the Court acknowledges that the cumulative impact from nearly eight years of stays is very high. Militating against lifting the stay, however, is "the risk of arbitration becoming moot and the possibility of having to litigate a class action." *Waithaka v. Amazon.com, Inc.*, 2020 WL 7028945, slip op. at 6 (W.D. Wash. 2020) (quoting *Wilson v. Huuuge, Inc.*, 2019 WL 998319, slip op. at 4 (W.D. Wash. 2019)).

Hence, resolution of this motion largely depends on the third factor. A potential Supreme Court review of either *Carmona* or *Miller* would directly govern this action and would likely require another stay. Thus, extending the stay is justified if the Supreme Court is likely to grant the petition. "It is well-established that the Supreme Court rarely grants certiorari." *Waithaka*,

2020 WL 7028945, slip op. at 3 (noting a petition is granted in only 1.19% of cases). However, the Supreme Court requested a response from the respondent in *Carmona*. (Dkt. No. 291 at 12.) A call for response significantly increases the chances the Supreme Court grants review. *See* David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 250 (2009). Further, the Fifth and Ninth Circuit are split on this issue. *Compare Carmona*, 73 F.4th 1135, 1136, *with Lopez v. Cintas Corp.*, 47 F.4th 428, 430 (5th Cir. 2022). And circuit splits "tend to increase the prospect for review." *See NGV Gaming, Ltd. v. Harrah's Operating Co.*, 2008 WL 4951587, slip op. at 1 (N.D. Cal. 2008); *see also* Sup. Ct. R. 10(a). Ultimately, the additional delay is justified.[1]

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to lift the stay (Dkt. No. 290) is DENIED and this case is STAYED pending the United State Supreme Court's disposition of the petitions for certiorari in *Carmona v. Domino's Pizza LLC*, No. 23-427 (U.S.), and *Miller v. Amazon.com, Inc.*, No. 23-424 (U.S.). The parties are ORDERED to file a joint status report within ten (10) days of the date on which the United States Supreme Court issues its disposition of *Carmona* and of *Miller*.

DATED this 11th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Defendants also argue that maintaining the stay is justified because the United States Supreme Court granted review of *Bissonnette v. LePage Bakeries Park St.,* 2023 WL 6319660 (U.S. 2023), another case regarding the Federal Arbitration Act and delivery drivers. (*Id.* at 9.) Because the Court is staying the instant action on other grounds, the Court defers its ruling on this issue.