THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554 JCC<br><br>**JOINT STATUS REPORT** |

By Order dated December 11, 2023, the Court directed the Parties to file a joint status report "within ten (10) days of the date on which the United States Supreme Court issues its disposition of *Carmona* and of *Miller*." ECF No. 293 at p. 3.  On April 22, 2024, the Supreme Court denied the petition for certiorari in both matters.

In response to the Court's Order, the Parties submit their respective positions below:

**Plaintiffs' Position**:

The stay should now be lifted, and the Court should proceed to address Plaintiffs' Motion for Conditional Certification of their FLSA claims, which they originally filed at the outset of

JOINT STATUS REPORT – PAGE 1
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

this case in 2016 (ECF No. 20). Plaintiffs intend to re-file and re-note their Motion, updating the contents to reflect the timeframe that has passed since it was originally filed in 2016 and new case law.

Contrary to Amazon's contentions below, courts in the Ninth Circuit that have addressed the potential existence of valid arbitration agreements have overwhelmingly followed Plaintiffs' position and have granted conditional certification and authorized the issuance of notice to potential opt-ins in FLSA collective actions prior to taking up any issues regarding the enforcement of arbitration agreements. *See, e.g., Costa v. Apple, Inc.*, 2023 WL 8101980, at *5 (N.D. Cal. Nov. 21, 2023) ("[C]ourts in this circuit have consistently determined that the mere possibility of mandatory arbitration should not prevent the conditional certification of a collective action.."); *Dominguez v. Better Mortg. Corp.,* 2022 WL 17216831, at *5 (C.D. Cal. Oct. 24, 2022) ("It is possible, though not established, that certain members of Dominguez's proposed class have executed valid arbitration agreements that would prevent them from joining this action. That possibility does not preclude conditional certification of a class that includes those members."); *Agerkop, v. Sisyphian LLC et al.*, 2021 WL 4348733 (C.D. Cal. Aug. 4, 2021); Shafer v. Red Tie, *LLC*, 2021 WL 1139739, at *3 (C.D. Cal. Mar. 25, 2021) ("Notice shall not be withheld from dancers who signed arbitration agreements."); *Delara v. Diamond Resorts Int'l Mktg., Inc.*, 2020 WL 2085957, at *6 (D. Nev. Apr. 30, 2020) (quoting *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, 2019 WL 3430770, at *5 (D. Nev. July 29, 2019)) (cleaned up) ("Withholding notice because of the existence of an arbitration agreement presupposes the enforceability of the agreement, and the existence of an arbitration agreement goes to an aspect of Diamond's defense, so the enforceability of such an agreement is better reserved for stage two of the certification process."); *Herrera v. EOS IT Mgmt. Sols., Inc.*, No. 20-CV-01093-LHK, 2020 WL 7342709, at *10 (N.D. Cal. Dec. 14, 2020) ("[T]he Ninth Circuit has not yet followed the Fifth Circuit's decision in *In re JPMorgan Chase & Co.*, and district courts in this circuit

JOINT STATUS REPORT – PAGE 2
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

have continued to send notice of a pending collective action to potential members who may ultimately be able to join the action because of a valid arbitration agreement,").

Furthermore, the fact that Amazon has *already filed* a Motion to Compel arbitration in this case, which was *denied* (and that denial was affirmed by the Ninth Circuit – with the Supreme Court denying *certiorari*), makes it all the more appropriate that the Court proceed at last to decide Plaintiffs' Motion for Conditional Certification immediately, without further delay. *See Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020).

While Plaintiffs understand that Amazon may attempt to argue that subsequent developments warrant a renewed motion to compel arbitration, such a motion would be frivolous, based both on the law of the case doctrine, and on the merits – and clearly yet another stalling tactic to delay this case further. As such, the first order of business upon lifting the stay should be for the Court to address Plaintiffs' forthcoming Renewed Motion for Conditional Certification.

A number of other motions were pending at the time the Court stayed this case pending the disposition of the petitions for certiorari in *Carmona v. Domino's Pizza LLC*, No. 23-427 (U.S.), and *Miller v. Amazon.com, Inc.*, No. 23-424 (U.S.). The Court struck all pending motions.[1] Should Defendants intend to re-file those motions, Plaintiffs propose the following to occur <u>after the Court addresses Plaintiffs' seven-year old motion for conditional certification and issuance of notice</u>:

- Any Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint (ECF No. 273) must be filed no later than thirty (30) days after the Court enters a new scheduling order. Plaintiffs will respond in the ordinary course pursuant to LRC 7(d)(4).

---

[1]  These motions included Defendants' Renewed Motion to Compel Arbitration (ECF No. 247), Defendants' Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint (ECF No. 273), and Defendants' Motion to Compel Discovery from Opt-in plaintiffs (ECF No. 280).

JOINT STATUS REPORT – PAGE 3
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

- Should Plaintiffs be required or permitted to replead any claims following a ruling on the Motion to Dismiss, Plaintiffs will file a Second Amended Consolidated Complaint within two (2) weeks of the Court's ruling on the Motion to Dismiss.

- Plaintiffs will file their Motion for Class Certification within two (2) weeks of filing any amended pleading (or within four (4) weeks of a ruling on Defendants' pending Motion to Dismiss). Defendants will respond in the ordinary course pursuant to LRC 7(d)(4).

- If Defendants intend to re-file their Renewed Motion to Compel Arbitration (ECF No. 247), it will be re-noted to the same date as Plaintiffs' Motion for Class Certification and would follow the same briefing schedule as Plaintiffs' Motion for Class Certification.

Plaintiffs vigorously object to any suggestion that the case remain partially stayed until Amazon's motions to dismiss or compel arbitration are resolved. First of all, the Court already took up this issue, and it ruled that it would consider Defendants' Motion to Compel arbitration concurrent with Plaintiffs' Motion for Class Certification. *See* ECF No. 237 at 2 ("Therefore, the motion for class certification and motion to compel arbitration shall be considered in conjunction."). The Parties have already exhaustively briefed this question for the Court, and there is no reason to do so again here or for the Court to depart from its prior well-reasoned decisions on this issue. As set forth above, courts routinely take up the enforceability of those agreements ***after*** class and conditional certification, a course of action which is particularly appropriate here where the Court has <u>already ruled</u> that at least some versions of Amazon's arbitration agreement are <u>not</u> enforceable, and the Ninth Circuit has affirmed that holding. *See In re Evanston Nw. Corp. Antitrust Litig.*, 2013 WL 6490152, *5 (N.D. Ill. Dec. 10, 2013); *Davis v. Four Seasons Hotel Ltd.*, 2011 WL 4590393, *4 (D. Haw. Sept. 30, 2011) ("The possibility that Four Seasons may be able to compel unnamed members of the putative class to arbitrate in the future does not preclude class certification").[2] Defendants may also brief the enforceability

---

[2] *See also Coleman v. Gen. Motors Acceptance Corp.,* 220 F.R.D. 64, 91 (M.D. Tenn. 2004) ("The possibility that some class members might have signed arbitration agreements does not defeat class certification, although the court reserves the right to create a subclass, modify the class definition, or otherwise specially treat the class members subject to arbitration at a later juncture"); *Collins v. Int'l Dairy Queen, Inc.,* 168 F.R.D. 668, 678 (M.D. Ga. 1996) (certifying

JOINT STATUS REPORT – PAGE 4
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

of their arbitration agreements as part of their Opposition to Class Certification and argue that the class should be narrowed accordingly. In sum, there is no reason for any continued partial stay in this case, and Plaintiffs urge the Court to lift the stay, allow the parties to recommence discovery and Plaintiffs to immediately re-file their Renewed Motion for Conditional Certification pursuant to Section 216(b), and set a briefing on all other motions in accordance with Plaintiffs' recommendations herein.

**Defendants' (together, "Amazon") Position**:

No motions are currently pending; on February 27, 2023, the Court ordered all pending motions stricken and all case deadlines vacated. ECF No. 282.

The schedule should be set so that Amazon's Renewed Motion to Compel Arbitration is decided first. This would be the most efficient course because, among other things, a ruling on the Motion to Compel Arbitration will materially impact the scope of the claims at issue and the putative classes, which will in turn impact, for each putative class, manageability, numerosity, and the adequacy of the class representatives, which will in turn impact whether the proposed classes are certifiable, and if any class is certified, who receives a notice. Indeed, a ruling on a Motion to Compel Arbitration must precede class and conditional certification because notice should not be sent to putative class members who agreed to arbitrate. *See e.g.*, *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018) ("[A]rbitrability is a 'threshold question' to be determined 'at the outset,' a holding consistent with the 'national policy favoring arbitration.'"); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (explaining that once motion to compel arbitration has been filed, a court must "refrain from further action" until it determines arbitrability); *Holder v. Bacus Foods Corp.*, No. CV-23-00763-PHX-JJT, 2023 WL 5671406, at *3-4 (D. Ariz. Sept. 1, 2023) (deciding that arbitration

---

"an additional subclass" of those whose "agreements contain arbitration clauses" and noting that the clause "may result in redefinition of the classes of plaintiffs to exclude some or all of the members of this subclass" at a later stage).

JOINT STATUS REPORT – PAGE 5
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

and dispositive motions should be decided before motions for conditional certification); *Bogle v. Wonolo Inc.*, No. 2:21-CV-08878-MCS-KS, 2022 WL 1124973, at *4 (C.D. Cal. Apr. 8, 2022) ("Whether named and opt-in plaintiffs must arbitrate their claims 'should be decided well before the nationwide notification issue is reached.'") (quoting *Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 377 (5th Cir. 2016)); *Hughes v. S.A.W. Ent., LTD*, No. 16-CV-03371-LB, 2017 WL 6450485, at *9 (N.D. Cal. Dec. 18, 2017) ("[T]he issue of whether the named plaintiffs can litigate their claims in a court or must arbitrate their claims is a threshold issue. If the arbitration provisions the named plaintiffs signed with the defendants are enforceable, the plaintiffs cannot pursue these cases in court on behalf of either themselves or other[s] . . . ."); *Castle v. Wells Fargo Fin., Inc.*, 2007 WL 703609, * (N.D. Cal. Mar. 5, 2007) ("[T]he better course is to first determine the enforceability of the arbitration agreements before addressing the scope and management of the remainder of this litigation.").

Amazon has good grounds to renew the Motion to Compel Arbitration. Courts, including the Supreme Court and Ninth Circuit, have issued numerous decisions on the Federal Arbitration Act ("FAA") exemption for certain transportation workers. And the facts relevant to the exemption's potential applicability have evolved as well. Indeed, Amazon's prior Renewed Motion to Compel Arbitration (ECF No. 247) explained that many of the Named Plaintiffs and FLSA opt-in plaintiffs do not qualify as exempt even under the interpretation that this Court adopted in 2019 and that the Ninth Circuit affirmed. Not only that, but many Named Plaintiffs, FLSA opt-ins and potential opt-ins, and absent putative class members have accepted different versions of the TOS than the one this Court and the Ninth Circuit construed, which are explicitly enforceable under Delaware state law even if the FAA exemption applies.

While there are three named Plaintiffs who will not be covered by the Renewed Motion to Compel Arbitration, those three Plaintiffs, Rittmann, Carroll, and Wehmeyer, do not purport to bring every claim alleged on behalf of every putative class alleged in the First Amended Consolidated Complaint ("FACC"). Plaintiffs Rittmann and Carroll are putative class

JOINT STATUS REPORT – PAGE 6
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

representatives for the Washington class, Carroll is a putative class representative for the California class, and Wehmeyer is not a putative class representative, she only alleges a minimum wage claim under the Fair Labor Standards Act as part of the putative collective action. If the Motion to Compel Arbitration is granted, then there would not be any putative class representatives remaining in this action for the putative nationwide common law, Illinois, New Jersey, or New York classes. As a result, if the Court were to compel arbitration, only a relatively small number of persons who opted out of arbitration would be potential class members. This likely will raise significant questions regarding numerosity of the Washington and California classes. By contrast, if the Court denies arbitration, significant questions regarding class manageability will need to be addressed in class certification briefing.

For these same reasons—that resolution of the Motion to Compel Arbitration would limit the Plaintiffs and claims at issue—resolving the Motion to Compel Arbitration first would greatly limit the scope of a Rule 12 motion in response to the FACC because most claims and most of the plaintiffs would no longer be at issue. Even if the Motion to Compel Arbitration were not resolved in Amazon's favor, Amazon would re-file its Motion to Dismiss and/or Strike the FACC ("Motion to Dismiss the FACC"), which should be resolved, and any further pleadings challenges resolved and an answer filed before Plaintiffs proceed with a Motion for Class Certification or a Motion for Collective Action Certification, because the scope of the pleadings will dictate the scope of class and conditional certification. For example, if the Court agrees with Amazon that Plaintiffs cannot allege nationwide common law unjust enrichment claims under the law of every state, then that need not be briefed at class certification. The same goes for the various state law claims that are the subject of Amazon's previously filed Motion to Dismiss the FACC. If class and conditional certification precedes resolution of the pleadings challenges, then it is likely that the Parties will be back in the same position that they are in now, uncertain of what claims are ultimately at issue and must be addressed in class and conditional certification briefing.

JOINT STATUS REPORT – PAGE 7
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

At the time of the February 27, 2023 order, discovery was in its early stages. The Parties exchanged initial disclosures and some written discovery responses. They had started to meet and confer on the scheduling Plaintiffs' depositions and a 30(b)(6) deposition of Amazon, but no depositions have occurred yet. Once the stay is lifted, Amazon will meet and confer with Plaintiffs regarding the sufficiency of their written discovery responses, and it will renew its request to schedule Plaintiffs' depositions. Amazon also intends to renew its Motion to Compel Opt-In Discovery from the six opt-in Plaintiffs who opted out of the arbitration agreement.

Amazon therefore proposes the following schedule through class certification:

1. Renewed Motion to Compel Arbitration:
   a. Amazon will file a Motion to Compel Arbitration no later than June 3, 2024.
   b. Plaintiffs' Opposition will be due July 8, 2024.
   c. The noting date and the deadline for Amazon to file the reply will be July 19, 2024.
2. Motion to Dismiss the FACC:
   a. Amazon will file the Motion to Dismiss the FACC 14 days after an order on the Motion to Compel Arbitration.
   b. Plaintiffs' opposition will be due 35 days after the filing of the Motion.
   c. The noting date and the deadline for Amazon to reply will be 15 days after the filing of the Opposition.
3. Motion to Compel Opt-In Discovery:
   a. Amazon will file the Motion to Compel Opt-In Discovery 14 days after an order on the Motion to Compel Arbitration, and the briefing schedule will be under Local Rule 7(d)(3).
4. Motion for Class and Conditional Certification:
   a. Motion for Class and Conditional Certification set 90 days after Amazon

JOINT STATUS REPORT – PAGE 8
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

files its answer.

      b.      Amazon will file an Opposition 35 days after the Motion for Class and Conditional Certification deadline.

      c.      The noting date and deadline for Plaintiffs to reply will be 15 days after Amazon files the Opposition.

Dated: May 2, 2024

| FRANK FREED SUBIT & THOMAS LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By: *s/ Michael C. Subit*<br>Michael C. Subit, WSBA No. 29189<br>705 Second Avenue, Suite 1200<br>Seattle, Washington 98104-1729<br>Telephone: (206) 682-6711<br>Fax: (206) 682-0401<br>Email: msubit@frankfreed.com<br><br>Shannon Liss-Riordan (*Pro Hac Vice*)<br>Harold L. Lichten (*Pro Hac Vice*)<br>Adelaide Pagano (*Pro Hac Vice*)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone : (617) 994-5800<br>Fax: (617) 994-5801<br>Email: sliss@llrlaw.com<br>Email: hlichten@llrlaw.com<br>Email: apagano@llrlaw.com<br><br>*Attorneys for Rittmann Plaintiffs*<br><br>**SCHROETER GOLDMARK & BENDER**<br><br>By: *s/ Elizabeth Hanley*<br>Elizabeth Ann Hanley<br>401 Union Street, Suite 3400<br>Seattle, WA 98101<br>Telephone: 206-622-8000<br>Email: hanley@sgb-law.com | By: *s/ Andrew DeCarlow*<br>Andrew DeCarlow, WSBA 54471<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 274-6400<br>Facsimile: (206) 274-6401<br>Email: andrew.decarlow@morganlewis.com<br><br>Richard G. Rosenblatt (*pro hac vice*)<br>James P. Walsh, Jr. (*pro hac vice*)<br>502 Carnegie Center<br>Princeton, NJ 08540-6241<br>Telephone: (609) 916-6600<br>Facsimile: (609) 916-6601<br>Email: richard.rosenblatt@morganlewis.com<br>        james.walsh@morganlewis.com<br><br>Brian D. Berry (*pro hac vice*)<br>Andrea L. Fellion (*pro hac vice*)<br>Sarah Zenewicz (*pro hac vice*)<br>One Market Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Fax: (415) 442-1001<br>Email: brian.berry@morganlewis.com<br>        andrea.fellion@morganlewis.com<br>        sarah.zenewicz@morganlewis.com<br><br>John S. Battenfeld (*pro hac vice*)<br>Max C. Fischer (*pro hac vice*)<br>Brian D. Fahy (*pro hac vice*)<br>300 S. Grand Ave., Suite 2200 |

JOINT STATUS REPORT – PAGE 9
Case No. C16-1554 JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

| | |
|---|---|
| Shounak S. Dharap (*Pro Hac Vice*)<br>THE ARNS LAW FIRM<br>515 Folsom St. 3rd Floor<br>San Francisco, CA 94105<br>Telephone: (415) 495-7800<br>Email:  ssd@arnslaw.com<br><br>*Attorneys for Keller Plaintiffs* | Los Angeles, CA 90071<br>Telephone: (213) 612-2500<br>Fax: (213) 612-2501<br>Email: jbattenfeld@morganlewis.com<br>          max.fischer@morganlewis.com<br>          brian.fahy@morganlewis.com<br><br>*Attorneys for Defendants* |

JOINT STATUS REPORT – PAGE 10
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401