THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554 JCC<br><br>**SUPPLEMENTAL JOINT STATUS REPORT** |

By Order dated May 3, 2024, the Court directed the Parties to file a joint proposal regarding scheduling. ECF No. 296.

The Parties met and conferred and agree on the following:

1. **Deadline to file Motion to Dismiss First Amended Consolidated Complaint**: 30 days after entry of an amended case management order. Briefing schedule pursuant to LR 7(d)(4): Opposition due no later than 15 days after the filing date of the motion. Reply filed no later than 21 days after the filing date of the motion.

2. **Deadline to file Second Amended Consolidated Complaint**: 14 days after the Court rules on the Motion to Dismiss, if amendment is permitted.

SUPPLEMENTAL JOINT STATUS REPORT – PAGE 1
Case No. C16-1554 JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

3. **Deadline to file Defendants' Motion to Compel Opt-In Discovery**: 30 days after entry of an amended case management order. Briefing schedule pursuant to LR 7(d)(3): Opposition due no later than 21 days after the filing date of the motion. Reply filed no later than 28 days after the filing date of the motion.

The Parties have not reached agreement on the appropriate schedule for briefing Plaintiffs' Motion for Class Certification, Plaintiffs' Motion for Conditional Certification of their FLSA claims, and Defendant's Renewed Motion to Compel Arbitration. The Parties respective proposals are set forth below:

**Plaintiffs' Position**:

Plaintiffs believe the Parties should have 90 days from the lifting of the stay (as opposed to the filing of an answer or ruling on Defendant's Motion to Dismiss) in which to complete discovery directed to the Motion for Class Certification and Motion to Compel Arbitration and to file said motions.[1] Plaintiffs do not believe any separate schedule is necessary for expert discovery and any such discovery can take place during this timeframe.

Plaintiffs believe they should be permitted to re-file the Motion for Conditional Certification of their FLSA claims at any time once the stay is lifted. Such motions are routinely filed and decided prior to *any* discovery. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) (describing the 9th Circuit's two-stage approach to certification under § 216(b), which includes an earlier, "lenient" stage," typically focused on a review of the pleadings but [] sometimes [] supplemented by declarations or limited other evidence", which usually results in "the dissemination of a court-approved notice to the putative collective action members," and a later stage "*at or after the close of relevant discovery*" where defendants have the opportunity to move for decertification in light of that discovery) (emphasis added); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007) ("In the second step, the party opposing the certification may move

---

[1] Whenever these motions are filed, the Parties are in agreement that the Opposition to each motion due 30 days after the filing date of the motion. The noting date and reply deadlines will be 15 days after the filing date of the oppositions.

SUPPLEMENTAL JOINT STATUS REPORT – PAGE 2
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  to decertify the class *once discovery is complete* ….") (emphasis added).  The filing of the
2  Conditional Certification need not await any discovery.
3  **Defendants' Position**:
4  The Court directed the Parties to submit "a proposed revised case management schedule,
5  through class certification (*including required discovery*)" regarding, among other things,
6  "anticipated concurrent renewed motions for class certification and to compel arbitration …." *Id.*
7  (emphasis added). The Parties have engaged in limited written discovery and have not taken a
8  deposition. The pleadings remain open. Plaintiffs' motions for class and conditional certification
9  implicate similar evidence and issues. It is undeniably more efficient given the procedural history
10 and posture of this case for concurrent briefing and ruling on class and conditional certification
11 motions and with the benefit of further discovery.[2]

12 Accordingly, Defendants propose that the Parties brief, and the Court consider, the motion
13 for conditional certification concurrently with the renewed motions for class certification and to
14 compel arbitration. Defendants are prepared to meet and confer promptly with Plaintiffs regarding
15 written discovery directed to class and conditional certification issues and scheduling depositions of
16 Plaintiffs and/or the opt-in Plaintiffs who opted out of arbitration. Defendants anticipate Plaintiffs
17 also may seek discovery. Defendants therefore propose the following schedule, in addition to the
18 deadlines on which the Parties agree:

> 4. **Deadline for discovery related to Motion for Class and Conditional Certification and Motion to Compel Arbitration:** 90 days after the Court rules on the Motion to Dismiss to complete fact discovery and expert depositions, if any, and any expert report served within 60 days after the Court rules on the Motion to Dismiss.
>
> 5. **Deadline to concurrently file Motion for Class and Conditional Certification and Motion to Compel Arbitration:** 90 days after Defendants file an answer. Opposition to each motion due 30 days after the filing date of the motion. The noting date and reply deadlines will be 15 days after the filing date of the

---

[2] While not appropriate to address in depth here, Defendants do not concede that the two-step conditional certification process outlined by Plaintiffs applies at this stage of these proceedings.

SUPPLEMENTAL JOINT STATUS REPORT – PAGE 3
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

oppositions.[3]

Dated:  May 10, 2024

*Respectfully submitted,*

| **FRANK FREED SUBIT & THOMAS LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| By: *s/ Michael C. Subit*<br>Michael C. Subit, WSBA No. 29189<br>705 Second Avenue, Suite 1200<br>Seattle, Washington 98104-1729<br>Telephone: (206) 682-6711<br>Fax: (206) 682-0401<br>Email: msubit@frankfreed.com | By: *s/ Andrew DeCarlow*<br>Andrew DeCarlow, WSBA 54471<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 274-6400<br>Facsimile: (206) 274-6401<br>Email: andrew.decarlow@morganlewis.com |
| Shannon Liss-Riordan (*Pro Hac Vice*)<br>Harold L. Lichten (*Pro Hac Vice*)<br>Adelaide Pagano (*Pro Hac Vice*)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone : (617) 994-5800<br>Fax: (617) 994-5801<br>Email: sliss@llrlaw.com<br>Email: hlichten@llrlaw.com<br>Email: apagano@llrlaw.com | Richard G. Rosenblatt (*pro hac vice*)<br>James P. Walsh, Jr. (*pro hac vice*)<br>502 Carnegie Center<br>Princeton, NJ 08540-6241<br>Telephone:  (609) 916-6600<br>Facsimile:  (609) 916-6601<br>Email: richard.rosenblatt@morganlewis.com<br>           james.walsh@morganlewis.com |
| *Attorneys for Rittmann Plaintiffs* | Brian D. Berry (*pro hac vice*)<br>Andrea L. Fellion (*pro hac vice*)<br>Sarah Zenewicz (*pro hac vice*)<br>One Market Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Fax: (415) 442-1001<br>Email: brian.berry@morganlewis.com<br>           andrea.fellion@morganlewis.com<br>           sarah.zenewicz@morganlewis.com |
| **SCHROETER GOLDMARK & BENDER**<br><br>By: *s/ Elizabeth Hanley*<br>Elizabeth Ann Hanley<br>401 Union Street, Suite 3400<br>Seattle, WA 98101<br>Telephone: 206-622-8000<br>Email: hanley@sgb-law.com | John S. Battenfeld (*pro hac vice*)<br>Max C. Fischer (*pro hac vice*)<br>Brian D. Fahy (*pro hac vice*)<br>300 S. Grand Ave., Suite 2200 |

---

[3] Again, whenever these motions are filed, the Parties are in agreement that the Opposition to each motion due 30 days after the filing date of the motion. The noting date and reply deadlines will be 15 days after the filing date of the oppositions.

SUPPLEMENTAL JOINT STATUS REPORT – PAGE 4
Case No. C16-1554 JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Shounak S. Dharap (*Pro Hac Vice*)
THE ARNS LAW FIRM
515 Folsom St. 3rd Floor
San Francisco, CA 94105
Telephone: (415) 495-7800
Email:  ssd@arnslaw.com

*Attorneys for Keller Plaintiffs*

Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
Email: jbattenfeld@morganlewis.com
       max.fischer@morganlewis.com
       brian.fahy@morganlewis.com

*Attorneys for Defendants*

SUPPLEMENTAL JOINT STATUS REPORT – PAGE 5
Case No. C16-1554 JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401