THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., et al.,

Defendants.

Consolidated Action
Case No. C16-1554 JCC

**DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON-ARBITRATION OPT-IN PLAINTIFFS**

**NOTE ON MOTION CALENDAR:
July 5, 2024**

DEFENDANTS' MOTION TO COMPEL
DISCOVERY FROM NON ARBITRATION OPT-IN
PLAINTIFFS – Page - 1 -
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. RELEVANT FACTUAL BACKGROUND ..... 2
III. ARGUMENT ..... 5
A. Amazon Is Entitled to Written Discovery and Depositions from the Six Non-Arbitration Opt-In Plaintiffs. ..... 5
B. The Written Discovery Seeks Information and Documents from the Non-Arbitration Opt-In Plaintiffs That Is Relevant and Discoverable. ..... 8
IV. CONCLUSION ..... 12

DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON ARBITRATION OPT-IN PLAINTIFFS – Page i
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abubakar v. City of Solano*,
No. 06-2268, 2008 WL 508911 (E.D. Cal. Feb. 22, 2008).......................................................6

*Blair v. TransAm Trucking, Inc.*,
309 F. Supp. 3d 977 (D. Kan. 2018).............................................................................11

*Bowerman v. Field Asset Servs., Inc.*,
No. 18-16303, 2023 WL 2001967 (9th Cir. Feb. 14, 2023)...................................................11

*Campbell v. City of Los Angeles*,
903 F.3d 1090 (9th Cir. 2018)...............................................................................1, 5

*Castillo v. Bank of Am.*,
NA, 980 F.3d 723 (9th Cir. 2020)..............................................................................11

*Chavez v. Wis Holdings Corp.*,
No. 07-CV-1932 L NLS, 2013 WL 2181214 (S.D. Cal. May 20, 2013).................................5

*Daniel v. Quail Int'l, Inc.*,
No. 3:07-CV-53 (CDL), 2010 WL 55941 (M.D. Ga. Jan. 5, 2010).........................................6

*Forauer v. Vt. Country Store, Inc.*,
No. 5:12-cv-276, 2014 WL 2612044 (D. Vt. June 11, 2014)...................................................6

*Frisbie v. Feast Am. Diners, LLC*,
No. 17-CV-6270-FPG-MJP, 2020 WL 2305083 (W.D.N.Y. May 8, 2020)...........................6

*Green v. Harbor Freight Tools USA, Inc.*,
No. 09-2380-JAR, 2010 WL 686263 (D. Kan. Feb. 23, 2010)................................................7

*Hinojos v. Home Depot, Inc.*,
No. 2:06-CV-00108, 2006 WL 3712944 (D. Nev. Dec. 1, 2006)............................................7

*Ingersoll v. Royal & Sunalliance USA, Inc.*,
No. 05-1774, 2006 WL 2091097 (W.D. Wash. July 25, 2006)............................................6, 7

*Kim v. U.S. Bancorp*,
No. C20-0032RSL, 2020 WL 4449372 (W.D. Wash. Aug. 3, 2020) (J. Lasnik).....................7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF AUTHORITIES
(continued)

Page

*Krueger v. N.Y. Tel. Co.*,
163 F.R.D 446 (S.D.N.Y. 1995) ....................6

*Lauer v. Longevity Med. Clinic PLLC*,
No. C13-0860-JCC, 2014 WL 5471983 (W.D. Wash. Oct. 29, 2014) (J. Coughenour) ....................11

*Ludlow v. Flowers Foods, Inc.*,
No. 18-CV-01190-JLS-JLB, 2020 WL 3791638 (S.D. Cal. July 6, 2020)....................5

*McFadden v. Corr. Corp. of Am.*,
No. 09-2273, 2012 WL 555069 (D. Kan. Feb. 21, 2012)....................6

*Mejia v. Bimbo Bakeries USA Inc.*,
No. CV-16-00654-TUC-JAS, 2018 WL 11352489 (D. Ariz. May 7, 2018)....................5

*Moba v. Total Transp. Servs., Inc.*,
16 F. Supp. 3d 1257 (W.D. Wash. 2015)....................8, 9, 11

*Morangelli v. Chemed Corp.*,
No. 10-0876, 2011 WL 7475 (E.D.N.Y. Jan. 1, 2011)....................5

*Narayan v. EGL, Inc.*,
285 F.R.D. 473 (N.D. Cal. 2012)....................10

*Phillips v. County of Riverside*,
No. 519CV01231JGBSHK, 2021 WL 1566970 (C.D. Cal. Mar. 3, 2021) ....................5

*Real v. Driscoll Strawberry Assocs., Inc.*,
603 F.2d 748 (9th Cir. 1979) ....................8

*Renfro v. Spartan Computer Servs., Inc.*,
No. 06-2284, 2008 WL 474253 (D. Kan. Feb. 19, 2008)....................6

*Roberson v. Rest. Delivery Devs., LLC*,
320 F. Supp. 3d 1309 (M.D. Fla. 2018)....................10

*Rosen v. Reckitt & Coleman Inc.*,
No. 91-1675, 1994 WL 652534 (S.D.N.Y. Nov. 17, 1994)....................6

*Rutherford Food Corp. v. McComb*,
331 U.S. 722 (1947)....................8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Scott v. Bimbo Bakeries, USA, Inc.*,
No. CV 10-3154, 2011 WL 13227686 (E.D. Pa. Apr. 12, 2011) ....................7

*Swales v. KLLM Transp. Servs., L.L.C.*,
985 F.3d 430 (5th Cir. 2021) ....................10

*Velu v. Velocity Exp., Inc.*,
666 F. Supp. 2d 300 (E.D.N.Y. 2009) ....................11

*Westley v. CCK Pizza Co., LLC*,
No. 18-13627, 2019 WL 3801624 (E.D. Mich. Aug. 13, 2019) ....................6

**Federal Statutes**

29 U.S.C. § 216(b) ....................3, 5

Fair Labor Standards Act (FLSA) .................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure, Rule 26(f) ....................7

DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON ARBITRATION OPT-IN PLAINTIFFS – Page iv
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## I. INTRODUCTION

From the inception of this lawsuit in 2016, Plaintiffs have alleged putative collective action claims for minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA") on behalf of every driver who ever contracted with Amazon in the United States. ECF No. 1. In addition to the nineteen named Plaintiffs, eighty-two individuals have filed consents to sue to opt into the collective action (the "Opt-In Plaintiffs") even though the Court has not conditionally certified any collective or authorized the mailing of notice.[1] Amazon seeks discovery from only ***six*** of the Opt-In Plaintiffs, each of whom opted out of arbitration agreements with Amazon (the "non-arbitration Opt-In Plaintiffs"). Plaintiffs do not – and cannot – deny the relevance of discovery from the non-arbitration Opt-In Plaintiffs. In fact, Plaintiffs relied on declarations from three of these six non-arbitration Opt-In Plaintiffs when they filed a Motion for Conditional Certification in October 2016. Despite their affirmative use of evidence from the non-arbitration Opt-In Plaintiffs, named Plaintiffs now argue that Amazon cannot take any discovery from *any* Opt-In Plaintiffs because it is not "appropriate." ECF No. 281 ("Zenewicz Decl."), ¶ 7. Plaintiffs' contradictory positions are further illustrated by the fact that Plaintiffs have sought extensive written discovery from Amazon about *all* the Opt-In Plaintiffs. Not only is it appropriate for Amazon to seek evidence to defend the merits and against collective and class treatment of this case, it is consistent with the FLSA and the Federal Rules of Civil Procedure because, as the Ninth Circuit has confirmed, "opt ins" are no different than "named plaintiffs." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) ("The FLSA leaves no doubt that 'every plaintiff who opts in to a collective action has party status.'").

As explained below, Amazon seeks written discovery tailored to the claims and defenses in this action, solely in possession of those non-arbitration Opt-In Plaintiffs, and relevant to Amazon's opposition to collective action treatment of the FLSA claims and defense of those Opt-

[1] Eighty-three individuals have filed consents to sue, but one subsequently withdrew her consent (ECF No. 135), so there are currently eighty-two Opt-In Plaintiffs.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

In Plaintiffs' individual claims. Accordingly, Amazon seeks an order compelling the six non-arbitration Opt-In Plaintiffs, Jillian Pearce, Jonathan Kaminsky, Lisa Evanoff, Marco Wynn, Max Kogan and Nicholas Volk, to respond to written discovery and potentially testify at depositions.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs Rittmann, Carroll and Wehmeyer filed the Original Complaint on October 4, 2016. ECF No. 1. The Original Complaint, and the five complaints filed since then, include putative collective action claims for failure to pay minimum wage and overtime under the FLSA on behalf of every local delivery driver who ever contracted with Amazon nationwide. *Id*., ECF No. 33, 83, 174-1, 234, 262. In addition to the FLSA claims, Plaintiffs assert wage and hour claims under the laws of Washington, California, Illinois, New York and New Jersey, and local Seattle law and under unspecified state common laws.

Plaintiffs allege that they and the Opt-In Plaintiffs have worked as delivery drivers classified as independent contractors for Amazon.com, Inc. or Amazon Logistics, Inc. at various times and in various states. ECF No. 262 First Amended Consolidated Complaint ("FACC"), ¶¶ 1, 12-30. The FACC alleges that Amazon misclassified them as independent contractors and that Amazon has therefore violated the FLSA "by failing to assure [drivers] receive minimum wage, after accounting for necessary business expenses that the drivers must pay such as gas and car maintenance" and "failing to pay overtime for hours worked in excess of forty per week." FACC ¶ 2.

Between inception of the case on October 5, 2016, and, most recently, June 22, 2022, eighty-two Opt-In Plaintiffs have filed consents to sue to join this case. In each consent to opt-in, the individual includes a boilerplate assertion that he or she worked as a delivery driver for Amazon, and "did not always receive minimum wage for all hours worked when accounting for my expenses and/or did not receive time-and-a-half my regular rate of pay for hours worked in excess of forty per week." *See, e.g.*, ECF No. 202-1. In those consents, each Opt-In Plaintiff

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

affirmed, "I understand that I will be joining a lawsuit to bring a claim under the [FLSA]. **I hereby consent, agree, and 'opt in' to become a plaintiff herein**[.]" *Id*. (emphasis added).

Just a few weeks after filing this lawsuit, on October 27, 2016, Plaintiffs filed their Motion for Notice to Be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification"). ECF No. 20. Plaintiffs filed declarations from non-arbitration Opt-In Plaintiffs Jillian Pearce, Lisa Evanoff, and Max Kogan in support of their Motion for Conditional Certification. ECF Nos. 20-5, 20-6, 20-7. Not long after the parties completed briefing on the Motion for Conditional Certification, this Court stayed this action, and that stay remained in place until July 26, 2022. ECF No. 226.

On November 2, 2022, **Plaintiffs served** Amazon with written discovery that expressly seeks documents and information about **all** the Opt-In Plaintiffs. Plaintiffs' Document Request No. 1:

> All documents in Defendants' possession, custody, or control, which relate to or refer the Named Plaintiffs **and opt-in plaintiffs**, including any email or SMS correspondence with the Named Plaintiffs and opt-in plaintiffs, any contracts sent to or accepted by the Named Plaintiffs and **opt-in plaintiffs**, all of the Named Plaintiffs' and **opt-in plaintiffs'** order delivery histories, any policies that have applied to the Named Plaintiffs and **opt-in plaintiffs**, and any other information related to their work for Amazon.

Zenewicz Decl., Ex. A at 4 (emphases added). And Interrogatory No. 6:

> **For each opt-in plaintiff** as well as each AmazonFlex delivery driver in Illinois, New York, New Jersey, Washington, and California, please identify: (1) the driver's name; (2) the driver's last known address, phone number, and email address; (3) the total number of hours scheduled on the AmazonFlex application, broken out by week; (4) the total number of hours spent logged into the AmazonFlex application, broken out by week; (5) the time stamps of each pick-up and delivery performed, broken out by week; (6) the total amount of compensation received for their work for AmazonFlex (separately accounting for tips), broken out by week; and (7) the total mileage for the driver's routes delivering items for Amazon, broken out by week.

Zenewicz Decl., Ex. B at 5 (emphasis added).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

On January 10, 2023, Amazon served just six of the eighty-two Opt-In Plaintiffs (Pearce, Kaminsky, Evanoff, Wynn, Kogan and Volk) with Requests for Admission, Requests for Production and Interrogatories.[2] Zenewicz Decl., Exs. C, D, E. On January 13, 2023, Amazon noticed depositions of the named Plaintiffs and non-arbitration Opt-In Plaintiffs Pearce, Kaminsky, Wynn, Kogan and Volk, tentatively setting dates in February and March 2022. When Amazon served those notices, it offered to meet and confer with Plaintiffs' counsel about scheduling and other related issues.

Treating discovery about non-arbitration Opt-In Plaintiffs as a one-way street, Plaintiffs took the position on a January 30, 2023 meet and confer call that it was not "appropriate" for Amazon to serve discovery on the non-arbitration Opt-In Plaintiffs. Zenewicz Decl., ¶ 7. In a follow up email on February 1, 2023, Plaintiffs confirmed, "we will not be providing discovery for the six opt-in plaintiffs." Zenewicz Decl., Ex. F. In a Joint Status Report filed February 7, 2023, Plaintiffs reiterated their "refusal to participate in discovery on behalf of opt-in plaintiffs" on the grounds that their October 2016 Motion for Conditional Certification remained pending. ECF No. 270.

Amazon originally filed this Motion on February 24, 2023. ECF No. 280. The Court took the Motion to Compel Opt-In Discovery, the 2016 Motion for Conditional Certification, and all other pending motions off calendar in connection with the February 27, 2023 order to show cause on consolidation. ECF No. 282. This case was then formally stayed between June 9, 2023 and May 14, 2024. ECF No. 298. Plaintiffs reiterated their intent to oppose this Motion to Compel as the parties met and conferred on the schedule following the lifting of the stay and in related correspondence with the Court. Supplemental Zenewicz Decl. Ex. A (Plaintiffs' counsels' May

---

[2] Amazon filed a Renewed Motion to Compel Arbitration on December 19, 2023, which sought to compel arbitration for the claims of the sixteen named Plaintiffs and the seventy-seven Opt-In Plaintiffs who agreed to arbitrate their individual claims ECF No. 247. Amazon has <u>not</u> served any discovery on the seventy-seven Opt-In Plaintiffs who agreed to arbitrate (though it reserves its right to do so should its forthcoming renewed Motion to Compel Arbitration not succeed).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

14, 2024 confirmation that they would oppose this Motion because "Plaintiffs do not believe opt-in discovery is appropriate prior to conditional certification.").

## III. ARGUMENT

### A. Amazon Is Entitled to Written Discovery and Depositions from the Six Non-Arbitration Opt-In Plaintiffs.

Individualized discovery from each Opt-In Plaintiff is appropriate under the law. An opt-in Plaintiff in a collective action brought under the FLSA becomes "a **party plaintiff** to any such action [when] he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added). Indeed, the Ninth Circuit has explained that once an individual opts into an FLSA collection action, "there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." *Campbell*, 903 F.3d at 1104. "[A] party who has chosen to opt-in to a collective action has an obligation to participate in the litigation, if necessary. Such a plaintiff has 'freely chosen to participate.'" *Chavez v. Wis Holdings Corp.*, No. 07-CV-1932 L NLS, 2013 WL 2181214, at *2 (S.D. Cal. May 20, 2013); *Morangelli v. Chemed Corp.*, No. 10-0876, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011) ("When an individual voluntarily chooses to participate in [a] lawsuit, he takes on the obligation to provide discovery about his claim.").

Many courts have held that defendants to collective opt-in actions are entitled to obtain discovery from opt-in plaintiffs, who made a voluntary decision to choose to join the action, knowing the discovery obligations that will be imposed. *See, e.g.*, *Phillips v. County of Riverside*, No. 519CV01231JGBSHK, 2021 WL 1566970, at *3 (C.D. Cal. Mar. 3, 2021) (holding that defendants were entitled to take discovery from opt ins and ordering all 190 opt-in plaintiffs to respond to written discovery and allowing thirty-nine depositions); *Ludlow v. Flowers Foods, Inc.*, No. 18-CV-01190-JLS-JLB, 2020 WL 3791638, at *13 (S.D. Cal. July 6, 2020) (holding that defendants were entitled to take discovery from opt ins and permitting individualized written discovery to 115 opt-in plaintiffs); *Mejia v. Bimbo Bakeries USA Inc.*, No. CV-16-00654-TUC-

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

JAS, 2018 WL 11352489, at *3 (D. Ariz. May 7, 2018) (holding that defendants were entitled to take discovery from opt ins and allowing discovery from forty-five opt-in plaintiffs); *Abubakar v. City of Solano*, No. 06-2268, 2008 WL 508911, at *1 (E.D. Cal. Feb. 22, 2008) (holding that defendants were entitled to take discovery from opt ins and requiring all of the approximately 160 opt-ins to respond to defendant's document requests and interrogatories).[3]

Courts routinely order opt-in discovery from plaintiffs in far greater numbers than Amazon seeks here from just *six* Opt In Plaintiffs. *See, e.g.*, *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. 05-1774, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (compelling individualized written and deposition discovery of thirty-four opt-in plaintiffs noting the matter was small); *Frisbie v. Feast Am. Diners, LLC*, No. 17-CV-6270-FPG-MJP, 2020 WL 2305083, at *3 (W.D.N.Y. May 8, 2020) (compelling depositions of sixteen of twenty opt-in plaintiffs, one from each location at issue, based in part on the small number of opt-ins); *Westley v. CCK Pizza Co., LLC*, No. 18-13627, 2019 WL 3801624, at *4 (E.D. Mich. Aug. 13, 2019) (granting motion to compel depositions of all thirteen opt-in plaintiffs); *Daniel v. Quail Int'l, Inc.*, No. 3:07-CV-53 (CDL), 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010) (permitting individualized discovery of the thirty-nine opt-in plaintiffs); *Forauer*, 2014 WL 2612044, *2 (permitting depositions of all twenty-four opt-in plaintiffs in FLSA action); *Krueger*, 163 F.R.D. at 449 (requiring discovery from all opt-ins because it was "a relatively small group of 162 people"); *Rosen v. Reckitt &*

---

[3] *See also Forauer v. Vt. Country Store, Inc.*, No. 5:12-cv-276, 2014 WL 2612044, at *3 (D. Vt. June 11, 2014) (treating opt-in plaintiffs as "ordinary party plaintiffs subject to the full range of discovery" and permitting discovery from all twenty-four opt-in plaintiffs); *McFadden v. Corr. Corp. of Am.*, No. 09-2273, 2012 WL 555069, at *4-7 (D. Kan. Feb. 21, 2012) ("The opt-in Plaintiffs have chosen to become parties to this action. As such, they are required to act in accordance with all relevant rules and Orders of this Court."); *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284, 2008 WL 474253, at *2 (D. Kan. Feb. 19, 2008) (denying plaintiffs' motion for a protective order and requiring all of the over 100 opt-ins to respond to document requests and interrogatories); *Krueger v. N.Y. Tel. Co.*, 163 F.R.D 446, 449-51 (S.D.N.Y. 1995) (compelling 162 opt-in plaintiffs to respond to discovery because they had "freely chosen to participate and each of whom ha[d] relevant information with respect to the claims and defenses in this action").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Coleman Inc.*, No. 91-1675, 1994 WL 652534, at *2-4 (S.D.N.Y. Nov. 17, 1994) (rejecting plaintiff's argument for representative discovery from a percentage of the fifty opt-in plaintiffs because the small class size).

Moreover, courts often allow discovery from opt-in plaintiffs *prior* to conditional certification. *See, e.g.*, *Kim v. U.S. Bancorp*, No. C20-0032RSL, 2020 WL 4449372, at *2 (W.D. Wash. Aug. 3, 2020) (J. Lasnik) (permitting discovery of opt-in plaintiffs before motion for conditional certification is decided); *Scott v. Bimbo Bakeries, USA, Inc.*, No. CV 10-3154, 2011 WL 13227686, at *1 (E.D. Pa. Apr. 12, 2011) (permitting defendants to take depositions of opt-in plaintiffs prior to conditional certification); *Green v. Harbor Freight Tools USA, Inc.*, No. 09-2380-JAR, 2010 WL 686263, at *2 (D. Kan. Feb. 23, 2010) (denying motion for protective order for discovery of opt-ins prior to conditional certification). *Cf. Hinojos v. Home Depot, Inc.*, No. 2:06-CV-00108, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006) (noting that defendant had taken depositions of plaintiffs and opt-in plaintiffs prior to conditional certification). For example, in *Kim v. U.S. Bancorp*, the plaintiffs sought a protective order to prevent the defendant from taking discovery from opt-ins prior to a decision on conditional certification. The district court denied the motion for protective order because the parties had already engaged in a Rule 26(f) conference and "plaintiffs' preferences for the order in which discovery proceeds are not binding on defendants and do not constitute 'good cause' for a protective order." 2020 WL 4449372, at *2.

Despite ample case law that discovery to opt ins at the outset is not just permissible, but the norm, Plaintiffs object that discovery to just six Opt In Plaintiffs is not "appropriate" prior to resolution of their Motion for Conditional Certification. That objection is without any support. Plaintiffs cannot on the one hand seek discovery about the Opt-In Plaintiffs from Amazon while at the same time claiming that it is not appropriate for the non-arbitration Opt-In Plaintiffs to respond to discovery from Amazon. *Ingersoll*, 2006 WL 2091097, at *2 (compelling all opt-in plaintiffs to respond to discovery, in part because plaintiffs sought discovery about each opt-in from the defendant). Further underscoring that this discovery should be allowed Plaintiffs already

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

have presented declarations from the non-arbitration Opt-In Plaintiffs to support their claims. ECF Nos. 20-5, 20-6, 20-7. For these reasons, the Court should reject Plaintiffs' contention that discovery to the six non-arbitration Opt-In Plaintiffs is inappropriate.

### B. The Written Discovery Seeks Information and Documents from the Non-Arbitration Opt-In Plaintiffs That Is Relevant and Discoverable.

Plaintiffs' central theory of the case is that Amazon misclassified them as independent contractors and based on that theory, claim that they are entitled to overtime and minimum wage under federal law, which they will have grave difficulty proving. Courts generally employ the six-factor "economic realities" test to decide whether an individual is an independent contractor or an employee under the FLSA: (1) the degree of control over the manner of work; (2) the opportunity for profit/loss depending on managerial skill; (3) the investment in equipment or materials, or the employment of helpers; (4) whether the service requires a special skill; (5) the degree of permanence of the relationship; and (6) whether the service is an integral part of the alleged employer's business. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979); *see also Moba v. Total Transp. Servs., Inc.*, 16 F. Supp. 3d 1257, 1263–64 (W.D. Wash. 2015) (applying the FLSA's six factor test). No one factor is determinative. Rather, the determination depends "upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947); *see also Moba*, 16 F. Supp. 3d at 1263–64 (explaining that the employment test under the FLSA "depends on the totality of the circumstances").

Although Plaintiffs' objection to discovery is based on nothing more than their view of what is "appropriate," there is no doubt about the relevance of the discovery Amazon seeks from the six non-arbitration Opt-In Plaintiffs. Specifically, Amazon seeks documents and information directly related to their status as independent contractors and their claims for minimum wage and overtime and directly related to whether they are similarly situated to the rest of the putative collective. For example, Amazon seeks from the non-arbitration Opt-In Plaintiffs:

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1. Information and documents about their work and business, including information about their work as a driver for other companies, whether they are a sole proprietor or have formed a business entity, and how they represent this work to others;
2. Documents and communications related to their alleged business expenses incurred in connection with their delivery work for Amazon;
3. Records like schedules and other documents relating to the hours per week that Plaintiffs claim to have spent in their delivery work for Amazon;
4. Handbooks, guidelines, rules, and any procedures of Amazon that they claim that they were required to follow; and
5. Communications with various third parties directly relating to the claims and defenses at issue in this case.

*See* Zenewicz Decl. Exs. C, D and E.

Each category of documents and information Amazon seeks from the non-arbitration Opt-In Plaintiffs is directly relevant to the economic realities test and essential to Amazon's ability to gather evidence needed to oppose Plaintiffs' forthcoming updated Motion for Conditional Certification and for a potential motion to decertify. Indeed, demonstrating their relevance, Plaintiffs have produced information and documents responsive to these discovery requests for the named Plaintiffs—just not the six non-arbitration Opt-In Plaintiffs.

*First*, documents related to each non-arbitration Opt-In Plaintiff's work for other companies will be relevant to what extent Amazon exercised control over the non-arbitration Opt-In Plaintiffs, since such documents would show that the non-arbitration Opt-In Plaintiffs were entirely free to perform services for and did perform services for other companies, in addition to managing their own work for Amazon. *See, e.g., Moba*, 16 F. Supp. 3d at 1265 (concluding that plaintiffs were independent contractors in part because they are "drivers who are free to make their own schedule and work for other companies"). Discovery in the companion Massachusetts driver class action, *Waithaka v. Amazon.com, Inc.* is illustrative because it was only through discovery

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

directed to the *Waithaka* plaintiff that Amazon could learn that he also drove for Lyft and Uber, including on the same days that he delivered packages for Amazon. Amazon has no such documents in its possession and must obtain those documents from the non-arbitration Opt-In Plaintiffs. Discovery about these differences at this stage is important also for Amazon's ability to oppose Plaintiffs' Motion for Conditional Certification because "where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery to determine whether notice is going out to those 'similarly situated.'" *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 442 (5th Cir. 2021). *See, e.g.*, *Narayan v. EGL, Inc.*, 285 F.R.D. 473, 479 (N.D. Cal. 2012) (noting that whether drivers contracted with other companies was relevant to independent contractor inquiry).

*Second*, documents relating to each non-arbitration Opt-In Plaintiff's alleged business expenses and deductions bear directly on the economic reality factors and bear on Plaintiffs' theory that they were not paid at least minimum wage after factoring in expenses. Discovery in *Waithaka* is again illustrative because it was only through that discovery that Amazon could learn about the *Waithaka* plaintiff's business expenses such as what deductions he made, for how much, and that he did not accurately track his allocations of such expenses among his work for Amazon, Uber and Lyft, which undermines the accuracy of any minimum wage calculation. Amazon has no access to this information absent discovery, but it is readily available to the non-arbitration Opt-In Plaintiffs. If such documents show that some or all of this small number of non-arbitration Opt-In Plaintiffs do not have an FLSA minimum wage claim, that will support Amazon's defense to collective action certification. *See, e.g.*, *Roberson v. Rest. Delivery Devs., LLC*, 320 F. Supp. 3d 1309, 1320 (M.D. Fla. 2018) (granting motion for decertification because "highly individualized" inquiries were necessary to determine if drivers were misclassified and to determine whether they worked unpaid overtime or were paid at least minimum wage).

*Third*, with respect to schedules, calendars, and other documents related to hours worked, Amazon's liability under Plaintiffs' theory is tied to how many hours per week each

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

non-arbitration Opt-In Plaintiff allegedly spent working for Amazon. Documentation regarding hours of work goes to the heart of minimum wage and overtime claims because those hours of work are required to calculate minimum wage and overtime. Consequently, this information goes to the heart of whether this case can be resolved through the collective action process or whether individualized inquiries will preclude it. *See Bowerman v. Field Asset Servs., Inc.*, No. 18-16303, 2023 WL 2001967, at *8 (9th Cir. Feb. 14, 2023) (noting that there would be complex individualized inquiries in misclassification case with no common evidence "on whether the class members actually worked overtime or incurred reimbursable business expenses"); *Castillo v. Bank of Am.*, NA, 980 F.3d 723, 732 (9th Cir. 2020) (denying class certification for unpaid overtime claim where plaintiff could not offer a method for common proof to establish liability); *Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 1011 (D. Kan. 2018) (individualized determinations of whether drivers received minimum wage weighed in favor of decertification of collective action). Additionally, such information is relevant to the economic realities test because Amazon contends it will show the lack of control exercised by Amazon and how each non-arbitration Opt-In Plaintiff independently managed his/her business. *See*, *e.g.*, *Moba*, 16 F. Supp. 3d at 1264 ("The drivers' opportunity for profit and loss is determined largely on his or her skill, initiative, ability to cut costs, and understanding of the courier business, suggesting independent contractor status."); *see also Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 303–307 (E.D.N.Y. 2009) (holding that independent contractor status is supported when a driver "is free to make his own schedule, and may work for other delivery companies"; "has the discretion to decline [jobs]"; and "owns, insures, maintains, and services his delivery van without reimbursement or contribution").

Finally, documents and communications with third parties limited to and related to the factual allegations and defenses in this case are necessarily relevant and discoverable. *Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014) (J. Coughenour) ("Litigants 'may obtain discovery regarding any matter, not privileged, that

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

is relevant to the claim or defense of any party.'") (quoting *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)).

In sum, discovery to opt in plaintiffs, even before conditional certification, is broadly permitted given their status and consent to be parties to the litigation, and the documents and information sought from the non-arbitration Opt-In Plaintiffs is directly relevant to Amazon's defense of this case and to the merits of Plaintiffs' misclassification, unpaid minimum wage and unpaid overtime claims, and necessary for Amazon to oppose conditional certification or, if necessary, a motion for decertification. As a result, Amazon is entitled to obtain this information and documents now from each of the just ***six*** non-arbitration Opt-In Plaintiffs in order to defend not only against the merits but also against collective and class action treatment.

For all of these reasons, the Court should grant this Motion and issue an order compelling the non-arbitration Opt-In Plaintiffs to participate in discovery.

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its Motion to Compel and order the non-arbitration Opt-In Plaintiffs to respond to written discovery and be available for deposition.

Dated: June 14, 2024

*I certify that this motion contains 4,159 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

By: *s/ Andrew DeCarlow*

Andrew DeCarlow, WSBA No. 54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (pro hac vice)
James P. Walsh, Jr. (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP

DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON ARBITRATION OPT-IN PLAINTIFFS – Page 12
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian D. Berry (pro hac vice)
Sarah Zenewicz (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

John S. Battenfeld (pro hac vice)
Max C. Fischer (pro hac vice)
Brian D. Fahy (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
jbattenfeld@morganlewis.com
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., Amazon.com Services Inc.*

DEFENDANTS' MOTION TO COMPEL
DISCOVERY FROM NON ARBITRATION OPT-IN
PLAINTIFFS – Page 13
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, I caused to be electronically filed the foregoing **DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM OPT-IN PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: s/ *Andrew DeCarlow*
Andrew DeCarlow
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON ARBITRATION OPT-IN PLAINTIFFS – Page 14
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401