THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | Consolidated Action<br>Case No. 2:16-cv-01554-JCC<br><br>**SUPPLEMENTAL DECLARATION OF SARAH ZENEWICZ IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON-ARBITRATION OPT-IN PLAINTIFFS** |

I, Sarah Zenewicz, declare that:

1. I am an attorney with Morgan, Lewis & Bockius LLP, and I represent Amazon Defendants in the above-captioned action. I am over eighteen years of age and am competent to testify herein. I make the following statements based on my personal knowledge.

2. Attached hereto as **Exhibit A** is a true and correct copy of an email between Plaintiffs' counsel, Adelaide Pagano, and Courtroom Deputy Kadya Peter dated May 14, 2024.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Dated this 14th day of June, 2024, in San Francisco, California

*s/ Sarah Zenewicz*
Sarah Zenewicz

DECLARATION OF SARAH ZENEWICZ IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON-ARBITRATION OPT-IN PLAINTIFFS – PAGE 1
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# EXHIBIT A

**Zenewicz, Sarah**
___

| | |
|---|---|
| **From:** | Adelaide Pagano <apagano@llrlaw.com> |
| **Sent:** | Tuesday, May 14, 2024 12:11 PM |
| **To:** | Kadya Peter; hlicthen@llrlaw.com; msubit@frankfreed.com; Shannon Liss-Riordan; mcote_frankfreed.com; djohnson@bjtlegal.com; douglas@rastegarlawgroup.com; farzad@rastegarlawgroup.com; bterrell@terrellmarshall.com; bchandler@terrellmarshall.com; jmurray@terrellmarshall.com; jjb@classlawgroup.com; smt@classlawgroup.com; hanley@sgb-law.com; jed@arnslaw.com; kar@arnslaw.com; rsa@arnslaw.com; ssd@arnslaw.com; mburton@hershlaw.com; nhersh@hershlaw.com; jimt@potterhandy.com; mark@potterhandy.com; greg@rekhiwolk.com; hardeep@rekhiwolk.com; jbuccat@younessilaw.com; mdelossantos@younessilaw.com; ryounessi@younessilaw.com; sortiz@younessilaw.com; amy.mcgeever@morganlewis.com; Fellion, Andrea; DeCarlow, Andrew Steven; Berry, Brian D.; Fahy, Brian D.; cbanks@crowell.com; Walsh, Jr., James P.; Battenfeld, John S.; linda.shen@morganlewis.com; Fischer, Max; Rosenblatt, Richard G.; robin.lagorio@morganlewis.com; Zenewicz, Sarah; theresa.mak@jacksonlewis.com; lblas@gibsondunn.com; MCooney@gibsondunn.com; mholecek@gibsondunn.com; Rowley, Miranda M.; todd.nunn@klgates.com |
| **Subject:** | Re: 2:16-cv-01554-JCC Rittmann et al v. Amazon.com Inc et al |

[EXTERNAL EMAIL]
Good afternoon,

I believe Defendants had previously filed a motion to compel discovery from certain opt-ins (*see Rittmann*, ECF No. 280), which Plaintiffs had planned to oppose as Plaintiffs do not believe opt-in discovery is appropriate prior to conditional certification.  That motion was struck before Plaintiffs could respond when the case was stayed.  To the extent Defendants intend to re-file that motion, the parties agreed on a timeframe for that to occur in #3 of the Supplemental Joint Status Report.  Plaintiffs intend to oppose any such re-filed motion.

Please let me know if this clarifies the judge's questions or if you require additional information.

Best,
Adelaide

___

**From:** Kadya Peter <Kadya_Peter@wawd.uscourts.gov>
**Sent:** Tuesday, May 14, 2024 2:04 PM
**To:** Adelaide Pagano <apagano@llrlaw.com>; hlicthen@llrlaw.com <hlicthen@llrlaw.com>; msubit@frankfreed.com <msubit@frankfreed.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Matthew Carlson <mcarlson@llrlaw.com>; mcote_frankfreed.com <MCote@frankfreed.com>; djohnson@bjtlegal.com <djohnson@bjtlegal.com>; douglas@rastegarlawgroup.com <douglas@rastegarlawgroup.com>; farzad@rastegarlawgroup.com <farzad@rastegarlawgroup.com>; bterrell@terrellmarshall.com <bterrell@terrellmarshall.com>; bchandler@terrellmarshall.com <bchandler@terrellmarshall.com>; jmurray@terrellmarshall.com <jmurray@terrellmarshall.com>; jjb@classlawgroup.com <jjb@classlawgroup.com>; smt@classlawgroup.com <smt@classlawgroup.com>; hanley@sgb-law.com <hanley@sgb-law.com>; jed@arnslaw.com <jed@arnslaw.com>; kar@arnslaw.com <kar@arnslaw.com>; rsa@arnslaw.com <rsa@arnslaw.com>; ssd@arnslaw.com <ssd@arnslaw.com>; mburton@hershlaw.com <mburton@hershlaw.com>; nhersh@hershlaw.com <nhersh@hershlaw.com>;

jimt@potterhandy.com <jimt@potterhandy.com>; mark@potterhandy.com <mark@potterhandy.com>; greg@rekhiwolk.com <greg@rekhiwolk.com>; hardeep@rekhiwolk.com <hardeep@rekhiwolk.com>; jbuccat@younessilaw.com <jbuccat@younessilaw.com>; mdelossantos@younessilaw.com <mdelossantos@younessilaw.com>; ryounessi@younessilaw.com <ryounessi@younessilaw.com>; sortiz@younessilaw.com <sortiz@younessilaw.com>; amy.mcgeever@morganlewis.com <amy.mcgeever@morganlewis.com>; andrea.fellion@morganlewis.com <andrea.fellion@morganlewis.com>; andrew.decarlow@morganlewis.com <andrew.decarlow@morganlewis.com>; brian.berry@morganlewis.com <brian.berry@morganlewis.com>; brian.fahy@morganlewis.com <brian.fahy@morganlewis.com>; CBanks@crowell.com <CBanks@crowell.com>; james.walsh@morganlewis.com <james.walsh@morganlewis.com>; jbattenfeld@morganlewis.com <jbattenfeld@morganlewis.com>; linda.shen@morganlewis.com <linda.shen@morganlewis.com>; max.fischer@morganlewis.com <max.fischer@morganlewis.com>; rrosenblatt@morganlewis.com <rrosenblatt@morganlewis.com>; robin.lagorio@morganlewis.com <robin.lagorio@morganlewis.com>; sarah.zenewicz@morganlewis.com <sarah.zenewicz@morganlewis.com>; theresa.mak@jacksonlewis.com <theresa.mak@jacksonlewis.com>; lblas@gibsondunn.com <lblas@gibsondunn.com>; MCooney@gibsondunn.com <MCooney@gibsondunn.com>; mholecek@gibsondunn.com <mholecek@gibsondunn.com>; miranda.rowley@morganlewis.com <miranda.rowley@morganlewis.com>; todd.nunn@klgates.com <todd.nunn@klgates.com>
**Subject:** 2:16-cv-01554-JCC Rittmann et al v. Amazon.com Inc et al

Good morning Counsel,

Judge Coughenour asked that I reach out in hopes of clarifying a portion of your recent supplemental joint status report (Dkt. No. 297). On the top of Pg 2, item #3, you ask the Court to establish a deadline for Defendants to file a motion to compel opt-in discovery. By this do you mean a motion *to limit* discovery to that required for an anticipated conditional certification motion? If not, what do you mean by this? The Court is not clear what item #3 is exactly. The Court understands Plaintiff's position is that discovery, once the stay is lifted, should not be so limited, and should be available to also support an anticipated Rule 23 motion. Is #3 in response to Plaintiffs' position on the conditional certification and scope of discovery issues (and if so why item #3 agreed to)?

Best regards,
Kadya



Kadya Peter (she/her)
Courtroom Deputy to the Honorable Tana Lin
and the Honorable John C. Coughenour
United States District Court
Western District of Washington
Phone: (206) 370-8525
Email: Kadya_Peter@wawd.uscourts.gov