THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., et al.,

Defendants.

Consolidated Action
Case No. C16-1554 JCC

**DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**NOTE ON MOTION CALENDAR:**
**July 12, 2024**

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURAL HISTORY .................................................................................. 2

III. STATEMENT OF ALLEGED FACTS ................................................................ 3

IV. ARGUMENT ...................................................................................................... 5

    A. Legal Standard for Motion to Dismiss ...................................................... 5

    B. Counts XXV-XXVI: Plaintiffs' Nationwide Common-Law Claims Fail on Multiple Grounds. ...................................................................................... 6

    C. Counts I, II, III, IV, VI, IX, XI, XIX, XXI, XXIV: Plaintiffs Continue to Ignore the Minimum Pleading Requirements Set Under Landers for Their Minimum Wage and Overtime Claims. ........................................................ 7

        1. Counts I, III, VI, IX, XIX, XXI, XXIV: Nearly All Plaintiffs Fail to State Facts to Support Their Minimum Wage Claims Under Landers. ................................................................................................ 8

        2. Counts II, IV, XI: Plaintiffs Fail to State Facts to Support Overtime Claims Under Landers. ....................................................... 9

    D. Count V: Washington Plaintiffs Fail to State Facts Sufficient to Support Their Claim for Withheld Wages Under Washington Law. ...................... 10

    E. Counts VII-XVII, XXVII: The California Labor Code Claims Are Riddled with Pleading Deficiencies. .................................................................... 11

        1. Count XII: California Plaintiffs Fail to State Facts to Support Meal and Rest Break Claims. ................................................................ 11

        2. Count X: California Plaintiffs Fail to State Facts to Support a Claim for Failure to Remit Tips. ...................................................... 13

        3. Count XIV: California Plaintiffs Fail to Allege Sufficient Facts to State a Claim for Waiting Time Penalties. .................................... 14

        4. Count XV: California Plaintiffs' Sick Leave Claim Fails Because There Is No Private Right of Action. ............................................. 15

        5. Count XVI: The California Plaintiffs Fail to Allege Sufficient Facts to State an Unlawful Deduction Claim. ........................................ 16

        6. Count XIII: California Plaintiffs' Duplicative Count XIII for Wage Statement and Recordkeeping Violations Should Be Dismissed or Stricken. ................................................................................... 17

        7. Count XXVII: The PAGA Claim Fails Because Plaintiffs Keller, Garadis, Ponce, Ronquillo and Hoyt Fail to Allege Facts to Support the Alleged Underlying Violations. ................................... 17

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

i

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

8.    Count XVII: Claims Under the UCL Must Be Dismissed........................ 18

V.    CONCLUSION........................................................................................................ 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

ii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1

2

<u>**TABLE OF AUTHORITIES**</u>

3

**Page(s)**

4

**Cases**

5

*Augustine v. Talking Rain Beverage Co., Inc.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019)..................................................................7

6

7

*Bailey v. Alpha Techs., Inc.*,
  No. C16-0727-JCC, 2016 WL 4211527 (W.D. Wash. Aug. 10, 2016)................................2, 8

8

9

*Barajas v. Blue Diamond Growers Inc.*,
  2023 WL 2333548 (E.D. Cal. Mar. 2, 2023) ...........................................................18

10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................5, 10, 13

11

12

*Boyack v. Regis Corp.*,
  812 F. App'x 428 (9th Cir. 2020) ..................................................................5, 8, 14

13

14

*Brandt v. Beadle*,
  No. C19-6159 BHS, 2020 WL 4597262 (W.D. Wash. Aug. 11, 2020) ............................11

15

*Brinker Rest. Corp. v. Super. Ct.*,
  53 Cal. 4th 1004 (2012) ..........................................................................12

16

17

*Butler v. G4S Secure Sols. (USA), Inc.*,
  No. 2:19-CV-194, 2019 WL 6039966 (E.D. Wash. Nov. 14, 2019) ............................11

18

19

*Byrd v. Masonite Corp.*,
  215 F. Supp. 3d 859 (C.D. Cal. 2016) ..........................................................18

20

*Campbell v. PricewaterhouseCoopers*,
  No. CIV S-06-2376LKK/GGH, 2008 WL 3836972 (E.D. Cal. Aug 14, 2008) ................18

21

22

*Castillo v. United Rentals, Inc.*,
  No. C17-1573, 2018 WL 1382597 (W.D. Wash. Mar. 19, 2018) ............................6

23

24

*Durham v. Autism Spectrum Therapies, LLC*,
  No. 2:19-CV-07684, 2019 WL 10097456 (C.D. Cal. Oct. 31, 2019)......................14

25

*Ebling v. Gove's Cove, Inc.*,
  34 Wash. App. 495 (1983)..........................................................................10

26

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

iii

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Flores v. Marriott Resorts Hosp. Corp.*,
    No. CV 18-8012, 2019 WL 6792799 (C.D. Cal. Sept. 23, 2019)................................5

*Freeman v. Zillow, Inc.*,
    No. SACV1401843, 2015 WL 5179511 (C.D. Cal. Mar. 19, 2015) ..........................12

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ................................................................................5

*Gram v. Intelligender, LLC*,
    No. CV 10–4210, 2010 WL 11601035 (C.D. Cal. Oct. 8, 2010) .............................7

*Green v. Lawrence Serv. Co.*,
    No. CV12-06155, 2013 WL 3907506 (C.D. Cal. July 23, 2013) ...........................13

*Guardado v. Cascadian Bldg. Mgmt., Ltd*,
    No. C16-0303, 2016 WL 3105041 (W.D. Wash. June 1, 2016)............................10

*Guerrero v. Halliburton Energy Servs., Inc.*,
    No. 1:16-CV-1300, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016)..........................12

*Gunawan v. Howroyd-Wright Emp. Agency*,
    997 F. Supp. 2d 1058 (C.D. Cal. 2014) ...............................................................16

*Hamilton v. NuWest Grp. Holdings LLC*,
    No. C22-1117, 2023 WL 130485 (W.D. Wash. Jan. 9, 2023) (Coughenour, J.).....................6

*Hassell v. Uber Techs., Inc.*,
    No. 20-CV-04062-PJH, 2021 WL 2531076 (N.D. Cal. June 21, 2021 .................18

*Hill v. Walmart Inc.*,
    32 F.4th 811 (9th Cir. 2022) ...............................................................................15

*Hubins v. Operating Engineers Loc. Union No. 3*,
    No. C-04-3091 MMC, 2004 WL 2203555 (N.D. Cal. Sept. 29, 2004) ..................19

*Hughes v. Scarlett's G.P., Inc.*,
    No. 15-CV-5546, 2016 WL 4179153 (N.D. Ill. Aug. 8, 2016) .................................8

*Hughes v. United Airlines, Inc.*,
    No. 3:22-CV-08967-LB, 2024 WL 115932 (N.D. Cal. Jan. 10, 2024) ...................17

*Johnson v. Hewlett-Packard Co.*,
    809 F. Supp. 2d 1114 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir.
    2013) ..................................................................................................................16

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

iv

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................19

*Landers v. Quality Commc'ns Inc.*,
    771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S.
    Ct. 1845 (2015) ...................................................................................... *passim*

*Lewis v. Casey*,
    518 U.S. 343 (1996) ..................................................................................6

*Magadia v. Wal-Mart Assocs., Inc.*,
    999 F.3d 668 (9th Cir. 2021) ......................................................................17

*Naranjo v. Spectrum Sec. Servs., Inc.*,
    No. S279397, 2024 WL 1979980 (Cal. May 6, 2024) ..........................................15

*Nguyen v. CTS Elecs. Mfg. Sols. Inc.*,
    301 F.R.D. 337 (N.D. Cal. 2014) .................................................................17

*Ochoa v. Serv. Emps. Int'l Union Loc. 775*,
    No. 2:18-CV-0297, 2019 WL 1601361 (E.D. Wash. Apr. 15, 2019)....................11

*In re Packaged Seafood Prod. Antitrust Litig.*,
    242 F. Supp. 3d 1033 (S.D. Cal. 2017)............................................................6

*Parsittie v. Schneider Logistics, Inc.*,
    No. CV193981, 2019 WL 8163645 (C.D. Cal. Oct. 29, 2019) ..............................13

*Partida v. Stater Bros. Mkts.*,
    No. 518CV02600SJOKKX, 2019 WL 1601387 (C.D. Cal. Feb. 19, 2019)...........14

*Perez v. DNC Parks & Resorts at Sequoia*,
    No. 119CV00484, 2020 WL 4344911 (E.D. Cal. July 29, 2020)..........................12

*Perez v. Wells Fargo & Co.*,
    75 F. Supp. 3d 1184 (N.D. Cal. 2014) ...............................................................5

*Phoung v. Winco Holdings, Inc.*,
    No. 2:21-CV-2033-MCE-JDP, 2022 WL 3636369 (E.D. Cal. Aug. 23, 2022).....................15

*Pineda v. Bank of Am., N.A.*,
    50 Cal. 4th 1389 (2010) ................................................................................18

*Reyna v. Int'l Bank of Commerce*,
    839 F.3d 373 (5th Cir. 2016) ............................................................................1

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

v

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Ritenour v. Carrington Mortg. Servs. LLC*,
    228 F. Supp. 3d 1025 (C.D. Cal. 2017) .................................................................15

*Rudolph v. Herc Rentals, Inc.*,
    No. 220CV05412, 2021 WL 5994514 (C.D. Cal. Aug. 27, 2021) ...........................15

*San Antonio Community Hosp. v. So. Cal. Dist. Council of Carpenters*,
    125 F.3d 1230 (9th Cir. 1997) .................................................................................19

*Sanchez v. Aerogoup Retail Holdings, Inc.*,
    No. 12–CV–05445–LHK, 2013 WL 1942166 (N.D. Cal. May 8, 2013) ................16

*Schroeder v. Envoy Air, Inc.*,
    No. CV 16-04911, 2016 WL 11520388 (C.D. Cal. Sept. 27, 2016)........................15

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976).....................................................................................................6

*Sousa v. WalMart, Inc.*,
    No. 1:20-CV-00500-EPG, 2023 WL 1785960 (E.D. Cal. Feb. 6, 2023)................17

*In re: Static Random Access Memory (SRAM) Antitrust Litig.*,
    580 F. Supp. 2d 896 (N.D. Cal. 2008) ......................................................................7

*Stewart v. Kodiak Cakes, LLC*,
    537 F. Supp. 3d 1103 (S.D. Cal. 2021)...................................................................6, 7

*Suarez v. Bank of Am. Corp.*,
    No. 18-CV-01202, 2018 WL 2431473 (N.D. Cal. May 30, 2018)..........................15

*Titus v. McLane Foodservice, Inc.*,
    No. 216CV00635, 2016 WL 4797497 (E.D. Cal. Sept. 14, 2016) .........................16

*Walters v. Superior Tank Lines Nw. Div., LLC*,
    No. C19-191, 2019 WL 1923053 (W.D. Wash. Apr. 30, 2019)..............................11

*Waters v. Mitchell*,
    No. C21-0087, 2022 WL 1268169 (W.D. Wash. Apr. 28, 2022)...........................10

*White v. Relay Res.*,
    No. 19-0284, 2019 WL 2994668 (W.D. Wash. July 9, 2019) (Coughenour, J.)......8

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...................................................................................17

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

vi

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Wood v. N. Am. Van Lines, Inc.*,
  No. 820CV02092, 2021 WL 3134203 (C.D. Cal. July 23, 2021) ...............................12, 13, 14

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
  No. LAML1902905, 2022 WL 522484 (C.D. Cal. Feb. 9, 2022) ...........................................7

**Statutes**

29 U.S.C. § 211(c) .................................................................................................................18

29 U.S.C. § 215(a) .................................................................................................................18

California Labor Code
  § 201.............................................................................................................14, 18, 19
  § 202.............................................................................................................14, 18, 19
  § 203.........................................................................................................14, 15, 18, 19
  § 221...............................................................................................................................16
  § 223...............................................................................................................................16
  § 226.....................................................................................................................17, 18, 19
  § 226.8.......................................................................................................................18, 19
  § 246...............................................................................................................................15
  § 248.5............................................................................................................................15
  § 351...............................................................................................................................13
  § 400-410.......................................................................................................................16
  § 450...............................................................................................................................16
  § 1174...................................................................................................................17, 18, 19

California Private Attorneys General Act ...........................................................................3, 17

California Unfair Competition Law .........................................................................................13

Fair Labor Standards Act ................................................................................................. *passim*

Federal Arbitration Act .......................................................................................................1, 17

Illinois Minimum Wage Law ......................................................................................................9

National Labor Relations Act .............................................................................................18, 19

RCW
  49.52.050..................................................................................................................10, 11
  49.52.070........................................................................................................................10

Seattle's Minimum Wage Ordinance........................................................................................2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Washington Minimum Wage Act ................................................................................................. 2

**Other Authorities**

Rule 8 ........................................................................................................................................ 15

Rule 12(b)(6) .............................................................................................................................. 5

Rule 12(f) ................................................................................................................................. 17

Rule 23 ....................................................................................................................................... 9

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT
CASE NO. 2:16-cv-01554-JCC

viii

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1

## I.    INTRODUCTION[1]

2    Plaintiffs' First Amended Consolidated Class Action Complaint ("FACC") is brought by

3    nineteen Plaintiffs and includes twenty-seven putative class, collective, and representative action

4    claims based on federal, state, local, and unspecified common laws. Plaintiffs purport to represent

5    every driver who has ever contracted with Amazon to provide delivery services in the United

6    States. Plaintiffs' scattershot complaint is laden with claims and legal theories, but it lacks the

7    minimal factual allegations required for plausibility under *Twombly*/*Iqbal* and the Ninth Circuit's

8    interpretation of those requirements in *Landers v. Quality Commc'ns Inc.*, 771 F.3d 638, 644-45

9    (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015). This Court

10    previously dismissed all but a single claim asserted in the earlier First Amended Complaint

11    ("FAC"), in part because Plaintiffs failed to comply with *Landers*. Plaintiffs' addition of claims

12    and legal theories unaccompanied by the requisite factual allegations still fails to comply with the

13    Court's prior instruction to "show there was a particular workweek" in which they suffered the

14    alleged violations. ECF No. 76 at 3-4. Plaintiffs also have added claims for which no private right

15    of action exists and have added putative "nationwide" common-law claims that fail because

16    Plaintiffs do not allege any applicable state law.

17    The FACC represents the *sixth* iteration of the complaint in this matter and Plaintiffs have

18    been on notice that they need to comply with *Landers* since March 2017.  Accordingly, the Court

19    should dismiss portions of Plaintiffs' FACC with prejudice.

20

21

22    ---
[1] Defendants have contemporaneously filed Petitions to Compel Arbitration under Section 4 of the Federal Arbitration Act against some named Plaintiffs and opt-in Plaintiffs. *See* Notice of Pendency (ECF No. 302). Defendants currently only move for partial dismissal as to claims brought on behalf of Plaintiffs Emanuel Adamson, Juan Manuel Alvarez, Freddie Carroll, Ricky Diaz, Tommy Garadis, Sean Hoyt, Kimberlee Keller, Adriana Ponce, Alejandro Garcia Puentes, Bernadean Rittmann, Louie Ronquillo and Julie Wehmeyer. Defendants request that a ruling on this Motion be held in abeyance, pending the Court's ruling on their Renewed Motion to Compel Arbitration, which should moot the claims of nearly all remaining Plaintiffs and opt-in Plaintiffs. *See, e.g.*, *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377 (5th Cir. 2016) ("[A] district court must consider an agreement to arbitrate as a 'threshold question.'").

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 1
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II.    PROCEDURAL HISTORY

Plaintiffs Rittmann, Carroll and Wehmeyer filed the Original Complaint on October 4, 2016. ECF No. 1. The Original Complaint included collective action claims for failure to pay minimum wage and overtime under the FLSA, and class action claims for minimum wage and overtime violations of the Washington Minimum Wage Act, Willful Withholding of Wages under Washington Law and violation of Seattle's Minimum Wage Ordinance. *Id*. On December 1, 2016, Plaintiffs filed their FAC adding Raef Lawson as a named Plaintiff. ECF No. 33. The FAC added claims under the California Labor Code for failure to reimburse necessary business expenses and failure to provide itemized wage statements. *Id*.

Defendants moved to dismiss Plaintiffs' FAC or, in the alternative, to compel the claims of Plaintiff Lawson to arbitration and to exclude putative absent class members who agreed to arbitrate their claims. ECF No. 36. Among other things, Defendants argued that Plaintiffs failed to sufficiently plead minimum wage and overtime claims per the relevant pleading standards set in *Landers*, 771 F.3d at 644-45. ECF No. 36 at 7-10.

On March 6, 2017, this Court dismissed without prejudice Plaintiffs Rittmann, Carroll, Wehmeyer and Lawson's FLSA, Washington and Seattle wage claims on the grounds that the allegations were "insufficient under *Landers*." ECF No. 76 at 2-4. This Court held that Plaintiffs failed to "'show there was a particular workweek in which' any Plaintiff did not receive minimum wage or overtime compensation to which she was entitled." *Id*. at 4 (citing *Bailey v. Alpha Techs., Inc.*, No. C16-0727-JCC, 2016 WL 4211527, at *5 (W.D. Wash. Aug. 10, 2016)).

On March 22, 2017, this Court stayed all collective and class action proceedings until further notice from the Court. ECF No. 77. On April 20, 2017, Plaintiffs filed their Second Amended Complaint, which included the same named plaintiffs and claims. ECF No. 83. On June 13, 2019, this Court extended the stay pending appeal. ECF No. 133.

Plaintiffs filed their Third Amended Complaint on April 22, 2021. ECF No. 174-1. The Third Amended Complaint added named Plaintiffs Wilkins, Davarci, Brown, Adams and

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 2
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  Yarleque. *Id*. It also newly added minimum wage, expense reimbursement and tip claims under

2  Illinois, California, New York and New Jersey law, and added "nationwide" common-law class

3  action claims. *Id*.

4         On November 14, 2022, Plaintiffs filed their fifth Complaint that they titled the

5  Consolidated Class Action Complaint ("CCAC"). ECF No. 238. The CCAC added Mack, Keller,

6  Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez and Puentes as named California

7  Plaintiffs, and added causes of action for violation of the California Labor Code's requirements

8  for overtime, meal and rest periods, final pay, sick leave and unlawful deductions, as well as a

9  representative claim for civil penalties under the California Private Attorneys General Act

10 ("PAGA") by Plaintiffs Mack, Ponce, Ronquillo and Hoyt. After the Court granted Plaintiffs'

11 motion for leave to amend to add Plaintiffs Keller and Garadis to their PAGA claim, which

12 Amazon opposed on the grounds that their PAGA claims are time-barred by PAGA's one-year

13 statute of limitations, Plaintiffs filed their FACC, the sixth version, on February 1, 2023, adding

14 Plaintiffs Keller and Garadis to their PAGA claim.

15       **III.    STATEMENT OF ALLEGED FACTS**

16        Plaintiffs allege that they have worked as delivery drivers classified as independent

17 contractors for Amazon.com, Inc. or Amazon Logistics, Inc. at various times and in various states.

18 ECF No. 262 ("FACC"), ¶¶ 1, 12-30. They assert claims under the Fair Labor Standards Act

19 ("FLSA"), the laws of the states of Washington, California, Illinois, New York and New Jersey,

20 and local Seattle law for failure to pay minimum wage and overtime; unlawful withholding of

21 wages; failure to reimburse expenses; failure to provide wage statements; failure to remit

22 gratuities; failure to provide meal and rest breaks; and failure to provide sick leave. They also

23 allege two nationwide class action common law claims premised on the alleged failure to remit

24 gratuities under unspecified state laws.

25        Plaintiffs appear to wrongly believe that *Landers* does not apply to their claims. For

26 example, while Plaintiffs Rittmann and Carroll each allege some specific weeks in which they

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 3
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    contend that they received effective hourly pay rates that were less than minimum wages (*see, e.g.,*
2    FACC ¶ 51), Plaintiffs Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez and
3    Puentes do not allege *any* facts regarding any minimum wage violation as to their work. *See*
4    *generally* FACC ¶¶ 44-65.

5        Plaintiffs also assert overtime claims under the FLSA and Washington and California law,
6    but only Plaintiff Carroll alleges any facts to support ever having worked unpaid overtime:
7    "Carroll's best recollection is that he worked more than forty hours during the two weeks of April 6
8    to 12, 2016 and April 13 to 19, 2016." FACC ¶ 55. The FACC contains no allegations that any
9    other Plaintiff worked overtime hours. *See generally* FACC ¶¶ 44-65.

10       Plaintiffs Carroll, Keller, Garadis, Ponce, Ronquillo, Hoyt, Diaz, Adamson, Alvarez and
11   Puentes (the "California Plaintiffs") allege claims under the California Labor Code. Despite so
12   many California Plaintiffs who could ostensibly offer facts to support the California Labor Code
13   claims, their allegations consist of a bare recitation of the law followed by a conclusory statement
14   that California Plaintiffs suffered from such violations. FACC ¶¶ 63-64. For example, California
15   Plaintiffs allege meal period and rest break violations, but none of them allege that they ever
16   worked sufficient hours in a single workday to even trigger entitlement to a meal period or rest
17   break under California law.

18       Finally, with respect to Plaintiffs' tip-related claims, the FACC states only that "some
19   orders fulfilled by Amazon delivery drivers were eligible to receive tips from customers" and that
20   "Amazon has not always paid all tips that customers intended to benefit Amazon [F]lex delivery
21   drivers to these drivers." FACC ¶¶ 56-59. Plaintiffs offer no specific allegations about who if any
22   of the Plaintiffs delivered an order eligible for a tip, that any Plaintiff received a tip, and that
23   Amazon did not remit the full amount of the tip to that Plaintiff, let alone specific workweeks or
24   states in which this allegedly occurred. *Id*.

25

26

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 4
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1        **IV.    ARGUMENT**

2        **A.    Legal Standard for Motion to Dismiss.**

3            Rule 12(b)(6) requires that "factual allegations must be enough to raise a right to relief

4    above the speculative level" and "more than labels and conclusions, and a formulaic recitation of

5    the elements of a cause of action" must be alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

6    (2007). In other words, "a complaint must contain **sufficient factual matter**, accepted as true, to

7    'state a claim to relief that is plausible on its face.'" *Id.* (emphasis added). A court need not accept

8    as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

9    inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

10           With respect to wage and hour claims such as the present ones, "conclusory allegations

11   that merely recite the statutory language are [not] adequate." *Landers*, 771 F.3d at 646. A plaintiff

12   must allege specific periods in which pay was withheld, as well as factual allegations regarding

13   "the length and frequency of [plaintiff's] unpaid work to support a reasonable inference that

14   [plaintiff] worked more than forty hours in a given week." *Id*. A plaintiff must also allege, at a

15   minimum, that there was one week when he or she worked overtime but was not paid the required

16   overtime pay. *Id*.; *see also Boyack v. Regis Corp*., 812 F. App'x 428, 430-31 (9th Cir. 2020)

17   (applying the *Landers* rule to affirm dismissal of variety of California wage and hour claims

18   because the complaint "fails to allege a workweek" in which these violations occurred, and instead

19   "provides only conclusory allegations reciting the statutory elements").

20           Nor can Plaintiffs rely on the allegations of others to state their claims. Each Plaintiff must

21   satisfy *Landers* for each claim he or she purports to bring. *Flores v. Marriott Resorts Hosp. Corp.*,

22   No. CV 18-8012, 2019 WL 6792799, at *3 (C.D. Cal. Sept. 23, 2019) (dismissing overtime claim

23   of one plaintiff who failed to satisfy the *Landers* standard while allowing the overtime claim of

24   another plaintiff who satisfied *Landers* to proceed); *Perez v. Wells Fargo & Co*., 75 F. Supp. 3d

25   1184, 1192 (N.D. Cal. 2014) ("[A]s articulated by the Ninth Circuit in *Landers*, plaintiffs must

26   plead facts as to *each of the FLSA plaintiffs*." (emphasis added)). Conclusory allegations about

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 5
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

"class members [that] are lumped together" do not make up for a lack of "factual details regarding a specific plaintiff[]." *Castillo v. United Rentals, Inc.*, No. C17-1573, 2018 WL 1382597, at *4 (W.D. Wash. Mar. 19, 2018) (dismissing state and federal minimum wage and overtime claims based on *Landers*). That is because "named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976)).

**B.     Counts XXV-XXVI: Plaintiffs' Nationwide Common-Law Claims Fail on Multiple Grounds.**

Counts XXV and XXVI purport to be "Unjust Enrichment and Intentional Interference with Advantageous Relations" claims on behalf of a putative nationwide class and based on the alleged failure "to remit the total proceeds of gratuities" and brought "under the common law of the various states in which the conduct described" "took place." FACC ¶¶ 198, 199. But Plaintiffs cannot allege common law claims under the laws of every state as they propose here because Plaintiffs do not have standing to assert claims under the laws of every state. *Hamilton v. NuWest Grp. Holdings LLC*, No. C22-1117, 2023 WL 130485, at *3-4 (W.D. Wash. Jan. 9, 2023) (Coughenour, J.) (dismissing all claims based on any state law other than the specific states where plaintiffs alleged they worked and were injured); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1157-58 (S.D. Cal. 2021) (dismissing claims under the laws of the states where plaintiffs did not reside and purchase the products at issue because they lacked Article III standing); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017) (explaining that for each state claim alleged, there must be a plaintiff with standing to allege a claim under the laws of the state). There are forty-one states that are not referenced in any way in the FACC and therefore Plaintiffs have no standing to assert a claim under the laws of those states. FACC ¶¶ 12-30.

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 6
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Moreover, for a proposed nationwide class action, Plaintiffs "must allege the applicable law to determine whether they plead a sufficient claim," but they have not even attempted to do so. *Stewart*, 537 F. Supp. 3d at 1157 (dismissing nationwide common-law class action claims because plaintiffs failed to identify the applicable state laws). Courts in the Ninth Circuit are in accord. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, No. LAML1902905, 2022 WL 522484, at *65 (C.D. Cal. Feb. 9, 2022) ("A group of plaintiffs cannot bring a claim on behalf of a 'nationwide' class without alleging the applicable states' laws."); *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing common-law claims on behalf of a nationwide class because plaintiff failed to allege the applicable law); *Gram v. Intelligender, LLC*, No. CV 10–4210, 2010 WL 11601035, at *4 (C.D. Cal. Oct. 8, 2010) (same); *In re: Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008) (same). The common-sense reason for this rule is that "even if the basic elements" of a common-law claim "are unlikely to differ much from state to state, 'there may be (and likely are) differences from state to state regarding issues such as the applicable statute of limitations and various equitable defenses.'" *Stewart*, 537 F. Supp. 3d at 1157 (citations omitted). As a result, "[n]ot only does such a pleading practice deny defendants notice of the claim brought against them, . . . but it also makes it impossible for the Court to assess whether the claim has been adequately pled." *Gram*, 2010 WL 11601035, at *4 (citations omitted). In the absence of the specific state common laws that Plaintiffs are invoking, Plaintiffs fail to state claims for unjust enrichment and intentional interference.

**C.    Counts I, II, III, IV, VI, IX, XI, XIX, XXI, XXIV: Plaintiffs Continue to Ignore the Minimum Pleading Requirements Set Under *Landers* for Their Minimum Wage and Overtime Claims.**

This Court previously dismissed Rittmann, Carroll and Wehmeyer's FLSA, Washington, and Seattle wage claims because the allegations supporting those claims were "insufficient under *Landers*." ECF No. 76 at 2-4. The FACC gives lip service to the Court's prior order with respect to some of the named Plaintiffs but ignores this minimum pleading requirement as to most. If

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 7
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  Plaintiffs have facts sufficient to state a claim, they must plead them.

2       1.    **Counts I, III, VI, IX, XIX, XXI, XXIV: Nearly All Plaintiffs Fail to**
3             **State Facts to Support Their Minimum Wage Claims Under *Landers*.**

4       Every Plaintiff other than Rittmann, Carroll, and Wehmeyer defies this Court's prior

5  instruction to "'show there was a particular workweek in which' any Plaintiff did not receive

6  minimum wage." ECF No. 76 at 4 (citing *Bailey*, 2016 WL 4211527, at *5); *see also White v.*

7  *Relay Res.*, No. 19-0284, 2019 WL 2994668, at *2 (W.D. Wash. July 9, 2019) (Coughenour, J.)

8  ("In order to assert a claim under the FLSA, Plaintiff must allege facts to show that she worked

9  for a period of time in which she was entitled to minimum wages or overtime wages, and that she

10 did not receive those wages.").

11      The FACC offers few facts for why Plaintiffs Rittmann, Carroll, and Wehmeyer contend

12 that Amazon paid them less than the federal minimum wage. *See, e.g.*, FACC ¶ 50 (for Carroll,

13 federal minimum wage ($7.25 per hour) not met from August 10 to 16, 2016, and August 17 to 23,

14 2016, because "after accounting for expenses and excluding tips from customers, he estimates he

15 made between $5.75 and $7.00 per hour those weeks"); *see also* FACC ¶ 51(Wehmeyer); FACC

16 ¶ 51 (Rittmann). In contrast, there are ***no* allegations** in the FACC about when any alleged failure

17 to pay minimum wages occurred for any of the remaining Plaintiffs and the Court should dismiss

18 their FLSA minimum wage claims.

19      Plaintiffs' state and local minimum wage claims suffer from the same deficiency. Courts

20 have consistently held that the Ninth Circuit's reasoning applies with equal force to state-law

21 claims. *See, e.g.*, *Bailey*, 2016 WL 4211527, at *2-4 (Coughenour, J.) (dismissing plaintiff's

22 overtime claims under Washington law and the FLSA and holding that although plaintiff went

23 "beyond merely paraphrasing the legal standard," the allegations still did not state plausible wage

24 claims); *Boyack*, 812 F. App'x at 430-31 (affirming dismissal of California wage and hour claims

25 for failure to satisfy *Landers*); *Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 4179153,

26 at *3 (N.D. Ill. Aug. 8, 2016) (holding that plaintiffs failed to state a claim under the FLSA and/or

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 8
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  the Illinois Minimum Wage Law because plaintiffs' overtime allegations "mirror[ed] those

2  deemed insufficient" in *Landers* and did not "identif[y] a single instance of any named plaintiff

3  working more than forty hours in a week without due compensation").

4      Among the California Plaintiffs who assert a California minimum wage claim (Count IX),

5  there are no specific allegations at all in the FACC. *See* FACC ¶¶ 13, 15, 16, 18-30. Similarly, for

6  the Seattle minimum wage claims alleged by Rittmann and Carroll, neither allege a specific

7  workweek when their wages fell below minimum wage while working *in Seattle*. FACC ¶¶ 12,

8  50, 51. Rittmann, likewise, does not allege where she was working when her wages allegedly fell

9  below the federal minimum wage—one is left to guess whether it occurred in any of the places she

10  claims to have worked, namely Nevada, California, Washington, or some other unspecified

11  location. FACC ¶¶ 12, 51.

12   **2.    Counts II, IV, XI: Plaintiffs Fail to State Facts to Support Overtime**
13   **Claims Under *Landers*.**

14      Plaintiffs allege three unpaid overtime claims: their FLSA overtime on behalf of the

15  collective (Count II), and Rule 23 overtime claims under Washington (Count IV) and California

16  Law (Count XI). This Court previously dismissed Plaintiffs' FLSA overtime claim because their

17  allegations that "delivery drivers are not paid overtime" and that "Plaintiff Freddie Carroll

18  regularly worked in excess of 40 hours per week" were "insufficient under *Landers*." ECF No. 76

19  at 4.

20      Plaintiffs want this Court to overlook that Plaintiff Carroll still has not alleged the number

21  of hours allegedly worked in any workweek to conclude that Carroll – and only Carroll – has

22  satisfied *Landers* as to his FLSA overtime claim. Plaintiffs allege that during "the weeks of April 6

23  to 12, 2016 and April 13 to 19, 2016" Carroll "was not paid time-and-a-half his regular hourly rate

24  of $18.00 per hour for any of the hours he worked in excess of forty hours." FACC ¶ 55. But like

25  the prior deficient complaint, Carroll again does not allege how many hours he worked during

26  those weeks. *Id*. Nor does he allege in which state he performed services, and therefore he fails to

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 9
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

state a claim under California or Washington overtime laws. *Id*.

The FACC contains **no allegations** identifying any workweek where any other Plaintiff worked more than 40 hours or, for the California Plaintiffs, a day where they worked more than 8 hours. As such, the FLSA overtime claim should be dismissed as to all Plaintiffs, and the Washington and California overtime claims should be dismissed in their entirety.

### D.    Count V: Washington Plaintiffs Fail to State Facts Sufficient to Support Their Claim for Withheld Wages Under Washington Law.

The FACC is similarly devoid of facts to support a claim under Washington law RCW section 49.52.050 (Count V) brought by Rittmann and Carroll. The statute penalizes employers "who . . . willfully and with intent to deprive [an] employee of any part of his or her wages, . . . pay[s] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." As to the critical element of willfulness, "a nonpayment of wages is willful when it is not a matter of mere carelessness, but the result of knowing and intentional action." *Ebling v. Gove's Cove, Inc.*, 34 Wash. App. 495, 500 (1983) (citation omitted). A Defendant's "genuine belief that he is not obligated to pay certain wages precludes the withholding of wages from falling within the operation of RCW 49.52.050(2) and 49.52.070." *Id*. (citation omitted).

Plaintiffs formulaically allege that Amazon generally "withh[eld] pay from drivers for all hours worked," and that "it often takes drivers more time to complete their deliveries than scheduled shifts, but drivers do not receive additional compensation for this extra time." FACC ¶¶ 4, 53. Plaintiffs then conclude, without reference to any alleged facts, that Amazon's withholding of wages was knowing and intentional. *See* FACC ¶¶ 4 ("by willfully withholding pay"), 127 ("Amazon's willful conduct"). Such a "formulaic recitation of the elements" of an RCW 49.52.050 claim is insufficient to state such a claim. *Guardado v. Cascadian Bldg. Mgmt., Ltd*, No. C16-0303, 2016 WL 3105041 (W.D. Wash. June 1, 2016) (quoting *Twombly*, 550 U.S. at 555). *Cf. Waters v. Mitchell*, No. C21-0087, 2022 WL 1268169, at *6-7 (W.D. Wash. Apr. 28,

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 10
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

2022) (denying motion for default based on standard similar to standard for motion to dismiss because claim for unpaid wages and double wage penalties lacked facts). Instead, Plaintiffs must, but did not, include factual support that the allegedly withheld wages are "the result of a knowing and intentional action and not the result of a bona fide dispute." *Walters v. Superior Tank Lines Nw. Div., LLC*, No. C19-191, 2019 WL 1923053, at *2 (W.D. Wash. Apr. 30, 2019); *see also Butler v. G4S Secure Sols. (USA), Inc.*, No. 2:19-CV-194, 2019 WL 6039966, at *7 (E.D. Wash. Nov. 14, 2019) (dismissing withholding claim because there were no facts to support that defendant knew wage withholding was unlawful); *Ochoa v. Serv. Emps. Int'l Union Loc. 775*, No. 2:18-CV-0297, 2019 WL 1601361, at *4 (E.D. Wash. Apr. 15, 2019) ("Ochoa does not allege facts suggesting Public had the intent to deprive Ochoa of her pay"); *Brandt v. Beadle*, No. C19-6159 BHS, 2020 WL 4597262, at *2 (W.D. Wash. Aug. 11, 2020) (holding that the allegation that a refusal to pay severance under an employment agreement "is insufficient to establish that it is plausible that Defendants have acted knowingly and intentionally in refusing to pay his severance obligation"). Accordingly, the claims under RCW 49.52.050(2) must be dismissed.

### E.     Counts VII-XVII, XXVII: The California Labor Code Claims Are Riddled with Pleading Deficiencies.

#### 1.     Count XII: California Plaintiffs Fail to State Facts to Support Meal and Rest Break Claims.

California Plaintiffs allege a claim for Failure to Provide Meal and Rest Breaks under the California Labor Code (Count XII). However, the FACC only alleges the following four conclusory statements that "[a]s a result of Defendants' misclassification of Plaintiffs as independent contractors," Amazon:

1. "failed to adopt meal and rest break policies consistent with California law," FACC ¶ 62;

2. "did not maintain a policy authorizing their workers to take paid rest breaks amounting to 10 minutes of time for each four hours of work or major fraction thereof on their shifts in California," *id.*; *see also* FACC ¶ 140;

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 11
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

3. "required and continue to require Plaintiffs to work for periods of more than 10 hours per day with no provision of a second meal period of at least 30 minutes," FACC ¶ 139; and

4. "never authorized Plaintiffs to take their timely 30-minute duty-free meal breaks, on or before the fifth hours of time shifts, and . . . never paid any missed meal break premiums to its workers," FACC ¶ 63; *see also* FACC ¶¶ 138-39.

These conclusions are plainly insufficient.

District courts have consistently held that the *Landers* pleading requirements are equally applicable to meal and rest break claims. *See, e.g.*, *Wood v. N. Am. Van Lines, Inc.*, No. 820CV02092, 2021 WL 3134203, at *4 (C.D. Cal. July 23, 2021) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs' state . . . meal period, and rest break allegations[.]"); *Perez v. DNC Parks & Resorts at Sequoia*, No. 119CV00484, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (same). To comply with *Landers*, California Plaintiffs must, at minimum, "plead at least one specific instance where he or she personally experienced a missed meal or rest period." *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016); *Freeman v. Zillow, Inc.*, No. SACV1401843, 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015) (same). No Plaintiff satisfies this requirement.

*First*, Plaintiffs have not alleged any facts to make it plausible that they were entitled to rest, meal or second meal periods while performing work for Amazon. Under the California Labor Code, employees are not entitled to a rest period unless they work at least three and a half hours. *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1029 (2012) (explaining that California's rest period requirement is not triggered for shifts "under three and one-half hours"). And employees are not entitled to any meal break unless they work more than five hours in a workday or to a second meal period unless they work more than ten hours. *Id*. at 1041, 1045 n.24. Nowhere in the FACC are there any allegations that even one California Plaintiff worked more than three and a half, five, or ten hours in a workday, let alone that they each did, let alone a specific instance when each of these things happened. FACC ¶¶ 6, 13, 16, 17, 22-30, 47, 50, 52, 62, 63, 137-42. Plaintiffs

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 12
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    cannot rely on their allegations that "merely recit[e] the statutory language in the relevant statutes."

2    *Wood*, 2021 WL 3134203, at *4.

3        *Second*, Plaintiffs' allegations that Amazon did not maintain meal and rest break policies

4    are insufficient to state a claim for meal and rest break violations under California law. *See, e.g.*,

5    *Parsittie v. Schneider Logistics, Inc.*, No. CV193981, 2019 WL 8163645, at *5 (C.D. Cal. Oct. 29,

6    2019) (dismissing meal and rest break claims in part because "a lack of a formal written policy

7    encouraging meal or rest breaks is . . . insufficient to state a claim"); *Green v. Lawrence Serv. Co.*,

8    No. CV12-06155, 2013 WL 3907506, at *8 (C.D. Cal. July 23, 2013) ("[U]nder California law,

9    the absence of a formal written policy does not constitute a violation of the meal and rest period

10   laws.").

11           **2.    Count X: California Plaintiffs Fail to State Facts to Support a Claim**
12           **for Failure to Remit Tips.**

13       Plaintiffs bring a claim for Failure to Remit Full Proceeds of Gratuities under the California

14   Labor Code and the California Unfair Competition Law (Count X). California Labor Code section

15   351 provides that "[n]o employer . . . shall collect, take, or receive any gratuity . . . left for an

16   employee by a patron." Plaintiffs merely allege that "Defendants have violated California Labor

17   Code § 351 in not remitting to Amazon Flex delivery drivers the total gratuities that are charged

18   to customers." FACC ¶ 132. Not a single California Plaintiff even alleges that any customer paid

19   them a gratuity or that Amazon did not remit them. Instead, the FACC merely parrots statutory

20   language, asserts legal conclusions, and makes generalized allegations about "drivers" and

21   "customer tips." FACC ¶¶ 13, 15, 16, 17, 22-30, 132 ("Amazon's conduct . . . in failing to remit

22   to its delivery drivers who have worked in California the total proceeds of gratuities collected from

23   customers constitutes a violation of California Labor Code § 351."). Such conclusions are no

24   substitute for specific facts as to when and how a tip was withheld, and they are plainly insufficient

25   to state a claim. *See Twombly*, 550 U.S. at 555; *Landers*, 771 F.3d at 646.

26

---

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 13
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

### 3.    Count XIV: California Plaintiffs Fail to Allege Sufficient Facts to State a Claim for Waiting Time Penalties.

Plaintiffs also seek derivative waiting time penalties under Labor Code section 203 (Count XIV) for the alleged failure to timely receive all earned wages with their final pay upon termination as required by sections 201 and 202. Even if Plaintiffs had sufficiently alleged the underlying violations, Plaintiffs' waiting time penalty claim fails for lack of factual allegations that could support that any Plaintiff is entitled to waiting time penalties. *Wood*, 2021 WL 3134203, at *3 (dismissing derivative waiting time penalty claim where plaintiff failed to sufficiently allege the underlying meal, rest, and overtime claims).

The FACC concludes that Defendants "failed to pay all earned wages to [the California] Plaintiffs during their employment with Defendants" but does not specify what wages were owed or to whom. FACC ¶ 150. Plaintiffs also vaguely conclude that "members of the Class have been discharged, laid off, resigned, retired or otherwise voluntarily left employment." *Id*. Plaintiffs do not, however, allege that any California Plaintiff or Amazon terminated the parties' independent contractor agreement, or that any California Plaintiff notified Amazon they no longer intended to provide services.[2] Without those requisite factual details regarding California Plaintiffs, none of them states a claim for waiting time penalties. *Boyack*, 812 F. App'x at 431 (applying *Landers* to affirm dismissal of a claim for "failure to pay wages owed upon termination" because the complaint "provides only conclusory allegations reciting the statutory elements" of that claim); *Durham v. Autism Spectrum Therapies, LLC*, No. 2:19-CV-07684, 2019 WL 10097456, at *4 (C.D. Cal. Oct. 31, 2019) (dismissing waiting time penalty claim because the "conclusory

---

[2] Although Puentes alleges that he has not worked for Amazon as a driver since 2019 (FACC ¶ ), there are no factual allegations that Puentes "resigned" or was "terminated" – as opposed to just not selecting a delivery block on his Amazon Flex app – or that Amazon had notice of either hypothetical event. Without such facts, Puentes failed to allege a plausible claim that Amazon willfully failed to pay him his final "wages." *Partida v. Stater Bros. Mkts.*, No. 518CV02600SJOKKX, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019) (dismissing section 203 claim because "[p]laintiff does not provide facts describing the date of her own purported termination, the date she received her own final paycheck, its amount, or the amount she purportedly should have received" and therefore the "cause of action does not contain enough 'factual enhancement' to cross 'the line between possibility and plausibility'").

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 14
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

allegations are not sufficient to show that Defendant owed Plaintiff wages at the time of termination"); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (same).

Moreover, the waiting time claim fails for the additional reason that section 203 provides for waiting time penalties only if an employer "willfully" fails to comply with California's final pay statutes. Plaintiffs fail to plead the required "willful" conduct to trigger penalties. They merely allege the legal conclusion that "Defendants' conduct in this regard has been willful." FACC ¶ 150. But this conclusion is not enough. *See Suarez v. Bank of Am. Corp.*, No. 18-CV-01202, 2018 WL 2431473, at *9 (N.D. Cal. May 30, 2018) (dismissing waiting time penalty claim because "[m]erely alleging willfulness is insufficient to satisfy Rule 8"). Nor can Plaintiffs rely on the mere allegation that Amazon acted "volitionally" to allege that it acted willfully because, as the California Supreme Court and the Ninth Circuit have held, willfulness requires something more: that a defendant has no objectively reasonable defense to whether any wages are owed. *Naranjo v. Spectrum Sec. Servs., Inc.*, No. S279397, 2024 WL 1979980, at *15 (Cal. May 6, 2024); *Hill v. Walmart Inc.*, 32 F.4th 811, 816 (9th Cir. 2022).

### 4.    Count XV: California Plaintiffs' Sick Leave Claim Fails Because There Is No Private Right of Action.

Plaintiffs' claim for Failure to Provide Paid Sick Leave under California Labor Code section 246 (Count XV) must be dismissed because section 246 does not confer a private right of action. Rather, the California sick leave statute's enforcement mechanism is found at Labor Code section 248.5, which specifies that employees may report suspected paid sick leave violations to the Labor Commissioner, and the Labor Commissioner or the Attorney General—***not a private plaintiff***—may bring civil actions against an employer. Courts examining this issue routinely find there is no private right of action under section 246. *See, e.g.*, *Phoung v. Winco Holdings, Inc.*, No. 2:21-CV-2033-MCE-JDP, 2022 WL 3636369, at *6 (E.D. Cal. Aug. 23, 2022) (finding no private right of action under section 246); *Rudolph v. Herc Rentals, Inc.*, No. 220CV05412, 2021 WL

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 15
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

5994514, at *3 (C.D. Cal. Aug. 27, 2021) (same); *Schroeder v. Envoy Air, Inc.*, No. CV 16-04911, 2016 WL 11520388, at *11 (C.D. Cal. Sept. 27, 2016) (same); *Titus v. McLane Foodservice, Inc.*, No. 216CV00635, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016) (same).

### 5.   Count XVI: The California Plaintiffs Fail to Allege Sufficient Facts to State an Unlawful Deduction Claim.

Plaintiffs fail to state an Unlawful Deductions claim (Count XVI) under California Labor Code sections 221, 223, and 400-410. Plaintiffs allege that Amazon violated each of these statutes because Amazon allegedly "unlawfully tak[es] deductions" "to cover certain ordinary business expenses" such as "providing refunds to customers." FACC ¶ 162. Even were that true (it is not), there is no private right of action for Labor Code section 221 or 223. *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1137 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013) (no private right of action under Labor Code section 223); *Gunawan v. Howroyd-Wright Emp. Agency*, 997 F. Supp. 2d 1058, 1068 (C.D. Cal. 2014) (no private right of action under Labor Code sections 221 and 223). Nor is there a private right of action in Labor Code sections 400-410 because section 408 states that employers who violate this article are guilty of a misdemeanor and section 410 states, the "Labor Commissioner shall enforce this article." Cal. Lab. Code §§ 408, 410. Nothing in sections 400-410 authorizes a private right of action. *Cf. Sanchez v. Aerogoup Retail Holdings, Inc.*, 2013 WL 1942166 (N.D. Cal. May 8, 2013) (no private right of action in Labor Code section 450 because section 451 "create[s] criminal liability for violation of section 450 and [does] not authorize a civil suit by private citizens").

Even if there were a private right of action- (there is none), Plaintiffs have alleged no facts relevant to Labor Code sections 400 through 410. Section 400 defines "applicant" as an applicant for employment, section 401 states that an employer must pay the cost if it requires an employee to obtain a bond or photograph, and section 402 generally prohibits an employer from accepting any cash bond from an employee or applicant. Sections 403 through 406 detail the employer's obligations handling, maintaining and returning cash received as a bond. Section 407 makes it

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 16
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

illegal for an employer to require an employee to invest in a business to obtain employment. Sections 408 through 410 address enforcement, and violations, of sections 401 through 407. Plaintiffs do not allege anything remotely similar to the circumstances covered in these provisions – nor can they. *See generally* FACC. *Landers*, 771 F.3d at 644-45 (requiring factual allegations of wage and hour violations in a particular workweek to make them plausible).

6.      **Count XIII: California Plaintiffs' Duplicative Count XIII for Wage Statement and Recordkeeping Violations Should Be Dismissed or Stricken.**

Count XIII for Failure to Properly Report Pay and Keep Employment Records under California Labor Code sections 226 and 1174 should be dismissed or stricken. To the extent Count XIII is predicated on an alleged violation of Labor Code section 226, this claim should be stricken under Rule 12(f) as redundant to Count VIII. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (noting that claim for damages would be redundant if it "appear[ed] anywhere else in the complaint"); *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 342 (N.D. Cal. 2014) (same). To the extent Count XIII is predicated on a violation of Labor Code section 1174, it fails because there is no private right of action under section 1174. *Hughes v. United Airlines, Inc.*, No. 3:22-CV-08967-LB, 2024 WL 115932, at *3 (N.D. Cal. Jan. 10, 2024) (holding no private right of action under section 1174 and collecting cases holding the same).

7.      **Count XXVII: The PAGA Claim Fails Because Plaintiffs Keller, Garadis, Ponce, Ronquillo and Hoyt Fail to Allege Facts to Support the Alleged Underlying Violations.**

California Plaintiffs Keller, Garadis, Ponce, Ronquillo and Hoyt allege claims for civil penalties under PAGA based on, among other things, alleged violations of the California Labor Code's requirements for minimum wage, overtime, meal and rest breaks, and waiting time penalties. FACC ¶ 201. Because those California Plaintiffs each fail to allege any facts to support that they suffered any of those alleged violations (*supra* sections IV. E1-6), they lack standing to seek civil penalties under PAGA for those alleged violations. *Sousa v. WalMart, Inc.*, No. 1:20-CV-00500-EPG, 2023 WL 1785960, at *12 (E.D. Cal. Feb. 6, 2023) (dismissing PAGA claim for

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 17
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  lack of Article III standing) (citing *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 (9th Cir.

2  2021)).

3  **8.      Count XVII: Claims Under the UCL Must Be Dismissed.**

4  Much of the California Plaintiffs' claim for violation of the California Business &

5  Profession Code sections 17200, *et seq.* (the "UCL") (Count XVII) is derivative of their

6  inadequately pled Labor Code claims. California Plaintiffs, for example, allege that Amazon

7  violated the UCL by failing to pay minimum wage, overtime, provide meal breaks, rest breaks,

8  and to timely pay wages. FACC ¶ 166. To the extent California Plaintiffs fail to sufficiently plead

9  the underlying claims, their derivative UCL claims fail. *Barajas v. Blue Diamond Growers Inc.*,

10  2023 WL 2333548, at *11 (E.D. Cal. Mar. 2, 2023) (dismissing UCL claim derivative of

11  deficiently pled wage and hour claims).

12  There are additional reasons to dismiss the California Plaintiffs' UCL claim. A private

13  plaintiff's remedies under the UCL are limited to injunctive relief (if they have standing based on

14  a current relationship with the defendant) and restitution. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th

15  1389, 1401 (2010). Here, the California Plaintiffs impermissibly assert a UCL claim based in part

16  on alleged violations of various California statutes that provide only for the recovery of *penalties*,

17  including California Labor Code sections 201-203, 226, 226.8, 1174; but such penalties, by

18  definition, are not restitutionary in nature and, therefore, the California Plaintiffs cannot recover

19  them under the UCL. *See, e.g., Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1402 (2010) ("We

20  thus hold section 203 penalties cannot be recovered as restitution under the UCL."); *Campbell v.*

21  *PricewaterhouseCoopers*, No. CIV S-06-2376LKK/GGH, 2008 WL 3836972 (E.D. Cal. Aug. 14,

22  2008) (penalties under sections 203 and 226 "are not recoverable under the UCL"); *Hassell v.*

23  *Uber Techs., Inc.,* No. 20-CV-04062-PJH, 2021 WL 2531076, at *22 (N.D. Cal. June 21, 2021)

24  (dismissing the plaintiff's UCL claim "to the extent plaintiff premises it on a violation of Labor

25  Code § 226.8."); *Byrd v. Masonite Corp.*, 215 F. Supp. 3d 859, 864 (C.D. Cal. 2016) (holding that

26  section 1174 cannot support a UCL claim).

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 18
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    Plaintiffs also allege violations of the UCL based on alleged violations of the FLSA's

2   recordkeeping provisions (29 U.S.C. § 211(c) and § 215(a)) and section 923 of the National Labor

3   Relations Act because the Flex app allegedly disabled users' ability to take screenshots. But, again,

4   these claims do not seek any recovery that is restitutionary in nature (like lost property or money)

5   and, therefore, they cannot use the UCL as a backdoor to convert what otherwise would be federal

6   claims into laws under California's UCL statute. *Korea Supply Co. v. Lockheed Martin Corp.*, 29

7   Cal. 4th 1134, 1144 (2003) ("A UCL action is equitable in nature; damages cannot be

8   recovered.").[3]

9    Accordingly, Plaintiffs' attempt to shoehorn claims under Labor Code sections 201-203,

10  226, 226.8, 1174, the FLSA's recordkeeping provisions and the National Labor Relations Act into

11  their UCL cause of action fail because none of the underlying claims provide for restitutionary

12  remedies cognizable under the UCL. For these reasons, the Court should dismiss the UCL claim

13  for failure to state a claim.

## V.    **CONCLUSION**

15    For all these reasons, the Court should dismiss portions of the First Amended Consolidated

16  Class Action Complaint.

17  Dated: June 14, 2024                *I certify that this motion contains 6,896 words,*
                                       *in compliance with the Local Civil Rules.*
18

19                                      Respectfully submitted,

20                                      By: _s/ Andrew DeCarlow_

21                                         Andrew DeCarlow, WSBA No. 54471
                                           MORGAN, LEWIS & BOCKIUS LLP
22                                         1301 Second Avenue, Suite 3000
                                           Seattle, WA 98101
23                                         Telephone: (206) 274-0154

24  [3] In any event, claims for violation of the NLRA are preempted and cannot be brought under the UCL. *San
    Antonio Community Hosp. v. So. Cal. Dist. Council of Carpenters*, 125 F.3d 1230, 1235 (9th Cir. 1997)
25  (state law claims arising out of a labor dispute preempted by LMRA); *Hubins v. Operating Engineers Loc.
    Union No. 3*, No. C-04-3091 MMC, 2004 WL 2203555, at *11 (N.D. Cal. Sept. 29, 2004) (holding that
26  plaintiff could not allege UCL claim premised on NLRA violation because the claim is preempted).

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 19
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian D. Berry (*pro hac vice*)
Sarah Zenewicz (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

John S. Battenfeld (*pro hac vice*)
Max C. Fischer (*pro hac vice*)
Brian D. Fahy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
jbattenfeld@morganlewis.com
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc.,
Amazon Logistics, Inc., Amazon.com
Services Inc.*

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 20
CASE NO. 2:16-cv-01554-JCC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on June 14, 2024, I caused to be electronically filed the foregoing

3  **DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST**

4  **AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** with the Clerk of Court

5  using the CM/ECF system, which will automatically send email notification of such filing to the

6  registered attorneys of record.

7

8                    By: s/ *Andrew DeCarlow*
                     Andrew DeCarlow
9                    MORGAN, LEWIS & BOCKIUS LLP
                     1301 Second Avenue, Suite 3000
10                   Seattle, WA 98101
                     Telephone: (206) 274-0154
11                   Facsimile: (206) 274-6401
                     andrew.decarlow@morganlewis.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT – PAGE 21
CASE NO. 2:16-cv-01554-JCC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401