THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554 JCC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO ENJOIN PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>**NOTE ON MOTION CALENDAR: July 19, 2024** |



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 4
III. ARGUMENT ........ 7
  A. Plaintiffs do not satisfy the well-settled requirements for injunctive relief. ........ 7
    1. Plaintiffs fail to demonstrate a likelihood of succeed on the merits. ........ 8
      a. Amazon properly invoked its federal and state statutory rights to compel Plaintiffs to arbitrate where they agreed to arbitrate. ........ 8
      b. Plaintiffs' cited cases do not support their arguments. ........ 12
      c. Even if the first-to-file doctrine applies, Plaintiffs should raise it in the Petition proceedings rather than seek extraordinary injunctive relief to block those proceedings. ........ 13
    2. Plaintiffs fail to demonstrate irreparable harm. ........ 15
    3. Plaintiffs fail to show that the balance of equities and public interest support an injunction. ........ 16
  B. There is no basis for sanctions. ........ 17
IV. CONCLUSION ........ 19




MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Automobilia II, LLC v. Getty Images Inc.*,
No. 22-cv-2560, 2022 WL 19767262 (C.D. Cal. Oct. 18, 2022) ....................................9, 11

*AXIS Reinsurance Co. v. Northrop Grumman Corp.*,
No. 17-cv-8660, 2018 WL 4808540 (C.D. Cal. June 21, 2018)............................3, 13, 14, 15

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
No. 06-cv-715, 2012 WL 3757486 (N.D. Cal. July 5, 2012) ...................................2, 3, 8, 12

*Bergh v. Washington*,
535 F.2d 505 (9th Cir. 1976) ..........................................................................................1, 14

*Bissonnette v. LePage Bakeries Park St., LLC*,
601 U.S. 246 (2024)...........................................................................................................5, 11, 18

*In re Bozic*,
888 F.3d 1048 (9th Cir. 2018) ...............................................................................................8

*Broadcom Corp. v. Qualcomm, Inc.*,
No. 05-cv-468, 2005 WL 5925585 (C.D. Cal. Sept. 26, 2005) ............................................14

*Capili v. Finish Line, Inc.*,
116 F. Supp. 3d 1000 (N.D. Cal. 2015)...............................................................................17

*Caremark LLC v. Chickasaw Nation*,
No. 21-cv-574, 2021 WL 2780859 (D. Ariz. July 2, 2021)........................................... *passim*

*Caremark LLC v. Choctaw Nation*,
No. 21-cv-1554, 2022 WL 475981 (D. Ariz. Feb. 16, 2022) ....................................... *passim*

*Caremark LLC v. Choctaw Nation*,
No. 21-cv-1554, 2022 WL 768098 (D. Ariz. Mar. 14, 2022)...............................................2, 9

*Caremark, LLC v. Chickasaw Nation*,
43 F.4th 1021 (9th Cir. 2022) ........................................................................................2, 3, 9, 18

*Caremark, LLC v. Choctaw Nation*,
104 F.4th 81 (9th Cir. 2024) ...................................................................................................2, 9



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Chickasaw Nation v. Caremark PHC, LLC*,
No. 20-cv-488, 2022 WL 4624694 (E.D. Okla. Sept. 30, 2022) .......... 9

*Cont'l Grain Co. v. Dant & Russell*,
118 F.2d 967 (9th Cir. 1941) .......... 10, 16

*Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*,
No. 24-cv-25, 2024 WL 841766 (W.D. Wash. Feb. 28, 2024) .......... 3, 15

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) .......... 14

*Doe v. Deja Vu Servs., Inc.*,
No. 16-cv-10877, 2017 WL 530434 (E.D. Mich. Feb. 9, 2017) .......... 8

*Dunkin' Donuts Franchised Restaurants LLC v. Wometco Donas Inc.*,
53 F. Supp. 3d 221 (D. Mass. 2014) .......... 14

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018) .......... 16

*FTC v. Alaska Land Leasing, Inc.*,
799 F.2d 507 (9th Cir. 1986) ("Section 1927 does not authorize recovery from a party[.]") .......... 17

*FTC v. Standard Oil Co. of Cal.*,
449 U.S. 232 (1980) .......... 3, 15

*Graham v. State Farm Mut. Auto. Ins. Co.*,
565 A.2d 908 (Del. 1989) .......... 16

*Harper v. Amazon.com Servs. Inc.*,
No. 19-cv-21735, 2022 WL 17751465 (D.N.J. Dec. 19, 2022) .......... 2, 11, 12

*Kaass L. v. Wells Fargo Bank, N.A.*,
799 F.3d 1290 (9th Cir. 2015) .......... 17

*In re Keegan Mgmt. Co., Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) .......... 17, 19

*Lexington Ins. Co. v. Centex Homes*,
795 F. Supp. 2d 1084 (D. Haw. 2011) .......... 10, 12, 13



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

**TABLE OF AUTHORITIES**
(continued)


**Page(s)**

*Lone Ranger TV Inc. v. Program Radio Corp.*,
740 F.2d 718 (9th Cir. 1984) ....................18

*Matson v. United Parcel Servs., Inc.*,
No. 10-cv-1528, 2018 WL 3608396 (W.D. Wash. July 26, 2018) ....................17

*MEI Techs., Inc. v. Detector Networks Int'l, LLC*,
No. 09-cv-425, 2009 WL 10665141 (D.N.M. July 6, 2009) .................... *passim*

*Melikyan v. Amazon.com, Inc.*,
No. 21-cv-8715, 2023 WL 4505065 (C.D. Cal. July 5, 2023) ....................1, 11

*Mendis v. BMW of N. Am. LLC*,
No. 22-cv-922, 2024 WL 2922932 (W.D. Wash. June 10, 2024) ....................18

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010) ....................1, 7

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*,
No. 11-cv-1892, 2012 WL 3277222 (N.D. Cal. Aug. 9, 2012) ....................13, 14

*Nationwide Biweekly Admin., Inc. v. Owen*,
873 F.3d 716 (9th Cir. 2017) ....................15

*New Alaska Dev. Corp. v. Guetschow*,
869 F.2d 1298 (9th Cir. 1989) ....................17

*Hooks ex rel. NLRB v. Nexstar Broad., Inc.*,
54 F.4th 1101 (9th Cir. 2022) ....................7

*Ortego v. Lummi Island Scenic Ests. Cmty. Club, Inc.*,
No. 14-cv-1840, 2017 WL 1210065 (W.D. Wash. Apr. 3, 2017) ....................18

*PMP II, LLC v. D.B. Zwirn Real Est. Credit Partners, LLC*,
No. 08-cv-583, 2009 WL 10677194 (D. Haw. Apr. 10, 2009) ....................14, 15

*Rampersad v. Rentex Inc.*,
No. 16-cv-1710, 2017 WL 2876783 (S.D. Cal. Mar. 13, 2017) ....................14, 15

*Rittmann v. Amazon.com, Inc.*,
971 F.3d 904 (9th Cir. 2020) ....................4




MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Sampson v. Murray*,
415 U.S. 61 (1974) ........ 15

*Simon Greenstone Panatier Bartlett PC v. John Crane, Inc.*,
No. 16-cv-1179, 2016 WL 4769749 (C.D. Cal. Aug. 26, 2016) ........ 14

*Smith v. SEC*,
129 F.3d 356 (6th Cir. 1997) ........ 11

*Southwest Airlines Co. v. Saxon*,
596 U.S. 450 (2022) ........ 4, 11, 18

*Starbucks Corp. v. McKinney*,
144 S. Ct. 1570 (2024) ........ 1, 7

*Textile Unlimited, Inc. v. A..BMH & Co.*,
240 F.3d 781 (9th Cir. 2001) ........ 10, 11, 16

*Vargas v. Delivery Outsourcing, LLC*,
No. 15-cv-3408, 2016 WL 946112 (N.D. Cal. Mar. 14, 2016) ........ 17

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008) ........ 7, 15

**Statutes**

9 U.S.C. § 1 ........ 4

9 U.S.C. § 3 ........ 9

9 U.S.C. § 4 ........ *passim*

28 U.S.C. § 1927 ........ 17, 19



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

## I. INTRODUCTION

Amazon properly invoked its rights to file petitions to compel arbitration in the district courts where the respondents agreed to arbitrate their claims against Amazon. And, while every injunction is extraordinary relief, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), and an injunction against proceedings in other federal courts is even more so, *Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir. 1976). Against the "background of several hundred years of history," injunctive relief requires a showing that the movants are "likely to succeed on the merits" and "likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (citations omitted). Plaintiffs fail to satisfy any of these factors and thus come far short of meeting their high burden for the extraordinary relief they seek. The Court should deny Plaintiffs' motion for an injunction and for sanctions (Dkt. #304) (the "Injunction Motion").

First, Plaintiffs have not shown that they are likely to succeed on the merits—as to either Amazon's petitions to compel arbitration or their arguments under the first-to-file doctrine. The Amazon Flex Independent Contractor Terms of Service ("TOS") provides for arbitration near where the Delivery Partner performed services. On June 14, 2024, Amazon filed twenty-two petitions to compel arbitration under 9 U.S.C. § 4 and analogous state law (the "Petitions") against certain named and opt-in Plaintiffs who (1) agreed to arbitrate under the TOS and (2) performed Amazon Flex services outside this judicial District (the "Petition Respondents"). The question of which Plaintiffs must arbitrate under federal and various state laws remains a live issue in this case, as reflected by this Court's permitting Amazon to refile its motion to compel arbitration. *See* Dkt. #298. Many Petition Respondents are subject to a TOS not previously considered by this Court and the Ninth Circuit, and there are potentially seventeen state arbitration laws that may be grounds to enforce these agreements. Indeed, other courts have enforced the TOS under state law. *See Melikyan v. Amazon.com, Inc.*, No. 21-cv-8715, 2023 WL 4505065, at *3 (C.D. Cal. July 5,



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

2023) (enforcing Amazon Flex TOS under Delaware law); *see also Harper v. Amazon.com Servs. Inc.*, No. 19-cv-21735, 2022 WL 17751465, at *7 (D.N.J. Dec. 19, 2022) (enforcing Amazon Flex TOS under Washington and/or New Jersey law). Importantly, and as Plaintiffs admit (at 18), this Court lacks authority under Ninth Circuit precedent to compel arbitration in the locations near where the Petition Respondents worked. The courts presiding over the Petitions can do that, but this Court can only stay this litigation or compel arbitration in the Western District of Washington.

Plaintiffs' main contention on the merits is that the Petitions are barred by the first-to-file doctrine. But that argument does not work in these circumstances—as other courts in this Circuit have recently determined. *See Caremark LLC v. Chickasaw Nation*, No. 21-cv-574, 2021 WL 2780859, at *2 (D. Ariz. July 2, 2021) (denying first-to-file motion and compelling arbitration), *aff'd*, 43 F.4th 1021 (9th Cir. 2022); *accord Caremark LLC v. Choctaw Nation*, No. 21-cv-1554, 2022 WL 475981, at *4 (D. Ariz. Feb. 16, 2022) (denying first-to-file motion); *see also Caremark LLC v. Choctaw Nation*, No. 21-cv-1554, 2022 WL 768098, at *6 (D. Ariz. Mar. 14, 2022) (compelling arbitration), *aff'd*, 104 F.4th 81 (9th Cir. 2024). The courts in *Chickasaw* and *Choctaw* recognized that a petition to compel arbitration under 9 U.S.C. § 4 is properly filed in the federal district covering the contractually designated arbitration location, and the Ninth Circuit has twice affirmed that outcome. *See Chickasaw*, 43 F.4th at 1034 (affirming grant of petition to compel arbitration); *Choctaw*, 104 F.4th at 94 (affirming grant of petition to compel arbitration and holding that Indian tribe waived sovereign immunity against the filing of the petition in the District of Arizona when the tribe contractually agreed to arbitration in Scottsdale). Amazon cited this recent Ninth Circuit authority in its notice of pendency. Dkt. #302. Yet the Injunction Motion never addresses it.

Instead, Plaintiffs largely rely not on cases in which the court in first-filed action enjoined other proceedings, but on cases where the court in the *later-filed* action transferred, stayed, or dismissed its own proceedings. Almost none of these cases have any connection to arbitration. And the one arbitration-related case Plaintiffs highlight as "very similar," *Beauperthuy v. 24 Hour*



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

*Fitness USA, Inc.*, No. 06-cv-715, 2012 WL 3757486 (N.D. Cal. July 5, 2012), is entirely different. In that case, both sides agreed that arbitration was appropriate and filed their own dueling petitions to compel arbitration under 9 U.S.C. § 4 in different courts; their disagreement was over where the arbitrations should take place. *Id.* at *1. But, as the court stressed, *none* of the arbitration agreements contained an arbitration-venue provision. *Id.* at *7, *15. So, unlike here, there was no reason to allow the later set of Section 4 petitions to proceed. In any event, even if there were an open question under the first-to-file doctrine (which there is not), Plaintiffs should advance those arguments before the Petition courts, and their injunction request should be denied for this reason alone. *See, e.g.*, *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, No. 17-cv-8660, 2018 WL 4808540, at *3 (C.D. Cal. June 21, 2018) (collecting cases). This case is like the *Caremark* cases, not *Beauperthuy*, because the parties' agreements contain clear venue provisions. Granting Plaintiffs' Injunction Motion would constitute error, tying the hands of the courts that can enforce those provisions by compelling arbitration in the location authorized in the contract, a convenient location near where the Petition Respondents actually worked.

Second, Plaintiffs fail to establish a likelihood of irreparable harm. Plaintiffs base their Injunction Motion on claims that it would be costly for them to defend against the Petitions. But "[m]ere litigation expense, even substantial and unrecoupable costs, does not constitute irreparable injury." *FTC v. Standard Oil Co. of Cal.,* 449 U.S. 232, 244 (1980). Because irreparable injury is a prerequisite for an injunction and Plaintiffs have not identified any irreparable injury, their Injunction Motion (Dkt. #304) necessarily fails. *See, e.g.*, *Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*, No. 24-cv-25, 2024 WL 841766, at *3-4 (W.D. Wash. Feb. 28, 2024).

Finally, Plaintiffs similarly fail on the third and fourth injunction factors. Enjoining the Petitions is supported by neither the balance of the equities nor the public interest because it would destroy any ability to enforce the arbitration venue provision in the TOS and thus defeat the federal and state policy in favor of enforcing arbitration agreements according to their terms.



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

For these reasons, and others described below, the Court should deny the Injunction Motion, including Plaintiffs' unsupported request for sanctions.

## II. FACTUAL BACKGROUND

Plaintiffs seek through this action to challenge their status as independent contractors in the Amazon Flex program. Although the action dates back to October 2016, the case remains at a relatively early phase. Plaintiffs filed their most recent complaint in this action—and sixth complaint overall—in February 2023, and Amazon moved to dismiss that complaint in part in June 2024. *See* Dkt. #262; Dkt. #303; *see also* Dkt. #1; Dkt. #33; Dkt. #83; Dkt. #188; Dkt. #238.

From the beginning, Amazon has contended that the large majority of the putative class and collective members are bound to arbitrate their claims and that their claims in this action should be stayed or dismissed. *See* Dkt. #36; Dkt. #103; Dkt. #247. On April 23, 2019, the Court held that delivering packaged goods shipped from around the country and delivered to the customer untransformed implicated the Federal Arbitration Act (FAA) exemption for "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1; Dkt. #115, at 4. The Court also held that Washington law did not apply to the then-applicable version of the Amazon Flex TOS. Dkt. #115, at 8-9. The Ninth Circuit affirmed in August 2020, relying on its view of the then-existing record as showing that "interstate transactions between Amazon and the customer do not conclude until the packages reach their intended destinations." *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 916 (9th Cir. 2020).

After the Ninth Circuit's ruling, the Supreme Court clarified how to apply the FAA exemption in *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022). The parties disagreed about *Saxon*'s implications for the prior rulings in this case. *See, e.g.*, Dkt. #235. Ultimately, the Court ruled that it would consider a renewed motion to compel arbitration at the same time as a motion for class certification. Dkt. #237. To avoid any possible argument that it was waiving its right to arbitrate by asking for dismissal of part of Plaintiffs' claims, Amazon ultimately filed a renewed motion to compel arbitration on the same day as its motion for partial dismissal in December 2022



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

and asked that the arbitration motion be decided first. Dkt. #246 1 n.1; Dkt. #247. Both motions, however, were stricken in February 2023 after Plaintiffs obtained leave to amend their complaint and several cases involving similar allegations were transferred to this Court. Dkt. #282. In May 2023, the Court stayed this action pending further guidance from the Ninth Circuit on *Saxon*'s ramifications for the FAA exemption. Dkt. #289. The Court then extended that stay in December 2023 to allow the Supreme Court time to rule on petitions for certiorari from those Ninth Circuit rulings, noting that the Fifth and Ninth Circuits are split on how to apply the exemption to local drivers. Dkt. #293. The Supreme Court ultimately issued new guidance on the FAA exemption in April 2024 in *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246 (2024). The Court lifted the stay and issued a new scheduling order which, like the prior schedule, authorizes a motion to compel arbitration concurrent with Plaintiffs' anticipated motion for class certification. Dkt. #298.

As this history shows, the arbitration issues in this case are far from settled. While a few named and opt-in Plaintiffs (who are not Petition Respondents) are not bound to arbitrate because they opted out of the arbitration provision in the TOS, the vast majority of the named and opt-in Plaintiffs agreed to arbitrate without opting out. In addition, the number of named and opt-in Plaintiffs who did not opt-out of arbitration has ballooned since Amazon filed its first motion to compel arbitration in 2016. Through successive amended complaints, consolidations, and opt-in notices, the number of plaintiffs in the case has swelled to more than 100, comprising 19 named plaintiffs and 82 opt-ins.

Several versions of the TOS have governed at various times since the Amazon Flex program began in 2015. Dkt. #37, ¶¶ 7, 12; Dkt. #248, ¶ 22. As Amazon has explained in earlier filings, Amazon internally designates each TOS with a version number, as shown below:

| TOS Version | Start Date |
|---|---|
| 6 | September 28, 2015 |
| 7 | April 25, 2016 |
| 8 | August 11, 2016 |
| 9 | September 21, 2016 |
| 10 | February 24, 2017 |



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

| | |
|---|---|
| 11 | October 2, 2019 |
| 12 | March 31, 2021 |

Dkt. #248, ¶¶ 23-29; *see id.* Ex. A-G.[1] Notably, Versions 11 and onward did not even exist when the Court issued its ruling on the motion to compel arbitration in 2019.

Each TOS version contains a comprehensive agreement to arbitrate on an individual basis. TOS v.6-v.8 § 12; TOS v.9-v.12 § 11(a). Each version also authorizes arbitration in a location near where the Amazon Flex Delivery Partner provided services. Versions 6 through 8 state: "The arbitration will take place at a mutually-convenient location in the state where you provide or have provided Services." TOS v.6-v.8 § 12. Versions 9 and 10 state: "The arbitration will take place at a mutually-convenient location within 45 miles from the last location in which you provided Services." TOS v.9-v.10 § 11(i). And Versions 11 and 12 state: "The arbitration will take place at a mutually-convenient location within 45 miles from the last location in which you provided Services, or at another mutually-convenient location, or at any location ordered by a court with personal jurisdiction over you and Amazon." TOS v.11 § 11(k); TOS v.12 § 11(i). One notable difference between these versions is the choice-of-law provision: Versions 6 through 10 generally selected Washington state law but specified that the arbitration provisions were governed by the FAA and applicable federal law. TOS v.6-v.8 § 13; TOS v.9-v.10 § 12. Starting with Version 11, however, the TOS has generally selected Delaware law, continued to specify that their arbitration provisions were governed by the FAA and applicable federal law, but made clear that Delaware law will govern the arbitration provision if the FAA is held not to apply. TOS v.11-v.12 § 12.

On June 14, 2024, the date that Amazon moved for partial dismissal of the operative complaint, Dkt. #303, Amazon filed the twenty-two Petitions to compel certain named and opt-in Plaintiffs to arbitration under 9 U.S.C. § 4 and parallel state law, and Amazon filed a notice in this Court of those petitions' pendency. *See* Dkt. #302. Amazon explained that it filed the petitions in

[1] In December 2023, Amazon introduced a new TOS version, Version 13, but it has no changes related to arbitration.



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

the courts that had jurisdiction to enforce the various TOS versions' arbitration-venue provisions. *Id.* at 1. A week later, Plaintiffs filed their Injunction Motion as an emergency motion, asking this Court to enjoin Amazon from proceeding with the Petitions. The Court ruled that Plaintiffs did not make the requisite showing to proceed on an emergency basis, construed the motion as a motion for a preliminary injunction, and set the current briefing schedule. Dkt. #310.

## III. <u>ARGUMENT</u>

### A. Plaintiffs do not satisfy the well-settled requirements for injunctive relief.

The Supreme Court has repeatedly emphasized that "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto*, 561 U.S. at 165; *see also, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[T]he propriety of injunctive relief … must be evaluated on a case-by-case basis in accord with traditional equitable principles and without the aid of presumptions or a 'thumb on the scale' in favor of issuing such relief." *Hooks ex rel. NLRB v. Nexstar Broad., Inc.*, 54 F.4th 1101, 1114 (9th Cir. 2022) (citations omitted). The four required elements for injunctive relief are: (1) likelihood of success on the merits; (2) likelihood of irreparable injury; (3) balance of the equities; and (4) public interest. *See, e.g.*, *Starbucks*, 144 S. Ct. at 1576.

Despite this Supreme Court and Ninth Circuit authority, Plaintiffs contend (at 15-16) that a lesser showing is needed to enjoin litigation in another federal court. Plaintiffs are wrong. The Supreme Court and Ninth Circuit have repeatedly recognized that courts cannot simply choose to disregard the traditional limitations on injunctive relief. *See, e.g.*, *Monsanto*, 561 U.S. at 157 ("An injunction should issue only if the traditional four-factor test is satisfied."); *Hooks*, 54 F.4th at 1114 ("The Supreme Court has 'consistently rejected invitations to replace traditional equitable considerations' with presumptions or categorical rules." (citation omitted)). Even "[w]hen interpreting a *statute* that authorizes federal courts to grant preliminary injunctions," the Supreme Court has made clear that courts should "not lightly assume that Congress has intended to depart from established principles." *Starbucks*, 144 S. Ct. at 1576 (emphasis added). Such caution is even



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

more appropriate with the first-to-file doctrine, which is a judge-made, discretionary doctrine rather a statutory grant of authority. *Cf. In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (recognizing that courts may not apply the first-to-file doctrine in a way that "would allow [this] judge-made doctrine to contravene a congressionally enacted statute"). Plaintiffs' only two citations for the idea that they can avoid the traditional injunction factors do not attempt to grapple with this long line of authority and thus are unpersuasive. *Doe v. Deja Vu Servs., Inc.*, No. 16-cv-10877, 2017 WL 530434, at *2 (E.D. Mich. Feb. 9, 2017); *Beauperthuy*, 2012 WL 3757486, at *9, *14.

Plaintiffs have failed to satisfy the traditional requirements for injunctive relief, so their Injunction Motion should be denied.

**1. Plaintiffs fail to demonstrate a likelihood of succeed on the merits.**

**a. Amazon properly invoked its federal and state statutory rights to compel Plaintiffs to arbitrate where they agreed to arbitrate.**

Plaintiffs' criticisms of the Petitions are fundamentally flawed and show that Plaintiffs lack a likelihood of success on the merits. The recent decisions in *Chickasaw* and *Choctaw* confirm that Amazon's Petitions are legally and procedurally proper and that the first-to-file doctrine does not apply.

In *Chickasaw* and *Choctaw*, much as here, plaintiffs sued defendants in one federal district court (the Eastern District of Oklahoma), and the defendants sought to enforce arbitration agreements by filing petitions under 9 U.S.C. § 4 in a different district court (the District of Arizona). The defendants argued that the District of Arizona was the only district capable of enforcing the agreements' provision designating Scottdale, Arizona as the arbitration location. The Arizona courts (not the Oklahoma court) then fielded first-to-file motions from the original plaintiffs, who argued that the Arizona courts should transfer, stay, or dismiss the Section 4 petitions based on the earlier-filed Oklahoma lawsuit. But both Arizona courts denied the first-to-file motions. *Chickasaw*, 2021 WL 2780859, at *2; *Choctaw*, 2022 WL 475981, at *4. And both



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

Arizona courts ultimately granted the petitions to compel arbitration. *Chickasaw*, 2021 WL 2780859, at *3; *Choctaw*, 2022 WL 768098, at *6.

In denying the first-to-file motion, the *Chickasaw* court reasoned that even if the Oklahoma litigation was filed first and had sufficiently similar parties and issues, "it would be inequitable to apply the first-to-file rule" because the parties' arbitration agreement "state[d] that the parties agree to submit to arbitration in … Scottsdale, Arizona." *Chickasaw*, 2021 WL 2780859, at *2. That venue provision was dispositive because, under 9 U.S.C. § 4, "[t]he Oklahoma court could not enforce the agreement and compel arbitration" in accordance with its terms. *Id.* The *Choctaw* court followed the same basic reasoning. 2022 WL 475981, at *4 (explaining that the Oklahoma court lacked authority to compel arbitration in Scottsdale); *see also, e.g.*, *MEI Techs., Inc. v. Detector Networks Int'l, LLC*, No. 09-cv-425, 2009 WL 10665141, at *3-6 (D.N.M. July 6, 2009) (denying injunction against later-filed Section 4 proceeding because the petition was properly filed in the court that had authority to compel arbitration in the contractually chosen location).

The Ninth Circuit affirmed both Arizona courts' orders granting the Section 4 petitions, recognizing that the petitions were filed in Arizona after the plaintiffs had sued defendants in the Eastern District of Oklahoma. *Chickasaw*, 43 F.4th at 1027, 1034; *Choctaw*, 104 F.4th at 83, 85. In the most recent case, *Choctaw* (which the Ninth Circuit decided on June 10, 2024, just four days before Amazon filed its Petitions), the Ninth Circuit not only affirmed the order compelling arbitration but also held that the Indian tribe's consent to arbitration in Arizona waived the tribe's ability to object on sovereign immunity grounds to the Section 4 proceeding in the District of Arizona. *Choctaw*, 104 F.4th at 93-94. For its part, the Oklahoma district court in the *Chickasaw* case stayed litigation in that court under 9 U.S.C. § 3—even though the action there was filed first—in deference to the Arizona court's order compelling arbitration. *Chickasaw Nation v. Caremark PHC, LLC*, No. 20-cv-488, 2022 WL 4624694, at *3 (E.D. Okla. Sept. 30, 2022) (citing "principles of comity and judicial economy"); *see also Automobilia II, LLC v. Getty Images Inc.*, No. 22-cv-2560, 2022 WL 19767262, at *2-4 (C.D. Cal. Oct. 18, 2022) (staying first-filed action



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

in deference to court entertaining later-filed petition under 9 U.S.C. § 4, because only the latter court could compel arbitration in the "forum contemplated in the Agreement," despite plaintiff's invocation of first-to-file doctrine).

The same logic applies here. Every TOS version authorizes arbitration in the state or area where the Delivery Partner provided services through the Amazon Flex program.[2] And under binding Ninth Circuit precedent, the courts in which the Petitions were filed are the only courts that can issue orders under 9 U.S.C. § 4 compelling arbitration in those locations; this Court cannot compel arbitration outside the Western District of Washington. *See Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 785 (9th Cir. 2001) (recognizing that 9 U.S.C. § 4 "confines the arbitration to the district in which the petition to compel is filed"); *Cont'l Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (9th Cir. 1941) (explaining that 9 U.S.C. § 4 requires that the arbitration "hearings and proceedings under the agreement shall be within the district in which the petition for an order directing such arbitration was filed"); *Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1091 (D. Haw. 2011) ("The Ninth Circuit has held that [Section 4's] language prohibits a district court from ordering parties to arbitrate outside of the district in which a motion to compel is filed."). Plaintiffs admit (at 18) that this Court lacks "authority to compel arbitration … in the district where these plaintiffs worked." The Petition courts' exclusive authority to issue an order compelling arbitration in the contractual location near the Petition Respondents' place of work—and this Court's lack of authority to issue such an order—shows that the Petition

[2] Contrary to Plaintiffs' characterization (at 17), the arbitration-venue provisions are not limited to the "post-2019 version[s]" of the TOS. Every version provides for an arbitration venue. Versions 6 through 8 state: "The arbitration will take place at a mutually-convenient location in the state where you provide or have provided Services." TOS v.6-8 § 12. Versions 9 and 10 state: "The arbitration will take place at a mutually-convenient location within 45 miles from the last location in which you provided Services." TOS v.9-10 § 11(i). And Versions 11 and 12 state: "The arbitration will take place at a mutually-convenient location within 45 miles from the last location in which you provided Services, or at another mutually-convenient location, or at any location ordered by a court with personal jurisdiction over you and Amazon." TOS v.11 § 11(k); TOS v.12 § 11(i).



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

proceedings are procedurally proper. *See Automobilia*, 2022 WL 19767262, at *3 (recognizing that, in light of *Textile Unlimited* and *Continental Grain*, "it was appropriate for [the defendant] to file its [Section 4] Petition in the Western District of Washington rather than before this Court"). And by the same token, the Petition proceedings are not sufficiently similar to this action to warrant application of the first-to-file doctrine. *Chickasaw*, 2021 WL 2780859, at *2; *Choctaw*, 2022 WL 475981, at *4; *MEI Techs.*, 2009 WL 10665141, at *6; *cf. Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (reversing injunction against later-filed action because the two actions were "not identical"; the first court, unlike the second court, "lack[ed] the authority to assume jurisdiction over the entire matter in dispute").

Plaintiffs are also incorrect to dismiss the Petitions as merely relitigating issues this Court has already decided. This Court has yet to consider whether to compel arbitration under the most recent versions of the TOS or the state arbitration statutes under the laws of the seventeen states that Amazon is invoking. Several courts have enforced the Amazon Flex TOS under some of these state laws. *See Melikyan*, 2023 WL 4505065, at *3 (Delaware law); *Harper*, 2022 WL 17751465, at *7 (Washington and/or New Jersey law). This Court likewise has yet to rule on the effect of the recent Supreme Court decisions in *Saxon* and *Bissonnette* or on the factual evidence Amazon introduced in support of its petitions. Some of the petitions, moreover, include respondents who have recently threatened to file arbitrations against Amazon through other law firms, raising waiver and estoppel arguments that this Court has yet to address. In all events, the number of Plaintiffs in this case has ballooned since Amazon asserted its right to arbitrate against plaintiff Raef Lawson in 2016, *see* Dkt. #36, to 19 named plaintiffs and 82 opt-ins, and Amazon has federal and state-law rights to compel most of these new Plaintiffs to arbitrate their claims. This Court's recent scheduling order appropriately contemplates that Amazon will seek to file a new motion to compel arbitration. *See* Dkt. #298. The issues are far from resolved.

If anything, it is Plaintiffs who seek to litigate issues already decided. Since 2019, there has been a putative class action of Amazon Flex Delivery Partners in New Jersey federal court; in



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

2022, the federal judge presiding over that case ordered the named plaintiff to arbitrate his claims under New Jersey and Washington law. *See Harper*, 2022 WL 17751465, at *7. Yet Plaintiffs seek to litigate the same claims on behalf of a putative New Jersey subclass in this case. The New Jersey putative subclass representative, Cinthia Yarleque, joined this case in 2021—years after the Harper action was filed. *See* Dkt. #188 (Dec. 20, 2021) (Third Amended Complaint adding Yarleque as plaintiff). *Harper* is a good example of why the federal courts sitting in Delivery Partners' home states are best positioned to efficiently decide the state- and contract-specific issues in those Delivery Partners' arbitration agreements. The Court should not prevent those courts from doing so.

**b. Plaintiffs' cited cases do not support their arguments.**

Plaintiffs cite no judicial decisions warranting a different result. Here, the arbitration-venue provisions in each TOS plainly differentiate this case from the *Beauperthuy* case, which Plaintiffs incorrectly describe (at 14) as "very similar." It is true that *Beauperthuy* involved a first-to-file injunction against Section 4 petitions in other districts, but any similarity ends there. Both sides—plaintiffs and defendants—agreed that arbitration was required and merely disagreed over where the arbitrations should occur. 2012 WL 3757486, at *1. Critically, the arbitration agreements were silent on that question: the court found that "none of the five versions of the arbitration agreement … contain[ed] a venue provision." *Id.* at *7. Indeed, the *Beauperthuy* court specifically distinguished the *Lexington* decision cited above (which viewed enforcing a contractual arbitration-venue provision as so important that it *transferred* a Section 4 petition to the only court that could do so), on the ground that "none of the various arbitration agreements" in *Beauperthuy* "contain[ed] a venue clause." *Id.* at *15; *see Lexington*, 795 F. Supp. 2d at 1092-93.

Here, in contrast, there are arbitration-venue provisions in every TOS version. Plaintiffs have not identified any case finding it appropriate to enjoin litigation in the only courts who can give effect to such a provision. *See MEI Techs.*, 2009 WL 10665141, at *4 (noting that "none of the cases cited by [the plaintiff] applied the first-filed doctrine to enjoin a second-filed action



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

brought to compel arbitration pursuant to an agreement to arbitrate in another district").

Without relevant authority for the injunction they request, Plaintiffs ultimately fall back on an undeveloped assertion (at 19) that Amazon "waived any objection it might have had to arbitrating here" by not filing Section 4 petitions in other courts before Amazon filed its prior arbitration motions. But filing a defensive arbitration motion in response to litigation that breaches an arbitration agreement does not implicitly consent to arbitrate within the district in which the plaintiff filed suit. *See Lexington*, 795 F. Supp. 2d at 1093 (rejecting argument that defendant "impliedly agreed to arbitrate in Hawaii," rather than contractually designated location, by filing a defensive arbitration motion in Hawaii litigation). Amazon has never indicated that the Petition Respondents' arbitrations should occur within this District and—until now—Plaintiffs had never indicated that, either. Amazon has consistently invoked its rights to arbitrate in accordance with the agreements' terms. Plaintiffs' waiver argument is groundless.

**c. Even if the first-to-file doctrine applies, Plaintiffs should raise it in the Petition proceedings rather than seek extraordinary injunctive relief to block those proceedings.**

Even if the first-to-file doctrine were theoretically available in these circumstances, Plaintiffs have invoked the doctrine in the wrong forum. In keeping with the underlying comity considerations, the overwhelming weight of authority in this Circuit explains that the proper way to invoke the first-to-file doctrine is to request relief from the second court—not an injunction from the first court. "Normally, when 'cases involving the same parties and issues have been filed in two different districts,' it is 'the *second* district court' that exercises its 'discretion to transfer, stay, or dismiss the *second* case in the interest of efficiency and judicial economy.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. 11-cv-1892, 2012 WL 3277222, at *7 (N.D. Cal. Aug. 9, 2012). Accordingly, "'[a]bsent unusual circumstances,' an argument that the first-filed case should be resolved first 'should be made on a motion to stay filed with the second court rather than on a motion to enjoin filed with the first court.'" *AXIS Reinsurance*, 2018



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

WL 4808540, at *2 (quoting *Rampersad v. Rentex Inc.*, No. 16-cv-1710, 2017 WL 2876783, at *1 (S.D. Cal. Mar. 13, 2017)); *see also PMP II, LLC v. D.B. Zwirn Real Est. Credit Partners, LLC*, No. 08-cv-583, 2009 WL 10677194, at *3 (D. Haw. Apr. 10, 2009) ("[T]he district court hearing the later-filed action generally determines whether to decline jurisdiction in favor of an earlier filed suit."). And, not surprisingly, nearly all the first-to-file authorities Plaintiffs cite (at 10-11) arise in this more typical posture, where the second court exercised discretion to transfer, stay, or dismiss its proceedings.

The Injunction Motion relies heavily on the Ninth Circuit's decision in *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843-44 (9th Cir. 1986). But numerous courts in this Circuit have explained that *Decker* and the few cases that have cited *Decker* to enjoin other federal litigation "constitute the exception rather than the rule." *Nat'l Union*, 2012 WL 3277222, at *7; *accord Simon Greenstone Panatier Bartlett PC v. John Crane, Inc.*, No. 16-cv-1179, 2016 WL 4769749, at *8 (C.D. Cal. Aug. 26, 2016); *see also AXIS Reinsurance*, 2018 WL 4808540, at *2; *PMP II*, 2009 WL 10677194, at *3. "Quite contrary to defining this power [to enjoin a later case] in broad terms, the *Decker* court reiterated … that the 'first to file rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration.'" *Nat'l Union*, 2012 WL 3277222, at *8 (some quotation marks omitted) (quoting *Decker*, 805 F.2d at 844). And, "[a]s the Ninth Circuit made clear in *Bergh*, 'sound judicial administration' includes observing the principles of judicial comity." *Id.*[3]

[3] *National Union* also explains the unusual circumstances in another one of Plaintiffs' cited cases, *Broadcom Corp. v. Qualcomm, Inc.*, No. 05-cv-468, 2005 WL 5925585, at *3 (C.D. Cal. Sept. 26, 2005). In *Broadcom*, the first court not only enjoined the second action but also stayed its own litigation based on a statute that required a stay of litigation pending proceedings before the International Trade Commission. *See Nat'l Union*, 2012 WL 3277222, at *9. No such statute supports Plaintiffs' Injunction Motion here. Plaintiffs also cite the out-of-circuit case in *Dunkin' Donuts Franchised Restaurants LLC v. Wometco Donas Inc.*, 53 F. Supp. 3d 221, 234 (D. Mass. 2014). It did not involve Section 4 proceedings or any type of situation in which the second court was uniquely capable of issuing part of the relief sought.



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

Plaintiffs cannot justify asking this Court to enjoin litigation in other federal district courts instead of asking those other courts to exercise their first-to-file discretion. "This procedural choice alone justifies denying [Plaintiffs'] motion." *AXIS Reinsurance*, 2018 WL 4808540, at *3; *see also Rampersad*, 2017 WL 2876783, at *1; *PMP II*, 2009 WL 10677194, at *3.

**2. Plaintiffs fail to demonstrate irreparable harm.**

The second indispensable prerequisite for an injunction is irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("[T]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies[.]" (citation omitted)); *Winter*, 555 U.S. at 22 (rejecting cases holding that a preliminary injunction could be entered based only on a possibility of irreparable harm). Under the Supreme Court's *Winter* decision, "plaintiffs may not obtain [preliminary relief] unless they can show that irreparable harm is likely to result in the absence of the injunction." *Cymbidium*, 2024 WL 841766, at *2.

Plaintiffs have made no showing of irreparable harm. The only evidence accompanying their Injunction Motion—an attorney declaration attaching the Petitions—does not address irreparable harm. *See* Dkt. #305. And their briefing's only gesture toward irreparable harm is the assertion (at 16-17) that "they will be forced to defend their status as the first filed action in these 22 federal courts across the country, to retain local counsel to represent them, and then to re-litigate issues already decided by this Court in earlier rulings." It is well-settled, however, that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Standard Oil*, 449 U.S. at 244 (citation omitted); *see MEI Techs.*, 2009 WL 10665141, at *6 (holding that "diversion of [plaintiff's] resources" to 9 U.S.C. § 4 proceeding constituted "[l]itigation expenses … insufficient to show irreparable injury"); *see also Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 736 n.20 (9th Cir. 2017); *Cymbidium*, 2024 WL 841766, at *3.

Moreover, the inefficiency and burden of defending the arbitration petitions is a burden of Plaintiffs' own making. They agreed to the significant benefit of a quick and efficient arbitration



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

process for which Amazon would pay, and their disputes could have been resolved long ago had they availed themselves of that process. Opt-in Plaintiff Kenya Gattison keenly illustrates this point because she has already arbitrated her claims against Amazon. *See Amazon.com, Inc. v. Almowlad*, No. 3:24-cv-03627-WHO (N.D. Cal. Jun. 14, 2024), ECF No. 1-11 (Declaration of Sean Lynch). Other Petition Respondents have recently demanded arbitration through different legal counsel. *Id.*

**3. Plaintiffs fail to show that the balance of equities and public interest support an injunction.**

Both federal public policy and state public policy support enforcing arbitration agreements according to their terms. *See, e.g.*, *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (federal law); *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 913 (Del. 1989) (Delaware law). An injunction here would interfere with that policy.

As discussed, every TOS version authorizes arbitration in the state or area where the Delivery Partner provided services through the Amazon Flex program, and every Petition Respondent worked in states other than Washington. So, under Ninth Circuit precedent and as Plaintiffs admit, the courts in which the Petitions were filed are the only courts that can issue Section 4 orders compelling arbitration in those locations and thus enforce the TOS's arbitration-venue provision. *See Textile Unlimited*, 240 F.3d at 785; *Cont'l Grain*, 118 F.2d at 969; Injunction Mot. 18. An injunction foreclosing Amazon's ability to enforce the parties' arbitration agreements in accordance with those agreements' terms would improperly infringe Amazon's contractual rights and contravene public policy in support of enforcing arbitration agreements according to their terms. *See MEI Techs.*, 2009 WL 10665141, at *7 (holding that any injury to plaintiff did "not outweigh the harm the preliminary injunction might cause Defendants" and that "it would not be in the public interest to prevent Defendants from obtaining a ruling on whether to enforce the arbitration agreement in the forum in which [plaintiff] agreed to arbitrate").



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

In addition, providing for arbitration near where workers performed their work is generally recognized as lawful and, if anything, makes arbitration more convenient for the workers. Some courts have even refused to enforce arbitration provisions that set an arbitral forum far from the place of work. *See, e.g.*, *Vargas v. Delivery Outsourcing, LLC,* No. 15-cv-3408, 2016 WL 946112, at *11 (N.D. Cal. Mar. 14, 2016) ("Forcing Plaintiff, a luggage delivery driver, to challenge the arbitration agreement thousands of miles from where he worked places a substantial barrier to Plaintiff bringing his claims."); *Capili v. Finish Line, Inc.*, 116 F. Supp. 3d 1000, 1007 (N.D. Cal. 2015) ("Forcing a retail shoe store employee to initiate an arbitration and/or challenge an arbitration agreement thousands of miles away from her place of work erects a substantial barrier to the vindication of the statutory discrimination claims at issue in this case."), *aff'd*, 699 F. App'x 620 (9th Cir. 2017). Neither the balance of equities nor the public interest supports denying the Petition courts the ability to compel arbitration near Petition Respondents' place of work.

**B. There is no basis for sanctions.**

Plaintiffs argue in a footnote (at 4 n.3) that Amazon should be sanctioned under 28 U.S.C. § 1927 for "abuse of the judicial process." The Court should not even entertain this argument because "[a]rguments raised only in footnotes … are generally deemed waived." *Matson v. United Parcel Servs., Inc.*, No. 10-cv-1528, 2018 WL 3608396, at *8 (W.D. Wash. July 26, 2018) (citation omitted). The request is also defective on its face because Section 1927 authorizes sanctions only against an "attorney or other person admitted to conduct cases in [a] court." 28 U.S.C. § 1927. It "does not permit the awarding of sanctions … against a client." *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015); *see also FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986) ("Section 1927 does not authorize recovery from a party[.]").

Beyond those defects, no sanctions award could be justified here. Section 1927 requires "a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

omitted). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). The statute thus "sets a very high threshold," *Mendis v. BMW of N. Am. LLC*, No. 22-cv-922, 2024 WL 2922932, at *6 (W.D. Wash. June 10, 2024), because "fee shifting could chill advocacy." *Ortego v. Lummi Island Scenic Ests. Cmty. Club, Inc.*, No. 14-cv-1840, 2017 WL 1210065, at *2 (W.D. Wash. Apr. 3, 2017), *aff'd*, 738 F. App'x 912 (9th Cir. 2018). Courts therefore start "with the presumptions that an award of fees is not appropriate and that counsels' conduct falls within the acceptable realm of zealous advocacy, untainted by bad faith." *Mendis*, 2024 WL 2922932, at *6 (citation omitted).

Plaintiffs have not come close to overcoming the presumption against sanctions. They have not claimed that the petitions to compel arbitration knowingly or recklessly raise a frivolous argument. Rather, they assert in a single sentence that regardless of the merit of the petitions, Amazon's "methodology of filing 22 separate petitions to compel arbitration nearly eight years into the case, and after already committing these same issues to this Court in prior filings, plainly constitutes 'abuse of the judicial process in the *methodology* of its *prosecution*.'" Injunction Mot. 4 n.3 (quoting *Lone Ranger TV Inc. v. Program Radio Corp.*, 740 F.2d 718, 727 (9th Cir. 1984)). But nothing in the petitions' "methodology" suggests bad faith. As Amazon explained above, Amazon filed those petitions in the only courts that can compel arbitration under 9 U.S.C. § 4 in the locations authorized by the parties' contracts where Petition Respondents performed their services. And the petitions raise numerous new issues that have not yet been committed to this Court for resolution. Plaintiffs' complaint that the petitions were filed "nearly eight years into the case" also fails. The arbitration issues remain unresolved in large part because of ongoing developments in the law, including both the scope of the FAA's transportation worker exemption (such as *Saxon* in June 2022 and *Bissonnette* in April 2024) and the procedures for compelling arbitration in specific contractually specified locations (such as *Chickasaw* and *Choctaw*). More plaintiffs and opt-ins who are subject to different TOS, with different choice-of-law provisions,



MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401

and working in states with different laws that may provide their own independent grounds to enforce the agreements (such as New Jersey) have joined the litigation. The petitions are a good-faith effort to enforce its arbitration agreements, particularly in response to new legal developments, not an attempt to delay or multiply costs.

Finally, Ninth Circuit precedent forecloses Plaintiffs' request under Section 1927 because the statute authorizes sanctions only for the "multipli[cation of] proceedings in a[] case," 28 U.S.C. § 1927; it "cannot be applied to an initial pleading." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("The filing of a complaint … may not be sanctioned pursuant to § 1927."). Plaintiffs seek sanctions for "filing 22 separate petitions to compel arbitration," Injunction Mot. 4 n.3, which are case-initiating documents like a complaint. They cannot use Section 1927 to attack the filing of those cases. *See Keegan*, 78 F.3d at 435.

## IV. CONCLUSION

For all these reasons, the Court should deny Plaintiffs' motion for an injunction and request for sanctions.

Dated: July 12, 2024

*I certify that this memorandum contains 6,872 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

By: *s/ Andrew DeCarlow*

Andrew DeCarlow, WSBA No. 54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP

502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian D. Berry (*pro hac vice*)
Sarah Zenewicz (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

John S. Battenfeld (*pro hac vice*)
Max C. Fischer (*pro hac vice*)
Brian D. Fahy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
jbattenfeld@morganlewis.com
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., Amazon.com Services Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I caused to be electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO ENJOIN PURSUANT TO THE FIRST-TO-FILE RULE** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: s/ *Andrew DeCarlow*
Andrew DeCarlow
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com