The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554-JCC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM NON-ARBITRATION OPT-INS (ECF No. 300)**<br><br>NOTE DATE:<br>July 29, 2024 |

## TABLE OF CONTENTS

I. Introduction ........ 4

II. Background ........ 5

III. Argument ........ 7

A. The Court should defer discovery from opt-in plaintiffs until after a ruling on Defendants' Motion to Dismiss. ........ 7

B. The Court should defer discovery from opt-in plaintiffs until after it decides whether to conditionally certify an FLSA collective action. ........ 8

IV. Conclusion ........ 11

# TABLE OF AUTHORITIES

## Cases

*Adkins v. Mid-Am. Growers, Inc.*,
143 F.R.D. 171 (N.D. Ill. 1992) ........ 9

*Campbell v. City of Los Angeles*,
903 F.3d 1090 (9th Cir. 2018) ........ 8, 10

*Frisbie v. Feast Am. Diners, LLC*,
2020 WL 2305083 (W.D.N.Y. May 8, 2020) ........ 11

*Hoffmann-La Roche Inc., v. Sperling*,
493 U.S. 165 (1989) ........ 9

*Ingersoll v. Royal & Sunalliance USA, Inc.*,
2006 WL 2091097 (W.D. Wash. July 25, 2006) ........ 10

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) ........ 7

*McGrath v. City of Philadelphia*,
1994 WL 45162 (E.D. Pa. Feb. 10, 1994) ........ 10

*Reed v. Cnty. of Orange*,
266 F.R.D. 446 (C.D. Cal. 2010) ........ 9

*Rittmann v. Amazon.com, Inc.*,
383 F. Supp. 3d 1196 (W.D. Wash. 2019) ........ 6

*Rittmann v. Amazon.com, Inc.*,
971 F.3d 904 (9th Cir. 2020), *cert denied*, 141 S. Ct. 1374 (2021) ........ 6

*Urban v. Tesla, Inc.*,
--- F. Supp. 3d ---, 2023 WL 6796021 (N.D. Cal. Oct. 13, 2023) ........ 7

## Rules

Fed. R. Civ. P. 26(c) ........ 7



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

## I. INTRODUCTION

Amazon demands that Jillian Pearce, Jonathan Kaminsky, Lisa Evanoff, Marco Wynn, Max Kogan and Nicholas Volk respond to written discovery requests and potentially sit for depositions. These individuals are not named plaintiffs. Rather, they filed consent forms under the FLSA's opt-in provision, 29 U.S.C. § 216, thus preserving their claims against Amazon.

Amazon contends that the mere filing of consent forms under Section 216 exposes these "opt-in plaintiffs" to discovery, even though the Court has yet to decide whether to allow their claims to proceed as a class or collective action. According to Amazon, subjecting opt-ins to discovery "at the outset is not just permissible . . . but [is] the norm." (Defs.' Mot. 7, ECF 300).[1] Rather than cite any precedent for this "norm," Amazon relies exclusively on unpublished, distinguishable district court opinions.

Besides lacking precedent, Amazon's Motion to Compel Discovery From Opt-In Plaintiffs is premature for two reasons. First, the Court has yet to rule on Amazon's Motion to Dismiss which, if granted, would eliminate the claims for which Amazon now demands discovery. (*See* ECF No. 303). Although Plaintiffs expect this Court to deny dismissal, it would defy judicial economy to compel discovery before the Court decides Amazon's Motion to Dismiss.

Second, the Court has yet to decide whether to certify a class or collective action. If the Court were to conditionally certify a collective action with nationwide notice, as Plaintiffs have requested and Defendants opposed, thousands of opt-in plaintiffs would likely join this action.

---

[1] Contrary to this assertion, Amazon has yet to produce a corporate designee despite Plaintiffs having served Amazon with a notice of deposition under Rule 30(b)(6) on January 13, 2023.

Consistent with established precedent, either the parties would then agree to, or Plaintiffs would move to, limit discovery to a random sample of opt-in plaintiffs. Typically, courts await the conclusion of the opt-in process before deciding how many, and which, opt-in plaintiffs should participate in discovery.

Put simply, Amazon is trying to hijack the discovery process before the Court determines the scope of this case. But rather than force discovery on opt-in plaintiffs at this early stage, the Court should first rule on Amazon's Motion to Dismiss and Plaintiffs' motion for conditional certification under the FLSA (which the Court has stated they may refile once it rules on Amazon's Motion to Dismiss). The Court should therefore deny Amazon's Motion to Compel Discovery as premature.

## II. BACKGROUND

Plaintiffs worked as "AmazonFlex" delivery drivers for Defendants Amazon.com and Amazon Logistics. (ECF No. 262 ¶ 1). Defendants misclassified Plaintiffs as independent contractors even though they were employees under federal and state law. (ECF No. 262 ¶ 2). Defendants have thus wrongfully deprived Plaintiffs of minimum wages, overtime, and other benefits under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 262).

Plaintiffs filed as a nationwide collective action on October 9, 2016. (ECF No. 1). Three weeks later, on October 30, 2016, Plaintiffs moved for conditional certification, requesting that notice be issued to similarly situated Amazon drivers across the country under the FLSA, 29 U.S.C. § 216(b). (*See* ECF No. 20). The Court later stayed all class and collective action proceedings (ECF No. 77), then stayed all litigation pending the Supreme Court's decision in

*Epic Systems Corp. v. Lewis* and the Ninth Circuit's decision in *Van Dusen v. Swift Transp. Co.* (ECF 87).

After the Supreme Court issued its decision in *New Prime Inc. v. Oliveira*, 586 U.S. 105 (2019), this Court denied Defendants' Motion to Compel Arbitration, finding "that there is no valid agreement to arbitrate." (ECF No. 115). The Court reasoned that because the FAA governed the parties' Arbitration Provision, but Plaintiffs were exempt from the FAA under Section 1, the Arbitration Provision was unenforceable. *Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196 (W.D. Wash. 2019). Defendants appealed, the Ninth Circuit affirmed, and the Supreme Court denied certiorari. *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert denied*, 141 S. Ct. 1374 (2021). Defendants' appeal to the Ninth Circuit prompted another stay (ECF No. 133), which this Court further extended into 2022 (ECF Nos. 193, 293).

On December 19, 2022, Defendants filed their Renewed Motion to Compel Arbitration, arguing that various named plaintiffs and opt-in plaintiffs were bound to arbitrate their claims because Amazon implemented new arbitration agreements after the Court denied arbitration in April 2019. (ECF No. 247). Defendants also moved to dismiss and strike portions of the First Amended Class Action Complaint on February 14, 2023. (ECF No. 273). Plaintiffs then moved for class certification on February 24, 2023. (ECF No. 275). That same day, February 24, 2023, Defendants moved to compel discovery from "non-arbitration opt-in plaintiffs." (ECF 280). Days later, the Court later struck "[a]ll outstanding motions," vacated "case deadlines" (ECF No. 282), then stayed litigation again. (ECF Nos. 289, 293).

On June 14, 2024, after the Court lifted its stay, Defendants filed petition actions in 22 jurisdictions seeking to compel arbitration against 74 named plaintiffs and opt-in plaintiffs here. (*See* ECF No. 204). Plaintiffs, in turn, moved this Court to enjoin Defendants from

prosecuting its 22 petition actions across the country. (*See* ECF No. 304). Plaintiffs' injunction motion is slated for consideration on July 19, 2024. (ECF No. 310).

Also on June 14, 2024 Defendants again moved to dismiss portions of the First Amended Consolidated Complaint. (ECF No. 303). Defendants also renewed their motion to compel discovery from non-arbitration opt-in plaintiffs, even though this Court has yet to conditionally certify a collection action under the FLSA. (ECF No. 300). Nor are any motions for conditional certification pending. The Court later extended Plaintiffs' deadline to oppose Defendants' Motion to Compel Opt-In Discovery to July 15, 2024. (ECF No. 312). The Court also extended Plaintiffs' deadline to oppose Defendants Motion to Dismiss to July 19, 2025. (ECF No. 314). Plaintiffs now oppose Defendants' Motion to Compel (ECF 300).

## III. ARGUMENT

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Similarly, under Rule 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Here, good cause exists to defer all opt-in discovery until after the Court decides Amazon's Motion to Dismiss and Plaintiffs' forthcoming motion for class and collective action certification. The Court should deny Amazon's Motion to Compel accordingly.

### A. The Court should defer discovery from opt-in plaintiffs until after a ruling on Defendants' Motion to Dismiss.

In deciding whether to stay discovery pending a ruling on motion to dismiss, courts in the Ninth Circuit generally apply a two-prong test. *Urban v. Tesla, Inc.*, --- F. Supp. 3d ---, 2023 WL 6796021, at *8 (N.D. Cal. Oct. 13, 2023) (citing other precedent). Prong one


LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

considers whether the pending motion is potentially dispositive, while prong two considers whether discovery is needed to decide the motion. *Id.* Both prongs support deferring opt-in discovery here.

Amazon's Motion to Dismiss seeks to eliminate the FLSA claims for "[e]very plaintiff other than Rittmann, Carroll, and Wehmeyer." (Defs.' Mot. to Dismiss 8, ECF No. 303). Amazon's dismissal bid is therefore dispositive to the opt-in plaintiffs from which Amazon now demands discovery, thus satisfying prong one. Prong two is also satisfied because the Court may decide Amazon's Motion to Dismiss without any discovery. Amazon's Motion does not, for example, challenge jurisdiction. Rather, Amazon seeks dismissal under Rule 12(b)(6) and to strike allegations under Rule 12(f).

With both prongs satisfied, the Court should defer discovery with opt-in plaintiffs until after ruling on Amazon's Motion to Dismiss. The Court should deny Amazon's Motion to Compel accordingly.

### B. The Court should defer discovery from opt-in plaintiffs until after it decides whether to conditionally certify an FLSA collective action.

"A collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018). "Preliminary certification" of an FLSA collective action—also known as "provision" or "conditional" certification—"may take place *after* the collective action has already begun." *Id.* "The sole consequence of a successful motion for preliminary certification is the sending of court-approved written notice to workers who may wish to join the litigation as individuals." *Id.* (internal quotation marks omitted).

Here, Plaintiffs intend to renew motion to conditionally certify a collective action of all AmazonFlex drivers nationwide. If granted, the Court would approve written notice to be sent to all drivers. In turn, thousands of drivers would likely file opt-in consent forms.

When a collective action includes hundreds or thousands of opt-in plaintiffs, as expected here, courts typically limit discovery to a representative sample of opt-in plaintiffs. For example, in *Smith v. Lowe's Home Centers, Inc.*, the district court limited opt-in discovery to a representative sample after more than 1,500 workers joined the collective action. 236 F.R.D. 354 (S.D. Ohio 2006). The district court reasoned that "limiting discovery to a statistically significant representative sampling" would "reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Id.* at 357; *see also Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (holding that "individualized discovery is not appropriate" in collective actions because "[i]ndividualized discovery is just too onerous").

Limiting opt-in discovery also aligns with the FLSA's policy goals for collective actions. *See Hoffmann-La Roche Inc., v. Sperling*, 493 U.S. 165, 170 (1989) ("A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources."); *Reed v. Cnty. of Orange*, 266 F.R.D. 446, 462 (C.D. Cal. 2010) ("In evaluating fairness and procedural considerations, the Court must consider the primary objectives of a collective action: (1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity."), *abrogated by*

*Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018); *see also McGrath v. City of Philadelphia*, 1994 WL 45162, at *3 (E.D. Pa. Feb. 10, 1994).

At this point, there is no way to determine the parameters of a representative sample of opt-in plaintiffs. Nor is there any way to determine whether the six opt-in plaintiffs from which Amazon demands discovery will be part of any future representative sample. Indeed, if Amazon's Motion to Dismiss is granted, there may never be a representative sample. And even if Amazon's Motion to Dismiss is denied, as Plaintiffs expect, a representative sample cannot be determined until after this Court grants conditional certification, approves nationwide notice, and receives all opt-in consent forms.

Similarly, this Court may have to decide whether any opt-in plaintiffs are bound by arbitration agreements. Amazon contends that most are bound by arbitration, while the six at issue here are not. But that is for the Court, not Amazon, to decide. And if the Court decides that no drivers are bound by arbitration because of the Section 1 exemption, as Plaintiffs anticipate, then the scope of the collective action will be much larger than six opt-ins from which Amazon demands discovery.

The bottom line is that the scope of this case and the collective action must be determined before this Court can properly assess what opt-in discovery to allow. The district court opinions that Amazon relies upon support this measured approach. In each, the district knew the ***total*** number of opt-in plaintiffs before allowing individualized discovery. *See, e.g.*, *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) ("Plaintiffs' alternative suggestion that this Court similarly allow discovery of only a small representative sample ignores the fact that this matter involves a relatively ***small total*** number of named and opt-in plaintiffs.") (emphasis added); *see also Frisbie v. Feast Am.*

*Diners, LLC*, 2020 WL 2305083 (W.D.N.Y. May 8, 2020) (limiting depositions of opt-in plaintiffs to one per restaurant location).

Before compelling any opt-in discovery, this Court should wait to see how many Amazon drivers join this collective action. The Court should also determine the scope of discovery by first ruling on Amazon's Motion to Dismiss. In the meantime, the Court should deny Amazon's Motion to Compel Discovery from Opt-In Plaintiffs as premature.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order denying Defendants' Motion to Compel Discovery from Opt-In Plaintiffs (ECF No. 300).

Dated: July 15, 2024

*I certify that this opposition contains less than 4,200 words in compliance with the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*

Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

*Attorneys for Rittmann Plaintiffs*