The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al.*,

Plaintiffs,

v.

AMAZON.COM INC. and AMAZON LOGISTICS, INC.,

Defendants.

Consolidated Action
Case No. C16-1554-JCC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (ECF No. 303)**

NOTE DATE:
July 19, 2024



**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 3

III. ARGUMENT ..... 4

A. Plaintiffs have adequately alleged nationwide common law claims. ..... 4

B. Plaintiffs have adequately alleged minimum wage claims. ..... 7

C. Plaintiffs have adequately alleged overtime claims are adequately alleged. ..... 11

D. Plaintiffs adequately alleged their claim for withheld wages under Washington law and Amazon's willfulness. ..... 12

E. Plaintiffs' California law claims are adequately alleged. ..... 13

1. Plaintiffs' California meal and rest break claims are adequately alleged. ..... 13

2. Plaintiffs have adequately alleged tip violations under Cal. Lab. Code § 351. ..... 16

3. Plaintiffs' California waiting time claims are adequately alleged. ..... 17

4. Plaintiffs' UCL Claim is properly predicated California sick leave violations. ..... 19

5. Plaintiffs' California Unlawful Deductions Claim ..... 19

6. Plaintiffs' PAGA Claims are adequately alleged. ..... 22

F. Plaintiffs are entitled to additional leave before dismissal with prejudice. ..... 23

IV. CONCLUSION ..... 24

# TABLE OF AUTHORITIES

## Cases

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
125 F. Supp. 3d 945 (N.D. Cal. 2015) .......... 17

*Alberts v. Aurora Behav. Health Care*,
193 Cal. Rptr. 3d 783 (Cal. Ct. App. 2015) .......... 15

*Ambriz v. Coca Cola Co.*,
No. 13-CV-03539-JST, 2013 WL 5947010, at *3 (N.D. Cal. Nov. 5, 2013) .......... 14, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Augustus v. ABM Sec. Servs., Inc.*,
385 P.3d 823 (Cal. 2016) .......... 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*Bland v. PNC Bank, NA.*,
2016 WL 10520047 (W.D. Pa. Dec. 16, 2016) .......... 5

*Boon v. Canon Bus. Sols., Inc.*,
592 F. App'x 631 (9th Cir. 2015) .......... 8, 9, 14

*Bradley v. Networkers Int'l, LLC*,
150 Cal. Rptr.3d 268 (2012) .......... 14

*Brinker Rest. Corp. v. Superior Ct.*,
273 P.3d 513 (Cal. 2012) .......... 13, 14, 15

*Caballero v. W. Refin. Retail, LLC*,
2021 WL 2935309 (C.D. Cal. Mar. 23, 2021) .......... 8

*Campbell v. Pricewaterhouse Coopers, LLP*,
2007 WL 841694 (E.D. Cal. Mar.20, 2007) .......... 20

*Chen v. Target Corp.*,
No. CV 21-1247, 2022 WL 1597417 (D. Minn., May 19, 2022) .......... 5

*Clark v. United Emergency Animal Clinic, Inc.*,
123 Fed. Appx. 736 (9th Cir. 2004) .......... 20

*Cook v. Matrix Absence Mgmt., Inc.*,
--- F. Supp. 3d ---, 2024 WL 3077160 (N.D. Cal. June 20, 2024) ....... 2

*Davenport v. Wendy's Co.*,
2014 WL 3735611 (E.D. Cal. July 28, 2014) ....... 9

*Davis v. Farmers Ins. Exch.*,
245 Cal. App. 4th 1302, 1335, 200 Cal. Rptr. 3d 315 (2016) ....... 20

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ....... 10

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ....... 23

*Fiore v. PPG Indus., Inc.*,
279 P.3d 972 (Wash. Ct. App. 2012) ....... 13

*Foman v. Davis*,
371 U.S. 178 (1962) ....... 23

*Gregory Vill Partners, L.P. v. Chevron U.S.A., Inc.*,
805 F. Supp. 3d 888 (N.D. Cal. 2011) ....... 10

*Hampton v. California*,
No. 21-CV-03058-LB, 2022 WL 838122 (N.D. Cal. Mar. 20, 2022) ....... 3

*Hernandez v. Wal-Mart Assocs., Inc.*,
No. 5:21-cv-00166-FLA, 2022 WL 17886037 (C.D. Cal. Mar. 29, 2022) ....... 3

*Hill v. Garda CL Nw., Inc.*,
424 P.3d 207 (Wash. 2018) ....... 12

*Hudgins v. Neiman Marcus Grp., Inc.*,
34 Cal. App. 4th 1109 (1995) ....... 20

*Huskey v. Colgate-Palmolive Co.*,
486 F. Supp. 3d 1339 (E.D. Mo. 2020) ....... 5

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
801 F. Supp. 2d 993 (S.D. Cal. 2011) ....... 4

*In re Pa. Baycol Third-Party Payor Litig.*,
2005 WL 852135 (C.C.P. Phila. Cty. Apr. 4, 2005) ....... 6

*In re Prudential Ins. Col Am. Sales Prac. Litig. Agent Actions*,
148 F.3d 283 (3d Cir. 1998) .......... 7

*In re: Dollar Gen. Corp. Motor Oil Mktg. & Sales Pracs. Litig.*,
No. 16-02709-MD-W-GAF, 2017 WL 3863866 (W.D. Mo. Aug. 3, 2017) .......... 5

*Jepson v. Ticor Title Ins.*,
No. C06-1723 JCC, 2007 WL 2060856 (W.D. Wash. May 1, 2007) .......... 5

*Kamar v. RadioShack Corp.*,
2008 WL 2229166 (C.D. Cal. May 15, 2008) .......... 21

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 23

*Kim v. Reins Int'l Cal., Inc.*,
459 P.3d 1123 (2020) .......... 22

*Landers v. Quality Commc'ns, Inc.*,
771 F.3d 638, 641 (9th Cir. 2014) .......... passim

*McMullen v. Fluor Corp.*,
81 F. App'x 197 (9th Cir. 2003) .......... 23

*Melendres v. Arpaio*,
784 F.3d 1254 (9th Cir. 2015) .......... 4

*O'Connor v. Uber Techs., Inc.*,
2013 WL 6354534 (N.D. Cal. Dec. 5, 2013) .......... 17

*Overka v. American Airlines, Inc.*,
265 F.R.D. 14 (D. Mass. 2010) .......... 5, 7

*Patterson v. RW Direct, Inc.*,
No. 18-CV-00055-VC, 2018 WL 6106379 (N.D. Cal. Nov. 21, 2018) .......... 4

*Pruell v. Caritas Christi*,
678 F.3d 10 (1st Cir. 2012) .......... 9

*Rocha v. U-Haul Co. of Cal.*,
304 Cal. Rptr. 3d 587 (Cal. Ct. App. 2023) .......... 22

*Rodriguez v. F & B Sols. LLC*,
20 F. Supp. 3d 545 (E.D. Va. 2014) .......... 8

*Roman v. Jan-Pro Franchising Int'l, Inc.*,
342 F.R.D. 274 (N.D. Cal. 2022) ....................19

*Sagastume v. Psychemedics Corp.*,
2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) ....................8

*Sanchez v. Sams W., Inc.*,
2021 WL 8531592 (C.D. Cal. Dec. 23, 2021)....................8

*Schilling v. Radio Holdings, Inc.*,
961 P.2d 371 (Wash. 1998) ....................12

*Sciborski v. Pac. Bell Directory*,
205 Cal. App. 4th 1152 (2012)....................20

*Senne v. Kan. City Royals Baseball Corp.*,
114 F. Supp. 3d 906 (N.D. Cal. 2015)....................5

*Smith v. Superior Ct.*,
39 Cal. 4th 77 (2006)....................18

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ....................2, 3, 17

*Stearne v. Heartland Payment Sys. LLC*,
2018 WL 746492 (E.D. Cal. Feb. 6, 2018) ....................23

*Suarez v. Bank of Am. Corp.*,
No. 18-CV-01202-MEJ, 2018 WL 3659302, at *8 (N.D. Cal. Aug. 2, 2018) ....................14

*Tan v. GrubHub, Inc.*,
171 F. Supp. 3d 998 (N.D. Cal. 2016)....................8

*Target Corp. Data Sec. Breach Litig.*,
66 F. Supp. 3d 1154 (D. Minn. 2014) ....................5

*Tinnin v. Sutter Valley Med. Found.*,
647 F. Supp. 3d 864 (E.D. Cal. 2022) ....................8

*United States v. Union Auto Sales, Inc.*,
490 F. App'x 847 (9th Cir. 2012)....................3

*Valenzuela v. Giumarra Vineyards Corp.*,
614 F. Supp. 2d 1089 (E.D. Cal. 2009) ....................21

*Varsam v. Laboratory Corp. of America*,
2015 WL 4624111, *3 (S.D. Cal. Aug. 3, 2015) .......... 7

*Villalpando v. Exel Direct Inc.*,
2014 WL 1338297 (N.D. Cal. Mar. 28, 2014) .......... 17

*Warfarin Sodium Antitrust Litig.*,
391 F.3d 516, 529 (3d Cir. 2004) .......... 7

*Welch v. Montgomery Eye Physicians, P.C.*,
891 So. 2d 837 (Ala. 2004) .......... 6

*Yuckming Chiu v. Citrix Sys., Inc.*,
2011 WL 6018278 (C.D. Cal. Nov. 23, 2011) .......... 16, 18

**Statutes**

Cal. Lab. Code § 1194 .......... 11

Cal. Lab. Code § 1198 .......... 11

Cal. Lab. Code § 201 .......... 17

Cal. Lab. Code § 202 .......... 17

Cal. Lab. Code § 203 .......... 17

Cal. Lab. Code § 204 .......... 11

Cal. Lab. Code § 218 .......... 20

Cal. Lab. Code § 221 .......... 19, 20

Cal. Lab. Code § 224 .......... 20

Cal. Lab. Code § 226(a) .......... 12

Cal. Lab. Code § 226.7(b) .......... 13

Cal. Lab. Code § 246 .......... 19

Cal. Lab. Code § 2699(c) .......... 22

Cal. Lab. Code § 351 .......... 16

Cal. Lab. Code § 510 .......... 11

Fair Labor Standards Act (FLSA),
29 U.S.C. § 201 *et seq.* ....................1, 9, 11, 21

RCW section 49.52.50....................13

**Other Authorities**

IWC Wage Order 9-2001 ....................11, 12, 14

**Rules**

Fed. R. Civ. P. 12(e)....................10

Fed. R. Civ. P. 8(a)(2) ....................3

## I. INTRODUCTION

Amazon has moved to dismiss much of Plaintiffs' First Amended Consolidated Class Action Complaint ("FACC"). This case, despite its age, is still at the pleadings stage. At this point, Plaintiffs need only put Amazon on notice of the nature of their claims.

Amazon's own filings also belie any argument that it needs more notice. Amazon's Motion to Compel Discovery, for example, accurately summarizes the FACC:

> The FACC alleges that Amazon misclassified [Plaintiffs] as independent contractors and that Amazon has therefore violated the FLSA "by failing to assure [drivers] receive minimum wage, after accounting for necessary business expenses that the drivers must pay such as gas and car maintenance" and "failing to pay overtime for hours worked in excess of forty per week."

(ECF 300 at 2, quoting FACC ¶ 2). In like manner, Amazon's Motion to Dismiss identifies Plaintiffs' legal theories:

> Plaintiffs allege that they have worked as delivery drivers classified as independent contractors for Amazon.com, Inc. or Amazon Logistics, Inc. at various times and in various states. ECF No. 262 ("FACC"), ¶¶ 1, 12-30. They assert claims under the Fair Labor Standards Act ("FLSA"), the laws of the states of Washington, California, Illinois, New York and New Jersey, and local Seattle law for failure to pay minimum wage and overtime; unlawful withholding of wages; failure to reimburse expenses; failure to provide wage statements; failure to remit gratuities; failure to provide meal and rest breaks; and failure to provide sick leave. They also allege two nationwide class action common law claims premised on the alleged failure to remit gratuities[.]

(ECF 303 at 3).

Despite having memorialized its understanding of Plaintiffs' claims, Amazon continues to demand more specificity from Plaintiffs. According to Amazon, Plaintiffs must identify

specific weeks for which they are owned minimum wages and overtime. But Amazon—not Plaintiffs—possesses the data needed to identify those weeks.

Through its Flex App, Amazon tracked how much each driver worked and earned on a weekly basis.[1] Amazon shared with drivers how much they were paid that week, but not how many hours they worked. (ECF No. 262 at ¶ 64). In fact, Amazon intentionally withheld this information, going as far as using software that prevented drivers from taking screenshots of the Amazon Flex App. (ECF No. 262 at ¶ 64). This Court should not reward Amazon for intentionally creating information asymmetries, in violation of federal and state law, by dismissing Plaintiffs' claims. Nor does the pleading standard require such an inequitable outcome.

Amazon misconstrues *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641-42 (9th Cir. 2014) as establishing a specialized pleading standard for wage and hour cases. This specialized standard, Amazon argues, requires Plaintiffs to identify specific weeks for which they are owed minimum wages and overtime. But as courts in this Circuit have recognized, "there can be no such standard: Wage and hour claims are subject to the same Rule 8 pleading standard as all other claims not sounding in fraud or mistake." *Cook v. Matrix Absence Mgmt., Inc.*, --- F. Supp. 3d ---, 2024 WL 3077160, at *3 (N.D. Cal. June 20, 2024) (internal quotation marks and citation omitted) (identifying the problem in *Landers* as plausibility, not particularity).

At bottom, this court must decide whether Amazon has enough information "to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). And after eight years of

---

[1] According to Amazon's counsel, Amazon intends to provide a sampling of this data in opposition to Plaintiffs' forthcoming motion for class certification.

litigation, Amazon's ability to defend itself is beyond dispute. The Court should therefore move this case beyond the pleadings stage by denying Amazon's Motion to Dismiss.

## II. Legal Standard

Rule 8(a)(2) requires only that a plaintiff's complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *United States v. Union Auto Sales, Inc.*, 490 F. App'x 847, 848 (9th Cir. 2012) (internal quotation omitted). "The factual allegations of the complaint need only plausibly suggest an entitlement to relief" and must simply present "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (internal quotations omitted). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

Courts in this Circuit have also relaxed the pleading standard where, as here, "plaintiffs must confront an information asymmetry and often plead only from personal experience." *Hernandez v. Wal-Mart Assocs., Inc.*, No. 5:21-cv-00166-FLA, 2022 WL 17886037, at *3 (C.D. Cal. Mar. 29, 2022) (refusing to dismiss class allegations); *see also Hampton v. California*, No. 21-CV-03058-LB, 2022 WL 838122, at *8 (N.D. Cal. Mar. 20, 2022), *rev'd in part*, No. 22-15481, 2023 WL 6443897 (9th Cir. Oct. 3, 2023). Indeed, the point of Rule 8 is to ensure that the defendant has enough information "to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202,

1216 (9th Cir. 2011). Forcing a plaintiff to allege information that the defendant already possesses and exclusively controls does not serve this objective.

## III. ARGUMENT

### A. Plaintiffs have adequately alleged nationwide common law claims.

In its Motion to Dismiss, Amazon argues that Plaintiffs' nationwide common law claims for unjust enrichment and intentional interference with advantageous relations, stemming from its failure to distribute all customer tips to drivers must be dismissed on the grounds that: (1) Plaintiffs lack standing to pursue these claims on behalf of a nationwide class as the Complaint does not include Plaintiffs from all fifty states; and (2) Plaintiffs have not alleged violation of each states' applicable laws. (ECF No. 303 at 6-7). Amazon is wrong in both respects.

First, Amazon's argument that Plaintiffs lack standing to pursue these common law claims because the Complaint does not include plaintiffs from all fifty states is premature at the pleading stage. "The constitutional issue of standing should not be conflated with Rule 23 class action requirements." *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 801 F. Supp. 2d 993, 1005 (S.D. Cal. 2011). Plaintiffs have *standing* because they were personally and directly affected by Amazon's unlawful practices; any question related to Plaintiffs' ability to represent a nationwide class can and should be addressed at class certification. Indeed, courts have routinely held that the analysis that Amazon presses for here is premature at the pleading stage and should be addressed at class certification. *See Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) (citing cases from other Circuits and noting that Plaintiffs' approach "is the one adopted by 'most' other federal courts to have addressed the issue"); *Patterson v. RW Direct, Inc.*, No. 18-CV-00055-VC, 2018 WL 6106379, at *1 (N.D. Cal. Nov. 21, 2018); *Senne v. Kan. City Royals*

*Baseball Corp.*, 114 F. Supp. 3d 906, 921-24 (N.D. Cal. 2015); *Jepson v. Ticor Title Ins.*, No. C06-1723 JCC, 2007 WL 2060856, at *1 (W.D. Wash. May 1, 2007); *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1159-60 (D. Minn. 2014) ("As Target undoubtedly knows, there are consumers in [the unrepresented states] whose personal financial information was stolen in the 2013 breach. To force Plaintiffs' attorneys to search out those individuals at this stage serves no useful purpose."); *Chen v. Target Corp.*, No. CV 21-1247, 2022 WL 1597417, at *7 (D. Minn., May 19, 2022) ("At this stage in the proceedings, the Court declines to dismiss Plaintiffs' nationwide claims for unjust enrichment . . . and breach of implied contract and negligence for lack of standing."); *Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1350-51 (E.D. Mo. 2020) (denying motion to dismiss and deferring fate of nationwide class allegations pleaded under Missouri law, including unjust enrichment claim, until after discovery); *In re: Dollar Gen. Corp. Motor Oil Mktg. & Sales Pracs. Litig.*, No. 16-02709-MD-W-GAF, 2017 WL 3863866, at *6 (W.D. Mo. Aug. 3, 2017) (finding plaintiffs had plausibly alleged nationwide unjust enrichment and breach of warranty claims under Tennessee law and deferring choice of law issues).

Second, contrary to Amazon's contentions, several courts have allowed the certification of nationwide classes alleging unjust enrichment and other breaches of common law duties, without pleading such claims state by state, as long as the claims have similar elements across the jurisdictions. *See, e.g., Bland v. PNC Bank, NA.*, No. 2:15-CV-01-42-AJS, 2016 WL 10520047, at *23 (W.D. Pa. Dec. 16, 2016) (certifying a nationwide class of mortgage loan officers asserting breach of contract and unjust enrichment claims); *Overka v. Am. Airlines, Inc.*, 265 F.R.D. 14, 20, 22 (D. Mass. 2010) (finding it manageable to certify a nationwide class on

both unjust enrichment and tortious interference theories). These courts have recognized that the doctrine of unjust enrichment exists in all 50 states, and the elements of an unjust enrichment claim are substantially similar, with minimal variation by state. *In re Pa. Baycol Third-Party Payor Litig.*, 2005 WL 852135, at *6 (C.C.P. Phila. Cty. Apr. 4, 2005) ("Essentially, the law everywhere requires proof that the defendant has kept what a plaintiff paid for a product under circumstances in which retention is inequitable."). Because the state laws are largely the same for unjust enrichment, and any minor differences in the elements can be easily managed by the Court, Plaintiffs' common law claims should be permitted to proceed.

In all jurisdictions at issue, a cause of action for unjust enrichment exists when the defendant benefited from an action of the plaintiff, and the defendant's retention of that benefit would be unjust in the eyes of the court under wrongful or inequitable circumstances. In some jurisdictions, defendant's knowledge of the benefit is explicitly required.[2] In some states, the plaintiff must also plead an unconscionable or illegal act by the defendant.[3]

It is therefore clear that this Court can create manageable subgroupings of each state's unjust enrichment claims—as several other courts have done—and should permit the nationwide

---

[2] These states are Alaska, Arkansas, Colorado, Georgia, Idaho, Kansas, Kentucky, Maine, Maryland, Minnesota, Missouri, Montana, Nevada, North Carolina, New Mexico, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

[3] *See e,g.*, *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004) ("One is unjustly enriched if his retention of a benefit would be unjust . . . . Retention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit . . . engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.") (quotations omitted).

common law claims to proceed as alleged. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 529-30 (3d Cir. 2004) ("Although there may be situations where variations in state laws are so significant so as to defeat commonality and predominance even in a settlement class certification, this is not such a case."); *In re Prudential Ins. Col Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 315 (3d Cir. 1998); *see also Overka*, 265 F.R.D. at 21 (finding that it would be manageable to certify a nationwide unjust enrichment class).[4]

In sum, Plaintiffs have plausibly alleged that their common law claims can be adjudicated on a class-wide basis and nothing more is required at the pleading stage. In any case, Plaintiffs have also demonstrated the manageability of a nationwide class on their unjust enrichment and tortious interference claims given the minimal and classifiable variations in state laws. Most importantly, manageability of a nationwide class should be addressed in more depth at the class certification stage. The Court should deny Amazon's motion to dismiss these claims.

**B. Plaintiffs have adequately alleged minimum wage claims.**

Amazon also argues that Plaintiffs fail to state a claim for minimum wages because the FACC does not specify weeks in which every Plaintiff failed to earn the minimum wage. (ECF No. 303 at 7-8). The argument fails because the Ninth Circuit "does not require that a '***particular instance***' [of overtime or minimum wage violations] be pled" in order to state a valid claim, nor does it require that each Plaintiff provide the level of detail that Amazon urges. *Varsam v. Lab'y Corp. of Am.*, 2015 WL 4624111, at *3 (S.D. Cal. Aug. 3, 2015) (emphasis added).

---

[4] The same is true with respect to Plaintiffs' claim for intentional interference with advantageous relations. For example, in *Overka*, the court likewise certified a nationwide tortious interference claim in a case in which plaintiffs alleged that their gratuities had been taken from them by the defendant. 265 F.R.D. at 21-23.

Indeed, as the Ninth Circuit itself acknowledged in *Landers v. Quality Commc'ns, Inc.*, "[n]o circuit court has interpreted Rule 8 as requiring [plaintiffs] to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." 771 F.3d 638, 641-42 (9th Cir. 2014); *see also Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015) (holding plaintiff's unpaid wage allegations satisfied the *Landers* pleading requirements despite not detailing the number of uncompensated hours). The obvious reason for this fact is that Plaintiffs cannot be expected to allege such claims with "mathematical precision," when "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 643, 645; *see also Boon*, 592 F. App'x at 632 (holding plaintiff satisfied pleading requirement by describing "tasks for which [plaintiff] was not paid and alleg[ing] that he regularly worked more than eight hours in a day and forty hours in a week"); *Sanchez v. Sams W., Inc.*, 2021 WL 8531592, at *2 (C.D. Cal. Dec. 23, 2021) ("*Landers* does not stand for the proposition that a plaintiff asserting an overtime claim must plead an itemized calendar of each date on which he was denied overtime wages and the amount of those unpaid wages."); *Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 869 (E.D. Cal. 2022) (same); *Caballero v. W. Refin. Retail, LLC*, 2021 WL 2935309, at *3 (C.D. Cal. Mar. 23, 2021) (same); *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020) (same); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) ("*Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only give rise to a plausible inference that there was such an instance."); *Rodriguez v. F & B Sols. LLC*, 20 F. Supp. 3d 545, 548 (E.D. Va. 2014); *Davenport v. Wendy's*

*Co.*, 2014 WL 3735611, *5 (E.D. Cal. July 28, 2014); *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012).

Here, Plaintiffs have specifically pled that "[w]hen using the Amazon Flex app to view their current earnings in the app's interface, delivery workers were unable to capture images" and that "Amazon utilized screenshot disabling features in the Amazon Flex app" while also failing to provide "Plaintiffs with any written or electronic wage statement showing hours worked, gross or net wages, hourly rates, paid or unpaid breaks or federal or state deductions." (ECF No. 262 ¶ 64). These actions by Amazon have rendered it impossible for Plaintiffs who no longer work for Amazon Flex and therefore no longer have access to the Amazon Flex Application to reconstruct their hours or pay because they have *no record of their hours or earnings*. By contrast, Amazon has detailed data in its possession regarding Plaintiffs' pay, the shifts they signed up to work, and time-stamped records of their deliveries. In sum, Plaintiffs should not have to plead specific workweeks given they lack access to any documentation that would allow them to determine the workweeks at issue. *See, e.g.*, *Landers*, 771 F.3d at 645-46; *see also Boon*, 592 F. App'x at 632. This is particularly true where Amazon has actively hindered Plaintiffs' ability to access this documentation, and its actions form part of the allegations of wrongdoing in the Complaint.

In any case, even applying Amazon's improper, heightened pleading standard, the minimum wage claims are adequately alleged. For example, Plaintiff Rittmann has provided specific allegations about Amazon's failure to pay her minimum wage in July 2016, when she was working in Seattle, Washington. *See* FACC ¶ 51. Amazon essentially concedes that Rittmann has adequately pled her FLSA minimum wage claim, and the Seattle minimum wage

was much higher, such that she has necessarily also adequately pled her claim under the Seattle Minimum Wage Ordinance. Amazon insists that Rittmann did "not allege where she was working when her wages allegedly fell below the federal minimum wage," *see* ECF No. 303 at 9, but this argument is frivolous. By naming specific workweeks in July 2016, Amazon *knows* that Rittmann was working in Seattle, Washington, at the time. The federal pleading standard has two main goals: first, to "give fair notice and to enable the opposing party to defend itself," and second, to ensure that the plaintiff's allegations "plausibly suggest an entitlement to relief." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citation omitted). By providing detail about specific occasions on which Rittmann did not make minimum wage in July 2016–a timeframe in which she exclusively worked in the Seattle, Washington, area for Amazon Flex–she has provided enough detail to put Amazon on notice regarding the nature of the claims against it and plausibly explained her entitlement to relief.[5]

Similarly, Plaintiffs Yarleque (New Jersey), Davarci (New York), and Wilkins (California) have also adequately alleged minimum wage claims by attempting to identify specific weeks in which they made less than minimum wage, notwithstanding the difficulties of doing so with limited access to records of their hours, pay, mileage, and the like. *See* FACC ¶ 52. Amazon does not explain how or why these allegations are insufficient, even under its alleged,

---

[5] It is worth noting that Fed. R. Civ. P. 12(e) dictates that a motion for a more definite pleading is only proper where the "complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response." *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (quotations omitted). Here, Amazon plainly has sufficient information to understand that Rittmann—who worked for Amazon exclusively in the Seattle Washington area—is alleging that she made well below the prevailing minimum wage.

heightened pleading standard. (*See* ECF No. 303 at 8-9). As such, its motion must be denied as to Counts I, III, VI, IX, XIX, XXI, XXIV.

**C. Plaintiffs have adequately alleged overtime claims are adequately alleged.**

Plaintiffs have alleged overtime claims under Washington, California, and federal law (Counts II, IV, XI ). Amazon argues that the FACC fails to state a claim because, although Plaintiff Carroll pleads two specific workweeks in which he worked more than forty hours per week without overtime pay, he "does not allege how many hours he actually worked" and does not "allege in which state he performed services, and therefore he fails to state a claim under California or Washington overtime laws." (*See* ECF No. 262 at 9-10). This latter quibble by Amazon is immaterial because Amazon *knows* where Carroll performed work during the relevant weeks; by providing specific workweeks in which he worked overtime, Amazon can easily determine that the location Carroll worked during those weeks was Washington state. Moreover, "[n]o circuit court has interpreted Rule 8 as requiring FLSA plaintiffs to plead in detail ***the number of hours worked***, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." *Landers*, 771 F.3d at 641-42 (emphasis added). In sum, Plaintiffs' FLSA and Washington state overtime claims are plainly not subject to dismissal.

Amazon contends that claims for Cal. Lab. Code §§ 204, 510, 1194, 1198 and IWC Wage Order 9-2001 fail to identify anyone other than Plaintiff Carroll who worked overtime (*see* ECF No. 303 at 13) yet forgets that this is a class of similarly situated individuals. The FACC identifies Plaintiff Carroll as an example, whose experience is a shared one with the other Plaintiffs. *See* FACC ¶ 55. The FACC mentions all Plaintiffs are alleging overtime violations multiple times throughout, stating, "Plaintiffs have been and are expected to regularly work in

excess of 8 hours per day or 40 hours per week. Plaintiffs have regularly worked and continue to regularly work in excess of 8 hours per day or 40 hours per week." *See* FACC ¶ 134. Furthermore, Amazon conveniently sidesteps the fact that it is responsible for Plaintiff Carroll and others not having more precise records–Amazon did not provide wage statements that properly itemize compensation as it is legally required to do. *See* Cal. Lab. Code § 226(a); IWC Wage Order 9-2001. Amazon is also obligated to keep and maintain these records under Cal. Lab. Code § 226(a) and IWC Wage Order 9-2001 and therefore should *know* that Plaintiff Carroll *and* the other Plaintiffs worked this overtime. It is most egregious that Amazon now demands Plaintiffs offer more detailed recitations of the overtime accrued when Amazon never provided adequately itemized wage statements. Plaintiffs' overtime violation claims are adequately alleged.

**D. Plaintiffs adequately alleged their claim for withheld wages under Washington law and Amazon's willfulness.**

Next, Amazon erroneously claims that Plaintiffs have failed to adequately plead their Washington state law claim under RCW section 49.52.50 (Count V) because Plaintiffs have not adequately alleged the element of willfulness. (ECF No. 262 at 10-11).

The Washington Supreme Court has repeatedly underscored that the "standard for proving willfulness is low." *Hill v. Garda CL Nw., Inc.*, 424 P.3d 207, 211 (Wash. 2018). The employer's failure to pay need only be volitional—he "merely . . . knows what he is doing, intends to do what he is doing, and [acts as] a free agent.'" *Schilling v. Radio Holdings, Inc.*, 961 P.2d 371, 375 (Wash. 1998) (citations omitted). Typically, an employer's failure to pay wages will only be deemed not willful where it is the result of carelessness or where there is a bona fide dispute about whether certain wages were really due. *Hill*, 1424 P.3d at 211. When a worker

alleges that her employer has violated RCW 49.52.50 by misclassifying and thus underpaying her, all she needs to show is that her employer "acted volitionally" in failing to pay her wages. *Fiore v. PPG Indus., Inc.*, 279 P.3d 972, 985 (Wash. Ct. App. 2012).

Paragraph 65 of the FAAC alleges that "Amazon voluntarily and knowingly misclassified delivery workers as independent contractors for the purpose of avoiding the significant costs and responsibilities associated with the employer/employee relationship" and that, "[i]n misclassifying delivery workers as independent contractors and failing to pay wages and compensation due to them, as well as by committing the numerous other violations detailed in this complaint, Amazon, by and through its officers, directors or managing agents, acted with malice, oppression or conscious disregard for the statutory or other rights of Plaintiffs, and committed fraud by willfully and wrongly treating Plaintiffs as independent contractors and not employees." (ECF No. 262 at ¶ 65). These allegations are more than enough to plead the element of willfulness with respect to Amazon's failure to pay drivers for time spent working after the end of their scheduled block under RCW section 49.52.50.

**E. Plaintiffs' California law claims are adequately alleged.**

Amazon challenges the pleading of several Plaintiffs' California law claims. As described further below, these claims are adequately alleged, so Amazon's arguments should be rejected.

***1. Plaintiffs' California meal and rest break claims are adequately alleged.***

Employees are entitled to one thirty-minute meal break after a five-hour work period and a second meal break after a ten-hour period. They are also entitled to a ten-minute rest period after every four hours of work. *See Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 528, 532 (Cal. 2012); Cal. Lab. Code § 226.7(b) ("An employer shall not require an employee to work

during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission [(‘IWC’)].”); *see also* IWC Wage Order 9-2001 .

When providing meal and rest breaks, an employer has an affirmative obligation to relieve its employees, relinquish control over their activities, and give them a reasonable opportunity to take an uninterrupted break. *Brinker Rest. Corp.*, 273 P.3d at 536. “[W]hen an employer has not authorized and not provided legally-required meal and/or rest breaks, the employer has violated the law[.]” *Bradley v. Networkers Int’l, LLC*, 150 Cal. Rptr.3d 268, 285 (2012), *as modified on denial of reh’g* (Jan. 8, 2013) (citing *Brinker*).

At the pleading stage, Plaintiffs are only required to establish that it is plausible that they were denied at least one break. Plausibility can be established through estimates and averages of the number of violations. *See Landers*, 771 F.3d at 645 (“A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.”); *see also Boon*, 592 F. App’x at 632 (holding plaintiff’s allegations identifying tasks for which the plaintiff was not paid and stating that he regularly worked more than eight hours a day and forty hours a week were enough to satisfy the pleading requirement). Alternatively, plausibility can be established through allegations that the employer maintained a policy denying breaks. *See Suarez v. Bank of Am. Corp.*, 2018 WL 3659302, at *8 (N.D. Cal. Aug. 2, 2018) (citing *Ambriz v. Coca-Cola Co.*, 2013 WL 5947010, at *4-5 (N.D. Cal. Nov. 5, 2013)).

California Plaintiffs allege they worked sufficient hours to entitle them to two meal breaks and a rest break under the applicable law. FACC at ¶ 134 (Plaintiffs worked over eight hours per day); *id.* at ¶ 139 (Amazon required Plaintiffs to work for periods of ten hours per day). Plaintiffs also allege that they were categorically denied meal breaks on every shift (*id.* at ¶ 63) and that they were denied rest breaks because of a policy under which Amazon did not authorize such breaks. *Id.* at ¶¶ 62, 141. Finally, Plaintiffs allege Amazon's policy denying breaks stemmed from its misclassification of Plaintiffs as independent contractors and its per-delivery payment scheme. *Id.* at ¶ 62. These allegations are sufficient to establish that California Plaintiffs were denied meal and rest breaks.[6]

Amazon argues that Plaintiffs have not affirmatively described at least one specific instance in which breaks were denied. But Plaintiffs have done more; they have alleged that they were denied breaks in *every* instance because they were not subject to a policy that relieved them of all duties. *See Augustus v. ABM Sec. Servs., Inc.*, 385 P.3d 823, 832 (Cal. 2016) (holding employers must permit "off-duty rest periods"). It is this failure to have an applicable policy providing breaks that results in a violation for every working day. *Brinker*, 273 P.3d at 532. Plaintiffs are "not required to allege the non-existence of something, such as meal breaks, with any greater specificity than [they have] done here, because 'there is no more factual content

---

[6] Because Amazon did not offer employees the opportunity to receive a compliant off-duty ten-minute rest periods, "the court may not conclude employees voluntarily chose to skip . . . breaks." *Alberts v. Aurora Behav. Health Care*, 193 Cal. Rptr. 3d 783, 800 (Cal. Ct. App. 2015) ("If an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); *accord Brinker*, 273 P.3d at 532 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

Plaintiff *could* have alleged.'" *Ambriz v. Coca-Cola Co.*, 2013 WL 5947010, at *4 (N.D. Cal. Nov. 5, 2013) (quoting *Yuckming Chiu v. Citrix Sys., Inc.*, 2011 WL 6018278, at *3 (C.D. Cal. Nov. 23, 2011)). Accordingly, Plaintiffs have plausibly alleged violations of California's meal and rest break laws.

***2. Plaintiffs have adequately alleged tip violations under Cal. Lab. Code § 351.***

Amazon argues that Plaintiffs claim under Cal. Lab. Code § 351 is insufficiently pled because "California Plaintiffs merely allege that 'Defendants have violated California Labor Code § 351 in not remitting to Amazon Flex delivery drivers the total gratuities that are charged to customers.'" (ECF No. 303 at 13) (quoting FACC ¶ 132). But Plaintiffs incorporate allegations from elsewhere in the Complaint where they go into further detail about how Amazon violated § 351. *See* FACC at ¶ 132 ("Amazon's conduct, *as set forth above*…") (emphasis added). Plaintiffs allege that:

> [S]ome orders fulfilled by Amazon delivery drivers were eligible to receive tips from customers. However, those tips, which were made by customers with the intention that the tips be distributed to the drivers, were instead used by Amazon to fund its operations by subsidizing the guaranteed minimum payments that it promised and owed its drivers. As a result of Amazon's practice of using customer tips to defray the cost of the guaranteed minimum payments it owes drivers, part or all of the tips that consumers paid for drivers provided no benefit to the drivers.

FACC ¶ 3; *see also id.* at ¶¶ 11, 38, 56-61 (alleging in detail the time period at issue and the manner in which Amazon deliberately misled Plaintiffs and class members by using customer tips to subsidize rates guaranteed by Amazon).

The notice requirement of Rule 8 only requires a plaintiff "allege what role [the] Defendant played in the alleged harm." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp.

3d 945, 964 (N.D. Cal. 2015) (quotations omitted). "Put another way, a plaintiff's allegations must 'provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them,' including 'what conduct is at issue.'" *Id.* (*quoting Villalpando v. Exel Direct Inc.*, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014)). The aim of the pleading standard is to ensure that pleadings "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Here, Plaintiffs have more than sufficiently put Amazon on notice as to the role the company has played in the alleged harm; between "late 2016 until approximately August 2019 . . . Amazon used customer tips to subsidize its minimum payments to drivers. Amazon used these customer tips to offset its contribution to drivers' promised hourly base pay rate without the knowledge of drivers or customers." FACC ¶ 57.[7] Nothing further is required, so Amazon's motion to dismiss this claim should be overruled.

### ***3. Plaintiffs' California waiting time claims are adequately alleged.***

Sections 201 and 202 of the California Labor Code require that an employer pay all earned wages to an employee upon discharge. Section 203 imposes penalties for a willful failure

---

[7] Amazon asserts that Plaintiffs do not allege that any particular "customer paid them a gratuity or that Amazon did not remit them." ECF No. 303 at 13. But the very nature of the allegations against Amazon are that Plaintiffs would not know which specific tip-eligible deliveries resulted in their tips from customers being utilized to offset Amazon's minimum pay guarantees. *See* FACC, ⁋ 57 (alleging that "Amazon used these customer tips to offset its contribution to drivers' promised hourly base pay rate *without the knowledge of drivers*…") (emphasis added). Only through discovery will Plaintiffs be able to ascertain how much a customer tipped on a particular delivery and how much of that tip was diverted to meet Amazon's minimum guarantees. *O'Connor v. Uber Techs., Inc.*, 2013 WL 6354534, at *7-10 (N.D. Cal. Dec. 5, 2013).

to pay wages upon discharge. "Discharge" includes the release of an employee "upon the employee's completion of the particular job assignment or time duration for which he or she was hired." *Smith v. Superior Ct.*, 137 P.3d 218, 226 (Cal. 2006) (holding model hired for one-day assignment was entitled to earned wages at the end of the day).

Plaintiffs allege that, upon the end of their employment, Amazon failed to pay them their earned wages. (FACC, ¶ 150). Based on the allegations in the complaint relating to nonpayment of wages, it can be inferred that the "earned wages" referred to in this cause of action include, among other things, payment for all hours worked (*id.* at ¶ 131), overtime wages (*id.* at ¶¶ 133-36), expense reimbursements (*id.* at ¶ 129), gratuities (*id.* at ¶ 132), and meal and rest break premiums (*id.* at ¶¶ 137-142).

California Plaintiffs have also alleged that they completed their work for Amazon on *specific dates*. *See* FACC at ¶ 17 (Plaintiff Wilkins worked until 2020); *id.* at ¶ 22 (Plaintiff Keller worked until February 2017), *id.* at ¶ 30 (Plaintiff Puentes worked until July 31, 2019). The reasonable inference from these allegations, as well as Amazon's concession that it does not require its drivers to continue providing services for a set amount of time, is that Plaintiffs were released from their employment on the specified dates. Accordingly, they were "discharged" within the meaning of the operative statutes.

Finally, Plaintiffs have adequately alleged that Amazon's failure to pay earned wages upon discharge was willful. Allegations of a deliberate policy to avoid paying due wages are sufficient establish a plausible claim for willful conduct. *See Yuckming Chiu v. Citrix Sys., Inc.*, 2011 WL 6018278, at *5 (C.D. Cal. Nov. 23, 2011) (holding allegations that the defendant

"deliberately implemented a companywide policy of not paying overtime to save money" was sufficient to establish willful failure to pay wages).

Here, Plaintiffs allege that Amazon's conduct was willful (FACC at ¶ 150) and that its failure to pay earned wages resulted from a deliberate policy of misclassification:

> Amazon voluntarily and knowingly misclassified delivery workers as independent contractors for the purpose of avoiding significant costs and responsibilities associated with the employer/employee relationship, including, *inter alia*, the payment of wages for non-productive time, expense reimbursements, […] and other benefits."

*Id.*; *see also id.* at ¶¶ 58-59 ("Amazon deliberately failed to provide drivers with information about how much that had been paid in tips and how much they had been paid by Amazon […]. As a result, Plaintiffs and class members have been deprived of gratuities[.]"). This is more than a conclusory allegation and sufficient to plausibly establish willfulness.

**4. *Plaintiffs' UCL Claim is properly predicated California sick leave violations.***

Amazon next argues that Plaintiffs' claim under Cal. Lab. Code § 246 should be dismissed because no private right of action exists under the statute. (*See* ECF No. 303 at 15-16). But Plaintiffs may plead paid sick leave violations as a predicate violation to their UCL claim as well as the PAGA claim in this case.

**5. *Plaintiffs' California Unlawful Deductions Claim***

Amazon also argues that there is no private right of action for Plaintiffs' deductions claim under California law, but this assertion is patently incorrect. The precedent abounds with cases finding employers liable for unlawful deductions from wages under Cal. Lab. Code § 221 in cases brought against them by their employees or would-be employees. *See, e.g., Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274, 311 (N.D. Cal. 2022) (granting class certification

and summary judgment on unlawful deductions claim under Cal. Lab. Code §§ 221, 224 in case involving cleaning franchisees misclassified as independent contractors); *Davis v. Farmers Ins. Exch.*, 200 Cal. Rptr. 3d 315, 342 (Cal. Ct. App. 2016), *as modified on denial of reh'g* (Apr. 21, 2016) (finding insurance agent misclassified as an independent contractor could recover deductions for "operational expenses, such as the computer equipment he used in his office, promotional mailers and stationery, contributions toward Farmers's lobbying efforts, and advertisements" under Labor Code §§ 221 and 224); *Sciborski v. Pac. Bell Directory*, 140 Cal. Rptr. 3d 808, 821-22 (Cal. Ct. App. 2012) (affirming ruling in plaintiff's favor on claim under Lab. Code, § 221 for unlawful deductions from pay); *Hudgins v. Neiman Marcus Grp., Inc.*, 34 Cal. App. 4th 1109, 1124 (1995), *as modified* (May 25, 1995) (reversing summary judgment for employer and entering summary judgment for under Lab. Code, § 221, which prohibits an employer from collecting or receiving "from an employee any part of wages theretofore paid by said employer to said employee"); *Clark v. United Emergency Animal Clinic, Inc.*, 123 Fed. Appx. 736, 737 (9th Cir. 2004) (affirming judgment on claim under Labor Code § 221). In sum, the line of cases that Amazon cites ignore decades of California law that have acknowledged the right of employees in California to bring claims for unlawful deductions from wages.

Moreover, § 218 of the California Labor Code authorizes a private right of action to recover "any wages," and thus, Plaintiffs may sue under section 218 for any violation of section 221. *See Campbell v. Pricewaterhouse Coopers, LLP*, 2007 WL 841694, at *5 (E.D. Cal. Mar.20, 2007) ("Because Section 226.7 falls within the same article (i.e., Sections 200–243) as Section 218, the legislature has provided in unmistakably clear language that a private right of action exists under Section 226.7."); *Valenzuela v. Giumarra Vineyards Corp.*, 614 F. Supp. 2d

1089, 1101 (E.D. Cal. 2009) ("Plaintiffs may seek recovery for violations of Section 226.7 in a private suit . . . . Sections 218 and 226.7 are both contained in Division 2, Part 1, Chapter 1, Article 1 of the Labor Code."); *Kamar v. RadioShack Corp.*, 2008 WL 2229166, at *8 (C.D. Cal. May 15, 2008) ("Given that Section 218 simply does not specify what kinds of wages a worker may seek in a lawsuit, and given the rule that this kind of statute must be construed broadly in favor of protecting workers [citation omitted] the phrase can be construed to refer not to a specific mandated category of wages, but to wages of any kind that had not been paid in accordance with requirements in Article 1 governing the time and manner of payment.").[8]

Amazon also argues that Plaintiffs have not sufficiently pled their deductions claim because they have not specified a particular instance in which Amazon made a deduction from any of the California Plaintiffs' wages to make any refund to a customer, as described in Plaintiffs' Complaint. *See* FACC, ⁋ 162. But it is sufficient that Plaintiffs have alleged the type of deductions from their wages that are unlawful.[9]

As described above, Plaintiffs have specifically pled allegations that Amazon made it nearly impossible for them to maintain records of their hours and pay, in part by making it impossible to screenshot the Fled App—the only place to view their earnings and schedule. *See* FACC at ¶ 64. Plaintiffs who no longer have access to the Amazon Flex App (because they no

---

[8] Plaintiffs could also still plead violations of these statutory provisions as a predicate for their UCL claim.

[9] Some federal courts have applied the *Landers* pleading standard to state law minimum wage and overtime claims. However, the case was decided in the context of FLSA claims, and there is simply no support for Amazon's effort to import this pleading standard – which Amazon overreads into a stringent requirement to provide particular times, dates, and details – to ***every conceivable state law wage-and-hour claim***, for which there is no analog under the FLSA.

longer work for Amazon) cannot easily reconstruct their hours or pay because they have no record of their hours or earnings. By contrast, Amazon has detailed data in its possession regarding Plaintiffs' pay and any deductions therefrom. Plaintiffs should not be required to plead specific workweeks where they no longer have access to any documentation that would allow them to determine the workweeks at issue – as a result of Amazon's own willful and unlawful conduct.

### ***6. Plaintiffs' PAGA Claims are adequately alleged.***

Contrary to Amazon's contentions, Plaintiffs have in fact alleged violations of the California Labor Code's requirements for minimum wage, overtime, meal and rest breaks, and waiting time penalties. (*See* FACC at ¶¶ 123, 124, 125, 126, 127, 128, 131, 133, 138, 139, 140, 141, 142, 147, 148, 149, 150, 151). Moreover, even if Plaintiffs had not personally suffered these violations – which they have – they would still have standing to bring these PAGA violations on behalf of the state and their fellow aggrieved employees provided they suffered at least one of the requisite violations. *See* Cal. Lab. Code § 2699(c) (defining "aggrieved employee" as one "who was employed by the alleged violator" and "against whom *one or more* of the alleged violations was committed.") (emphasis added); *see also Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1128 (2020).[10] Therefore, "unless and until there is a finding on the merits regarding an alleged violation, allegations of a Labor Code violation by an alleged employee or former employee are alone sufficient to establish PAGA standing." *Rocha v. U-Haul Co. of Cal.*, 304 Cal. Rptr. 3d 587, 595 (Cal. Ct. App. 2023).

---

[10] While PAGA has been amended to require standing for each underlying violation, that amendment will not apply retroactively.



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

**F. Plaintiffs are entitled to additional leave before dismissal with prejudice.**

After granting Amazon's first Motion to Dismiss, this Court granted Plaintiffs leave to amend their complaint based on the Court's ruling. (*See* ECF No. 76 at 8). The Court's decision adhered to precedent dictating that "[l]eave to amend should be 'freely given' where there is no 'undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" *Stearne v. Heartland Payment Sys. LLC*, 2018 WL 746492, at *2 (E.D. Cal. Feb. 6, 2018) (granting leave to amend paid sick leave claim) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Amazon argues that because the Court previously granted leave to amend, dismissal must now be with prejudice. But courts in this Circuit routinely grant leave to amend after prior amendments. *See McMullen v. Fluor Corp.*, 81 F. App'x 197, 201 (9th Cir. 2003) (reversing district court's holding which dismissed plaintiffs' third amended consolidated complaint). In the same vein, courts generally grant leave to amend after the filing of a consolidated complaint like the FACC. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1018 (9th Cir. 2018) (dismissing Count II and part of Count I of consolidated complaint but granting leave to amend); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (reversing district court's decision to dismiss first consolidated amended complaint with prejudice, thereby granting leave to amend).

Amazon also characterizes the FACC at "the sixth iteration of the complaint in this matter." (ECF No. 303 at 1). But this Court has only granted leave to amend once before. Plaintiffs' other amendments merely added parties, claims, and related cases to their pleading.

(*See* ECF Nos. 188, 238). Consistent with this Circuit's precedent liberally granting leave to amend, Plaintiffs should have an opportunity to amend their FACC if the Court grants any aspect of Amazon's Motion to Dismiss.

## IV. CONCLUSION

For all these reasons, Amazon's Motion to Dismiss (ECF No. 303) should be denied.[11] But if the Court believes any further detail or allegations are required, then Plaintiffs should be granted leave to amend.

Dated: July 19, 2024

*I certify that this opposition contains 6,707 words in compliance with the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*Pro Hac Vice*)
Harold L. Lichten (*Pro Hac Vice*)
Jeremy E. Abay (*Pro Hac Vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
hlichten@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
msubit@frankfreed.com

---

[11] Plaintiffs have no objection to the dismissal of Count XIII (failure to keep employment records), as they agree that it is duplicative of Count VIII (failure to provide accurate pay statements).

*Attorneys for Rittmann Plaintiffs*

Elizabeth Ann Hanley
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: 206-622-8000
hanley@sgb-law.com

Shounak S. Dharap (Pro Hac Vice)
The Arns Law Firm
515 Folsom St. 3rd Floor
San Francisco, CA 94105
Telephone: (415) 495-7800
ssd@arnslaw.com

*Attorneys for Keller Plaintiffs*

Elizabeth Ann Hanley
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: 206-622-8000
hanley@sgb-law.com

Mark Burton (*Pro Hac Vice*)
HERSH & HERSH, a Professional Corp.
1388 Sutter St., Suite 1210
San Francisco, CA 94109
Phone: (415) 441-5544 ext. 308
mburton@hershlaw.com

*Attorneys for Plaintiff Adriana Ponce*

Beth E. Terrell
Terrell Marshall Law Group PLLC
936 N. 34th Street, Suite 200
Seattle, WA 98103
Telephone: 206-816-6603
bterrell@terrellmarshall.com

Steven M. Tindall (Pro Hac Vice)
Gibbs Law Group LLP
1111 Broadway Suite 2100

Oakland, CA 94607
Telephone: 510-350-9700
smt@classlawgroup.com

*Attorneys for Hoyt Plaintiffs*

Daniel Foster Johnson
Breskin Johnson & Townsend PLLC
1000 Second Ave. Suite 3670
Seattle, WA 98104
Telephone: 206-652-8660
djohnson@bjtlegal.com

Jim Treglio
Potter Handy LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 619-933-3598
jimt@potterhandy.com

*Attorneys for Diaz Plaintiffs*

Daniel Foster Johnson
Breskin Johnson & Townsend PLLC
1000 Second Ave. Suite 3670
Seattle, WA 98104
Telephone: 206-652-8660
djohnson@bjtlegal.com

Farzad Rastegar (Pro Hac Vice)
Douglas Perlman (Pro Hac Vice)
Rastegar Law Group APC
22760 Hawthorne Blvd. Suite 200
Torrance, CA 90505
Telephone: 310-961-9600

*Attorneys for Ronquillo Plaintiffs*

Ramin R. Younessi
Law Offices of Ramin Younessi APLC
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
Telephone: 213-480-6200
ryounessi@younessilaw.com

*Attorneys for Puentes Plaintiffs*