THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN et al.,

Plaintiffs,

v.

AMAZON.COM, INC. et al.,

Defendants.

Consolidated Action
Case No. C16-1554 JCC

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM NON-ARBITRATION OPT-IN PLAINTIFFS**



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## I. INTRODUCTION

Amazon currently seeks discovery from six Opt-In Plaintiffs who opted out of arbitration. The discovery is narrowly tailored to their claims against Amazon for minimum wage and overtime violations and relevant to Amazon's eventual opposition to Plaintiffs' anticipated motion for conditional certification. Courts inside and outside this circuit agree that discovery to FLSA opt-in plaintiffs, who by filing consents to sue are no different than a named plaintiff, is appropriate and permissible. Yet Plaintiffs object to *any* discovery from these six Opt-In Plaintiffs.

The basis for Plaintiffs' objection is not clear. However, they cite to (i) the fact that Amazon filed a Motion to Dismiss Portions of Plaintiffs' Complaint regarding some, but not all, of Plaintiffs' claims; and (ii) Plaintiffs' previous Motion for Conditional Certification that this Court did not rule upon, then vacated, and that Plaintiffs intend to refile. Beyond pointing to the pending and anticipated motions, which do not automatically stay discovery, Plaintiffs fail to offer any valid reason why this Court should grant their request to "defer" discovery to these six Opt-In Plaintiffs until after the Court rules on these motions.

Plaintiffs' preference to push off discovery from the Opt-In Plaintiffs (while still taking discovery from Amazon) until after the Court rules on these motions does not constitute good cause to restrict Amazon from relevant discovery. *See Kim v. U.S. Bancorp*, No. C20-0032RSL, 2020 WL 4449372, at *2 (W.D. Wash. Aug. 3, 2020) (denying a motion for protective order to prevent opt-in discovery before conditional certification, finding that "plaintiffs' preferences for the order in which discovery proceeds are not binding on defendants and do not constitute 'good cause'"). This Court should issue an order compelling the six non-arbitration Opt-In Plaintiffs to respond to written discovery and, if and when noticed, to testify at depositions.

## II. ARGUMENT

### A. Amazon's Pending Motion To Dismiss Some, But Not All, Of Plaintiffs' FLSA Claims Does Not Justify A Stay Of Discovery.

Plaintiffs try to use Amazon's pending Motion to Dismiss Portions of Plaintiffs' Complaint



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

as a shield against discovery directed to the six Opt-In Plaintiffs. ECF No. 316 at 7-8. This argument is flawed and relies on a mischaracterization of the procedural posture of this case. Relying solely on *Urban v. Tesla, Inc.*, No. 22-CV-07703-PCP, 2023 WL 6796021 (N.D. Cal. Oct. 13, 2023), in which the *defendant* filed a motion to stay discovery pending resolution of its own motion to dismiss, Plaintiffs argue that a stay as to Amazon's discovery to the Opt-In Plaintiffs is warranted because Amazon filed a "dispositive" motion to dismiss and because discovery is not necessary for resolution of that Motion. ECF No. 316 at pp. 7-8. But the Federal Rules of Civil Procedure "do not provide an automatic stay of discovery if a motion to dismiss is filed." *Maadanian v. Mercedes-Benz USA, LLC.*, No. C22-0665RSL, 2022 WL 17415466, at *1 (W.D. Wash. Dec. 5, 2022). Rather, Plaintiffs must establish good cause for the Court to exercise its discretion to stay discovery based on the particular facts of the case. *Id.*

Plaintiffs describe Amazon's Motion to Dismiss Portions of Plaintiffs' Complaint as "dispositive." That Motion, however, is not "dispositive" of this case; it seeks dismissal of only some, not all, of Plaintiffs' FLSA claims. The proposed discovery as to the Opt-In Plaintiffs will be required no matter the outcome of the pending partial dismissal motion. ECF No. 303 at pp. 8-9. Plaintiffs do not cite any authority to support their argument that the Court must shield them from discovery where a defendant has challenged the sufficiency of some aspects of a plaintiff's pleadings.

***Moreover, Plaintiffs' own litigation strategy belies their position here. Plaintiffs, in fact, have served discovery on Amazon despite the pendency of Amazon's Motion to Dismiss Portions of Plaintiffs' Complaint***. Discovery is underway, and Plaintiffs have already sought discovery from Amazon on *all* eighty-two Opt-In Plaintiffs (not just the six at issue here). ECF No. 300 at pp. 3-4. Moreover, in the Parties' May 2, 2024 Joint Status Report, Plaintiffs asserted that they "vigorously object to any suggestions that the case remain partially stayed until Amazon's motion to dismiss or compel arbitration are resolved." ECF No. at p. 4. And more recently, Plaintiffs served a Rule 30(b)(6) deposition notice for Amazon on topics covering *all* putative class and



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

collective members nationwide. Second Supplemental Zenewicz Decl., Ex. A. The mere existence of Amazon's Motion to Dismiss does not preclude the limited discovery Amazon seeks related to these six Opt-In Plaintiffs.

**B. Plaintiffs Cannot Delay Discovery From Current Plaintiffs Merely Because They Later Will File A Motion Seeking To Add More Plaintiffs.**

Plaintiffs also argue that Amazon's discovery directed at six Opt-In Plaintiffs is "premature" because the Court "has yet to decide whether to certify a class or collective action." ECF No. at 4. Plaintiffs fail to address the multitude of cases cited by Amazon in which courts have regularly allowed discovery from opt-in plaintiffs *prior* to conditional certification. ECF No. 300 at 7. Plaintiffs do not cite even one case in which a court prohibited a defendant from seeking discovery from opt-in plaintiffs before conditional certification. Instead, Plaintiffs confuse the issue by arguing that discovery from opt-in plaintiffs should be "limited" by relying on readily distinguishable cases in which the courts actually ***permitted*** discovery from opt-in plaintiffs. ECF No. 316 at 9-10. In each case relied on by Plaintiffs, the issue was not the sequence of discovery or a limit on obtaining discovery at all, but just whether to permit discovery from *all* opt-in plaintiffs or a smaller but "statistically significant" subset of opt-in plaintiffs. *See Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 358 (S.D. Ohio 2006) (permitting discovery to a "statistically significant" subset of the 1,500 opt-in plaintiffs while allowing defendant to seek additional discovery if appropriate and necessary); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (permitting discovery from all 147 plaintiffs and finding that defendant's receipt of written and oral discovery from more than 80 of the 147 original plaintiffs was sufficient); *Frisbie v. Feast Am. Diners, LLC*, No. 17-CV-6270-FPG-MJP, 2020 WL 2305083, at *1 (W.D.N.Y. May 8, 2020) (permitting individual discovery to sixteen of the twenty opt-in plaintiffs); *Ingersoll v. Royal & SunAlliance USA, Inc.*, No. C05-1774 MAT, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (holding that "[d]efendants may conduct written and deposition discovery of both named and *all* opt-in plaintiffs in this matter"). The considerations of undue



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

burden that drive the "limitations" on the number of opt-in plaintiffs to which discovery is permitted in these cases are simply not present here, as Amazon has already limited this discovery to *six* of the eighty-two Opt-In Plaintiffs.

Finding no cases supporting their untenable position, Plaintiffs fall back on public policy arguments, contending that the purported "policy goals" of collective actions somehow justify their proposed one-way stay of Amazon's limited discovery. The cases relied on by Plaintiffs do not support their position. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), was an Age Discrimination in Employment Act collective action addressing the narrow issue of whether a district court conducting a suit of this type may authorize and facilitate notice of the pending action. Plaintiffs rely on this decision for the generic statement (which Plaintiffs truncate) that "[a] collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id*. at 485–86. *Hoffmann-La Roche* does not speak at all to the issue of opt-in discovery. The other case cited by Plaintiffs, *Reed v. County of Orange*, 266 F.R.D. 446, 447 (C.D. Cal. 2010), addresses the standard for decertifying a conditional FLSA class and simply discusses the court's policy considerations when ruling on a motion to decertify. *Reed* does not address in any way whether pre-collective certification motion discovery from a small subset of opt-in Plaintiffs is permissible. It would be more efficient for the Court to consider conditional certification with the benefit of the evidence already available than to "defer" this limited subset of discovery to a later date. *Hoffmann-La Roche Inc.*, 493 U.S. at 171–72 ("A trial court can better manage a major [collective] action if it ascertains the contours of the action at the outset."). Indeed, Plaintiffs' desire to block discovery from six Opt-In Plaintiffs about the merits of their claims not only frustrates Amazon's defense but also frustrates this Court's ability to assess whether Plaintiffs are "similarly situated" to every current and former Flex driver nationwide for a period spanning nearly a decade and can serve notice inviting them to join this litigation. *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 442 (5th Cir. 2021) ("When a district court ignores that it can decide merits issues when considering the scope of a collective, it ignores the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

'similarly situated' analysis and is likely to send notice to employees who are not potential plaintiffs."). Plaintiffs offer no controlling or sound basis to deprive Amazon and the Court of discovery from the existing Plaintiffs that will be directly relevant to the Court's consideration of conditional certification.

## III. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its Motion to Compel and order the six non-arbitration Opt-In Plaintiffs to respond to written discovery and be available for deposition.

Dated: July 29, 2024

*I certify that this memorandum contains 1,550 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

By: *s/ Andrew DeCarlow*

Andrew DeCarlow, WSBA No. 54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Facsimile: (609) 919-6601
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Brian D. Berry (*pro hac vice*)
Sarah Zenewicz (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001

brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

John S. Battenfeld (*pro hac vice*)
Max C. Fischer (*pro hac vice*)
Brian D. Fahy (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
john.battenfeld@morganlewis.com
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., Amazon.com Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024, I caused to be electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM NON-ARBITRATION OPT-IN PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: s/ *Andrew DeCarlow*
Andrew DeCarlow
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com