


THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

Defendants.

CASE NO. C16-1554-JCC

ORDER

This matter comes before the Court on Defendants' motion to compel discovery (Dkt. No. 300). Having thoroughly considered the briefing and relevant record, the Court GRANTS the motion for the reasons described below.

The Court has described the relevant background of this case previously, (*see, e.g.*, Dkt. Nos. 115, 293), and will not repeat that information here. Now that the Court has lifted the stay in this matter and set a briefing schedule for an anticipated motion for conditional class certification, amongst other motions, (*see* Dkt. No. 298 at 1–2), Defendants renew their request for discovery from six non-arbitration opt-in Plaintiffs, (*see* Dkt. No. 300 at 9). Plaintiffs' counsel declined those requests, asserting that production from opt-in Plaintiffs, of any kind, is not appropriate until such time as the Court conditionally certifies a class and allows for notice

and a formal opt-in process, as provided by the Fair Labor Standards Act.[1] (*See* Dkt. No. 281 at 2.) Defendants disagree, noting that the discovery they seek is necessary and relevant to challenge a motion for conditional certification. (*See* Dkt. No. 323 at 3–5.) In this instance, the Court finds that Defendants have the better argument.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). If a party fails to comply with a discovery order, the district court may also sanction that party accordingly. Fed. R. Civ. P. 37(b)(2). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

While the Court agrees with Plaintiffs that it would be premature to determine what a requisite sample size of opt-in Plaintiffs may be, that does not negate Defendants' need for some discovery prior to conditional certification. And Defendants, by limiting their request to discovery from six opt-in Plaintiffs, do not impose an undue burden on the as-of-yet to-be-determined population of opt-in Plaintiffs.

Accordingly, Defendants' motion to compel discovery (Dkt. No. 300) is GRANTED.

DATED this 30th day of July 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[1] Only then, according to Plaintiffs, would the number of opt-in Plaintiffs be ascertainable, such that the parties could then determine what a representative sample may look like, for purposes of *then* seeking discovery. (*See* Dkt. No. 316 at 10.)