THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | Consolidated Action<br>CASE NO. C16-1554-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to enjoin prosecution of later-filed cases (Dkt. No. 304) and Defendants' partial motion to dismiss (Dkt. No. 303). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' motion (Dkt. No. 304) and GRANTS, in part, Defendants' motion (Dkt. No. 303) as to certain plaintiffs, as described below.

I.  **BACKGROUND**

As detailed in prior orders, Plaintiffs allegedly worked for Defendants as Amazon Flex delivery drivers. (*See, e.g.,* Dkt. No. 115 at 1–2.) They first filed this action in 2016, alleging that Defendants misclassified them as independent contractors and, as a result, owe them and similarly situated drivers unpaid wages and expenses. (*See generally* Dkt. No. 1.) Defendants sought to dismiss the complaint or compel arbitration pursuant to the Amazon Flex terms of service ("TOS" version 9 and prior, at the time). (*See* Dkt. Nos. 36 at 12, 315 at 11–12.) The

ORDER
C16-1554-JCC
PAGE - 1

Court partially granted the motion to dismiss for failure to state a claim and gave leave to amend the complaint's particularity. (*See* Dkt. No. 76 at 2–5.) The Court denied Defendants' motion to compel arbitration, however, because Plaintiff "last leg" delivery drivers are transportation workers exempt from the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (Dkt. No. 115 at 6–9.)

Since this action commenced, Defendants have issued new TOS (versions 11 and 12) with different choice of law provisions. (*See* Dkt. No. 315 at 11–12). Plaintiffs, through consolidation and addition, have named 16 more Amazon Flex drivers as litigants in this suit and asserted 21 additional claims. (*Compare* Dkt. No. 1 at 1, *with* Dkt. No. 262 at 1.) In addition, many more Amazon Flex delivery drivers have opted-in under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (*See, e.g.,* Dkt. Nos. 63, 81, 154, 202.) These named and opt-in Plaintiffs vary as to their periods of service, which TOS they agreed to, whether they affirmatively opted out of arbitration, and what goods they delivered. (*See generally* Dkt. No. 329 at 3–7.)

The Court issued numerous stays pending decisions in other cases related to the arbitration issue, (*see, e.g.,* Dkt. Nos. 76, 77, 293), which are no longer valid. Briefing is now anticipated on a renewed attempt to compel arbitration as well as class certification. (*See* Dkt. No. 296.) In June 2024, in accordance with the most-recent scheduling order (Dkt. No. 298), Defendants renewed their motion to dismiss, this time with respect to the First Amended Class Action Complaint ("FAC") (Dkt. No. 262). (*See* Dkt. No. 303.) Defendant also filed, in other federal district courts across the country, 22 petitions to compel arbitration. (*See* Dkt. No. 302) (notice of pendency of other actions). In response, Plaintiffs seek to enjoin Defendants from prosecuting these and future actions in other districts. (*See generally* Dkt. No. 304).

The Court considers both motions below.

## II. DISCUSSION

### A. Plaintiffs' Motion to Enjoin Prosecution of Later-Filed Cases (Dkt. No. 304)

Plaintiffs ask the Court to enjoin Defendants from prosecuting these 22 later-filed actions. (*See* Dkt. No. 304 at 25.) Although presented as a motion for a preliminary injunction, (*see id.*), and briefed under the All Writs Act,[1] (*see* Dkt. No. 318), Plaintiffs' request is best construed as a motion seeking relief pursuant to the first-to-file rule. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2021 WL 3757486, slip op. at 9 (N.D. Cal. 2012) (explaining that the first-to-file rule is appropriate based on the procedural posture of the case and the relief requested).[2]

The first-to-file rule is an equitable doctrine triggered by a complaint involving the same parties and issues as a prior action. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The rule permits the district court in the later-filed action to stay its proceeding. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.2d 765, 769 (9th Cir. 1997). While the later-filed court should stay the action before it, as a matter of comity, the first court is also permitted to act because (and so long as) it has jurisdiction over the parties involved in the later-filed action. *See Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855 (9th Cir. 1981). The first-to-file rule is meant to preserve judicial economy and should be applied flexibly, not "mechanically." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "The remedy, of course, being an equitable one, is discretionary with the trial judge." *Philp v. Macri*, 261 F.2d 945, 947 (9th Cir. 1958); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952) (explaining the discretion left to district courts).

In *Decker Coal Co. v. Commonwealth Edison Co.,* for example, the Montana district court enjoined the parties from prosecuting a later-filed action in an Illinois district court. 805 F.2d at 838. The Ninth Circuit upheld this decision because it was in the interest of "sound

---

[1] The parties also briefed the first-to-file analysis. (*See* Dkt Nos. 304 at 14–21, 306 at 4–5, 315 at 14–21.)

[2] Federal Rule of Civil Procedure 65 and the All Writs Act authorize injunctive relief but the analysis under the first-to-file rule is different. *See Beauperthuy*, 2021 WL 3757486, slip op. at 9.

judicial administration." *Id.* at 844. In *Beauperthuy*, the defendants brought more than twenty petitions to compel arbitration in other jurisdictions. 2012 WL 3757486, slip op. at 1. The first-filed court applied the first-to-file rule and enjoined the later-filed proceedings. *Id.* at 14. By contrast, in *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, the court declined to enjoin the later-filed action because there was just one later-filed action and it had proceeded further. 2012 WL 3277222, slip op. at 9–10 (N.D. Cal. 2012). Moreover, the later action was filed just a few months after the first. *Id.* at 2.

The Court can see little reason not to apply the first-to-file rule here. There is no dispute that the Court has jurisdiction over the parties to the later-filed actions: the Defendants are the same and, according to Defendants, the counterparties in those actions are either named Plaintiffs in this action or opted-in to this suit. (*See* Dkt. No. 302 at 2) ("[Defendants] filed petitions . . . to compel certain named and opt-in plaintiffs in this action to arbitrate"). And while courts have expressed some concerns about comity between federal courts in the context of declaratory judgments, *see Kerotest Mfg.*, 342 U.S. at 185, or when the later-filed action has proceeded further than the first, *see Nat'l Union Fire Ins. Co. of Pitts., Pa. v. Payless Shoesource, Inc.*, 2012 WL 3277222, slip op. at 9 (N.D. Cal. 2012), neither are at issue here. Here, Plaintiffs do not seek a declaratory judgment, (*see* Dkt. No. 262), and the instant litigation went on for eight years *before* Defendants brought these 22 actions, all of which are at the earliest stage(s) of litigation and await an answer from *this* Court before proceeding.[3] And even if they had not been

---

[3] *See Amazon.com, Inc., v. Craig Adams*, Case No. 1:24-cv-01679, Dkt. No. 24 (D. Colo. 2024), (ordering parties to inform that court after a ruling on the injunction motion and setting response deadline 30 days after ruling); *Amazon.com, Inc. v. Mawuili Adzasoo*, Case No. 2:24-cv-05070, Dkt. No. 36 (C.D. Cal.) (same); *Amazon.com, Inc. v. Ramin Akramy*, Case No. 2:24-cv-017175, Dkt. No. 14 (E.D. Cal.) (same); *Amazon.com, Inc. v. Ahmed Ebrahim Almowlad*, Case No. 3:24-cv-3627, Dkt. No. 26 (N.D. Cal.) (same); *Amazon.com, Inc. v. Charles Apostolas*, Case No. 3:24-cv-01043, Dkt. No. 21 (S.D. Cal.) (same and noting that the injunction order "would effectively end this case if granted"); *Amazon.com, Inc. v. Justin Baik*, Case No. 3:24-cv-01483, Dkt. No. 15 (N.D. Tex.) (same); Text Order, *Amazon.com, Inc. v. Anthony Covarrubias*, Case No. 1:24-cv-00663 (W.D. Tex. Aug. 26, 2024) (same); Text Order, *Amazon.com, Inc. v. Steve Eisenberg*, Case No. 1:24-cv-01015 (N.D. Ohio Aug. 29, 2024) (same); *Amazon.com, Inc. v. Jessica*

1 stayed, it would be uneconomical for the parties and the courts to adjudicate similar motions to compel arbitration in district courts other than this one (not to mention any future actions Defendants may seek to bring). Therefore, the Court will consider the 22 later-filed actions under the first-to-file rule.

1. Relevant Factors

Three factors relevant to the rule are equitable in nature and meant to preserve judicial economy. *Kerotest Mfg.*, 342 U.S. at 183. Those factors are (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. *Kohn Law Grp., Inc., v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). All three factors support applying the rule here.

First, the chronology favors application of the first-to-file rule. This action was filed many years before those in the other courts. (*See generally* Dkt. Nos. 1, 262, 302.) Second, the parties are completely overlapping. Defendants Amazon.com and Amazon Logistics, Inc., filed the 22 other actions against "named and opt-in plaintiffs in this action." (*See* Dkt. No. 302 at 2.) The Ninth Circuit does not require "exact identity of the parties . . . only substantial similarity of

---

*Fleurimond*, Case No. 2:24-cv-02635, Dkt. No. 12 (E.D. Pa.) (same); Text Order, *Amazon.com, Inc. v. Christiano Freitas*, Case No. 1:24-cv-00496 (M.D. N.C. Aug 27, 2024) (same); *Amazon.com, Inc. v. John Garciaflores*, Case No. 2:24-cv-00433, Dkt. No. 26 (D. Utah) (same); *Amazon.com, Inc. v. Jeffrey Gusciora*, Case No. 0:24-cv-02293, Dkt. No. 15 (D. Minn.) (same); *Amazon.com, Inc. v. Dwayne Johnson*, Case No. 24-cv-704, Dkt. No. 12 (D. Del.) (same); *Amazon.com, Inc. v. Nikenya Rudd*, Case No. 2:24-cv-02410, Dkt. No. 10 (W.D. Tenn.) (same); *Amazon.com, Inc. v. Philip Brandon Whitworth*, Case No. 3:24-cv-00736, Dkt. No. 13 (M.D. Tenn.) (same); *Amazon.com, Inc. v. Debra Wilkins*, Case No. 2:24-cv-01443-DWL, Dkt. No. 12 (D. Ariz.) (same); *Amazon.com, Inc. v. Michael Zollner*, Case No. 1:24-cv-01051, Dkt. No. 12 (E.D. Va.) (same); *Amazon.com, Inc. v. Shenia Brown*, Case No. 1:24-cv-04983, Dkt. No. 13 (N.D. Ill.) (delaying deadlines in light of the injunction motion); Text Order, *Amazon.com, Inc. v. Sancak Davarci*, Case No. 2:24-cv-4254 (E.D. N.Y. Aug. 23, 2024) (ordering the parties to inform the court of a ruling on the injunction motion and setting a status report for October 25, 2024); *Amazon.com, Inc. v. Charles Greenberg*, Case No. 0:24-cv-61035, Dkt. No. 16 (S.D. Fla.) (staying proceedings and ordering the parties to notify the court of a ruling on the injunction motion); *Amazon.com, Inc. v. Rhett Howells*, Case No. 6:24-cv-00953-MK, Dkt. No. 14 (D. Or.) (same); *Amazon.com, Inc. v. Cynthia Yarleque*, Case No. 2:24-cv-7046, Dkt. No. 12 (D. N.J.) (setting a deadline after a ruling on the injunction motion).

ORDER
C16-1554-JCC
PAGE - 5

parties." *Kohn Law Grp.*, 787 F.3d at 1240.[4] Third, the issues are ostensibly[5] the same. The later-filed petitions seek to compel arbitration with certain Plaintiffs here. (*See* Dkt. No. 302 at 2–4) The crux of these actions is whether the Amazon Flex delivery drivers can be compelled under the terms of service and the FAA. *See, e.g., Adams*, Dkt. No. 1 at 2; *Apostolas*, Dkt. No. at 2. Although the FAA transportation worker exemption has not been settled for this class by the Supreme Court, *see Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 457 n.2 (2022), only the *issue* needs to be similar for the purposes of the first-to-file rule, not the result. And, after four stays at the behest of the Defendants, the result remains unchanged this circuit and in this case. *See Rittman v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020).

All factors supporting the first-to-file rule are satisfied here.

2.  Exceptions to the First-to-File Rule

There are three typical exceptions to the first-to-file rule: bad faith, anticipatory suit, and forum shopping. *See, e.g., Alltrade*, 946 F.2d at 628 (collecting cases). Defendants do not allege, nor does the Court find that any of these exceptions apply here. It is difficult to imagine how Plaintiffs could have brought their former suit eight years ago to circumvent Defendants' recent actions. The opposite seems more likely.

Defendants instead argue that *Caremark LLC v. Chickasaw Nation*, 2021 WL 2780859 (D. Ariz. 2021), counsels the Court to refrain from enjoining prosecution in the later-filed cases. (*See* Dkt. No. 315 at 15–16.) In *Caremark LLC*, the district court in the later-filed action refused to stay proceedings. 2021 WL 2780859, slip op. at 2. But that court only did so after finding that the first-filed court lacked jurisdiction to compel arbitration. *Id.* Whereas Defendants continue to

---

[4] The first-to-file rule applies even when the first-filed action contains additional plaintiffs not named in the later-filed action. *Kohn Law Grp.*, 787 F.3d at 1240. Litigants could defeat the purpose of the rule if permitted to pursue piecemeal litigation. *See id.* Defendants here have chosen just that approach some eight years into litigation in this district.

[5] The Ninth Circuit has held that the issues need not be identical but only "substantially similar." *Kohn Law Grp., Inc.,* 787 F.3d at 1240.

argue here that *this* Court may compel arbitration. (*See, e.g.,* Dkt. No. 329 at 4–5) ("Amazon will seek to renew its arbitration in *Rittman*"). The equitable discretion under the first-to-file rule is much broader than Defendants would have this Court believe, and even extends to future suits against named or opt-in Plaintiffs. *See Beauperthuy*, 2012 WL 3757486, slip op. at 13–14. Finding that judicial economy is poorly spent on repetitive petitions occupying no small part of the federal judiciary, this Court is not inclined to ignore the first-to-file doctrine.

Accordingly, the Court GRANTS Plaintiffs' motion to enjoin prosecution of later-filed cases (Dkt. No. 304) and ENJOINS Defendants from prosecuting, or filing in the future, any out-of-jurisdiction petitions to compel arbitration against the named or opt-in Plaintiffs in this matter.[6] Defendants are DIRECTED to provide a copy of this Order to the district courts in each of the out-of-jurisdiction cases.

### B. Defendants' Partial Motion to Dismiss (Dkt. No. 303)

Defendants seek to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) some portion of 27 counts brought by the 19 named Plaintiffs. (*See generally* Dkt. No. 303.) Although Defendants do not precisely articulate which claims as to which Plaintiffs they seek dismissal, the crux of the motion is that many allegations are insufficiently pleaded. (*See generally* Dkt. No. 303.) These include Plaintiffs' minimum wage and overtime claims (Counts I–IV, VI, IX, XI, XIX, XXI, XXIV), a claim under Washington law (V), claims under California law (X, XII–XVII, XXVII), and nationwide common-law claims (XXV and XXVI). (*See* Dkt. No. 303 at 16–19, 19–20, 20–28, 15–16). Defendants do not move to dismiss six counts (Counts VII, VIII, XVIII, XX, XXII, or XXIII).

To survive a motion to dismiss, a complaint must allege facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[6] Plaintiffs also argue, in a footnote, that Defendants should be sanctioned. (Dkt. No. 304 at 10 n.3.) Arguments in footnotes are generally deemed waived, *Est. of Saunders v. C.I.R.*, 745 F.3d 953, 962 n.8 (9th Cir. 2014), and this Court is not inclined to entertain them here.

ORDER
C16-1554-JCC
PAGE - 7

reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual content that must be pleaded varies by the context of the claim, *see Iqbal*, 556 U.S. at 679 (describing the "context-specific task that requires . . . judicial experience and common sense"), but in general plaintiffs have the burden to plead facts that made them aware of their claim such that defendants are on notice of the same. *Compare Landers v. Quality Comm's, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (wages and overtime context), *with O'Connor v. Uber Tech. Inc.*, 2013 WL 6354534, slip op. at 17 (N.D. Cal. 2013) (gratuities). Such particulars tip a claim from possible to plausible. *See Twombly*, 550 U.S. at 570. Within this general framework, the Court analyzes below each count that Defendants move to dismiss.

          1. <u>Minimum Wage and Overtime Claims</u>

As the Court previously explained, a plaintiff must allege sufficient facts in a minimum wage and overtime case to satisfy the *Landers* standard. (*See* Dkt. No. 76 at 3.) Specifically, to support such a claim, the complaint must articulate facts identifying a minimum wage violation in at least one workweek.[7] (*See id.* at 3–4) (citing *Landers*, 771 F.3d at 646). "[N]aked assertions" that a plaintiff is owed wages or overtime pay are not sufficient. *Landers*, 771 F.3d at 641 (quoting *Twombly*, 550 U.S. at 557). Nor may a plaintiff merely claim that an employer has a violative system, *id.* at 646, or rely on general facts common to all plaintiffs, *see Brandon v. Express Courier Int'l, Inc.*, 2018 WL 9988662, slip op. at 3 (D. S.C. 2018) (citing *Landers*, 771 F.3d at 645–46). Plaintiffs here bring minimum wage and overtime claims spread across 10 causes of action.[8] (*See* Dkt. No. 262 at 30–47.) Each must be supported by facts that demonstrate

---

[7] While much of the "information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants," plaintiffs should be able to "allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers*, 771 F.3d at 646. For example, Plaintiffs could allege unpaid overtime in a given week, an amount of overtime owed over multiple weeks, or the average hours worked in multiple weeks and the average rate of pay. *Id.* at 645.

[8] Counts I and II are brought under the FLSA on behalf of all named Plaintiffs. (*See* Dkt No. 262 at 30.) And counts III, IV, VI, IX, XI, XIX, XXI, and XXIV are brought under state and local laws, on behalf of Plaintiffs who worked in those respective locations. (*Id.* at 30–47.)

that each named Plaintiff did not receive minimum wage or overtime compensation in a particular workweek.[9]

### a. Wage Claims (Counts I, III, VI, IX, XIX, XXI, and XXIV)

The FAC makes no allegations supporting wage and overtime claims for any named Plaintiff, *except* Rittman, Carroll, Wehmeyer, Yarleque, Davarci, and Wilkins. As such, Counts I, III, VI, IX, XIX, XXI, and XXIV are DISMISSED with respect to all other named Plaintiffs. An analysis of the adequacy of the pleading(s) as related to those persons follows.

#### i. *Rittman*

According to the FAC, Rittman's pay fell below the federal minimum wage in July 2016. (*Id.* at 12.) But it fails to plead a particular pay rate, the number of hours worked, or the specific workweek at issue. Nor does it allege *where* Rittman performed services during this period, despite claiming that she worked for Amazon Flex in both Washington and Nevada. (*Id.* at 7.) Without this information, the Court cannot deduce whether Rittman's wages fell below any legal minima. Therefore, the Court finds that the FAC fails to state a minimum wage violation claim for Rittman under the FLSA, Washington, or Seattle law. Accordingly, Counts I, III, and VI are DISMISSED as to Rittman.

#### ii. *Carroll*

According to the FAC, during two weeks in February 2016, Carroll earned a specific wage that was less than the Washington and federal minimum wages. (*See id.* at 12.) The FAC further contends that Carroll worked in Washington during that time, (*id.* at 12), and that the only Washington city in which he worked was Seattle (*id.* at 7). This is sufficient to state a claim under the FLSA, Washington, and Seattle law. However, the FAC also asserts a claim (Count

---

[9] Because this case is heard in federal court, the *Landers* pleading standard applies to all minimum wage and overtime claims. *See Bailey v. Alpha Tech. Inc.*, 2016 WL 4211527, slip op. at 4–5 (W.D. Wash. 2016). Therefore, *each* named Plaintiff must meet this standard. *See Flores v. Marriott Resorts Hosp. Corp.*, 2019 WL 6792799, slip op. at 3 (C.D. Cal. 2019). Opt-in Plaintiffs, on the other hand, may piggyback on any FLSA claims sufficiently pleaded by at least one named Plaintiff. *See* 29 U.S.C. § 216(b).

1  IX) for Plaintiff Carroll under California's minimum wage law. (*Id.* at 3), but he only claims to
2  have worked in Washington and Nevada, (*id.* at 7). Therefore, Count IX is DISMISSED as to
3  Carroll.

                        iii. *Wehmeyer, Yarleque, and Davarci*

5  According to the FAC, each of the above Amazon Flex drivers worked in only one state.
6  (*See id.* at 12–13.) So long as the complaint meets the *Landers* standard for each, it has stated a
7  minimum wage claim for each. Wehmeyer estimates that her hourly wages fell about $0.75
8  below the federal minimum ($7.25 per hour) in two particular weeks in 2016. (*Id.* at 12.)
9  Yarleque similarly contends that there were two weeks in 2020 when she made less than $7 per
10 hour, below both the New Jersey and federal minimum wages. (*See id.* at 13.) Davarci alleges
11 that, while working in New York, he made less than $5 per hour one week in March 2021. (*Id.*)
12 Accordingly, minimum wage claims for each are adequately pleaded.

                                        iv. *Wilkins*

14 According to the FAC, Wilkins was paid a specific hourly rate of $10.46 during a week
15 in 2020 while working in California, where the minimum wage was $13 per hour. (*Id.*) It does
16 not allege (nor can it) that $10.46 per hour was below the federal minimum wage. Therefore, the
17 FLSA claim (Count I)—but not the California claim (Count IX)—is DISMISSED with respect to
18 Wilkins.

                                        v. *Brown*

20 The FAC asserts an Illinois-based minimum wage claim (Count XIX) solely with respect
21 to Plaintiff Brown. But it fails to provide any allegations to plausibly state this claim (such as any
22 facts about her wages). This claim is DISMISSED.

23 **To summarize**, the FLSA-based minimum wage claim (Count I) is DISMISSED as to all
24 named Plaintiffs *except for* Carroll, Wehmeyer, Yarleque, and Davarci. Similar claims alleged by
25 opt-in Plaintiffs survive. The Washington- and Seattle-based minimum wage claims (Counts III
26 and VI) are DISMISSED as to Rittman but remain as to Carroll. The California-based minimum

wage claim (Count IX) is DISMISSED as to all named Plaintiffs *except for* Wilkins. The Illinois-based minimum wage claim (Count XIX) is DISMISSED. Claims under New York and New Jersey law (Counts XXI and XXIV) remain.

        b.   Overtime Claims (Counts II, IV, and XI)

The pleading standard for unpaid overtime claims is similarly governed by *Landers*. *See* 771 F.3d at 643 (requiring plaintiffs to plead "sufficient detail about the length and frequency of their unpaid work"). The only named Plaintiff to plead any facts that meet this standard is Carroll. He alleges that he worked more than forty hours in Washington for two weeks in April 2016 and that he was not paid the equivalent of time-and-a-half his hourly wage. (*See* Dkt. No. 262 at 12, 14.) This alleges a plausible violation of the FLSA and Washington law (Counts II and IV). The FAC cannot rely on these allegations to state overtime claims for the remaining named Plaintiffs. Therefore, the FLSA overtime claim (Count II) is DISMISSED at to all named Plaintiffs *except* for Carroll. Opt-in plaintiffs may attach to his claim. Similarly, the Washington claim (Count IV) is DISMISSED as to Rittman and the California claim (Count XI) is DISMISSED because the FAC fails to allege that any named Plaintiff worked unpaid overtime in any particular week within California.

        2.   <u>Washington State Law Claim (Count V)</u>

Plaintiffs allege that Defendants' willfully withheld wages in violation of RCW 49.52.50 and .70. (*See* Dkt. No. 262 at 31.) Washington courts have held that a violation is "willful" if there is a "knowing and intentional" violation of the law rather than a "bona fide dispute" over wages. *Ebling v. Gove's Cove, Inc.*, 663 P.2d 132, 135 (Wash. Ct. App. 1983). As clarified in the Court's first partial dismissal, a federal plaintiff must allege some facts that make knowing and intentional conduct plausible. (*See* Dkt. No. 76 at 4.) It is not enough to state the legal conclusion.

Yet that is all Plaintiffs do here: they only speculate that Defendants' withholding was willful. (*See* Dkt. No. 262 at 3, 31.) While proving willfulness may be a low bar in Washington,

1  *see Hill v. Garda CL Northwest, Inc.*, 424 P.3d 207, 211 (Wash. 2018), pleading willfulness in federal court is a different question. *See Guardado v. Cascadian Building Mgmt., Ltd.*, 2016 WL 3105041, slip op. at 6–7 (W.D. Wash. 2016).

Therefore, Count V is DISMISSED.

### 3. California State Law Claims

The FAC asserts eight counts under California state law: Counts X, XII–XVII, and XXVII. To state a claim, each must plausibly plead a violation of the relevant state law.

#### a. Gratuities (Count X)

According to the FAC, Plaintiffs were deprived tips from Amazon customers, in violation of California Labor Code § 351. The Labor Code does not provide a private cause of action. *See Matoff v. Brinker Rest. Corp.*, 439 F. Supp. 2d 1035, 1037 (C.D. Cal 2006). So Plaintiffs bring their claim pursuant to the California Unfair Competition Law ("UCL"). (Dkt. No. 262 at 33).

Gratuities present a different factual context, and therefore pleading expectation, than wages or overtime. While an employee likely has some knowledge of the hours they worked and the pay they received, and therefore can plead that it was improperly withheld, the same cannot be said of whether they have been tipped by a customer when the employer collects *and* distributes these gratuities. On the one hand, a plaintiff must allege more than the legal conclusion. But on the other hand, they may be unable to make specific allegations that a tip was improperly withheld. Plaintiffs may, however, allege facts about their employer. In *Wilkes v. Benihana, Inc.*, for example, a court denied a motion to dismiss because the plaintiff made sufficient allegations about the defendant's tip policy. 2016 WL 6962870, slip op. at 1, 3–6 (S.D. Cal. 2016); *accord O'Connor*, 2013 WL 6354534, at 1, 17.

Here, Plaintiffs allege that Amazon advertised that its customers could tip their delivery drivers through Amazon's platform. (Dkt. No. 262 at 14.) In addition, Plaintiffs allege that Defendants used a variable pay system, that tips offset their pay, and that Defendants concealed information about gratuities from Plaintiffs. (*Id.* at 14–15.) These allegations state more than a

legal conclusion. They are sufficient to plausibly assert that customers tipped Plaintiffs and that Defendants unlawfully withheld those gratuities.[10]

### b. Meal and Rest Periods (Count XII)

Like the rest, the FAC's meal and rest period claim based on the California Labor Code is squarely governed by *Landers*. *See Shann v. Durham School Servs. L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016). According to California law, employees must work a certain number of hours to trigger meal and rest periods requirements. Cal. Lab. Code §§ 226.7, 512. Therefore, to plausibly allege violations of those requirements, the FAC must make factual allegations about the length of the driver's work. As stated above, *see supra* Part II(B)(1)(b), none of the named California Plaintiffs allege the number of hours they worked in a given day, let alone more than the statutory thresholds. *Cf. Suarez v. Bank of Am.*, 2018 WL 3659302, slip op. at 7 (N.D. Cal. 2018) (alleging a specific instance where plaintiff was ordered to work a long shift). The simple absence of a written meal or rest period policy, as alleged, (*see* Dkt. No. 262 at 15–16), is insufficient to state a claim in this context. *See Parsittie v. Schneider Logistics, Inc.*, 2019 WL 8163645, slip op. at 5 (C.D. Cal 2019). There is nothing in the FAC that makes it plausible any of the California Plaintiffs worked enough hours to trigger the statutory requirements. Therefore, Count XII is DISMISSED.

### c. Recordkeeping (Count XIII)

In Count XIII, the FAC alleges that Defendants failed to keep adequate employment records, as required under California law. (*See* Dkt. No. 262 at 35.) In responding to Defendant's motion to dismiss, Plaintiffs concede the count is duplicative of Count VIII and "have no objection" to the dismissal of Count XIII. (Dkt. No. 319 at 32 n.11.) Count XIII is DISMISSED.

### d. Waiting Time (Count XIV)

Under California Labor Code §§ 201 and 202, employee wages are due at the time of

---

[10] Defendants argue that Plaintiffs should be required to claim that they earned specific tips. (*See* Dkt. No. 327 at 15). But honest Plaintiffs cannot do so under the proprietary system they allege. Defendants do not cite any legal authority for this standard in the context of gratuities, nor should pleading be so difficult. *See* Fed. R. Civ. P. 8(a)(2).

discharge or resignation. An employer that willfully fails to make prompt payment is subject to an additional penalty, *see* Cal. Lab. Code § 203, which the FAC asserts applies in this instance. (*See* Dkt. No. 262 at 37.) Wilkins is the only named plaintiff that has sufficiently alleged unpaid wages under California law, *see supra* Part II(B)(1)(a)(iv), so any claim based on the resulting penalty must be premised on her allegations.[11] According to the FAC, Wilkins worked for Defendants from 2016 to 2020. (*See* Dkt. No. 262 at 7.) Assuming that she was discharged or resigned for the purposes of the statute, Plaintiffs must also show a willful failure to pay wages on the part of Defendants to claim the statutory penalty. *See Hill v. Walmart, Inc.*, 32 F.4th 811, 815–17 (9th Cir. 2022). They have not done so.

First, willfulness requires facts that demonstrate knowledge or intent. *See supra* Part II(B)(2). The FAC provides no facts that suggest Defendants knew or intended to deprive Wilkins of wages owed when her employment ended. Second, she alleges minimum wage violations that result from unreimbursed business expenses, which in turn arise from her disputed status as a contract worker. (*See* Dkt. No. 262 at 11–13.) California law precludes plaintiffs from recovering the § 203 penalty when there is a good-faith dispute as to whether the wages are owed in the first place. 8 C.C.R. § 13520; *see also Hill*, 32 F.4th at 816. This litigation about employee status is a good-faith, albeit drawn-out, dispute about whether Amazon Flex drivers may be classified as independent contractors. (*See* Dkt. Nos. 1 at 1, 36 at 9, 262 at 2.) Plaintiffs have not stated a claim for willful deprivation, nor can they under California law. Therefore, Count XIV is DISMISSED.

      e.   Sick Leave (Count XV)

The FAC also asserts that certain Plaintiffs were deprived sick leave as required by California Labor Code § 246. (*See* Dkt. No. 262 at 37.) But California law does not provide a

---

[11] The FAC makes some allegations regarding the hours Plaintiff Hoyt worked on his last day. (*See* Dkt. No. 262 at 50.) But this appears to be an afterthought cabined to Plaintiffs' waiting time claims brought pursuant to the Private Attorney General Act (Count XXVII), (s*ee id.* at 48–51), which is discussed below. *See infra* Part II(B)(3)(h).

private cause of action for a violation at this section. *See Phoung v. Winco Holdings, Inc.*, 2022 WL 3636369, slip op. at 6 (E.D. Cal. 2022). While Plaintiffs specify that they bring other claims such as those in Count X pursuant to the UCL, (*see* Dkt. No. 262 at 33), they do not do so for Count XV, (*see* Dkt. No. 262 at 37). As a standalone claim, Count XV is DISMISSED.

          f.    Wage Deductions (Count XVI)

According to the FAC, Defendants deducted amounts from California Plaintiffs' wages to cover customer refunds. (*See* Dkt. No. 262 at 39.) But the California Labor Code does not provide a cause of action here, either. *See Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal 2011) (holding there is no private right of action under Cal. Lab. Code § 223 because it states a violation, not a right to a wage and/or penalty). Again, such a violation may be an unlawful business practice, but it is not a standalone claim under California law. Therefore, Count XVI is DISMISSED.

          g.    Unfair, Unlawful, and Fraudulent Business Practices under the UCL (Count XVII)

The FAC realleges most of the counts on behalf of the California Plaintiffs as unfair, unlawful, and/or fraudulent business practices under the UCL. (*See* Dkt. No. 262 at 39–44.) The UCL is "sweeping" and provides a cause of action for most any economic loss that results from a prohibited business practice. *See Aliya Medcare Finance, LLC v. Nickell*, 156 F.Supp.3d 1105, 1138 (C.D. Cal. 2015); *Matoff*, 439 F. Supp. 2d at 1037–38. It permits injunctive relief and restitution but not money damages. *See* Cal. Bus. & Prof. Code § 17203. Once again, Wilkins is the only California Plaintiff who has alleged sufficient facts about any of the underlying violations. She has adequately pleaded claims to minimum wage and gratuities, *see supra* Parts II(B)(1)(a)(iv), II(B)(3)(a), both of which involve illegal business practices. She therefore states a UCL claim for these violations. On the other hand, Wilkins has not pleaded sufficient facts to make out an overtime, meal period, rest break, or waiting time claim, *see supra* Parts II(B)(1)(b), II(B)(3)(b), II(B)(3)(d), and therefore has not stated a UCL claim for those violations. The remaining alleged violations are for deprivation of sick leave and unlawful wage

deductions. These, too, must be adequately pleaded.

To state a claim for sick leave under the statute, a plaintiff must allege they worked 30 or more days in a given year for an employer. *Colopy v. Uber Tech., Inc.*, 2020 WL 3544982, slip op. at 3 (citing Cal. Lab. Code § 246). Wilkins alleges she worked as an Amazon Flex driver in California from December 2016 until 2020. (*See* Dkt. No. 262 at 7.) This is sufficient to state an entitlement to leave, allege a violation of the California Labor Code, and therefore make out a sick leave claim under the UCL.

To state a claim for unlawful wage deductions, a plaintiff must allege that an employer took wages previously paid or that it secretly paid less than required by law. *See* Cal. Lab. Code §§ 221, 223. Here, Wilkins alleges she was paid less than the California minimum wage. (*See* Dkt. No. 262 at 13.) And the FAC further alleges that Amazon deducted customer refunds from Amazon Flex wages while obfuscating drivers' wage statements with technological limitations. (*See id.* at 39, 41.) These are sufficient facts to state a claim because the delivery workers allege that information and wages were withheld. *See Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (recognizing that a lack of information risked leaving plaintiff employees unable to determine if they were properly paid). Wilkins has sufficiently pleaded a claim for unlawful deductions under the UCL. Therefore, Count XVII may proceed as to Wilkins for violations of minimum wage, gratuities, sick leave, and wage deduction laws. However, it is DISMISSED as to all other named Plaintiffs and all other violations.

h. Private Attorney General Act (Count XXVII)

Finally, the FAC brings Count XXVII, on behalf of certain California Plaintiffs, pursuant to the state Private Attorney General Act ("PAGA"). (*See* Dkt. No. 262 at 48–51.) Indeed, the PAGA permits employees to bring state claims for violations of their rights or the rights of others, but they must have Article III standing in federal court to do so. *Magadia*, 999 F.3d at 673–74. That is, they must have suffered an injury in fact that is fairly traceable to the defendant and redressable by the Court. *Id.* Plaintiffs bear the burden to plead standing. *Spokeo, Inc. v.*

1    *Robins*, 578 U.S. 330, 339 (2016). Of the Plaintiffs bringing PAGA claims, only Hoyt alleges
2    any facts about their employment. (*See generally* Dkt. No. 262.) Specifically, Hoyt alleges he
3    was not paid for a shift on his final day of employment and that he is due a penalty under Cal.
4    Lab. Code § 203. (*See* Dkt. No. 262 at 50.) But, as discussed above, *see supra* Part II(B)(3)(d),
5    he must also supply facts that make Defendants' willful behavior plausible. He has not done so.
6    Therefore, Hoyt has not stated a claim for the underlying violation. The rest of the PAGA
7    plaintiffs have not alleged any personal injuries and therefore do not have standing. *See*
8    *Magadia*, 999 F.3d at 678. Therefore, Count XXVII is DISMISSED.

### 4.  Nationwide Common Law Claims (Counts XXV, XXVI)

10   Defendants also move to dismiss common law claims brought on behalf of all named
11   Plaintiffs. (*See* Dkt. No. 303 at 15–16.) Specifically, the FAC asserts unjust enrichment (Count
12   XXV) and tortious interference (Count XXVI) for tips given by Amazon customers that were not
13   paid to Amazon Flex drivers. (*See* Dkt. No. 262 at 47–48.)
14   Defendants argue that Plaintiffs do not have standing to assert these claims under the
15   laws of all 50 states. (*See* Dkt. No. 303 at 15). But the FAC does not assert such expansive
16   claims; instead, it only asserts claims "under the common law of the various states *in which the*
17   *conduct described above took place*." (Dkt. No. 262 at 47–48) (emphasis added). This contrasts
18   the cases Defendants cite where employees asserted claims under the laws of states in which they
19   did not work. *See, e.g., Hamilton v. NuWest Grp. Holdings LLC*, 2023 WL 130485, slip op. at 4
20   (W.D. Wash. 2023). It is premature to consider whether any Plaintiffs should represent a
21   nationwide class on any claims. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261–64 (9th Cir.
22   2015). So long as the FAC alleges particularized injuries in particular states for particular
23   Plaintiffs, it has stated claims for the violations asserted.
24   Plaintiffs have made sufficient allegations about Defendants' conduct to make it plausible
25   that delivery drivers were deprived of tips from 2016 through 2019. *See supra* Part II(B)(3)(a).
26   These allegations about Amazon's nationwide program, if true, would harm Plaintiffs in various

states represented during the relevant timeframe, including California, Washington, Texas, New York, Illinois, and Colorado. (*See* Dkt. No 262 at 7–8.) Plaintiffs may therefore proceed with their unjust enrichment and tortious interference claims under the common law of these six states.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to enjoin prosecution of later-filed cases (Dkt. No. 304) is GRANTED and Defendants' motion to dismiss (Dkt. No. 303) is GRANTED, in part. The following claims are DISMISSED with prejudice and without[12] further leave to amend:

- Count I is DISMISSED as to all named Plaintiffs except Carroll, Wehmeyer, Yarleque, and Davarci.
- Count II–IV and VI are DISMISSED as to all named Plaintiffs except Carroll.
- Count V is DISMISSED.
- Count IX is DISMISSED as to all named Plaintiffs except Wilkins.
- Count XI–XVI are DISMISSED.
- Count XVII is DISMISSED as to all named Plaintiffs except Wilkins.
- Count XIX is DISMISSED.
- Count XXVII is DISMISSED.

//

//

---

[12] Although the FAC is titled a "First Amended Consolidated Class Action Complaint," Plaintiffs have previously filed a first, second, and third amended complaints. (*See* Dkt. Nos. 33, 83, 188.) In this most recent iteration, they repeat their failure to add facts and instead add claims, multiplying the deficiencies detailed above. Courts in the Ninth Circuit have declined leave to amend under similar circumstances. *See, e.g., Boyack v. Regis Corp.*, 812 F. App'x 428, 432 (9th Cir. 2020) (affirming denial of leave and collecting cases.) The Court, in its discretion, declines to delay this litigation further by granting Plaintiffs yet another opportunity to amend their complaint.

DATED this 20th day of September 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE