THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., et al.,

Defendants.

Consolidated Action
Case No. C16-1554 JCC

**DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024 ORDER, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER AND TO SET BRIEFING SCHEDULE**

**NOTE ON MOTION CALENDAR:
October 24, 2024**

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER AND TO SET BRIEFING SCHEDULE – Page - 1 -
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## I.     INTRODUCTION

By this Motion, Defendant Amazon seeks (1) to enforce the Court's July 30, 2024 discovery order compelling Opt-In Plaintiff discovery, (2) to require Plaintiffs to cooperate in the needed discovery of the Named Plaintiffs related to the forthcoming motions for class certification and condition collective action certification, (3) for a protective order postponing Amazon's 30(b)(6) deposition, and (4) to set a fair schedule that will allow adequate time for that remaining discovery, including depositions, in connection with briefing on Plaintiffs' forthcoming motions. Amazon has made good faith efforts for months to avoid burdening the Court with this Motion, but it now has no choice but to seek assistance.

Ever since the Court lifted the stay in this case on May 14, 2024, Plaintiffs have engaged in evasive discovery tactics designed to stonewall Amazon from the discovery it needs to be prepared to oppose class and collective action certification. Significantly, more than two months have passed since the Court granted Amazon's motion to compel discovery from six non-arbitration Opt-In Plaintiffs. Order, dated July 30, 2024. ECF No. 326. ***Plaintiffs still have not complied with the Court's Order***. Amazon originally served that discovery in January 2023 and was forced to file the motion to compel because Plaintiffs steadfastly refused to respond before and after the Court lifted the stay. Even after the Court compelled their responses, Plaintiffs continued to disregard their discovery obligations and dodged Amazon's repeated attempts to obtain the Court-ordered responses. Amazon's counsel repeatedly asked Plaintiffs' counsel to produce the ordered discovery. In the few instances when Plaintiffs responded, they refused to commit to a date certain on which to comply with the Order. On October 2, Amazon made clear that it had awoken to Plaintiffs' ulterior motive to stonewall discovery to impede Amazon's ability to oppose Plaintiffs' motion for class and/or collective action certification and, if necessary, would seek the intervention of the Court. Finally, but incompletely, Plaintiffs hurriedly rushed out responses for only two of the six Opt-In Plaintiffs (those responses were deficient and evasive in many respects and include just a handful of documents). For the rest of the non-arbitration Opt-In

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 2
(Case No. C16-1554 JCC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Plaintiffs subject to the Court's July 30 Order, Plaintiffs still have failed to answer a single interrogatory, respond to a single request for admission or request for production, or produce a single document.

Plaintiffs' disregard of the Court's Order is part of their broader pattern of evading discovery obligations. Plaintiffs' counsel also has failed to resolve, or to even offer a clear plan or timing to resolve, the numerous deficiencies in the discovery responses from the Named Plaintiffs. To illustrate just how deficient Plaintiffs' discovery responses are, no Plaintiff has identified a workweek in which their pay fell below the minimum wage and no Plaintiff has quantified their expenses even though minimum wage and reimbursement claims are at the center of this lawsuit. Absent sufficient responses and productions from the Plaintiffs, Amazon cannot make a judgment as to which Named and Opt-In Plaintiffs to depose. And those depositions will be particularly critical to responding to the forthcoming motions given that Amazon has a right to test the allegations of the putative class representatives to ascertain, among other things, whether their claims are typical of the claims of thousands of other individuals, whether common evidence exists to adjudicate the claims of the putative classes, and whether individualized inquiries will predominate over any alleged common proof.

Compounding the prejudice caused by their flouting the Court's July 30 Order and otherwise evading and withholding discovery, Plaintiffs have failed to cooperate in any effort to set a sensible briefing schedule for the class and/or collective action certification motions, including reasonable time in advance of that briefing for remaining discovery. Plaintiffs refuse to even disclose which motions they will file or when. There is no good faith reason to leave Amazon in the dark around the timing of motion practice. Surprising an opposing party and undermining their ability to take discovery relevant to a motion is precisely what the Rules of Civil Procedure are designed to avoid.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 3
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. RELEVANT FACTUAL BACKGROUND

As the Court knows, Plaintiffs bring putative collective action and class claims against Amazon for alleged failure to pay minimum wage and overtime under the Fair Labor Standards Act ("FLSA"), as well as wage and hour claims under the laws of several states.

### A. Amazon Serves Written Discovery On The Opt-In Plaintiffs In January 2023 And Plaintiffs' Refuse To Respond, Force Amazon To Move To Compel, Then Refuse To Comply With The Court's Order Compelling Their Responses.

On January 10, 2023, Amazon served six non-arbitration Opt-In Plaintiffs (Jillian Pearce, Jonathan Kaminsky, Lisa Evanoff, Marco Wynn, Max Kogan, and Nicholas Volk) with Requests for Admission, Requests for Production, and Interrogatories. Zenewicz Decl., ¶¶4-5, Ex. A; *see also* ECF No. 281 at Exs. C, D, E. Amazon also requested the depositions of the Named Plaintiffs and non-arbitration Opt-In Plaintiffs Pearce, Kaminsky, Wynn, Kogan, and Volk. Zenewicz Decl., ¶ 6.

After Plaintiffs indicated that the Opt-In Plaintiffs would not participate in discovery while a Motion for Conditional Certification had not been decided, Amazon moved to compel discovery from the six Opt-In Plaintiffs on February 24, 2023. ECF No. 280. Three days later, the Court took Amazon's Motion to Compel Opt-In Discovery, the 2016 Motion for Conditional Certification, and all other pending motions off the calendar in connection with its order to show cause on consolidation. ECF No. 282. Thereafter, this case was stayed from June 9, 2023 to May 14, 2024. ECF No. 298. When the Court lifted the stay, it ordered (among other things) that Plaintiffs should file an updated Motion for Conditional Certification "any time <u>following</u> disposition" of Amazon's motion to dismiss Plaintiffs' complaint. ECF No. 298 at 2 (emphasis in original). The Court also ordered Plaintiffs to move for class certification within 60 days after the order on the motion to dismiss. *Id.*

On June 14, 2024, the same day Amazon renewed its Motion to Dismiss, it also renewed its Motion to Compel the six Opt-In Plaintiffs to respond to Amazon's discovery requests and potentially testify at depositions. ECF No. 300. Amazon argued that it was entitled to discovery

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 4
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

from the six Opt-In Plaintiffs prior to conditional certification, and that the limited discovery was essential to Amazon's planned opposition to Plaintiff's forthcoming updated Motion for Conditional Certification and for a potential motion to decertify. *Id.* Plaintiffs opposed Amazon's Motion to Compel, arguing that opt-in discovery was inappropriate before the Court had conditionally certified a collective, ignoring significant case law to the contrary. ECF No. 316. On July 30, 2024, over Plaintiffs' objections, the Court granted Amazon's motion to compel discovery. ECF No. 326.

When Plaintiffs neither acknowledged the order nor served their responses, Amazon began to reach out to Plaintiffs' counsel. Zenewicz Decl., ¶¶ 13-16. On August 9, 2024, Amazon's counsel reached out to Plaintiffs' counsel for confirmation that the six Opt-In Plaintiffs would be serving their written discovery responses by August 29, 2024, i.e., within 30 days of the Court's order. *Id.* ¶14, Ex. B. Plaintiffs' counsel did not respond. *Id*. Amazon's counsel followed up on September 5, 2024. *Id*. Again, Plaintiffs' counsel did not respond. *Id*. Ten days later, on September 15, 2024, Amazon's counsel followed up once more, informing Plaintiffs' counsel of Amazon's intention to seek further relief from the Court if Plaintiffs' counsel did not confirm that the Opt-In Plaintiffs would be serving their discovery responses and documents that week. *Id*., ¶ 16, Ex. B. Plaintiffs' counsel finally responded that they were "working on" responses but "wouldn't have them all ready" that week. *Id*. After Amazon's counsel sought clarity as to the expected timing of the Opt-In Plaintiffs' responses, Plaintiffs' counsel stated on September 17, 2024, that they would provide discovery responses "by next week", i.e., no later than September 27. *Id*., ¶17, Ex. B. During a call on September 25 with Plaintiffs' counsel on a separate issue, Amazon's counsel asked if all six Opt-In Plaintiffs would be providing responses by the end of that week. *Id*. Plaintiffs' counsel said "no." *Id.* When Amazon's counsel inquired which Opt-In Plaintiffs would be providing their court-ordered responses or at least how many would respond, Plaintiffs' counsel unhelpfully advised: "You'll find out when you find out." *Id*., ¶20.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 5
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

The "next week" came and went without the six Opt-In Plaintiffs providing discovery responses. Amazon made clear that it would not allow Plaintiffs to continue withholding all discovery while they simultaneously demanded a 30(b)(6) deposition from Amazon on Plaintiffs' preferred schedule – a tactic clearly intended to improve Plaintiffs' position vis-à-vis the upcoming motions for certification while simultaneously impeding Amazon's ability to respond to the motions. Finally, Plaintiffs scurried to produce some limited information on just two Opt-In Plaintiffs (Volk and Evanoff) on October 2, 2024. Zenewicz Decl., ¶25. They have produced nothing from any other Opt-In Plaintiff and admitted that their clients were not being responsive to Plaintiffs' counsel and "may eventually get dismissed." *Id.*, Ex. G. Such flouting of the Rules and the Court's clear order, after nearly two months of dodging Amazon's repeated requests for compliance, is wholly unacceptable.

### B. Amazon Serves Written Discovery On Named Plaintiffs In January 2023 And Plaintiffs' Refuse To Meet And Confer On Their Deficient Responses.

On January 10, 2023, Amazon served written discovery requests for the nineteen Named Plaintiffs. Zenewicz Decl., ¶3. Other than Plaintiff Sancak Davarci, who has not responded at all,[1] the Named Plaintiffs served responses to Amazon's Requests for Admission, Interrogatories, and Requests for Production in February and March 2023 (with the exception of Plaintiff Louis Ronquillo, who responded in June 2023, after multiple requests for extensions). *Id.*, ¶¶ 7-8.

However, the scant responses that Named Plaintiffs served in Spring 2023 contain too many deficiencies and gaps to be recounted here. While Amazon has detailed those deficiencies in letters to Plaintiffs' counsel, *see id.*, Exs. C & D, a few significant deficiencies are worth noting here. Eight Named Plaintiffs have not produced a single document, despite representing in their

---

[1] Plaintiff Davarci requested and received extensions to respond to Amazon's Requests for Admissions, Interrogatories, and Requests for Production until February 23, 2023, and requested and received a further extension to respond to the Requests for Production until April 10, 2023. To date, Plaintiff Davarci has not provided any written responses or produced any documents or committed to any timeline to do so. Zenewicz Decl., ¶9.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 6
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

responses that they would produce documents. Eleven Named Plaintiffs produced documents, but many of the productions are woefully deficient. For example, Plaintiff Brown, who seeks to represent every Amazon Flex driver in Illinois for unreimbursed expense claims, has produced just four pages of documents consisting of an undated resume, and three emails from Amazon regarding her violation of Amazon's terms of service and deactivation from the Flex program. She has not produced any documents whatsoever to support her expense claim. Plaintiffs' written discovery responses are no better. No Plaintiff has provided any details of their claims for unpaid minimum wage, overtime or unreimbursed expenses such as any dates when they claimed to have worked overtime, the amount that their wages fell below the applicable minimum wage, or the amount and type of each expense they claim they have incurred. *Id*.

The Named Plaintiffs, like the Opt-In Plaintiffs, have intentionally avoided Amazon's requests that they comply with the Rules, produce responsive documents, and timely meet and confer. In response to Amazon's detailed deficiency letters, which expressly requested that counsel schedule a meet and confer call to take place by October 4, 2024, Plaintiffs' counsel responded only that they would "touch base" with Amazon's counsel *after* October 4. To date, Plaintiff's counsel has refused to commit to a date certain by which they will supplement the Named Plaintiffs' wholly deficient discovery responses. *Id.*, ¶30.

### C. Plaintiffs Resist All Attempts To Meet And Confer On The Motions Schedule And Related Discovery.

On September 20, 2024, the Court issued its Order on Amazon's Motion to Dismiss. ECF. No. 338. As a result, Plaintiffs' Motion for Conditional Certification can be filed at any time, and Plaintiffs' Motion for Class Certification can be filed before November 19, 2024. Plaintiffs' strategy in the meantime is to stymy Amazon's ability to obtain the discovery to which it has long been entitled until sometime – if ever – after they file their motions for certification. Plaintiffs' refusal to respond to meet and confer emails or meaningfully engage in meet and confer calls about discovery or the schedule is designed to prejudice Amazon's ability to respond to the certification

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 7
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  motions.

2  On September 25, 2024, Amazon invited Plaintiffs to a meet and confer call to discuss the
3  motion schedule following the order on the Motion to Dismiss the First Amended Consolidated
4  Complaint. Zenewicz Decl., ¶20. Plaintiffs' counsel declined to substantively meet and confer,
5  deflecting questions about the timing of Plaintiffs' motions for conditional and class certification
6  by saying that they had not planned anything but that they would promptly refile the motion for
7  conditional certification, would soon file for class certification, and that they would not discuss
8  briefing schedules until after filing. *Id*.

9  When asked when Plaintiffs would produce the Opt-In Discovery responses, Plaintiffs
10  stated that they would produce that week by September 27, but then admitted that it would not be
11  for all Plaintiffs and that Amazon would "find out when you find out" as to which Opt-In Plaintiffs
12  would be responding. *Id.*, ¶20. Amazon's counsel attempted to reach out to Plaintiffs' counsel for
13  another call on the motion schedule, but Plaintiffs' counsel again declined to meet and confer on
14  a schedule. On September 27, Plaintiffs failed to produce a single response for any Opt-In Plaintiff
15  and did not acknowledge their failure, much less specify another date or identify which Plaintiffs
16  would or would not comply with the Court's Order.

17  On October 1, 2024, Amazon's counsel traded emails with Plaintiffs' counsel, again raising
18  Plaintiffs' evasiveness. *Id.*, ¶25, Ex. G. In addition, Amazon raised concerns that a Rule 30(b)(6)
19  deposition of Amazon originally scheduled for October 4, 2024, could not in fairness proceed
20  unless Plaintiffs also engaged in discovery in good faith by providing long-overdue responses
21  compelled by the Court and by supplementing other deficient responses. *Id.* Amazon should have
22  the benefit of such discovery to defend itself against the imminent motions that Plaintiffs
23  unquestionably will support, in part, with declarations from Plaintiffs and deposition testimony
24  from Amazon's witness. Plaintiffs objected to postponing the deposition, but ignored Amazon's
25  concerns about discovery and the motion schedule. Plaintiffs refused repeatedly to address the
26  substance of Amazon's correspondence, other than to offer to agree to an unspecified extension of

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 8
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Amazon's deadline to file an opposition. *Id.* Plaintiffs' counsel also revealed for the first time that only responses for Plaintiffs Volk and Evanoff would be forthcoming (they did not say when) because the other **Opt-In Plaintiffs were "not being responsive**." *Id.*, Ex. G at 7 (emphasis added). If that is indeed the case, it should have been communicated months or at least weeks ago, in response to Amazon's many inquiries. Similarly, Named Plaintiff Davarci, the sole representative of the putative New York classes, has not responded to any discovery request. Plaintiffs' counsel should be forthcoming regarding Plaintiff Davarci's unwillingness to participate in this lawsuit before Amazon – and the Court – address a motion to certify the New York putative classes.

Finally, only after Amazon made clear that it would be postponing the 30(b)(6) deposition until after it had a commitment from Plaintiffs for the supplementation of written discovery, production of documents, and a fair briefing schedule, Plaintiffs suddenly produced written responses and some documents from Opt-In Plaintiffs Volk and Evanoff, which Amazon is reviewing. *Id.*, ¶26, Exs. E & F. Plaintiffs' counsel have not provided any indication if or when responses from Opt-In Plaintiffs Pearce, Kaminsky, Wynn, or Kogan will be forthcoming, only that they may never be able to respond and that may result in their dismissal, if Amazon so moves. *Id.* ¶29, Ex. G.

On October 3, 2024, Amazon reiterated the unfairness of Plaintiffs' one-way discovery tactic (in violation of a Court order) and insisted on setting a reasonable schedule for the completion of bilateral discovery. *Id.*, ¶31, Ex. G. Amazon also proposed a reasonable schedule to accomplish the necessary discovery and brief the forthcoming motions given that Plaintiffs offered, for the first time, to at least consider a schedule. *Id.* Plaintiffs rejected that schedule with no counter proposal and yet continued to demand their requested deposition to occur tomorrow (October 4), continuing their one-way street approach to discovery. Late into the afternoon of October 3, Amazon continued to offer to meet and confer with Plaintiffs to resolve these disputes without involving the Court.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 9
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## III. ARGUMENT

### A. The Court Should Enforce Its July 30, 2024 Order Compelling Full And Complete Discovery Responses From Six Opt-In Plaintiffs By A Date Certain.

The Court possesses inherent authority to oversee discovery and enforce its discovery orders. Rule 37 empowers courts to "issue further just orders" when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Federal district courts also have inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citation omitted), including the "inherent power to enforce compliance with their lawful orders," *Cal. Dept. of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (citation omitted).

Pursuant to those powers, the Court should order Opt-In Plaintiffs Pearce, Kaminsky, Wynn, or Kogan to comply with the July 30, 2024 Order compelling discovery within a date certain as set forth in the proposed schedule below, or such other date certain that the Court deems appropriate.[2] *See Harris v. Skanska USA Building, Inc.*, No. C22-555RSM, 2023 WL 8004708, at *2 (W.D. Wash. Nov. 17, 2023) (ordering plaintiff, who failed to comply with court's order compelling discovery, to produce all outstanding discovery responses "as soon as possible but no later than noon" five days after entry of the order, and granting defendants' motion for fees incurred in bringing motion).

The Court's prior Order and Plaintiffs' obligations are clear. The Court compelled the exact discovery at issue from six specific Opt-In Plaintiffs. ECF No. 326. Four of those Opt-In Plaintiffs have not responded at all; the other two, who only produced responses yesterday, produced responses that were evasive in many respects and just 10 and 66 pages of documents, respectively. Zenewicz Decl., ¶26, Exs. E & F. As an example of Plaintiffs' evasive responses, in response to

---

[2] If the Court is not inclined to issue a broader schedule as requested below, Amazon requests that the Opt-In Plaintiffs be otherwise required to comply within seven days of an order on this Motion.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 10
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

an interrogatory requesting the expenses the vehicle incurred performing work for Amazon, Evanoff and Volk each responded, "Plaintiff states that [she/he] has incurred expenses associated with using her car to deliver for Amazon (such as gas, car maintenance, rental fees, car insurance, car payments, and tolls.)". *Id*., Ex. E at 6. And in response an interrogatory requesting them to identify the weeks in which their pay fell below minimum wage, Evanoff and Volk each responded, "Plaintiff contends that there were weeks in which [she/he] was not paid the minimum wage." *Id*., Ex. F at 10.

If the remaining four Opt-In Plaintiffs fail to respond by the court-set deadline, their FLSA claims should be dismissed. Counsel routinely cooperate in a process for dismissal under those circumstances in collective actions. As set forth further below, this item is one of several discovery-related issues that Amazon requests the Court to address in setting a broader schedule for discovery and motion practice.

### B. The Court Should Set A Reasonable Schedule For Class Certification And Collective Action Motions To Allow Adequate Discovery.

Plaintiffs' dilatory response to the Court's Order on Opt-In discovery is part of a broader pattern of discovery evasion. Without question, further delay harms Amazon's ability to prepare a response to Plaintiffs' forthcoming Motion(s) for Conditional Certification and Class Certification, which could be filed at any time.[3] The American adversarial legal system "depends upon the availability of relevant evidence in carrying out its commitments both to fair play and to the discovery of truth within the bounds set by law." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 477 (1977). Here, the fairness of that system would be thwarted if Plaintiffs are allowed to hide the ball and then force Amazon to respond to the motions without any meaningful discovery.

---

[3] Amazon cannot be more specific here because Plaintiffs have refused to disclose their plan as to when they intend to file their certification motion(s). That said, they have never denied Amazon's expressed concern that they intend to file before providing discovery to Amazon.

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 11
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Beyond the Opt-In Plaintiffs' discovery owed to Amazon by Order of the Court, Amazon has also outlined numerous deficiencies in the Named Plaintiffs' responses. Those deficiencies are particularly important to address to the extent that Plaintiffs will soon file a motion for state law class certification. Amazon will use the discovery responses for these putative class representatives to oppose certification and also to select which of them to depose and prepare for their depositions. Their testimony, in turn, will support Amazon's planned arguments in opposition to certification.

"[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation." *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). The Court should afford the parties discovery that is "sufficiently broad" such that they "have a fair and realistic opportunity to obtain evidence" regarding "the requirements of Rule 23." *Ann Chae v. SLM Corp.*, No. CV 07-2319-ER(RCX), 2008 WL 11343020, at *2 (C.D. Cal. Feb. 22, 2008) (citations omitted). "[P]laintiffs cannot deprive defendant of the opportunity to gather relevant information" on matters relevant to class certification. *Bolding v. Banner Bank, No*. C17-0601RSL, 2020 WL 3667132, at *2 (W.D. Wash. July 6, 2020); *see also Floyd v. Amazon.com Inc.*, No. C22-1599-KKE, 2024 WL 3845869, at *3 (W.D. Wash. Aug. 16, 2024) (granting motion to compel discovery responses from named plaintiff, who had filed a motion to withdraw long after discovery requests were served, because discovery sought was relevant to defendant's defenses "as well as to some of the issues related to class certification even if [named plaintiff] w[ould] not be a named plaintiff at that stage"); *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011). (granting motion to compel deposition of named plaintiff where testimony was "highly likely to be relevant to class certification issues, including commonality and the typicality of the class representative's claims"). But that is exactly what Plaintiffs are trying to do here.

To avoid significant prejudice, the Court should set a schedule that will allow time for the parties to comply with the discovery Order, complete the open written discovery, take depositions,

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 12
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

and orderly brief complicated motions for class certification and for certification of a collective action. *Cf. In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1147 (N.D. Cal. 2008) (opportunity to depose named plaintiff "prior to the filing of the class certification motion' necessary to avoid "undue prejudice"). The Court should also issue a protective order postponing Amazon's 30(b)(6) deposition, noticed for October 4, 2024, until after the issues addressed in this Motion are ruled on by the Court. Amazon proposed this reasonable procedure to Plaintiffs, and Plaintiffs did not substantively respond. Zenewicz Decl., Ex. G. Amazon respectfully submits that the following schedule, similar to the one proposed in correspondence with Plaintiffs, can accomplish that result:

| EVENT | DEADLINES |
|---|---|
| Deadline for Plaintiffs to Produce Discovery from Opt-In Plaintiffs Pursuant to Court Order | November 1, 2024 |
| Deadline for Plaintiffs to take the Rule 30(b)(6) deposition and for Amazon to Complete Plaintiff and Opt-In Depositions, prior to which Amazon can move to compel discovery from the Named Plaintiffs if deficiencies are not resolved | December 13, 2024 |
| Deadline for Plaintiffs to file Motion(s) for Class Certification and/or Collective Action Certification | December 27, 2024 |
| Deadline for Amazon's Renewed Motion to Compel Arbitration | December 27, 2024 |
| Deadline for Amazon's Opposition(s) to Motion(s) for Class Certification and/or Collective Action Certification | February 28, 2025 |
| Deadline for Plaintiffs' Reply(ies) in support of the Motion(s) for Class Certification and/or Collective Action Certification | March 21, 2025 |

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 13
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Barring such a reasonable schedule, Amazon risks prejudice by being forced to respond to motions without a fair opportunity to take the needed discovery.

### IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its motion and order:

1) Plaintiffs to respond to Amazon's written discovery requests to the Opt-In Plaintiffs by a date certain prior to the filing of any class or conditional certification motions;

2) Plaintiffs to promptly confer with Amazon regarding deficiencies in the Named Plaintiffs' discovery responses and make good faith and reasonable efforts to supplement their responses to allow Amazon to identify deponents and take depositions;

3) Issue a protective order postponing Amazon's 30(b)(6) deposition; and

4) Set remaining discovery and briefing deadlines as set forth above for the fair and orderly adjudications of Plaintiffs' forthcoming Motion(s) for Class Certification and Conditional Certification.

Dated: October 3, 2024

*I certify that this motion contains 4,113 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Andrew DeCarlow*
    Andrew DeCarlow, WSBA No. 54471
    1301 Second Avenue, Suite 3000
    Seattle, WA 98101
    Telephone: (206) 274-0154
    Facsimile: (206) 274-6401
    andrew.decarlow@morganlewis.com

    Richard G. Rosenblatt (*pro hac vice*)
    James P. Walsh, Jr. (*pro hac vice*)
    502 Carnegie Center
    Princeton, NJ 08540-6241
    Telephone: (609) 916-6600

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 14
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

|   |   |
|---|---|
| 1 | Facsimile: (609) 916-6601 |
| 2 | richard.rosenblatt@morganlewis.com<br>james.walsh@morganlewis.com |
| 3 | Brian D. Berry (*pro hac vice*) |
| 4 | Sarah Zenewicz (*pro hac vice*)<br>One Market Spear Street Tower |
| 5 | San Francisco, CA 94105<br>Telephone: (415) 442-1000 |
| 6 | Fax: (415) 442-1001<br>brian.berry@morganlewis.com |
| 7 | sarah.zenewicz@morganlewis.com |

*Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., Amazon.com Services Inc.*

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 15
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I caused to be electronically filed the foregoing **DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: s/ *Andrew DeCarlow*
Andrew DeCarlow
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 16
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401