The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC. and<br>AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554-JCC<br><br>**PLAINTIFFS' RENEWED MOTION FOR NOTICE TO BE ISSUED TO SIMILARLY SITUATED EMPLOYEES PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**NOTE DATE: November 1, 2024** |

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

# TABLE OF CONTENTS

I. Introduction ..................................................................................................................1

II. Factual Background ....................................................................................................2

    A. Amazon's business includes delivering products to customers' doorsteps. ..........2

    B. Flex drivers are an integral component of Amazon's business. ............................3

    C. Amazon uniformly controls Flex drivers through standardized contracts. ............3

III. Argument ....................................................................................................................5

    A. Courts apply a "lenient" standard to issuing notice under the FLSA. ...................5

    B. Plaintiffs satisfy the low bar for notice to issue. .....................................................6

    C. Plaintiffs' proposed form and manner of notice is proper. ....................................7

    D. The Court should authorize notice to all individuals who worked as Amazon Flex delivery drivers since October 2013. ............................................................10

IV. Conclusion ................................................................................................................12

PLS.' RENEWED MOT. TO ISSUE  
NOTICE UNDER 29 U.S.C. § 216(b)       i  
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.  
729 Boylston Street, Suite 2000  
Boston, MA 02116

**TABLE OF AUTHORITIES**

**CASES**

*Adams v. Inter-Con Sec. Sys., Inc.*,
    242 F.R.D. 530 (N.D. Cal. 2007) ...................................................................................... 8

*Bass v. PJComn Acquisition Corp.*,
    2010 WL 3720217 (D. Colo. Sept. 15, 2010) ............................................................... 5, 6

*Bazzell v. Body Contour Centers, LLC*,
    2016 WL 3655274 (W.D. Wash. July 8, 2016) ................................................................ 6

*Benedict v. Hewlett-Packard Co.*,
    2014 WL 587135 (N.D. Cal. Feb. 13, 2014) ..................................................................... 8

*Beukes v. Boehnke*,
    2024 WL 4380815 (D. Minn. Oct. 3, 2024) ..................................................................... 8

*Bolding v. Banner Bank*,
    2017 WL 6406136 (W.D. Wash. Dec. 15, 2017) ............................................................. 5

*Bollinger v. Residential Capital, LLC*,
    761 F. Supp. 2d 1114 (W.D. Wash. 2011) ........................................................................ 5

*Canava v. Rail Delivery Serv. Inc.*,
    2020 WL 2510648 (C.D. Cal. Feb. 27, 2020) ................................................................... 6

*Carlone v. Progressive Ins., Inc.*,
    No. 3:12-cv-00207 (D. Conn. 2014) .................................................................................. 7

*Carrillo v. Schneider Logistics, Inc.*,
    2012 WL 556309 (C. D. Cal. Jan. 31, 2012) .................................................................... 9

*Carter v. XPO Last Mile, Inc.*,
    2016 WL 5680464 (N.D. Cal. Oct. 3, 2016) ..................................................................... 6

*Coppernoll v. Hamcor, Inc* ..................................................................................................... 11

*Deatrick v. Securitas Sec. Servs. USA, Inc.*,
    2014 WL 5358723 (N.D. Cal. Oct. 20, 2014) ............................................................. 8, 10

*Desio v. Russell Rd. Food & Beverage, LLC*,
    2017 WL 4349220 (D. Nev. Sept. 29, 2017) ................................................................ 7, 8

*Diatta v. Iguana New York Ltd.*,
    2016 WL 2865132 (S.D.N.Y. May 10, 2016) ................................................................... 7

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

ii

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

*Douglas v. Xerox Bus. Servs., LLC*,
  2015 WL 12930486 (W.D. Wash. Feb. 9, 2015) ............................................................. 5

*Fang v. Zhuang*,
  2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010) .................................................................... 6

*Guy v. Casal Inst. of Nev., LLC*,
  2014 WL 1899006 (D. Nev. May 12, 2014) .................................................................... 9

*Hoffmann-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) ..................................................................................................... 1, 7

*Lewis v. Wells Fargo & Co.*,
  669 F. Supp. 2d 1124 (N.D. Cal. 2009) ........................................................................... 5

*Linz v. Core Values Roadside Serv., LLC*, 2020 WL 13561591 (E.D. Wash. July 29, 2020) ................................................... 11

*Mangahas v. Eight Oranges Inc.*,
  2022 WL 10383029 (S.D.N.Y. Oct. 18, 2022) ................................................................ 8

*Otey v. CrowdFlower, Inc.*,
  2013 WL 4552493 (N.D. Cal. Aug. 27, 2013) ................................................................ 9

*Ramirez v. Ghilotti Bros. Inc.*,
  941 F. Supp. 2d 1197 (N.D. Cal. 2013) ......................................................................... 10

*Ramirez v. Ghilotti Bros., Inc.*,
  941 F. Supp. 2d 1197 (N.D. Ca. 2013) ........................................................................... 5

*Ray v. Cal. Dep't of Soc. Servs.*,
  2019 WL 6888050 (C.D. Cal. Dec. 11, 2019) .............................................................. 11

*Rieske v. Gov't Emps. Ins. Co. Inc., No.*
  2022 WL 17127745 (E.D.N.Y. Nov. 22, 2022) ............................................................ 10

*Rittmann v. Amazon.com, Inc.*,
  383 F. Supp. 3d 1196 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020) .............. 3

*Rittmann v. Amazon.com, Inc.*,
  383 F. Supp. 3d 1196, 1201 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020),
  *cert. denied*, 141 S. Ct. 1374 (2021) ............................................................................ 12

*Roberts v. Sidwell Air Freight Inc.*,
  2022 WL 16949565 (W.D. Wash. Nov. 15, 2022) .......................................................... 5

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)               iii
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

*Rose v. Ruth's Chris Steak House, Inc.*,
   No. 07-cv-12166 (D. Mass.) ........................................................................................... 7

*Sanchez v. Sephora USA, Inc.*,
   2012 WL 2945753 (N.D. Cal. July 18, 2012) .............................................................. 10

*Saravia v. Dynamex, Inc.*,
   310 F.R.D. 412 (N.D. Cal. 2015) ................................................................................... 6

*Scovil v. FedEx Ground Package System, Inc.*,
   811 F. Supp. 2d 516 (D. Me. 2011) ............................................................................... 6

*Stoll v. Runyon*,
   165 F.3d 1238 (9th Cir. 1999) ..................................................................................... 10

*Taylor, et al. v. FTS USA, LLC et al.*,
   No. 1:15-cv-04461 (N.D. Ga.) ....................................................................................... 7

*Trinidad v. Pret A Manger (USA) Ltd.*,
   962 F. Supp. 2d 545 (S.D.N.Y. 2013) ............................................................................ 9

*Villarreal v. Caremark LLC*,
   2014 WL 7184014 (D. Ariz. Dec. 17, 2014) .................................................................. 5

*Wells Fargo Home Mortg. Overtime Pay Litig.*,
   527 F. Supp. 2d 1053 (N.D. Cal. 2007) .......................................................................... 5

*Williams v. ezStorage Corp.*,
   2011 WL 1539941 (D. Md. 2011) .................................................................................. 6

*Wren v. Rgis Inventory Specialists*,
   2007 WL 4532218 (N.D. Cal. Dec. 19, 2007) ................................................................ 9

*Ying Yang v. Vill. Super Mkt., Inc.*,
   2019 WL 1275059 (D.N.J. Mar. 20, 2019) .................................................................... 8

*Zambrano v. Strategic Delivery Sols., LLC*,
   2022 WL 3369597 (S.D.N.Y. Aug. 16, 2022) ........................................................... 6, 11

*Zeman v. Twitter, Inc.*,
   --- F. Supp. 3d. ---, 2024 WL 4032051 (N.D. Cal. Sept. 3, 2024) ................................ 12

**STATUTES**

29 U.S.C. § 255(a) ............................................................................................................... 10

U.S.C. § 216(b) ................................................................................................................. 1, 7

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

iv

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

I. **INTRODUCTION**

Plaintiffs have worked for Defendants as Amazon Flex delivery drivers. Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, by misclassifying Amazon Flex drivers as independent contractors, thereby depriving them of minimum wages and overtime payments. *See* 29 U.S.C. § 216(b).[1]

The FLSA allows Plaintiffs to pursue a recovery for "themselves and other employees similarly situated." *Id.* To join this action, those other employees must give their "consent in writing . . . and such consent [must be] filed" with the Court. *Id.* And to give their consent, Amazon Flex drivers need to be notified of this action. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

Plaintiffs first asked the Court to issue notice in October 2016, the same month they filed suit. (Dkt. No. 20). Defendants, in turn, successfully moved for multiple stays, bringing these proceedings to an eight-year standstill. (*See, e.g.*, Dkt. Nos. 76, 77, 293). Although the law did not change over those years, as Defendants had hoped, Amazon Flex drivers remain uninformed about their rights under the FLSA to join this case.

Plaintiffs now renew their request that the Court authorize notice under 29 U.S.C. § 216(b), giving all similarly situated drivers a chance to join in this FLSA action.[2]

---

[1]   Plaintiffs have also brought several state law claims that are not relevant to this motion.

[2]   Through the lengthy course of this litigation, Plaintiffs have requested multiple times to be able to pursue this motion for notice to be issued to Amazon Flex drivers. (*See, e.g.*, Dkt. Nos. 20, 185, 220, 275). The Court ruled in May 2024 that Plaintiffs may renew this request after the Court resolved Amazon's motion to dismiss. (Dkt. No. 298). The Court ruled on that motion on September 20, 2024 (Dkt. No. 338), so now Plaintiffs are resubmitting this request.

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)                 1
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## II. FACTUAL BACKGROUND

### A. Amazon's business includes delivering products to customers' doorsteps.

Amazon is a national online retailer that uses delivery drivers to deliver orders to its customers. (*See* Dkt. No. 220-2) ("We fulfill customer orders in a number of ways. . . ."; "We offer programs that enable sellers to grow their businesses, sell their products in our stores, and fulfill orders through us."). Order fulfillment begins at the time of the sale and continues all the way through delivery to the customer, and, thus, the process necessarily involves package delivery. In fact, the tagline for Amazon's Flex program is "thank you for delivering smiles with us!" (Dkt. No. 220-9).

Amazon promotes efficient delivery as a key offering to its customers. For example, Amazon claims to "offer [its] customers low prices, **fast and free delivery**, easy-to-use functionality, and timely customer service." (*Id.*) (emphasis supplied). Amazon's website provides a "Shipping and Delivery" FAQ section describing its "Delivery Guarantees" and "Special Shipping Options"—that is, instructing drivers to leave a large item for delivery on the "front porch," "inside the entryway," or in a "room of choice." (Dkt. No. 220-7).

Besides regular delivery services, Amazon's touts free "One-day delivery," "Same-day delivery," and "2-hour grocery delivery" through its Prime membership. (Dkt. No. 220-6) ("More of what you love, delivered in more ways."). These "faster delivery" offerings are central to Amazon's business model and planned growth. (Dkt. No. 220-2). Indeed, Amazon identifies its "ability to . . . fulfill orders" and "offer fast and free delivery" as key factors in its growth. (*Id.* at 9, 19) ("To increase sales of products and services, we focus on improving all aspects of the customer experience, including . . . offering faster delivery and performance times . . . .").

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

2

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

**B.    Flex drivers are an integral component of Amazon's business.**

To provide free and fast deliveries, Amazon relies on "Amazon Flex drivers" who work in more than 50 cities across the country. (*See* Dkt. No. 220.03). As this Court has recognized, Flex drivers are integral not only to Amazon's business, but to interstate commerce:

> The Court finds that a strike by a large group of Plaintiffs and those similarly-situated would interrupt interstate commerce. As mentioned previously, Defendants are one of the country's largest businesses engaged in the interstate shipment of packages and goods. A strike by Plaintiffs would be akin to local UPS or FedEx drivers striking—a strike by UPS or FedEx drivers, who only personally travel intrastate, would cause a ripple effect in interstate commerce because goods travelling interstate would still not make it to their final destination.

*Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196, 1201–02 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020).

**C.    Amazon uniformly controls Flex drivers through standardized contracts.**

Because much of Amazon's business depends on Flex drivers, Amazon controls nearly all aspects of their work. First, "[i]ndividuals seeking to sign up for Amazon Flex must first download the Amazon Flex app on a smartphone, log into the app with an Amazon account (and create one if necessary), and select the local area in which they wish to make deliveries." (Rodgers Decl. ¶ 22, Dkt. 331-4). "Individuals must then complete the Amazon Flex onboarding process, which requires prospective Delivery Partners to affirmatively agree to the Amazon Flex Independent Contractor Terms of Service ('TOS') before they can start making deliveries." (*Id.*).

While Amazon has updated various provisions in its Terms of Service over the years (such as the arbitration and choice-of-law provisions), the general rules, requirements, and

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)                    3
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

standards that Amazon has imposed on Flex drivers through its TOS have remained materially the same. (*See* Wilson Decl. ¶¶ 23–29, Dkt. No. 248; Dkt. Nos. 248-1 to 248-7).

For example, Amazon's TOS have consistently barred Flex drivers from performing non-Amazon services while working for Amazon:

> You agree that while actively performing the Services, your Vehicle is under an exclusive lease . . ., which requires exclusive possession, control and use by Amazon of both the Services and your Vehicle during that time . . . . 'Actively performing the Services' means that you are actively delivering Deliverables, waiting to receive more Deliverables, or on your way back to the delivery station with undeliverable or damaged Deliverables.

(*See e.g.*, Dkt. No. 248-4 at ¶ 5).

Amazon has also relied on the same "Service Standards" for all Flex Drivers. For instance, Amazon requires all Flex drivers to:

> a) arrive on time and be ready to provide Services for any confirmed Delivery Block or b) forfeit a Delivery Block at least 45 minutes before the start of such Delivery Block. Please note that if you select a Delivery Block close to its start time (i.e. 20 minutes before the start of the Delivery Block), you will still be required to arrive on time for that Delivery Block. If you repeatedly arrive late or forfeit Delivery Blocks late, you will no longer be eligible to participate in the Program.

(*Id.* at Ex. A § III). Drivers who "repeatedly arrive late or forfeit Delivery Blocks late [are] no longer be eligible to participate in the Program." (*Id.*) Similarly, drivers who "repeatedly deliver packages late" are terminated from the Flex program. (*Id.*).

Every TOS has given Amazon the authority to fire a driver for violating its "Service Standards" and "Program Policies." (*See, e.g.*, Dkt. 248-7 at ¶ 6) ("Term and Deactivation"). Each TOS has also classified every Flex driver as an independent contractor. (*Id.* at ¶ 2). And

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

4

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

each TOS has established the same payment structure for all Flex drivers—a lump sum "Service Fee" that fails to account for hours worked and expenses incurred. (*Id.* at ¶ 3).

## III. ARGUMENT

### A. Courts apply a "lenient" standard to issuing notice under the FLSA.

"Courts in the Ninth Circuit use a two-step approach to certify a collective action under the FLSA." *Douglas v. Xerox Bus. Servs., LLC*, 2015 WL 12930486, at *1 (W.D. Wash. Feb. 9, 2015) (citing *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011)); *see also Roberts v. Sidwell Air Freight Inc.*, 2022 WL 16949565, at *4 (W.D. Wash. Nov. 15, 2022). At the first step, "the court reviews, from a lenient standard, whether proposed class members should be conditionally certified and given notice of the action." *Douglas*, 2015 WL 12930486, at *1 (citing *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007)). "After notice is approved and additional discovery conducted, the court often entertains a motion to decertify the class." *Id.* (citing *Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1203 (N.D. Ca. 2013)). "[T]he court then employs a stricter standard to determine whether the employees are similarly situated." *Id.*

At this first stage, Plaintiffs need only show that other Amazon Flex drivers were subject to the same policies or legal violations. *See Villarreal v. Caremark LLC*, 2014 WL 7184014, *2 (D. Ariz. Dec. 17, 2014); *Bass v. PJComn Acquisition Corp.*, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010). "The standard for certification at this stage is a lenient one that typically results in certification." *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *Bolding v. Banner Bank*, 2017 WL 6406136, at *1 (W.D. Wash. Dec. 15, 2017). In fact, courts often grant conditional certification based only on a single declaration that the defendants' policies applied to other workers. *See, e.g.*, *Williams v. ezStorage Corp.,* 2011 WL

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

5

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

1539941, at *3 (D. Md. 2011); *Fang v. Zhuang*, 2010 WL 5261197, at *3 (E.D.N.Y. Dec. 1, 2010); *see also Bass*, 2010 WL 3720217, at *2.

Applying this low bar, courts have repeatedly held that plaintiffs claiming in FLSA cases that they were misclassified as independent contractors is itself grounds for issuance of notice and conditional certification. *See, e.g.*, *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 423 (N.D. Cal. 2015) (holding that agreements uniformly classifying drivers as independent contractors was grounds for conditional certification); *Canava v. Rail Delivery Serv. Inc.*, 2020 WL 2510648, at *8 (C.D. Cal. Feb. 27, 2020) (rejecting arguments that variability in hours and pay precluded drivers' bid for conditional certification); *Zambrano v. Strategic Delivery Sols., LLC*, 2022 WL 3369597, at *6 (S.D.N.Y. Aug. 16, 2022) ("courts routinely grant conditional certifications for collectives spanning broad geographic areas based on affidavits and allegations from plaintiffs based in only a few states"); *Carter v. XPO Last Mile, Inc.*, 2016 WL 5680464 (N.D. Cal. Oct. 3, 2016); *Scovil v. FedEx Ground Package System, Inc.*, 811 F. Supp. 2d 516 (D. Me. 2011). This case warrants the same outcome.

**B.     Plaintiffs satisfy the low bar for notice to issue.**

Plaintiffs' original motion included six declarations attesting to the uniform policies and standards that Amazon imposes on Flex drivers throughout the country. (*See* Dkt. Nos. 20-02 to 20-7).[3] These declarations alone satisfy the lenient conditional certification standard. *See Bazzell v. Body Contour Centers, LLC*, 2016 WL 3655274, *4 (W.D. Wash. July 8, 2016) (collecting cases in which conditional certification was granted based on three to five affidavits).

---

[3] For the Court's convenience, Plaintiffs have refiled these declarations as Exhibits 1–6.

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)                    6
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Since Plaintiffs' first motion was filed, however, Amazon has supplemented the record with its own declarations and TOS. (*See, e.g.*, Dkt. Nos. 248, 331-4). This additional evidence confirms that Amazon has classified all Flex drivers across the country as independent contractors and subjected them to the same contracts, policies, and standards. *See* Section II.C. *supra*. This common evidence far exceeds the low bar for the issuance of notice.

For these reasons, this Court should allow notice to issue under 29 U.S.C. § 216(b).

### C. Plaintiffs' proposed form and manner of notice is proper.

Plaintiffs have attached as Exhibit A proposed notice to be sent to all Amazon Flex delivery drivers who have contracted directly with Amazon within three years prior to Plaintiffs' original notice motion (*see note 1 supra*). This proposed notice is "timely, accurate, and informative," *Hoffmann-La Roche*, 493 U.S. at 172, and consistent with notices that have been routinely approved. *See Desio v. Russell Rd. Food & Beverage, LLC*, 2017 WL 4349220 (D. Nev. Sept. 29, 2017).[4]

For the notice to be issued, the Court should also order Amazon to produce a list of its drivers' names, last-known mailing addresses, telephone numbers, email addresses, work locations, and dates that they have driven for Amazon. Courts routinely require defendants to produce this information when granting FLSA notice motions. *See Diatta v. Iguana New York Ltd.*, 2016 WL 2865132, at *6 (S.D.N.Y. May 10, 2016) ("Courts routinely order discovery of names, addresses, and telephone numbers in FLSA actions."); *Deatrick v. Securitas Sec. Servs.*

---

[4] *See, e.g.*, *Taylor, et al. v. FTS USA, LLC et al.*, No. 1:15-cv-04461 (N.D. Ga.) (Dkt. Nos. 22-1, 28); *Carlone v. Progressive Ins., Inc.*, No. 3:12-cv-00207 (D. Conn. 2014) (Dkt. Nos. 91 at 24, 101); *Rose v. Ruth's Chris Steak House, Inc.*, No. 07-cv-12166 (D. Mass.) (Dkt. No. 18).

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)         7
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

*USA, Inc.*, 2014 WL 5358723, *5 (N.D. Cal. Oct. 20, 2014) (finding that "[c]ourts routinely require defendants to produce the contact information of putative class members" and "reject[ing] Defendant Securitas's suggestion that disclosure of this information to Plaintiff violates employees' privacy rights"); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 539 (N.D. Cal. 2007).

The Court should also allow Plaintiffs to send notice to class members by email and text, as well as U.S. Mail. All three forms are warranted here. For instances, some potential opt-in members have likely changed addresses or stopped working for Amazon over the eight-year stay. *See Mangahas v. Eight Oranges Inc.*, 2022 WL 10383029, at *9 (S.D.N.Y. Oct. 18, 2022) (explaining that "courts will permit text message notice where there is rapid turnover . . . or where the members of the collective are likely to be transient"); *Desio v. Russell Rd. Food & Beverage, LLC*, 2017 WL 4349220, at *5 (D. Nev. Sept. 29, 2017) (allowing for text notice because of "the transient nature of dancers"); *see also Benedict v. Hewlett-Packard Co.*, 2014 WL 587135, at *14 (N.D. Cal. Feb. 13, 2014) ("Courts routinely approve the production of email addresses and telephone numbers with other contact information to ensure that notice is effectuated"). Text and email notice is also appropriate because that is how Amazon communicated with Flex drivers. *See Beukes v. Boehnke*, 2024 WL 4380815, at *7 (D. Minn. Oct. 3, 2024) (permitting text notice because the defendants "communicated with workers via telephone").

In addition to notice by mail, email, and text, Amazon should be required to post the notice on its website and in-person at its fulfillment centers where delivery drivers pick up their packages at the start of each shift. *See Ying Yang v. Vill. Super Mkt., Inc.*, 2019 WL 1275059, at *4 (D.N.J. Mar. 20, 2019) (holding that "postings at applicable workplaces" is "a reasonable

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

8

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

and cost-efficient method of ensuring class members receive notice"); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013); *Otey v. CrowdFlower, Inc.*, 2013 WL 4552493, at *5 (N.D. Cal. Aug. 27, 2013) (allowing "notice by email and online postings"); *Wren v. Rgis Inventory Specialists*, 2007 WL 4532218, *9 (N.D. Cal. Dec. 19, 2007) (allowing for notice to be posted on defendant's website).

The Court should set an extended notice period of 180 days, given the lengthy delay in this motion being considered. Amazon Flex drivers who worked a decade ago will be eligible to join this case, but given the passage of time, a large portion of them will have moved. It will thus take longer than usual to track down drivers who would be eligible to join the case but for whom Amazon does not have current contact information.[5]

This opt-in period is also warranted because of the large potential class size and the high turnover among delivery drivers. *See, e.g.*, *Otey*, 2013 WL 4552493, *5 (finding "that the 90-day opt-in period is reasonable given the size of the class"); *Guy v. Casal Inst. of Nev., LLC*, 2014 WL 1899006, *6 (D. Nev. May 12, 2014) (authorizing 90-day notice period and noting that "a large portion of the class may consist of former students who are not presently connected to the Defendant"); *Carrillo v. Schneider Logistics, Inc.*, 2012 WL 556309, *15 (C. D. Cal. Jan. 31, 2012) (granting 180 day opt-in period because the "case concerns low-wage, immigrant workers in an industry with high turnover").

Finally, the Court should also authorize Plaintiffs to send a reminder to potential opt-ins who have not yet opted in to this matter halfway through the notice period. Such reminder

---

[5] Because potential opt-in members may have changed addresses over the years, Plaintiffs will also need time to search for, and send additional notice to, updated addresses.

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)          9
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

notices are routine. *See, e.g.*, *Rieske v. Gov't Emps. Ins. Co. Inc., No.* 2022 WL 17127745, at *9 (E.D.N.Y. Nov. 22, 2022) (describing reminders as "common practice" and consistent with the FLSA's goal of informing as many potential plaintiffs as possible); *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753, *6 (N.D. Cal. July 18, 2012); *Deatrick*, 2014 WL 5358723, *5 (N.D. Cal. Oct. 20, 2014).

### D. The Court should authorize notice to all individuals who worked as Amazon Flex delivery drivers since October 2013.

Because the lengthy delays in this case that were not caused by Plaintiffs, the Court should hold that the statute of limitations has been tolled for potential opt-in members since Plaintiffs first moved for notice (Dkt. No. 20). On this basis, notice should be afforded to all individuals who worked as Amazon Flex drivers since October 27, 2013.[6]

"Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

"[C]ourts within the Ninth Circuit have regularly applied equitable tolling to FLSA actions for the necessary delay in deciding a motion for conditional certification or the potential

---

[6] Plaintiffs recognize that Amazon's Flex program started sometime after this date – so notice should be issued to all drivers who have driven for Amazon Flex. If there are drivers who drove for Amazon Flex prior to October 2014 (two years before Plaintiffs' original notice motion was filed), they should receive notice as well. An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Courts routinely allow notice to be issued to potential opt-ins who worked within the three years prior to the request for notice. *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1206 (N.D. Cal. 2013).

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)            10
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

delay in receiving the information needed to send notice to the putative collective members." *Linz v. Core Values Roadside Serv., LLC*, 2020 WL 13561591, at *1 (E.D. Wash. July 29, 2020). "Other courts have found equitable tolling appropriate 'when litigation circumstances prevent prompt distribution of judicial notice.'" *Id.* (quoting *Ray v. Cal. Dep't of Soc. Servs.*, 2019 WL 6888050, at *7 (C.D. Cal. Dec. 11, 2019) (collecting cases)). Courts have thus tolled the statute of limitations when—like here—a stay of litigation prevented opt-in plaintiffs from receiving notice. *Zambrano v. Strategic Delivery Sols., LLC*, 2022 WL 3369597, at *7 (S.D.N.Y. Aug. 16, 2022) (collecting cases).

For example, in *Coppernoll v. Hamcor, Inc.*, the court equitably tolled the limitations period for potential opt-in plaintiffs during a court-ordered stay pending resolution of a Supreme Court case during which plaintiffs could not engage in discovery, move for certification, or receive approval to provide notice. 2017 WL 1508853, at *4 (N.D. Cal. Apr. 27, 2017). The court reasoned that it "would never have granted the stay . . . if it had realized [the defendant] would then use the stay to run out the statute of limitations as to potential opt-ins." *Id.* "This maneuver is too slick and too unfair." *Id.* The same reasoning should apply here.

Amazon responded to Plaintiffs' first motion for notice by successfully moving for a stay of "all class and collective action treatment of this case." (Dkt. No. 71). After obtaining that first stay, Amazon requested more stays, leading the Court to issue "numerous stays pending decisions in other cases related to the arbitration issue, (*see, e.g.,* Dkt. Nos. 76, 77, 293), which are no longer valid." (Dkt. No. 338). Thus, Amazon Flex drivers have yet to receive notice of their right to opt into this case, even though Plaintiffs diligently first moved for notice on October 27, 2016.

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

11

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Amazon should not be allowed to weaponize the "numerous stays" in this case against the potential opt-in members. Rather, the Court should hold that the statute of limitations has been tolled for potential opt-in members since Plaintiffs' first motion for notice (Dkt. No. 20). The Court should thus order notice to all individuals who worked as Amazon Flex drivers since October 27, 2013.

Finally, Amazon may argue that notice should be postponed until after the Court rules on Amazon's renewed motion to compel arbitration. (*See* Dkt. No. 296). Numerous courts have rejected this argument. *See Zeman v. Twitter, Inc.*, --- F. Supp. 3d. ---, 2024 WL 4032051, at *5 (N.D. Cal. Sept. 3, 2024) (collecting cases recognizing that notice should be issued before the court addresses arbitration issues). This Court should also reject such dilatory tactics, especially when this Court has already held—and the Ninth Circuit affirmed—that Amazon's arbitration agreements are not enforceable against Flex drivers. *Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196, 1201 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021). There is no basis for further delaying notice.

## IV.   CONCLUSION

Amazon Flex drivers are interested in joining this litigation. In fact, nearly 100 drivers have already opted into this case despite Amazon delaying notice by eight years.[7] The issuance of notice is proper, so other drivers should be afforded the same opportunity. The Court should therefore authorize notice to all individuals who have worked as Amazon Flex delivery drivers.

---

[7] *See* Dkt. Nos. 63, 81, 84, 85, 89–93, 135, 138, 139, 150–154, 163, 168, 180, 202.

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)          12
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Dated: October 4, 2024

*I certify that this brief does not exceed 8,400 Words in compliance with the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

*Attorneys for Plaintiffs*

PLS.' RENEWED MOT. TO ISSUE
NOTICE UNDER 29 U.S.C. § 216(b)
Case No. C16-01554-JCC

13

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116