The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC. and<br>AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554-JCC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE THE COURT'S JULY 30, 2024 ORDER, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING (Dkt. No. 339)**<br><br>**NOTE DATE: October 24, 2024** |

**I.   INTRODUCTION**

There seems to be no end to Amazon's vexatious litigation tactics.

First, Amazon stalled litigation for eight years. Then, after litigation finally resumed, Amazon sued several Plaintiffs in jurisdictions around the country—a move that was in blatant contempt of this Court's order denying arbitration. After the Court enjoined those suits, Amazon filed this needless motion to obfuscate its own sanctionable conduct.

PLS.' OPP'N TO DEFS.' MOT.
TO ENFORCE (Dkt. No. 339)
Case No. C16-01554-JCC

1

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

Indeed, after agreeing to a Rule 30(b)(6) deposition on October 4, 2024, Amazon simply failed to appear. Amazon now contends that it had no obligation to produce its designee until Plaintiffs cured illusory discovery deficiencies and agreed to modify a briefing that the Court set in May. As courts in this Circuit have recognized, such conduct is per se sanctionable under Rule 37. *See, e.g.*, *Infanzon*, 335 F.R.D. at 313 (citing other precedent).

Besides having improper motives, Amazon makes no effort to explain how the additional discovery it seeks is relevant and proportional under Rule 26(b)(1). In fact, Amazon continues to seek discovery on claims that this Court dismissed earlier this month. Lacking any legitimate purpose, Amazon's efforts must be intended to harass the low-wage workers who filed and opted into this suit. But that is no basis for compelling discovery, so Amazon's motion must fail.

## II.  ARGUMENT

### A. Amazon has failed to meet its burden of establishing relevancy and proportionality for compelling more discovery from named Plaintiffs.

Amazon moves to compel more discovery from the named Plaintiffs, arguing their responses from more than a year ago are deficient. The Court should deny the motion because Amazon has failed to establish that the information it seeks is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The party seeking to compel discovery must establish that its requests satisfy the relevancy and proportionality requirements of Rule 26(b)(1). *Brown v. Michaelis*, 2024 WL 2925062, at *2 (W.D. Wash. May 3, 2024) (internal citation omitted); *see also Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). To that end, the moving party must provide enough detail about its requests and the other party's responses so that "the Court can uphold

PLS.' OPP'N TO DEFS.' MOT.  
TO ENFORCE (Dkt. No. 339)  
Case No. C16-01554-JCC

2

**LICHTEN & LISS-RIORDAN, P.C.**  
729 Boylston Street, Suite 2000  
Boston, MA 02116

its own obligation to assess the appropriateness of an order compelling discovery." *Brown*, 2024 WL 2925062, at *3 (citing *Ivins v. Corr. Corp. of Am.*, 291 F.R.D. 517, 520 (D. Mont. 2013) (courts have an "independent obligation" to review discovery requests for specificity and frivolousness before granting a motion to compel)). Amazon fails to meet this burden for three reasons.

### 1. *Amazon continues to ignore that this Court's dismissal order narrowed the scope of discovery.*

First, Amazon ignores that last month's dismissal order mooted many of its discovery requests. (*See* Sept. 20, 2024 Order, Dkt. No. 338). For example, the Court dismissed the minimum wage claims for all but five Plaintiffs. Yet Amazon continues to insist that every Plaintiff must identify "each date that [they] contend [their] pay . . . amounted to less than the legally required state or federal minimum wage." (*See, e.g.*, Defs.' Mot 7, Dkt. No. 339; Zenewicz Decl. ¶ 12, Dkt. No. 340). Because Amazon has failed to narrow its discovery requests pursuant to the Court's dismissal order, it cannot possibly satisfy its burden of establishing relevancy.

### 2. *Amazon's motion omits Plaintiffs' objections and responses.*

Second, Amazon fails to provide enough detail for this Court to enter an order compelling discovery. Claiming that there are "too many deficiencies and gaps" in Plaintiffs' responses "to be recounted" in its motion, Amazon instead points to its own deficiency letters. (Defs.' Mot 6, Dkt. No. 339). Besides being biased, those deficiency letters do not account for the Court's dismissal order. (Zenewicz Decl. ¶ 23, Dkt. No. 340). Nor do they recite Plaintiffs' full objections and answers. (*Id.*).

PLS.' OPP'N TO DEFS.' MOT.  
TO ENFORCE (Dkt. No. 339)          3  
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**  
729 Boylston Street, Suite 2000  
Boston, MA 02116

For instance, the five Plaintiffs with surviving wage claims each explained in their interrogatory answers that they needed additional discovery—including Amazon's full driver data—to identify each date on which they earned less than minimum wage. (*See, e.g.*, Zenewicz Decl., Exs. E–F, Interrogatory No. 15).[1] Similarly, many of Amazon's discovery requests were facially frivolous because they sought information that Amazon already possesses, such as "all communications that [Amazon] made to you." (*See, e.g.*, Zenewicz Decl., Exs. E–F, Interrogatory No. 4). As their full objections explained, Plaintiffs—as low-wage workers—should not have to be burdened with finding and producing Amazon's own communications over an eight-year period. (*Id.*).

Although such objections and responses are material to whether this Court should enter an order compelling more discovery, Amazon omitted them from its motion. As a result, the Court lacks enough information to compel discovery. Having failed to meet its burden, Amazon's motion should be denied.

### 3. *Amazon's claim that it needs more discovery to oppose conditional and class certification is meritless.*

Amazon argues that it needs more discovery to determine which Plaintiffs to depose to prepare its opposition to conditional and class certification. This futile attempt to establish proportionality warrants little consideration.

Plaintiffs have already refiled their motion for conditional certification under the Fair Labor Standards Act, 9 U.S.C. § 216(b). (Dkt. No. 341). As their motion explains, courts apply a lenient standard to conditional certification motions under Section 216(b) because such

---

[1] These examples mirror the objections and answers of the named Plaintiffs.

PLS.' OPP'N TO DEFS.' MOT.
TO ENFORCE (Dkt. No. 339)
Case No. C16-01554-JCC

4

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

motions are typically filed before any discovery. (*See* Dkt. No. 341 at 5-6) (citing, among other precedent, *Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1203 (N.D. Ca. 2013) (explaining that conditional certification occurs before discovery)). Thus, any argument that Amazon needs more discovery to oppose Plaintiffs' motion for conditional certification under the FLSA is meritless.

Amazon's claim that they need more discovery to oppose Plaintiffs' forthcoming motion for class certification under Rule 23 is equally unavailing. Plaintiffs first moved for class certification in December 2021. (*See* Dkt. No. 185). If Amazon needed more discovery to oppose Plaintiffs' forthcoming renewed motion for class certification, then it should have sought it out years ago.

Amazon also ignores that the Court's dismissal order has narrowed Plaintiffs' list of potential class representatives to one person for all but one state. In other words, Amazon does not need more discovery to decide whose deposition to take for purposes of opposing class certification.[2] Even if there were any genuine doubt, the logical approach would be to confer with Plaintiffs after their renewed motion is filed.

### B. Amazon's motion to enforce is unopposed as to four opt-in plaintiffs and is premature as to two opt-in plaintiffs.

Amazon also moves to enforce the Court's order compelling discovery from opt-in plaintiffs. There was no need for Amazon to file this motion. As their counsel has already explained, four opt-in plaintiffs—Jillian Pearce, Jonathan Kaminsky, Marco Wynn, and Max Kogan—might be dismissed for not providing discovery.

---

[2] In fact, as Plaintiffs were preparing to file this opposition, Amazon served them with multiple notices of deposition, further evincing that Amazon's motion serves no legitimate purpose.

PLS.' OPP'N TO DEFS.' MOT.  
TO ENFORCE (Dkt. No. 339)  
Case No. C16-01554-JCC

5

LICHTEN & LISS-RIORDAN, P.C.  
729 Boylston Street, Suite 2000  
Boston, MA 02116

Plaintiffs' counsel has been working diligently to contact these opt-in plaintiffs to obtain their discovery. However, counsel's ability to reach these low-wage workers has diminished over eight years, as to be expected with such a long delay. While Plaintiffs understand that these four opt-in plaintiffs may be dismissed if they do not respond, it is premature for Amazon to be forcing this issue before the Court rules on certification. It is also no reason to punish opt-in plaintiffs who have responded to Amazon's discovery requests.

For example, Nicholas Volk and Lisa Evanoff, have served full and complete answers to Amazon's discovery requests. Before filing its motion, Amazon never identified any alleged deficiencies in these opt-in plaintiffs' answers. Indeed, the deficiency letters on which Amazon bases its motion pertain only to the named Plaintiffs. (Zenewicz Decl. ¶ 23, Dkt. No. 340). Amazon has thus disqualified itself from seeking relief pursuant to Rule 37(a)(1). *See Brown*, 2024 WL 2925062, at *2.

### C. Plaintiffs do not oppose Amazon's proposed schedule, except that Amazon should be ordered to immediately produce its corporate designee for a deposition.

On May 14, 2024, this Court established Plaintiffs' deadlines for filing their renewed motions for conditional certification and class certification. (Dkt. No. 298). As mentioned above, Plaintiffs have already filed their conditional certification motion. (*See* Dkt. No. 341). The plaintiffs are now working towards their November 12, 2024, deadline to move for class certification. (*See* Dkt. No. 298).

Although the Court established these deadlines in May, Amazon now claims to be "in the dark around the timing of motion practice." (Dkt. No. 339 at 3). Rather than harass Plaintiffs and their counsel with needless motions, meandering deficiency letters, frivolous

PLS.' OPP'N TO DEFS.' MOT.
TO ENFORCE (Dkt. No. 339)
Case No. C16-01554-JCC

6

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

discovery demands, and vexatious petition actions, Amazon should try reading the Court's orders.

At any rate, Plaintiffs' counsel has already told Amazon's counsel that it was willing to modify the Court's current scheduling. But instead of offering proposed dates, Amazon proceeded to file its motion. In fact, Plaintiffs do not oppose the schedule set forth in Amazon's proposed order, Dkt. No. 339-1, with one exception—Amazon should be ordered to immediately produce its corporate designee.

**D.     The Court should not further delay Amazon's Rule 30(b)(6) deposition.[3]**

Amazon seeks to postpone its Rule 30(b)(6) deposition to December 13, 2024. (*See* Dkt. No. 339-01). But the Court should not further delay this deposition, which Amazon unilaterally canceled after agreeing to a date because of the Plaintiffs' alleged discovery deficiencies.

Plaintiffs have sought to depose Amazon's corporate designee(s) since January 2023, when they served their first notice of deposition under Rule 30(b)(6). (Liss-Riordan Decl. ¶ 3). Finally, on September 20, 2024, Amazon agreed to produce "Nick Jones, who is located in the Seattle area, to testify on Topics A-H in the deposition notice." (*Id.* at ¶ 6). The parties agreed to hold the deposition on October 4, 2024. (*Id.* at ¶ 6).

However, three days before the deposition, Amazon advised that Mr. Jones would not appear unless Plaintiffs cured alleged discovery deficiencies. (*Id.* at ¶ 10). Plaintiffs' counsel responded, "We've been pressing you for this Rule 30(b)(6) depo for more than a year and a

---

[3] Plaintiffs intend to file a cross-motion to compel Amazon's Rule 30(b)(6) deposition and for sanctions. However, Plaintiffs state their argument here because Amazon's current motion proposes to further delay its Rule 30(b)(6) deposition, which Plaintiffs oppose.

half. We finally have a date scheduled so let's stick with it to keep this case moving." (*Id.* at ¶ 11).

Plaintiffs' counsel prepared for and attended the deposition on October 4. (*Id.* at ¶ 14, Ex. 5). But Mr. Jones and Amazon's counsel failed to appear. (*Id.* ¶ 13, Ex. 5). The day before the deposition, Amazon filed its current motion as a preemptory move to obfuscate its own sanctionable conduct. The Court should not tolerate such gamesmanship.

Amazon's "criticisms—even if legitimate—add up to neither substantial justification for [its] own discovery violations nor circumstances making a sanctions award unjust here." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020), aff'd, 2024 WL 3631140 (9th Cir. Aug. 2, 2024). Rule 26 itself states that "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3); *see also Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) (party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery."). "Simply put, 'discovery is not conducted on a 'tit-for-tat' basis.'" *Id.* (quoting *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009)).

The rules do not authorize Amazon to withhold its corporate designee in retaliation for Plaintiffs' alleged discovery deficiencies. As courts in this Circuit have recognized, Rule 37(b) sanctions are "virtually automatic" when a litigant engages in such conduct. *See, e.g.*, *Infanzon*, 335 F.R.D. at 313 (citing other precedent). Thus, rather than further delay Amazon's Rule

PLS.' OPP'N TO DEFS.' MOT.
TO ENFORCE (Dkt. No. 339)
Case No. C16-01554-JCC

8

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

30(b)(6) deposition, the Court should order Amazon to produce Mr. Jones at Plaintiffs' counsel's earliest convenience.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Amazon's motion to compel further discovery from the named Plaintiffs and should deny Amazon's motion to enforce as to Nicholas Volk and Lisa Evanoff. The Court should also enter Amazon's proposed briefing schedule, except that Amazon should have to produce its corporate designee for a Rule 30(b)(6) deposition at Plaintiffs' counsel's earliest convenience.

Dated: October 18, 2024

*I certify that this opposition complies with the word limits set forth in the Local Civil Rules.*

By:  *s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
 (206) 682-6711
msubit@frankfreed.com

*Attorneys for Rittmann Plaintiffs*