THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, et al.,

  Plaintiffs,

v.

AMAZON.COM, INC., et al.,

  Defendants.

Consolidated Action
Case No. C16-1554 JCC

**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO ENFORCE THE COURT'S JULY 30, 2024 ORDER, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER AND TO SET BRIEFING SCHEDULE**

**NOTE ON MOTION CALENDAR:**
**October 24, 2024**

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page - 1 -
(Case No. C16-1554 JCC)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400 Fax +1.206.274.6401

# INTRODUCTION

Amazon seeks the essential discovery it is entitled to, and that this Court had already ordered Plaintiffs to produce, and to set briefing schedules that allow Amazon to obtain such discovery before opposing Plaintiffs' motions for certification. Notably, Plaintiffs already committed to produce much of these materials (although they've not done so), and ultimately, concede the key issues raised in Amazon's Motion.

First, Plaintiffs admit that four of the six Opt-Ins may never comply with the July 30 Order compelling them to respond to written discovery. Opp., 5-6. This admission alone warrants setting a date certain by which the four Opt-Ins must comply. Plaintiffs do not—and cannot—credibly deny that Amazon is entitled to this discovery and Plaintiffs make no argument as to why this Court should not—after months of non-compliance—enforce its prior Order. Moreover, this failure to comply with discovery could have significant impact on the litigation, as two non-compliant Opt-Ins, Pearce and Kogan, submitted affidavits in support of Plaintiffs' pending motion for conditional certification. Second, Plaintiffs concede that they "do not oppose" the schedule that Amazon proposes. Opp, 6-7. Adopting Amazon's proposed schedule would address Amazon's concerns about the time needed for further discovery and to resolve discovery disputes.

Further, Plaintiffs' characterization of Amazon's insistence that the parties *both* meaningfully participate in discovery as "sanctionable" is misguided. Discovery is not a one-way street. The Opt-In and Named Plaintiffs must comply with their Court-ordered discovery obligations. "In order to adequately respond to discovery in civil litigation *all parties* incur unwanted burdens and costs." *Costantino v. City of Atl. City*, 152 F.Supp.3d 311, 328 (D.N.J. 2015) (emphasis added). By having brought this action, discovery is "the ordinary burden[] that civil litigants must bear" and Plaintiffs "cannot avoid their duties to respond to . . . by failing to dedicate sufficient resources." *Doe v. Trump*, 329 F.R.D. 262, 271–72 (W.D. Wash. 2018). This applies equally to the Opt-In as well as the Named Plaintiffs, irrespective of their economic status.

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 2
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 2010 WL 2104639, at *11 n.14 (W.D. Pa. May 24, 2010) (Opt-In plaintiffs are subject to discovery because each is a "party plaintiff" to the action" which also "subjects opt-in plaintiffs to the consequences of their failure to cooperate with discovery.") (citing 29 U.S.C. § 216(b)) (quotations omitted). And while Plaintiffs now argue that they shouldn't have to comply because they are "low wage workers," Opp. at 4, no authority exists for that proposition and Plaintiffs neglect to explain how economic status interferes with the production of discovery.

The day after Amazon filed this Motion to enforce the Court's July 30, 2024 Order, Plaintiffs responded by filing their Motion for Conditional Certification of their FLSA claims. ECF No. 341. Amazon intends to oppose that Motion by its deadline of October 25, 2024 and asserts that the Court has ample basis already to deny that Motion based on the present state of the record. That said, in addition to providing even further support for denial of that Motion, the discovery sought by way of this Motion to Enforce also is relevant to Amazon's opposition to Plaintiffs' forthcoming Motion for Class Certification and to the merits of their claims generally. Accordingly, Amazon requests that the Court order Plaintiffs to produce the discovery they owe and to allow Amazon to take depositions of selected named Plaintiffs and Opt-In Plaintiffs. It is highly likely that further development would remove any question that Plaintiffs cannot establish they are representative of the hundreds of thousands of Delivery Partners to whom they seek to send notice.

## ARGUMENT

### A. Plaintiffs Concede that Four Opt-Ins are in Contempt of the Court's Order Compelling Discovery.

In response to Amazon's request for this Court to enforce its July 30 Order, Plaintiffs state they are "unopposed" (Opp., 5). But Plaintiffs also contend that "[t]here was no need for [the] motion" because the "four opt-in plaintiffs" who have yet to respond to this discovery "*might be*

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 3
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

dismissed for not providing discovery." *Id.* (emphasis added). Plaintiffs do not address *whether* to expect any responses from these four Opt-Ins or suggest *when* they think such dismissal might be appropriate even though it has been almost three months since the Court's July 30 Order. Plaintiffs' position is all the more remarkable, because two of the Opt-Ins who have not complied, Jillian Pearce and Max Kogan, are also declarants in support of Plaintiffs' motion for conditional certification. ECF No. 341, Exs. 4 & 6. Although Plaintiffs acknowledge these individuals will be dismissed from this action, their testimony still provides the basis for Plaintiffs' pending request for conditional certification. The fact is that they not only have opted into this case and, therefore, they need to comply with discovery, but they also remain probative witnesses on whose testimony Plaintiffs rely.

Three months have passed since the Court's order compelling discovery, so Plaintiffs' claim that Amazon's Motion is "premature" is unpersuasive. Mot., 11-13; *see also Roy v. FedEx Ground Package Sys., Inc.*, 2022 WL 686335 (D. Mass. Mar. 8, 2022) (granting a motion to enforce court-ordered discovery and ordering responses by opt-in plaintiffs within 60 days or to face dismissal, despite Plaintiffs' counsel's [Ms. Liss-Riordan, also counsel here] representation that she "ha[d] sought to follow up with the opt-in[s] and, in many cases, ha[d] been able to produce additional documents[.]"); *Vargas v. Gen. Nutrition Ctrs., Inc.*, 2014 WL 12911182, at *2 (W.D. Pa. Aug. 27, 2014) (compelling opt-ins to comply with outstanding requests and provide a written explanation for their prior failures); *Dinkel v. Medstar Health Inc.*, 304 F.R.D. 339, 342 (D.D.C. 2014) (ordering opt-ins failing to respond to discovery requests to within 30 days or face dismissal). Nor is there any merit to Plaintiffs' argument (Opp., 6) that the responses from two of the Opt-Ins should suffice and excuse the other four non-compliant Opt-Ins. *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2010 WL 2872406, at *4 (D. Nev. July 19, 2010) (rejecting argument that because other opt-ins provided responses, defendant had "no need for the cumulative evidence their discovery requests seek, and it is sought only to burden Plaintiffs[.]"). The Court

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 4
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

ordered discovery from all six Opt-Ins. ECF No. 326.

Upon receiving Amazon's Motion, Plaintiffs immediately moved for FLSA conditional certification, ECF No. 341, and forced on Amazon exactly what it had sought to avoid by this Motion—responding to that Motion without the benefit of written discovery from each of the six Opt-In Plaintiffs. Remarkably, in support of that Motion, Plaintiffs submitted declarations from two of the Opt-In Plaintiffs who have failed to comply with this Court's July 30, 2024 Order compelling them to produce discovery. While Amazon submits that the Court can and should deny that Motion for Conditional Certification based on the present state of the record, Amazon nevertheless still requires the ordered discovery to litigate the individual claims of the Opt-Ins and oppose the forthcoming Rule 23 class certification motion.

Ultimately, Plaintiffs make no real argument to avoid the Opt-In discovery—because there is none. At minimum this Court should require the four Opt-Ins to serve written discovery responses and produce all responsive documents by a date certain or, if not, face dismissal (as Plaintiffs concede is appropriate for a failure to respond).

**B.     Plaintiffs' Argument Opposing an Order Compelling Discovery from Named Plaintiffs Can Be Disregarded Because the Pending Motion Does Not Seek to Compel Discovery Beyond that Already Ordered.**

Plaintiffs devote almost half of their Opposition to arguing that Amazon should not be entitled to compel discovery from the Named Plaintiffs. Opp., 2-5. Amazon disagrees, but the question is irrelevant to the resolution of Amazon's present Motion, which does *not* seek to compel such discovery. Mot. 10-11, 14. While Amazon noted its concern over Plaintiffs' refusals to meet and confer on discovery overall, Mot., 6-9, Amazon acknowledged that a motion to compel the *Named Plaintiffs'* discovery was not yet ripe, in part because Amazon could not get Plaintiffs to meet and confer. *Id.* Plaintiffs are confusing Amazon's ask for an adequate schedule to allow the parties to address these disputes through regular conferral and motions practice before briefing

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 5
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    class certification with a motion to compel. Mot., 14.[1]

2    Finally, Plaintiffs argue that Amazon's discovery is overbroad, they say, because the Court has dismissed certain of Plaintiffs' claims. Opp., 3. That argument, however, ignores that the deficiency letters, which Amazon sent after the Court's ruling on the Motion to Dismiss, expressly limit the scope of the deficiencies identified based on Plaintiff's remaining claims. ECF No. 340, Exs. C-D. Had Plaintiffs satisfied their obligation to meet and confer, they would have realized, for example, that Amazon was no longer seeking discovery from dismissed Plaintiffs Rittmann and Mack (even though Rittmann submitted an affidavit in support of the pending motion for conditional certification). *Id*. And as to Plaintiffs' assertion that Amazon "continues" to insist that every Plaintiff must identify when they were paid less than minimum wage (Opp., 3:10-14), Amazon was clear that it was only seeking supplemental responses regarding the minimum wage claims from Carroll, Wehmeyer, Yarleque and Wilkins. ECF No. 340, 23 (Ex. C).

### C.   Plaintiffs Do Not Oppose Amazon's Proposed Schedule.

The second major component of Amazon's Motion was simply to set a reasonable timeframe to conduct this discovery before briefing certification so the Court could fairly adjudicate Plaintiffs' motions based adequate factual development from both sides. In response, Plaintiffs argue only that if Amazon needs that discovery, "then it should have sought it out years ago." Opp., 5:9-11. Amazon did. Amazon first served discovery on the Named Plaintiffs almost two years ago, in January 2023.  Mot., 6.

Plaintiffs propose that it would be more "logical" for the parties to confer and address missing discovery only "after their renewed motion [for class certification] is filed." Opp., 5:16-17. Such a proposal makes no sense. It would inevitably invite rounds of additional briefing as

---

[1] As Plaintiffs still have not met and conferred, Amazon now has filed a Motion to Compel (ECF No. 348). While Plaintiffs' arguments trying to defend their discovery deficiencies are weak, they are not relevant here, and Plaintiffs can make their arguments in response to Amazon's actual motion to compel that discovery.

DEFENDANTS' REPLY ISO MOTION TO
ENFORCE THE COURT'S JULY 30, 2024, FOR AN
ORDER COMPELLING DISCOVERY, FOR A
PROTECTIVE ORDER, AND TO SET BRIEFING
SCHEDULE – Page 6
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Plaintiffs would be responding to discovery obtained in between their motion for class certification and Amazon's opposition for the first time in a reply brief, which then would lead to the need for sur-reply briefing. A set briefing schedule also makes sense given Plaintiffs' history of filing significant motions with no advance warning and much earlier than what was contemplated by the Court's briefing schedule.[2]

Their arguments aside, ultimately "Plaintiffs do not oppose Amazon's proposed schedule," subject only to Plaintiffs' concerns about the timing of the 30(b)(6) deposition. Opp, 7:5-7. This caveat ignores that Amazon is not objecting to its 30(b)(6) designee sitting for a deposition and has offered to reschedule that deposition once the issues raised by this Motion are resolved. Plaintiffs falsely accuse Amazon of being a "no show" at its 30(b)(6) deposition. *Id.*, 8. But Amazon notified Plaintiffs' counsel days in advance that it would not present a witness absent a revised schedule that allowed pre-certification discovery from Plaintiffs. ECF No. 340, 84 (informing Plaintiffs' counsel on October 1 that Amazon would need to postpone the October 4 deposition). Indeed, Amazon made clear to the designated court reporter, in advance, that no witness would appear. Suppl. Zenewicz Decl., Ex. A.

As Plaintiffs agree to the schedule Amazon proposed and Amazon has already offered to reschedule the 30(b)(6) deposition, the Court should enter the proposed schedule with the exception of the proposed dates for the Motion for Conditional Certification on the grounds that Plaintiffs already filed that Motion and Amazon will timely file its Opposition the day after this Reply. *See supra* at 1-2.

## CONCLUSION

The Court should grant Amazon's Motion enforcing the Court's prior opt-in discovery

---

[2] *E.g.*, Plaintiffs' Motion for Summary Judgment as to Ian Mack (ECF No. 165), filed while the action was stayed (*see* ECF. Nos. 133 & 193), and Plaintiffs' prior Motion for Class Certification (ECF No. 185), also filed during the stay (ECF No. 195).

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 7
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

order and setting the proposed schedule as set forth in the accompanying revised proposed order (to account for Plaintiffs' now pending motion for FLSA certification).

Dated: October 24, 2024

*I certify that this motion contains 2,053 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Andrew DeCarlow*
     Andrew DeCarlow, WSBA No. 54471
     1301 Second Avenue, Suite 3000
     Seattle, WA 98101
     Telephone: (206) 274-0154
     Facsimile: (206) 274-6401
     andrew.decarlow@morganlewis.com

     Richard G. Rosenblatt (*pro hac vice*)
     James P. Walsh, Jr. (*pro hac vice*)
     502 Carnegie Center
     Princeton, NJ 08540-6241
     Telephone: (609) 916-6600
     Facsimile: (609) 916-6601
     richard.rosenblatt@morganlewis.com
     james.walsh@morganlewis.com

     Brian D. Berry (*pro hac vice*)
     Sarah Zenewicz (*pro hac vice*)
     One Market Spear Street Tower
     San Francisco, CA 94105
     Telephone: (415) 442-1000
     Fax: (415) 442-1001
     brian.berry@morganlewis.com
     sarah.zenewicz@morganlewis.com

     *Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., Amazon.com Services Inc.*

DEFENDANTS' REPLY ISO MOTION TO ENFORCE THE COURT'S JULY 30, 2024, FOR AN ORDER COMPELLING DISCOVERY, FOR A PROTECTIVE ORDER, AND TO SET BRIEFING SCHEDULE – Page 8
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401