Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BERNADEAN RITTMAN, et al.,

                Plaintiffs,

   v.

AMAZON.COM INC. and AMAZON LOGISTICS, INC.,

                Defendants.

No. No. 2:16-cv-1554-JCC

MOTION TO INTERVENE FOR LIMITED PURPOSE OF FILING MOTION TO EXCLUDE INTERVENORS FROM FLSA OPT-IN NOTICE

NOTING DATE: NOV. 15, 2024

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B), Raymond Cho (individually "Intervenor") and 2,584 other similarly situated Amazon Flex drivers (collectively, "Intervenors") requests intervention for the limited purpose of filing the motion attached hereto as Exhibit A, (*i.e*, Intervenors' Motion to Exclude Intervenors From FLSA Opt-in Notice) ("Proposed Motion")). Intervenors have each separately filed individual Amazon Flex arbitration actions asserting wage-related claims under California state and municipal laws. The vast majority of Intervenors have also brought arbitration claims under the Fair Labor Standards Act (FLSA). As set out in the Proposed Motion, Intervenors take no position on the merits of Plaintiffs' Renewed Motion for Notice to Be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b) ("Renewed Opt-in Motion"), ECF No. 341.

MOTION TO INTERVENE FOR LIMITED PURPOSE (No. 2:16-cv-1554-JCC) - 1

However, if the Renewed Opt-in Motion is granted, Intervenors respectfully request that the Court consider one or all of the following options: (1) revise the proposed FLSA definition in the Renewed Opt-in Motion to exclude Intervenors (*e.g.*, "Anyone who has worked as an Amazon Flex driver in the United States [after October 27, 2013] for minimum wage violations (receiving less than $7.25 per hour, taking into account mileage expenses that driver have had to bear for their vehicles) and unpaid overtime for hours worked beyond 40 per week ***and excluding any Amazon Flex driver who has filed wage-related claims in arbitration against Amazon Logistics, Inc. and/or Amazon.***"); (2) provide the opt-in notice directly to Intervenors' counsel, in lieu of providing the notice directly to Intervenors; or (3) modify the proposed opt-in notice (ECF No. 341-2) as provided in Exhibit 1 and attached to the Proposed Motion.[1]

## I.     BACKGROUND

Intervenors all worked as Amazon Flex drivers in the State of California during the period from approximately 2017 to the present. *See* Declaration of Joel Young in Support of Motion to Intervene for Limited Purpose of Filing Motion to Exclude Intervenors from FLSA Opt-in Notice ("Young Decl.") at ¶ 4. All intervenors are represented by the same counsel, The Tidrick Law Firm LLP. *Id.* at ¶ 3. Intervenors have all filed demands for arbitration. *Id.* at ¶ 5. Each arbitration demand states, *inter alia*:

> Plaintiff ***opts out*** of any and all past, present, and future arbitrations, class actions, representative actions, and collective actions against Defendant and/or its affiliates that contain any claims referenced in this Demand and/or settlements that purport to release any claims referenced in this Demand. Furthermore, ***Plaintiff requests that Defendant notify the court(s), the settlement administrator(s), and plaintiff's counsel of Plaintiff's desire to opt-out and not to participate in any and all such actions and settlements***.[2]

---

[1] The arguments in favor of these options in the Proposed Motion are incorporated herein by reference.

[2] Despite the request that Defendants' counsel notify the Court of these pending claims in arbitration, it appears that Defendants omitted these matters in all of its Notice of Related Case filings. *See* Notice of Related Case, ECF Nos. 114 and 272.

MOTION TO INTERVENE FOR LIMITED PURPOSE (No. 2:16-cv-1554-JCC) - 2

*Id.* at ¶ 5. Intervenors' individual arbitrations are at varying procedural stages of arbitration, with some scheduled for summary judgment motions and/or arbitration hearings within the next month. *Id.* at ¶ 5. All of Intervenors' wage arbitration demands: (1) turn on the issue of whether Amazon Flex drivers were misclassified as independent contractors rather than employees; (2) share a common nucleus of operative facts; and (3) depending on the claim, share the "test" to determine employment status. *Id.* at ¶ 6. Furthermore, Intervenors each have demanded damages for California state and municipal wage-related violations, and the vast majority have also asserted FLSA claims. *Id.* at ¶ 6. Amazon may claim that determinations made in the FLSA action result in issue and/or claim preclusion in Intervenors' arbitrations. *Id.* at ¶ 6.

Plaintiffs in this action filed the Renewed Opt-in Motion on October 4, 2024, ECF No. 341, which is noted for consideration on November 1, 2024. Plaintiffs herein seek "opt-in" notice to be sent by the Court to:

> Anyone who has worked as an Amazon Flex driver in the United States [after October 27, 2013] for minimum wage violations (receiving less than $7.25 per hour, taking into account mileage expenses that driver have had to bear for their vehicles) and unpaid overtime for hours worked beyond 40 per week.

ECF No. 341-2. Intervenors fall within scope of this proposed notice.

## II.    ARGUMENT

**A.    Intervenors Satisfy the Standard for Intervention as of Right Under Rule 24(a)(2).**

Intervention is warranted as a matter of right where the nonparty shows that it: "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). When evaluating these factors, "courts are guided primarily by practical and

equitable considerations" and "construe Rule 24(a) broadly in favor of proposed intervenors." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (quotations and citations omitted).

Here, Intervenors easily meet the burden. *First*, the motion is timely, as Intervenors filed within a matter of days of the Renewed Opt-in Motion, filed on October 4, 2024. ECF No. 341. *Second*, Intervenors have a significantly protectable interest related to this action because Plaintiffs by their Renewed Opt-in Motion seek to send an FLSA claim notice to anyone who worked as an Amazon Flex driver after October 27, 2013, ECF No. 341-2. As proposed, this would include Intervenors, who are already represented by counsel in individual arbitrations for California state and municipal wage-related claims and the vast majority of whom are also represented for FLSA claims. Young Decl. at ¶¶ 3, 6.

*Third* and *Fourth*, Intervenors' interests may be impaired by and are not adequately represented by any party to this action. As to Amazon, Intervenor's lack of alignment is obvious, because Intervenors are adverse to Amazon in their individual Amazon Flex arbitrations. As to Plaintiffs in this action, Intervenors' interests diverge because of the following: (1) the vast majority of Intervenors opted not to pursue a class action as a vehicle for non-FLSA and California state and municipal wage-related claims; and (2) given that both Intervenors' California law claims and the FLSA claims here rest on the same issue – whether the Amazon Flex workers were employees, not independent contractors—there is a significant possibility that determinations made in this action will have claim or issue preclusion consequences for Intervenors' arbitration claims.

Under the liberal Rule 24(a)(2) standard, with an eye towards the pragmatic—the overlap between claims and defenses—the requested intervention is warranted.

MOTION TO INTERVENE FOR LIMITED PURPOSE (No. 2:16-cv-1554-JCC) - 4

**B.      Intervenors Satisfy the Standard for Permissive Intervention under Rule 24(b)(1)(B).**

Alternatively, even where intervention is not required, under Rule 24(b)(1)(B) a request for permissive intervention may be granted whenever the movant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry*, 587 F.3d at 955 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)).

As applied here, Intervenors were Amazon Flex drivers after October 27, 2013 and thus fall within the opt-in class for whom Plaintiffs request FLSA notice, *see* ECF No. 341-2. This satisfies the jurisdictional threshold. This motion was filed within days of the Renewed Opt-in Motion, which was filed on October 4, 2024. Intervenors' claims share common questions of fact and law with Plaintiffs and their FLSA claims, because both Intervenors and Plaintiffs drove as Amazon Flex drivers within the relevant time period and their claims depend on proving they were misclassified by Amazon as independent contractors.

Intervenors meet Rule 24(b)(1)(B)'s permissive intervention standard, so their request should be granted.

### III.     CONCLUSION

Intervenors respectfully requests that the Court: (1) grant their Motion to Intervene under the mandatory standard of Rule 24(a)(2) and/or the discretionary standard of Rule 24(b)(1)(B); and (2) allow Intervenor leave to file the attached Proposed Motion.

1 |      DATED this 28th day of October, 2024.

                                KELLER ROHRBACK L.L.P.

By: *s/ Nathan L. Nanfelt*
    Nathan L. Nanfelt, WSBA #45273
    Natida Sribhibhadh, WSBA #49695
    1201 Third Avenue, Suite 3400
    Seattle, WA 98101-3268
    Telephone: (206) 623-1900
    Facsimile: (206) 623-3384
    Email: nnanfelt@kellerrohrback.com
    Email: natidas@kellerrohrback.com

THE TIDRICK LAW FIRM LLP

By: *s/ Joel B. Young*
    Joel B. Young, *Pro Hac Vice Forthcoming*
    Steven Tidrick, *Pro Hac Vice Forthcoming*
    1990 North California Blvd, 8th Floor
    Walnut Creek, CA 94596
    Telephone: (510) 788-5100
    Email: jby@tidricklaw.com
    Email: steve@tidricklaw.com