THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | CASE NO. C16-1554-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' telephonic motion for leave to take more than 10 depositions. Having thoroughly considered the parties' submissions and the relevant record, the Court DENIES the motion without prejudice for the reasons explained herein.

The facts of this case are detailed elsewhere, and the Court will not repeat them here. (*See* Dkt. No. 338 at 1–2.) The parties recently participated in a telephonic conference to resolve a dispute over the number of depositions Defendants are permitted to take. *See* LCR 7(i). Defendants are presently limited to 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). As of the date the telephonic conference was held (November 6, 2024), Defendants had taken zero depositions. Nevertheless, Defendants seek leave of the Court to take 30 depositions. Defendants have not requested to depose particular parties but maintain this is a sprawling case involving 17 named Plaintiffs and thousands of potential opt-in Plaintiffs. Defendants argue this justifies more

than the 10 depositions permitted without leave of the Court.

Plaintiffs oppose Defendants' request, at least at this time, because fewer than 17 Plaintiffs are likely to be class representatives. Plaintiffs represent that they will send Defendants a proposed deposition schedule for all class representatives ahead of the deadline for a Rule 23 class certification motion. (*See* Dkt. No. 359 at 2) (establishing December 27, 2024, as the deadline for Plaintiffs' motion for class certification). As for the opt-in Plaintiffs, they observe that it is only appropriate to depose those Plaintiffs after and if this Court conditionally certifies the Fair Labor Standards Act class on the motion currently before it. (*See* Dkt. No. 341.)

The Federal Rules of Civil Procedure establish guidelines that govern discovery, including depositions. *See* Fed. R. Civ. P. 26, 30. Rule 30 provides that if the parties have not stipulated to a deposition, and it would result in more than 10 depositions being taken by one party, then it may not be taken without leave of the Court. Fed. R. Civ. P. 30(a)(2). The Court will grant such leave if doing so is consistent with Rule 26(b)(1) and (2). *Id.* In particular, the court must limit discovery when it is duplicative or inefficient, the party can obtain the information otherwise, or the information sought is outside the scope of what Rule 26(b)(1) allows. Fed. R. Civ. P. 26(b)(2)(C).

Several district courts, including this one, have concluded that a request for leave to take more than 10 depositions is premature before a party has exhausted the 10 permitted under Rule 30(a)(2). *See, e.g.*, *Agne v. Rain City Pizza LLC*, 2012 WL 12882906, slip op. at 1 (W.D. Wash. 2012). Under the express terms of Rule 30(a)(2), a party should seek leave of the Court to take an additional deposition "if the parties have not stipulated to the deposition" and it would result in more than 10 being taken. Fed. R. Civ. P. 30(a)(2)(A)(i). In addition, courts generally require the party requesting additional depositions to make a particularized showing as to the information sought and the deponent at issue. *See Thykkuttathil v. Keese*, 294 F.R.D. 597, 600–01 (W.D. Wash. 2013) (collecting cases).

Defendants have not yet exhausted the depositions allowed without leave of the Court.

ORDER
C16-1554-JCC
PAGE - 2

Nor have they explained who they would additionally depose, why that would result in 30 depositions total, or any other particulars that would allow the Court to assess this request under Rule 26(b)(2)(C). Once Defendants take the depositions permitted without leave,[1] the parties should confer and attempt to agree on whether additional depositions are needed. If they cannot so agree, Defendants may seek leave of the Court but must make the required showing. For now, though, the request is premature and incomplete.

For the foregoing reasons, Defendants' motion for leave to take more than 10 depositions is DENIED without prejudice.

DATED this 8th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] If a properly noticed Plaintiff declines to be deposed or is otherwise unresponsive to discovery, the Court reminds Plaintiffs that they are subject to dismissal. (*See* Dkt. No. 359 at 1.)