HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. 2:16-cv-01554-JCC<br><br>**DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE (Dkt. Nos. 356 & 361)**<br><br>NOTES ON MOTION CALENDAR:<br>November 15, 2024 (Dkt. 356) and<br>November 22, 2024 (Dkt. 361) |

### I.   INTRODUCTION

Nearly 30,000 Delivery Partners ("DPs") who are arbitrating claims against Amazon have asked to intervene in this case for the limited purpose of being excluded from any conditional certification and notice to putative collective action members. *See* Dkts. 356, 361. Amazon does not oppose these intervention motions for the limited purpose sought (exclusion from notice if allowed). But that should be the limit of their intervention. Intervenors should not become parties to this action for any other purpose.

Moreover, these intervention motions exemplify why the Court should deny Plaintiffs' motion for conditional certification. The intervention motions show that tens of thousands of DPs have invoked their arbitration agreements and are pursuing their grievances in the agreed-upon

DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE (Dkt. Nos. 356 & 361) - 1
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

arbitral forum, just as Plaintiffs here should be compelled to do under the same agreements. These motions also corroborate Amazon's showing that DPs are not similarly situated for purposes of the merits of their claims, their agreements to arbitrate, and equitable tolling. Nor is there any means (absent individualized inquiries) to reliably exclude all DPs represented by other counsel, as the Intervenors who have come forward are just the tip of the iceberg of otherwise represented DPs. For instance, Plaintiffs ignore that even some Plaintiffs who have already opted into this case have also filed arbitration claims—including one who did so under a different name. The intervention motions only support Amazon's arguments that the Court should not certify the sprawling, nationwide collective sought here, including because it will be both inefficient and contrary to the purposes of Section 216(b) of the Fair Labor Standards Act ("FLSA") and why equitable tolling is not necessary. These intervention motions also show why the Court should resolve the upcoming motion to compel arbitration (which will be filed in line with this Court's scheduling order by December 27, 2024) before deciding the motion for collective certification. The vast majority of DPs who signed arbitration agreements similar to those arbitrating now should not receive notice.

## II.    ARGUMENT

### A.    The Motions To Intervene Highlight How Putative Collective Members Are Not Similarly Situated And Underscore The Procedural Inefficiencies That Would Plague This Case.

As Amazon informed the Court, Dkt. 352 (Amazon Opposition to Conditional Certification) at 34-35, many putative collective members have already pursued or are pursuing arbitration against Amazon, represented by other counsel. These DPs plainly are not similarly situated to other putative collective members who have not yet chosen to pursue any claims in arbitration (for these reasons and many others discussed in Amazon's Opposition). The motions to intervene substantiate Amazon's concerns about the morass of individualized issues raised by Plaintiffs' motion for conditional certification.

DEFENDANTS' RESPONSE TO MOTIONS TO
INTERVENE (Dkt. Nos. 356 & 361) - 2
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

The two intervention motions together purport to include over 29,000 claimants who are already represented by other law firms, including The Tidrick Law Firm LLP, Cohen Milstein Sellers & Toll PLLC, and Gibbs Law Group LLP, and are pursuing arbitration claims against Amazon regarding alleged DP misclassification. According to a June 12, 2024 CNN article which interviewed Steven Tindall and Joseph Sellers, they have been "collecting claims for years."[1] Both sets of Intervenors make the obvious point that contacting people already represented by counsel and pursuing claims would "sow unnecessary confusion and potentially complicate the Intervenors' demands in arbitration." Dkt. 361 at 3-4; *see* Dkt. 356-1 at 10-11 (describing how represented DPs receiving notice "would cause a great deal of confusion among Intervenors," including potentially contradictory legal advice, misinterpretation of rights, a false "sense of urgency or pressure," and "distrust and potential disruption of their ongoing legal relationship[s]"). But these Intervenors are just the beginning. Thousands of others are pursuing arbitration represented by different counsel, and even more have indicated their intent to pursue arbitrations not yet filed, so excluding only the Intervenors would not solve the problem Intervenors describe (and with which Plaintiffs agree). *See* Amazon Opposition to Conditional Certification at 17 (citing Lynch Decl. ¶¶ 3-7).

Rather than solve the problem of individualized issues, the motions show the different circumstances and preferences of DPs when it comes to pursuing any potential claims. For example, the Tidrick Law Firm informs that its clients specifically indicated their desire to "opt out" and not "participate in any" other actions or settlements besides their arbitrations. Dkt. 356 at 2. Individualized inquiries are needed to determine whether other DPs hold similar views or have expressly stated their intent to participate in arbitration instead of litigation. Some DPs have both filed for arbitration and **opted into this case**. *See* Amazon Opposition to Conditional Certification

---

[1] Ramishah Maruf, *More than 15,000 Amazon contract drivers file legal claims asking for compensation for overtime and unpaid wages*, CNN.com (June 12, 2024), https://www.cnn.com/2024/06/11/business/amazon-contract-workers-file-legal-claims/index.html.

DEFENDANTS' RESPONSE TO MOTIONS TO
INTERVENE (Dkt. Nos. 356 & 361) - 3
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

at 34-35. Intervenors' materials highlight still other DPs who are attempting to arbitrate against Amazon *and* pursue this case. For example, named Plaintiff Shenia Brown appears on Intervenors' list of those arbitrating. *See* Dkt. 362-1 at 68. So does Juan Alvarez, who may or may not be the same person as named Plaintiff Juan Manuel Alvarez. *Id.* at 63. Only individualized digging will reveal who is attempting to double-dip (and is thus not similarly situated with other DPs) and who should be excluded from notice.

Indeed, even as one of the Motions to Intervene represents 26,532 Intervenors who are arbitrating against Amazon, their counsel explain that they also represent 6,224 DPs who have given notice of their intent to file arbitration demands by November 22, 2024. *See* Dkt. 361 at 3 n.1. And counsel further notes that they represent nearly 5,000 ***additional*** DPs who have not yet submitted a notice of intent to file arbitration demands. *See id.* So, the number of arbitrations against Amazon is soon to exceed 40,000—and there may be other DPs represented by other counsel about which Amazon has no knowledge.

Excluding all represented DPs from notice is not the solution to the problems created by Plaintiffs' flawed motion for conditional certification. To even determine who to exclude would require a complicated and individualized process that is the antithesis of the judicial efficiency at the core of Section 216(b). *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Bazzell v. Body Contour Ctrs., LLC*, 2016 WL 3655274, at *4 (W.D. Wash. 2016) ("The FLSA's collective action procedure seeks efficient adjudication of similar claims[.]"). Plaintiffs cannot dispute that the two motions to intervene do not identify all DPs who are represented by other counsel and pursuing arbitration of misclassification-based claims. Nor do Plaintiffs propose any method for identifying and excluding all such DPs. Instead, the motions to intervene corroborate why the Court should deny the motion to certify. And they also show that, even if some notice is granted here, a claims administrator is needed given this complexity and to avoid providing all DPs' names and contact information—including many thousands who are represented by other counsel—to Plaintiffs' counsel.

DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE (Dkt. Nos. 356 & 361) - 4
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*First*, Plaintiffs and Amazon do not know whether any given DP is represented by other counsel—especially the DPs who have not yet filed arbitration demands. As Amazon explained, several Opt-Ins and other DPs have been included on "threatened" arbitration lists by other law firms. Amazon Opposition to Conditional Certification at 34. Based on Plaintiffs' concession that such DPs "already represented by counsel" should be excluded, Dkt. 363 (Plaintiffs Reply in support of Conditional Certification) at 12, these Opt-Ins and other DPs should be dismissed immediately and barred from receiving notice. And still other putative collective members may have retained counsel and not yet filed any letter or demand, and thus are impossible for Amazon or Plaintiffs to identify. DPs continue to make demands to arbitrate on a rolling basis, and Amazon has no way of knowing who will do so going forward. The need for individualized evidence to determine which DPs are represented by other counsel—a fact concededly making *at least* 32,000 DPs not similarly situated to other unrepresented DPs, Amazon Opposition to Conditional Certification at 17—is reason enough to deny certification.

*Second*, for the DPs who have filed arbitration demands, there is no reliable way to exclude them from notice. To start, many of Plaintiffs' proposed methods of notice (such as posting at locations or on the Amazon Flex app) could not screen out these DPs. Moreover, it is no simple matter to determine who is arbitrating claims against Amazon. Other DPs are arbitrating in addition to Intervenors, and it is not even feasible to carve out Intervenors' clients from notice because some are using different names and contact information than they used as DPs.

For example, counsel for Amazon recently discovered that Kevin Estrada, who opted into this case on November 25, 2019 represented by Plaintiffs' counsel, Dkt. 152-1 at 1, has also filed an Arbitration Demand against Amazon on the same misclassification claim—but he did so with different counsel and *under a different name*: Kevin Ruiz. *See* Walsh Decl. ¶¶ 2-3, Ex. 1. In his arbitration, Kevin Ruiz produced documents including the "Kevin Estrada" name, and provided

DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE (Dkt. Nos. 356 & 361) - 5
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

the same phone number used with Amazon Flex. *See id.* ¶ 5, Ex. 2.[2] If he had not used the same phone number or produced these documents, it is unlikely Amazon would have ever known these two Kevins with different last names were the same person. And there is no reason to think that Kevin Ruiz is the only DP who used different names and/or different contact information when engaging with the Flex program.

This is why the Court should not order that the names and contact information for all DPs nationwide from the launch of the program in 2015 to present be provided directly to Plaintiffs' counsel. Doing so would be unwieldly and would provide already-represented DPs' information to Plaintiffs' counsel. Rather, if notice is granted, the Court should require a professional claims administrator to help sort through this morass (as Plaintiffs concede, Plaintiffs Reply in support of Conditional Certification at 17), and should ***not*** turn over all DPs' information to Plaintiffs' counsel given no legitimate reason if a neutral third-party is administering notice. *See, e.g.*, *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009) (denying plaintiff's request for contact information and appointing a claims administrator to send notice, and noting "potential class members may contact counsel if they wish").

Attempting the carveout suggested by Plaintiffs and Intervenors would be chaotic and inefficient. Inviting claim-splitting and soliciting other lawyers' clients—which Intervenors rightly decry as inappropriate, Dkt. 356-1 at 10-11—would be inevitable from the nationwide notice that Plaintiffs seek. So, while all agree (Plaintiffs, Intervenors, and Amazon) that represented DPs and those currently arbitrating, or threatening arbitration, against Amazon ***should not receive notice***, the individualized issues involved in carving them out show that the proper course is to deny conditional certification and decline notice altogether.

***Third***, Plaintiffs' proposed cure-all of excluding otherwise-represented DPs from notice does not address other issues defeating judicial efficiency. To start, Intervenors recognize that they

---

[2] Kevin also filed ***another*** opt-in form in this case on June 22, 2022, which he signed as "Kevin Estrada ruiz," though once again printing his name as simply "kevin estrada." Dkt. 202-1 at 2.

DEFENDANTS' RESPONSE TO MOTIONS TO
INTERVENE (Dkt. Nos. 356 & 361) - 6
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

are enforcing their "contractual right to individually arbitrate their disputes," Dkt. 356-1 at 7, and that they "enter[ed] into a contract requiring the parties to resolve any disputes with Amazon in arbitration." Dkt. 361 at 2. Yet, Intervenors—and even all DPs currently arbitrating against Amazon—are not the only putative class members who accepted such a contract requiring arbitration. As Amazon explained (Amazon Opposition to Conditional Certification at 32-34), it would be grossly inefficient to certify a collective and send notice to over a million DPs, the vast majority of whom are subject to the agreement to arbitrate, especially when Amazon's forthcoming motion to compel arbitration which addresses different versions of the TOS with different choice of law provisions will be filed on December 27, 2024. *See Melikyan v. Amazon.com, Inc.*, 2023 WL 4505065, at *3 (C.D. Cal. 2023) (enforcing Amazon Flex arbitration agreement under Delaware law); *Harper v. Amazon.com Servs. Inc.*, 2022 WL 17751465, at *10 (D.N.J. 2022) (enforcing agreement under New Jersey and Washington law). As a practical matter, the Court should "not authorize notice to individuals" who have entered mutual arbitration agreements before "the defendant [has] an opportunity to" show that the agreements are enforceable. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020).

And notice should not be sent to individuals who agreed to arbitrate because "alerting those who cannot ultimately participate in the collective"—because they agreed to arbitrate or otherwise—"merely stirs up litigation" in a way proscribed by the Supreme Court. *See In re JP Morgan Chase & Co.*, 916 F.3d 494, 502 (5th Cir. 2019) (quoting *Hoffmann-La Roche*, 493 U.S. at 174) (explaining that courts do not "have unbridled discretion" to send notice to potential opt-ins, but may only facilitate "efficient resolution in one proceeding of common issues"). Nor do Plaintiffs dispute that "the question of an arbitration provision's impact on … FLSA certification fits naturally into the … conditional certification analys[is]," *Geiger v. Charter Commc'ns, Inc.*, 2019 WL 8105374, at *2 (C.D. Cal. 2019), because those who "signed mandatory arbitration and/or class action waiver agreements … are not similarly situated" to others who had "not signed any such agreement." *Fischer v. Kmart Corp.*, 2014 WL 3817368, at *7 (D.N.J. 2014). "[I]f the

DEFENDANTS' RESPONSE TO MOTIONS TO
INTERVENE (Dkt. Nos. 356 & 361) - 7
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  arbitration agreement is enforceable, no notice should" issue to DPs who entered that agreement—
2  whether they are arbitrating or not. Dkt. 77 (Order Granting Motion to Stay) at 5.

3        Further, the fact that tens of thousands of putative collective members have diligently
4  pursued their rights through arbitration supports denying Plaintiffs' request for equitable tolling.
5  Two lawyers have been collecting claims for years and have convinced over 15,000 DPs to agree
6  to have the firms represent them, according to their interview with CNN. *See supra*, n.1. Other law
7  firms have done the same. *See* Dkts. 356, 361. There are no "extraordinary circumstances" that
8  made it "impossible" for putative Opt-Ins to timely file their claims. *Veliz v. Cintas Corp.*, 2007
9  WL 841776, at *5 (N.D. Cal. 2007). Tens of thousands are diligently pursuing their claims. *See*
10 Dkts. 356, 361. Plaintiffs just assume for the purposes of their equitable tolling argument that all
11 other DPs who are not pursuing their claims "remain uninformed about their rights" and have not
12 been "afforded the [] opportunity" to pursue claims against Amazon. Plaintiffs Reply in support
13 of Conditional Certification at 13, 17. But Plaintiffs have offered no evidence indicating that DPs
14 who have not pursued their claims have any information disparity, and the sheer number of pending
15 arbitral claimants disproves that proposition. DPs may have chosen not to opt-in or to arbitrate for
16 any number of reasons, including because they were never paid less than minimum wage and/or
17 never worked overtime. In any event, Plaintiffs have identified nothing preventing these DPs from
18 timely asserting their claims, and the intervention motions prove nothing did so. Indeed, the
19 Intervenors took the very path suggested by this Court long ago when staying this case: "if they
20 seek immediate redress, Plaintiffs have another way to do so: arbitration." Dkt. 133 at 2.

21     **B.**    **The Court Should Grant The Motions To Intervene Only For The Limited Purpose Of Seeking To Be Excluded From Collective-Action Notice.**
22

23     Amazon does not object to the proposed Intervenors' intervention for the limited purpose
24 of seeking exclusion from notice. Amazon opposes intervention for any other purpose, however,
25 because Intervenors should not be allowed to pursue relief in two forums—arbitration and court.
26

DEFENDANTS' RESPONSE TO MOTIONS TO
INTERVENE (Dkt. Nos. 356 & 361) - 8
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

It is well-established that district courts have "discretion to limit intervention to particular issues." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011). And courts frequently do so, allowing intervention "for the limited purpose" of opposing a motion, responding to an application, or opposing class certification. *Moore v. Verizon Comm'ns Inc.*, 2013 WL 450365, at *4 (N.D. Cal. 2013) (citing cases); *see also United States v. Idaho*, 342 F.R.D. 144, 152 (D. Idaho 2022) (allowing limited intervention to respond to arguments made in motion); *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 2021 WL 2646349, at *14 (E.D.N.Y. 2021) (permitting intervention where parties sought to intervene for the limited purpose of opposing a motion for class certification). Just as this Court has discretion whether to grant a permissive intervention motion, it also has discretion to grant that motion for a limited purpose only. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992) (approving intervention only to seek modification of protective order).

Intervenors seek to intervene only "for the limited purpose of filing the motion" to exclude from notice, Dkt. 356 at 1; *see* Dkt. 361 at 1 (noting desire to intervene simply to "exclude themselves from receiving notice"). Not only do Intervenors not seek to join the case for any other purpose, but doing so would countermand the reason behind their intervention motions in the first place: to exclude themselves from notice and any other participation in this case. Because allowing any other participation would represent improper claim splitting, Amazon respectfully requests that any order granting the motions to intervene make the limited scope of intervention clear.

### III. CONCLUSION

Amazon does not object to the proposed Intervenors' intervention for the limited purpose of seeking exclusion from notice. Moreover, for the reasons in this submission and Amazon's Opposition to the Motion for Conditional Certification, Amazon respectfully requests that the Court deny Plaintiffs' Motion.

DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE (Dkt. Nos. 356 & 361) - 9
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Dated: November 12, 2024

*I certify that this memorandum contains 2,917 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

By: *s/ Andrew DeCarlow*
Andrew DeCarlow, WSBA 54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Facsimile: (206) 274-6401
Email: andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
Sean Lynch (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone:  (609) 916-6600
Facsimile:  (609) 916-6601
Email: richard.rosenblatt@morganlewis.com
            james.walsh@morganlewis.com
            sean.lynch@morganlewis.com

Brian D. Berry (*pro hac vice*)
Sarah Zenewicz (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
Email: brian.berry@morganlewis.com
            sarah.zenewicz@morganlewis.com

John S. Battenfeld (*pro hac vice*)
Max C. Fischer (*pro hac vice*)
Brian D. Fahy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
300 S. Grand Ave., Suite 2200
Los Angeles, CA 90071
Telephone: (213) 612-2500
Fax: (213) 612-2501
Email: jbattenfeld@morganlewis.com

DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE (Dkt. Nos. 356 & 361) - 10
(Case No. 2:16-cv-01554-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

max.fischer@morganlewis.com
brian.fahy@morganlewis.com

Michael Puma (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5305
Fax: (215) 963-5001
Email: michael.puma@morganlewis.com

*Attorneys for Defendants*

DEFENDANTS' RESPONSE TO MOTIONS TO
INTERVENE (Dkt. Nos. 356 & 361) - 11
(Case No. 2:16-cv-01554-JCC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, I caused to be electronically filed the foregoing **DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: *s/Andrew DeCarlow*
Andrew DeCarlow, WSBA #54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Ave., Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Fax: (206) 274-6401
Email: andrew.decarlow@morganlewis.com

RESPONSE TO MOTIONS TO INTERVENE