The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  BERNADEAN RITTMANN, *et al.*,

10                          Plaintiffs,

11  v.

12  AMAZON.COM, INC., *et al.*,

13                          Defendants.

14

15

Consolidated Action
2:16-cv-01554-JCC

**DECLARATION OF JAMES P. WALSH, JR. IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE**

NOTES ON MOTION CALENDAR:
November 15, 2024 (Dkt. 356) and
November 22, 2024 (Dkt. 361)

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF JAMES P. WALSH, JR. IN
SUPPORT OF DEFENDANTS' RESPONSE TO
MOTIONS TO INTERVENE – Page - 1 -
(Case No. C16-1554 JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    I, James P. Walsh, Jr., declare under penalty of perjury and pursuant to 28 U.S.C. § 1746,

2    that the following facts are true and correct:

3        1.    I am Senior Counsel at Morgan, Lewis & Bockius LLP.  I represent Defendants in

4    this lawsuit.

5        2.    Kevin Estrada, who opted into this case on November 25, 2019 represented by

6    Plaintiffs' counsel (Dkt. 152-1 at 1), has also filed an Arbitration Demand against Amazon alleging

7    independent contractor misclassification.

8        3.    Mr. Estrada filed his Demand for Arbitration through different counsel and under

9    the name Kevin Ruiz.

10       4.    A true and correct copy of the *Ruiz* Demand for Arbitration is attached hereto as

11   **Exhibit 1**.

12       5.    In the *Ruiz* arbitration, Mr. Estrada produced documents including the "Kevin

13   Estrada" name. A true and correct copy of an example of such documents is attached hereto as

14   **Exhibit 2**.  Mr. Estrada's counsel in the *Ruiz* arbitration also produced the phone number for

15   "Kevin Ruiz," which is the same phone number for Opt-In Plaintiff Kevin Estrada.

16       I declare under penalty of perjury of the laws of the United States that the foregoing is true

17   and correct.

18       Executed on November 12, 2024, in Princeton, New Jersey.

19

20                                        *s/ James Walsh*
                                          James P. Walsh, Jr.
21

22

23

24

25

26

DECLARATION OF JAMES P. WALSH, JR. IN
SUPPORT OF DEFENDANTS' RESPONSE TO
MOTIONS TO INTERVENE– Page 2
(Case No. C16-1554 JCC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# Exhibit 1



THE TIDRICK LAW FIRM

April 22, 2021

**BY EMAIL TO COUNSEL**

Amazon Logistics, Inc.
c/o Corporation Service Company
300 Deschutes Way SW, Suite 304
Tumwater, WA 98051

  RE: **DEMAND FOR ARBITRATION AND OPT-OUT NOTICE**

To whom it may concern:

   This law firm represents Kevin Ruiz ("Claimant"), who makes this demand for arbitration ("Demand") against Amazon Logistics, Inc. ("Respondent") relating to Claimant's work for Respondent as a "Flex" service provider.

<h3 align="center">Statement of Factual Bases for the Claims</h3>

   Although Respondent has classified Claimant an "independent contractor," Claimant is actually an employee. Claimant is not free from the control and direction of Respondent in the performance of Claimant's work. Rather, Respondent controls and directs Claimant's work. Moreover, Claimant performs work that is within the usual course of the Respondent's business. Finally, Claimant is not customarily engaged in an independently established trade, occupation, or business. Claimant incurs no opportunity for "profit" or "loss"; rather, Respondent manages the business operation, attracts investors and customers, advertises, and obtains customers. Claimant's investment is minor when compared to Respondent's investments. Claimant has made no capital investment in Respondent's facilities, advertising, maintenance, staffing, or electronic systems. Respondent provides investment and risk capital. Claimant does not. But for Respondent's investments, Claimant would earn little or nothing from Claimant's relatively minor expenditures. Claimant does not exercise the skills and initiative of persons in business for themselves. Claimant does not exercise business sills and initiative necessary to elevate Claimant's status to that of independent contractor. Claimant owns no enterprise. Claimant exercises no business management skills. Claimant maintains no separate business structures or facilities. Claimant does not hire or subcontract other individuals to provide additional services to customers and increase Claimant's revenues, as independent contractors in business for themselves would. Respondent's violations specified herein have constituted, or resulted from, policies and procedures of Respondent, and have been part of a pattern and practice of Respondent. In addition, Respondent has willfully misclassified Claimant as an "independent contractor," violated sick day requirements, failed to secure workers' compensation, failed to pay minimum wages, failed to pay for all hours worked, failed to pay overtime, failed to reimburse expenses, failed to furnish timely, accurate, itemized wage statements, failed to pay compensation that was due and owing upon resignation or discharge, and failed to pay all wages owed every pay period.

   Respondent maintains of a policy and practice of failing to provide its delivery drivers, including Claimant, with all tips that have been provided by Respondent's customers.

<h3 align="center">Willful Misclassification</h3>

   California Labor Code § 226.8(a) provides:  "It is unlawful for any person or employer to engage in any of the following activities:  (1) Willful misclassification of an individual as an independent contractor. (2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified." In light of changes in common law and state law, prior claims and lawsuits against Respondents and other industry players, the decision of the Labor Commissioner of the State of California in *Berwick v. Uber Technologies* (June 3, 2015), the California Unemployment Insurance Appeals Board ruling (No.: 5371509 – June, 1, 2015) that an Uber driver is an employee eligible to obtain unemployment benefits, and the California Supreme Court's decision in *Dynamex Operations West, Inc. v. Superior Court*, No. S222732, 2018 WL 1999120 (April 30, 2018), it is clear that Respondent should have classified Claimant as an employee rather than as an independent contractor. Accordingly, Respondent's misclassification of Claimant as an independent contractor was willful. Therefore, Claimant seeks recovery of the penalties specified in California Labor Code

Page 2 of 4

§ 226.8.

### Violations of Paid Sick Day Requirements, Labor Code §§ 245-249

Respondent violated Labor Code § 246 by not having policies and procedures for Claimant to accrue and take paid sick days. Because of Respondent's violations of the paid sick day requirements, Respondent is liable for civil penalties under California Labor Code § 248.5.

### Municipal Paid Sick Leave Ordinances

Respondent has failed to: (1) provide paid sick leave; (2) include required information about paid sick leave in wage notices and/or wage statements, including without limitation information on the amount of paid sick leave hours accrued; (3) provide required information about paid sick leave to employees, including without limitation at the time of hire; (4) at the time of hire, provide employees with written notice of the employer's name, address, and telephone number; (5) provide required information about paid sick leave in English, Spanish, Chinese, and in all languages spoken by 5% or more of the employees; (6) post required sick leave notices; (7) maintain payroll records; and/or (8) provide wage statements, and therefore Respondent has violated one or more municipal sick leave ordinances, including without limitation the sick leave ordinances of Berkeley, Emeryville, Long Beach, Los Angeles, Oakland, San Diego, San Francisco, and Santa Monica. Claimant seeks all relief available under such ordinances, including without limitation the full amount of back wages owed, including interest thereon, plus penalties as well as reasonable attorneys' fees and costs. Claimant expressly reserves the right to amend and/or correct this list of ordinances and violations based on Claimant's counsel's continuing investigation.

### Failure to Secure Compensation in Violation of Labor Code § 3700 *et seq.*

Respondent did not secure workers' compensation for Claimant, in violation of California Labor Code §§ 3700, 3700.5, 3712, and 3715. Respondent is therefore subject to the penalties and fines per California Labor Code § 3700.5.

### Failure to Pay Minimum Wages as Required by State Law

At all relevant times, Respondent has been required to pay Claimant minimum wages under California law, including without limitation pursuant to the Industrial Welfare Commission ("IWC") Wage Orders (including without limitation Wage Order Nos. 1, 2, 5, 9, 15, and 17) (hereinafter the "Wage Orders"), but has not done so. Respondent has willfully failed to pay Claimant and class members any wages whatsoever. By failing to compensate them for all hours worked (including without limitation for time spent waiting for orders in between orders), Respondent has violated the Industrial Welfare Commission Wage Orders and/or California Labor Code §§ 1182.12, 1194, 1194.2, 1194.5, 1197, 1197.1, and 1198. Therefore, Claimant seeks unpaid wages at the required legal rate, liquidated damages, interest, attorneys' fees and costs, and all other costs and penalties allowed by law. Claimant further seeks injunctive relief to compel Respondent to recognize Claimant's employee status, to provide all payment guaranteed by law, and for the arbitrator's continuing jurisdiction to enforce compliance.

### Unlawful Failure to Pay Overtime

At all times relevant times, the IWC Wage Orders have required the payment of an overtime premium for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, or on the seventh day worked in a single workweek. During the relevant time period, Claimant was employed by Respondent within California but as not paid overtime wages for overtime hours worked. Respondent's failure to pay overtime wages violates, inter alia, California Labor Code §§ 510, 558, 1194, and 1198, and the above-referenced Wage Orders. Therefore, Claimant seeks unpaid overtime wages at the required legal rate, liquidated damages, interest, attorneys' fees and costs, and all other costs and penalties allowed by law. Claimant further seeks injunctive relief to compel Respondent to recognize Claimant's employee status, to provide all payment guaranteed by law, and for the arbitrator's continuing jurisdiction to enforce compliance.

### Unlawful Failure to Reimburse Expenses

Respondent has required the workers to bear many of the expenses of employment, including without limitation expenses for vehicles, gas, parking, phone usage, vehicle wear and tear, taxes, tolls, fines, vehicle insurance, and expenses resulting from collisions, accidents, and/or legal claims. Respondent has failed to indemnify the workers for all necessary expenditures or losses incurred by Claimant, in violation of California Labor Code § 2802 and the Wage Orders, which require the employer to indemnify employees for all necessary expenditures or losses incurred by employees in direct discharge of their duties, and accordingly, Respondent is liable for reimbursement for all unreimbursed expenses.

### Unlawful Failure to Furnish Timely, Accurate, Itemized Wage Statements

Respondent has failed, and continues to fail, to provide timely, accurate itemized wage statements to Claimant in accordance with California Labor Code § 226 and the Wage Orders. The statements that Respondent has provided do not accurately reflect the actual hours worked and/or wages earned. Respondent's failure to provide timely, accurate, itemized wage statements to Claimant in accordance with the California Labor Code and the Wage Orders has been knowing and intentional. Accordingly, Respondent is liable for damages, penalties, and attorneys' fees and costs under the Wage Orders and Labor Code §§ 226(a)-(e), 226.3, and 558.  3

### Waiting Time Penalties

Page 3 of 4

Respondent has not paid full compensation, including overtime, for all hours worked, as alleged above, and has not paid that compensation that was due and owing upon a worker's discharge and/or within seventy-two (72) hours of the worker's termination of employment by resignation. Thus, Respondent has failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages and compensation in violation of California Labor Code §§ 201, 202, and 203. Workers who have been discharged and/or have resigned are entitled to unpaid compensation for all hours worked in the form of unpaid overtime for which to date they have not received compensation. Thus, Respondent is liable for up to thirty (30) days of waiting time penalties pursuant to California Labor Code §§ 203 and/or 256 after each discharge or resignation.

### Penalties for Failure To Pay All Wages Owed Every Pay Period

Pursuant to Labor Code § 204, Claimant was entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday. Respondent failed to pay Claimant all wages earned each pay period. Claimant is informed, believes, and thereon alleges, that at all times relevant during the liability period, Respondent maintained a policy or practice of not paying Claimant overtime wages owed for all overtime hours worked. That violates California Labor Code § 204. As a result of Respondent's unlawful conduct, Claimant has suffered damages in an amount, subject to proof, to the extent that Claimant was not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Claimant but can be determined directly from Respondent's records or indirectly based on information from Respondent's records. Because of Respondent's violations of Labor Code § 204, Respondent is liable for civil penalties under Labor Code § 2699(f)(1)-(2) for each pay period, and under Labor Code § 210 for each pay period.

### Fair Labor Standards Act

At all material times, Respondent has failed and refused to compensate Claimant for all hours worked, including straight time and overtime. At all material times, the time at issue has been necessarily and directly related to the principal activities of Claimant's job duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. At all material times, Respondent has violated the FLSA by failing to pay for all work time, plus applicable overtime. As a result, Claimant is entitled to damages equal to the mandated straight time pay and overtime premium pay within the three (3) years preceding the filing of this Demand (plus periods of equitable tolling), because Respondent acted willfully and knew or showed reckless disregard of whether the conduct was prohibited by the FLSA, together with an amount equal as liquidated damages, plus attorneys' fees. 29 U.S.C. § 216(b).

### Local Minimum Wage Ordinances

By failing to compensate for all hours worked, Respondent has violated one or more minimum wage ordinances, including without limitation the minimum wage ordinances of San Francisco, Belmont, Berkeley, Cupertino, El Cerrito, Emeryville, Los Altos, Los Angeles, Los Angeles County, Malibu, Milpitas, Mountain View, Oakland, Palo Alto, Pasadena, Redwood City, Richmond, San Diego, San Jose, San Leandro, San Mateo, Santa Clara, Santa Monica, and Sunnyvale. Claimant seeks all relief available under such ordinances, including without limitation the full amount of wages owed, including interest thereon, plus penalties as well as reasonable attorneys' fees and costs. Claimant expressly reserves the right to amend and/or correct this list of ordinances based on Claimant's counsel's continuing investigation.

### Violation of Labor Code § 351

California Labor Code § 351 prohibits employers and their agents from sharing in or keeping any portion of a gratuity left for or given to one or more employees by a patron. Respondent maintains of a policy and practice of failing to provide its delivery drivers, including claimant, with all tips that have been provided by Respondent's customers. As a result, Respondent has violated California Labor Code § 351.

### Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq.

Claimant brings claims against Respondent for its unlawful and unfair business acts and/or practices pursuant to the California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq. ("UCL"). Respondent's failure to pay minimum wages for all hours worked, failure to pay for all hours worked, failure to pay overtime, failure to pay all wages when they were due and upon termination, failure to provide accurate itemized wage statements, and failure to reimburse for all expenses, as alleged above, individually and collectively constitute unlawful and/or unfair business acts and/or practices within the meaning of the UCL. In addition, the conduct offends established legislatively declared public policy and has been immoral, unethical, oppressive, and unscrupulous. Claimant has been injured by Respondent's illegal activities, which have deprived Claimant's rights as an employee. Claimant is entitled to restitution of monies due, disgorgement of the ill-gotten gains of Respondent, declaratory relief, a preliminary and permanent injunction enjoining Respondent from continuing the unlawful and unfair acts and practices described herein, and such other equitable relief as is appropriate under the UCL, including the fees, costs, and expenses incurred in vindicating her rights and the public interest generally, pursuant to the UCL, California Code of Civil Procedure §§1021.1 and 1033.5, and any other applicable law.

### PAGA Claims, California Labor Code § 2698 et seq.

Claimant also prosecutes this case under California Labor Code § 2698 et seq. ("PAGA") as a private attorney general. Claimant seeks recovery from Respondent of any and all civil penalties and other monies capable of being collected under PAGA by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE) for Respondent's violations of the California Labor Code referenced in this Demand, including but not

Page 4 of 4

limited to California Labor Code §§ 201, 202, 203, 204, 226 (a)-(f), 226.3, 226.8, 246, 248.5, 256, 510, 558, 1182.12, 1194, 1194.2, 1194.5, 1197, 1197.1, 1198, 2802, 3700, 3700.5, 3712, and 3715. In addition, pursuant to PAGA, Claimant seeks an order for attorneys' fees and costs, injunctive relief to compel Respondent to recognize Claimant's employee status, and for the arbitrator's continuing jurisdiction to enforce compliance.

### Specification of the Remedy Sought / Prayer for Relief

WHEREFORE, Claimant requests the relief as specified herein, including without limitation:

a)  For an order awarding Claimant compensatory damages and statutory damages, including unpaid wages, overtime compensation, liquidated damages, and all other sums of money owed, together with interest on these amounts;
b)  For preliminary, permanent, and mandatory injunctive relief prohibiting Respondent and its officers and agents from committing the violations of law herein alleged in the future;
c)  For a declaratory judgment that Respondent has violated the law and public policy as alleged herein;
d)  For an order imposing all statutory and/or civil penalties provided by law, including without limitation penalties under the California Labor Code and PAGA;
e)  For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;
f)  Disgorgement of profits;
g)  For an order awarding restitution of the unpaid regular, overtime, premium wages due to Claimant, and/or all unreimbursed expenses;
h)  For pre- and post-judgment interest;
i)  For an award of reasonable attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226(e), 1194, 2802, 2810, California Code of Civil Procedure §§ 1021.5 and 1033.5, the FLSA, PAGA, and/or other applicable law;
j)  For all costs of suit; and
k)  For such other and further relief as the Arbitrator deems just and proper.

### Opt-Out of Classwide Actions and Settlements

Claimant opts out of any and all past, present, and future arbitrations, class actions, representative actions, and collective actions against Respondent and/or its affiliates that contain any claims referenced in this Demand and/or settlements that purport to release any claims referenced in this Demand. Furthermore, Claimant requests that Respondent notify the court(s), the settlement administrator(s), and Claimant's counsel of Claimant's desire to opt-out and not to participate in any and all such actions and settlements. Moreover, in the event that Respondent enters into any settlement agreement that purports to settle any of the claims referenced in this Demand, Claimant requests that Respondent provide Claimant's counsel with a copy of such settlement agreement and any related settlement notice and/or claim form within ten (10) days of execution of the settlement agreement.

### Ongoing Investigation and Reservation of Rights

Claimant has not yet completed Claimant's discovery and/or investigation relating to this Demand. Furthermore, Claimant's investigation of the facts is continuing and will continue throughout this action. Thus, Claimant's Demand is made without prejudice to Claimant's right to supplement Claimant's Demand and to amend and/or correct the content of this Demand and/or introduce new facts and claims in this action.

### Conclusion

Claimant is willing to engage in negotiation and/or mediation before arbitration commences. Please respond to the undersigned and advise of your requests and/or preferences with respect to negotiation, mediation, and/or arbitration. Thank you for your time and consideration in this matter.

Very truly yours,

THE TIDRICK LAW FIRM

Steven G. Tidrick, Esq.

### PROOF OF SERVICE

I emailed these documents to Respondent's Counsel on the same date that this letter is dated. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Joel B. Young, Esq.

# Exhibit 2



From: **kevin Alejandro** < REDACTED >
Date: Wed, Nov 1, 2023, 2:00 AM
Subject: Fw: Payment Problems:Kevin Estrada
To: Kevin Estrada < REDACTED >

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "kevin Alejandro" < REDACTED >
**To:** "amazonflex-support@amazon.com" <amazonflex-support@amazon.com>
**Sent:** Mon, Mar 23, 2020 at 12:01 PM
**Subject:** Payment Problems:Kevin Estrada
Hello,

Thank you for contacting Amazon Flex Support. In order to resolve your concern as quickly as possible, please fill out the information below.

Date of block: March 21 2020
Time of block:5:15 to 8:15
Describe your question or concern here:

Hi guy from support I was wondering if you can adjust my block from this day I called phone support to ask permission to continue and they agree I finished around 8:39pm the reason I took a little longer is because I have many stops for residential apartments with deliveries going to lockers what it takes a little more time to accomplished thank you very much
You may expect a reply via email within the next few days.

Thank you,

Amazon Flex Support

Sent from Yahoo Mail on Android

RUI-KE-AMAZ-000008