THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554 JCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO COMPEL PRODUCTION OF DOCUMENTS FROM NAMED PLAINTIFFS**<br><br>**NOTE ON MOTION CALENDAR: November 14, 2024** |



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## I. INTRODUCTION

Plaintiffs' Opposition (Dkt. #368) leaves the following pertinent facts unrebutted:

1. One Plaintiff failed to respond to discovery and should be dismissed;
2. Seven Plaintiffs have produced no documents;
3. Nine Plaintiffs have produced only a smattering of documents, promised to produce much more, but have not;
4. Amazon's deadline to complete initial depositions is three weeks away on December 6, 2024;
5. Plaintiffs' deadline to move for class certification is three weeks later on December 27, 2024;
6. Confronted with this situation, Amazon has been trying for almost two months to meet and confer regarding Plaintiffs' deficient discovery responses and minimal document productions; and
7. Plaintiffs ignored Amazon's repeated requests to meet and confer.

Despite these unrebutted facts, and now on the brink of class certification briefing, Plaintiffs request in opposition to Amazon's Motion to Compel ("Motion") (Dkt. #348) an order for the parties to meet and confer. That time has passed. Absent an extension of deposition and class certification deadlines, Plaintiffs' failure to provide discovery will continue to disadvantage Amazon in determining whom to depose and in preparing for those depositions. The Court should compel Plaintiffs to respond fully to Amazon's requests without further delay.

//

//



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. ARGUMENT

### A. Much Of What Amazon Seeks Is The Production Of Documents Plaintiffs Already Promised To Produce.

Plaintiffs do not dispute that Adamson, Alvarez, Diaz, Hoyt, Ponce, Puentes, and Ronquillo have not produced *any documents* despite committing to do so in early 2023. Dkt. #349 ¶¶ 7-8, 10; *see also* Declaration of Sarah Zenewicz ("Zenewicz Decl.") ¶ 8. Plaintiffs also do not dispute that Adams, Brown, Carroll, Garadis, Keller, Lawson, Wehmeyer, and Yarleque have not produced all the documents they agreed to produce. Dkt. #349 ¶ 16; Zenewicz Decl. ¶ 6; *see also* Zenewicz Decl. ¶¶ 9-11 (explaining that though Carroll, Garadis, Keller, and Yarleque (but not the others) supplemented their productions on November 8, their productions remain deficient). Wilkins finally produced a small number of documents, but the production is incomplete and her deposition is scheduled for November 20. Zenewicz Decl. ¶ 9-11, 19. Given that it is uncontroverted that Plaintiffs have not completed their productions, there is no need for a meet and confer; the only need is for an order compelling compliance.

### B. Amazon Seeks Only Relevant Discovery.

#### 1. Amazon's Discovery Is Narrowly Tailored.

Plaintiffs excuse their non-compliance by claiming that the discovery Amazon seeks is no longer relevant after the Order on Amazon's Motion to Dismiss Portion of Plaintiffs' First Amended Consolidated Class Action Complaint (Dkt. #338). *See* Dkt. #368 at pp. 3-4. But Amazon narrowly tailored its Motion to account for the dismissal of some claims and to obtain the discovery needed to oppose class certification.[1] All Plaintiffs who remain are putative class representatives and putative class members. Their responses all are relevant to certification issues

---

[1] Although Amazon tailored its Motion to seek discovery only from Plaintiffs whose claims survived the Order granting partial dismissal (Dkt. #338), Plaintiffs relied on a declaration from a dismissed Plaintiff (Rittmann) in support of collective action certification. Dkt. #341-4.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

even if after dismissal of some individual claims.

None of Plaintiffs' examples of supposedly overbroad discovery are valid. They assert that Amazon seeks discovery from "all Plaintiffs" on the minimum wage and/or overtime claims. Dkt. #368 at 8. Not so. Amazon only seeks this from Carroll, Wehmeyer, Wilkins, and Yarleque, who still have those claims. Dkt. #348 p. 13. (Davarci's minimum wage claim also remains, and Amazon separately addresses his failure to respond to discovery. Dkt. #348 at 3; *infra* at 8.) Plaintiffs also complain about a single document request to Adams that they disagree with because his only remaining claims are common law claims for to recover tips. Dkt. #368 at p. 3. The Request seeks documents related to his work for other companies, which is relevant to allegations challenging his status as an independent contractor. Plaintiffs' other example is that Amazon seeks loan and credit applications from Brown that reflect how she held herself professionally out to others, which Plaintiffs contend are irrelevant now that the Court dismissed Brown's minimum wage and overtime claims, leaving only her reimbursement claim. *Id.* at pp. 3-4. But Brown's reimbursement claim is based on the same contractor misclassification theory and therefore the documents remain relevant.

### 2. Amazon Is Entitled To Expense-Related Discovery.

Plaintiffs concede, as they must, that expense-related information is relevant. Dkt. #368 at p. 7; *see also* Dkt. #348 at pp. 4-7. But they ask to avoid most expense discovery by arguing that IRS Schedule C forms "should be sufficient" and that "most" were produced. Dkt. #368 at p. 7. As to the latter, it is incorrect; only *four* (Adams, Lawson, Wilkins, and Yarleque) produced some of their forms. Zenewicz Decl. ¶ 12. As to the former, Schedule C forms alone are insufficient. Dkt. #348 at 4-7. They do not show when, for whom, or for what purpose expenses were incurred, and expenses could be comingled. Zenewicz Decl. ¶ 13 & Ex. 1. Specific expense information is critical because many Plaintiffs provided services to other companies at the same time as providing services to Amazon. Nor is there any way for Amazon to verify the expenses claimed on those



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

forms. *Mas v. Cumulus Media Inc.*, 2010 WL 4916402, at *2 (N.D. Cal. Nov. 22, 2010) (rejecting argument that production of tax returns alone was sufficient, and compelling production of "underlying documents (such as receipts)" that "could corroborate that a claimed expense was in fact incurred").

Plaintiffs long ago conceded that more than Schedule C forms are necessary because, for example, Carroll, Lawson, Wehmeyer, and Yarleque agreed to produce mileage records (but have not yet done so). Dkt. #348 at 6. To explain away their non-compliance and inconsistent objections, Plaintiffs now assert that evidence of actual expenses "are unlikely to be used" because courts "regularly permit parties to rely on the IRS reimbursement rate for vehicle expenses." Dkt. #368 at p. 7 n.3. But the IRS rate is not a fair proxy for actual expenses or even for the best approximation of expenses. *See Parker v. Battle Creek Pizza, Inc.*, 95 F.4th 1009, 1016-17 (6th Cir. 2024) (plaintiffs must prove "individual entitlement" to "actual costs incurred"; rejecting IRS mileage rate).

Similarly, Plaintiffs do not dispute that phone expense records—rather than total plan costs that include personal use and/or use for other gig work—are discoverable so Amazon can attempt to assess Flex-related costs. *See Quintana v. Claire's Boutiques, Inc.*, 2014 WL 3371847, at *3, n.11 (N.D. Cal. July 9, 2014) (compelling production of records for any cellphone plaintiff used during her employment "because [plaintiff] put these records at issue"); *see also* Dkt. #348 at 7.

Plaintiffs close out by falling back on their argument that they are "financially weak" and thus should be excused from discovery.[2] Dkt. #368 at p. 7. No such exception to discovery exists. *Doe v. Trump*, 329 F.R.D. 262, 271-72 (W.D. Wash. 2018) (noting the ordinary burdens of

[2] *Roberts v. Clark County School District*, 312 F.R.D. 594 (D. Nev. 2016), cited by Plaintiffs, is inapposite. *Roberts* involved discrimination claims by a transgender police officer and a request for medical records regarding "the state of [the plaintiff's] genitalia or the intimate details of his transgender transition." *Id.* at 606. The court found the request to be disproportionate to the school's stated need of rebutting garden-variety emotional distress and establishing a timeline. *Id.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

discovery must be borne by all civil litigants, regardless of their financial situation); *In re Lebbos*, 385 B.R. 737, 750 (Bankr. E.D. Cal. 2008) ("[L]ack of financial means does not excuse compliance with legitimate discovery requests.").

**3. Amazon Is Entitled To Discovery Reflecting Plaintiffs' Other Gig Work And Activities While Performing Services for Amazon.**

Amazon seeks discovery about Plaintiffs' other activities on days they performed services for Amazon because that discovery is probative of their hours worked (and thus minimum wage and overtime claims), their expense claims, and whether they are correctly classified as contractors. Dkt. #348 at pp. 8-12; *see also* Dkt. #352 at p. 14-15, 18-19 (as explained in opposition to Plaintiffs' motion for conditional certification, individualized inquiries are needed for hours worked and control). Plaintiffs respond that Amazon is not entitled to this discovery because Plaintiffs worked on "blocks." Dkt. #368 at pp. 5-6. But the related case *Waithaka v. Amazon.com, Inc.*, No. 2:19-cv-01320-JCC ("*Waithaka*"), illustrates why this discovery is important. Waithaka produced documents showing the dates and times of his work for Uber/Lyft, mileage records, tax records, and loan documents. Amazon used those documents to show that Waithaka operates as and holds himself out as an independent contractor and to demonstrate, among other things, that he worked for other companies between making deliveries for Amazon. *Waithaka* Dkt. #178 at 15-17. Amazon is entitled to similar evidence here.

Plaintiffs' reliance on *Lawson v. Grubhub*, 665 F. Supp. 3d 1108 (N.D. Cal. 2023), is misguided. Dkt. #368 at 6. That decision did not resolve a discovery dispute. The portion cited has nothing to do with contractor classification and does not suggest that what a driver does during a block is "irrelevant to the alleged employer's control." *Id.* Rather, *Lawson* held that certain "on-block" time was compensable because "[Grubhub] [d]rivers did not have the option to receive a list of pre-planned orders at the beginning of a block; they had to wait for delivery orders to come in." 665 F. Supp. 3d at 1128. The on-call blocks in *Lawson* are far different from Amazon's blocks,



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

which generally provide drivers freedom as to when to deliver and other activities during a block. Dkt. #352 at 4-6. The discovery Amazon seeks is relevant to (i) the independent contractor inquiries, (ii) the amount of time "worked" for Amazon, and (iii) what other companies could be associated with alleged expenses. Dkt. #348 at pp. 6-14. *Mendiola v. CPS Sec. Sols., Inc.*, 340 P.3d 355 (Cal. 2015), is also readily distinguished, as it involved the different question of whether on-call hours for security guards were compensable under a California wage order.

**4. Plaintiffs' Argument That Documents Are Unavailable Is Not Well Taken.**

Plaintiffs cannot credibly claim that they lack information from other gig economy accounts and telephone expenses when they have made no apparent efforts to gather that information. Indeed, the recent production from Wilkins of screenshots showing her total monthly cell phone bills show that Wilkins could have easily—but did not—produce the actual bills. Zenewicz Decl. ¶ 11. Amazon, for its part, directed Plaintiffs to publicly available information about how to access their records from driver/delivery companies like Uber and GrubHub. Zenewicz Decl. ¶ 14 & Ex. 2. But rather than undertake these efforts, Plaintiffs seek to shift the burden and cost of collection by suggesting Amazon subpoena records from myriad companies. *Id.* Plaintiffs identified delivery work for over 17 other companies from 2016 to 2023, which is likely incomplete because Plaintiffs have not supplemented their interrogatory responses. Dkt. #349-4 to #349-19 at Rog. 10; Zenewicz Decl. ¶ 4. Amazon should not have to serve dozens of subpoenas when Plaintiffs likely have some or all of this information at their fingertips and Amazon explained how to access it. Zenewicz Decl. ¶ 14. Given Plaintiffs' resistance to collecting these documents and the upcoming depositions, Amazon has started to serve subpoenas, but it is unlikely to receive responses prior to the December 6 initial depositions deadline. Amazon may have to seek additional relief from this Court to extend that deadline.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**C. Plaintiffs' Arguments Based on Amazon's Discovery Responses Are Irrelevant.**

Finally, Plaintiffs attempt to distract from the issues at hand by claiming that Amazon owes discovery. Dkt. #368 at pp. 2-3. But that argument is not properly before this Court because Plaintiffs have neither meaningfully met and conferred nor filed any motion. On just a couple of occasions, Plaintiffs' counsel mentioned, with no specifics, that they needed additional documents. Zenewicz Decl. ¶ 17 & Ex. 3. Amazon sought clarification from Plaintiffs to no avail. *Id.* In any event, now that Plaintiffs finally offered some direction on what they seek, Amazon is reviewing what, if any, supplemental production is warranted. *Id.* ¶ 18. In short, Plaintiffs' arguments are irrelevant, wrong, and no justification for their own failings.

**D. The Court Should Dismiss Davarci.**

Davarci will not participate in discovery, so "Plaintiffs intend to seek to substitute a new lead plaintiff from New York." Dkt. #368 at p. 2 n.1. Plaintiffs cannot use Davarci as a placeholder while they search for a replacement. The Court should dismiss Davarci with prejudice. *See* Dkt. #367 at p. 3 n.1.

## III. CONCLUSION

Amazon respectfully requests that the Court grant its Motion to Compel.

Dated: November 14, 2024

*I certify that this motion contains 1,998 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Andrew DeCarlow*
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
James P. Walsh, Jr. (*pro hac vice*)
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Sarah Zenewicz (*pro hac vice*)
One Market Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., Amazon.com Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, I caused to be electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO COMPEL PRODUCTION OF DOCUMENTS FROM NAMED PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

By: s/ *Andrew DeCarlow*
Andrew DeCarlow
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-0154
Facsimile: (206) 274-6401
andrew.decarlow@morganlewis.com