Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, et al.,<br><br>Plaintiffs,<br>v.<br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>No. C16-1554-JCC<br><br>REPLY TO MOTION TO INTERVENE FOR LIMITED PURPOSE OF FILING MOTION TO EXCLUDE INTERVENORS FROM FLSA OPT-IN NOTICE |

The narrowness of relief sought by the Motion to Intervene for Limited Purpose of Filing Motion to Exclude Intervenors from FLSA Opt-in Notice (Dkt. No. 356) ("Intervention Motion") is apparent from the face of the pleading: Intervenor seeks leave to file a Proposed Motion to intervene for a limited purpose; *i.e.*, to assert that either (1) no FLSA notice be sent to their clients or (2) any such FLSA notice be sent to counsel instead. Dkt. No. 356-1 at p. 5.

Plaintiffs have filed no Opposition. *See docket generally*. Plaintiffs elsewhere clarify that their FLSA opt-motion does not request that notice be sent to Amazon Flex drivers already represented by counsel. Dkt. No. 363 at p. 12.

Defendant Amazon.com and Defendant Logistics, Inc. (collectively, "Amazon") do not oppose the Intervention Motion, either, stating so directly: "Amazon does not oppose these intervention requests for the limited purpose sought." Dkt. No. 39 at p. 1.

Though not opposing the Intervention Motion, Amazon extensively previews its forthcoming motion to compel arbitration or its anticipated opposition to a class certification motion. However, as emphasized in the motion, Intervenor takes no position on any pending motion *other than* the FLSA Opt-In Motion *insofar as that motion is granted*. Dkt. No. 356 at p. 1 ("Intervenors take no position on the merits of Plaintiffs' [Motion]").

In a comment unrelated to the Intervention Motion, Amazon argues that determining who is represented by counsel "would require a complicated and individualized process . . . the antitheses of [ ] judicial efficiency." Dkt. No. 360 at p. 4. There is no such logistical hurdle. Amazon was served by counsel for Intervenors with arbitration demands for each of their clients, so the information is in Amazon's possession. Second Declaration of Joel Young in Support of Motion to Intervene for Limited Purpose, at ¶ 4. Further, for arbitration cases in which The Tidrick Law Firm LLP is counsel, counsel provided Amazon with computer-useable spreadsheets listing all of their represented claimants. *Id.* at ¶ 5. Amazon cannot credibly claim that logistics pose any barrier to identifying represented Amazon Flex drivers.

The Intervention Motion is unopposed and should be granted.

DATED this 15th day of November, 2024.

KELLER ROHRBACK L.L.P.

By: *s/ Nathan L. Nanfelt*

Nathan L. Nanfelt, WSBA #45273
Natida Sribhibhadh, WSBA #49695
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: nnanfelt@kellerrohrback.com
Email: natidas@kellerrohrback.com

THE TIDRICK LAW FIRM LLP

By: *s/ Joel B. Young*
Joel B. Young, *Pro Hac Vice*
Steven Tidrick, *Pro Hac Vice*
1990 North California Blvd, 8th Floor
Walnut Creek, CA 94596
Telephone: (510) 788-5100
Email: jby@tidricklaw.com
Email: steve@tidricklaw.com