The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554-JCC<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTIONS TO INTERVENE**<br><br>NOTE DATES:<br>November 15, 2024 (Dkt. No. 356)<br>November 22, 2024 (Dkt. No. 361) |



LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

## I. ARGUMENT

For eight years, Amazon has managed to deny similarly situated drivers a chance to join this FLSA action. Amazon evaded Plaintiffs' first motion for notice under 29 U.S.C. § 216(b) by persuading the Court to decide whether to compel arbitration first. (*See* Dkt. Nos. 20, 76). After the Court ruled that Amazon's arbitration provision was unenforceable, *Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196, 1201 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021), Amazon successfully moved to stay litigation for years pending various appellate decisions. (*See* Dkt. No. 293).

While this case sat idly for eight years, other plaintiff's firms, including The Tidrick Law Firm LLP, Cohen Milstein Sellers & Toll PLLC, and Gibbs Law Group LLP, began "collecting claims" for apparently 30,000 similarly situated drivers. (Dkt. Nos. 354, 369). Rather than wait to see if the Court's decision denying arbitration survived appellate scrutiny, these firms filed thousands of arbitrations against Amazon. (*Id.*). They now seek to exclude their clients from receiving notice under Section 216(b). (Dkt. Nos. 356, 361). While no party opposes their requests, Amazon tries to make hay of the intervention motions. (*See* Dkt. No. 369).[1]

For instance, Amazon argues that drivers "are not similarly situated for purposes of the merits of their claims" because 3% of the potential collective chose to pursue their claims in arbitration. (*Id.* at 2). But no precedent suggests that procedural differences in how plaintiffs

---

[1] Amazon's arguments in its response to the motions to intervene (Dkt. No. 369) mirror those made in its opposition to Plaintiffs' renewed motion for notice (Dkt. Nos. 352). Accordingly, Plaintiffs incorporate by reference their reply in support of the renewed motion for notice (Dkt. No. 363).

pursue their substantively similar claims weigh against conditional certification. Rather, Section 216(b) contemplates that while some collective action members "may choose to ride on the coattails of the original plaintiff[s]," others may retain different counsel to advance their claims individually. *Payton-Fernandez v. Burlington Stores, Inc.*, 671 F. Supp. 3d 512, 523 (D.N.J. 2023) (quoting *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1115 (D. Colo. 2017)).[2]

Amazon next argues that there is "no reliable way to exclude" 30,000 drivers from notice, so no drivers should receive notice. (Dkt. No. 369 at 5). This argument fails for two reasons. First, denying notice to 970,000 drivers simply because 30,000 others have pursued their claims individually "would be contrary to the broad remedial policies underlying the FLSA." *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009). Second, the firms representing these 30,000 drivers can simply provide a list of their clients who will not receive notice. Indeed, one of the intervention motions attached such a list. (*See* Dkt. No. 362-1).[3]

Amazon also argues that "the fact that tens of thousands of putative collective members have diligently pursued their rights through arbitration supports denying Plaintiffs' request for equitable tolling." (*Id.* at 8). That argument ignores the forest for the trees. These drivers represent only 3% of the potential collective. (*See* Dkt. No. 352, 1) ("Plaintiffs seek to

---

[2] Amazon has conceded this point by arguing that notice should inform potential opt-ins of their right to retain different legal counsel. (Dkt. No. 352 at 26).

[3] Amazon notes that one of the named plaintiffs in this case (Shenia Brown) filed an arbitration demand. Ms. Brown will be withdrawing that demand. Given the delay (and confusion to drivers regarding how to pursue their rights), it is not unusual for some plaintiffs in this industry to inadvertently sign up with multiple firms to pursue their claims.

conditionally certify a sprawling, nationwide collective action . . . comprising over one million Delivery Partners"). In other words, 970,000 drivers remain uninformed of their rights, thus confirming the need for equitable tolling.

In fact, this Court's first stay order anticipated the need for equitable tolling. In response to Plaintiffs' argument that the statute of limitations for potential opt-ins would begin to run as early as July 2017, this Court held:

> [T]he statute of limitations is not necessarily an all-or-nothing bar, but rather would mean the very early days of a driver's service might not be included in a plaintiff's damages calculation. The Court acknowledges that this is not a fact to be ignored, however this addresses the rights of drivers not party to the suit, and **in the event the statute of limitations partially or completely runs for some class members, the best way to deal with it is to make an equitable tolling** argument at a later date.

(Dkt. No. 77 at 5) (emphasis added). Because Amazon has delayed notice for eight years, equitable tolling is needed to prevent prejudice to class members whose claims have expired based on the statute of limitations. *See Linz v. Core Values Roadside Serv., LLC*, 2020 WL 13561591, at *1 (E.D. Wash. July 29, 2020); *Ray v. Cal. Dep't of Soc. Servs.*, 2019 WL 6888050, at *7 (C.D. Cal. Dec. 11, 2019) (collecting cases); *Coppernoll v. Hamcor, Inc.*, 2017 WL 1508853, at *4 (N.D. Cal. Apr. 27, 2017) (reasoning that the court "would never have granted the stay . . . if it had realized [the defendant] would then use the stay to run out the statute of limitations as to potential opt-ins").

## II. CONCLUSION

As noted in their reply brief in support of notice, Plaintiffs are not seeking notice for drivers who have retained other counsel and thus do not oppose excluding from notice those drivers who are already pursuing their claims against Amazon. However, the other nearly

970,000 Amazon Flex drivers should be given notice and afforded the same opportunity. The Court should thus authorize notice to these drivers.

Dated: November 22, 2024

*I certify that this reply brief does not exceed the page limits set forth in the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*

Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

*Attorneys for Rittmann Plaintiffs*