The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al*.,

Plaintiffs,

v.

AMAZON.COM INC. and AMAZON LOGISTICS, INC.,

Defendants.

Consolidated Action
Case No. C16-1554-JCC

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL DEPOSITIONS AND FOR SANCTIONS FOR FAILURE TO PARTICIPATE IN DISCOVERY (Dkt. No. 379)**

Note Date: December 13, 2024



**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## I. INTRODUCTION

After delaying litigation for eight years (and then unsuccessfully trying to bog this case down by bringing more than 20 petitions to compel arbitration across the country) (Dkt. No. 338), Amazon has turned now to trying to force plaintiffs out of pursuing this case by overly aggressive discovery demands, harassment of plaintiffs and their counsel, and unnecessary motions (all the while, not complying with its own discovery obligations by ignoring Plaintiffs' repeated requests for production of basic policy documents and communications with Plaintiffs and interfering with Plaintiffs from taking a proper Rule 30(b)(6) deposition). (*See, e.g.*, Dkt. Nos. 300, 348, 367, 378). Amazon's latest discovery motion, its third in two months, seeks three forms of relief. (*See* Dkt. No. 379-1). Had Amazon conducted itself more reasonably in its conduct with respect to Plaintiffs and their counsel, most of the issues raised by this motion could have been resolved amicably.

First, Amazon seeks to dismiss four opt-in plaintiffs (Jillian Pearce, Jonathan Kaminsky, Marco Wynn, and Max Kogan) who are no longer responsive and have not participated in discovery (following the eight-year delay in this case proceeding). (*See* Dkt. Nos. 19-1, 85-1). Plaintiffs informed Amazon that they would not oppose such dismissals.

Second, Amazon seeks to dismiss Sancak Davarci, a named plaintiff and the proposed representative of the putative New York class, who is also unresponsive. (*See* Dkt. No. 262 at ¶¶ 96–104). While Plaintiffs will not oppose dismissing Davarci, his dismissal at this juncture would be premature and would prejudice putative class members from New York, who would be left without a representative plaintiff for their state law claims in the case. Davarci has yet to violate a discovery order and so should not be dismissed yet. *See* Fed. R. Civ. P. 37(b). Further, given that the Court has recently granted Plaintiffs' motion for conditional certification

(Dkt. No. 381), and notice will be issued shortly, Plaintiffs expect that they will be able to easily identify a substitute lead plaintiff for the putative New York subclass after that notice is issued. Plaintiffs thus request the opportunity to substitute in a new proposed New York lead plaintiff after notice issues in this case.[1]

Third, Amazon seeks to compel depositions of several named plaintiffs (Raef Lawson, Adriana Ponce, Cinthia Yarleque, and Julia Wehmeyer) and an opt-in plaintiff (Lisa Evanoff) and to dismiss them if they fail to sit for a deposition before January 17, 2025. Plaintiffs do not oppose dismissal of these plaintiffs if they do not sit for deposition by January 17, 2025, but they similarly request more time to identify a substitute lead plaintiff for the putative New Jersey subclass if Yarleque does not sit for deposition by that date.

## II. ARGUMENT

Because Plaintiffs do not oppose dismissal of the current plaintiffs and opt-ins who are not participating in discovery, Plaintiffs limit their argument to requesting that the dismissal of any lead plaintiffs for putative state law subclasses (namely Davarci and Yarleque) be delayed until Plaintiffs have a chance to identify substitute lead plaintiffs for their forthcoming Rule 23 class certification motion.

As for Davarci, Amazon seeks to have him dismissed immediately, although it has requested that other Plaintiffs (including Yarleque) be given until January 17, 2025, to sit for deposition before being dismissed. Plaintiffs request that they be given until February 10,

---

[1] Plaintiffs' current motion for class certification is due on December 27, 2024. Should this deadline be extended for 45 days to February 10, 2025, that should allow time for notice be issued and a new proposed substitute lead plaintiff from New York to be identified and deposed before Amazon's response to the motion would be due.

2025, to identify substitute lead plaintiffs for New York (and New Jersey, if necessary) and to submit their Rule 23 motion for class certification. By that date, notice should have issued, and Plaintiffs expect that many Amazon Flex drivers will have opted in by that time, which should allow for substitute lead plaintiffs for these states to have been identified.[2]

The Court should not dismiss Davarci immediately, given that dismissal under Rule 37(b) would be premature because Amazon has yet to obtain an order compelling his discovery. *See* Fed. R. Civ. P. 37(b) (providing for dismissal as a sanction for failing to "comply with a court order"). Further, dismissing Davarci now (before a substitute lead plaintiff has been identified) would prejudice absent putative class members who may lose tolling under *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974).

### A. Dismissing Davarci under Rule 37(b) would be premature because he has yet to violate a court order compelling his discovery.

Amazon's request to dismiss Davarci under Rule 37(b) should be denied as premature.[3] "Dismissal under Rule 37(b) is appropriate only for failure to comply with a court order compelling discovery." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (citing Fed. R. Civ. P. 37(b)). Yet Amazon's motion to compel discovery from Davarci is still pending. *See* Dkt. No. 348 ("The Court should order Davarci to respond forthwith and *warn* that failure to do

---

[2] Plaintiffs would make any such substitute lead plaintiffs available for deposition prior to the deadline to Amazon's response to the Rule 23 class certification motion.

[3] Although the section of Amazon's brief discussing Davarci cites no rule, Amazon's argument section relies on "Fed. R. Civ. P. 37(b)(2)(A)(v)." (*See* Dkt. No. 379 at 9–11) ("Pursuant to Rule 37, if a party 'fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders,' including 'dismissing the action or proceeding in whole or in part.'"). Amazon's request to dismiss Davarci also cites *Allen v. Seattle Pub. Schs.*, 2009 WL 992031, at *5 (W.D. Wash. Apr. 13, 2009), for the proposition that "dismissal is an appropriate sanction for failure to comply with court order." (*Id.* at 11).

so could result in dismissal.") (emphasis added). In other words, there is no order compelling discovery from Davarci, making Amazon's request for dismissal under Rule 37(b) premature.

Amazon's reliance on the Court's November 8, 2024, Order denying it leave to take more than ten depositions is misplaced. (*See* Dkt. No. 379 at 10) (citing Dkt. No. 367). That Order warned, "If a properly noticed Plaintiff declines to be deposed or is otherwise unresponsive to discovery, the Court reminds Plaintiffs that they are subject to dismissal." (Dkt. No. 367 at 3, n.1). But the Court's warning referred to "Dkt. No. 359 at 1," its October 29, 2024 Order compelling discovery from opt-in plaintiffs, and not Davarci, who is a named plaintiff. Indeed, Amazon's motion to compel discovery from Davarci (Dkt. No. 348) is still pending, rendering its current motion for dismissal under Rule 37(b) procedurally improper.

**B. Before dismissing Davarci (or Yarleque), the Court should give Plaintiffs time to propose substitute representatives for the putative New York (and possibly New Jersey) class of Amazon Flex drivers.**

As Plaintiffs previously advised, they intend to replace Davarci with "a new lead plaintiff from New York." *See* Dkt. No. 368 at 2, n.1. If Yarleque does not sit for deposition, they will also need to replace her with a new lead plaintiff from New Jersey. So, in addition to the fact that it would premature to dismiss either of them at this time, the Court should defer dismissing Davarci (or Yarleque) until after Plaintiffs have opportunity to identify substitute lead plaintiffs (which will very likely occur after the forthcoming FLSA notice).

If Davarci (or Yarleque) are dismissed before Plaintiffs substitute in new representatives for the putative class of New York (and New Jersey) drivers, Plaintiffs expect that Amazon will argue that their dismissal ends tolling under *Am. Pipe & Const. Co. v. Utah,*

414 U.S. 538, 554 (1974).[4] While Plaintiffs do not concede that tolling would necessarily end with their dismissals, the Court can avoid this issue by affording Plaintiffs additional time to replace Davarci (and Yarleque, if necessary) before their dismissal.

Courts routinely allow the substitution of new lead plaintiffs. *See* Newberg and Rubenstein on Class Actions § 2:17 (6th ed.) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives"); *Johnson v. City of Grants Pass*, 72 F.4th 868, 884 (9th Cir. 2023) (remanding to allow the district court an opportunity to substitute class representative); *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997) (same); *Sherman v. Griepentrog*, 775 F. Supp. 1383, 1386 (D. Nev. 1991) ("Additionally, courts have, on occasion, responded to the mootness of the class representative's claims prior to class certification by allowing or even inviting intervention by another member of the class in order to save the action."); *In re Thornburgh*, 869 F.2d 1503, 1509 (D.C. Cir. 1989) ("There is authority to the effect that a court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative."); *Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982) (collecting cases and noting that substitution is often needed in "protracted litigation").

The Ninth Circuit has also emphasized the importance of "the public policy favoring disposition of cases on their merits" when considering dismissal under Rule 37. *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *see also China Agritech v. Michael H. Resh*, 584 U.S. 732, 753 (2018) (concurrence, Sotomayor, J.) (recognizing that it would be unjust to

---

[4] The Court in *Am. Pipe* held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class." 414 U.S. at 553.

penalize absentee class members by ending tolling "where the only problem with the first suit was the identity of the named plaintiff").[5]

To avoid the injustice of putative class members losing the benefit of Rule 23 tolling over the last eight years, the Court should continue tolling for the New York (and possibly New Jersey) class claims by deferring Davarci's (or Yarleque's) dismissal until after Plaintiffs have identified substitute lead plaintiffs.

## III. CONCLUSION

Plaintiffs do not oppose dismissing the opt-ins at issue in this motion who have been unresponsive to discovery (Pearce, Kaminsky, Wynn, and Kogan) or compelling Plaintiffs to make themselves available for deposition by January 17, 2025, or be dismissed (Evanoff, Lawson, Ponce, Yarleque, and Wehmeyer). However, Plaintiffs object to dismissing Davarci (or Yarleque) before allowing Plaintiffs the opportunity to propose substitute lead plaintiffs for the New York (and possibly New Jersey) class, which they expect to be able to do promptly after the FLSA notice issues. Plaintiffs thus request that the Court defer the deadline for Plaintiffs' motion for class certification until February 10, 2025, and allow them to propose substitute lead plaintiffs for New York (and possibly New Jersey) by that date.

---

[5] In granting Plaintiffs' request to toll the statute of limitations for FLSA opt-in members, this Court reasoned that "court-ordered stays for other cases on appeal, like the stays here," justified equitable tolling. (Dkt. No. 381 at 9–10). It would be equally appropriate to continue tolling the statute of limitations for Plaintiffs' putative Rule 23 classes, given that certain lead plaintiffs no longer willing to participate in this case after litigation was stayed for eight years.

Dated: December 9, 2024

*I certify that this opposition contains 1,727 words in compliance with the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*

Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

*Attorneys for Rittmann Plaintiffs*