THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., *et al.*, <br><br> Defendants. | CASE NO. C16-1554-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motions to compel written discovery (Dkt. No. 348) and deposition testimony (Dkt. No. 379). Having thoroughly considered the briefing and relevant record, the Court GRANTS the motions in part for the reasons described below.

I.   BACKGROUND

The Court has described the background of this case previously, (*see, e.g.*, Dkt. No. 338 at 1–2), and will not repeat it here. Earlier this year, the Court dismissed some of Plaintiff delivery drivers' claims, (*id.* at 18), and subsequently granted conditional certification on claims brought under the Fair Labor Standards Act ("FLSA"), (Dkt. No. 381 at 12). A motion to certify a nationwide Rule 23 class is expected. (*See* Dkt. No. 393 at 3.) In preparing to oppose

certification, Defendants request documents and responses about Plaintiffs' business expenses (including for phones and vehicles), hours worked for Defendants and other employers, and personal activities.[1] (Dkt. No. 348 at 4–14.) Defendants also seek dismissal of unresponsive Plaintiffs, or, in the alternative, an order compelling depositions by a date certain. (*Id.* at 3, 379 at 12–13.) Plaintiffs object to providing some information because it is beyond the scope of the remaining claims, within Defendants' possession, overly burdensome, or intrusive on individual privacy. (Dkt. No. 368 at 4–8.) Defendants disagree, noting that the discovery they seek is relevant to challenge class certification on the remaining claims. (Dkt. No. 372 at 3–7.)

## II.    DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant here are defenses on any of the grounds contained in Rule 23, including commonality, typicality, and predominance of Plaintiffs' proposed class. *See id.* at 23. While Defendants are reminded to tailor their discovery requests to the remaining claims and Plaintiffs, (*see generally* Dkt. No. 338), they are permitted a wide berth for discovery in the name of the "rigorous analysis" that Rule 23 requires. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Factors that bear on proportionality include the amount in controversy, the parties' resources and relative access to information, and the burden discovery will impose. Fed. R. Civ. P. 26(b)(1).

---

[1] Specifically, Defendants seek to compel discovery from named Plaintiffs Craig Adams, Emanuel Adamson, Juan Manuel Alvarez, Shenia Brown, Freddie Carroll, Ricky Diaz, Tommy Garadis, Sean M. Hoyt, Kimberlee Keller, Raef Lawson, Adriana Ponce, Alejandro Garcia Puentes, Louie Ronquillo, Julia Wehmeyer, Debra Wilkins, and Cinthia Yarleque. (*See* Dkt. No. 348 at 3.) Plaintiffs do not dispute discovery on grounds particular to any of them, (*see generally* Dkt. No. 368), nor does the Court find any material difference with respect to their discovery obligations relevant to this Order. Therefore, the Court simply treats these Plaintiffs collectively.

ORDER
C16-1554-JCC
PAGE - 2

If requested discovery is not provided, the requesting party may move for an order compelling such discovery. *Id.* at 37(a)(1). An incomplete answer is treated as a non- answer. *Id.* at 37(a)(4). If a party fails to comply with a discovery order or attend a properly noticed deposition, the district court may also sanction that party accordingly. *Id.* at 37(b)(2), 37(d)(1)(A)(i). The Court has broad discretion to decide whether to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### a. Unresponsive Parties to be Dismissed

Among the sanctions permitted for failure to comply with a discovery order or attend a deposition is partial dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3). Dismissal of particular plaintiffs from an action is appropriate when they are unresponsive to discovery requests or properly noticed depositions. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 2004 WL 7385520, slip op. at 1 (W.D. Wash. 2004). Plaintiffs may not participate in name only. Indeed, the Court has previously and generally warned that unresponsive Plaintiffs would be dismissed. (Dkt. Nos. 359 at 1, 367 at 3 n.1.) Plaintiffs do not oppose the dismissal of four individuals who failed to comply with the Court's October 29, 2024, Minute Order regarding discovery. (Dkt. No. 390 at 2.) Therefore, opt-in Plaintiffs Jillian Pearce, Jonathan Kaminsky, Marco Wynn, and Max Kogan are DISMISSED with prejudice for failure to comply with the Court's discovery order. Plaintiffs also do not oppose the dismissal of Sancak Davarci for failure to respond to discovery or attend his deposition on November 18, 2024. (*See* Dkt. Nos. 368 at 2 n.1, 390 at 2.) Therefore, under Rule 37(d)(1)(A)(i), Plaintiff Sancak Davarci is also DISMISSED with prejudice for failure to attend his properly noticed deposition.

### b. Documents to be Produced

Defendants seek financial information regarding Plaintiffs' business expenses and employment by other entities. (Dkt. No. 348 at 4–9.) Plaintiffs stipulate to provide Schedule C tax information and argue that this is sufficient. (Dkt. No. 368 at 7.) But Defendants are correct that Schedule C alone does not provide full insight into the purpose of expenses at issue—mobile phones and vehicles—that are commingled with personal or other business uses. (*See* Dkt. No. 373-1 at 2.) And while a Schedule C could support the proposition that an expense was claimed to the Internal Revenue Service, additional financials could corroborate whether the expense, in fact, occurred. *See Mas v. Cumulus Media Inc.*, 2010 WL 4916402, slip op. at 2 (N.D. Cal. 2010). Here, phone activity and phone bills are relevant to demonstrate what part, if any, of those expenses were for Defendants' business. Similarly, the make and model of a vehicle is relevant to ascertain the cost of making deliveries. While the IRS mileage rate may help assess expense claims on a class-wide basis, as Plaintiffs have suggested, (Dkt. No. 368 at 7 n.3), individual and actual vehicle expenses are still relevant to class certification issues of commonality, typicality, and predominance. Plaintiffs have made their expenses relevant by claiming them in the first place. Therefore, they must provide the phone and vehicle documentation Defendants seek.

The same goes for documents regarding contemporaneous employment, especially other gig work. (*See* Dkt. No. 348 at 8.) Plaintiffs' minimum wage claims are a function of pay per hour, therefore making relevant how they used the time they claim they were working. Defendants are correct to contrast the discovery provided in *Waithaka v. Amazon.com Inc., et al.*, Case No. 2:19-cv-1320 (W.D. Wash. 2019), where the plaintiff delivery driver was more cooperative and discovery more conducive to the class certification analysis. (*See* Dkt. No. 348 at 9.) Plaintiffs must supply the employment records Defendants seek.

On the other hand, class certification briefing in *Waithaka* did not rely on the detailed diary entries, personal or parental errands, or personal credit statements requested here. (*See* Dkt. Nos. 348 at 13–14, 349-3 at 8.) These private matters and documents contain plenty of information irrelevant to this action and it is certainly burdensome on Plaintiffs to require their production. Defendants may request less intrusive and burdensome personal documentation calculated to reveal whether working time is spent on personal activities. *See Mas*, 2010 WL 4916402, at 2 (finding calendar entries discoverable). The Court finds the other personal information listed above disproportionate to the needs of the case at this time.

   **c. Interrogatories to be Answered**

Defendants have also asked Plaintiffs for the instances when they claim to have been underpaid in this action (based on minimum wage or overtime). (Dkt. No. 348 at 13.) Plaintiffs refuse, arguing that Defendants already have this information based on internal product delivery records. (Dkt. No. 368 at 7–8.) But this assumes that these records can be used to properly calculate time spent working for Defendants, an assumption that Defendants dispute. (*See* Dkt. No. 372 at 6–7.) Furthermore, Plaintiffs cannot rely on distinguishable merits decisions to avoid discovery relevant to working time in this case. *Cf. Lawson v. GrubHub*, 665 F. Supp. 3d 1108, 1127–30 (N.D. Cal 2023) (finding time spent "Available" to employer was compensable working time). Defendants have a right to litigate that issue and to know when they are accused of violating employment laws. Certain Plaintiffs have supplied this information before and must

do so again, if requested. (*See* Dkt. Nos. 262 at 12, 338 at 9.)[2]

### d. Depositions to be Taken by Date Certain

Finally, Defendants seek to compel depositions of four Plaintiffs by January 17, 2025. (Dkt. No. 379 at 12.) Plaintiffs do not oppose. (Dkt. No. 390 at 7.) Therefore, the Court ORDERS Plaintiffs Raef Lawson, Adriana Ponce, Cinthia Yarleque, Julia Wehmeyer, and Lisa Evanoff to sit for a deposition by January 17, 2025, or else face dismissal under Rule 37(d)(1)(A)(i).

### III. CONCLUSION

Accordingly, Defendants' motion to compel discovery (Dkt. No. 348) is GRANTED in part. Within 30 days of this order, Plaintiffs Adams, Adamson, Alvarez, Brown, Carroll, Diaz, Garadis, Hoyt, Keller, Lawson, Ponce, Puentes, Ronquillo, Wehmeyer, Wilkins, and Yarleque are ORDERED to provide the documents and responses detailed above to the extent they have not already and as they relate to remaining claims. In addition, Defendants' motion to dismiss certain Plaintiffs with prejudice and compel depositions (Dkt. No. 379) is GRANTED.

DATED this 18th day of December 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs need not provide *all* the hours they worked for Defendants in *all* the weeks they worked as delivery drivers, as Defendants also request. (*See* Dkt. No. 348 at 10–11.) Identifying the hours and weeks relevant to the claims here will be sufficient and proportionate.

ORDER
C16-1554-JCC
PAGE - 6