The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Consolidated Action<br>Case No. C16-1554-JCC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>**NOTE DATE: December 30, 2024** |



**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

## TABLE OF CONTENTS

I. Introduction ............ 1

II. Background ............ 2

III. Legal Standard ............ 4

IV. Argument ............ 5

A. Amazon has failed to identify any controlling questions of law. ............ 6

B. There are no substantial grounds for disagreement. ............ 8

1. Equitable tolling ............ 8

2. Arbitration ............ 9

C. An immediate appeal would not materially advance the ultimate termination of this litigation ............ 10

V. Conclusion ............ 11

## TABLE OF AUTHORITIES

### CASES

*Andrews v. Plains All Am. Pipeline, LP*,
2022 WL 1840329 (C.D. Cal. Mar. 8, 2022) ........ 7

*Bigger v. Facebook, Inc.*,
947 F.3d 1043 (7th Cir. 2020) ........ 9

*Brizzee v. Fred Meyer Stores, Inc.*,
2008 WL 426510 (D. Or. Feb. 13, 2008) ........ 5

*Clark v. A&L Homecare & Training Ctr., LLC*,
68 F.4th 1003 (6th Cir. 2023) ........ 9

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) ........ 5

*Coppernoll v. Hamcor, Inc.*,
2017 WL 1508853 (N.D. Cal. 2017) ........ 4, 9

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ........ 8, 9

*Ellerd v. Cnty. of L.A.*,
2009 WL 3462179 (C.D. Cal. Oct. 22, 2009) ........ 6

*Henley v. Jacobs*,
2019 WL 8333448 (N.D. Cal. Oct. 25, 2019) ........ 7

*Herrera v. EOS IT Mgmt. Sols., Inc.*,
2020 WL 7342709 (N.D. Cal. 2020) ........ 3, 9

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982) ........ 1, 6, 7

*In re JPMorgan Chase & Co.*,
916 F.3d 494 (5th Cir. 2019) ........ 9

*James v. Price Stern Sloan, Inc.*,
283 F.3d 1064 (9th Cir. 2002) ........ 4, 5

*Linz v. Core Values Roadside Serv., LLC*,
2020 WL 13561591 (E.D. Wash. July 29, 2020) ........ 1, 3, 8

*Pereira v. Foot Locker, Inc.*,
2010 WL 300027 (E.D. Pa. Jan. 25, 2010) ............ 6

*Piazza v. New Albertsons, Inc.*,
2021 WL 3645526 (N.D. Ill. Aug. 16, 2021) ............ 6

*Ray v. Cal. Dep't of Soc. Servs.*,
2019 WL 6888050 (C.D. Cal. 2019) ............ 4, 8

*Rittman v. Amazon.com, Inc.*,
383 F. Supp. 3d 1196 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020) ............ 2, 10

*Saravia v. Dynamex, Inc.*,
310 F.R.D. 412 (N.D. Cal. 2015) ............ 3, 9

*Seattle Audubon Soc. v. Robertson*,
931 F.2d 590 (9th Cir. 1991) ............ 8

*Stoll v. Runyon*,
165 F.3d 1238 (9th Cir. 1999) ............ 8

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995) ............ 5

*U. S. Rubber Co. v. Wright*,
359 F.2d 784 (9th Cir. 1966) ............ 5

*Villarreal v. Caremark LLC*,
85 F. Supp. 3d 1063 (D. Ariz. 2015) ............ 6

*Wang v. Zymergen Inc.*,
2024 WL 5116962 (N.D. Cal. Dec. 16, 2024) ............ 8

*Zeman v. Twitter, Inc.*,
2024 WL 4032051 (N.D. Cal. Sept. 3, 2024) ............ 1, 3, 9

**STATUTES**

28 U.S.C. § 1292(b) ............ passim

29 U.S.C. § 216(b) ............ 1

## I. INTRODUCTION

Amazon seeks to appeal this Court's order conditionally certifying a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Dkt. No. 381). Amazon argues that an immediate appeal is needed because the Court erred in (1) granting equitable tolling and (2) directing notice to drivers who *might* be subject to arbitration. (*See* Dkt. No. 391). But neither issue qualifies for interlocutory appeal under 28 U.S.C. § 1292(b).

Section 1292(b) requires a "controlling question of law." Equitable tolling and the existence of arbitration clauses, by contrast, concern only the scope of the FLSA collective. Because these issues are "separable from and collateral to the merits of [the] lawsuit," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982), they fail to qualify for an interlocutory appeal.

Nor is there "substantial ground for difference of opinion" on either issue. 28 U.S.C. § 1292(b). To the contrary, "courts within the Ninth Circuit have regularly applied equitable tolling to FLSA actions for the necessary delay in deciding a motion for conditional certification[.]" *Linz v. Core Values Roadside Serv., LLC*, 2020 WL 13561591, at *1 (E.D. Wash. July 29, 2020). Most courts in this circuit have also certified FLSA collectives despite the presence of arbitration clauses. *See Zeman v. Twitter, Inc.*, 2024 WL 4032051, at *5 (N.D. Cal. Sept. 3, 2024) (collecting cases).

Finally, an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even if the Ninth Circuit reversed equitable tolling and narrowed the collective, the parties would still be preparing for notice. Rather than delay this case with another appeal, Amazon "may renew their arguments at stage two, where there will

have been additional discovery and argument which will aid a more robust analysis." (Dkt. No. 381 at 7, 9).

## II. Background

The plaintiffs filed this collective and putative class action on behalf of Amazon Flex drivers in 2016. (*See* Dkt. No. 1). They allege that Amazon misclassified them as independent contractors and owe them unpaid wages and expenses. (*Id.*). Plaintiffs originally moved for conditional certification in October 2016, (Dkt. No. 20), but the case was stayed until May 2024 pending appeals in other cases. (*See* Dkt. Nos. 77 at 6, 298 at 1).

Plaintiffs renewed their motion for conditional certification in October 2024, seeking to certify the following collective: "[A]ll individuals who worked as Amazon Flex drivers since October 27, 2013." (Dkt. No. 341 at 15). Plaintiffs also asked the Court to equitably toll the statute of limitations from their first motion for conditional certification. (*Id.*). Amazon opposed both requests. (*See* Dkt. No. 352).

Amazon argued, in relevant part, that its latest arbitration clause—promulgated years into this case—made drivers too dissimilar for conditional certification.[1] (*Id.* at 32–35). As for equitable tolling, Amazon argued that Plaintiffs had to show that wrongful conduct precluded other drivers from pursuing their claims individually within the statute of limitations. (*Id.* at 38–41). The Court rejected both arguments and conditionally certified a collective of "all

---

[1] While the Court has ruled that prior versions of the arbitration clause are unenforceable under the Federal Arbitration Act ("FAA"), *Rittman v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020), Amazon altered its Terms of Service in 2019 to apply Delaware law as a backstop to the FAA. (*Compare* Dkt. Nos. 248-5 at 8, *with* 248-6 at 8–9).

individuals who worked as Amazon Flex delivery drivers on or after October 27, 2013, who are not already represented by counsel on misclassification and related wage and overtime claims." (*See* Dkt. No. 381 at 12).

In rejecting Amazon's arbitration argument, the Court reasoned that it "has yet to receive Defendants' renewed motion to compel arbitration," and it did "not need to reach this issue on the instant motion":

> These differences between versions of the TOS may be material to an arbitration defense, but they are not material to Plaintiffs' claims about the policy. The arbitration provision only controls how disputes between Defendants and their drivers proceed. . . . The focus here is on the "common policy or plan that connects the claims."

(*Id.* at 8) (quoting *Herrera v. EOS IT Mgmt. Sols., Inc.*, 2020 WL 7342709, at *9 (N.D. Cal. 2020)).

The Court also noted that "[i]n this circuit, FLSA collectives have been certified despite the presence of arbitration clauses, . . . especially since the Court first considered arbitration in this matter in 2016[.]" (*Id.*) (citing *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 424–25 (N.D. Cal. 2015); *Zeman*, 2024 WL 4032051, at *5 (N.D. Cal. 2024) (collecting cases); *Herrera*, 2020 WL 7342708, at *9–10 (rejecting out-of-circuit precedent)). The Court saw "no reason to buck the circuit trend," reasoning that "Defendants may move to decertify" if discovery shows drivers are dissimilar. (*Id.*).

As for equitable tolling, the Court recognized that "extraordinary 'litigation circumstances' have justified tolling collective FLSA claims" in the Ninth Circuit. (*Id.* at 10) (citing *Linz*, 2020 WL 13561591, at *1). "This includes court-ordered stays for other cases on appeal, like the stays here." (*Id.*) (citing *See Ray v. Cal. Dep't of Soc. Servs.*, 2019 WL 6888050

(C.D. Cal. 2019)). The Court reasoned that "[a] stay, regardless of any fault on the part of a defendant, prevents notice from all those similarly situated individuals who have a right to litigate collectively." (*Id.*) (citing *Coppernoll v. Hamcor, Inc.*, 2017 WL 1508853, at *2–4 (N.D. Cal. 2017)). "Indeed, the Court previously suggested equitable tolling might be appropriate in light of the stays in this case." (*Id.*) (citing Dkt. No. 77 at 5). The Court thus concluded that "the ends of justice favor tolling the statute of limitations, to account for time awaiting various courts' decisions, up until the date that notice is sent." (*Id.*).

Amazon now seeks to appeal this Court's order conditionally certifying the FLSA collective. Amazon contends that the Court's holdings on arbitration and equitable tolling warrant an immediate appeal under 28 U.S.C. § 1292(b). For the reasons discussed below, the Court should deny Amazon's request.

## III. LEGAL STANDARD

Under Section 1292(b), a district court may certify a non-final order for interlocutory appeal if the order:

> (1) "involves a controlling question of law";
>
> (2) "as to which there is substantial ground for difference of opinion"; and
>
> (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"

28 U.S.C. § 1292(b).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). "It was not intended merely to provide review of difficult

rulings in hard cases." *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Rather, the statute is reserved for "extraordinary cases where the decision of an interlocutory appeal might avoid protracted and expensive litigation." *Id.* As the movant, Amazon bears the burden of showing "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted).

District courts have "first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995). "Even when all three statutory criteria are satisfied, district court judges have unfettered discretion to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (internal quotation marks and citation omitted). By the same token, "[e]ven where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James*, 283 F.3d at 1068.

## IV. ARGUMENT

Amazon wants to immediately appeal the conditional certification order, arguing the Court erred by granting equitable tolling and including drivers who might be subject to arbitration. The Court should deny Amazon's Section 1292(b) motion for three reasons. First, these issues are collateral to the merits of this case, so neither presents a controlling question of law. Second, there is no substantial ground for disagreement, as courts in the Ninth Circuit routinely apply equitable tolling under similar circumstances and certify collectives despite arbitration clauses. Third, because these issues concern only the collective's scope and can be

addressed in a decertification motion, an immediate appeal would not materially advance this case's resolution.

**A. Amazon has failed to identify any controlling questions of law.**

To qualify for an immediate appeal, Amazon must show that the Court's conditional certification order involves a controlling question of law. 28 U.S.C. § 1292(b). To this end, Amazon points to the Court's decision to grant equitable tolling and include drivers who might be subject to arbitration in the collective. But neither issue is "controlling" for purposes of Section 1292(b).

A question of law is controlling if its resolution "on appeal could materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Issues that are "separable from and collateral to the merits of [the] lawsuit," such as equitable tolling and arbitration, are not controlling. *Id.* at 1027. In fact, most courts have held that orders granting conditional certification never present a controlling question of law because they are, by definition, provisional. *See, e.g.*, *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1069 (D. Ariz. 2015) (collecting cases); *Ellerd v. Cnty. of L.A.*, 2009 WL 3462179, at *6 (C.D. Cal. Oct. 22, 2009) ("The Court finds that the requirements for certification of an interlocutory appeal ... are not met here, because [...] defendant may move for decertification upon the completion of discovery."); *Pereira v. Foot Locker, Inc.*, 2010 WL 300027, at *1 (E.D. Pa. Jan. 25, 2010); *LaFleur v. Dollar Tree Stores, Inc.*, 2013 WL 150722, at *4 (E.D. Va. Jan. 11, 2013); *Piazza v. New Albertsons, Inc.*, 2021 WL 3645526, at *3–4 (N.D. Ill. Aug. 16, 2021).

Hoping to avoid the weight of this authority, Amazon conflates Section 1292(b)'s first and third prongs, claiming an immediate appeal might narrow "the issues . . . at the decertification stage" and reduce "the number of plaintiffs." (Dkt. No. 391 at 15). But the Ninth Circuit has rejected the view that an issue is controlling because it "may appreciably shorten the time, effort, or expense of conducting a lawsuit":

> Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable. Since Congress chose to add the additional requirement that the issue for which review is sought must be a "controlling question of law," it would be improper for us to construe the statute as though these two requirements were interchangeable.

*In re Cement Antitrust Litig.*, 673 F.2d at 1027. Because Amazon fails to identify any controlling questions of law, its motion should be denied.

Amazon also describes equitable tolling as a "highly fact-dependent" issue requiring individual proof of reasonable diligence for "every member of the collective." (Dkt. No. 391 at 11). Plaintiffs dispute this, but if equitable tolling did require such individualized inquiries, this too would militate against an immediate appeal. *See Henley v. Jacobs*, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) ("The controlling question of law in an interlocutory appeal generally is a purely legal one that can be resolved quickly without delving into a particular case's facts."); *Andrews v. Plains All Am. Pipeline, LP*, 2022 WL 1840329, at *3 (C.D. Cal. Mar. 8, 2022) ("In other words, the question presented for interlocutory appeal must be one that 'the court of appeals could decide quickly and cleanly without having to study the record.'" ).

**B. There are no substantial grounds for disagreement.**

Amazon has also failed to show a "substantial ground for difference of opinion" on the equitable tolling and arbitration issues under Section 1292(b)'s second prong. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point[.]" *Id.* (internal quotation marks omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (cleaned up). "A split on an issue among district courts is rarely substantial enough on its own to justify interlocutory appeal." *Wang v. Zymergen Inc.*, 2024 WL 5116962, at *4 (N.D. Cal. Dec. 16, 2024).

***1. Equitable tolling***

There is no "substantial ground for difference of opinion" on the equitable tolling issue. To the contrary, the Ninth Circuit has held that equitable tolling is appropriate where the plaintiff is prevented from asserting a claim because of extraordinary circumstances beyond their control. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 596 (9th Cir. 1991). District courts within this circuit agree that extraordinary "litigation circumstances" justify tolling collective FLSA claims. *See Linz*, 2020 WL 13561591, at *2. This includes court-ordered stays for other cases on appeal, like the eight years of stays here. *See Ray*, 2019 WL 6888050, *8. As this Court recognized, "[a] stay,

regardless of any fault on the part of a defendant, prevents notice from all those similarly situated individuals who have a right to litigate collectively." (Dkt. No. 381 at 10) (citing *Coppernoll*, 2017 WL 1508853, at *2–4. Consistent with this precedent, this Court previously suggested equitable tolling might be appropriate in light of the stays in this case. (Dkt. No. 77 at 5).

Rather than address this precedent, Amazon contends that the Court erred by resolving "the timeliness issue across the entire collective." (Dkt. No. 391 at 11). According to Amazon, the Court should have required "proof of reasonable diligence" from every member of the collective before tolling their claims. (*Id.*). Setting aside that such an approach would be unprecedented in this circuit, Amazon's "strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch*, 611 F.3d at 633.

### *2. Arbitration*

Nor is there any "substantial ground for difference of opinion" on the arbitration issue. As this Court noted, "FLSA collectives have been certified despite the presence of arbitration clauses, . . . especially since the Court first considered arbitration in this matter in 2016[.]" (*Id.*) (citing *Saravia*, 310 F.R.D. at 424–25; *Zeman*, 2024 WL 4032051, at *5 (N.D. Cal. 2024) (collecting cases); *Herrera*, 2020 WL 7342708, at *9–10 (rejecting out-of-circuit precedent)). The Court saw "no reason to buck the circuit trend," reasoning that "Defendants may move to decertify" if discovery shows drivers are dissimilar. (*Id.*).

To invent a conflict, Amazon cites *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500-04 (5th Cir. 2019); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011-12 (6th Cir. 2023); *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048-51 (7th Cir. 2020). Each of these

cases held that the defendant had to establish the existence of enforceable arbitration agreements to limit or defeat conditional certification. This Court has already provided Amazon with the same opportunity, *see Rittman*, 383 F. Supp. 3d at 1196, and Amazon will have a chance to enforce its latest arbitration clause at the decertification stage. Thus, the Court's conditional certification ruling, which aligns with in-circuit precedent, does not conflict with these out-of-circuit cases.

**C. An immediate appeal would not materially advance the ultimate termination of this litigation.**

To satisfy Section 1292(b)'s third prong, Amazon must show that an immediate appeal would "materially advance the ultimate termination of [this] litigation." 28 U.S.C. § 1292(b). Amazon cannot meet this burden for four reasons.

First, the issues Amazon seeks to appeal—equitable tolling and arbitration—concern only the scope of the collective and do not affect the merits of the case. Even if the Ninth Circuit were to reverse the Court's rulings on these issues, the overall posture of this case would remain unchanged. The parties would still be preparing to send notice, albeit after a one to two-year delay.

Second, an appeal of the arbitration issue would be premature because Amazon has not shown the existence of enforceable arbitration clauses among collective members. Although the Court has ruled that prior versions of the arbitration clause are unenforceable under the Federal Arbitration Act ("FAA"), *Rittman*, 383 F. Supp. 3d at 1196, Amazon altered its Terms of Service ("TOS") in 2019 to apply Delaware law as a backstop to the FAA. (*Compare* Dkt. Nos. 248-5 at 8, *with* 248-6 at 8–9). Plaintiffs assert that the 2019 arbitration clause is equally

unenforceable, and Amazon should not be permitted to limit the scope of this court case through distribution of a new arbitration agreement after the case was filed.

Third, Amazon may still move to decertify the collective after notice is sent. As this Court has noted, arguments about tolling and arbitration can be revisited at the decertification stage with "additional discovery and argument." (*See* Dkt. No. 381 at 7, 9).

Finally, this case was already stayed for eight years. (*See* Dkt. Nos. 77 at 6, 298 at 1). During that delay, memories faded, evidence turned stale, and some Plaintiffs lost interest in their claims. (*See* Dkt. Nos. 378, 390). Another one to two-year delay from an appeal would exacerbate these problems without advancing the case toward a decision on the merits.

## V. CONCLUSION

Amazon fails all three prongs of Section 1292(b), so the Court should not delay litigation by one to two years with another appeal. After eight years of stays, members of the collective deserve immediate notice of their FLSA rights to participate in this action. The Court should thus deny Amazon's motion under 28 U.S.C. § 1292(b) so that the parties may issue notice.

Dated: December 24, 2024

*I certify that this opposition brief contains 3,535 words in compliance with the Local Civil Rules.*

By: *s/ Shannon Liss-Riordan*

Shannon Liss-Riordan (*pro hac vice*)
Harold L. Lichten (*pro hac vice*)
Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
jabay@llrlaw.com

Michael C. Subit, WSBA No. 29189
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

*Attorneys for Rittmann Plaintiffs*