THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | No. 2:16-cv-1554<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR: December 30, 2024 |



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The questions presented are subject to reasonable disagreement because they are unresolved in this Circuit and treated differently in other circuits .......... 2

B. The issues here easily satisfy Section 1292(b)'s remaining requirements, as many courts of appeals have recognized .......... 4

III. CONCLUSION .......... 6



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bigger v. Facebook, Inc.*,
947 F.3d 1043 (7th Cir. 2020) ....................3, 4, 5

*Bills v. Clark*,
628 F.3d 1092 (9th Cir. 2010) ....................2

*Bruno v. Wells Fargo Bank N.A.*,
Nos. 21-8023 & -2734 (3d Cir.)....................5

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) ....................4

*Clark v. A&L Homecare & Training Ctr., LLC*,
68 F.4th 1003 (6th Cir. 2023) ....................3, 4, 5

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ....................3

*Droesch v. Wells Fargo Bank, N.A.*,
2021 WL 2805604 (N.D. Cal. July 6, 2021)....................3

*In re Eli Lilly*,
Nos. 24-8017 & -2574 (7th Cir.) ....................5

*Fichtner v. Am. Family Mut. Ins. Co.*,
2004 WL 3106753 (D. Or. Mar. 1, 2004)....................3

*Johnson v. Lucent Techs. Inc.*,
653 F.3d 1000 (9th Cir. 2011) ....................2

*In re JPMorgan Chase & Co.*,
916 F.3d 494 (5th Cir. 2019) ....................3, 4

*Kuehner v. Dickinson & Co.*,
84 F.3d 316 (9th Cir. 1996) ....................5

*Meeker v. Belridge Water Storage Dist.*,
2007 WL 781889 (E.D. Cal. Mar. 13, 2007) ....................4

*Menominee Indian Tribe of Wis. v. United States*,
577 U.S. 250 (2016)....................2

*Peterson v. Alaska Commcn's Sys. Grp., Inc.*,
2014 WL 12696527 (D. Alaska Dec. 17, 2014) ....................2



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

**TABLE OF AUTHORITIES** (cont'd)

Page(s)

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ....................1

*Scholar v. Pac. Bell*,
963 F.2d 264 (9th Cir. 1992) ....................2

*Swales v. KLLM Transp. Servs., LLC*,
985 F.3d 430 (5th Cir. 2021) ....................5

**Statutes**

28 U.S.C. § 1292(b) ....................1, 3, 4, 5, 6



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

# I. INTRODUCTION

Plaintiffs resist Section 1292(b) certification only by misstating the standard and disregarding the widespread division over and substantial consequences of the questions presented by this Court's conditional-certification order (Dkt. 381).

On the standard, Plaintiffs suggest that issues affecting conditional certification are necessarily "collateral" and beyond Section 1292(b)'s scope. Plaintiffs are wrong twice over. The Ninth Circuit has rejected exactly the sort of collateral-versus-merits reasoning that Plaintiffs offer. Moreover, the issues presented here are not collateral—especially with respect to equitable tolling, which dictates whether would-be recipients of judicial notice have timely claims they could advance in a collective. District and circuit courts around the country have authorized Section 1292(b) review of conditional-certification orders, including to address issues relating to arbitration agreements and tolling. *See* Mot. 10. Plaintiffs never acknowledge those cases.

On the issues themselves, Plaintiffs offer nothing to undercut Amazon's showing that "'reasonable judges might differ'" about the correct answers. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Plaintiffs brush aside equitable tolling, insisting that the Court's decision isn't fit for Section 1292(b) review because a handful of district courts have taken a similar approach. Opp. 8-9. But Section 1292(b) review does not require this Court's decision to be grievously erroneous and one-of-a-kind; what matters is only whether the issue is debatable. And the tolling issue here is debatable at the very least: the Ninth Circuit has never addressed how tolling issues overlap with conditional certification, and other courts in this Circuit and elsewhere have taken an entirely different approach. Mot. 5-7. The same applies for arbitration: Plaintiffs again focus on district courts that have agreed with this Court, yet they have little to say about the courts in this Circuit and elsewhere that have refused to issue judicial notice to people who may be bound to arbitrate. Plaintiffs disregard the reasonable disagreement at the heart of Section 1292(b) review. This Court should grant Amazon's motion and certify an interlocutory appeal.



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

## II. ARGUMENT

### A. The questions presented are subject to reasonable disagreement because they are unresolved in this Circuit and treated differently in other circuits.

**1.** Plaintiffs say that the issues Amazon raises with the equitable-tolling aspect of the conditional-certification order amount merely to "'disagreement with the Court's ruling.'" Opp. 9. Not in the slightest: the Court's order implicates several legal issues about which reasonable judges have *already* disagreed.

Plaintiffs insist that "extraordinary 'litigation circumstances'" alone can support an order tolling the claims of all members of a putative collective in gross. Opp. 8. That is a dramatic overstatement: the circumstances must have "'made it *impossible* [for would-be opt-in plaintiffs] to meet the filing deadline,'" *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (emphasis added), and Plaintiffs neither acknowledge that standard nor try to explain how the facts here could satisfy it, not least because tens of thousands of Delivery Partners *have* advanced their claims by opting in or demanding arbitration. Mot. 5. Plaintiffs also ignore an independent requirement for equitable tolling: any party who seeks tolling must show that she pursued her rights diligently in the meantime. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). Members of the collective had all the information needed to assert their claims years ago, and some did so even while this case was stayed. Mot. 3. Plaintiffs' silence on *Menominee*'s diligence requirement amounts to a concession that it wasn't satisfied.

Plaintiffs also see no issue with the Court's "resolving 'the timeliness issue across the entire collective,'" before any opt-in plaintiffs could be held to their burden of showing that tolling is appropriate. Opp. 9. But equitable tolling is "'highly fact-dependent'" and so must "be decided on a case-to-case basis." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (cleaned up). Plaintiffs fail to engage with the district courts that have accordingly concluded that "equitable tolling is more appropriately evaluated after potential plaintiffs have opted in." *E.g.*, *Peterson v. Alaska Commcn's Sys. Grp., Inc.*, 2014 WL 12696527, at *8 (D. Alaska Dec. 17, 2014); *see* Mot. 6. Nor do Plaintiffs address the heavy burden facing any party that invokes equitable tolling, which must be used "sparingly" and in only "extreme cases," *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

Cir. 1992); the evidence that Congress rejected the sort of across-the-board tolling rule for FLSA actions that Plaintiffs seek, *see* Mot. 4; or the case law holding that a lack of affirmative notice, absent further conditions that "prevented" the parties from advancing their rights, is *not* enough to justify tolling, *e.g.*, *Fichtner v. Am. Family Mut. Ins. Co.*, 2004 WL 3106753, at *10 (D. Or. Mar. 1, 2004); *see* Mot. 5-6.

Plaintiffs call Amazon's arguments "unprecedented," meaning they haven't been expressly endorsed in all their particulars by the Ninth Circuit. Opp. 9. But the fact that the Circuit has not yet addressed the issue is reason to *approve* Section 1292(b) review, not deny it. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). For all their protests, Plaintiffs cannot point to any Ninth Circuit decision on tolling in the conditional-certification context or that resembles this case.

**2.** The arbitration issue follows the same pattern. Plaintiffs point to some district courts in this Circuit that have approved the issuance of judicial notice to people who may have agreed to arbitrate their claims, Mot. 9—but the relevant standard is whether the question is subject to reasonable disagreement, not whether *every* judge would disagree.

Under the correct standard, the arbitration issue clears Section 1292(b)'s bar with room to spare. True, some district courts in the Ninth Circuit have agreed with this Court. Mot. 8. But others have disagreed and declined to issue notice to employees who agreed to arbitrate. *See id.* Plaintiffs never address those decisions. And at least three courts of appeals have held that courts may *not* order judicial notice under the FLSA without first resolving whether would-be recipients are bound to arbitrate. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500-04 (5th Cir. 2019); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011-12 (6th Cir. 2023); *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048-51 (7th Cir. 2020). Plaintiffs don't deny that, as many courts have observed, the Ninth Circuit "has not had the opportunity" to address the issue. *E.g.*, *Droesch v. Wells Fargo Bank, N.A.*, 2021 WL 2805604, at *2 (N.D. Cal. July 6, 2021); *see* Mot. 7. This Court's order presents that opportunity.

Plaintiffs insist that any conflict with out-of-circuit decisions is "invent[ed]," Opp. 9-10, but the conflict is real. Both Plaintiffs and this Court have recognized that the conditional-certification order rests on decisions "rejecting out-of-circuit precedent." *Id.* at 9 (quoting Dkt. 381 at



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

8). Plaintiffs are wrong to suggest that the conflict evaporates simply because Amazon could raise arbitration issues "at the decertification stage," after over one million people have received notice and potentially opted in. *Id.* at 10. The other circuits to address this issue have made clear that courts "may not *send notice*" to a person who is bound to arbitrate, at least unless the record affirmatively "shows that nothing in the agreement would prohibit that [person] from participating in the collective action," and have rejected decisions deferring arbitration issues to subsequent stages. *JPMorgan*, 916 F.3d at 500-02 (emphasis added); *accord Bigger*, 947 F.3d at 1050; *Clark*, 68 F.4th at 1012.

**B. The issues here easily satisfy Section 1292(b)'s remaining requirements, as many courts of appeals have recognized.**

Interlocutory review is also warranted when the order presents an issue that is "controlling" and whose resolution "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although Plaintiffs argue that Amazon "conflates" those requirements, Opp. 7, in reality they are "closely linked," *e.g.*, *Meeker v. Belridge Water Storage Dist.*, 2007 WL 781889, at *6 (E.D. Cal. Mar. 13, 2007). A question is "controlling" when its answer "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Plaintiffs' opposition is largely unresponsive on these related requirements because, in three ways, it misstates the standards that govern Section 1292(b) certification.

*First*, Plaintiffs are wrong to suggest that the Ninth Circuit has rejected certification when the relevant issues "are 'separable from and collateral to the merits.'" Opp. 6 (quoting *Cement*, 673 F.2d at 1027). Section 1292(b) review was inappropriate in *Cement* only because the question presented (whether a judge should have recused) would "neither affect the ability of the district court to render a binding decision nor materially affect the outcome of the litigation." 673 F.2d at 1027. The Ninth Circuit recognized that the phrase "controlling question of law" should not be interpreted "so narrowly as to require that reversal of the district court's order terminate the litigation" and clarified that it was "not imply[ing] that issues collateral to the merits may never properly be the subject of a section 1292(b) appeal." *Id.* at 1026-27 & n.5. Thus, when a party later invoked *Cement* to argue, as Plaintiffs do, that Section 1292(b) was limited to questions involving "who



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

will win on the merits," the Ninth Circuit flatly rejected the argument: even " 'issues collateral to the merits' may be the proper subject of an interlocutory appeal," especially if delaying appellate review "could cause . . . needless expense." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Regardless, the equitable tolling issue here dictates whether the claims of many thousands of Delivery Partners are time barred, so that issue cannot be swept aside as merely "collateral."

*Second*, Plaintiffs again invent a rule—this time, that Section 1292(b) certification is unwarranted with respect to issues that "concern only the scope of the collective." Opp. 10. If that were correct, then conditional-certification orders would never be certified. But many courts of appeals have granted Section 1292(b) petitions to review orders presenting issues affecting the "scope" of judicial notice. *See* Mot. 10. Those decisions include not just cases addressing the FLSA's similarly-situated requirement and how it should be applied at conditional certification, *e.g.*, *Clark*, 68 F.4th at 1008; *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 439 (5th Cir. 2021); *In re Eli Lilly*, Nos. 24-8017 & -2574 (7th Cir.) (appeal pending), but also cases specifically addressing the permissibility of sending judicial notice to people who agreed to arbitrate, *Bigger*, 947 F.3d at 1048; *Clark*, 68 F.4th at 1008; *Bruno v. Wells Fargo Bank N.A.*, Nos. 21-8023 & -2734 (3d Cir.) (appeal dismissed following settlement). Plaintiffs' refrain that these sorts of orders are beyond Section 1292(b) flies in the face of this widespread activity.

*Third*, Plaintiffs mischaracterize the questions that warrant review. Plaintiffs argue, for instance, that because equitable tolling "require[s] . . . individualized inquiries," interlocutory review would require the Ninth Circuit to address too many fact-intensive issues. Opp. 7. But the question is whether equitable tolling can be dispensed all at once, at conditional certification, *absent* specific evidence about particular would-be plaintiffs and their diligence (or lack of diligence) in pursuing their claims. If anything, Plaintiffs' strategic choice to litigate the tolling issue *without* facts means the question is presented in a stark, purely legal form that makes review especially appropriate. Similarly, the issue that has divided district and circuit courts is whether FLSA notice can be issued to people *before* their obligation to arbitrate is resolved. Mot. 7. It is no answer to



GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

call *that* issue "premature" on the ground that the distinct arbitrability issue has not been resolved, or to invite later decertification litigation after notice goes out. *Id.* at 10-11.

There are strong reasons for granting Section 1292(b) review. This Court has conditionally certified one of the largest FLSA collectives ever. If the Ninth Circuit agrees with Amazon, both the number of people to receive notice and the array the issues left for decertification will be dramatically reduced, if not eliminated. *See* Mot. 10. Pressing forward with notice and subsequent litigation now, without the benefit of timely guidance from the Ninth Circuit on these unresolved issues, would risk sowing widespread confusion across more than a million Flex Delivery Partners and wasting judicial and party resources. Although Plaintiffs complain that an appeal would delay the notice the Court has ordered, that assumes Plaintiffs would prevail on appeal—an argument that could be said in *every* Section 1292(b) case. Plaintiffs have given no sound reason not to ask the Ninth Circuit for answers on the important, recurring, and unresolved questions presented here.

## III. CONCLUSION

The Court should certify its order under 28 U.S.C. § 1292(b).

Dated: December 30, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: s/ *Jason C. Schwartz*

Jason C. Schwartz, *Admitted Pro Hac Vice*
Lucas C. Townsend, *Admitted Pro Hac Vice*
Dhananjay S. Manthripragada, *Admitted Pro Hac Vice*
1700 M Street, N.W.
Washington, D.C. 20036-4504
+1 202.955.8500
jschwartz@gibsondunn.com
ltownsend@gibsondunn.com
dmanthripragada@gibsondunn.com

Megan Cooney, *Admitted Pro Hac Vice*
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
mcooney@gibsondunn.com

MORGAN, LEWIS & BOCKIUS LLP

By: s/ *Andrew DeCarlow*

Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
+1 206.274-0154
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt, *Admitted Pro Hac Vice*
James P. Walsh, Jr., *Admitted Pro Hac Vice*
502 Carnegie Center
Princeton, NJ 08540
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Sarah Zenewicz, *Admitted Pro Hac Vice*
One Market Spear Street Tower
San Francisco, CA 94105
sarah.zenewicz@morganlewis.com

*Attorneys for Defendants*
*Amazon.com, Inc. and Amazon Logistics, Inc.*

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.