THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    BERNADEAN RITTMANN, *et al.*,              CASE NO. C16-1554-JCC

10                        Plaintiffs,           ORDER

11          v.

12   AMAZON, INC., *et al.*,

13                        Defendants.

14

15          This matter comes before the Court on Defendants' motion to certify an order for

16   interlocutory appeal (Dkt. No. 391). Having thoroughly considered the briefing and the relevant

17   record, the Court finds oral argument unnecessary and hereby DENIES the motion for the

18   reasons explained herein.

19          The facts of this case are well-documented elsewhere and the Court will not repeat them.

20   (*See, e.g.,* Dkt. No. 338 at 1–2.) Plaintiff delivery drivers sued Defendants in a putative class

21   action on various grounds, including the Fair Labor Standards Act ("FLSA"). (Dkt. No. 262 at

22   30.) The FLSA permits a court to conditionally certify an opt-in class, which may trigger notice

23   to prospective members. 29 U.S.C. § 216(b); *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165,

24   169 (1989). This Court granted conditional certification. (*See* Dkt. No. 381 at 2–7) (citing

25   *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112–13 (9th Cir. 2018)). Pursuant to that

26   decision, the parties were ordered to confer on a sufficiently conditional class notice that is

1    neutral and clear to prospective class members. (*Id.* at 12.)

2         Defendants now ask the Court to certify its conditional certification order for

3    interlocutory review. (*See generally* Dkt. No. 391.) Although Defendants do not challenge

4    certification generally, they submit that there are two issues with the scope of the class

5    appropriate for review: (1) whether Plaintiffs' FLSA claims could be equitably tolled on a class-

6    wide basis and (2) whether notice should issue to certain class members who have allegedly

7    agreed to arbitration. (*Id.* at 9–14.) On the first issue, the Court found that the interests of justice

8    weighed in favor of class-wide tolling because of an eight-year stay on Plaintiffs' original

9    certification motion. (*See* Dkt. No. 381 at 9–10) (explaining that such an extraordinary litigation

10   circumstance justifies tolling). Defendants, on the other hand, submit that equitable tolling

11   requires individualized, fact-bound assessments. (Dkt. No. 391 at 9–10.) They observe that many

12   potential class members have initiated arbitration elsewhere, thus they were not prevented from

13   bringing their claims. (*Id.* at 10.)[1]

14        On the second issue, the Court followed the Ninth Circuit trend of conditional

15   certification, in spite of arbitration clauses. (*See* Dkt. No. 381 at 8) (collecting cases and

16   distinguishing *Geiger v. Charter Commc'ns Inc.*, 2019 WL 8105374 (C.D. Cal. 2019)). The

17   Court reserved judgment on arbitration and observed that Defendants would have at least two

18   more opportunities to litigate the issue: at its expected renewed motion to compel arbitration and

19   the FLSA class decertification stage. (*Id.* at 9.) Defendants maintain this is an important question

20   not yet answered in this circuit (but which has in others). (Dkt. No. 391 at 13.)

21        A district court may, in its discretion, certify an order for interlocutory appeal if (1) it

22   involves a controlling question of law (2) as to which there is substantial ground for difference of

23   opinion and (3) an immediate appeal from the order may materially advance the ultimate

24   termination of the litigation. 28 U.S.C. § 1292(b); *see also Swint v. Chambers Cnty. Comm'n*,

25

26   [1] Plaintiffs' have stipulated to exclude from notice any class members already represented in
arbitration. (*See* Dkt. No. 381 at 9 n.2.)

ORDER
CR16-1554-JCC
PAGE - 2

514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals"). Interlocutory appeals are approved only in rare circumstances because they are "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). They are "not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). As the party moving for review, Defendants here have the burden of showing that all three elements are met. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (overruled on other grounds). They fail to do so.

As to the first element, Defendants have not shown that the conditional class certification order presents a controlling question of law (much less its scope). "Generally an order granting class action status does not involve a controlling question of law." *Blackie v. Barrack*, 524 F.2d 891, 898 n.13 (9th Cir. 1975). This is especially true of FLSA class certification because, unlike Rule 23 class certification, it is *conditional*. As explained in the Court's order, FLSA certification usually proceeds in two stages: conditional certification then decertification. (Dkt. No. 381 at 3.) The Court's conditional decision in the instant order may be altered at stage two. In addition, there are numerous other claims still to be litigated here besides those under the FLSA. (*See* Dkt. No. 338 at 7–18) (dismissing some claims but leaving others). Even assuming reasonable judges could differ on the issues here, what is presented is "nothing more than an uncertain question of law relevant to only [two] of several causes of action alleged below." *U.S. Rubber Co.*, 359 F.2d at 785. Therefore, it is not controlling in the relevant sense. *See Villareal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1069 (D. Ariz. 2015) (citing cases and holding the same).

The third element for interlocutory review is "closely linked" to the first. *Id.* at 1071. For similar reasons to those stated above, the Court does not find an appeal of its conditional order would advance the termination of this litigation. Both the equitable tolling and arbitration issues could be mooted at the decertification stage. Interlocutory appeal could just as well delay the litigation here, especially in light of the remaining claims. *See id.* at 1073. Defendants would

ORDER
CR16-1554-JCC
PAGE - 3

1  only be correct that an appeal will advance the litigation if a raft of assumptions come to pass.

2  *See id.* at 1071 n.5. That is not enough for this Court to certify the order.

3          To summarize, Defendants fail to show that at least two of three statutory factors are met

4  to justify the exceptional relief they seek. Accordingly, their motion for certification for

5  interlocutory appeal (Dkt. No. 391) is DENIED.

6

7          DATED this 29th day of January 2025.

8

9

10

11

12

13

14                                    John C. Coughenour
                                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR16-1554-JCC
PAGE - 4