THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,

Defendants.

No. 2:16-cv-1554-JCC

**DEFENDANTS AMAZON.COM, INC. AND AMAZON LOGISTICS, INC.'S MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT'S DISCOVERY ORDER**

NOTE ON MOTION CALENDAR:
February 24, 2025

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT ORDER

No. 2:16-cv-1554-JCC

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 1

III. ARGUMENT .......... 9

A. This Court Should Dismiss The Three Plaintiffs Who Failed To Comply Entirely With This Court's Order To Respond To Amazon's Discovery Requests. .......... 9

B. This Court Should Dismiss The Remaining Plaintiffs Who Too Have Materially Failed To Comply With The Court's Order. .......... 9

IV. CONCLUSION .......... 11

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT ORDER

No. 2:16-cv-1554-JCC — Page i

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Fisher v. Priority Mortg., Inc.*,
2006 WL 2597934 (W.D. Wash. Sept. 8, 2006) .......... 11

*Johnson v. Holtgeerts*,
397 F. App'x 405 (9th Cir. 2010) .......... 11

*Rogers v. Giurbino*,
288 F.R.D. 469 (S.D. Cal. 2012) .......... 10

## Rules

Fed. R. Civ. P. 26(g)(1)(A) .......... 10

Fed. R. Civ. P. 33(b) .......... 10

Fed. R. Civ. P. 37(b)(2)(A) .......... 9, 10

Fed. R. Civ. P. 37(c)(1)(C) .......... 10

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT ORDER

No. 2:16-cv-1554-JCC — Page ii

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

## I. INTRODUCTION

This Court has already dismissed with prejudice the claims of five Plaintiffs who failed to comply with their obligations to participate in discovery. ECF 395 at 3. Three additional Plaintiffs (Juan Manuel Alvarez, Louie Ronquillo, and Sean Hoyt) failed to produce a single supplemental response or production by the Court-ordered January 17, 2025 deadline, and their claims should likewise be dismissed with prejudice for failure to participate in discovery. *See id.*

The remaining eight Plaintiffs (Emmanuel Adamson, Shenia Brown, Freddie Carroll, Ricky Diaz, Tommy Garadis, Kimberlee Keller, Alejandro Garcia Puentes, and Debra Wilkins) failed to timely provide complete and compliant discovery responses and productions in accordance with the Court's Order. While these Plaintiffs provided some supplemental documents and information, and some have said they are working to provide more, they have all failed to comply with the Court's order and should also be dismissed with prejudice.

## II. FACTUAL BACKGROUND

On January 10, 2023, Amazon served Interrogatories and Requests for Production on each of the nineteen named and opt-in Plaintiffs in the case at that time. ECF 349 ¶ 3. On September 26, 2024, following a stay of proceedings, Amazon sent letters detailing deficiencies in the Responses for the seventeen remaining Plaintiffs. *Id.* ¶ 24. Although they did not substantively respond to Amazon's letters and ignored Amazon's repeated follow-up requests, Plaintiffs agreed to produce the requested documents. *Id.* ¶¶ 27–28.

Despite their agreement to produce documents, Plaintiffs failed to do so. *Id.* ¶ 29. On October 24, 2024, Amazon moved to compel supplemental responses to its discovery requests and the production of documents. ECF 348. Specifically, Amazon moved that Plaintiffs (1) "should produce all responsive documents they already agreed to produce," *id.* at 4; (2) should respond to discovery requests relating to expenses, revenues, and profits, such as the time periods Plaintiffs worked as Delivery Partners, information about their vehicles, and relevant phone records, *id.* at 4–7; (3) should respond to discovery requests relating to Plaintiffs' activities during the periods they performed services, including services performed for other entities, the number of hours they

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

worked, and "personal activities … that Plaintiffs engaged in on days they performed services as Delivery Partners," *id.* at 8–12; and (4) should respond to other discovery requests generally relating to Plaintiffs' claims and Amazon's defenses, *id.* at 13–14. Amazon also moved to dismiss several Plaintiffs for failure to participate in discovery. *Id.* at 3; ECF 379 at 10–12.

The Court granted Amazon's motions on December 18, 2024. ECF 395. Its Order reiterated that "the Court has previously and generally warned that unresponsive Plaintiffs would be dismissed." *Id.* at 3. The Court dismissed four opt-in Plaintiffs "for failure to comply with the Court's discovery order" and dismissed one named Plaintiff "for failure to respond to discovery or attend his deposition." *Id.* The Order also instructed that, by no later than January 17, 2025, the remaining Plaintiffs must produce documents sought by Amazon: Schedule C documents, which Plaintiffs stipulated to produce; phone records; documentation of vehicle expenses; and earnings information regarding contemporaneous employment and other gig work. *Id.* at 4–6. The Order further instructed Plaintiffs to answer Amazon's Interrogatory No. 15, which asks "for the instances when [Plaintiffs] claim to have been underpaid in this action," by the same date. *Id.* at 5–6. The Court also compelled five of the then-Plaintiffs (Raef Lawson, Adriana Ponce, Cinthia Yarleque, Julie Wehmeyer, and Lisa Evanoff) to sit for deposition by January 17, 2025 or be dismissed. *Id.* at 6. Ultimately, none of those five appeared for deposition, and all stipulated to dismiss their claims with prejudice. ECF 404. Plaintiff Craig Adams has now indicated that he will stipulate to dismiss his claims with prejudice as well. Declaration of Megan Cooney ("Cooney Decl.") ¶ 29 & Ex. 16.

Despite this Court's Order and its repeated warnings that "unresponsive Plaintiffs would be dismissed," the eleven remaining Plaintiffs have failed to satisfy their discovery obligations, in violation of the Order and the Federal Rules of Civil Procedure. *See, e.g.*, ECF 359 at 2; ECF 367 at 3 n.1. Three of these Plaintiffs (Alvarez, Ronquillo, and Hoyt) made no efforts to comply with the Order:

- Plaintiffs Alvarez and Ronquillo did not produce a single document, nor did they provide a supplemental response to Interrogatory No. 15. Cooney Decl. ¶ 4. At a meet

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

and confer on January 30, 2025, Alvarez's counsel indicated that they have not been able to reach him. *Id.* ¶ 27. Ronquillo's counsel has not responded to Amazon's meet and confer requests.[1] *Id.* ¶ 25.

- Plaintiff Hoyt also did not produce a single document or provide a supplemental response to Interrogatory No. 15. *Id.* ¶ 4. Instead, his counsel served a letter purporting to provide an "update regarding Plaintiff Hoyt's discovery responses and documents." *Id.* ¶ 5 & Ex. 1. In addition to claiming that Hoyt does not have many responsive documents, the letter purports to change Hoyt's prior verified Interrogatory responses by offering different information about the vehicle he drove when using Flex; states that bank records he cannot access "may" include information about his phone expenses; and lists, without any supporting detail, seven days he claims he was not paid minimum wage. *Id.*, Ex. 1. The letter was not signed or verified by Hoyt.[2] *Id.*

The other eight Plaintiffs (Adamson, Brown, Carroll, Diaz, Garadis, Keller, Puentes, and Wilkins) produced some additional documents, but did not include the responsive documents or supplemental responses the Court ordered them to produce. ECF 395 at 4–5.

| Plaintiff | Court-Ordered Material That Was Not Produced |
|---|---|
| Adamson | • ***Interrogatory No. 15***: His supplemental response states that "Amazon has records in its possession … sufficient to derive his expense reimbursement and |

[1] On February 3, 2025—after Amazon informed Plaintiffs that it intended to file this Motion and over two weeks after the Court-imposed deadline for serving discovery responses—Ronquillo's counsel informed Amazon that they had been unable to reach him. Cooney Decl., Ex. 14. Counsel had previously failed to respond to any of Amazon's correspondence regarding the Court's December 18, 2024 Order. *Id.* ¶ 25.

[2] On January 27, Amazon sent a meet-and-confer email outlining the deficiencies with Plaintiffs' productions. Cooney Decl. ¶ 24. On January 30—nearly two weeks after the court-ordered deadline—Hoyt's counsel served supplemental responses to Amazon's Interrogatories and Requests for Production. *Id.* ¶ 33 & Exs. 18, 19. In addition to being untimely, the Interrogatories were not verified by Hoyt. *Id.*, Ex. 18. They were also deficient, including because the response to Interrogatory No. 15 did not "[i]dentify[] the hours … relevant to the claims," ECF 395 at 6, and the response to Requests for Production No. 18 stated that documents related to Hoyt's other gig work or employment are not relevant, contrary to the Court's Order, *id.* at 4–5; *see* Cooney Decl., Exs. 18, 19.

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

| | |
|---|---|
| | minimum wage damages," and that he "is unable to identify specific dates or quantify the exact number of weeks or hours worked where pay for services as Delivery Partner fell below the legally required state or federal minimum wage." Cooney Decl. ¶ 9 & Ex. 4. The Court has already held that such a response is insufficient and ordered Plaintiffs to "[i]dentify[] the hours and weeks relevant to the claims." ECF 395 at 5–6 & n.2.<br>• ***Vehicle Expenses***: In his supplemental responses to Amazon's Requests for Production, he indicated that he was unable to locate documents regarding vehicle-related expenses. Cooney Decl. ¶ 9 & Ex. 5. On January 29, 2025, he belatedly produced some documents related to his car insurance payments. *Id.* ¶ 31. He did not produce records of any other vehicle expenses. *Id.* ¶¶ 10, 31.<br>• ***Schedule Cs***: He did not produce a schedule C for 2018, the year he used Flex. *Id.* ¶ 10. On January 29, 2025, he belatedly produced a screenshot of an IRS webpage for requesting tax documents, but there is no evidence that he requested the relevant Schedule C. *Id.* ¶ 31. |
| Brown | • ***Interrogatory No. 15***: No supplemental response served. Cooney Decl. ¶ 11.<br>• ***Phone Expenses***: She produced some checking account summaries dated December 2017–January 2020 that contain phone-related payments, but they do not include phone expenses for the time period she used Flex (2016–2017). *Id.* ¶ 12. Her counsel sent a letter on January 17, 2025 claiming that she does not have any responsive phone records but that she has requested documents from her phone carriers. *Id.* ¶ 17 & Ex. 7. Brown did not sign or otherwise verify the letter. *Id.*, Ex. 7.<br>• ***Vehicle Expenses***: She produced some checking account summaries that contain vehicle-related payments, but they do not include expenses for the |

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

| | |
|---|---|
| | relevant time period. *Id.* ¶ 12. The unverified letter from her counsel says that Brown has no other documents related to vehicle expenses. *Id.*, Ex. 7.<br>• ***Schedule Cs***: She did not produce any Schedule Cs for the years she used Flex. *Id.* ¶ 12.<br>• ***Other Gig Work***: Although she produced some documents pertaining to her various jobs and other gig work, the documents do not include earnings information from other gig companies that Brown said she worked with during the time she used Flex. *Id.* ¶ 12, Ex. 7. |
| Carroll | • ***Interrogatory No. 15***: No supplemental response served. Cooney Decl. ¶ 13. Instead, his counsel sent a letter on January 17, 2025 stating that he "may require additional discovery before being able to make those calculations." *Id.* ¶ 17 & Ex. 7. Carroll did not sign or otherwise verify the letter. *Id.*, Ex. 7.<br>• ***Phone Expenses***: He did not produce any phone expense records for the time period he used Flex (2015–2022). *Id.* ¶ 14.<br>• ***Vehicle Expenses***: He did not produce any vehicle expense records for the time period he used Flex (2015–2022). *Id.* The unverified letter his counsel sent stated that he is "endeavoring to obtain" bank statements detailing his vehicle expenses. *Id.*, Ex. 7.<br>• ***Schedule Cs***: He did not produce any Schedule Cs for the years he used Flex. *Id.* ¶ 14.<br>• ***Other Gig Work***: He did not produce any earnings information for the relevant time period, and his counsel's letter stated only that he is seeking to obtain records related to his other gig work. *Id.* ¶ 14 & Ex. 7. |
| Diaz | • ***Interrogatory No. 15***: His supplemental response states that "Amazon has records in its possession … sufficient to derive his expense reimbursement and minimum wage damages," and that he "is unable to identify specific dates or quantify the exact number of weeks or hours worked where pay for services |

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

| | |
|---|---|
| | as Delivery Partner fell below the legally required state or federal minimum wage." Cooney Decl. ¶ 7 & Ex. 2. As with Adamson's response, this response is insufficient for the reasons set forth in the Court's December 18, 2024 Order. ECF 395 at 5–6 & n.2.<br>• ***Phone Expenses***: Although he produced some documentation of his phone expenses, his production was incomplete because he failed to produce records for the time period he used Flex (March–May 2020). Cooney Decl. ¶ 8. On January 29, 2025, Diaz produced bank statements with handwritten notes addressing his phone expenses, but those records were not from the period he used Flex. *Id.* ¶ 32.<br>• ***Vehicle Expenses***: While he produced some documents related to vehicle expenses, he failed to produce records for the relevant time period. *Id.* ¶ 8. The bank statements in his January 29 production also included handwritten notes about gas expenses, but those were also not from the relevant time period. *Id.* ¶ 32.<br>• ***Schedule Cs***: He did not produce any Schedule Cs for the year he used Flex. *Id.* ¶ 8. On January 29, 2025, Diaz produced an IRS Account Transcript, but it does not reflect his 2020 tax return or the information he submitted on his return. *Id.* ¶ 32. |
| Garadis | • ***Interrogatory No. 15***: He served a supplemental response two weeks late, on January 31, 2025, stating that "Amazon has records in its possession … sufficient to derive his expense reimbursement and minimum wage damages" and indicating he would "produce documents in his possession responsive to this request." Cooney Decl. ¶ 36 & Ex. 22. This response is insufficient for the reasons set forth in the Court's December 18, 2024 Order, ECF 395 at 5–6 & n.2, and because the documents Garadis produced do not identify the weeks or hours he claims to have been underpaid, Cooney Decl. ¶ 37. |

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

| | |
|---|---|
| | • ***Vehicle Expenses***: He did not produce any mileage, gas expense, or insurance records for the relevant time period, despite stating in his response to Interrogatory No. 9 that he incurred "vehicle expenses, such as gas, car maintenance, and car insurance." *Id.* ¶ 37 & Ex. 22. |
| Keller | • ***Interrogatory No. 15***: She served a supplemental response two weeks late, on January 31, 2025, stating that "Amazon has records in its possession … sufficient to derive her expense reimbursement and minimum wage damages" and indicating she would "produce documents in her possession responsive to this request." Cooney Decl. ¶ 34 & Ex. 20. This response is insufficient for the reasons set forth in the Court's December 18, 2024 Order, ECF 395 at 5–6 & n.2, and because the documents Keller produced do not identify the weeks or hours she claims to have been underpaid, Cooney Decl. ¶ 35.<br>• ***Vehicle Expenses***: She did not produce any records of mileage, gas expenses, or insurance coverage during the period she used Flex (January–March 2017), despite stating in her response to Interrogatory No. 9 that she incurred "vehicle expenses, such as gas, car maintenance, and car insurance." *Id.* ¶ 35 & Ex. 20.<br>• ***Schedule Cs***: She did not produce any Schedule Cs for the time period she used Flex, nor did she indicate that she does not have one for the relevant time period. *Id.* ¶¶ 21, 35.<br>• ***Other Gig Work***: She did not produce any records showing her delivery history with Instacart, despite stating that she used Instacart during the time she used Flex. *Id.* ¶ 21, 35 & Exs. 11, 20. |
| Puentes | • ***Interrogatory No. 15***: He provided no supplemental response, despite supplementing other responses. Cooney Decl. ¶ 22 & Ex. 12.<br>• ***Phone Expenses***: He claimed that he had no documents showing his phone expenses, even though he provided specific details about those expenses in response to Interrogatory No. 8. *Id.* ¶ 23 & Ex. 12. |

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

| | |
|---|---|
| | • ***Vehicle Expenses***: He stated that he has no documents showing his vehicle expenses, despite providing detailed information about those expenses in response to Interrogatory No. 10. *Id.*<br>• ***Schedule Cs***: He did not produce any Schedule Cs, despite stating in response to Interrogatory No. 9 that he claimed gas expenses on his tax returns. *Id.* Moreover, he offered no indication he had tried to locate or obtain such records. *Id.* ¶ 22 & Ex. 13.<br>• ***Other Gig Work***: He claimed that he has no documents related to his use of other gig apps, but he responded to Interrogatory No. 10 that he used the Uber and Lyft apps while using Flex. *Id.* ¶ 23 & Ex. 12. |
| Wilkins | • ***Interrogatory No. 15***: No supplemental response served. Cooney Decl. ¶ 15.<br>• ***Schedule Cs***: She did not produce Schedule Cs for 2017–2020, even though she used Flex during that period. *Id.* ¶¶ 16, 39.<br>• ***Other Gig Work***: Although she produced some information about her earnings from contemporaneous gig work, those documents do not include records of her activity, such as the days and times she provided services with those companies. *Id.* |

Notably, none of these eight Plaintiffs who made deficient productions contacted Amazon to seek a stipulated extension on their deadline to comply with the Court's order. Cooney Decl. ¶ 3. Amazon sent a detailed email to all remaining Plaintiffs on January 27, 2025 outlining their discovery deficiencies and the relief that it intended to seek in this Motion. *Id.* ¶ 24 & Ex. 14. Amazon also offered multiple times it would be available to confer with Plaintiffs before bringing a Motion. *Id.* Counsel for Ronquillo and Hoyt did not reply. *Id.* ¶ 25. Counsel for Adamson, Alvarez, Brown, Carroll, Diaz, Garadis, Keller, and Wilkins replied, and Amazon conferred telephonically with each of them. *Id.* ¶¶ 26–27. While those eight Plaintiffs have indicated that they are continuing to collect and provide some documents, *id.* ¶¶ 26–30 & Exs. 14–17, and some

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

have belatedly provided additional documents, *id.* ¶¶ 31–37, 39, the reality is that they did not comply with a Court-ordered production deadline that is now over two weeks passed.

## III. ARGUMENT

### A. This Court Should Dismiss The Three Plaintiffs Who Failed To Comply Entirely With This Court's Order To Respond To Amazon's Discovery Requests.

This Court has already made plain that "[d]ismissal of particular plaintiffs from an action is appropriate when they are unresponsive to discovery requests." ECF 395 at 3. This sanction is grounded in Rule 37, which provides that if a party "fails to obey an order to provide or permit discovery," the court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Despite being subject to a Court order requiring the production of specific documents and verified information, Plaintiffs Alvarez, Ronquillo, and Hoyt made no attempt to comply with the Court's Order. They should therefore be dismissed from this action with prejudice. This Court ordered that "they must provide the phone and vehicle documentation," "documents regarding contemporaneous employment," Schedule Cs, and responses to Interrogatory No. 15 by January 17, 2025. ECF 395 at 4–6. Plaintiffs did not meet this deadline—and failed to produce any documents or information at all—despite repeated admonitions from this Court that refusal to respond to proper discovery requests would result in dismissal. *See, e.g.*, ECF 359 at 2 ("Plaintiffs who are unresponsive to the discovery previously ordered . . . by the deadline above shall be dismissed from this action."); ECF 367 at 3 n.1 ("If a properly noticed Plaintiff declines to be deposed or is otherwise unresponsive to discovery, the Court reminds Plaintiffs that they are subject to dismissal."). Thus, the proper sanction for Plaintiffs' misconduct is dismissal from this action with prejudice.

### B. This Court Should Dismiss The Remaining Plaintiffs Who Too Have Materially Failed To Comply With The Court's Order.

The remaining Plaintiffs—Adamson, Brown, Carroll, Diaz, Garadis, Keller, Puentes, and Wilkins—produced some documents and information in response to the Court's Order, but have

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS
FOR FAILING TO COMPLY WITH COURT ORDER

No. 2:16-cv-1554-JCC — Page 9

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

failed in material ways to comply with their Court-ordered obligations. A party must make "complete and correct" disclosures in response to discovery requests. Fed. R. Civ. P. 26(g)(1)(A). This means a party must conduct "a reasonable inquiry to determine whether responsive documents exist" and produce any responsive and nonprivileged documents. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). If the documents do not exist, "the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* (citations and internal quotation marks omitted). Failure to satisfy these requirements in the course of supplementing discovery requests can result in sanctions up to and including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); (c)(1)(C). Disobeying a discovery order can result in dismissal as well. Fed. R. Civ. P. 37(b)(2)(A)(v).

The responses Amazon received from these eight Plaintiffs were materially deficient and non-compliant with the Court's Order. Specifically, Plaintiffs failed to produce the Schedule Cs they stipulated to produce (all Plaintiffs except Garadis), did not produce all the documents or information required to be produced (e.g., Brown, Carroll, Diaz, Garadis, and Keller), stated that no documents were available despite providing other information indicating that such documents do exist (e.g., Adamson and Puentes), or responded that they were still attempting to locate documents even though the deadline for production had long passed (e.g., Brown, Carroll, and Wilkins). In many instances, Plaintiffs provided no indication that they conducted a diligent search to determine that certain documents do not exist. That failure leaves Amazon without information to assess if they have complied with their obligations. Additionally, although counsel for Plaintiffs Brown, Carroll, and Wilkins sent a letter purporting to provide additional information in response to the Court's Order, the letter was not signed or verified by any of the Plaintiffs themselves and thus is of little or no evidentiary value. Cooney Decl. ¶ 17 & Ex. 7. Therefore, even if the letter did provide all the information the Court ordered (it did not), it would not constitute a compliant discovery response. *See* Fed. R. Civ. P. 33(b)(1), (5) (interrogatories must be answered "by the party to whom they are directed" and signed by "[t]he person who makes the answers").

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

Plaintiffs have received multiple warnings from this Court that their noncompliance would lead to dismissal, *see supra* at 2, yet they still provided noncompliant responses and productions. Therefore, consistent with Rules 26 and 37, Amazon respectfully requests that this Court enter an order dismissing these eight Plaintiffs with prejudice for failing to comply with the Court's December 18, 2024 Order. *See Fisher v. Priority Mortg., Inc.*, 2006 WL 2597934, at *3–4 (W.D. Wash. Sept. 8, 2006) (dismissing action under Rule 37 where plaintiff "missed numerous [discovery] deadlines imposed by both Court order and by the Federal Rules of Civil Procedure"); *accord Johnson v. Holtgeerts*, 397 F. App'x 405, 406 (9th Cir. 2010) (affirming dismissal under Rule 37 where plaintiff did not comply with district court's pretrial order after he "was warned that failure to comply … could result in dismissal").

## IV.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests that this Court dismiss with prejudice Plaintiffs Adamson, Alvarez, Brown, Carroll, Diaz, Garadis, Hoyt, Keller, Puentes, Ronquillo, and Wilkins.

Dated:  February 3, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: *s/ Megan Cooney*

Megan Cooney, *Admitted Pro Hac Vice*
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
+1 949.451.4087
mcooney@gibsondunn.com

Jason C. Schwartz, *Admitted Pro Hac Vice*
Lucas C. Townsend, *Admitted Pro Hac Vice*
Dhananjay S. Manthripragada, *Admitted Pro Hac Vice*
1700 M Street, N.W.
Washington, D.C. 20036-4504
+1 202.955.8500
jschwartz@gibsondunn.com
ltownsend@gibsondunn.com
dmanthripragada@gibsondunn.com

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS
FOR FAILING TO COMPLY WITH COURT ORDER

No. 2:16-cv-1554-JCC — Page 11

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Andrew DeCarlow*

Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
+1 206.274.0154
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt, *Admitted Pro Hac Vice*
James P. Walsh, Jr., *Admitted Pro Hac Vice*
502 Carnegie Center
Princeton, NJ 08540
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Sarah Zenewicz, *Admitted Pro Hac Vice*
One Market Spear Street Tower
San Francisco, CA 94105
sarah.zenewicz@morganlewis.com

*Attorneys for Defendants*
*Amazon.com, Inc. and Amazon Logistics, Inc.*

I certify that this motion contains 3,627 words, in compliance with the Local Civil Rules.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT ORDER

No. 2:16-cv-1554-JCC — Page 12

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087