THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMAN *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:16-CV-1554-JCC<br><br>**PLAINTIFFS RICKY DIAZ, EMMANUEL ADAMSON, AND JUAN MANUEL ALVAREZ'S OPPOSITION TO DEFENDANTS AMAZON.COM, INC. AND AMAZON LOGSTICS, INC.'S MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT'S DISCOVERY ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>February 24, 2025<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

TABLE OF CONTENTS

*TABLE OF CONTENTS* ...................................................................................................................ii
*TABLE OF AUTHORITIES* ............................................................................................................ iii
    Cases.................................................................................................................................. iii
    Statutes.............................................................................................................................. iii
*I.    INTRODUCTION*................................................................................................................1
*II.   FACTUAL SUMMARY AND PROCEDURAL HISTORY*................................................2
*III.  ARGUMENT*.......................................................................................................................4
    A.    Rule 37 Sanctions Require A Showing of Bad Faith ................................................ 4
    B.    Any Non-Compliance Is A Result of Inability, Not Bad Faith ................................ 8
    C.    Sanctions Are Not Required to Ensure Compliance With This Court's Discovery Order ......................................................................................................................... 9
    D.    Plaintiffs Should Be Given Leave to Supplement Their Responses as it Relates to Interrogatory No. 15 If It is Found That It's Answers Are Non-Compliant ..........10
    E.    Defendant's Motion Was Made in Bad Faith ........................................................11
*IV.  CONCLUSION*..................................................................................................................12

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page ii

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

# TABLE OF AUTHORITIES

**Cases**

*CEMCO, LLC v. KPSI Innovations, Inc.*, No.C23-0918JLR, 2024 WL 3792704, at *3 (W.D. Wash. Aug. 13, 2024) .................................................................................................. 4

*Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) ........................................................................................................................... 10

*Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)…………………………………… 5

*Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc.*, 298 F.R.D. 633, 647 ...................................................................................... 11

*National Hockey League v. Metropolitan Hockey Club, Inc.* (1976) 427 U.S. 639, 640 ............ 8, 9

*Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers* (1958) 357 U.S. 197, 210-212 ........................................................................................ 8, 9

*Williams v.* Perdue, No. C19-0444-JCC, 2020 WL 1703787, at *1 (W.D. Wash. Apr. 8, 2020)... 4, 11

**Statutes**

Fed. R. Civ. P. 26(b)(1) ........................................................................................................ 4

Fed. R. Civ. P. 37(b)(2)(A) .............................................................................................. 4, 9

W.D. Wash. Local Civ. R. 37(a)(1) ................................................................................... 11

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page iii

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

## I. INTRODUCTION

Plaintiffs, Ricky Diaz, Emmanuel Adamson, and Juan Manuel Alvarez have made a good-faith and substantial effort to comply with this Court's December 18, 2024, Order. ECF 395. Since the issuance of the Order, Plaintiff has participated in several depositions across the country and produced over 1,491 pages of documents responsive to Amazon's requests. At this stage, Plaintiffs Ricky Diaz and Emmanuel Adamson have produced all documents within their possession, custody, and control and are actively working to obtain additional documentation from third parties at their own expense. Declarations of Ricky Diaz ("Diaz Decl.") and Emmanuel Adamson ("Adamson Decl."). Furthermore, it should be noted that counsel for Plaintiffs did not receive any discovery requests nor requests to meet-and-confer regarding discovery disputes until November of 2024. Declaration of James M. Treglio ("Treglio Decl.") ¶ 2, 7. In fact, the first time Defendant contacted counsel for Adamson and Diaz for purposes of meeting and conferring was in preparation for this motion. Treglio Decl. ¶ 7.

As the Court will readily see below, Plaintiffs Diaz and Adamson have made every effort to comply with Defendant's discovery requests – providing tax information and expense reimbursements for a number of years, despite having worked for Defendant for only a few months in 2020 and 2018, respectively. Although a significant amount of time has passed since their employment, Plaintiffs have diligently searched for, and produced all documents within their possession, custody, and control. Diaz Decl. ¶¶ 5-17, Adamson Decl. ¶¶ 5-13. Moreover, counsel for Adamson and Diaz have also spent a significant amount of time assisting them in searching for the records at issue. Declaration of Jason Kyle Masanque ("Masanque Decl.") ¶¶ 14-15. As such, Plaintiffs Ricky Diaz and Emmanuel Adamson have complied—and continued to comply—with the Court's Discovery Order and have acted in good faith. Thus, Plaintiffs respectfully request that this Court deny Defendant's Motion.

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 1

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

## II.  FACTUAL SUMMARY AND PROCEDURAL HISTORY

Mr. Diaz worked as a Delivery Partner for Amazon Flex from approximately March 2020 to July 2020. Diaz Decl. ¶ 3 In order to perform his duties as an Amazon Delivery Partner for Amazon Flex, he downloaded and used Amazon's application on his smartphone. *Id*. This application provided him with all the information he needed to perform his duties, such as when he was supposed to work, what warehouse he was supposed to go to, the code he needed to use to enter the warehouse, and his delivery route. *Id*.

Mr. Adamson worked as a Delivery partner for Amazon Flex from approximately January 2018 to December 2018. Adamson Decl. ¶ 3. In order to perform his duties as an Amazon Delivery Partner for Amazon Flex, Mr. Adamson downloaded and used Amazon's application on his smartphone. *Id*. This application provided him with all the information he needed to perform his duties, such as when he was supposed to work, what warehouse he was supposed to go to, the code he needed to enter the warehouse, and his delivery route. *Id*.

On August 21, 2020, Plaintiffs filed their complaint in the Superior Court of California by and for the County of Alameda. On November 4, 2020, Defendant removed the matter to the Northern District of California. ECF 1. On March 19, 2021, Defendant moved to transfer the matter to the Western District of Washington, where it was subsequently consolidated with the *Rittman* action. From that point on, counsel for *Rittman* acted as lead counsel. ECF 21.

In and around January of 2023, lead counsel informed counsel for Plaintiffs that Amazon had served the Parties with written discovery. Treglio Decl. ¶ 11. On February 22, 2023, Plaintiffs provided timely and verified responses to discovery. *Id*. On October 24, 2024, Amazon moved to compel supplemental responses to its discovery request and the production of documents. ECF 348. This was the first time counsel for Plaintiffs Adamson and Diaz had ever heard that the responses were insufficient, or required supplementation. Treglio Decl. ¶ 12. Indeed, counsel for Plaintiffs Diaz and Adamson were never served with any deposition notice until the Second Amended Deposition Notices on December 11, 2024. *Id*. The Court granted Amazon's motions on December

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 2

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

1  18, 2024. ECF 395. The Order, among other things, directed Plaintiffs to produce documents sought
2  by Amazon including Schedule C documents, phone records, documentation of vehicle expenses,
3  and earnings information regarding contemporaneous employment and other gig work. *Id*. at 4-6.
4  The Order further instructed Plaintiffs to answer Defendant's Interrogatory No. 15. *Id*. at 5.

5  In response to the Court's Order, Plaintiffs and Plaintiffs' counsel worked diligently to
6  comply. On January 14, 2025, Ricky Diaz served supplemental responses to Amazon's
7  Interrogatories and Requests for Production. Treglio Decl. ¶ 3 & Ex. 1-2. The following day, on
8  January 15, 2025, Emmanuel Adamson supplemented his responses to Amazon's Interrogatories
9  and Requests for Production. *Id.* at ¶ 5 & Ex. 3-4. Meanwhile, Plaintiffs Ricky Diaz and Emmanuel
10 Adamson continued to supplement their discovery responses to the extent that the requested
11 documents were available to them. Treglio Decl. ¶¶ 3-6 & Ex. 1-4.  This effort resulted in the
12 production of an additional 475 pages of documents from Emmanuel Adamson and 1,044 pages
13 from Ricky Diaz, all of which were responsive to Defendant's discovery requests. *Id*. Although
14 Plaintiff Juan Manuel Alvarez sat for a deposition on December 17, 2024, counsel has been unable
15 to reach Mr. Alvarez despite several attempts to do so, Masanque Decl. ¶¶ 2-5, and therefore has
16 been unable to supplement his discovery responses. *Id*. at ¶ 5.

17 However, because certain requested documents were not readily available to Plaintiffs,
18 counsel took steps to obtain them from third parties, at their own expense, to provide Defendants
19 with the requested information. Specifically, Diaz's and Adamson's Schedule C forms were not
20 immediately accessible on the IRS website, requiring counsel to request copies directly from the
21 Internal Revenue Service. *Id.* at ¶¶ 10-11. Additionally, Mr. Diaz attempted to obtain his 2020
22 phone records from his carrier but was unable to access them. As a result, counsel contacted T-
23 Mobile directly to request the records. *Id*. at ¶ 12. To date, counsel has not received a response from
24 either entity. *Id*. at ¶ 13.

25 On January 27, 2025, Plaintiff received an email from opposing counsel highlighting
26 Defendant's intent to seek the dismissal of certain plaintiffs including Diaz, Adamson, and Alvarez.
27
28 PLAINTIFFS OPPOSITION TO DEFENDANTS'
   MOTION TO DISMISS PLAINTIFFS FOR FAILING                          POTTER HANDY, LLP
   TO COMPLY WITH COURT'S DISCOVERY ORDER                            100 Pine St., Ste. 1250
   NO. 2:16-CV-1554-JCC – Page 3                                     San Francisco, CA 94111
                                                                     (415) 534-1911

Treglio Decl. at ¶ 7. The email also outlined alleged deficiencies in Plaintiffs' productions and responses and included a request to meet and confer. *Id. &* Ex. 5. It should be noted that opposing counsel's email did not raise any concerns regarding alleged deficiencies in Plaintiffs Ricky Diaz's and Emmanuel Adamson's responses to Interrogatory Number 15. *Id.* Plaintiffs responded to the email and subsequently participated in a meet-and-confer on January 30, 2025, the first and only meet and confer session ever requested by Defendant in this matter. *Id.* at ¶ 8. Subsequently, Plaintiffs' counsel sent several emails memorializing the meet-and-confer discussion and summarizing the steps taken to obtain additional documents from third parties. *Id.* at ¶ 9-10, Ex. 6 & 7.

Moreover, both Diaz and Adamson have produced all documents in their possession and have taken proactive steps—at their own expense—to obtain additional documents from third parties, despite uncertainty regarding their obligation to do so. At this juncture, Plaintiffs Diaz and Adamson can affirm that they have conducted a thorough search for any responsive documents and have produced all materials within their possession and control. Diaz Decl. at ¶ 7 & Adamson Decl. at ¶ 7.

### III. ARGUMENT

#### A.   Rule 37 Sanctions Require A Showing of Bad Faith

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, "If a party [. . .] fails to obey an order to provide or permit discovery, [. . .] the court where the action is pending *may* issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

Discovery motions such as Defendant's are strongly disfavored. *Williams v. Perdue*, 2020 WL 1703787, at *1 (W.D. Wash. Apr. 8, 2020). Moreover, the imposition of sanctions requires a heightened standard, as explained in *CEMCO, LLC v. KPSI Innovations, Inc.*, 2024 WL 3792704, at *3 (W.D. Wash. Aug. 13, 2024), which explained that the district court must find either (1) a willful violation of a court order or (2) bad faith. *Id.* ("Bad faith "sets a high threshold," *Primus*

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 4

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

*Auto, Fin. Servs., Inc. v. Batarse*, 115 F.3d 664, 649 (9th Cir. 1997), and "requires proof of bad intent or improper purpose," *Am. Unites,* 985 F.3d at 1090.). Only then, the harsh sanction of dismissal would require a showing that the offending party engaged in deliberately deceptive conduct. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).

Further, the *Williams* Court noted a five-part test to consider in determining if any discovery sanctions are just: "(1) the public's interest in expedition resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." (quoting *Anheuser-Busch*, 69 F.3d at 348).

Here, Plaintiffs neither acted in bad faith nor engaged deliberately in deceptive practices that undermined the integrity of the Court. Although Plaintiffs produced some documents shortly after the Court's January 17, 2025, deadline, Treglio Decl. ¶ 3-6. Plaintiffs have consistently produced responsive materials as they became aware of them. And, after a diligent search, they have provided all responsive documents in their possession, custody, or control. Diaz Decl. ¶¶ 5-17, Adamson Decl. ¶¶ 5-13. Moreover, Plaintiffs have supplemented and produced the requested documents on a number of occasions. *Id*.

Further, there is no risk of prejudice to Amazon, as all responsive documents have either been produced or are being procured. The last production of documents was on February 5, 2025, Treglio Decl. ¶¶ 4, 19 days after this Court's deadline and only 6 days after the parties met-and-conferred regarding alleged deficiencies in Plaintiff's productions. Treglio Decl. ¶ 8. Once Plaintiff's counsel was made aware of Defendant's concerns, counsel took action in the following days to obtain copies of the requested documents from third parties. Treglio Decl. ¶¶ 4, 6. Defendants are in possession of hundreds of pages of responsive documents, have taken Plaintiffs' depositions, and will be in possession of further documents once they are made available to Plaintiffs' counsel. The fact that Plaintiffs Diaz and Adamson are in complete compliance with this

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 5

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

Court's Discovery Order and are continuing to take steps to provide Defense Counsel with requested documents is not deserving of the harsh sanction of dismissal.

Nor can there be any question that the Plaintiffs have been diligent in their actions. Ricky Diaz and Emmanuel Adamson have conducted a diligent search of their personal records, including emails, physical documents, IRS accounts, bank statements, gig economy accounts, cellphone records, and vehicle records. Diaz Decl. ¶¶ 5-17, Adamson Decl. ¶¶ 5-13. Mr. Diaz went beyond a standard search. He contacted T-Mobile multiple times and even visited a corporate office, only to be informed that records were only available for the past few months. He also reached out to his tax preparer, TurboTax, in an effort to retrieve any Uber and Lyft records. Additionally, he visited his local Wells Fargo and Bank of the West branches to obtain any bank statements responsive to Amazon's requests. Diaz Decl. ¶¶ 5-13. To further ensure compliance, Mr. Diaz provided his counsel with direct access to his Lyft, Uber, T-Mobile, and IRS accounts, allowing responsive documents to be downloaded and produced for counsel. Diaz Decl. ¶ 14. In short, Plaintiffs have taken extraordinary measures—well beyond what is required—to respond in good faith.

Likewise, Plaintiffs' counsel acted with due diligence and respect for the Court's Order by taking immediate action to procure responsive documents and preparing them for production to Defense Counsel. Since the imposition of the Court's Order, Plaintiff's counsel, including Attorney Jason Kyle Masanque and Paralegal Waiza Ayesha, took considerable effort in preparing and completing discovery in this matter. In order to execute the transfer of documents, often with sensitive data, Attorney Masanque requested direct access to Mr. Diaz's accounts, taking a substantial amount of time to download several documents on a per-page basis, converting documents, and finalizing the material for production. Masanque Decl. ¶¶ 2-12. This includes following up with Plaintiffs by e-mail and telephone, ensuring that a diligent search was completed, preventing duplications in production, taking steps to protect sensitive information, all while preparing for and defending Plaintiffs depositions. Furthermore, Plaintiffs' counsel promptly addressed Amazon's concerns regarding outstanding document productions by conducting

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 6

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

additional research, drafting communications, and engaging with both the IRS and T-Mobile to obtain further documentation. *Id*. At the same time, counsel coordinated with Plaintiffs Diaz and Adamson to obtain their consent and signatures as needed. Masanque Decl. ¶ 10-12.

Paralegal Ayesha, at counsel's request, began the process of gathering the requested documents when counsel for Rittman informed Plaintiffs' counsel about the ongoing discovery dispute. She thereafter contacted the Plaintiffs immediately to obtain responsive documents and responses. Masanque Decl. ¶ 8. This includes following up with e-mail, telephone, sending reminders, converting documents, and finalizing the material for production. *Id.* All in all, both Mr. Masanque and Ms. Ayesha spent 25 hours working with the Plaintiffs to gather the responsive documents. *Id*. at ¶ 14-15.

Defendants have failed to establish that Plaintiffs acted in bad faith or engaged in any willful violation of this Court's Order that would warrant Rule 37 sanctions. The record overwhelmingly demonstrates that Plaintiffs and their counsel have acted diligently, taken extensive measures to comply with their discovery obligations, and made good-faith efforts to procure and produce all responsive documents. Any delay in production was minimal, promptly addressed, and did not result in prejudice to Defendants, who have received hundreds of pages of documents and conducted Plaintiffs' depositions.

Moreover, the imposition of sanctions—particularly the extreme remedy of dismissal—is unwarranted under the applicable legal framework. Plaintiffs have fully cooperated in discovery, taken proactive steps to obtain additional records from third parties, and kept Defendants informed. Even the consideration of lesser sanctions is unnecessary given that Plaintiffs have substantially complied with the Court's directives and continue to engage in ongoing efforts to provide further discovery.

With regard to Mr. Alvarez, he too, has been deposed, but for some reason, stopped communicating with counsel. Given the work he has already done, Plaintiffs respectfully request that they be given another month before he is dismissed from the action.

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 7

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

### B. Any Non-Compliance Is A Result of Inability, Not Bad Faith

This Court should not impose Rule 37 sanctions because any non-compliance was a result of inability, not bad faith. This Court's Discovery Order, in part, ordered the production of Plaintiffs schedule Cs. ECF 395 at 5. As has already been established, there were several documents that were not in Plaintiffs' possession, including Plaintiffs' schedule Cs and therefore steps were taken to obtain the documents so they may be properly produced.

In *National Hockey League v. Metropolitan Hockey Club, Inc.* (1976) 427 U.S. 639, 640, the Supreme Court stated:

> This Court held in *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958), that Rule 37 "should not be construed to authorize dismissal of (a) complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."

The Supreme Court further expounded in *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers* (1958) 357 U.S. 197, 210-212 that the inability to produce documents, as here, where Plaintiffs no longer have access to them, cannot be grounds for dismissal.

As discussed above, upon recognizing that Plaintiffs' schedule Cs were not immediately available through the IRS website, Plaintiff's counsel took steps to complete and send signed IRS 4506 forms on January 31, 2025, and February 2, 2025. Masanque Decl. ¶¶ 10-11. Attorney Masanque also mailed a request for documents to T-Mobile on February 4, 2025, when it became clear that Mr. Diaz's T-Mobile records for the year 2020 were also not immediately available either through the T-Mobile website or through the corporate office. Masanque Decl. ¶ 12. Even now, Plaintiffs would be unable to produce their schedule Cs as of the submission of this motion because they are not in possession of them. Therefore, any contention that Plaintiffs should be dismissed from this action because of their failure to produce their schedule Cs has no merit.[1]

---

[1] While Plaintiffs were aware that Defendant had sought the tax records in question when they responded to discovery in February 22, 2023, Plaintiffs made numerous objections based on

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 8

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

Moreover, to the extent that Defendants argue Plaintiffs should provide a specific date by which the requested documents will be produced, such an expectation is entirely unreasonable. Plaintiffs have no control over the timeline of third-party entities, such as the IRS and T-Mobile, in processing and providing these documents. The timing of production depends solely on these third parties' internal procedures, response times, and backlog, which are entirely outside of Plaintiffs' control. Plaintiffs have already taken all reasonable steps to request the documents, and any delay in obtaining them is not due to their inaction or bad faith.

Thus, Plaintiffs' inability to produce certain documents is not the result of willfulness or bad faith but rather circumstances beyond their control. As established in *Societe Internationale* and *National Hockey League*, Rule 37 sanctions—particularly dismissal—are inappropriate when non-compliance stems from genuine inability despite good-faith efforts. Plaintiffs and their counsel have taken diligent and proactive steps to obtain the requested documents, including submitting formal requests to the IRS and T-Mobile, yet some records remain unavailable through no fault of their own. Accordingly, Defendants' motion should be denied.

**C. Sanctions Are Not Required to Ensure Compliance With This Court's Discovery Order**

The Federal Rules of Civil Procedure states, "If a party [. . .] fails to obey an order to provide or permit discovery, [. . .] the court where the action is pending *may* issue further just orders." 37(b)(2)(A) (italics added). The factual background above demonstrates Plaintiffs' sincere efforts to comply with this Court's Order, making sanctions unnecessary to ensure compliance. Plaintiffs Diaz and Adamson have attested to producing all relevant material in their possession and control and have taken steps to procure further documentation from third parties. Diaz Decl. ¶¶ 5-17, Adamson Decl. ¶¶ 5-13. While the Supreme Court has made it clear that courts should feel free to

---

privacy, and that the requests were not proportionate to the needs of the case. Plaintiffs and their counsel were unaware that Defendant was meeting and conferring with *Rittman's* counsel about these responses until October 24, 2024, **twenty-one months** after they served their responses. Plaintiffs' counsel and Defendant's counsel did not formally meet and confer about these responses until January 30, 2025 – **twenty-three months** after they served their initial responses.

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 9

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

impose severe sanctions *when they are needed*, see *National Hockey League v. Metropolitan Club, Inc.*, 427 U.S. 639, 643 (1976) (italics added), it has also stated that sanctions must be both "just" and related to the claim that was at issue in the discovery order in order to satisfy due process. *See Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (stating that Rule 37(b)(2) requirements that sanctions be "just" and "related" limit trial court discretion).

As established above, Plaintiffs has already taken steps to produce any responsive documents they have in their possession to Defendant including, but not limited to, available IRS transcripts, contemporaneous earnings, vehicle expenses, phone expenses, and bank statements. Diaz Decl. ¶¶ 5-17, Adamson Decl. ¶¶ 5-13. It has further requested documentation not currently in Plaintiff's possession in order to obtain copies of Mr. Adamson's and Mr. Daiz's Schedule Cs as well as Mr. Diaz's 2020 phone records. Masanque Decl. ¶¶ 10-12. Therefore, it is clear that the documents Defendant now seeks, specifically vehicle expenses, phone expenses, and Schedule Cs are both not within Diaz or Adamson's possession and are currently being sought from third parties. Further sanctions by this Court, therefore, would neither cure the lack of documentation nor further the purposes of discovery sanctions for failure to disclose or produce under Rule 37.

**D.     Plaintiffs Should Be Given Leave to Supplement Their Responses as it Relates to Interrogatory No. 15 If It is Found That It's Answers Are Non-Compliant**

In response to Defendant's Interrogatory 15, Plaintiff Ricky Diaz stated, "Plaintiff is unable to identify specific dates or quantify the exact number of weeks or hours worked where pay for services as a Delivery Partner fell below the legally required state or federal minimum wage. However, Plaintiff estimates that he performed services as a Delivery Partner for Amazon Flex during the approximate period of March 2020 to July 2020." Ex. 1 at 4. Similarly, Plaintiff Emmanuel Adamson answered in part, "Plaintiff is unable to identify specific dates or quantify the exact number of weeks or hours worked where pay for services as a Delivery Partner fell below the

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 10

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

legally required state or federal minimum wage. However, Plaintiff estimates that he performed services as a Delivery Partner for Amazon Flex during the approximate period of January 2018 – December 2018." Ex. 3 at 4.

The answers given to an interrogatory should include all information within the answering party's knowledge or control. *See Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc.,* 298 F.R.D. 633, 647. In this case, Plaintiffs are unable to precisely quantify the weeks or hours in which their pay fell below the legally required state or federal minimum wage. However, they have provided their best estimates regarding the period during which they worked for Defendant. Given that their employment occurred five to seven years ago and lasted only a few months, Plaintiffs have supplied the most accurate information within their knowledge and control.

Plaintiffs Adamson and Diaz have made a good-faith effort to respond to the best of their ability based on the information currently available to them. What's more, both testified to the fact that when they worked for Amazon, they used Amazon's application. As a result, Amazon has always had knowledge of when, where, and how, each Plaintiff worked. Even if this Court finds their responses incomplete or noncompliant with its Order, dismissal would be a disproportionately severe sanction for what amounts to an earnest attempt at compliance.

### E. Defendant's Motion Was Made in Bad Faith

In *Williams v. Perdue*, (W.D. Wash., Apr. 8 2020, No. C19-0444-JCC) 2020 WL 1703787, at *1, this Court made clear that a failure of the Parties to properly meet and confer is grounds for a denial of a Rule 37 motion. Here, Defendant did not meet and confer with counsel for Diaz and Adamson until after it filed its motion to compel, and on the eve of filing the instant motion. By then, Plaintiffs already notified Defendant of the actions taken to procure Mr. Diaz's and Mr. Adamson's schedule Cs and T-Mobile records. Treglio Decl. ¶¶ 8-10. During this meet-and-confer, Plaintiffs' counsel agreed to supplement their production of documents as soon as it was made available to them. *Id*. Nevertheless, Defendants decided to move forward with this motion,

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 11

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

highlighting the fact that Defendants never intended to meaningfully discuss their discovery concerns. Defendant's actions were not a "good-faith [. . .] attempt to confer" with Plaintiff. *See* W.D. Wash. Local Civ. R. 37(a)(1). Because Plaintiffs had agreed to supplement their production of documents, this motion is entirely needless, moot, and frivolous. The parties did not come to an impasse. Instead, Defendants unilaterally chose to involve the Court rather than resolving any disputes between the parties. Defendants' tactics should not be entertained by this Court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss as it pertains to Plaintiffs Ricky Diaz, Emmanuel Adamson, and Juan Manuel Alvarez.

Dated: February 18, 2025   POTTER HANDY, LLP

By: /s/ James M. Treglio

James M. Treglio, *Admitted Pro Hac Vice*
Jason Kyle Masanque, *Admitted Pro Hac Vice*
100 Pine St., Ste. 1250
San Francisco, CA 94111
jimt@potterhandy.com
jasonm@potterhandy.com


BRESKIN, JOHNSON & TOWNSEND PLLC


By: /s/ Daniel F. Johnson

Daniel F. Johnson, WSBA No. 27848
600 Stewart Street, Ste. 901
Seattle, WA 98101
djohnson@bjtlegal.com

*Attorneys for Plaintiffs*
*Ricky Diaz, Emmanuel Adamson, and Juan Manuel Alvarez*

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 12

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911

I certify that this motion contains 3,940 words, in compliance with the Local Civil Rules.

PLAINTIFFS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS FOR FAILING
TO COMPLY WITH COURT'S DISCOVERY ORDER
NO. 2:16-CV-1554-JCC – Page 13

POTTER HANDY, LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911