The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM INC. and <br> AMAZON LOGISTICS, INC., <br><br> Defendants. | Consolidated Action <br> Case No. C16-1554-JCC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MOTION TO DISMISS ALL PLAINTIFFS FOR ALLEGEDLY FAILING TO COMPLY WITH DISCOVERY ORDER** <br><br> **NOTE DATE: February 24, 2025** |

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

I.  **INTRODUCTION**

After delaying litigation for eight years, Amazon sought to deter Plaintiffs from pursuing their claims by suing them in jurisdictions around the country.  (*See* Dkt. No. 338.)  With those actions enjoined, Amazon then sought to eliminate Plaintiffs through vexatious discovery and motions.  This scheme has yielded better results for Amazon.

When litigation resumed in May 2024, there were 21 Plaintiffs.  Amazon has since picked off ten of those Plaintiffs through discovery.  (*See* Dkt. Nos. 395, 403.)  Amazon's latest discovery motion—its third in four months—seeks to dismiss the remaining 11 Plaintiffs.  (*See* Dkt. No. 408.)

Amazon contends that *all* remaining 11 Plaintiffs have failed to comply with the Court's order compelling discovery (Dkt. No. 395).[1]  According to Amazon, their alleged noncompliance warrants the extreme sanction of dismissal.  That cannot be.

With one exception, every Plaintiff has worked (and continues to work) diligently to comply with the Court's prior order.[2]  Amazon concedes as much by pointing to only a handful of instances where information or documents are outside the Plaintiffs' possession, custody, and control.  These alleged deficiencies do not warrant dismissal under Rule 37 because they do not stem from any willfulness, bad faith, or fault of the Plaintiffs. Instead, the inability to produce,

---

[1]  The remaining Plaintiffs are Emanuel Adamson, Juan Manuel Alvarez, Shenia Brown, Freddie Carroll, Ricky Diaz, Tommy Garadis, Sean M. Hoyt, Kimberlee Keller, Alejandro Garcia Puentes, Louie Ronquillo, and Debra Wilkins.

[2]  Plaintiffs do not oppose dismissing Louie Ronquillo.

| | | |
|---|---|---|
| PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR FAILING TO COMPLY WITH DISC. ORDER<br>Case No. C16-01554-JCC | 1 | **LICHTEN & LISS-RIORDAN, P.C.**<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116 |

for example, cell phone bills from 2016 is the foreseeable result of Amazon delaying discovery by eight years.

Plaintiffs have gone above and beyond to cooperate with Amazon, yet Amazon treats discovery as nothing more than another opportunity to burden Plaintiffs and delay a timely resolution on the merits. Indeed, Amazon filed its motion despite knowing that Plaintiffs have already requested—but have yet to receive—missing records from third parties, which Amazon itself could easily subpoena. Sanctions against Plaintiffs aren't warranted.

## II. BACKGROUND

Plaintiffs worked for Defendants as Amazon Flex delivery drivers. (*See, e.g.*, Dkt. No. 115 at 1–2.) They first filed this action in 2016, alleging that Defendants misclassified them as independent contractors and, as a result, owe them and similarly situated drivers unpaid wages and expenses. (*See generally* Dkt. No. 262.)

Throughout this litigation, Amazon successfully moved for numerous stays (*see, e.g.,* Dkt. Nos. 76, 77, 293). These stays totaled eight years, with litigation not resuming until May 2024. (*See* Dkt. No. 298.) Since then, Amazon has filed four discovery motions. (*See* Dkt. Nos. 300, 339, 379, 408.)

Amazon's latest motion (Dkt No. 408) seeks to dismiss every remaining Plaintiff for their alleged failure to comply with the Court's prior order compelling discovery (Dkt. No. 395). The relevant part of that order directed Plaintiffs to provide "documentation" showing:

1. Phone activity and expenses;

2. Vehicle make, model, and expenses; and

3. "[C]ontemporaneous employment, especially other gig work."

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER  2
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

(*Id.* at 4.)

Some Plaintiffs had offered to produce available Schedule C forms in lieu of these records.  (*Id.*)  But the Court reasoned that Schedule C forms would not "provide full insight into the purpose of expenses at issue—mobile phones and vehicles—that are commingled with personal or other business uses." (*Id.*)  "On the other hand," the Court held that "other personal information," including "diary entries, personal or parental errands, or personal credit statements requested here," was "disproportionate to the needs of the case at this time."  (*Id.* at 5.)

The Court also ordered Plaintiffs to identify "instances when they claim to have been underpaid in this action (based on minimum wage or overtime)." (*Id.*)  The Court clarified, however, that "Plaintiffs need not provide *all* the hours they worked for Defendants in *all* the weeks they worked as delivery drivers[.]." (*Id.* at 6, n.2.)  Nor did the Court order Plaintiffs to formally supplement their responses to Defendants' Interrogatory No. 15.  "Identifying the hours and weeks relevant to the claims here [would] be sufficient and proportionate," the Court held.  (*Id.*)

Amazon now seeks to dismiss the remaining Plaintiffs: Emanuel Adamson, Juan Manuel Alvarez, Shenia Brown, Freddie Carroll, Ricky Diaz, Tommy Garadis, Sean M. Hoyt, Kimberlee Keller, Alejandro Garcia Puentes, Louie Ronquillo, and Debra Wilkins.  Apart from Louie Ronquillo, these Plaintiffs have substantially complied with the Court's order to the best

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER — 3
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

of their ability. Their efforts are detailed in the declarations filed herewith, which, for brevity, are incorporated by reference.[3]

In short, all but one remaining Plaintiff has produced all the responsive documents and information in his or her possession.[4] Where possible, Plaintiffs have also requested additional documents and information from third parties, such as their cell phone carriers. Because Plaintiffs have complied with their discovery obligations, and made a good faith attempt to even go above and beyond and request documents not within their actual possession, the Court should deny Amazon's motion to dismiss.

### III. ARGUMENT

#### A. Legal Standard

In the Ninth Circuit, "dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order 'only where the failure to comply is due to willfulness, bad faith, or fault of the parties,' *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir.1983), and where lesser sanctions are considered by the district court to be inadequate, s*ee United Artists Corp. v.*

---

[3] In support of their opposition, Plaintiffs are filing declarations from the various counsel representing them, including Shannon Liss-Riordan (representing Shenia Brown, Freddie Carroll, and Debra Wilkins), Shounak Dharap (representing Tommy Garadis and Kimberlee Keller), Ashleigh Musser (representing Sean Hoyt), and Samantha Ortiz (representing Alejandro Garcia Puentes). Emanuel Adamson, Juan Alvarez, and Ricky Diaz join in this opposition but will be filing their memorandum and declarations separately.

[4] Shenia Brown is unable to identify the hours and weeks relevant to her minimum wage and overtime claims. However, Illinois law, 820 ILCS 115/9.5(a), provides Brown with a direct claim for reimbursement for the expenses she incurred, and every hour she worked for Amazon would be relevant to this state law claim. (*See* Dkt No. 262 at ¶ 8.)

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER         4
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

*La Cage Aux Folles, Inc.*, 771 F.2d 1265, 1270–71 (9th Cir.1985)."[5] *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450–51 (9th Cir. 1986); *see also Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) ("Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault or bad faith."). "Due process requires that neither dismissal nor preclusion of evidence that is tantamount to dismissal may be imposed when failure to comply is due to circumstances beyond the recalcitrant's control." *Sigliano*, 642 F.2d at 310.

"Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "Substantial compliance with the court order is a defense to civil contempt and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Id.* (cleaned up). Consistent with this standard, the Court should reject Amazon's dismissal bid because Amazon has failed to show any willfulness, bad faith, or fault on the Plaintiffs' part.

---

[5] Rule 37(b)(2)(A) lists less sanctions, including "staying further proceedings until the order is obeyed" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A).

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER       5
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

**B.     Plaintiffs have substantially complied with the Court's order compelling discovery.**

Amazon claims that three Plaintiffs—Ronquillo, Alvarez, and Hoyt—have "made no attempt to comply with the Court's Order." (Dkt. No. 408 at 9.) This is true for Ronquillo, whom Plaintiffs do not oppose dismissing. But this assertion is not true for Alvarez and Hoyt.[6]

As stated in his counsel's supporting declaration, Hoyt has specifically identified the days and hours for which he is still owed wages for his work as an Amazon driver. (*Id.* at ¶ 14.) He has also produced documents related to his prior employment with SF Smoke and Vape. (Musser Decl. at ¶ 13.) As Hoyt's verified amended discovery responses indicate further, he has not produced any records for other gig work or other contemporaneous work because *he had no contemporaneous employment while he worked for Amazon*. (*Id.*) Nor, "after a diligent search and reasonable inquiry," is he in "possession, custody, or control" or his 2018 (the one year he worked for Amazon) Schedule C, vehicle expenses, or phone records. (*Id.* at ¶ 13.) Hoyt's inability to produce information that either does not exist or is outside his possession, custody, and control does not warrant his dismissal. *Sigliano*, 642 F.2d at 310.

As for the other Plaintiffs, Amazon concedes that they have already produced information and documents responsive to the Court's order compelling discovery. (*See, e.g.*, Dkt. No. 408 at 3–8.) And the declarations submitted with this opposition confirm that Plaintiffs' earlier responses and productions were, like Hoyt's, either supplemented or cannot be supplemented because no additional information exists or is reasonably available. But again, that does not warrant dismissing any claims. *Id.*

---

[6]     Alvarez's counsel will be filing a separate declaration detailing his efforts.

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER          6
Case No. C16-01554-JCC

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Amazon has failed—indeed, not even attempted—to show any willfulness, bad faith, or fault on the Plaintiffs' part.  To the contrary, Amazon's motion concedes that Plaintiffs have taken reasonable steps to comply with the Court's order.  Plaintiffs' supporting declarations underscore these efforts.  Accordingly, Amazon's motion to dismiss should be denied.

### C. The Court should allow members of the certified collective to opt into this case before dismissing all the Plaintiffs.

Pursuant to 29 U.S.C. § 216(b), the Court has directed that notice of this action be sent to "all individuals who worked as Amazon Flex delivery drivers on or after October 27, 2013, who are not already represented by counsel on misclassification and related wage and overtime claims."  (Dkt. No. 381.)  The parties' competing proposals for the form of notice are currently pending before the Court.  (Dkt. No. 407.)  In other words, members of the certified collective have not yet received an opportunity to opt into this case.

If this Court believes that every current Plaintiff should be dismissed under Rule 37, as Amazon suggests (and which Plaintiffs refute, as described above), then it should at the very least delay their dismissal until after members of the collective have had a chance to opt into this case.  Indeed, terminating this action under Rule 37 before members of the collectives can opt into it would violate "the public policy favoring disposition of cases on their merits[.]"  *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *see also China Agritech v. Michael H. Resh*, 584 U.S. 732, 753 (2018) (concurrence, Sotomayor, J.) (recognizing that it would be unjust to penalize absentee class members "where the only problem with the first suit was the identity of the named plaintiff").

PLS.' OPP'N TO DEFS.' MOT. TO DISMISS FOR
FAILING TO COMPLY WITH DISC. ORDER                        7
Case No. C16-01554-JCC

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

IV. CONCLUSION

For the reasons discussed above, and in light of the efforts detailed in the accompanying declarations, the Court should deny Amazon's motion to dismiss under Rule 37.

Dated: February 18, 2025               *I certify that this opposition brief contains 1,879 words in compliance with the Local Civil Rules.*

                        By:    s/ Shannon Liss-Riordan
                               Shannon Liss-Riordan (*pro hac vice*)
                               Harold L. Lichten (*pro hac vice*)
                               Jeremy Abay (*pro hac vice*)
                               LICHTEN & LISS-RIORDAN, P.C.
                               729 Boylston Street, Suite 2000
                               Boston, MA 02116
                               (617) 994-5800
                               sliss@llrlaw.com
                               hlichten@llrlaw.com
                               jabay@llrlaw.com

                               Michael C. Subit, WSBA No. 29189
                               FRANK FREED SUBIT & THOMAS LLP
                               705 Second Avenue, Suite 1200
                               Seattle, WA 98104
                               (206) 682-6711
                               msubit@frankfreed.com

                               *Attorneys for Rittmann Plaintiffs*