THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,

Defendants.

No. 2:16-cv-1554-JCC

**DEFENDANTS AMAZON.COM, INC. AND AMAZON LOGISTICS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS FOR FAILING TO COMPLY WITH COURT'S DISCOVERY ORDER**

NOTE ON MOTION CALENDAR:
February 24, 2025



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. ARGUMENT | 1 |
| A. This Court Should Dismiss Alvarez, Ronquillo, and Hoyt. | 2 |
| B. This Court Should Dismiss The Remaining Plaintiffs. | 3 |
| III. CONCLUSION | 6 |



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adriana Int'l Corp. v. Thoeren*,
913 F.2d 1406 (9th Cir. 1990) ....................1

*Am. Unites for Kids v. Rousseau*,
985 F.3d 1075 (9th Cir. 2021) ....................1, 4

*Compass Bank v. Morris Cerullo World Evangelism*,
104 F. Supp. 3d 1040 (S.D. Cal. 2015)....................1

*Fisher v. Priority Mortg., Inc.*,
2006 WL 2597934 (W.D. Wash. Sept. 8, 2006)....................2

*G-K Props. v. Redevelopment Agency of San Jose*,
577 F.2d 645 (9th Cir. 1978) ....................3

*Henry v. Gill Indus., Inc.*,
983 F.2d 943 (9th Cir. 1993) ....................1, 3, 4

*N. Am. Watch Corp. v. Princess Ermine Jewels*,
786 F.2d 1447 (9th Cir. 1986) ....................4

*In re Phenylpropanolamine Prods. Liab. Litig.*,
2004 WL 7385520 (W.D. Wash. Jan. 20, 2004)....................1, 3, 6

*Vallejo v. Santini-Padilla*,
607 F.3d 1 (1st Cir. 2010)....................1

*Warne v. City & Cnty. of S.F.*,
2018 WL 2215848 (N.D. Cal. May 15, 2018)....................3, 6

## Rules

Fed. R. Civ. P. 23(g)(3)–(4)....................4

Fed. R. Civ. P. 37(b)(2)(A)(v) ....................2



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

## I. INTRODUCTION

None of the remaining Plaintiffs complied with the Court's order to produce documents and information by January 17. Instead, Plaintiffs made piecemeal, noncompliant, and untimely productions; put off searching for documents until pressed by Amazon; and, in some cases, failed to make any supplemental productions at all. Now, having failed to adhere to their Court-ordered obligations, Plaintiffs respond that they tried to comply but are unable to do so. The time for these explanations was before the deadline, not a month after it passed. In any event, Plaintiffs' claims that they are unable to comply now only highlight their failure to meaningfully participate in discovery to date. Because each of the Plaintiffs has failed to timely comply with the Court's order, they should be dismissed with prejudice.

## II. ARGUMENT

Rule 37 sanctions do not require bad faith. A district court has "inherent authority to impose a sanction" for "either: (1) a willful violation of a court order; or (2) bad faith." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).[1]

Dismissal is warranted because Plaintiffs willfully violated this Court's order, despite being warned "that unresponsive Plaintiffs would be dismissed." ECF 395 at 3. None served compliant productions by the Court-ordered deadline, and many did not search for responsive documents until Amazon indicated it would move to dismiss. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) ("squarely reject[ing]" argument that subsequent compliance with court's order "purged" initial noncompliance). This "[d]isobedient conduct" is "all that is required to demonstrate willfulness." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015). Violating a court order is "inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results." *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010); *see In re Phenylpropanolamine Prods. Liab. Litig.*, 2004 WL 7385520, at *2 (W.D. Wash. Jan. 20, 2004) (similar).

---

[1] Because "dismissal sanctions under Rule 37 and a court's inherent powers are similar," their standards are "interchangeabl[e]." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990).



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

**A. This Court Should Dismiss Alvarez, Ronquillo, and Hoyt.**

If a party "fails to obey an order to provide … discovery," the court may "dismiss[] the action." Fed. R. Civ. P. 37(b)(2)(A)(v). This Court ordered Plaintiffs to provide discovery by January 17. ECF 395 at 4–6. Ronquillo, Alvarez, and Hoyt made no effort to timely comply, despite the Court's repeated warnings that discovery failures would result in dismissal. *E.g.*, *id.* at 3; ECF 367 at 3 n.1; ECF 359 at 1–2.

Ronquillo does not oppose dismissal and should be dismissed with prejudice. ECF 411.

Plaintiffs seemingly agree that Alvarez's noncompliance warrants dismissal—just not yet. They acknowledge that he "stopped communicating with counsel" but request "another month before he is dismissed." ECF 410 at 7. But counsel attempted to contact Alvarez no fewer than nine times before the deadline, ECF 410-2 ¶¶ 2–4, and it was not until January 30 that Amazon learned Alvarez was unresponsive, ECF 409 ¶ 27. Granting an extension would be futile. Alvarez has ignored his lawyers' communications and failed to produce documents or supplemental responses. ECF 409 ¶ 4; Declaration of Megan Cooney ("Cooney Decl.") ¶ 14. That he was previously deposed does not excuse his noncompliance nor indicate he will be responsive going forward. He should be dismissed with prejudice. *See Fisher v. Priority Mortg., Inc.*, 2006 WL 2597934, at *3 (W.D. Wash. Sept. 8, 2006) (dismissing plaintiff who "failed to communicate with counsel" and "provided no assurance … that this behavior will not continue").

Plaintiffs argue that Hoyt produced some documents and conducted a good-faith search. ECF 412 at 6. But he has not produced a single responsive document,[2] and he served verified supplemental responses a month late. Cooney Decl. ¶¶ 6–7; ECF 409 ¶ 4. In February 2023, Hoyt agreed to produce documents showing his expenses. ECF 349-27 at 8, 10, 22–23. He now claims he lacks access to his own bank account and Schedule Cs, has no cell phone records, and cannot obtain vehicle records because the vehicle belongs to his ex-fiancée—raising questions about whether he incurred vehicle expenses or is a typical class representative. ECF 412-3 ¶¶ 6, 13; Ex.

---

[2] On February 17, Hoyt produced a document related to employment he held from 2011–2015, but it is nonresponsive. Cooney Decl. ¶ 7.



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

2 at 10, 23–24.[3] In short, he seeks to maintain an expense reimbursement claim without documents corroborating his expenses.[4] *See* ECF 395 at 4 ("[A]dditional financials could corroborate whether the expense, in fact, occurred."); *Phenylpropanolamine*, 2004 WL 7385520, at *2 (plaintiffs' inability "to provide any information regarding the critical elements of their claims" supports dismissal). And although his responses now indicate he has no documents, that does not excuse his failure to search for them before the deadline. *See Henry*, 983 F.2d at 947.

**B. This Court Should Dismiss The Remaining Plaintiffs.**

The remaining Plaintiffs failed to materially comply with the Court's order. Although some recently addressed a few deficiencies, this "last-minute tender" does not cure their prior noncompliance, *G-K Props. v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647–48 (9th Cir. 1978), especially when they made minimal effort to comply until after the deadline.

**1. Diaz and Adamson**

Diaz and Adamson claim they have "produced all documents in their possession" and "conducted a thorough search" for others. ECF 410 at 4. But they served insufficient interrogatory responses and made untimely and noncompliant productions. ECF 408 at 3–6.

Diaz made one additional production on February 5, but it lacked a Schedule C and relevant phone records. Cooney Decl. ¶ 2. Diaz argues he cannot produce these documents because he has not received them from third parties. ECF 410 at 8–9. But he was on notice of the requests in early 2023 and the order to produce them in December 2024, yet he did not request them until January 31 and February 4, 2025. ECF 410-2 ¶¶ 10, 12. And his deposition on January 17 was the first time he indicated he would conduct a search. Ex. 11 at 104:8–105:3, 146:7–19, 159:15–160:3. Diaz's failure to produce responsive documents was therefore willful, as it was "not 'outside [his] control.'" *Warne v. City & Cnty. of S.F.*, 2018 WL 2215848, at *6 (N.D. Cal. May 15, 2018).

---

[3] All exhibits cited are to the Cooney Declaration.

[4] If the Court is not inclined to dismiss Hoyt, Amazon reserves its right to seek further discovery sanctions or relief given that he lacks evidence to meet his burden of proof on his claims.



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

Adamson has not made additional productions, Cooney Decl. ¶ 14, and his past productions were insufficient, ECF 408 at 3–4. Despite stating that he produced documents in February 2023, ECF 410-3 ¶¶ 5–6, Amazon did not receive a production until January 15, 2025, ECF 349 ¶ 10; ECF 409 ¶¶ 9–10. Additionally, at his deposition on January 23, he revealed he had documents tracking his vehicle and gas expenses but discarded them in 2020. Ex. 12 at 177:11–179:4. Finally, despite stating he would produce a Schedule C in February 2023, ECF 349-21 at 7, he did not seek a copy of it until two years later, ECF 410-2 ¶ 11. Any failure to timely produce documents is thus a product of Adamson's willful actions. *See America Unites*, 985 F.3d at 1090 (for a willful violation, "it is enough that a party acted deliberately").

Diaz and Adamson claim their counsel was unaware of their discovery deficiencies until Amazon filed its motion to compel in October 2024, as Amazon conferred only with lead counsel. ECF 410 at 2, 8–9 n.1. But it is Plaintiffs' lead counsel, not Amazon, that has a duty to "fairly and adequately represent the interests of the [putative] class" and thus update other counsel. Fed. R. Civ. P. 23(g)(3)–(4); *see* ECF 234 at 2 (appointing lead counsel). Regardless, Plaintiffs admit they were aware of the deficiencies in October 2024, ECF 410 at 2, 8–9 n.1, and they certainly were aware of the Court's order compelling responses. They have no excuse for failing to take steps to locate and produce responsive documents until late January and early February.

Amazon did not act in bad faith. Although Plaintiffs stated at the meet and confer that they were looking for documents, ECF 410 at 11–12, by that point, they had already failed to comply with the Court's order and had not cured their deficiencies. Those failures provided a good-faith basis for Amazon's motion. *See Henry*, 983 F.2d at 947.

**2. Brown, Carroll, Garadis, Keller, Puentes, and Wilkins**

Brown, Carroll, Garadis, Keller, Puentes, and Wilkins resist dismissal by claiming they produced responsive documents and have nothing else. ECF 412 at 6. But Plaintiffs have not fully complied with the order, and for the portions they have since complied with, they did so only after Amazon filed its motion to dismiss. *See N. Am. Watch Corp. v. Princess Ermine Jewels*, 786



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions.").

Garadis and Keller argue they "have been diligent in attempting to comply with their discovery obligations." ECF 412-2 ¶ 16. But the record indicates otherwise.[5] *See* ECF 409 ¶¶ 18–21, 34–37; ECF 349 ¶¶ 10–11, 16–21. Since their inadequate productions on January 17 and 31, neither Plaintiff has made supplemental productions or cured any deficiencies. Cooney Decl. ¶ 14.

Puentes made a supplemental production on February 17 that included a response to Interrogatory 15 and a 2018 Schedule C. Cooney Decl. ¶¶ 10–11. But even if his untimely interrogatory response was inadvertent, ECF 412-4 ¶ 4, he still has not produced a 2019 Schedule C or phone and vehicle records, Cooney Decl. ¶ 11. Although he now states he does not have such documents, ECF 412-4 ¶ 9; ECF 409-13 at 6, 8, the specificity of his Interrogatory responses suggests such records likely exist, ECF 409-12 at 7 (stating he paid $75.00 per month for his phone plan); *id.* at 8 (detailing expenses for gas, tolls, maintenance, registration fees, and insurance).

Brown, Carroll, and Wilkins argue they cannot produce several categories of documents due to the passage of time. ECF 412-1 ¶ 8 (Brown and Wilkins cannot access pre-2018 bank records because they only go back seven years; Carroll cannot access bank records, Schedule Cs, or phone records because he has separated from his wife, who has the documents). It is therefore apparent that none of them searched for responsive documents until recently, despite receiving requests in February 2023. Their lack of diligence in complying with their discovery obligations supports dismissal. And, of course, they have been plaintiffs since 2016 and 2021, and should have known from the outset that their expense records would be at issue.

Plaintiffs also failed to make timely compliant productions. ECF 408 at 4–5, 8; Cooney Decl. ¶¶ 4–5, 9, 12–13. Carroll's additional production on February 10 did not include Schedule Cs or adequate vehicle expense records. Cooney Decl. ¶ 5. Brown's February 10 supplemental production did not include Schedule Cs or records of phone expenses, vehicle expenses, or other

[5] Garadis and Keller claim they are "ready to be deposed," ECF 412-2 ¶ 16, but Amazon has repeatedly reached out to their counsel since at least November 2024 to request dates for their depositions without success. Cooney Decl. ¶ 15.



GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-4087

gig work. *Id.* ¶ 4. Wilkins's supplemental production did not include Schedule Cs. *Id.* ¶ 13. Further, Plaintiffs' belated supplemental responses to Interrogatory 15 list only "potentially responsive" dates and do not indicate the hours underlying their claims. Exs. 3, 5, 9. Each has thus failed to comply with the Court's direction to "[i]dentify[] the hours and weeks relevant to th[eir] claims," ECF 395 at 6 n.2. Their noncompliance is willful, as "the court's order[] ha[s] been clear," they "ha[ve] understood [it]," and their "non-compliance is not due to factors beyond [their] control." *Warne*, 2018 WL 2215848, at *6.

Citing only "public policy," Plaintiffs argue this Court should allow individuals to opt in before dismissing Plaintiffs. ECF 412 at 7. But public policy does not preclude dismissal where Plaintiffs have demonstrated an "inability or unwillingness to furnish [the ordered] information." *Phenylpropanolamine*, 2004 WL 7385520, at *2. Their request should be denied.

## III. CONCLUSION

Amazon respectfully requests that this Court dismiss with prejudice all Plaintiffs.

Dated: February 24, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: *s/ Megan Cooney*

Megan Cooney, *Admitted Pro Hac Vice*
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
+1 949.451.4087
mcooney@gibsondunn.com

Jason C. Schwartz, *Admitted Pro Hac Vice*
Lucas C. Townsend, *Admitted Pro Hac Vice*
Dhananjay S. Manthripragada, *Admitted Pro Hac Vice*
1700 M Street, N.W.
Washington, D.C. 20036-4504
+1 202.955.8500
jschwartz@gibsondunn.com
ltownsend@gibsondunn.com
dmanthripragada@gibsondunn.com

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Andrew DeCarlow*

Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
+1 206.274.0154
andrew.decarlow@morganlewis.com

Richard G. Rosenblatt, *Admitted Pro Hac Vice*
James P. Walsh, Jr., *Admitted Pro Hac Vice*
502 Carnegie Center
Princeton, NJ 08540
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com

Sarah Zenewicz, *Admitted Pro Hac Vice*
One Market Spear Street Tower
San Francisco, CA 94105
sarah.zenewicz@morganlewis.com

*Attorneys for Defendants*
*Amazon.com, Inc. and Amazon Logistics, Inc.*

I certify that this motion contains 2,099 words, in compliance with the Local Civil Rules.