THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADEAN RITTMANN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON, INC., *et al.*, <br><br> Defendants. | CASE NO. C16-1554-JCC <br><br> ORDER |

This matter comes before the Court on the parties' joint report on conditional certification under the Fair Labor Standards Act ("FLSA") (Dkt. No. 407). Having thoroughly considered the report and the record, the Court hereby APPROVES notice to the conditional class in the form described below and attached as Exhibit 1.

I.   BACKGROUND

The Court discussed the facts of this case in previous orders, (*see, e.g.,* Dkt. No. 338 at 1–2), and will not repeat them all here. To summarize, Plaintiffs filed a putative class action on behalf of Amazon last-mile delivery drivers. (Dkt. No. 1 at 1.) Pursuant to the collective action provision of the FLSA, the Court conditionally certified the following collective: "all individuals who worked as Amazon Flex drivers on or after October 27, 2013." (Dkt. No. 381 at 12.) In order to facilitate notice to putative members of the collective, the Court directed that notice of this action be issued to the collective by mail and email after the parties conferred. (*Id.* at 11–12.)

The parties have conferred and reached a consensus on most of the notice form, but there remain some disputed elements. (*See generally* Dkt. No. 407.) In addition, the parties have jointly proposed that Simpluris, Inc., serve as third-party administrator. (*Id.* at 8.) The Court considers their submissions and explains the form of notice approved below.

## II.   DISCUSSION

The Court directed that the notice should be "timely, accurate, and informative," as well as sufficiently neutral. *Hoffman-La Roche*, 493 U.S. at 172–74. As long as it meets these basic criteria, the form of notice is within the Court's discretion to manage the collective action. *Id.* at 169; *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018); *Zeman v. Twitter, Inc.*, 747 F. Supp. 3d 1275, 1287 (N.D. Cal. 2024). The parties dispute several contents of the form: the description of opt-in class members, the basis of Plaintiffs' claims, references to arbitration and discovery obligations, and the header. (Dkt. No. 407 at 2–8.)

First, Plaintiffs submit that the class members refer to themselves as "drivers," (*id.* at 3), while Defendants observe that the Amazon Flex Terms of Service ("TOS") describe them as "partners," (*id.* at 6). Both are correct; thus, Plaintiffs' suggested compromise of including both is most accurate. For this reason and for the sake of comprehensiveness, the Court uses the term "driver/partner" in the approved notice form.[1]

Second, the Court also agrees with Plaintiffs that it is necessary to inform potential class members about the basis of the claims here. (*See* Dkt. No. 407 at 3–4.) While Defendants propose brief language that states only the category of the claims, (Dkt. No. 407 at 7) ("minimum wage and overtime"), this language is too abstract and may well leave class members more confused by what is not said. The language the Court approves is sufficiently neutral and only conveys the allegations. The Court recognizes Defendants' concern, however, that Plaintiffs' theory is unproven, therefore the approved form only includes the explanation

---

[1] The Court also notes that, for its part, it has used the term "delivery driver" elsewhere for the sake of clarity. (*See, e.g.,* Dkt. No. 381 at 1, 2, 4, 7.)

once.

Third, Defendants are correct that while the Court has addressed some claims' arbitrability, it has not addressed arbitrability under all of the relevant Amazon Flex TOS. (*See* Dkt. No. 407 at 7; *see also* Dkt. No. 381 at 8) (explaining that the operative TOS from 2019 onward are different than prior versions). Arbitration may well be relevant soon. (*See* Dkt. No. 417 at 3) (setting April 16, 2025, deadline for Defendants' renewed motion to compel arbitration). This possibility should be communicated to potential claimants in a neutral manner and the Court does not find that it will unduly deter them.

Fourth, the Court recognizes Plaintiffs' concern that discovery and fees may deter potential litigants. (Dkt. No. 407 at 4–5.) But while the Court agrees that fees are highly speculative at this point, discovery thus far has been—to put it mildly—difficult for the parties and a burden on the Court. (*See, e.g.,* Dkt. Nos. 326, 359, 395, 408, 411, 412.) Litigation does not come without responsibilities. (*See* Dkt No. 395 at 3) ("Plaintiffs may not participate in name only."). Therefore, the Court finds a brief mention of discovery neutral and informative.

Fifth and finally, the Court disagrees with Plaintiffs' contention that an opportunity to opt-in should be placed in the header (i.e., at the very beginning of the notice). In order to be fully informative, the details discussed above should be fully read by a potential claimant. To that end, the Court is wary of a notice form that provides claimants a shortcut to opt in at the expense of their careful review. (*See* Dkt. No. 407 at 8.) The Court finds the notice short and informative and therefore the opportunity to opt-in should not be placed in the header.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby APPROVES the form of notice attached hereto as Exhibit 1. In addition, the Court APPROVES the third-party administrator jointly proposed by the parties.

//

//

DATED this 27th day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE