THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

BERNADEAN RITTMANN, *et al.*,

CASE NO. C16-1554-JCC

10

Plaintiffs,

ORDER

11

v.

12

AMAZON.COM, INC., *et al.*,

13

Defendants.

14

15

16    This matter comes before the Court on Defendants' motion to dismiss Plaintiffs for

17  failure to comply with the Court's discovery order (Dkt. No. 408). Having thoroughly considered

18  the briefing and relevant record, the Court finds oral argument unnecessary and GRANTS the

19  motion as to two Plaintiffs and DENIES as to the other nine for the reasons described below.

20  **I.      BACKGROUND**

21    The Court has described the background of this case previously, (*see, e.g.*, Dkt. No. 338

22  at 1–2), and will not repeat it all here. Last year, the Court dismissed some of Plaintiff delivery

23  drivers' claims, (*id.* at 18), and subsequently granted conditional certification on claims brought

24  under the Fair Labor Standards Act, (Dkt. No. 381 at 12). A motion to certify a nationwide Rule

25  23 class is expected. (*See* Dkt. No. 421 at 3.) In preparing to oppose certification, Defendants

26  requested documents and responses about Plaintiffs' business expenses, other employment, and

ORDER
C16-1554-JCC
PAGE - 1

1    hours worked for Defendants. (Dkt. No. 348 at 4–14.) Defendants also sought dismissal of

2    unresponsive Plaintiffs, or, in the alternative, an order compelling depositions by a date certain.

3    (*Id.* at 3, 379 at 12–13.)

4         The Court granted Defendants' motion, in part, on December 18, 2024, and ordered

5    relevant discovery. (Dkt. No. 395 at 6.) Plaintiffs stipulated to provide Schedule C tax

6    information, and the Court also ordered them to provide phone records, vehicle makes and

7    models, and contemporaneous employment records. (*Id.* at 4.) Plaintiffs were ordered to provide

8    this discovery by January 17, 2025. (*See id.* at 6.) Plaintiffs previously refused to answer what

9    hours and weeks they claim to have been underpaid, but the Court ordered responses to this

10   interrogatory. (*Id.* at 5.) The Court also dismissed Plaintiff Davarci as unresponsive, warning

11   "that unresponsive Plaintiffs would be dismissed." (*Id.* at 3). Since then, several more Plaintiffs

12   have been voluntarily dismissed, (Dkt. Nos. 404 at 4, 419 at 4), leaving 11 named Plaintiffs.[1]

13   After attempting to meet and confer, (Dkt. No. 409 at 6), Defendants now seek to dismiss all

14   remaining Plaintiffs for failing to comply with the Court's discovery order. (*See generally* Dkt.

15   No. 408.)

16   **II.    DISCUSSION**

17        If requested discovery is not provided, the requesting party may obtain an order

18   compelling such discovery after attempting to meet and confer. Fed. R. Civ. P. 37(a)(1), LCR

19   37(a)(1). If a party fails to comply with a discovery order, the court may sanction that party

20   accordingly. Fed. R. Civ. P. 37(b)(2)(A). Among the sanctions permitted for failure to comply

21   with a discovery order is dismissal in whole or in part. *Id.* at 37(b)(2)(A)(v). A district court has

22   broad discretion to issue sanctions for failures to comply. *See Nat'l Hockey League v. Metro.*

23   *Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). Willful disobedience may be sanctioned more

24   harshly than an inability to comply, and courts have found dismissal appropriate in such cases.

25

26   [1] The remaining named Plaintiffs are Emanuel Adamson, Juan Manual Alvarez, Shenia Brown, Freddie Carroll, Ricky Diaz, Tommy Garadis, Sean M. Hoyt, Kimberlee Keller, Alejandro Garcia Puentes, Louie Ronquillo, and Debra Wilkins.

ORDER
C16-1554-JCC
PAGE - 2

1    *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) ("Dismissal, however, is

2    only authorized where the failure to comply is due to willfulness, bad faith, or fault of the

3    party"), *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). Extenuating circumstances, on

4    the other hand, may excuse non-compliance. *See Societe Int'l v. Rogers*, 357 U.S. 197, 211

5    (1958).

6           In the Ninth Circuit, courts weigh five factors to assess whether dismissal is an

7    appropriate sanction for failure to comply with court-ordered discovery. *Henry v. Gill Indus.,*

8    *Inc.*, 983 F.2d, 948 (9th Cir. 1993). <u>First</u>, the public policy in favor of expeditious litigation

9    (which generally weighs in favor of dismissal). *Id.*; *see also Nat'l Hockey League*, 427 U.S. at

10   642 (considering the deterrent effect on non-parties in other lawsuits). <u>Second</u>, judicial economy

11   (also weighing in favor of dismissal). *See Henry*, 983 F.2d at 948. <u>Third</u>, the risk of prejudice to

12   the party seeking sanctions. *Id.* The unavailability of discovery may effect both parties, however,

13   not just the movant. *See Societe Int'l*, 357 U.S. at 212–13. <u>Fourth</u>, courts consider the public

14   policy in favor of merits decisions (which weighs against dismissal). *Henry*, 983 F.2d at 948.

15   And <u>fifth</u>, the availability of other sanctions to the court. *Id.* Prior warnings to the parties that fail

16   to earn compliance weigh in favor of dismissal. *See id*; *cf. Compass Bank v. Morris Cerullo*

17   *World Evangelism*, 104 F. Supp. 3d 1040, 1060 (S.D. Cal. 2015) (prior warnings were issued,

18   but not about dismissal). Given that factors three and five are the only factors that can weigh for

19   or against dismissal, they are therefore the primary factors at issue on Defendants' motion here.

20   *See Henry*, 983 F.2d at 948.

21           **a.  Three Unresponsive Plaintiffs**

22           Defendants submit that Plaintiffs Ronquillo, Alvarez, and Hoyt should be dismissed as

23   unresponsive to the Court's December 18 order. (Dkt. No. 413 at 5.) Plaintiffs do not oppose

24   dismissal of Ronquillo. (Dkt. No. 412 at 7.) But Alvarez, according to Plaintiffs, has already sat

25   for a deposition. (Dkt. No. 410 at 10.) Still, they admit that he has not provided discovery and is

26   unresponsive to counsel. (*See id.*) At best, it is bad faith for Plaintiff Alvarez to go

incommunicado in spite of his litigation responsibilities, and this neglect resulted in his failure to

ORDER
C16-1554-JCC
PAGE - 3

1    produce responsive documents by January 17, 2025. While his counsel has certainly put in work

2    that will be lost, (*see id.*), the sanction is against Alvarez, not his counsel. The Court's prior

3    warnings to Plaintiffs weigh heavy here because they seem to have had no effect on Ronquillo or

4    Alvarez, leaving the Court with fewer available sanctions. (*See* Dkt. Nos. 359 at 1, 367 at 3 n.1,

5    395 at 3.) Therefore, under Rule 37(b)(2)(A)(v), Plaintiffs Louie Ronquillo and Juan Manual

6    Alvarez are DISMISSED with prejudice for failure to comply with the Court's discovery order.

7           While Ronquillo and Alvarez have been unresponsive, Plaintiffs represent that Hoyt has

8    diligently attempted to comply with his discovery obligations. (Dkt. No. 412 at 7.) He has

9    identified the hours he was allegedly underpaid and produced documents relating to other

10   employment. (*Id.*) Perhaps for this reason, Defendants stop short of accusing Hoyt of bad faith.

11   (*See* Dkt. No. 413 at 5–6.) Instead, they assert that he is trying to maintain his claims without

12   evidence because he told Defendants that he did not have any Schedule Cs, phone records, or

13   vehicle expenses to produce. (*Id.* at 6.) But this failure results from an inability to comply, not

14   willful disobedience. Furthermore, this lack of evidence is as prejudicial to Hoyt as it is to

15   Defendants. *See Societe Int'l*, 357 U.S. at 212–13. Hoyt has, in fact, responded to their discovery

16   requests and represents that he does not have the documents Defendants seek. This does not

17   warrant dismissal.

18           **b.  Eight Remaining Plaintiffs**

19           Defendants seek to dismiss the remaining Plaintiffs for "fail[ure] to materially comply

20   with the Court's order." (Dkt. No. 413 at 6.) On first impression, the Court is wary of punishing

21   Plaintiffs with the heavy sanction of dismissal when their failures are described as "material"

22   rather than willful or in bad faith. And such a qualified accusation seems, on its face, to reduce

23   the prejudice Defendants will suffer and increase the availability of other possible sanctions.

24   Still, the Court considers all eight of the remaining Plaintiffs below.

25

26

ORDER
C16-1554-JCC
PAGE - 4

1    Defendants seek to dismiss Diaz and Adamson for insufficient responses[2] and

2  production. (Dkt. No. 413 at 6.) Neither provided Schedule Cs, phone expenses, or vehicle

3  information. (*See* Dkt. No. 410-9 at 2–3.) Plaintiffs represent, however, that they do not have

4  access to these documents from years ago and that they have given counsel authorization to

5  obtain them from third parties. (Dkt. No. 410 at 9.) The Court finds the attempts by these two

6  Plaintiffs to be thorough and in good faith. (*See* Dkt. Nos. 410-3 at 3, 410-4 at 3) (Adamson

7  spent 10 hours and Diaz spent 20 hours searching for documents). Their efforts may yet prove

8  fruitful and, regardless, are not willful failures to produce documents in their possession.

9  Therefore, the Court does not find dismissal warranted for Diaz or Adamson.

10    Defendants allege that the remaining six plaintiffs (Brown, Carroll, Garadis, Keller,

11  Puentes, and Wilkins) should be dismissed because of inadequate productions. (Dkt. No. 413 at

12  7.) All have communicated to Defendants that they do not have additional documents to produce.

13  (*See* Dkt. No. 412 at 7.) While Defendants may have reservations about Plaintiffs' search efforts,

14  (*see* Dkt. No. 413 at 8–9), they again come short of alleging the requisite level of fault to justify

15  dismissal. These Plaintiffs have produced responsive documents, (*see, e.g.,* Dkt. Nos. 409-10 at

16  8–9, 409-13 at 8–10), dates that correspond with their claims, (*see, e.g.,* Dkt. Nos. 414-5 at 11,

17  414-9 at 11), and continue to review discovery to identify additional dates, (*see, e.g.,* Dkt. Nos.

18  414-3 at 10, 414-5 at 11). This is not the "refusal" that the Court previously rejected. (*See* Dkt.

19  No. 395 at 5.) And, again, if Plaintiffs cannot find this evidence to support their claims, they will

20  be as prejudiced if not more so than Defendants. *See Societe Int'l*, 357 U.S. at 212–13.

21  Therefore, the Court does not find just cause to dismiss Plaintiffs Brown, Carroll, Garadis,

22  Keller, Puentes, or Wilkins.

23

24  ---

[2] While Diaz and Adamson's responses to Interrogatory 15 do not provide the dates they claim to
25  have been underpaid, (Dkt. Nos. 410-5 at 4, 410-7 at 4), they have no additional information in
their possession and request leave to supplement their responses. (Dkt. No. 410 at 13–14.) The
26  Court GRANTS this leave, as it is more just than dismissal and may yet prove fruitful to
discovery. (*See* Dkt. Nos. 410-5 at 4, 410-7 at 4) (explaining that Plaintiffs will supplement
responses after receiving relevant discovery from Defendants).

ORDER
C16-1554-JCC
PAGE - 5

**III.     CONCLUSION**

Accordingly, Defendants' motion to dismiss Plaintiffs for failure to comply with the Court's discovery order (Dkt. No. 408) is GRANTED in part and DENIED in part. Plaintiffs Ronquillo and Alvarez are DISMISSED with prejudice. The nine remaining Plaintiffs are not but remain subject to the Court's prior discovery order (Dkt. No. 395).

DATED this 28th day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE